CHAN YONG JEONG, ESQ. (SBN 255244)
jeong@jeonglikens.com
JEONG & LIKENS, L.C.
222 South Oxford Avenue
Los Angeles, California 90004
Tel. 213-688-2001
Fax. 213-315-5035

Attorneys for Plaintiff, NEMAN BROTHERS & ASSOC., INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG; an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case Number:<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT**<br>**2. VICARIOUS COPYRIGHT INFRINGEMENT**<br>**3. CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**Jury Trial Demanded** |

Plaintiff NEMAN BROTHERS & ASSOC., INC. ("Plaintiff" or "NEMAN") by and through its undersigned attorneys, hereby prays to this honorable Court for relief and remedy based on the following:

## INTRODUCTION

1

FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiff creates, or purchases and obtains, exclusive rights to unique two-dimensional graphic artworks for use on textiles and garments, and those textiles and garments are transacted primarily in the fashion industry.  Plaintiff owns these designs in exclusivity and makes sales of products bearing these designs for profit.  Plaintiff's business is predicated on its ownership of these designs and it spends a considerable amount of time and resources creating and obtaining top-quality, marketable and aesthetically-appealing designs.  Customers of Plaintiff, including possibly DOE defendants named herein, take design samples with the understanding and agreement that they will only utilize Plaintiff to reproduce said designs should they wish to do so, and will not seek to make unauthorized changes to Plaintiff's proprietary work to reproduce the same elsewhere, yet use those designs in furtherance of their business in violation of both their contractual agreement with Plaintiff and Plaintiff's copyrights.  No other party is authorized to make sales of product bearing Plaintiff's proprietary designs without express permission from Plaintiff.  This action is brought to recover damages for direct, vicarious and contributory copyright infringement arising out of the misappropriation of Plaintiff's exclusive designs by the Defendants, and each of them.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq*.
2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and (b).
3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. NEMAN BROTHERS & ASSOC., INC. ("Plaintiff") is a corporation organized and existing under the laws of the State of California with its principal place of business in the County of Los Angeles, at 1525 S Broadway St., Los Angeles, CA 90015.

5. Plaintiff is informed and believes and thereon alleges that Defendant INTERFOCUS, INC. ("INTERFOCUS") is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Delaware and doing business in California, with its principal place of business at 650 Castro Street Ste. 120-458, Mountain View, CA 94041.

6. Plaintiff is informed and believes and thereon alleges that Defendant CAN WANG is an individual who during the relevant times, as the principal of INTERFOCUS, was personally involved in, control over and/or gave instructions about, the infringing activities of INTERFOCUS described hereinbelow at or around at 650 Castro Street Ste. 120-458, Mountain View, CA 94041.

7. Plaintiff is informed and believes and thereon alleges that Defendant CAN WANG ("WANG") is, and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Delaware and doing business in California, with its principal place of business at 650 Castro Street Ste. 120-458, Mountain View, CA 94041.

8. Named Defendants, and Does 1-10, may be collectively referred to as "Defendants."

9. Plaintiff is informed and believes and thereon alleges that some of Defendants Does 1 through 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with the infringing print design(s) (as hereinafter defined) without Plaintiff's knowledge

or consent or have contributed to said infringement.  Plaintiff is informed and believes and thereon alleges that some of Defendants Does 4 through 6 are INFTERFOCUS' agents, employees, representatives or contractors who willfully and constantly attempted and did access and monitor others' designs, especially the ones in the jobber market in Los Angeles, including the Plaintiff's designs for the purpose of copying the designs, in the guise of market trend research. The true names, whether corporate, individual or otherwise, and capacities of defendants sued herein as Does 1 through 3 are presently unknown to Plaintiff at this time, and therefore, Plaintiff sues said defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when the same have been ascertained.  Plaintiff is informed and believes, and based thereon alleges, that each of defendants designated as a DOE is responsible in some manner for the events alleged herein and the damages caused thereby.

10. Defendants DOES 7 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, and capacities of defendants sued herein as Does 4 through 10 are presently unknown to Plaintiff at this time, and therefore, Plaintiff sues said defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to allege their true names and capacities when the same have been ascertained.

11. Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto each of Defendants acted in concert with each other, was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively

participated in or subsequently rarified and adopted, or both, each and all of the acts or conducts alleged, with full knowledge of all the facts and circumstances, including without limitation to full knowledge of each and every wrongful conducts and Plaintiff's damages caused therefrom.

## CLAIMS RELATED TO DESIGN

12. Plaintiff is the owner and author of a two-dimensional artwork called NB170268 under the title of work 2017 FEBRURY ARTWORK. ("Subject Design 1") (Exhibit 1).

13. Plaintiff applied for a copyright from the United States Copyright Office for NB170268 and was granted Registration VAu 1-317-742 effective on March 3, 2027. (Exhibit 1).

14. Plaintiff is the owner and author of a two-dimensional artwork called NB161106 under the title of work, 2016 DECEMBER ARTWORKS. (Subject Design 2") (Exhibit 3).

15. Plaintiff applied for a copyright from the United States Copyright Office for NB161106 and was granted Registration VAu 1-304-334 effective on January 13, 2017. (Exhibit 3).

16. Plaintiff is the owner and author of a two-dimensional artwork called NB161106 under the title of work, 2016 DECEMBER ARTWORKS. (Subject Design 3") (Exhibit 3).

17. Plaintiff applied for a copyright from the United States Copyright Office for NB161106 and was granted Registration VAu 1-304-334 effective on January 13, 2017. (Exhibit 3).

18.

19. Plaintiff is informed and believes and thereon alleges that Defendants, each of them, had access to the Subject Designs, including without limitation, through: (a) access to Plaintiff's showroom and/or design library; (b) access to illegally

distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples; and (d) access to garments and their photos uploaded on the online marketplaces and/or Plaintiff's customers' or their customers' website, manufactured with lawfully printed fabric bearing the Subject Designs.

20. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendant INTERFOCUS purchased, sold, marketed, advertised, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar to, the Subject Designs. A true and correct copy of such garments copying the Subject Designs is attached as such:

    a. A true and correct copy of garments infringing upon NB170268 is attached hereto as Exhibit 2.
    b. A true and correct copy of garments infringing upon NB161106 is attached hereto as Exhibits 4 and 5.

21. These garments are in fact virtually the same garments Defendant had already been sued for in a prior action (*Neman Brother & Associates, Inc. v. Interfocus, Inc.* (Case No. 2:29-cv-10112)) for the infringements upon the exact same Subject Designs specified above. Exhibits 6 and 7, which shows INTERFOCUS either knowingly sold, or recklessly disregarded the copyrights infringement issues in selling, the ACCUSED GARMENTS shown in Exhibits 2, 4 and 5 bearing the same printing patterns about which it had been sued by Plaintiff already.

22. Said garments include but are not limited to garments sold by INTERFOCUS bearing the label "InterFocus Inc.".

23. At various times Defendant INTERFOCUS owned and controlled offline and/or online retail stores, and each, Plaintiff's investigation revealed that garments

1. comprised of fabric bearing the Subject Design were being offered for sale, garments which were manufactured and/or imported under the direction of the Defendants, and each of them.
24. Such stores include Defendant INTERFOCUS' website, patpat.com, owned and operated by INTERFOCUS as their primary online retailer and registered trademark. Included in Exhibits 2, 4 and 5 are a true and correct copy of website printouts from patpat.com.
25. In addition, INTERFOCUS sold again another ACCUSED GARMENTS bearing Plaintiff's design NB180228x2 ("SUBJECT DESIGN 3) registered under Registration Number VAu1-330-970 as of April 30, 2018, a copy of the design and the registration certificate are attached hereto as Exhibit 8. The said garments pictures are also attached hereto as Exhibit 9.
26. The series of infringements by INTERFOCUS described above clearly show INTERFOCUS willfully infringed Plaintiff's designs.
27. None of the aforementioned transactions were authorized by Plaintiff, and all were in violation of Plaintiff's intellectual property rights.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

28. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 30, inclusive, of this Complaint.
29. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, accessed the Subject Design through, without limitation, the following: (a) access to Plaintiff's design library; (b) access to authorized or unauthorized reproductions in the possession of other vendors and/or DOE Defendants; and (c) access to Plaintiff's strike-offs, swatches, paper CADs and samples.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by importing, creating, marketing, advertising, making, and/or developing directly infringing and/or derivative works from the Subject Design and by importing, producing, distributing and/or selling infringing garments through a nationwide network of retail stores, catalogues, and online websites.

31. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

32. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages to its business in an amount to be established at trial.

33. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

## SECOND CLAIM FOR RELIEF

(For Vicarious Copyright Infringement – Against All Defendants)

35. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained herein, inclusive, of this Complaint.

36. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in and resultantly profited from the illegal reproduction, importation, purchase,

marketing, advertisement, distribution and/or sales of product featuring the Subject Design as alleged herein above.

37. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing product.

38. By reason of the Defendants', and each of their, acts of contributory and/or vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

39. Due to Defendants' acts of contributory and/or vicarious copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would have not otherwise realized but for their infringement of the Subject Design.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, an amount to be established at trial.

40. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

### THIRD CLAIM FOR RELIEF
(Contributory Copyright Infringement– Against All Defendants)

41. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained hereforeto, inclusive, of this Complaint.

42. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, caused, materially contributed to, participated in, encourages, aided and abetted in and resultantly profited from the illegal reproduction, importation, purchase, marketing, advertising, distribution and/or sales of product featuring the Subject Design as alleged herein above.

43. By reason of the Defendants', and each of their, acts of contributory copyright infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to established at trial, as well as additional general and special damages in an amount to be established at trial.

44. Due to Defendants' acts of contributory copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would have not otherwise realized bur for their infringement of the Subject Design.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, an amount to be established at trial.

45. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants as follows:

### Against All Defendants

With respect to Each Claim for Relief:

1. That Defendants, their agents and servants be enjoined from infringing Plaintiff's copyrights in any manner;
2. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff,

the exact sum to be proven at time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

3. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;
4. That Plaintiff be awarded pre-judgment interest as allowed by law;
5. That Plaintiff be awarded costs of litigation; and
6. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury in this action pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment of the Constitution.

Dated: January 4, 2021                    Respectfully submitted,

/s/ Chan Yong Jeong
Chan Yong Jeong, Esq.
Attorneys for Plaintiff