Mark S. Lee (SBN 94103)
mark.lee@rimonlaw.com
RIMON, P.C.
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone: 213.375.3811
Facsimile: 213.375.3811

Zheng Liu (SBN 229311)
zheng.liu@rimonlaw.com
RIMON, P.C.
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
Telephone: 650.461.4433
Facsimile: 650.461.4433

Attorneys for Defendants
INTERFOCUS, INC. d.b.a.
www.patpat.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-11181-CAS-JPR<br><br>**ANSWER TO FIRST AMENED COMPLAINT BY DEFENDANTS INTERFOCUS, INC., d.b.a. WWW.PATPAT.COM**<br><br>**DEMAND FOR JURY TRIAL**<br><br>(The Hon. Christine A. Snyder)<br><br>Amended Complaint filed January 5, 2021 |

Defendants InterFocus, Inc., d.b.a. www.patpat.com ("InterFocus" or "Defendant"), by and through its counsel Rimon, P.C., answers the First Amended Complaint filed herein by Neman Brothers & Assoc., Inc. on or about January 5, 2021, and styled the "Complaint" herein, as set forth below.

## ADMISSIONS AND DENIALS

1. Defendant admits the allegations of paragraph 5 of the Complaint. With regard to the allegations of paragraph 6 of the Complaint, Defendant admits that Can Wang is an individual. Defendant denies all other allegations in paragraph 6.

2. Paragraphs 1-3and 7 through 9of the Amended Complaint state legal conclusions that do not require a response from Defendant, and paragraphs 28, 35, and 41 are incorporating paragraphs that do not require a response from InterFocus. To the extent a response is required, InterFocus denies the allegations set forth in said paragraphs.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 4, 10-13 and 14-17 of the Complaint, and therefore denies said allegations.

4. Defendant denies all of the remaining allegations set forth in the Complaint.

## AFFIRMATIVE DEFENSES

5. Defendant asserts the following affirmative defenses. By designating said defenses as affirmative, Defendant does not concede that they bear the burden of proof with respect to any such defense, and does not intend to and does not alter the burden of proof on such matters to the extent the burden rests on Plaintiff.

## FIRST AFFIRMATIVE DEFENSE
### (Release)

6. Plaintiff previously filed suit against InterFocus alleging copyright infringement of the same designs at issue in this case in that certain action entitled *Neman Brothers & Associates, Inc. v. InterFocus, Inc.*, Case No. 2:29-cv-10112. The parties into a settlement agreement (the "Settlement Agreement") in which, inter alia, Plaintiff released Defendants from liability for all alleged acts of infringement involving the fabric designs at issue in that case and this one occurring

1

up to and including March 23, 2020. InterFocus has fully complied with its obligations under the Settlement Agreement. Plaintiff has therefore released Defendant from liability for claims asserted against it herein, and the Complaint is barred by that release.

## SECOND AFFIRMATIVE DEFENSE
### (Failure of Condition Precedent)

7.  The Settlement Agreement requires Neman Brothers to give InterFocus adequate notification in writing of any alleged infringement occurring after its entry into the Settlement Agreement, and to allow InterFocus seven business days from receipt of such notification to cure the alleged infringement, before filing suit against Interfocus for any alleged infringement. Neman Brothers breached the Settlement Agreement by filing this suit after InterFocus cured those alleged infringements of which Neman Brothers gave InterFocus notice, and without providing adequate notification of other alleged infringement to InterFocus.  The Complaint is barred by Neman Brothers' failure to comply with the conditions precedent to filing this action set forth in the Settlement Agreement.

## THIRD AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

8.  Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## FOURTH AFFIRMATIVE DEFENSE
### (Lack of Substantial Similarity)

9.  Plaintiff cannot prevail on its copyright infringement claims because the allegedly infringing goods are not substantially similar to any elements contained in Plaintiff's alleged copyright works that are original to Plaintiff and protectable by copyright law. Plaintiff's claims are barred, in whole or in part, because the elements allegedly copied, if any, are *scènes à faire* and the amount copied, if any, was *de minimis*, and because any alleged similarities involve common floral patterns that predate Plaintiff's alleged creations by centuries, if not millennia, and any similarities are necessary to convey the universal idea of flowers,

2

ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS INTERFOCUS, INC., d.b.a. WWW.PATPAT.COM

and therefore lack the requisite sufficient original creative expression to qualify for copyright protection.

### FIFTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

10. Plaintiff lacks standing to bring claims for copyright infringement as Plaintiff is not the author or creator of the designs it alleges Defendants infringed in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE
### (Lack of Originality)

11. Plaintiff's designs are not protected by copyright because they are not original works of authorship authored or created by Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE
### (Independent Creation)

12. The fabric designs that form the basis of Plaintiff's copyright infringement claims were independently created without access to or knowledge of Plaintiff's designs, and therefore do not support Plaintiff's copyright infringement claims.

### EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

13. Plaintiff's claims are barred by the equitable doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE
### (Invalid Copyright Registrations)

14. Plaintiff's copyright infringement claims are barred because the copyright registrations Plaintiff alleges Defendants have infringed are invalid and/or unenforceable.

### TENTH AFFIRMATIVE DEFENSE
### (Fraud on the Copyright Office)

15. InterFocus is informed and believes, and on that basis alleges, that Plaintiff's claims are barred in whole or in part by Plaintiff's fraud and/or deception in the copyright registrations process, which, upon information and belief, includes,

among other things, misrepresenting to the U.S. Copyright Office that Plaintiff is the owners or of copyright in the fabric designs at issue in this action, that said designs are original works of authorship by Plaintiff and Plaintiff failed to identify preexisting works, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

16.     Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim for which relief can be granted.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Good Faith and Innocent Intent)**

17.     Plaintiff's claims are barred, in whole or in part, by reason of the justified, good faith conduct and innocent intent by InterFocus.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Reservation of Rights)**

18.     Defendants reserve the right to assert other affirmative defenses which may become evident or appropriate after discovery.

WHEREFORE, Defendant respectfully demands judgment judgement (i) dismissing Neman Brothers' Amended Complaint; (ii) awarding InterFocus all costs, disbursements, expenses, damages, and attorneys' fees it incurs in defending this action, with interest thereon; and (iii) awarding InterFocus such other, further relief as this Court deems just and proper.

| | |
|---|---|
| Dated:  February 19, 2021 | RIMON, P.C. |
| | By: /s/ Mark S. Lee |
| | Mark S. Lee |
| | Zheng Liu |
| | Attorneys for Defendants INTERFOCUS, INC. d.b.a. www.patpat.com |

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all claims and defenses triable to a jury.

| | |
|---|---|
| Dated:  February 19, 2021 | RIMON, P.C. |
| | By: /s/ Mark S. Lee |
| | Mark S. Lee |
| | Zheng Liu |
| | Attorneys for Defendants INTERFOCUS, INC. d.b.a. www.patpat.com |