CHAN YONG JEONG, ESQ. (SBN 255244)
jeong@jeonglikens.com

JEONG & LIKENS, L.C.
222 South Oxford Avenue
Los Angeles, California 90004
Tel. 213-688-2001
Fax. 213-315-5035

Attorneys for Plaintiff, NEMAN BROTHERS & ASSOC., INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California corporation;<br><br>Plaintiff,<br><br>vs.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG; an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No: 2:20-cv-11181-CAS (JPRx)<br><br>**Scheduling Conference: April 19, 2021**<br>**Time:         11:00 A.M.**<br>**Judge: Honorable Christina A. Snyder** |

   By and through their attorneys of record, Plaintiff Neman Brothers & Assoc., Inc. ("Plaintiff") and Defendant InterFocus, Inc. d.b.a. www.patpat.com ("InterFocus")[1] hereby submit this Rule 26(f) Joint Scheduling Report following the conference of counsel required by Rule 26(f) of the Federal Rules of Civil Procedure and Central District Local Rule 26-1.

---

[1] Individual Can Wang is also named as a defendant in this action, but is not a part of this joint statement.  InterFocus is informed and believes that Can Wang resides in the People's Republic of China and has not been served with summons and complaint herein.

1. STATEMENTS OF THE CASE

    A. Plaintiff's Statement of the Case.

This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. NEMAN BROTHERS & ASSOC., INC. ("Plaintiff") is a corporation organized and existing under the laws of the State of California with its principal place of business in the County of Los Angeles. Plaintiff is the owner and author of certain two-dimensional artworks ("Subject Designs"). The action was filed on December 9, 2020, and Plaintiff filed an amended complaint on January 5, 2021.

The key legal issue is whether the Defendants directly and vicariously infringed Plaintiff's Subject Designs.

    B. InterFocus's Statement of the Case

Plaintiff's pursuit of the present action breaches a settlement agreement it previously entered into with Defendant InterFocus, Inc. ("InterFocus"). This action should be dismissed and Plaintiff should pay InterFocus damages for its breach as described in the Counterclaim on file herein (See Dkt. No. 18.)

Plaintiff previously filed suit against InterFocus alleging copyright infringement of certain fabric patterns in items of clothing in that certain action entitled *Neman Brothers & Assoc., Inc. v. InterFocus, Inc.,* Case No. 2:19-CV 10112 JAK-AGR. Plaintiff settled that action with InterFocus by agreeing, inter alia, to: 1) release InterFocus from liability for all then-existing alleged copyright infringement claims, and 2) allow InterFocus to "cure" and thereby avoid liability for any alleged future infringement by stopping sales within seven days of receipt from Plaintiff of a required written notification.

In September 2020, Plaintiff sent such a written notice claiming that InterFocus had infringed Plaintiff's copyrighted fabric designs as used in six garments. InterFocus in fact either (i) had already been released from liability for three of the

garments complained of in that letter by the previous settlement agreement, because InterFocus had stopped sales of them before entry into that agreement, or (ii) stopped sales of the other garments within seven days of receipt of Plaintiff's notice, thereby "curing" the alleged infringement as provided in the previous settlement agreement and contractually eliminating InterFocus' liability for such sales.

Plaintiff nevertheless filed this action alleging infringement of the garments attached as exhibits to its Amended Complaint. However, all of those alleged infringement either a) were garments InterFocus had stopped selling before entry into the previous settlement agreement as described above; b) were garments InterFocus stopped selling within seven days of Plaintiff's September 2020 letter as described above, or c) were fabric patterns and garments for which Neman Brothers had never sent written notification as required by the previous settlement agreement. Treating Neman Brother's Complaint and Amended Complaint as a written notification described in the previous settlement agreement, InterFocus stopped such sales within seven days of being served with the relevant pleadings. InterFocus therefore either has no liability for or has "cured" itself of all of the infringement alleged in the Amended Complaint as provided in the previous settlement agreement, and contractually eliminating InterFocus's liability for such sales.

The key issues in this case therefore are 1) whether Plaintiff's actions herein breach its previous settlement agreement with InterFocus, and 2) if so, how much in damages Plaintiff should pay InterFocus for its breaches of that settlement agreement.

2. <u>SUBJECT MATTER JURISDICTION</u>

This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over InterFocus's breach of contract counterclaim.

3. <u>KEY LEGAL ISSUES</u>

The key legal issues include:

   a.   The validity of Plaintiff's copyright.

   b.   Whether Defendants accessed the Subject Design.

   c.   Whether any protectable elements of Plaintiff's copyright has been infringed.

   d.   If there is infringement, what damages, if any, Plaintiff is entitled to.

   e.   Whether Plaintiff's present copyright infringement claims are barred by the settlement agreement Plaintiff previously entered into with InterFocus.

   f.   Whether the fabric designs for which Plaintiff claims copyright infringement are sufficiently original to qualify for copyright protection.

   g.   Whether the Defendants have any other cognizable defenses to copyright infringement.

4. <u>RANGE OF PROBABLE DAMAGES</u>

<u>Plaintiff's Contentions</u>

Plaintiff cannot state a specific damage amount at this time as it has not yet obtained Defendant's documents showing the quantity of products produced, marketed, and sold by Defendants, and the amount of profits and costs that were incurred. After finishing discovery, Plaintiff will seek general/special damages, including disgorgement of profits, market damage, and/or statutory damages, as well as other damages the court may deem proper such as litigation costs, punitive damages, and permanent injunction.

<u>InterFocus's Contentions</u>

InterFocus contends that Plaintff has incurred no cognizable damages in this action, while InterFocus has and is being damages because of Plaintiff's breach of the previous settlement agreement InterFocus cannot state the specific damage amount at

this time as its damages are ongoing and increasing as this case proceeds.  InterFocus will seek all compensatory, general, special and consequential damages caused by Plaintff's breach, disgorgement of the sums InterFocus previously paid in settlement of the previous action, and any and all other damages the court may deem proper such as litigation costs, punitive damages, and permanent injunction.

5. <u>LIKELIHOOD OF APPEARANCE OF ADDITIONAL PARTIES</u>

Discovery may reveal additional parties and Plaintiff may seek to amend its complaint to add such parties.

6. <u>MANUAL FOR COMPLEX LITIGATION</u>

The parties do not anticipate needing to rely upon the manual for complex litigation.

7. <u>DISCOVERY</u>

Plaintiff propounded written discovery requests, and InterFocus anticipates propounding written discovery shortly. The parties will serve initial disclosures by April, 12 2021..

The parties do not believe that any changes in the disclosures under Rule 26(a)(1) should be made.  The parties do not believe that discovery should be conducted in phases, or otherwise be limited.  The parties believe that the Federal Rules of Civil Procedure should apply with respect to the limitations and procedures for written discovery, fact depositions, and expert depositions.

The anticipated deponents include the parties, the timing of which has yet to be decided. The parties anticipate written discovery requests, including requests for admission, document requests, and interrogatories pertaining to the facts surrounding the key legal issues identified above.

InterFocus anticipates complying with its initial disclosure obligations. InterFocus notes that certain third-party witnesses are located in the People's

Republic of China, which may affect their availability for deposition.

The parties do anticipate this case will involve the discovery of confidential commercial information and therefore intend to seek a Protective Order to address the parties' respective claims of confidentiality and trade secrets with respect to documents and information that they anticipate will be sought by way of discovery.

8. EXPERT DISCOVERY

Plaintiff does not presently anticipate utilizing expert witnesses, but reserves the right to do so.

InterFocus reserves the right to utilize expert witnesses to testify, inter alia, on the lack of originality in Plaintiff's copyrighted designs, on the damages InterFocus has suffered and is suffering as a result of Plaintiff's breach of the previous Settlement Agreement, and on other issues.

9. TIMETABLE

|  | Plaintiff's Proposed Dates | Defendant's Proposed Dates |
|---|---|---|
| Trial | February 22, 2022 | Same |
| Pre-trial conference | February 8, 2022 | Same |
| Last Day to file a motion to add claims or parties | May 31, 2021 | Same |
| Discovery Cut-Off | November 30, 2021 | Same |
| Last day to file Motions | January 10, 2022 | Same |
| Opening Expert Disclosures | September 30, 2021 | Same |
| Expert Rebuttal | October 31, 2021 | Same |

| | | |
|---|---|---|
| Disclosure: | | |
| Expert Discovery cut-off | November 30, 2021 | Same |
| Mediation cut-off | July 31, 2021 | Same |

10. <u>CONTEMPLATED MOTIONS</u>

    Plaintiff anticipates filing a Motion for Summary Judgment on the issue of the liability of Defendants for copyright infringement, based upon its assertions that (a) Plaintiff owns a valid copyright in the Subject Design, and (b) Defendants were found to be producing, manufacturing, distributing, and/or offering for sale garments that bore a design virtually identical to Plaintiff's copyrighted design.

    As to the portions in the complaint that Interfocus contends to be procedurally improper due to lack of attempts to settle before filing, Plaintiff is willing to take out from the complaint, and re-file the said portion if the settlement discussion does not resolve the relevant portions of the claim.

    InterFocus anticipates moving for partial summary judgment of liability on its breach of contract counterclaim on file herein, and reserves the right to move for summary judgment on the validity of Plaintiff's alleged copyrightsand other related issues.

11. <u>PROSPECTS OF SETTLEMENT</u>

    The parties are discussing preliminary settlement. To the extent that a settlement is not reached, Plaintiff and Defendants are amenable to ADR Procedure #2—the parties have agreed to Caroline Vincent of ADR as a mediator. The parties agree that mediation in this case shall be completed no later than 45 days prior to the final pretrial conference, consistent with Civil L.R. 16-12.5.

12. <u>TRIAL</u>

At present, the parties anticipate a jury trial.   Plaintiff anticipates the trial will last 3-5 days, while Defendant anticipates the trial will last 4-6 days..  The Plaintiff will call 1-3 witnesses and  InterFocus anticipates calling 4-6 witnesses.

Respectfully submitted,

Dated: April 9, 2021

                                                */s/Chan Yong Jeong*
                                                Chan Yong Jeong
                                                JEONG & LIKENS, L.C.
                                                Attorney for Plaintiff

Dated: April 9, 2021

                                                */s/Mark S. Lee*
                                                Mark S. Lee
                                                Rimon, P.C.
                                                Attorney for  InterFocus, Inc.

I hereby attest that all signatories listed above, on whose behalf this notice is being submitted, concur in the filing's content and have authorized the filing.

Dated: April 9, 2021

                                                */s/Chan Yong Jeong*
                                                Chan Yong Jeong
                                                JEONG & LIKENS, L.C.
                                                Attorney for Plaintiff