# SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is made and entered into by and between Neman Brothers & Assoc., Inc. ("Plaintiff"), on the one hand, and InterFocus Inc. ("Defendant") on the other hand. Plaintiff and Defendant are collectively referred to herein as the "Parties" or individually as a "Party." This Settlement Agreement will be effective as of the date it is fully executed by Plaintiff and Defendant and a copy is provided to counsel for each Party (the "Effective Date").

## RECITALS

**WHEREAS**, on or about November 26, 2019, Plaintiff filed a complaint against Defendant for copyright infringement, vicarious copyright infringement, and contributory copyright infringement in the United Stated District Court, Central District of California (*Neman Brothers & Assoc., Inc. v. Interfocus, Inc.*, Case No: 19-CV-10112, the "Action");

**WHEREAS**, the Parties now desire to resolve all disputes between them in an orderly manner; and

**NOW, THEREFORE** for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Recitals**. The Recitals set forth above are an integral part of this Settlement Agreement, and shall be used in any interpretation of this Settlement Agreement.

2. **Entire Consideration.** The parties agree that the consideration set forth in Provisions 3-7 constitute the entire consideration provided to each other under this Settlement Agreement.

3. **Settlement Payment by DEFENDANT to PLAINTIFF**. Plaintiff and Defendant each agrees to fully execute this Settlement Agreement and provide a copy to counsel for the opposing party on or before March 22, 2020. Within four (4) business days after the Effective Date of this Settlement Agreement, but no later than 4 p.m. on 3/26/2020 in Pacific Daylight Saving Time, Defendant shall transfer by wire the amount of Fifteen Thousand Dollars US ($15,000, the "Total Settlement Amount") to the following account:

> Bank Name: Bank of Hope
> Account Holder: Jeong and Likens, Law Corporation – Trust Account
> Account No. 003365611
> Routing No. 122041235
> Bank Address: 841 S. Western Ave., Los Angeles, CA 90005
> Swift Code: NARAUS6L

4. **Dismissal of Action**. Upon receipt of the Total Settlement Amount set forth in Provision 3 above, Plaintiff shall file a Request for Dismissal with Prejudice to dismiss the entire Action, having each party bear its own costs and fees. Plaintiff agrees that if it receives confirmation of the wire transfer for the Total Settlement Amount from Defendant but the Action

is not dismissed before Defendant's deadline for responding to the complaint in the Action, it will not seek a default judgment against Defendant in the Action. To the best knowledge of Plaintiff, as of the Effective Date, Plaintiff does not have any other infringement claims against Defendant in addition to the claims included in the Action.

5.   **Notification**.  For any future intellectual property infringement allegation, including but not limited to, any copyright infringement allegation, Plaintiff agrees to give Defendant Adequate Notification in writing of such infringement allegation, and allows Defendant seven (7) business days from receiving an Adequate Notification of an infringement to cure the infringement by removing the allegedly infringed products and/or designs from its platform such as Defendant's website and social media account. An Adequate Notification of an infringement shall include sufficient information to allow Defendant to ascertain that Plaintiff owns the relevant intellectual property rights. An Adequate Notification of a copyright infringement of a design shall include proof that Plaintiff owns the copyrights to the design, which shall include (a) an image of the design, (b) the name of the design or other identifying information of the design, (c) copyright application no(s). of the design, or a copy of the application, if such information exists at the time, (d) copyright registration no(s). of the design, or a copy of the registration, if such information exists at the time. An Adequate Notification of an alleged infringement shall also include reasonably specific information regarding the alleged infringement to allow Defendant to cure the infringement, to the extent reasonably available, by identifying the infringing products or designs on Defendant's website(s) or platform(s), including (i) images of alleged infringing products or designs, and (ii) hyperlinks to the alleged infringing products or designs on Defendant's website(s) and/or social media platform(s). Plaintiff agrees to send the above written notification via email to the Defendant's contact email addresses:

> service@patpat.com
> vivi@patpat.com
> albert.wang@patpat.com

and mail a paper copy of the above written notification to Defendant's mailing address:

> InterFocus, Inc.
> 650 Castro St, Ste 120-458
> Mountain View, CA 94041

Defendant retains the right to change and update Defendant's contact email addresses and contact phone numbers by emailing a written notification to Plaintiff at: jeong@jeonglikens.com, followed by a paper copy of the written notification to Plaintiff at:

> Chan Yong Jeong
> Jeong & Likens, L.C.
> 222 South Oxford Avenue
> Los Angeles, CA 90004

Plaintiff agrees that it will not file a lawsuit or lodge a complaint against Defendant for an alleged infringement before the expiration of thirty (30) days after giving Defendant Adequate Notice of the alleged infringement to allow Parties time to resolve the dispute amicably.

6. **Future Disputes.** The Parties agree to make good faith efforts to settle all future disputes (if any). For instance, the Parties optionally may enter into commercially feasible transactions, such as a license agreement for the sale of the garments bearing Plaintiff's designs by InterFocus through www.patpat.com as an online retailer to its individual customers and/or to settle all the Parties' future disputes (if any). If the Parties decide to enter into such an agreement, they will execute a separate written agreement to memorialize the specifics. Further, if the Parties decide to enter into such an agreement, the license fee shall be no more than $100,000 ("License Fees"), but the above-specified settlement funds of $15,000 shall be counted against the License Fees if InterFocus executes the license agreement with Plaintiff and pays to Plaintiff the License Fees within a one year period (but no later than 3/31/2021), until which time Plaintiff does not waive, and does fully reserve, any and all of its rights.

7. **Mutual Releases**. The Parties, each on behalf of themselves and each of their agents, principals, officers, directors, employees, stockholders, parents, subsidiaries, affiliates, predecessors, successors, attorneys, insurers, representatives, heirs, or someone similarly situated, and assigns hereby release and forever discharge each other, and all of their respective agents, principals, officers, directors, employees, parents, subsidiaries, affiliates, predecessors, successors, attorneys, insurers, representatives, heirs and assigns ("Releasees") of and from any and all debts, demands, actions, causes of action, contracts, claims, suits, damages and liabilities of any kind whatsoever, in law or in equity, whether known or unknown, anticipated or unanticipated, and whether accrued or hereafter to accrue that they now have, may have, or could have from the beginning of time to the date of this Release against each other in connection with, arising out of or based in whole or in part on any action or omission of action or any facts or circumstances occurring or existing on or prior to the date hereof relating to the Action, excepting only claims for violations of the Settlement Agreement ("Released Claims"), to the extent it relates to the past sale of the garments by InterFocus, shown in Exhibits C-1 through C-7 attached to the complaint (Docket No. 1) in the Action filed on 11/26/2019.

The Parties acknowledge that the Released Claims encompass claims that may not be known to or suspected by them at the time this Release is made. The Parties expressly agree to release such unknown and unsuspected claims, and except as otherwise stated in this Settlement Agreement, waive any and all rights they may have under any applicable statute。

*Section 1542 Acknowledgement*. Each Party to this Settlement Agreement acknowledges and affirms that he, she or it is familiar with Section 1542 of the California Civil Code, which provides that:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE**

**MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Each Party knowingly and voluntarily waives the provisions of Section 1542 of the California Civil Code, as against each Party released hereby with regard to claims released hereby, and acknowledges and agrees that this waiver is an essential and material term of the settlement which led to this Settlement Agreement, and that without such waiver, the settlement reflected in this Settlement Agreement would not have been entered into. Each Party further acknowledges the significance and consequence of the release and the specific waiver of Section 1542 of the California Civil Code.

8. **No Admission of Liability**. The Parties acknowledge and agree that the fact that these claims are being settled, as well as any matter referenced or contained herein, shall not constitute an admission of liability, wrongdoing, responsibility, or lack of merit in a claim or defense in this or any other proceeding, any such admission being specifically denied. No Party shall represent or assert to any third person that it has prevailed over the other.

9. **Confidentiality.** The Parties agree to keep the terms of this Agreement confidential and not to disclose them to any third parties, except to the Parties' auditors, accountants, attorneys, or financial or legal advisors, in each such instance where that advisor has a need to know the information, and except as disclosure otherwise may be required by applicable law, regulation, or judicial process, or as required by the Securities and Exchange Commission or other governmental agencies.

10. **Miscellaneous**.

   a. *Attorney's Fees*. Each of the Parties agrees to bear their own attorney's fees and costs arising out of the disputes between the Parties.

   b. *Successors*. This Settlement Agreement shall inure to the benefit of and be binding on each Party's predecessors, successors, assigns, heirs, beneficiaries, administrators, representatives, trustees, officers, directors, members, partners, shareholders, principals, employees, agents, affiliated entities, and subsidiaries.

   c. *Integration*. This Settlement Agreement constitutes the entire agreement between the Parties concerning all matters and supersedes any prior discussions, agreements or understandings, and there are no promises, representations or agreements between the Parties hereto other than as set forth herein/therein.

   d. *Governing Law*. This Settlement Agreement and all claims arising hereunder or in connection herewith shall be governed by the laws of the State of California.

   e. *Waivers Must Be In Writing*. The provisions of this Settlement Agreement, including this paragraph, may be modified or waived only in writing signed by the Party affected by the modification or waiver. No waiver with respect to any portion of this Settlement Agreement shall apply to any other portion of this Settlement Agreement, and a waiver on one

occasion shall not be deemed to be a waiver of the same or any other breach on a future occasion. No course of dealing by any Party, and no failure, omission, delay or forbearance by any Party in exercising such Party's rights or remedies shall be deemed a waiver of any such rights or remedies or a modification of this Settlement Agreement.

      f.    *No Construction Against Any Party*. This Settlement Agreement shall be deemed jointly drafted and written by all Parties to it and shall not be construed or interpreted against any particular Party, regardless which Party or counsel originated or drafted any portion of it.

      g.    *Agreement Entered Into With Independent Judgment*. Each of the Parties declare and represent that:

      (1) their legal counsel have reviewed this Settlement Agreement in its entirety;

      (2) in making this Settlement Agreement, they have relied wholly upon their own judgment, belief, knowledge, and investigation and independent legal advice from their counsel with respect to the nature and extent of its claims, rights, and potential liabilities and with respect to the effect of this Settlement Agreement;

      (3) they have not been influenced to any extent whatsoever in making this Settlement Agreement by any representations or statements by any other Party or by any person or persons representing or acting for any other Party.

      h.    *Savings Clause*. If any term or provision of this Settlement Agreement or the application thereof to any person, entity, or circumstance shall, to any extent, be invalid or unenforceable, the remainder of this Settlement Agreement or the application of such term or provision to persons, entities, or circumstances other than those as to which is held invalid or unenforceable, shall not be affected thereby, and each term and provision of this Settlement Agreement shall be valid and be enforced to the fullest extent permitted by law.

      i.    *Warranty of Authority*. Each signatory to this Settlement Agreement expressly warrants to the other Parties that he, she or it has the authority to execute this Settlement Agreement on behalf of the Party or Parties to be bound by his, her or its signature, and on behalf of each and every principal or other owner of a legal, equitable or beneficial interest in such Party or Parties. Each signatory agrees that he, she or it will indemnify the other Party to this Settlement Agreement from any loss or damage resulting from a breach of this warranty of authority.

      j.    *Execution*. This Settlement Agreement may be signed in multiple counterpart copies, or by facsimile or .pdf signature, each of which shall be deemed an original.

IN WITNESS WHEREOF, the undersigned have signed this Settlement Agreement and Mutual Release at the date set forth below.

Dated: March 23 , 2020

*Mehdi Mahdavi*

Neman Brothers & Assoc., Inc.
Name: Mehdi Mahdavi
Title: Cheif Financial Officer

Dated: March ___ , 2020

_____
InterFocus Inc.
Name:
Title:

Dated: March ___, 2020

                                           Neman Brothers & Assoc., Inc.
                                           Name:
                                           Title:

Dated: March 21, 2020

                                           *[signature]*
                                           InterFocus Inc.
                                           Name: *Can Wang*
                                           Title: *CEO*

6