| | |
|---|---|
| 1 | RIMON, P.C.<br>Mark Lee (SBN 94103) |
| 2 | mark.lee@rimonlaw.com<br>2029 Century Park East, Suite 400N |
| 3 | Los Angeles, California 90067<br>Telephone/Facsimile: 213.375.3811 |
| 4 | |
| 5 | RIMON, P.C.<br>Zheng Liu (SBN: 229311) |
| 6 | zheng.liu@rimonlaw.com<br>800 Oak Grove Avenue, Suite 250 |
| 7 | Menlo Park, California 94025<br>Telephone/Facsimile: 650.461.4433 |
| 8 | Attorneys for Defendants<br>INTERFOCUS INC. d.b.a. www.patpat.com |
| 9 | |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive.,<br><br>    Defendants.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, an individual, and DOES 1-10, inclusive,<br><br>    Counterclaim Plaintiffs,<br><br>v.<br><br>NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>    Counterclaim Defendant. | Case No. 2:20-cv-11181-CAS-JPRC<br><br>**NOTICE OF MOTION AND MOTION FOR:**<br><br>**1) SUMMARY JUDGMENT ON COPYRIGHT INFRINGEMENT CLAIMS IN PLAINTIFF'S COMPLAINT; AND**<br><br>**2) PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    August 16, 2021<br>Time:    10:00 am<br>Courtroom:  8D<br><br>The Hon. Christina A. Snyder |

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................3

    A. Neman Brothers. ..........................................................................................3

    B. Neman Brothers Previously Sued InterFocus for Copyright infringement of the Same Copyrights. ..........................................................3

    C. Key Terms of the Previous Settlement Agreement. ....................................4

    D. Neman Brothers Sends A Cease-and-Desist Letter in September 2020 Concerning Released and Other Claims. .....................................................4

    E. Neman Brothers Files Original and Amended Complaints Herein In Breach of the Previous Settlement Agreement. ..........................................6

II. NEMAN BROTHERS' COPYRIGHT INFRINGEMENT CLAIMS ARE BARRED BY THE PREVIOUS SETTLEMENT AGREEMENT AS A MATTER OF LAW ...............................................................................................7

    A. InterFocus is Not Liable on the Claims Neman Brothers Contractually Released as a Matter of Law. .......................................................................8

    B. All of Neman Brothers' Claims are Barred by the "Notice and Cure" Provisions of the Previous Settlement Agreement. ....................................9

        1. The Previous Settlement Agreement Contains a "Notice and Cure" Provision. ..........................................................................................9

        2. Neman Brothers' Copyright Infringement Claims Breach the "Notice and Cure" Provisions of the Previous Settlement Agreement as a Matter of Law. ........................................................................................10

III. NEMAN BROTHERS HAS BREACHED THE PREVIOUS SETTLEMENT AGREEMENT AS A MATTER OF LAW ........................................................13

IV. CONCLUSION .....................................................................................................14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alliance Metal, Inc of Atlanta v. Hinely Industries, Inc.*,
     222 F. 3d 895 (11th Cir. 2000) .................................................................... 11, 13

*Anacapa Technology, Inc. v. ADC Telecommunications, Inc.*,
     supra, 241 F. Supp. 2d (D. Minn. 2002) ...................................................... 11, 12

*Coles v. Glaser,*
     2 Cal. App. 5th 384, 205 Cal. Rptr. 3d 922 (1st Dist. 2016) .............................. 13

*In re Frazer*,
     37 B.R. 621 .................................................................................................. 11, 12

*Giotta v. Ocwen Loan Servicing, LLC*,
     706 Fed Appx. 421 (9th Cir. 2017) ..................................................................... 12

*Matrix Group Ltd., Inc v. Rawlings Sporting Goods Co.*,
     477 F. 3d 583 (8th Cir 2007) ........................................................................ 11, 13

*Neman Brother & Associates, Inc. v. Interfocus, Inc.*
     (Case No. 2:29-cv-10112) ............................................................................... 6, 7

*Neman Brothers & Assoc.*,
     764 Fed. Appx. 625 (9th Cir. Mar. 25, 2019) ...................................................... 8

*Neman Brothers & Assoc., Inc. v Burlington Stores, Inc.*,
     765 Fed. Appx. 235 (9th Cir. March 25, 2019) ................................................... 3

*Neman Brothers & Assoc. Inc v. Interfocus, Inc.*,
     Case No. 2:19-CV-10112 ..................................................................................... 3

*Neman Brothers & Assoc., Inc. v. One Step Up Ltd.*,
     2017 WL 6885390 (C.D. Cal 12/13/2017) ................................................. 3, 8, 9

*In re New Investments, Inc.*,
     840 F. 3d 1137 (9th Cir. 2016) ..................................................................... 11, 12

*Petersen v. Hartell*,
     40 Cal. 3d 102, 40 Cal.3d 102, 219 Cal.Rptr. 170, 707 P.2d 232
     (1985) .................................................................................................................... 9

# TABLE OF AUTHORITIES CONT'D

Page(s)

**Cases**

*Point Products A.G. v. Sony Music Entertainment, Inc.*,
    2000 WL 1006236 (S.D.N.Y. July 20, 2020)............................................9, 12, 13

*Shelby v. Factory Five Racing, Inc.*,
    684 F. Supp. 2d 205 (D. Mass. 2010).......................................................... 12, 13

*Smith v. Flagstar Bank, FSB*,
    2018 WL 3995922 (N.D. Cal. 8/21/ 2018)................................................9, 12, 13

*Theta Chi Fraternity, Inc., v. Leland Stanford University*,
    212 F. Supp. 3d 816 (N.D. Cal.2016).....................................................................9

*United States v. Packwood*,
    687 F. Supp 471 (N.D.Cal. 1987)..........................................................................9

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that on August 16, 2021 at 10:00 a.m., in the courtroom of the Honorable Christine A. Snyder, located at Courtroom 8D, Defendant InterFocus d.b.a. www.patpat.com ("Interfocus"), will and hereby does move for: 1) summary judgment that all of Plaintiff's copyright infringement claims are barred by its release of and InterFocus' "cure" of those alleged infringements pursuant to a previous settlement agreement; and 2) partial summary judgment that Neman Brothers has breached that same settlement agreement as a matter of law.

Said motion is made pursuant to Federal Rule of Civil Procedure 56 on the grounds that (1) Plaintiff entered into a settlement agreement with InterFocus in which, inter alia, it released InterFocus from liability for copyright infringement claims it asserted in a previous action, and agreed Defendant could "cure" future infringements as provided therein; and (2) all of the copyright infringement claims Plaintiff asserts in its amended complaint were (i) released in the previous settlement agreement, (ii) "cured" as provided in the previous settlement agreement, and/or (iii) were filed in breach of the "notice and cure" provisions of that agreement.

The motion is based upon this notice of motion and motion, the concurrently filed declarations of Mark S. Lee and Weiwei Le in support thereof, the exhibits submitted therewith, the records and pleadings submitted herein and the pleadings filed in the previous copyright infringement action Plaintiff filed against InterFocus, of which the Court is respectfully requested to take judicial notice, and upon such other and further matters as may be presented at any hearing on this motion. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 6, 2021.

-1-
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| Dated:  July 13, 2021 | RIMON, P.C. |
| | By: /s/ Mark S. Lee |
| | Mark S. Lee |
| | Zheng Liu |
| | Attorneys for Defendants and Counterclaim Plaintiffs INTERFOCUS, INC. d.b.a. www.patpat.com |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff Neman Brothers & Assoc., Inc ("Neman Brothers") pursues copyright infringement claims it previously released and Defendant cured as permitted by a previous settlement agreement. Defendant InterFocus, Inc. ("InterFocus") moves for summary judgment dismissing all such released and cured claims with prejudice, and for partial summary judgment that Neman Brothers is liable for its breach of that settlement agreement as a matter of law.  InterFocus' motion should be granted for the reasons described below.

### A.  Neman Brothers.

Neman Brothers is a California company that has filed almost a hundred copyright infringement actions in this Court, virtually all involving fabric patterns on garments manufactured in China.  (Lee Decl. ¶ 2 and Ex. 1.)  Most of those cases resulted in confidential settlements, but summary judgment has been entered against Neman Brothers for, inter alia, refiling released copyright infringement claims or pursuing claims that lack merit as a matter of law. *Neman Brothers & Assoc., Inc. v. One Step up Ltd.*, 764 Fed. Appx 624 (9th Cir. March 25, 2019) (affirming summary judgment against Neman Brothers for refiling copyright infringement claims it already released); see also, *Neman Brothers & Assoc., Inc. v Burlington Stores, Inc.*, 765 Fed. Appx. 235 (9th Cir.  March 25, 2019) (affirming summary judgment against Neman Brothers on copyright infringement claims because the fabric designs at issue were not substantially similar as a matter of law).

### B.  Neman Brothers Previously Sued InterFocus for Copyright infringement of the Same Copyrights.

Neman Brothers first filed suit against Interfocus in *Neman Brothers & Assoc. Inc v. Interfocus, Inc.*, Case No. 2:19-CV-10112, before the Hon. John A. Kronstadt. (The "Previous Suit.") Neman Brothers in that action alleged that InterFocus infringed some of the same alleged copyrights at issue here.  (Cf. Dkt. No. 1 in the

Previous Action and Dkt. No. 1 herein.) Although InterFocus disputed its liability in that action, due to the relatively small volume of sales of disputed items, it entered into a "nuisance value" settlement on confidential terms (the "Previous Settlement Agreement" or "PSA.") (Le Decl. ¶¶ 2-4, Exs 2 and 3.)[1] Neman Brothers dismissed its claims against InterFocus with prejudice in the previous action as the PSA required it to do. (Previous Action Dkt. No. 19.)

### C. Key Terms of the Previous Settlement Agreement.

InterFocus does not describe all of the terms of the Previous Settlement Agreement due to its confidential nature. However, relevant key terms are:

1) Neman Brothers released InterFocus from liability for all claims Neman Brothers asserted or could have asserted in the Previous Action (PSA §7, Ex. 2 and 3);

2) Neman Brothers agreed to give InterFocus written notice of any future alleged infringement of intellectual property, and allowed InterFocus seven business days thereafter to "cure" it by removing the allegedly infringed products from its platform. Le Decl. ¶ 4; PSA §5, Exs. 2 and 3); and

3) Neman Brothers agreed that it would not file a lawsuit against InterFocus for any future alleged infringement until thirty days after giving InterFocus written notice so the parties could resolve the dispute amicably by, for example, InterFocus curing the alleged infringements as provided earlier in that paragraph. (Id.)

InterFocus fully complied with all of its obligations under the PSA following its execution. (Le Decl. ¶ 5.)

### D. Neman Brothers Sends A Cease-and-Desist Letter in September 2020 Concerning Released and Other Claims.

As required by the Previous Settlement Agreement, Neman Brothers sent

---

[1] Ex. 2 is a redacted version of the PSA. Ex. 3 is a complete version of the PSA, which InterFocus concurrent applies to file under seal because of its confidential nature. (See Application to File Under Seal.)

-4-
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT

InterFocus a letter complaining about alleged infringements on or about September 15, 2020 (the "September 15 letter"). That letter alleged infringement of Neman Brothers' claimed copyrights in the following fabric patterns and garments:






(Le Decl. ¶¶ 6, 8; Ex. 4, and Ex. 1 thereto.)

InterFocus immediately launched an investigation into Neman Brothers' claims in compliance with its obligations under the Previous Settlement Agreement. It discovered that it had already removed from its platform three of the alleged infringements Neman Brothers' letter complained of before it entered into the Previous Settlement Agreement as follows:




(Le Decl. ¶¶ 7, 9-10, 14.)

InterFocus also removed from its platform the other three alleged infringements within seven business days of receiving Neman Brothers' September 15, 2020 letter, and thereby "cured" the alleged infringement involving the following three garments as provide in the PSA:




(Le Decl. ¶¶ 11-12.)

InterFocus also reconfirmed that the other three released alleged infringements it had stopped selling pursuant to the PSA were no longer on its platform, and thereby "cured" those already-released infringements as well. (Le Decl. ¶¶ 9-10.)

Through its counsel, InterFocus advised Neman Brothers of the above in a letter that laid out the dates on which each of the alleged infringements had been removed from InterFocus' platform as provided in the previous settlement agreement. (Le Decl. ¶ 13; Ex. 5.) The parties thereafter attempted to negotiate an overall license agreement between Neman Brothers and InterFocus without success. (Le Decl. ¶ 15.)

### E. Neman Brothers Files Original and Amended Complaints Herein In Breach of the Previous Settlement Agreement.

Neman Brothers filed its original complaint herein on December 9, 2020. (Dkt. No. 1.) Though Neman Brothers had already released InterFocus from liability for three of the alleged infringements as described above, and Interfocus had "cured" any alleged infringement involving all of the alleged infringements as described above, Neman Brothers' complaint repeated the allegations of the September 15 letter and Previous Action regarding those three released and six cured alleged infringements. (CF. Dkt. No.1 and Exs. 1-6 and September 15 letter Ex. 1, concurrently filed as Ex. 4.) Neman Brothers' original complaint herein admits that "[t]hese garments are in fact virtually the same garments Defendant had already been sued for in a prior action (*Neman Brother & Associates, Inc. v.*

*Interfocus, Inc.* (Case No. 2:29-cv-10112) [sic-the actual case number is 2:19-cv-10112] for the infringements upon the exact same Subject Designs specified above." (Dkt. No. 1 herein, ¶ 16.)

Neman Brothers thereafter filed a first amended complaint (which it erroneously styled "Complaint") on January 5, 2021. (Dkt. No. 10.) That amended complaint repeats the allegation contained in its original complaint (Dkt. No. 10, ¶ 21), and further admits that the alleged infringements "shown in Exhibits 2, 4 and 5 [of the amended complaint] bear… the same printing patterns about which it [InterFocus] had been sued by Plaintiff already." (Id.)

That amended complaint also added new copyright infringements claims about which, in breach of the PSA, Neman Brothers had never sent written notice. That breach of the PSA never gave InterFocus an opportunity to "cure" those alleged infringements before Neman Brothers filed suit, and never started the running of the seven day window in which InterFocus could "cure" those alleged infringements. (Le Decl. ¶ 16.) Despite Neman Brothers' breaches and failures, InterFocus removed these new alleged infringements from its platform, thereby "curing" those alleged infringements as permitted by the PSA. (Le Decl. ¶ 16.)

Thus, all of the alleged infringements in Neman Brothers' amended complaint have been contractually released, were cured pursuant to the "notice and cure" provisions of the PSA, and/or were filed without required notice in breach of the PSA. Summary judgment against Neman Brothers on all its copyright infringement claims, and partial summary judgment in favor of InterFocus on its breach of contract counterclaims, is appropriate in these circumstances as shown below.

## II. NEMAN BROTHERS' COPYRIGHT INFRINGEMENT CLAIMS ARE BARRED BY THE PREVIOUS SETTLEMENT AGREEMENT AS A MATTER OF LAW.

Neman Brothers' copyright infringement claims are barred by the release and "notice and cure" provisions of the PSA as a matter of law for the reasons described

below.

### A. InterFocus is Not Liable on the Claims Neman Brothers Contractually Released as a Matter of Law.

InterFocus cannot be liable on three of the claims asserted in Neman Brothers' amended complaint because Neman Brothers contractually released them, as case law affirms.

*Neman Brothers & Assoc., Inc. v. One Step Up Ltd.*, 2017 WL 6885390, *3 (C.D. Cal 12/13/2017), granted summary judgment against Neman Brothers when it pursued copyright infringement claims it had already released in a previous settlement agreement. As Judge Klausner of this Court stated:

> "Courts view settlement agreements as final dispositions and will not adjudicate issues that have already been resolved. Therefore, Plaintiff's claims should be dismissed if they fall within the scope of the Release…The Court…finds that the Settlement Agreement released the present copyright infringement claims and GRANTS summary judgment in favor of Defendants on those claims." (internal citations omitted; emphasis in original.)

That summary judgment was affirmed on appeal. *Neman Brothers & Assoc.,* 764 Fed. Appx. 625 (9th Cir. Mar. 25, 2019).

Here, as in the *One Step* case, three of Neman Brothers' copyright infringement claims fall within the scope of the release the release in the Previous Settlement Agreement relating to Neman Brothers' copyright infringement claims based on exhibits 2, 4 and 5 of the amended complaint. Those copyright infringement claims involve the same alleged infringements of the same copyrights Neman Brothers alleged were infringed in the Previous Action, as its original and amended complaints admit. InterFocus has not engaged in any further allegedly infringing activities involving those three copyrights since it entered into the PSA (Le Decl. ¶¶ 10, 14), Neman Brothers has produced no evidence to controvert that fact.

The undisputed facts are that InterFocus engaged in no allegedly infringing activities involving those released works since entering into the Previous Settlement Agreement. (Le Decl. ¶¶ 9-13.) Neman Brothers' pursuit of those released and dismissed claims is, therefore, barred as a matter of law. *Neman Brothers & Assoc., Inc. v. One Step Up Ltd.*, supra.

### B.  All of Neman Brothers' Claims are Barred by the "Notice and Cure" Provisions of the Previous Settlement Agreement.

#### 1.  The Previous Settlement Agreement Contains a "Notice and Cure" Provision.

"Notice and cure" provisions are common, and encouraged, in agreements, and summary judgment is appropriate where, as here, a party breaches them. "The need to give a breaching party notice of the breach and an opportunity to cure it is basic to contract law." *United States v. Packwood*, 687 F. Supp 471, 475 (N.D.Cal. 1987) (citing the Restatement (Second) of Contracts § 241(d)). Such provisions give a contracting party the opportunity to remedy a breach by taking the steps set forth in the contract, and by "curing" it, placing itself in a pre-default condition. *Petersen v. Hartell*, 40 Cal. 3d 102, 40 Cal.3d 102, 219 Cal.Rptr. 170, 707 P.2d 232, 242 (1985). Such provisions have been recognized in, for example, installment contracts, *Petersen v. Hartell*, supra; loan agreements, *Smith v. Flagstar Bank, FSB*, 2018 WL 3995922, *4 (N.D. Cal. 8/21/ 2018); license agreements, *Point Products A.G. v. Sony Music Entertainment, Inc.,* 2000 WL 1006236 (S.D.N.Y. July 20, 2020); and settlement agreements. *Theta Chi Fraternity, Inc., v. Leland Stanford University,* 212 F. Supp. 3d 816, 823 (N.D. Cal.2016).

The Previous Settlement Agreement contains just such notice and cure provisions. It requires Neman Brothers to give InterFocus contractually-defined "Adequate Notification" of any alleged infringement. It grants InterFocus seven business days to "cure" any alleged infringement for which such notice is given, and unambiguously defines the mechanism by which InterFocus could "cure" that alleged infringement, which is to the allegedly infringed products and/or designs

from InterFocus' platform within seven business days.  It also prohibits Neman Brothers from filing suit for 30 days after sending the "Adequate Notification" so that the parties could informally resolve their dispute by, for example, InterFocus "curing" the alleged infringement as permitted in the same provision. (PSA §5, Exs. 2 and 3.)

### 2. Neman Brothers' Copyright Infringement Claims Breach the "Notice and Cure" Provisions of the Previous Settlement Agreement as a Matter of Law.

In addition to the PSA's release barring three of the copyright infringement claims at issue as described above, all of Neman Brothers' copyright infringement claims are barred by the notice and cure provisions in the PSA as a matter of law, and summary judgment should be entered in InterFocus' favor on plaintiff's copyright infringement claims for at least two reasons.

First, the copyright infringements alleged in Neman Brothers September 15, 2020 letter were "cured" when InterFocus removed or confirmed the prior removal of the allegedly infringed products or designs from its platform within seven business days of receipt of the September 15 letter, as provided in paragraph 5 of the Previous Settlement Agreement.[2]  (Le Decl. ¶¶ 8-14.)

Second, Neman Brothers never provided written notice before adding the additional copyright infringement claims alleged for the first time in its amended complaint.  (Le Decl. ¶ 16.)  InterFocus nevertheless removed those alleged infringements from its platform, and thereby "cured" any alleged infringement on this basis under the PSA.  (Id.)

---

[2] Three alleged infringements had in fact been removed from InterFocus' platform before InterFocus received the September 15 letter, and were also released by the PSA.  However, the fact that InterFocus confirmed their removal from its platform within seven business days after receiving the September 15 letter means that, by definition, those alleged infringements were also "cured" under the notice and cure provisions in the PSA.

InterFocus' cure of the above alleged infringements contractually bars Neman Brothers from pursuing them in this action pursuant to the plain language of the PSA as a matter of law. "Curing a default means returning to pre-default conditions, such that any consequence of the default are nullified." *In re New Investments, Inc.,* 840 F. 3d 1137, 1143 (9th Cir. 2016) (internal citations and quotation marks omitted). "[T]he plain meaning of "cure"… provides a debtor with the right to remedy a default and restore matters to the *status quo ante*. In other words, cure will nullify all consequences of default." *In re Frazer,* 37 B.R. 621, 630 ((9th Cir. BAP 2007) (internal citations omitted). Courts have granted summary judgement against and dismissed claims by plaintiff who fails to comply with or tries to avoid the consequences of a notice and cure provision before filing suit.

For example, *Matrix Group Ltd., Inc v. Rawlings Sporting Goods Co.*, 477 F. 3d 583, 588-89 (8th Cir 2007), affirmed summary judgment for defendant on a breach of contract claim because plaintiff did not comply with the 30-day notice-and-cure provision in the relevant agreement. Rejecting plaintiff's argument that defendant's substantial breach excused it non-compliance, the Court held that "the unambiguous language of a contract must be given its plain meaning and full effect…When contract language speaks to a particular dispute, the Court gives those privately negotiated and agreed upon terms their full and plain meaning." (internal quotations and citations omitted.)

*Alliance Metal, Inc of Atlanta v. Hinely Industries, Inc.,* 222 F. 3d 895, 903 (11th Cir. 2000) affirmed a summary judgment for one contracting party because the other party failed to comply with a "notice and cure" provision in the relevant contract, holding that excusing non-compliance would "effectively render meaningless contractual 'notice and cure' requirements like the oneincluded in the …provision here."

*Anacapa Technology, Inc. v. ADC Telecommunications, Inc.*, supra, 241 F. Supp. 2d at 1019-20 (D. Minn. 2002), granted partial summary judgment to

defendant because defendant contractually cured the alleged breach of the contract plaintiff asserted, holding that "[plaintiff] Anacapa may not force [defendant] ADC to forfeit its rights under the contract… because ADC has cured its material breach through substantial performance or performance without material failure."  241 F. Supp. 2d at 1021.

      Numerous other cases hold consistent with the above authority.  See *Smith v. Flagstar Bank, FSB*, 2018 WL 3995922, at *4 (N.D. Cal. 8/21/2018) (relying on *Giotta v. Ocwen Loan Servicing, LLC*, 706 Fed Appx. 421 (9th Cir. 2017), court "sees no alternative to grant the motion to dismiss" complaint for failure to comply with notice and cure provision); *Shelby v. Factory Five Racing, Inc.,* 684 F. Supp. 2d 205, 214 (D. Mass. 2010) (dismissed trademark infringement complaint because plaintiff did not comply with the notice and cure provision in an earlier settlement agreement before filing an amended complaint with new claims); *Point Products A.G. v. Sony Music Entertainment, Inc.*, supra, 2000 WL 1006236, *4 (S.D.N.Y. July 20, 2000) (grants summary judgment for breach of contract based on a defendant's failure to comply with the "notice and cure" provision in a licensing agreement involving copyright interests before terminating it).

      Summary judgment should be granted to InterFocus for Neman Brothers' failure to comply with the PSA's notice and cure provisions under the above authorities.  Here, as in *Anacapa Technology, Inc.*, supra, InterFocus' "cure" of all of Neman Brothers' alleged infringements as permitted by the plain language of the PSA nullifies and contractually bars all alleged infringement claims.  That is what "curing" the alleged infringement means in the PSA, as recognized in *Anacapa*, *In re New Investments* and *In re Frazer*, cited above. Summary judgment should be entered in InterFocus' favor for this reason.

      Further, Neman Brothers' adding new copyright infringement claims without giving InterFocus pre-suit notice or an opportunity to cure as required by the PSA independently supports summary judgment for InterFocus on those newly added

claims.  Here, as in *Matrix Group, Ltd., Alliance Metal, Smith v. Flagstar, Point Products A.G.*, and especially *Shelby*, which also involved new claims added to an amended complaint, Neman Brothers' failure to give contractually-required notice before pursuing such claims requires that summary judgment be entered in InterFocus' favor, and that Neman Brothers' copyright infringement claims be dismissed with prejudice.

Summary judgment should be entered in InterFocus' favor on all of the copyright infringement claims in Neman Brothers' amended complaint for these reasons.

### III.     NEMAN BROTHERS HAS BREACHED THE PREVIOUS SETTLEMENT AGREEMENT AS A MATTER OF LAW.

Neman Brothers' actions in filing suit and pursuing its copyright infringement claims is not only barred by the PSA as described above, it breaches the PSA and makes Neman Brothers liable for the damages its breach has caused.  This Court should enter partial summary judgment that Neman Brothers is liable on InterFocus' breach of contract counterclaim for the damages InterFocus proves in a subsequent proceeding.

To prevail on its breach of contract counterclaim, InterForcus must prove 1) a contract, (2) InterFocus' performance or excuse for nonperformance, (3) Neman Brothers' breach, and (4) resulting damages to InterFocus . *Coles v. Glaser*, 2 Cal. App. 5th 384, 205 Cal. Rptr. 3d 922 (1st Dist. 2016).

InterFocus has done that here as follows:

1) The PSA is the relevant contract (Le Decl. ¶ 4, Ex. 2 and 3);
2) InterFocus has performed all of its obligations under the PSA (Le Decl. ¶ 5);
3) Neman Brothers has breached the PSA by failing to comply with its notice- and-cure provision, and by pursing alleged infringement claims InterFocus has cured as provided in the PSA (Le Decl. ¶¶ 8-16); and

-13-
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT

4) InterFocus has been damaged by Neman Brothers' breach of the PSA because, inter alia, it has been forced to divert employee resources and pay attorneys's fees to defend copyright infringement claims Neman Brothers contractually agreed it would not bring as described above. (Le Decl. ¶ 17.) The amount of those damages will be determined in a subsequent proceeding.

This Court should therefore grant partial summary judgment that Neman Brothers is liable for damages on InterFocus' breach of contract counterclaim, including but not limited to lost employee time and attorneys' fees incurred in defending this action, with the amount of damages to be determined in a subsequent proceeding.

## IV. CONCLUSION.

Summary judgment should be entered in InterFocus' favor on Neman Brother's complaint and partial summary judgment should be entered in InterFocus' favor on its breach of contract counterclaim for all the reasons described above.

Dated: July 13, 2021

RIMON, P.C.

By: /s/ Mark S. Lee
Mark S. Lee
Zheng Liu

Attorneys for Defendants and Counterclaim Plaintiffs
INTERFOCUS, INC. d.b.a. www.patpat.com