RIMON, P.C.
Mark Lee (SBN 94103)
mark.lee@rimonlaw.com
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone/Facsimile: 213.375.3811

RIMON, P.C.
Zheng Liu (SBN: 229311)
zheng.liu@rimonlaw.com
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
Telephone/Facsimile: 650.461.4433

Attorneys for Defendants
INTERFOCUS INC. d.b.a. www.patpat.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive.,<br><br>Defendants.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, an individual, and DOES 1-10, inclusive,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Counterclaim Defendant. | Case No. 2:20-cv-11181-CAS-JPRC<br><br>**DECLARATIONS OF MARK S. LEE AND WEIWEI LE IN SUPPORT OF DEFENDANT INTERFOCUS, INC. D.B.A. WWW.PATPAT.COM'S MOTION FOR:**<br><br>1) **SUMMARY JUDGMENT ON COPYRIGHT INFRINGEMENT CLAIMS IN PLAINTIFF'S COMPLAINT; AND**<br><br>2) **PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: August 16, 2021<br>Time:   10:00 am<br>Courtroom: Courtroom 8D<br><br>The Hon. Christina A. Snyder |

## DECLARATION OF MARK S. LEE

I, Mark S. Lee, declare:

1. I am a lawyer admitted to practice before this Court, and am a partner at Rimon, P.C., counsel of record for Interfocus, Inc. d.b.a. www.patpat.com ("Interfocus") in this matter. I have personal knowledge of the following facts except where otherwise indicated based on my personal participation in the matters described, and if called upon as a witness, I could and would competently testify thereto.

2. On June 4, 2021, I personally searched the Westlaw database of look for copyright infringement suits brought by Neman Brothers & Associates, Inc. The Westlaw database includes various kinds of information, including information on complaints filed in the Central District of California. An online search of this Court's Docket as recorded in the Westlaw database using the "Neman Brothers" and "copyright" search terms revealed 94 such complaints. A true and correct copy of the listing I printed out from my search is attached as Exhibit 1.

3. After printing out Exhibit 1, I manually reviewed over 20 of the complaints, and briefly reviewed the dockets of proceedings in the actions initiated by those complaints. The complaints and actions I reviewed all involved copyright infringement suits brought by Neman Brothers, which identified itself as a California corporation, against retailers or other defendants who were alleged to have infringed Neman Brothers' copyrights in fabric designs for goods manufactured in China. The dockets of the actions I reviewed indicated that they were all settled on confidential terms.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 13th_ day of July, 2021, at Los Angeles, California.

                                             /s/ Mark S. Lee
                                             Mark S. Lee

# DECLARATION WEIWEI LE

I, Weiwei Le, declare:

1. I am the Director of Operations for InterFocus Inc. ("Interfocus"). I have worked for InterFocus since 2017. I have personal knowledge of the following facts except where otherwise indicated, and if called upon as a witness, I could and would competently testify thereto.

2. In my capacity as Director of Operations for InterFocus over the past five years, I have become familiar with the business of InterFocus. InterFocus sells goods to consumers exclusively through its website at https://us.patpat.com/. InterFocus is a U.S. company that sells to U.S. consumers, but it does not manufacture the goods it sells, all of which come from other companies, including suppliers located in China. InterFocus also outsources many of its IT, shipping and other business functions, I handle various business issues for Interfocus, such as Legal, HR, Accounting, and projects that need to be coordinated between Interfocus and the Chinese companies with whom it does business in delivering the goods offered for sale on its online platform.

3. As the Director of Operations, I also work closely with InterFocus' attorneys for U.S. legal issues, including two lawsuits that Neman Brothers filed against InterFocus. For the two Neman Brothers' cases, my involvement includes, but was and is not limited to, reviewing and forwarding all the physical letters that Interfocus receives from Neman Brothers; investigations in response to questions raised by opposing counsel or InterFocus' attorneys; following up on and obtaining the answers to all questions raised in the litigation to the extent that information is within InterFocus' possession, custody, or control; coordinating with InterFocus' employees and, as needed, other companies with whom InterFocus does business to obtain information. I am also responsible for gathering factual information and collecting documents relating to the lawsuits.

2. As I mentioned above, this case is not the first time InterFocus has been sued by Neman Brothers. Neman Brothers first sued InterFocus for copyright infringement in an earlier action also called *Neman Brothers & Assoc. Inc v. Interfocus, Inc.*, Case No. 2:19-CV-10112 that was filed in 2019.

3. Although InterFocus did not believe it was liable for copyright infringement in the earlier action, the investigation into the volume of sales I supervised indicated that very few goods that Neman Brothers had alleged infringed its copyrights had been sold by InterFocus, and thus that spending money to defend the case did not make economic sense. Due to the low volume of sales of the allegedly infringed goods, and to avoid paying litigation-related legal fees in a dispute in which little was at stake, InterFocus decided to settle Neman Brothers' suit for what we considered a "nuisance value" amount.  InterFocus entered into a confidential settlement agreement with Neman Brothers for that reason.

4. Because the settlement agreement is confidential, I cannot describe all of its terms here. However, among other things, that settlement agreement released InterFocus from liability for all copyright infringement claims Neman Brothers asserted or could have asserted in that action.  Neman Brothers also agreed that it will not file suit for future infringements until 30 days after it gave InterFocus written notice of them, so that InterFocus could cure them by removing the allegedly infringing goods from its website platform within seven business days as described in the settlement agreement. The terms are, of course, set forth in the settlement agreement itself. A true and correct but redacted copy of the settlement agreement signed by the CEO of InterFocus is attached is Exhibit 2; a complete copy of the settlement agreement is concurrently filed under seal as Exhibit 3. As the Court can see, that agreement was executed in March 2020.

5. InterFocus has fully complied with its obligations under that settlement agreement since entering into it.

1        6.     In September 2020, InterFocus received a letter from the same attorney who had represented Neman Brothers in the prior litigation.  I personally reviewed that letter. In it, Neman Brothers' attorney claimed that InterFocus had engaged in additional copyright infringements.  A true and correct copy of that letter is attached as Exhibit 4.

         7.     I personally investigated those claims, so that InterFocus could cure any alleged infringement as provided in the previous settlement agreement attached as Exhibits 2 and 3.  I requested that, to the extent Interfocus was selling any of the allegedly infringing goods on its website platform, those goods be removed from its website immediately. I also requested that I be provided with all available information concerning the extent of such sales, when InterFocus had stopped selling the allegedly infringing goods. Once I was advised that goods had been removed from InterFocus' platform as I directed, I personally reviewed the InterFocus website to confirm that the allegedly infringing goods had been removed.

         8.     As stated in the September 2020 letter (Exhibit 4), Neman Brothers alleged copyright infringement of the following fabric patterns on the following goods:



9.  I was informed that all of the above alleged infringements were removed from InterFocus' online platform within a few days after receiving Neman Brothers' September 2020 letter. My own review of the InterFocus platform confirmed such removal.

10.  In addition, our investigation determined that three of the alleged infringements had been removed from InterFocus' online platform since before InterFocus entered into the settlement agreement with Neman Brothers in March 2020.  Those three alleged infringements are as follows:

 

11.  Our investigation had determined that we did have the other three fabric patterns on our online platform as of the date of the September 2020 letter:

  

12.  My personal review of InterFocus' online platform confirmed that they were removed from InterFocus' platform within seven business days of our receipt of Neman Brothers' September 2020 letter as described above.

13.  Once I confirmed that InterFocus had removed the alleged infringements from its platform as provided in the previous settlement agreement, I asked InterFocus' then counsel to so advise Neman Brothers in a letter.  Attached as Exhibit 5 is a true and correct copy of the letter dated October 5, 2020 sent to Neman Brother's counsel.

14. In connection with our investigation, I requested that a chart be prepared that included all six of the alleged infringing garments described in the September 2020 letter and when each garment had been removed from InterFocus' online platform, I provided InterFocus' then counsel with an early version of that chart, and it appears in Exhibit 5. However, further investigation determined that in two instances, the dates on which the alleged infringements were removed from InterFocus' platform were erroneously stated to be 2020, when in fact, they had been removed even earlier in 2019. An updated chart that truly and accurately describes when all six of the alleged infringements Neman Brothers described in its September 15, 2020 letter were removed from InterFocus' platform is set forth below:

| ID No. | Image | Take Down Date |
| --- | --- | --- |
| 45696 | | 9/16/2020 |
| 458707 | | 9/17/2020 |
| 385561 | | 7/22/2019 |
| 458707 | | 9/17/2020 |
| 399267 | | 9/14/2020 |
| 414159 | | 8/28/2019 |

7
COMBINED DECLARATIONS OF MARK S. LEE AND WEIWEI LE

15. After the October response letter, through their counsel, Neman Brothers and InterFocus tried to settle their dispute by negotiating an overall license agreement between them, but they were not able to do so. I am not aware of any written claim of new alleged infringements in those settlement discussions. Neman Brothers filed its complaint alleging copyright infringement against InterFocus on December 9, 2020. I was confused by the complaint, because it identified the same alleged infringements Neman Brothers had identified in its September 15, 2020 letter (Exhibit 4), even though we had removed all of those alleged infringements from our platform before we entered into the previous settlement agreement or within seven business days after receiving Neman Brothers' September 15, 2020 letter as provided in the settlement agreement.

16. I understand Neman Brothers later amended its complaint on January 6, 2021 to add new alleged infringements that Neman Brothers had not identified in the initial complaint (Exhibit 6) or September 2020 letter (Exhibit 4). InterFocus received no notice of those alleged infringements before Neman Brothers added those claims to its First Amended Complaint (Exhibit 7). Although we had received no written notification of alleged infringement regarding these new claims, we nevertheless removed those new alleged infringements from InterFocus' online platform as well, and completed that removal by February 17, 2021.

17. I have spent more than 100 hours on this Neman Brothers case. InterFocus has also incurred significant legal fees defending this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 12th day of July, 2021, at Hayward, California.

Weiwei Le