Mark S. Lee (SBN 94103)
mark.lee@rimonlaw.com
RIMON, P.C.
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone: 213.375.3811
Facsimile: 213.375.3811

Zheng Liu (SBN 229311)
zheng.liu@rimonlaw.com
RIMON, P.C.
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
Telephone: 650.461.4433
Facsimile: 650.461.4433

Attorneys for Defendants
INTERFOCUS, INC. d.b.a.
www.patpat.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive,<br><br>Defendants.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Counterclaim Defendant. | Case No.: 2:20-cv-11181-CAS-JPR<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT AND COUNTERCLAIM DEFENDANT INTERFOCUS, INC. D.B.A. WWW.PATPAT.COM'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: August16, 2021<br>Time: 10:00 am<br>Courtroom: 8D<br><br>Honorable Christine A. Snyder |

-1-
INTERFOCUS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS
OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant and counterclaimant InterFocus, Inc. d.b.a. www.patpat.com ("InterForucs") Plaintiff Nirvana, L.L.C. ("Nirvana") presents the following Statement of Uncontroverted Facts and Conclusions of Law in Support of its Motion for Summary Judgment on Plaintiff's First Amended Complaint, and Partial Summary Judgment on InterFocus' Counterclaim herein pursuant to Local Rule 56-1 as follows:

## STATEMENT OF UNCONTROVERTED FACTS

| Undisputed Fact | Evidence |
|---|---|
| 1. Neman Brothers is a California company that has filed almost a hundred copyright infringement actions in this Court, | Declaration of Mark S. Lee ["Lee Decl."] ¶ 2 and Ex. 1. |
| 2. Summary judgment previously has been entered against Neman Brothers for, *inter alia*, refiling released copyright infringement claims. | *Neman Brothers & Assoc., Inc. v. One Step up Ltd.*, 764 Fed. Appx 624 (9th Cir. March 25, 2019) |
| 3. Neman Brothers first filed suit against Interfocus in *Neman Brothers & Assoc. Inc v. Interfocus, Inc.*, Case No. 2:19-CV-10112, before the Hon. John A. Kronstadt. (The "Previous Action.") | Court Docket in *Neman Brothers & Assoc. Inc v. Interfocus, Inc.*, Case No. 2:19-CV-10112; Declaration of WeiWei Le ["Le Decl."] ¶ 2. |
| 4. Although InterFocus disputed its liability in that action, due to the relatively small volume of sales of disputed items, it entered into a "nuisance value" settlement on confidential terms (the "Previous Settlement Agreement" or "PSA.") | Le Decl. ¶¶3-4, Exs. 2 and 3. |
| 5. Neman Brothers released InterFocus from liability for all claims Neman Brothers asserted or could have asserted in the Previous Action in the PSA. | PSA §5, Exs. 2 and 3. |
| 6. In the PSA, Neman Brothers Neman Brothers agreed to give InterFocus written notice of any future alleged infringement of intellectual | PSA §5, Exs. 2 and 3 |

| Undisputed Fact | Evidence |
|---|---|
| property, and allowed InterFocus seven business days thereafter to "cure" it by removing the allegedly infringed products from its platform. | |
| 7. In the PSA, Neman Brothers agreed that it would not file a lawsuit against InterFocus for an alleged infringement for 30 days after giving InterFocus after giving written notice so the partiew could resolve the dispute amicably by, for example, InterFocus curing the alleged infringements as provided earlier in that paragraph. | PSA §5, Exs. 2 and 3 |
| 8. InterFocus fully complied with all of its obligations under the PSA following its execution. | Le Decl. ¶ 5. |
| 9. Neman Brothers dismissed its claims against InterFocus with prejudice in the Previous Action, as the PSA required it to do. | PSA § 7, Exs. 2 and 3; Previous Action Dkt. No. 19. |
| 10. As required by the Previous Settlement Agreement, Neman Brothers sent InterFocus a letter intended to constitute "Adequate Notification" under the PSA on or about September 15, 2020 (the "September 15 letter") | Le Decl. ¶¶ 6, 8; Ex. 4, and Ex. 1 thereto. |
| 11. The September 15 Letter alleged infringement of Neman Brothers' alleged copyrights in the following six fabric patterns on the following garments: | Le Decl. ¶ 8 ; Ex. 4, and Ex. 1 thereto. |

| Undisputed Fact | Evidence |
|---|---|
| [images of dresses and clothing items] | |
| 12. After receiving the September 15 Letter, InterFocus immediately launched an investigation into Neman Brothers' claims in compliance with its obligations | Le Decl. ¶ 7. |
| 13. In investigating Neman Brothers' claims in the September 2015 Letter, discovered that it had already removed from its platform three of the alleged infringements Neman Brothers' letter complained of before it entered into the Previous Settlement Agreement as follows: | Le Decl. ¶ 10. |

-3-

INTERFOCUS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Undisputed Fact | Evidence |
|---|---|
| | |
| 14. In response to the September 2015 Letter, InterFocus also removed from its platform the other three alleged infringements within seven business days of receiving the September 15, Letter as follows: | Le Decl. ¶¶11-12. |
| 15. Neman Brothers filed its original complaint herein on December 9, 2020. | Dkt. No. 1. |
| 16. Neman Brothers' complaint repeated the allegations of the September 15 letter and Previous Action regarding those three released alleged infringements. | Cf. Dkt. No.1 Exs. 1-6 and September 15 letter Ex. 1, concurrently filed as Ex. 4; Le Decl. ¶ 15. |

-4-

| Undisputed Fact | Evidence |
|---|---|
| 17. Neman Brothers filed a First Amended Complaint on January 5, 2021. | Dkt. No. 10. |
| 18. Neman Brothers' First Amended Complaint added new copyright infringement claims about which it never sent InterFocus a written notice of alleged infringements. | Dkt. No. 10; Le Decl. ¶ 16. |
| 19. InterFocus removed these new alleged infringements from its platform as permitted by the "notice and cure" provision of the PSA. | Le Decl. ¶ 16; § 5, Exs. 2 and 3. |
| 20. InterFocus has lost employee time and incurred legal fees defending this action. | Le Decl. ¶17; Lee Decl. ¶ 4. |

## CONCLUSIONS OF LAW

1. InterFocus is not liable on three of the claims asserted in Neman Brothers' First Amended Complaint because InterFocus stopped those alleged infringements before Neman Brothers contractually released them in the Previous Settlement Agreement. *Neman Brothers & Assoc., Inc. v. One Step Up Ltd.*, 2017 WL 6885390, *3 (C.D. Cal 12/13/2017); affirmed, 764 Fed. Appx. 625 (9th Cir. Mar. 25, 2019)

2. The Previous Settlement Agreement contained a "notice and cure" provision. Such provisions give a contracting party the opportunity to remedy a breach by taking the steps set forth in the contract, and by "curing" the alleged deficiency or infringement, placing itself in a pre-default condition. *Petersen v. Hartell*, 40 Cal. 3d 102, 40 Cal.3d 102, 219 Cal. Rptr. 170, 707 P.2d 232, 242 (1985). Such provisions have been recognized in, installment contracts, *Petersen v. Hartell*, supra; loan agreements, *Smith v. Flagstar Bank, FSB*, 2018 WL 3995922, *4 (N.D. Cal. 8/21/ 2018); license agreements, *Point Products A.G. v. Sony Music Entertainment, Inc.*, 2000 WL 1006236 (S.D.N.Y. July 20, 2020); and settlement

1  agreements. *Theta Chi Fraternity, Inc., v. Leland Stanford University,* 212 F. Supp.
2  3d 816, 823 (N.D. Cal.2016).

3      3.    The "notice and cure" provision in the Previous Settlement Agreement
4  requires Neman Brothers to give InterFocus contractually-defined "Adequate
5  Notification" of any alleged infringement.  It grants InterFocus seven business days
6  to "cure" any alleged infringement for which such notice is given, and
7  unambiguously defines the mechanism by which InterFocus could "cure" that
8  alleged infringement, namely by removing 'the allegedly infringed products and/or
9  designs" from InterFocus' platform within seven business days.  And, it prohibits
10 Neman Brothers from filing suit for 30 days after sending the "Adequate
11 Notification" so that the parties could informally resolve their dispute by, for
12 example, InterFocus "curing" the alleged infringement as permitted in the same
13 provision.

14     4.    Neman Brothers' copyright infringement claims are barred by the
15 notice and cure provisions in the PSA. InterFocus' cure of the above alleged
16 infringements in the manner Neman Brothers agreed it could contractually bars
17 Neman Brothers from pursuing them in this action pursuant to the plain language of
18 the PSA as a matter of law. "Curing a default means returning to pre-default
19 conditions, such that any consequences of the default are nullified." *In re New*
20 *Investments, Inc.,* 840 F. 3d 1137, 1143 (9th Cir. 2016) (internal citations and
21 quotation marks omitted). "[T]he plain meaning of "cure"… provides a debtor with
22 the right to remedy a default and restore matters to the *status quo ante*.  In other
23 words, cure will nullify all consequences of default." *In re Frazer,* 37 B.R. 621, 630
24 ((9th Cir. BAP 2007) (internal citations omitted); see also, *Anacapa Technology, Inc.*
25 *v. ADC Telecommunications, Inc.*, supra, 241 F. Supp. 2d at 1019-20 ("cure" mean
26 substantial performance to remedy default).

27     5.    Summary judgment is appropriate when an alleged breach or
28 infringement has been cured as provided by the notice and cure provision of an

agreement. *Matrix Group Ltd., Inc v. Rawlings Sporting Goods Co.*, 477 F. 3d 583, 588-89 (8th Cir 2007)( affirmed summary judgment for defendant on a breach of contract claim because plaintiff did not comply with the 30-day notice-and-cure provision in the relevant agreement);  *Alliance Metal, Inc of Atlanta v. Hinely Industries, Inc.,* 222 F. 3d 895, 903 (11th Cir. 2000)( affirmed a summary judgment for one contracting party because the other party failed to comply with a "notice and cure" provision in the relevant contract); *(Cross-Country) Productions, Inc. v. United Artists Corp.*, 865 F.3d 513, 518 (2d Cir. 1989) (affirming judgment against party who failed to satisfy a contractual requirement to provide notice and opportunity to cure); *In re Colony Square Co,* 843 F. 2d 479, 481 (11th Cir. 1988) (summary judgment granted for failing to comply with notice and cure provision); *Smith v. Flagstar Bank, FSB,* 2018 WL 3995922, at *4 (N.D. Cal. 8/21/2018)(granted a motion to dismiss a complaint because Plaintiff failed to comply with the notice-and-cure provision in the agreement at issue before filing suit); *Anacapa Technology, Inc. v. ADC Telecommunications, Inc.*, 241 F. Supp 2d 1016, 1019-1020 (D. Minn. 2002) (defendant's cure of an alleged breach required that summary judgment be entered in its favor on breach of contract claim); *Point Products A.G. v. Sony Music Entertainment, supra* (granting summary judgment where a party  terminated a copyright-related license before giving  the other contracting party an opportunity to cure the breach as provided in the license agreement)*; Columbus Container, Inc v. Logility Inc.*, 2002 WL 44970 at * 7 (S.D. Ind. Feb. 7, 2002) (granting summary judgment for breach of notice and cure provision  of contract); *Needham v. Candie's, Inc.*, 2002 WL 1896892 at *3 (S.D.N.Y. 2002) (same).

      6.      Neman Brothers' actions in filing suit and alleging copyright infringement as set forth in the First Amended Complaint on claims it previously released, that InterFocus cured pursuant to the notice and cure provision of the PSA, and that Neman Brothers brought without giving notice as required by the PSA  are

all barred by the PSA as a matter of law for the reasons and authorities ed described above. All claims in Neman Brothers' First Amended complaint are dismissed with prejudice.

7.     InterFocus has also filed a counterclaim which alleges that Neman Brothers breached the Previous Settlement Agreement. To prevail on its breach of contract counterclaim, InterForcus must prove: 1) a contract, (2) InterFocus' performance or excuse for nonperformance, (3) Neman Brothers' breach, and (4) resulting damages to InterFocus. *Coles v. Glaser*, 2 Cal. App. 5th 384, 205 Cal. Rptr. 3d 922 (1st Dist. 2016).

8.     InterFocus has met its burden of proving breach of contract here. Neman Brothers' actions in filing suit and pursing its copyright infringement claims breaches the PSA and makes Neman Brothers liable for the damages its breach has caused, including but not limited to the employee time InterFocus has lost and the attorneys' fees it is forced to pay.  Partial summary judgment that Neman Brothers is liable to InterFocus for damages on InterFocus' breach of contract counterclaim is therefore granted.  The amount of those damages will be determined in a subsequent proceeding.

.DATED: July 13, 2021    RIMON, P.C.

By: /s/ Mark S. Lee
Mark S. Lee (SBN: 94103)
mark.lee@rimonlaw.com
RIMON P.C.
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
Telephone/Facsimile: 310.375.3811

Zheng Liu (SBN 229311)
zheng.liu@rimonlaw.com
RIMON, P.C.
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
Telephone/Facsimile: 650.461.4433

Attorneys for Defendants
INTERFOCUS, INC. d.b.a.
www.patpat.com

-9-
INTERFOCUS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT