**EXHIBIT 29**



Chan Yong (JAKE) Jeong <jeong@jeonglikens.com>

## Neman Brothers settlment agreement

**Chan Yong Jeong** <jeong@jeonglikens.com>  Wed, Mar 11, 2020 at 8:13 PM
To: Bing Zhang Ryan <bingzhangryan@magstonelaw.com>
Cc: Linna Chen <lchen@magstonelaw.com>

I accepted all but one change in Section 5.
Plaintiff will not waive any rights about the future actions if any.
We never do that unless Defendant pays more for it.
If your client can pay 100k, my client can give an unlimited license to use the designs to sell the garments through Patpat website.
Otherwise, there is no reason for Plaintiff to waive its right to sue your client for future infringements.


Very truly yours,

Chan Yong (Jake) Jeong, Esq.
Jeong & Likens, L.C.
222 South Oxford Avenue
Los Angeles, CA 90004
Tel. 213-688-2001
Fax. 213-315-5035

[Quoted text hidden]

 Settlement Agreement_Neman_03112020_Version2.doc
74K

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is made and entered into by and between Neman Brothers & Assoc., Inc. ("Plaintiff"), on the one hand, and InterFocus Inc. ("Defendant") on the other hand. Plaintiff and Defendant are collectively referred to herein as the "Parties" or individually as a "Party." This Settlement Agreement will be effective as of the date it is fully executed by Plaintiff and Defendant and a copy is provided to counsel for each Party (the "Effective Date").

## RECITALS

**WHEREAS**, on or about November 26, 2019, Plaintiff filed a complaint against Defendant for copy right infringement, vicarious copyright infringement, and contributory copyright infringement in the United Stated District Court, Central District of California (*Neman Brothers & Assoc., Inc. v. Interfocus, Inc.*, Case No: 19-CV-10112, the "Action");

**WHEREAS**, the Parties now desire to resolve all disputes between them in an orderly manner; and

**NOW, THEREFORE** for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:



5.  **Notification**. For any future intellectual property infringement allegation, including but not limited to, any copyright infringement allegation, Plaintiff agrees to give

Defendant Adequate Notification in writing of such infringement allegation, and allows Defendant seven (7) business days from receiving an Adequate Notification of an infringement to cure the infringement by removing the allegedly infringed products and/or designs from its platform such as Defendant's website and social media account. An Adequate Notification of an infringement shall include sufficient information to allow Defendant to ascertain that Plaintiff owns the relevant intellectual property rights. For example, an Adequate Notification of a copyright infringement of a design shall include proof that Plaintiff owns the copyrights to the design, which shall include (a) an image of the design, (b) the name of the design or other identifying information of the design, (c) copyright application no(s). of the design, or a copy of the application, if such information exists at the time, (d) copyright registration no(s). of the design, or a copy of the registration, if such information exists at the time. An Adequate Notification of an alleged infringement shall also include reasonably specific information regarding the alleged infringement to allow Defendant to cure the infringement, to the extent reasonably available, by identifying the infringing products or designs on Defendant's website(s) or platform(s), including (i) images of alleged infringing products or designs, and (ii) hyperlinks to the alleged infringing products or designs on Defendant's website(s) and/or social media platform(s). Plaintiff agrees to send the above written notification via email to the Defendant's contact email addresses:

service@patpat.com
vivi@patpat.com
albert.wang@patpat.com

and mail a paper copy of the above written notification to Defendant's mailing address:

InterFocus, Inc.
650 Castro St, Ste 120-458
Mountain View, CA 94041

Defendant retains the right to change and update Defendant's contact email addresses and contact phone numbers by emailing a written notification to Plaintiff at: jeong@jeonglikens.com, followed by a paper copy of the written notification to Plaintiff at:

Chan Yong Jeong
Jeong & Likens, L.C.
222 South Oxford Avenue
Los Angeles, CA 90004

Plaintiff agrees that it will not file a lawsuit or lodge a complaint against Defendant for an alleged infringement before the expiration of thirty (30) days after given Defendant Adequate Notice of the alleged infringement to allow Parties time to resolve the dispute amicably. ~~Plaintiff further agrees that for any infringement incurred after the Effective Date, Defendant's legal obligation is limited to: (1) removing any infringed products and/or designs from its website and social media account within the time limit as specified in this Agreement; and (2) providing Plaintiff all profit made by Defendant relating to the infringed products and/or designs.~~

6. **Mutual Releases**. The Parties, each on behalf of themselves and each of their agents, principals, officers, directors, employees, stockholders, parents, subsidiaries, affiliates, predecessors, successors, attorneys, insurers, representatives, heirs, or someone similarly situated, and assigns hereby release and forever discharge each other, and all of their respective agents, principals, officers, directors, employees, parents, subsidiaries, affiliates, predecessors, successors, attorneys, insurers, representatives, heirs and assigns ("Releasees") of and from any and all debts, demands, actions, causes of action, contracts, claims, suits, damages and liabilities of any kind whatsoever, in law or in equity, whether known or unknown, anticipated or unanticipated, and whether accrued or hereafter to accrue that they now have, may have, or could have from the beginning of time to the date of this Release against each other in connection with, arising out of or based in whole or in part on any action or omission of action or any facts or circumstances occurring or existing on or prior to the date hereof relating to the Action, excepting only claims for violations of the Settlement Agreement ("Released Claims"), to the extent it relates to the past sale of the garments by Interfocus, shown in Exhibits C-1 through C-7 attached to the complaint (Docket No. 1) in the Action filed on 11/26/2019.

The Parties acknowledge that the Released Claims encompass claims that may not be known to or suspected by them at the time this Release is made. The Parties expressly agree to release such unknown and unsuspected claims, and except as otherwise stated in this Settlement Agreement, waive any and all rights they may have under any applicable statute.

*Section 1542 Acknowledgement.* Each Party to this Settlement Agreement acknowledges and affirms that he, she or it is familiar with Section 1542 of the California Civil Code, which provides that:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Each Party knowingly and voluntarily waives the provisions of Section 1542 of the California Civil Code, as against each Party released hereby with regard to claims released hereby, and acknowledges and agrees that this waiver is an essential and material term of the settlement which led to this Settlement Agreement, and that without such waiver, the settlement reflected in this Settlement Agreement would not have been entered into. Each Party further acknowledges the significance and consequence of the release and the specific waiver of Section 1542 of the California Civil Code.

[redacted]

3



IN WITNESS WHEREOF, the undersigned have signed this Settlement Agreement and Mutual Release at the date set forth below.

Dated: March ___, 2020

_____
Neman Brothers & Assoc., Inc.
Name:
Title:

Dated: March ___, 2020

_____
InterFocus Inc.
Name:
Title: