**EXHIBIT 32**

On Tue, Oct 6, 2020 at 6:28 PM Chan Yong Jeong <jeong@jeonglikens.com> wrote:

### SETTLEMENT DISCUSSIONS

Hi Linna,

Our client rejects the offer. Let me quote from our letter dated September 15, 2020 as below.

In this present case, Interfocus was put on clear notices as to our client's designs and copyrights because the two Subject Designs in this case were also litigated in the prior case. (Exhibits 6 and 7). However, Interfocus again sold the Accused Garments bearing the same designs thereupon, which establishes Interfocus' reckless/intentional/knowing disregards of our client's designs and copyrights, sufficiently supporting claims for willful infringement.

**InterFocus sold again the garments bearing the same print patterns for which it has already been sued. It means InterFocus completely lacks any preventive measure for avoiding copyright infringements, which again shows "reckless" disregard of others' copyrights.** Merely reckless behavior can support a finding of willful infringement under Copyright Act. 17 U.S.C.A. § 101 et seq.  A finding of willful infringement under Copyright Act does not require a showing of actual knowledge; a showing of recklessness or willful blindness is sufficient. 17 U.S.C.A. § 101 et seq.

In addition, please see the quotations from *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 991-92 (9th Cir. 2019). (emphasis added)

retail company acted <u>recklessly or with willful blindness</u> to fabric designer's copyright, so as to willfully infringe designer's copyright; designer presented evidence that company adopted <u>reckless policy with regard to copyright infringement because it made no attempt to check or inquire in</u>to whether any designs it used in its apparel were subject to copyright protections, that company kept thousands of fabric swatches at its design studio that it had purchased from art studios or taken from vintage clothing remnants, that company's designers used swatches to create thousands of apparel designs each year, and that <u>company did not attempt to discover origin of subject design.</u>

We are confident we can prove the exact same is true against your client. We also would reiterate that it is even worse against your client because your client this time knew the accused print patterns were disputed due to our copyrighted designs in the prior case. However, your client again sold the accused garments, not only recklessly but also knowingly and intentionally.

Given the above, our counter is $█████.

Very truly yours,

Chan Yong (Jake) Jeong, Esq.
Jeong & Likens, L.C.
222 South Oxford Avenue
Los Angeles, CA 90004
Tel. 213-688-2001
Fax. 213-315-5035

On Mon, Oct 5, 2020 at 7:26 PM Linna Chen <lchen@magstonelaw.com> wrote:

> Dear Mr. Jeong,
>
> Attached please find our response to your letter dated September 15, 2020.
>
> Kind regards,
>
> Linna Chen 陈庆蓉
> *Partner* 合伙人
> **MagStone Law**, **LLP**
> T: 650.513.2555 ext. 106 | C: 415.299.2149
> F: 650.539.5115
> 4633 Old Ironsides Dr. Suite 160
> Santa Clara CA, 95054
> E: lchen@magstonelaw.com
> www.magstonelaw.com
>
> CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.