**EXHIBIT 34**

On Thu, Oct 29, 2020 at 4:18 PM David Yang <davidyang@magstonelaw.com> wrote:

CONFIDENTIAL SETTLEMENT COMMUNICATION

Dear Chan:

I'm pleased to meet you over email. I am working with Linna on this matter.

Please understand that, given the relatively large sum that your client is seeking, InterFocus requires time to understand the issues and consider its options. As you know, InterFocus has already taken down the items identified in your letter. There is thus no need for your client to rush to file a new lawsuit. With all due respect, we would consider a rush to the courthouse to be inconsistent with the two sides' agreement to make good faith efforts to settle their future disputes.

As Linna has already noted, InterFocus indeed would be interested in obtaining a license to your client's designs. Of course, our evaluation of a potential license would have to include an understanding of the IP that would be licensed. This is why we have asked for information about the designs. After we receive that information, we would be in a much better position to respond to the terms you have proposed. If this is something your client is unable or unwilling to provide, we would like to understand the reasons why.

Because we are interested in an amicable resolution, I won't take too much of your time with a recitation of

our legal position. I do want to point out, as you surely know, that it is by no means certain that you would be able to establish InterFocus's liability for infringement, much less for willful infringement, as InterFocus simply operated a platform on which third party vendors made those sales. Moreover, even if you did establish InterFocus's liability, it is unlikely that the court would award your client anywhere close to $[redacted] in damages for sales that amounted to less than $[redacted] profit to InterFocus.

In short, we believe it makes much more sense for us to negotiate a business deal rather than to have the two sides waste time and money on litigation. So that we may properly evaluate your client's offer for a license, please provide (1) a catalog of your client's designs and (2) copies of the copyright registrations your client holds in its designs.

Yours truly,
David Yang

On Thu, Oct 29, 2020 at 4:05 PM Linna Chen <lchen@magstonelaw.com> wrote:

> Hi David,
>
> This is the email chain from Chan.
>
> Linna Chen 陈庆蓉
> *Partner* 合伙人
> **MagStone Law**,   **LLP**
> T: 650.513.2555 ext. 106 | C: 415.299.2149
> F: 650.539.5115
> 4633 Old Ironsides Dr. Suite 160
> Santa Clara CA, 95054
> E: lchen@magstonelaw.com
> www.magstonelaw.com
>
> CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received

this transmission in error, please immediately notify the sender and delete it from your system