**EXHIBIT 36**

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is made and entered into by and between Neman Brothers & Assoc., Inc. ("Plaintiff"), on the one hand, and InterFocus Inc. ("Defendant") on the other hand. Plaintiff and Defendant are collectively referred to hereiu as the "Parties" or individually as a "Party." This Settlemeut Agreement will be effective as of the date it is fully executed by Plaintiff and Defendant and a copy is provided to counsel for each Party (the "Effective Date").

### RECITALS

WHEREAS, on or about ~~November 26~~September 15, ~~2019~~2020, Plaintiff ~~filed a complaint~~ served a cease and desist letter to ~~against~~ Defendant ~~for copyright infringement, vicarious copyright infringement, and contributory copyright infringement in the United Stated District Court, Central District of California (Neman Brothers & Assoc., Inc. v. Interfocus, Inc., Case No: 19-CV-10112~~ pursuant to Section 5 of the prior settlement agreement ("Prior Settlement Agreement") executed in March 2020, regarding certain garments displayed and sold at Defendant's website, www.patpat.com ("Website") which Plaintiff believed to have infringed upon its copyrights for certain designs, as specified therein. (~~-~~the "~~Action~~Dispute");

WHEREAS, the Parties now desire to resolve all disputes, and enter a licensing agreement, between them in an orderly manner; and

NOW, THEREFORE for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

[REDACTED]

3. **Settlement Payment by DEFENDANT to PLAINTIFF**. Plaintiff and Defendant each agrees to fully execute this Settlement Agreement and provide a copy to counsel for the opposing party on or before ~~March 22~~November 18, 2020. Within four (4) business days after the Effective Date of this Settlement Agreement, but no later than 4 p.m. on ~~3/26~~11/24/2020 in Pacific Daylight Saving Time, Defendant shall transfer by wire the amount of  , the "Total Settlement Amount") to the following account:

[REDACTED]

████████████████████████████████

5.4.    **Notification**. For any future intellectual property infringement allegation, including but not limited to, any copyright infringement allegation, Plaintiff agrees to give Defendant Adequate Notification in writing of such infringement allegation, and allows Defendant seven (7) business days from receiving an Adequate Notification of an infringement to cure the infringement by removing the allegedly infringed products and/or designs from its platform such as Defendant's website and social media account. An Adequate Notification of an infringement shall include sufficient information to allow Defendant to ascertain that Plaintiff owns the relevant intellectual property rights. An Adequate Notification of a copyright infringement of a design shall include proof that Plaintiff owns the copyrights to the design, which shall include (a) an image of the design, (b) the name of the design or other identifying information of the design, (c) copyright application no(s). of the design, or a copy of the application, if such information exists at the time, (d) copyright registration no(s). of the design, or a copy of the registration, if such information exists at the time. An Adequate Notification of an alleged infringement shall also include reasonably specific information regarding the alleged infringement to allow Defendant to cure the infringement, to the extent reasonably available, by identifying the infringing products or designs on Defendant's website(s) or platform(s), including (i) images of alleged infringing products or designs, and (ii) hyperlinks to the alleged infringing products or designs on Defendant's website(s) and/or social media platform(s). Plaintiff agrees to send the above written notification via email to the Defendant's contact email addresses:

> service@patpat.com
> vivi@patpat.com
> albert.wang@patpat.com

and mail a paper copy of the above written notification to Defendant's mailing address:

> InterFocus, Inc.
> 650 Castro St, Ste 120-458
> Mountain View, CA 94041

Defendant retains the right to change and update Defendant's contact email addresses and contact phone numbers by emailing a written notification to Plaintiff at: jeong@jeonglikens.com, followed by a paper copy of the written notification to Plaintiff at:

> Chan Yong Jeong
> Jeong & Likens, L.C.
> 222 South Oxford Avenue

Los Angeles, CA 90004

Plaintiff agrees that it will not file a lawsuit or lodge a complaint against Defendant for an alleged infringement before the expiration of thirty (30) days after giving Defendant Adequate Notice of the alleged infringement to allow Parties time to resolve the dispute amicably.

5. ~~Future Disputes~~License. Plaintiff hereby grants to Defendant a license ("License") to use Plaintiff's designs ("Designs") and modify Plaintiff's designs ("Derivatives"), only for the retail sale of garments through the Website, to an individual person as an individual end-user customer, during the license period ("License Period") from November 18, 2020 until and only upto November 17, 2022 ("Expiration Date"). Defendant may not post, display, sell, or offer to sell any garments bearing the Designs or the Derivatives, through any online or offline store, other than the Website. Defendant may not sell any products other than garments bearing the Designs or the Derivatives. Defendant may sell the garments bearing the Derivatives on the conditions that Defendant notifies ("Notification") in advance three weeks prior to posting on the Website. Defendant may not add to the Derivative any element infringing upon a third party's copyrights and Plaintiff owns any and all rights for the Derivatives. In creating and using the Derivatives, Defendant takes full responsibilities for avoiding any and all potential or actual infringement upon a third party's copyrights, and shall fully indemnify and hold harmless Plaintiff from any claims, liabilities, damages, or cases arising out of or related to Defendant's use of the Derivatives, by paying, if any, attorney fees, costs, expenses, judgments, liabilities, settlement amounts, and/or damages, incurred to, entered against, or executed by, Plaintiff, within thirty (30) days from the date of Plaintiff's request. Defendant's duty to indemnify shall survive the termination or expiration of the License specified hereinbelow. Defendant may not assign any part of the Licensed rights to any third party at any time, which shall automatically be deemed invalid and void.

6. Termination. Plaintiff may terminate the License for any breach of the terms or conditions, specified in Section 5 hereinabove by Defendant. If Plaintiff finds such a breach by Defendant, Plaintiff may give a termination notice to Defendant, within thirty (30) days from which Defendant may explain to resolve any misunderstanding if any, to Plaintiff's reasonable satisfaction. Unless Plaintiff is reasonably satisfied with Defendant's explanation, the License shall automatically deemed terminated as of the Plaintiff's notice date.

7. Expiration. Upon the Expiration Date, the License shall automatically expire ("Expiration") unless the Parties agree to an extension or a renewal of the License by executing a written agreement signed by the Parties. Upon the Expiration or the Termination, Defendant shall immediately stop using the Designs and the Derivatives, or any media or means including without limitations to drawings, pictures or photographs showing or bearing the Designs or the Derivatives, in any manner including without limitation to posting, displaying, advertising, reproducing, selling or offering to sell any products including without limitation to garments or fabrics.

6. ~~the condition that The Parties agree to make good faith efforts to settle all future disputes (if any). For instance, the Parties optionally may enter into commercially feasible transactions, such as a license agreement for the sale of the garments bearing Plaintiff's designs by InterFocus through www.patpat.com as an online retailer to its individual customers and/or to settle all the Parties' future disputes (if any). If the Parties~~

[Margin comment: 서식 있음: 들여쓰기 왼쪽 : 0.5", 글머리 기호 또는 번호 없음]

3

~~decide to enter into such an agreement, they will execute a separate written agreement to memorialize the specifics. Further, if the Parties decide to enter into such an agreement, the license fee shall be no more than $100,000 ("License Fees"), but the above-specified settlement funds of $15,000 shall be counted against the License Fees if InterFocus executes the license agreement with Plaintiff and pays to Plaintiff the License Fees within a one year period (but no later than 3/31/2021), until which time Plaintiff does not waive, and does fully reserve, any and all of its rights.~~

~~7.~~8.   **Mutual Releases**. The Parties, each on behalf of themselves and each of their agents, principals, officers, directors, employees, stockholders, parents, subsidiaries, affiliates, predecessors, successors, attorneys, insurers, representatives, heirs, or someone similarly situated, and assigns hereby release and forever discharge each other, and all of their respective agents, principals, officers, directors, employees, parents, subsidiaries, affiliates, predecessors, successors, attorneys, insurers, representatives, heirs and assigns ("Releasees") of and from any and all debts, demands, actions, causes of action, contracts, claims, suits, damages and liabilities of any kind whatsoever, in law or in equity, whether known or unknown, anticipated or unanticipated, and whether accrued or hereafter to accrue that they now have, may have, or could have from the beginning of time to the date of this Release against each other in connection with, arising out of or based in whole or in part on any action or omission of action or any facts or circumstances occurring or existing on or prior to the date hereof relating to the Action, excepting only claims for violations of the Settlement Agreement ("Released Claims"), to the extent it relates to the past sale of the garments by InterFocus through the Website, ~~shown in Exhibits C-1 through C-7 attached to the complaint (Docket No. 1) in the Action filed on 11/26/2019~~ on or before November 18, 2020.

The Parties acknowledge that the Released Claims encompass claims that may not be known to or suspected by them at the time this Release is made. The Parties expressly agree to release such unknown and unsuspected claims, and except as otherwise stated in this Settlement Agreement, waive any and all rights they may have under any applicable statute。

*Section 1542 Acknowledgement*. Each Party to this Settlement Agreement acknowledges and affirms that he, she or it is familiar with Section 1542 of the California Civil Code, which provides that:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Each Party knowingly and voluntarily waives the provisions of Section 1542 of the California Civil Code, as against each Party released hereby with regard to claims released hereby, and acknowledges and agrees that this waiver is an essential and material term of the settlement which led to this Settlement Agreement, and that without such waiver, the settlement reflected in this Settlement Agreement would not have been entered into. Each Party further acknowledges

the significance and consequence of the release and the specific waiver of Section 1542 of the California Civil Code.





IN WITNESS WHEREOF, the undersigned have signed this Settlement Agreement and Mutual Release at the date set forth below.

Dated: ~~March~~ November ___, 2020    _____
                                        Neman Brothers & Assoc., Inc.
                                        Name:
                                        Title:

Dated: ~~March~~ November___, 2020     _____
                                       InterFocus Inc.
                                       Name:
                                       Title:

7