**EXHIBIT 38**

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-06400-RGK-SS | Date | December 13, 2017 |
|---|---|---|---|
| Title | *Neman Brothers & Assoc., Inc. v. One Step Up Ltd. et al.* | | |

Present: The Honorable **R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE**

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:  Attorneys Present for Defendant:

Not Present  Not Present

**Proceedings:** **(IN CHAMBERS) Order Re: Defendants' Motion for Summary Judgment (DE 25)**

## I. INTRODUCTION

On August 29, 2017, Neman Brothers & Associates, Inc. ("Neman Brothers" or "Plaintiff") filed a Complaint against One Step Up Ltd., Harry Adjmi, Morris Tbiele, Ross Stores, Inc., and Factory Connection, LLC (collectively, "Defendants"). Plaintiff alleges claims for (1) copyright infringement, (2) vicarious copyright infringement, (3) contributory copyright infringement, (4) fraud, and (5) breach of warranties and representations.

On October 30, 2017, Defendants filed a Motion for Summary Judgment under Federal Rule of Civil Procedure ("Rule") 56. For the following reasons, the Court **GRANTS** Defendants' Motion.

## II. FACTUAL BACKGROUND

Plaintiff Neman Brothers is a textile converter based in Los Angeles that creates fabric designs for use in garment production. Neman Brothers is the purported owner of a two-dimensional fabric design called NB121214X-R, which was registered with the United States Copyright Office on February 15, 2013 under Registration No. VAu 1-158-071 ("Subject Design").

Defendant One Step Up, Ltd. ("OSU") is an apparel company based in New York that sells garments to well-known clothing retailers including Defendants Ross Stores, Inc. ("Ross") and Factory Connection, Inc. ("Factory Connection"). Defendant Morris Tbiele ("Tbiele") is OSU's Vice President, and Defendant Harry Adjmi ("Adjmi") is its Chief Executive Officer. Neman Brothers alleges that, without authorization, Defendants purchased and sold garments comprised of fabric featuring a design identical or substantially similar to the Subject Design.

Case 2:20-cv-11181-CAS-JPR Document 42-40 Filed 07/26/21 Page 3 of 9 Page ID #:704
Case 2:17-cv-06400-RGK-SS Document 51 Filed 12/13/17 Page 2 of 8 Page ID #:1016

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06400-RGK-SS | Date | December 13, 2017 |
|---|---|---|---|
| Title | *Neman Brothers & Assoc., Inc. v. One Step Up Ltd. et al.* | | |

This is Plaintiff's fourth infringement action over the same Subject Design filed against OSU. The original action was filed on May 20, 2015 against OSU, Ross, Burlington Stores, Inc. ("Burlington"), and Rainbow USA, Inc. ("Rainbow") relating to OSU garments that allegedly infringed on the Subject Design ("the original action"). (*See* Case No. 2:15-cv-03837-RGK-SS.) On June 9, 2016, the parties to the original action entered into a settlement agreement and mutual release of that action ("the Settlement Agreement"). (*See* Ex. A, ECF No. 25-7.)[1]

Section 2 of the Settlement Agreement states that it covers 18,400 units bought by OSU that allegedly contained the Subject Design. Section 2 further breaks down the 18,400 units into two categories: (1) unsold units that remained in OSU's inventory and (2) units it had already sold to specific OSU customers. (Ex. A at 54–55, ECF No. 25-7.) OSU represented that it had sold 15,840 units total. In particular, Section 2 specifies that OSU sold approximately 2,940 units to Ross and 1,800 units to Factory Collection. As to the unsold units, Section 2 provides as follows:

> OSU represents that it has in its possession approximately [2,560] units of the Accused Garments. To the extent there is such remaining inventory of the Accused Garments, OSU shall be allowed to sell the same, notwithstanding anything to the contrary contained herein, and Neman [Brothers] will not institute any proceedings against OSU and/or any purchasers thereof with respect to the Accused Garments.

Section 5 of the Settlement Agreement contains the Release from Suit ("Release"), which releases OSU, the OSU Customers, and OSU's vendors for the Accused Garments from "any and all. . . claims . . ., known or unknown, . . . which Neman ever had, has, or may have in connection with any conduct involving the Accused Garments, to the extent such conduct pertains to the goods set forth or described in Section 2 above or results or arises out of the sale, or offer for sale, of such Accused Garments set forth or described in Section 2 above . . . ." The Release provides that it does not apply to:

> (a) Claims that Neman may have against any party other than OSU, OSU's vendor(s) for the Accused Garments and /or the OSU Customers;

---

[1] After the original action settled on June 9, 2016, Neman Brothers filed a still-pending second action based on infringement of the Subject Design against Wal-Mart Stores, Inc. and United Fashions of Texas on July 8, 2016. (*See* Case No. 2:16-cv-05040.) Neman Brothers filed a third action against Burlington Stores, Inc. and OSU on August 4, 2016, based on infringement of the Subject Design by a different accused pattern. (*See* Case No. 2:16-cv-5040.) The court granted summary judgment in favor of the defendants for lack of similarity. (*See* Order Re: Summ. J., Case No. 2:16-cv-05824, ECF No. 131.)

Case 2:20-cv-11181-CAS-JPR Document 42-40 Filed 07/26/21 Page 4 of 9 Page ID #:795
Case 2:17-cv-06400-RGK-SS Document 51 Filed 12/13/17 Page 3 of 8 Page ID #:1017

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06400-RGK-SS | Date | December 13, 2017 |
|---|---|---|---|
| Title | *Neman Brothers & Assoc., Inc. v. One Step Up Ltd. et al.* | | |

(b) Claims set forth in the Action that do not relate to the Accused Garments set forth or described in Section 2 hereinabove; . . . and

(d) Any claims related to breach of the terms, representations or warranties specified in this Agreement.

Ross and Factory Connections are included in the Settlement Agreement's definition of "OSU Customers."

Section 6 of the Settlement Agreement further "preclude[s] any claim (other than a material misrepresentation with respect to the representations and warranties set forth in Section 2 herein) that any Party was fraudulently induced to enter this Agreement, or was induced to enter this Agreement by a mistake of fact or law."

In return for the Release, OSU paid Neman Brothers an undisclosed "Total Payment" amount.

In support of the representations in the Settlement Agreement, on March 28, 2016 OSU produced records of sales to Ross, Burlington, and Rainbow that showed no sales after May 2015. During a March 30, 2016 deposition, Thiele stated that to the best of his knowledge, no sales of the Accused Garment occurred after May 2015.

It is undisputed, however, that OSU made additional sales of the allegedly infringing garments after May 2015 but before the Settlement Agreement was reached. Specifically, OSU sold 144 additional units to Wal-Mart on December 10, 2015 and January 4, 2016; 480 additional units to Factory Connection on February 25, 2016; and 1,152 additional units to Ross on March 18, 2016. This left only 928 units—not 2,560— in OSU's inventory at the time of settlement. OSU did not disclose these sales before the parties entered the Settlement Agreement. Thus, Neman Brothers claims that these sales constitute actionable direct, contributory, and vicarious copyright infringement, and that OSU's nondisclosure constitutes both actionable fraud and breach of the representations and warranties in the Settlement Agreement.

### III. JUDICIAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant summary judgment only where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Upon such a showing, the Court may grant summary judgment on all or part of the claim. *See id.*

Case 2:20-cv-11181-CAS-JPR Document 42-40 Filed 07/26/21 Page 5 of 9 Page ID #:706
Case 2:17-cv-06400-RGK-SS Document 51 Filed 12/13/17 Page 4 of 8 Page ID #:1018

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06400-RGK-SS | Date | December 13, 2017 |
|---|---|---|---|
| Title | *Neman Brothers & Assoc., Inc. v. One Step Up Ltd. et al.* | | |

To prevail on a summary judgment motion, the moving party must show that there are no triable issues of material fact as to matters upon which it has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). On issues where the moving party does not have the burden of proof at trial, the moving party needs to show only that there is an absence of evidence to support the non-moving party's case. *See id.* To defeat a summary judgment motion, the non-moving party may not merely rely on its pleadings or on conclusory statements. *Id.* at 324. Nor may the non-moving party merely attack or discredit the moving party's evidence. *See Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). The non-moving party must affirmatively present specific admissible evidence sufficient to create a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324.

## IV. DISCUSSION

Defendants argue they are entitled to judgment as a matter of law for three separate reasons. First, each of Plaintiff's claims was released under the Settlement Agreement. Second, Plaintiff has no evidence to support its claims. Third, Plaintiff's suit is barred by the equitable doctrine of unclean hands. The Court addresses each in turn.

### A. Release of Claims

Defendants argue that each of Plaintiff's claims was released under the Settlement Agreement. Plaintiff counters that there was no release as to garments sold between May 2015 and June 2016 and no release as to either its fraud claim or its breach of representations and warranties claim.

"Courts view settlement agreements as final dispositions and will not adjudicate issues that have already been resolved." *Jardin v. Datallegro, Inc.*, No. 08CV1462-IEG-RBB, 2009 WL 186194, at *5 (S.D. Cal. Jan. 20, 2009) (citing *Petro-Ventures, Inc. v. Takessian*, 967 F.2d 1337, 1343 (9th Cir. 1992)). Therefore, Plaintiff's claims should be dismissed if they fall within the scope of the Release. *See, e.g., Promex, LLC v. Hernandez*, 781 F. Supp. 2d 1013, 1016–17 (C.D. Cal. 2011) (dismissing infringement claims that were mutually released prior to the lawsuit).

Federal courts interpret settlement agreements according to the principals of contract law. *N.W. Acceptance Corp. v. Lynwood Equip., Inc.*, 841 F.2d 918, 920 (9th Cir. 1988); *Petro-Ventures*, 967 F.2d at 1340. Here, the Settlement Agreement provides that California law applies to interpretation of the Settlement Agreement. Under California law, "the fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties." *Powerine Oil Co. v. Superior Court*, 37 Cal. 4th 377, 390 (2005). To determine the intent of the parties, the court looks first to the written provisions of the contract. Cal. Civ. Code § 1639. The language of the contract governs the contract unless is it

Case 2:20-cv-11181-CAS-JPR Document 42-40 Filed 07/26/21 Page 6 of 9 Page ID #:707
Case 2:17-cv-06400-RGK-SS Document 51 Filed 12/13/17 Page 5 of 8 Page ID #:1019

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06400-RGK-SS | Date | December 13, 2017 |
|---|---|---|---|
| Title | *Neman Brothers & Assoc., Inc. v. One Step Up Ltd. et al.* | | |

ambiguous or absurd. Cal. Civ. Code § 1638; *S. Cal. Edison Co. v. Superior Court*, 37 Cal. App. 4th 839, 848 (1995). "A contract is ambiguous when, on its face, it is capable of two different reasonable interpretations." *United Teachers of Oakland v. Oakland Unified Sch. Dist.*, 75 Cal. App. 3d 322, 330 (1977). "The trial court's determination of whether an ambiguity exists in a contract is a question of law . . . ." *WYDA Assocs. v. Merner*, 42 Cal. App. 4th 1702, 1710 (1996). Parol evidence is not admissible where, as is the case here,[2] the parties have agreed that a written contract is fully integrated—that is, where the contract constitutes a complete and final embodiment of the terms of the agreement. *Masterson v. Sine*, 68 Cal. 2d 222, 225 (1968).

        *1.    Direct, Vicarious, and Contributory Copyright Infringement Claims*

The Settlement Agreement provided that OSU had purchased 18,400 units, sold 15,840 units, and had 2,560 units remaining in its inventory. Defendants argue that the Settlement Agreement released all 18,400 units, regardless of whether they were already sold or remained in OSU's inventory. Plaintiffs counter that the Release covered only the units specifically identified as sold, and those remaining in OSU's inventory at the time the Settlement Agreement was executed. Because OSU had not disclosed the units sold to Factory Connection and Ross between December 2015 and May 2016, Plaintiff argues that those sales fall outside the scope of the Release.

The Court finds that the Settlement Agreement unambiguously released the present copyright infringement claims. The Release states that it applies to all claims that Neman Brothers "may have in connection with any conduct involving the Accused Garments, to the extent such conduct pertains to the goods set forth or described in Section 2 above . . . ." In contrast, the Release does not apply to claims against a party other than OSU, OSU's vendors, or the OSU Customers; nor does it apply to claims that do not relate to the Accused Garments described in Section 2. Both Ross and Factory Connection are identified as "OSU Customers" in the Settlement Agreement.[3] In addition, Section 2 describes the 18,400 units of the Accused Garments purchased by OSU—1,632 of which are at issue in this case. The copyright infringement claims therefore pertain to the Accused Garments described in Section 2.

As OSU points out, the discrepancy lies in the portion of the 18,400 units specified as sold versus unsold. The Court finds the parties did not intend for this discrepancy to affect the scope of the Release. That, after providing that Settlement Agreement pertained to 18,400 total units of the Accused

---

[2] The Settlement Agreement contains an "Entire Agreement" provision providing that it "represents the entire agreement between the parties . . . ."

[3] This distinguishes the present action from the Wal-Mart action, in which the court rejected the defendants' argument that the claims against them were released because neither of the defendants was included in the Settlement Agreement's definition of "OSU Customers." (Aug. 31, 2017 Minute Order at 13, ECF No. 82, 2:16-cv-5040-GW-JPR.)

Case 2:20-cv-11181-CAS-JPR Document 42-40 Filed 07/26/21 Page 7 of 9 Page ID #:708
Case 2:17-cv-06400-RGK-SS Document 51 Filed 12/13/17 Page 6 of 8 Page ID #:1020

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06400-RGK-SS | Date | December 13, 2017 |
|---|---|---|---|
| Title | ***Neman Brothers & Assoc., Inc. v. One Step Up Ltd. et al.*** | | |

Garment, the Settlement Agreement continued to delineate the precise quantity of units sold to specified customers does not limit the scope of the Release. Rather, it serves to ease future efforts to determine which garments that had already entered the marketplace were part of the 18,400 total units involved in the original action.

The parties contracted for a provision stating that, "[t]o the extent there is such remaining inventory of the Accused Garments, OSU shall be allowed to sell the same" without threat of litigation. Neman Brothers argues that OSU lost this protection because "such remaining inventory" refers to the 2,560 units that OSU represented it had in its possession. Because of its undisclosed sales, OSU actually had 928 units in its possession. Neman Brothers argues there was thus no "such remaining inventory," and it can sue OSU accordingly. This interpretation would be unreasonable. Under Neman Brothers's interpretation, OSU would be safe from suit if only it had waited a few months before making the same sales to the same customers.

Plaintiff does not dispute that the 1,632 units at issue in this case came from the 18,400 total units of the Accused Garment identified in Section 2 of the Settlement Agreement. The Court therefore finds that the Settlement Agreement released the present copyright infringement claims and **GRANTS** summary judgment in favor of Defendants on those claims.

2. *Fraud and Breach of Representations and Warranties Claims*

Section 5(d) of the Settlement Agreement provides that the Release does not apply to "[a]ny claims related to breach of the terms, representations or warranties specified in [the] Agreement." Plaintiff argues that Section 5(d) therefore preserved its present fraud and breach of representations and warranties claims.

Defendants argue that Section 6 of the Settlement Agreement limits Section 5(d) to material misrepresentations only, and that Plaintiff cannot show the alleged discrepancy in sold versus unsold units is material. Section 6 purports to preclude "any claim (other than a material misrepresentation with respect to the representations and warranties set forth in Section 2 . . .) that any Party was fraudulently induced to enter [the] Agreement. . . ." Here, Plaintiff's actual fraud claim alleges fraud in the inducement and so it must involve a material misrepresentation in connection with Section 2 to be actionable. "[M]ateriality is a mixed question of law and fact that may be only determined 'as a matter of law *if* reasonable minds could not disagree on the materiality of the misrepresentations.'" *Cummings v. Fire Ins. Exchange*, 202 Cal. App. 3d 1407, 1417 (1988) (emphasis in original).

Plaintiff does not claim that the 18,400 units claimed to be involved in the original action was inaccurate; rather, Plaintiff argues only that 1,632 of those units were not in OSU's inventory as

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-06400-RGK-SS | Date | December 13, 2017 |
|---|---|---|---|
| Title | *Neman Brothers & Assoc., Inc. v. One Step Up Ltd. et al.* | | |

represented, but already sold to OSU customers. Plaintiff provides no argument that the discrepancy at issue is material. Moreover, that Plaintiff agreed to permit OSU to sell what remained in its inventory belies any argument of materiality. Accordingly, the Court finds the Release covers Plaintiff's actual fraud claim and **GRANTS** summary judgment in favor of Defendants on that claim.

In contrast, Plaintiff's breach of representations and warranties claim falls squarely within Section 5(d) and, because it is not a fraudulent inducement claim, is unaffected by Section 6. Plaintiff's breach of representations and warranties claim therefore falls outside the scope of the Release.

### B. Evidence of Fraud and Breach of Representations and Warranties

Alternatively, Defendants argue that Plaintiff lacks evidence to prove either its fraud claim or its breach of warranties and representations claim. Because the Court found the Settlement Agreement released Plaintiff's fraud claim, only the sufficiency of Plaintiff's evidence of breach of representations and warranties claim is addressed below.

A breach of representations and warranties claim is based upon breach of contract. *Gustafson v. Dunham, Inc.*, 204 Cal. App. 2d 10, 14 (1962). The elements of breach of contract are: (1) existence of a contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; (4) and resulting damages. *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010).

Defendants argue Plaintiff presents no evidence of damages.[4] The Court agrees. Instead of offering evidence of damages, Plaintiff argues summary judgment is premature and additional discovery is needed. Plaintiff, however, provides no indication of what evidence of damages it could discover. As such, the Court finds it proper to **GRANT** summary judgment in favor of Defendants on Plaintiff's breach of representations and warranties claim.

### C. Unclean Hands

Because the Court finds that Defendants are entitled to summary judgment for the foregoing reasons, the Court need not address Defendants' unclean hands argument.

---

[4] In their Motion, Defendants conflate the breach of representations and warranties claim with the fraud claim and discuss both in terms of a fraudulent material representation. Still, Defendants' argument that Plaintiff offers no evidence of damages applies here.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-06400-RGK-SS | Date | December 13, 2017 |
|---|---|---|---|
| Title | *Neman Brothers & Assoc., Inc. v. One Step Up Ltd. et al.* | | |

### D.     Attorneys' Fees and Costs

Defendants request attorneys' fees and costs in their reply. Defendants should make their request by regularly noticed motion pursuant to Rule 54.

### V.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment as to each of Plaintiff's claims.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer _____