CHAN YONG JEONG, ESQ. (SBN 255244)
  jeong@jeonglikens.com
JEONG & LIKENS, L.C.
222 South Oxford Avenue
Los Angeles, CA 90004
Tel: 213-688-2001
Email: Jeong@jeonglikens.com

Attorneys for Counter-Defendant NEMAN
BROTHERS & ASSOC., INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive, <br><br> Defendants. <br><br> INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive, <br><br> Counterclaim Plaintiffs, <br> v. <br><br> NEMAN BROTHERS & ASSOC., INC., a California Corporation, <br><br> Counterclaim Defendant. | Case No.: 2:20-cv-11181-CAS-JPR <br><br> **STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFENDANT AND COUNTERCLAIM DEFENDANT INTERFOCUS, INC. D.B.A. WWW.PATPAT.COM'S MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Date: August 16, 2021 <br> Time: 10:00 am <br> Courtroom:  8D <br><br> Honorable Christine A. Snvder |

-1-

NEMAN BROTHERS' STATEMENT OF CONTROVERTED FACTS AND
CONCLUSIONS OF LAW IN OPPOSITION

Plaintiff Neman Brothers hereby submits its Statement of Controverted Facts and Conclusions of Law in opposition to Defendant and counterclaimant InterFocus, Inc. d.b.a. www.patpat.com ("InterForucs")'s Motion for Summary Judgment as follows:

## STATEMENT OF UNCONTROVERTED FACTS

| Undisputed Fact | Neman Brother's Response |
|---|---|
| 1.  Neman Brothers is a California company that has filed almost a hundred copyright infringement actions in this Court, | Undisputed.<br><br>Objection. irrelevant |
| 2.  Summary judgment previously has been entered against Neman Brothers for, *inter alia*, refiling released copyright infringement claims. | Undisputed |
| 3.  Neman Brothers first filed suit against Interfocus in *Neman Brothers & Assoc. Inc v. Interfocus, Inc.*, Case No. 2:19-CV-10112, before the Hon. John A. Kronstadt. (The "Previous Action.") | Undisputed |
| 4.  Although InterFocus disputed its liability in that action, due to the relatively small volume of sales of disputed items, it entered into a "nuisance value" settlement on confidential terms (the "Previous Settlement Agreement" or "PSA.") | Disputed<br>** According to Interfocus interpretation of "Cure", Interfocus is free to use Neman Brothers' designs as long as they don't get caught, and even if getting caught, Interfocus should be find as long as it removes the garments within seven days after notice, which is a de facto unlimited license. Interfocus here also says Neman Brothers received only "Nuisance Value" |

NEMAN BROTHERS' STATEMENT OF CONTROVERTED FACTS AND
CONCLUSIONS OF LAW IN OPPOSITION

| Undisputed Fact | Neman Brother's Response |
|---|---|
| | in return for such an unlimited license which makes no reasonable sense.<br><br>Objection: mischaracterization and vague |
| 5.  Neman Brothers released InterFocus from liability for all claims Neman Brothers asserted or could have asserted in the Previous Action in the PSA. | Disputed.<br>the release was given "**to the extent it relates to the past sale** of the garments by InterFocus, shown in Exhibits C-1 through C-7 attached to the complaint (Docket No. 1) in the Action filed on 11/26/2019." Defendant's Redacted Exhibit 2, Section 7. The prior settlement agreement was executed as of March 2020. Defendant's Redacted Exhibit 2, Section 7. Jeong Decl. II. ₱34.<br><br>Objection: a document speaks for itself. |
| 6.  In the PSA, Neman Brothers Neman Brothers agreed to give InterFocus written notice of any future alleged infringement of intellectual property, and allowed InterFocus seven business days thereafter to "cure" it by removing the allegedly infringed products from its platform. | Disputed.<br>Interfocus' argument for "cure" is based on its own self-serving mischaracterization, and misstatement and/or omission of the relevant facts in evidence. In order to avoid putting extensive amount of facts in one box to dispute this, Neman Brothers presents the misstted and omitted facts below. Please refer to the additional facts stated below. |

INTERFOCUS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Undisputed Fact | Neman Brother's Response |
|---|---|
| | Objection: a document speaks for itself. |
| 7.  In the PSA, Neman Brothers agreed that it would not file a lawsuit against InterFocus for an alleged infringement for 30 days after giving InterFocus after giving written notice so the parties could resolve the dispute amicably by, for example, InterFocus curing the alleged infringements as provided earlier in that paragraph. | Disputed. Interfocus' argument for "cure" is based on its own self-serving mischaracterization, and misstatement and/or omission of the relevant facts in evidence. In order to avoid putting extensive amount of facts in one box to dispute this, Neman Brothers presents the misstted and omitted facts below. Please refer to the additional facts stated below.  Objection: a document speaks for itself. |
| 8.  InterFocus fully complied with all of its obligations under the PSA following its execution. | Disputed. Interfocus' argument for "cure" is based on its own self-serving mischaracterization, and misstatement and/or omission of the relevant facts in evidence. In order to avoid putting extensive amount of facts in one box to dispute this, Neman Brothers presents the misstted and omitted facts below. Please refer to the additional facts stated below. |
| 9.  Neman Brothers dismissed its claims against InterFocus with prejudice in the Previous Action, as the PSA required it to do. | Undisputed.  Objection: irrelevant. |

-3-

| Undisputed Fact | Neman Brother's Response |
|---|---|
| 10.  As required by the Previous Settlement Agreement, Neman Brothers sent InterFocus a letter intended to constitute "Adequate Notification" under the PSA on or about September 15, 2020 (the "September 15 letter") | Undisputed. |
| 11.  The September 15 Letter alleged infringement of Neman Brothers' alleged copyrights in the following six fabric patterns on the following garments:<br> | Disputed.<br>The letter stated the infringements as below.<br>"Our investigation has recently revealed your company, InterFocus, Inc. dba PatPat.com, is producing, manufacturing, distributing, and/or offering for sale garments (Exhibits 2, 4 and 5) which infringe our client's copyrights in a two dimensional artworks, NB170268 (Exhibit 1) and NB161106 (Exhibit 3) ("Subject Designs")." Interfocus Exhibit 4 (docket no. 35-5)<br>It further stated;<br>"under 17 U.S.C. § 504(c), your company may be liable for statutory damages of up to $150,000.00. In this present case, Interfocus was put on clear notices as to our client's designs and copyrights because the two Subject Designs in this case were also litigated |

INTERFOCUS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Undisputed Fact | Neman Brother's Response |
|---|---|
| | in the prior case. (Exhibits 6 and 7). However, Interfocus again sold the Accused Garments bearing the same designs thereupon, which establishes Interfocus' reckless/intentional/knowing disregards of our client's designs and copyrights, sufficiently supporting claims for willful infringement." Interfocus Exhibit 4 (docket no. 35-5)<br><br>Objection:<br>a document speaks for itself.<br>Misstating the contents of the letter at issue. |
| 12.  After receiving the September 15 Letter, InterFocus immediately launched an investigation into Neman Brothers' claims in compliance with its obligations | Disputed.<br>Interfocus never produced any real evidence supporting the statement.<br><br>Objection.<br>Lack of foundation |
| 13.  In investigating Neman Brothers' claims in the September 2015 Letter, discovered that it had already removed from its platform three of the alleged infringements Neman Brothers' letter | Disputed.<br>Interfocus' letter on October 5, 2020 admits the garments were not removed until September 16-17, 2020. Ex. 33. |

INTERFOCUS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Undisputed Fact | Neman Brother's Response |
|---|---|
| complained of before it entered into the Previous Settlement Agreement as follows:<br> | Objection.<br>A document speaks for itself.<br>Misstating the facts in the evidence. |
| 14.  In response to the September 2015 Letter, InterFocus also removed from its platform the other three alleged infringements within seven business days of receiving the September 15, Letter as follows:<br> | Undisputed. |

INTERFOCUS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF
LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Undisputed Fact | Neman Brother's Response |
|---|---|
| | |
| 15.  Neman Brothers filed its original complaint herein on December 9, 2020. | Undisputed. |
| 16.  Neman Brothers' complaint repeated the allegations of the September 15 letter and Previous Action regarding those three released alleged infringements. | Undisputed<br><br>Objection.<br>A document speaks for itself. |
| 17.  Neman Brothers filed a First Amended Complaint on January 5, 2021. | Undisputed. |
| 18.  Neman Brothers' First Amended Complaint added new copyright infringement claims about which it never sent InterFocus a written notice of alleged infringements. | Undisputed. |
| 19.  InterFocus removed these new alleged infringements from its platform as permitted by the "notice and cure" provision of the PSA. | Disputed.<br>Interfocus' argument for "cure" is based on its own self-serving mischaracterization, and misstatement and/or omission of the relevant facts in evidence. In order to avoid putting extensive amount of facts in one box to dispute this, Neman Brothers presents the misstted and omitted facts |

INTERFOCUS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| Undisputed Fact | Neman Brother's Response |
|---|---|
| | below. Please refer to the additional facts stated below. <br><br> Objection. <br> Mischaracterization and misstatement of the facts in evidence. |
| 20. InterFocus has lost employee time and incurred legal fees defending this action. | Disputed. <br> Interfocus never produced any real evidence. <br><br> Objection. <br> Irrelevant. Lack of foundation. |

**Neman Brothers' Statement of additional facts**

| | |
|---|---|
| 21. The word "cure" as a verb in plain English, according to the Oxford Dictionary, means; <br><br> *verb* <br> 1. relieve (a person or animal) of the symptoms of a disease or condition. "he was cured of the disease" <br> 2. preserve (meat, fish, tobacco, or an animal skin) by various methods such as salting, drying, or smoking. "home-cured ham" | Jeong Decl. ¶4. |
| 22. In this present case, the section 5 using the word "cure" clarifies what the section intended by expressly providing; <br><br> "Plaintiff agrees that it will not file a lawsuit or lodge a complaint against Defendant for an alleged infringement | Jeong Decl. ¶4; Interfocus' Sealed Exhibit 3 and Redacted Exhibit 2. |

INTERFOCUS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF
LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| before the expiration of **thiity (30) days after given Defendant Adequate Notice of the alleged infringement to allow Paities time to <u>resolve the dispute ainicably</u>.**" | |
| 23. Obvious is that the Parties agreed "dispute" remains to be resolved, even after the seven business days to "cure". Interfocus may or may not decide there is any infringement and therefore, it may or may not take down the accused garments. With that, the Parties were to negotiate the settlement. | Jeong Decl. ¶5; Interfocus' Sealed Exhibit 3 and Redacted Exhibit 2. |
| 24. Further, Section 6 also states; [1] "The Parties agree to make **good faith efforts to settle all future disputes** (if any). For instance, the Parties optionally may enter into commercially feasible transactions, such as a license agreement for the sale of the garments bearing Plaintiff's designs by InterFocus." | Jeong Decl. ¶6; Interfocus' Sealed Exhibit 3 and Redacted Exhibit 2. |
| 25. If the Parties really intended "cure" to mean "complete release from liability by taking down the garments from the website", Section 6 would have not needed at all. The same settlement agreement in the same section 5 and the subsequent section 6 expressly and clearly state, at least twice that there would be disputes, which the parties were to try to settle in "good faith" "amicably". | Jeong Decl. ¶7. |

---

[1] For unknown reason, while unilaterally disclosing, without Neman Brother's consent, Sections 5 and 7, Interfocus redacted Section 6.

INTERFOCUS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| 26. The settlement agreement as a contract is clear as to what the parties intended and what "cure" would mean. While "cure" was not a good choice[2] of a word, the parties still made it clear as to what and how to be done when there would be a subsequent infringement after the execution of the settlement, that is, giving seven business days to Interfocus to take down the accused garment, taking 30 days to negotiate the settlement, and if no settlement, Neman Brothers may file a suit. | Jeong Decl. ¶8. |
| 27. Even assuming arguendo the above is still not sufficiently clear but uncertain, the analysis discussed below, pursuant to the applicable statutes and the case law, would again make it clear that Interfocus is playing a word game in bad faith. | Jeong Decl. ¶9. |
| 28. After receiving Neman Brothers' cease and desist letter, Interfocus wrote a reply letter on October 5, 2021. After confirming "InterFocus promptly removed the product listings at issue", the letter[3] on the second page stated; | Jeong Decl. ¶10; Exhibit 33. |

---

[2]    The term "cure" was put by Interfocus while negotiating on the drafts. Submitted herewith as Exhibit 26 is a true and correct copy of Email from Interfocus Counsel with Settlement Draft 1 in the Prior Case.

[3]    The writer of the said letter was Ms. Linna Chen who represented Interfocus during the negotiation of the settlement agreement in the prior case and during the negotiation of the subsequent infringement before filing this case. Mr. Mark Lee was retained for Interfocus for the first time, after February 2, 2021, about two months after this case was filed. Exhibit 41. Submitted herewith as Exhibit 41 is a true and correct copy of Mr. Mark Lee's Email dated February 2, 2021.

INTERFOCUS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| "As a **gesture of good faith** and **in accordance with Section 6** of the parties' Settlement Agreement and Mutual Release dated March 23, 2020, InterFocus provides the following summary **information regarding sales[4] of the articles at issue** that were made on the PatPat platform." (emphasis added) | |
| 29. The same letter at the end also stated;<br><br>    i.  "InterFocus has removed the product listings identified in your letter and **is further prepared to pay to your client its entire profit** [amount redacted] from sales of the articles at issue. Please let us know if you agree." (emphasis added)<br><br>In addition, in the subsequent negotiations, Interfocus indicated again that Interfocus knew what Sections 5 and 6 meant and that "cure" did not mean release from infringement liabilities. In emails on September 18, 2020 and September 29, 2020, Neman Brothers' counsel Mr. Jeong wrote "Please email me the records of purchase and sale so that we can discuss the settlement" and "10/15 is the last day we can settle by, before filing a lawsuit. I did not receive any sale/purchase records." | Jeong Decl. ¶12; Exhibit 33; Exhibit 31. |

---

[4]    Interfocus' witness Weiwei Le also admits in her declaration that after she personally reviewed the cease and desist letter and saw Neman Brothers' counsel arguing about "additional copyright infringements", she "requested that I be provided with all available **information concerning the extent of such sales**" which would have not been needed had she really thought Interfocus' cure would bar Neman Brothers' claims. Decl. of Weiwei Le (Docket 35-1), ¶¶6-7.

INTERFOCUS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| 30. In response, Interfocus counsel wrote "We have compiled the sales information and are preparing a response to you." | Jeong Decl. ¶14; Exhibit 31. |
| 31. After receiving from Neman Brothers' counsel the counteroffer with the arguments about Interfocus' willful infringement liability under *Unicolors, Inc. v. UrbanOutfitters, Inc.*, 853 F.3d 980, 991-92 (9th Cir. 2019), Interfocus counsel Mr. David Yang stated "InterFocus has already taken down the items identified in your letter. There is thus no need for your client to rush to file a new lawsuit. With all due respect, we would consider a rush to the courthouse to be inconsistent with **the two sides' agreement to make good faith efforts to settle their future disputes**." Exhibit 34. He also wrote to suggest "to negotiate a business deal **rather than to have the two sides waste time and money on litigation**" and then, suggested to combine the settlement with the license deal to fill the gap of the offered amounts between the parties. | Jeong Decl. ¶15; Exhibit 34; Exhibits 32. |
| 32. On November 12, 2020, the counsels for the parties had a telephone conversation, and next day, Ms. Chen wrote "Nice talking to you yesterday. **I look forward to (1) the proposed settlement agreement**, and (2) example Neman Brothers' design files." | Jeong Decl. ¶16; Exhibit 35. |
| 33. At the said teleconference, the parties reached an agreement on the amount and major terms of the | Jeong Decl. ¶17. |

INTERFOCUS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| licensing. Neman Brothers' counsel then sent a settlement draft by making changes to the prior settlement agreement putting the agreed-upon amount and adding the terms of the licensing. | |
| 34. The draft provided; <br><br> WHEREAS, on or about September 15, 2020, Plaintiff served a cease and desist letter to Defendant [Interfocs] pursuant to section 5 of the prior settlement agreement ("Prior Settlement Agreement") executed in March 2020, regarding certain garments displayed and sold at Defendant's website. ww.patpat.com ("Website") which Plaintiff believed to have infringed upon its copyrights for certain designs as specified therein (the "Dispute"); <br> WHEREAS, **the Parties now desire to resolve all disputes**. and enter a Licensing agreement between them in an orderly manner… | Jeong Decl. ¶18; Exhibit 36. |
| 35. In returning the draft after their review, Interfocus did not make any change to the above "Whereas" clauses or the amount while making changes to the terms of the licensing. As this time, the new settlement was to include the licensing, the sections 5 and 6 from the prior settlement agreement were mostly deleted. In the course of the negotiations, Neman Brothers in good faith emailed multiple designs and its copyright registrations for Interfocus' review. However, in the end, after wasting two months until November 2020, Interfocus refused to sign the settlement with no explanation. | Jeong Decl. ¶20; Exhibit 37. |

INTERFOCUS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| 36. NEVER did Interfocus argued that all of the copyright infringement were "cured", throughout the whole negotiation from September 15 until November 18, 2020. Rather, Interfocus knew what it agreed to, and did negotiate the settlement pursuant to Sections 5 and 6 of the prior settlement agreement. It was only after this lawsuit was filed and the new counsel Mr. Mark Lee appeared in this case, when Interfocus at a sudden started making the frivolous argument for "cure", which is nothing but a word play. | Jeong Decl. ¶21. |
| 37. When settling the Prior Case, Ms. Chen for Interfocus made the first draft. In her first draft, she stated at the end of Section 5 "**Plaintiff further agrees not to seek further remedies including legal remedies once Defendant has cured** the alleged infringement by removing the allegedly infringed products and/or designs…" (emphasis added). Then, Neman Brothers' counsel **deleted** the said part, and added to the end of Section 6 to limit the scope of the release "…to the extent it relates to the past sale of the gaiments by Interfocus, shown in Exhibits C-1 through C-7 attached to the complaint (Docket No. 1) in the Action as of 11/26/2019." | Jeong Decl. ¶22; Exhibit 26; Exhibit 27, sections 5 and 7. |
| 38. In addition, according to Interfocus interpretation of "Cure", Interfocus is free to use Neman Brothers' designs as long as they don't | Decl. of Weiwei Le (docket no. 35-1), ¶3. |

-14-

INTERFOCUS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| get caught, and even if getting caught, Interfocus should be find as long as it removes the garments within seven days after notice, which is a de facto unlimited license. Interfocus here also says Neman Brothers received only "Nuisance Value" in return for such an unlimited license which makes no reasonable sense. | |
| 39. Further, for competitiveness in the market, Neman Brothers either internally creates, or purchases the ownership from design studios, two-dimensional works of art for use on textiles which Neman Brothers customers use to make garments to be sold to retail businesses. | Neman Decl. ¶6. |
| 40. Unauthorized use of Neman Brothers' designs undermines its competitive advantage in a highly competitive industry. Therefore, for protection of the designs, Neman Brothers routinely registers new artworks as a collection for copyrights with the U.S. Copyright Office before introducing them to the market. Unfortunately, as there are many businesses selling illegal copies, some willful infringers and some innocent infringers, Neman Brothers get to find many illegal copies, and for protection of its copyrights, has had to file numerous cases when the parties could not settle the matter prior to filing the actions. Most | Neman Decl. ¶7. |

INTERFOCUS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| of the cases settled. In none of the settlement agreements in those cases, Neman Brothers never agreed the defendants' liability for future infringements would be completely released as long as the defendants remove the future infringing garments off their selves or website because it would be like giving a permanent unlimited license for free unless the defendants pay fair amount in return for such quasi-license. | |
| 41. Then, Ms. Chen again put in the draft "Plaintiff further agrees that for any infringement incurred after the Effective Date, **Defendant's legal obligation is limited to (1) removing** any infringing products and/or design from its website and social media account within the time limit as specified in this Agreement; **and (2) providing Plaintiff all profit** made by Defendant relating to the infringed products and/or designs." (emphasis added). | Jeong Decl. ℙ23; Exhibit 28, section 5. |
| 42. Interfocus accepted the addition to Section 6. Mr. Jeong again **deleted** Ms. Chen's addition, and in his email stated "**Plaintiff will not waive any rights about the future actions if any.** We never do that unless Defendant pays more for it. If your client can pay 100k, my client can give an unlimited license to use the designs to sell the | Jeong Decl. ℙ24; Exhibit 28, section 6; Exhibit 29. |

INTERFOCUS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| garments through Patpat website. Otherwise, there is no reason for Plaintiff to waive its right to sue your client for future infringements." (emphasis added). | |
| 43. Interfocus accepted the changes. | Jeong Decl. ¶25; Exhibit 30. |
| 44. As stated in the email, there was no special circumstances to give Interfocus a de facto permanent and unlimited license to use Neman Brothers' design until it gets caught without having to pay any damages. The Prior Case was one of the typical copyright infringement cases, and the Settlement Funds to be paid was not big enough to cover such a de facto license to Interfocus. Given the above, from the time of negotiating the agreement, and even thereafter, receiving the cease and desist letter on September 15, 2020, throughout the whole time, it was very clear between the parties, there was no release whatsoever as to the future infringements subsequent to March 2020. | Jeong Decl. ¶26. |
| 45. Interfocus' interpretation of "cure", if followed, would result in that no matter how many infringements for how much and how often, Interfocus would be fine as long as it takes down the accused garments within seven business days after receiving the Neman Brothers' notice. It only paid $15,000 for a settlement of a litigation, | Jeong Decl. ¶27. |

-17-

INTERFOCUS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| which Interfocus claims to be the payment for **a de facto permanent and unlimited license** to use for sale on their website until the time it gets caught.[5] If followed, it would be a forfeiture of Neman Brothers' rights to take necessary actions to protect its copyrights and seek damages provided by the U.S. Copyrights Acts. | |
| 46. As discussed above, in the course of the negotiations, Neman Brothers in good faith tried to settlement the matters by even combining it with a licensing. It even emailed multiple designs and its copyright registrations for Interfocus' review. However, in the end, after wasting two months until November 2020, Interfocus refused to sign the settlement with no explanation. | Jeong Decl. ¶28. |
| 47. The above made it clear Interfocus was playing only a delay game with no good faith efforts to settle, and would do the same even if Neman Brothers starts over with the issue of the Infringing Garment 3, which would be nothing but a waste of time only to repeat the same discussion that Interfocus frustrated. It forms a material breach as to the Infringing Garments 1 and 2, and a repudiation as to the Infringing Garment 3. | Jeong Decl. ¶29. |
| 48. Infringing Garment 3 was found in October 2021, and was discussed and agreed to be | Jeong Decl. ¶30. |

---

[5]     Ironically, Interfocus agreed to $85,000 for the settlement of the pending infringement issues with the licensing only for two years. Exhibit 37.

INTERFOCUS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| | | |
|---|---|---|
| | covered by Section 8 (Mutual Release) of the final draft of the subsequent settlement which specified the release to be given to Interfocus to the extent it relates to the past sale of the garments through the Website on or before the Effective Date, which was defined to be the full execution date in November 2020. Exhibit 37. | |
| 49. | As Interfocus complained of it, Neman Brothers' counsel offered to voluntarily dismiss without prejudice the claim on the Infringing Garment 3 and start over the procedure under Sections 5 and 6 as to the Infringing Garment 3, but Interfocus also refused to do so. On February 2, 2021, when Mr. Mark Lee contacted Mr. Jeong for the first time to request a stipulation to extend the due date to file the answer, and until the time of filing the answer and the counterclaim on February 19, 2020 (Dockets 17 and 18), Mr. Lee never attempted to confer on the issue of Infringing Garment 3. After filing the pleadings, Mr. Lee refused to stipulate to the dismissal of the related claim without prejudice. | Jeong Decl. ⁋31. |
| 50. | Interfocus' argument based on the case against One Step Up ("OSU Matter") (2:17-cv-6400-RGK-SS) is misplaced and off the points of this case. In the OSU Matter, as the court's ruling clearly stated the settlement agreement at issue provided a release to the OSU to the extent it was specified in Section 2. Submitted herewith as | Jeong Decl. ⁋32; Exhibit 38, p. 5 of 8. |

INTERFOCUS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| Exhibit 38 is a true and correct copy of the Ruling on the MSJ in Neman Brothers v. One Step Up. | |
| 51. The said agreement stated the release applies to "all claims that Neman Brothers "may have in com1ection with any conduct involving the Accused Ga1ments, to the extent such conduct pe1tains to the goods set forth or described in Section 2 above .... " Therefore, the question was whether the accused garments at issue were part of the 18,400 garments specified in Section 2. | Jeong Decl. ⁋33; Exhibit 38, p. 5-6 of 8. |
| 52. In this case, however, the release was given "**to the extent it relates to the past sale** of the garments by InterFocus, shown in Exhibits C-1 through C-7 attached to the complaint (Docket No. 1) in the Action filed on 11/26/2019." The prior settlement agreement was executed as of March 2020. Therefore, the question is whether the Infringing Garments sold after March 2020. As admitted in Interfocus counsel's letter in October 2020, the said garments were uploaded for sale after March 2020 and until September 2020: Infringing Garment 1 (both navy and red) on July 1, 2020, Infringing Garment 2 on June 19, 2020. As discussed above, the Infringing Garment 3 was on the Interfocus Website as of October 2020 so that Neman Brothers could actually purchase the garment. Further, one of the caretags showing the production information | Jeong Decl. ⁋34; Defendant's Redacted Exhibit 2, Section 7; Exhibit 33, p.2-3; Exhibit 22, p.2. |

INTERFOCUS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

indicated "Made in China 202008". Accordingly, the pending claims in this case are not barred by the release that was applicable to the sale in or before March 2020.

## NEMAN BROTHERS' CONCLUSIONS OF LAW

1. A settlement agreement is treated as any other contract for purposes of interpretation. Adams v. Johns–Manville Corp., 876 F.2d 702, 704 (9th Cir.1989). Under California law, the intent of the parties determines the meaning of the contract. Cal. Civ. Code §§ 1636, 1638. The relevant intent is "objective"—that is, the intent manifested in the agreement and by surrounding conduct—rather than the subjective beliefs of the parties. Lawyer's Title Ins. Co. v. U.S. Fidelity & Guar. Co., 122 F.R.D. 567, 569 (N.D.Cal.1988); Beck v. American Health Group Int'l, 211 Cal.App.3d 1555 (1989). For this reason, the true intent of a party is irrelevant if it is unexpressed. Union Bank v. Winnebago Indus., 528 F.2d 95, 99 (9th Cir.1975); Mill Valley v. Transamerica Ins. Co., 98 Cal.App.3d 595 (1979)

2. Where the language of a contract is clear and not absurd, it will be followed. Civ. C. §1638 (West 2021); see *Pierce v. Merrill* (1900) 128 Cal. 464, 472. If the meaning is uncertain, the general rules of interpretation are to be applied. Civ. C. §1637 (West 2021); see *Burns v. Peters* (1936) 5 Cal. 2d 619, 623. When a contract is reduced to writing, the parties' intention is ascertained from the writing alone, if possible, subject to other provisions governing interpretation. Civ. C. 1639 (West 2021).

3. **Acts of the parties, subsequent to the execution of the contract** and before any controversy has arisen as to its effect, **may be looked to in determining the meaning**. "This rule of practical construction is predicated on the *common sense* concept that '**actions speak louder than words.**' Words are frequently but an

-21-

imperfect medium to convey thought and intention. When the parties to a contract perform under it and demonstrate by their conduct that **they knew what they were talking about the courts should enforce that intent**." (emphasis added) *Crestview Cemetery Assn. v. Dieden* (1960) 54 Cal. 2d 744, 754; see CACI, No. 318[6] [Interpretation—Construction by Conduct]; *Southern Pac. Trans. Co. v. Santa Fe Pac. Pipelines* (1999) 74 Cal.App.4th 1232, 1242 (conduct of parties to agreements by pipeline company to pay rent for easements on railroad right-of-way had to be considered on issue of valuation); *Alameda County Flood Control & Water Conservation Dist. v. Department of Water Resources* (2013) 213 Cal.App.4th 1163, 1196 (any ambiguity regarding allocation of proceeds or value of system power pool sales or trades in state water project contract was clarified by *course of dealing between parties*); see also 5 Corbin (Rev. ed.), § 24.16. "In construing contract terms, **the construction given the contract by the acts and conduct of the parties with knowledge of its terms**, and **before any controversy arises** as to its meaning, is relevant on the issue of the parties' intent." (emphasis added) *Southern Pacific Transportation Co. v. Santa Fe Pacific Pipelines, Inc.* (1999) 74 Cal.App.4th 1232, 1242.

4. "A contract must be so interpreted as to **give effect to the mutual intention of the parties** as it existed at the time of contracting. Civ. C. §1649 (West 2021). "A contract may be explained by reference **to the circumstances[7] under which it was made, and the matter to which it relates**." (emphasis added) Civ. C. §1647 (West 2021). "For the proper construction of an instrument, **the circumstances under which it was made**, including the situation of the subject of the instrument, and of

---

[6] The jury instruction states "In deciding what the words in a contract meant to the parties, you may consider **how the parties acted after the contract was created** but before any disagreement between the parties arose." (emphasis added)

[7]     When two equally plausible interpretations of the language of a contract may be made, parol evidence is admissible to aid in interpreting the agreement, thereby presenting a question of fact that precludes summary judgment if the evidence is contradictory. *WYDA Associates v. Merner* (1996) 42 Cal.App.4th 1702, 1710.

INTERFOCUS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

the parties to it, may also be shown, so that the Judge be placed in the position of those whose language he is to interpret." (emphasis added) C. Civ. Proc. §1860 (West 2021).

5.  There are precedent cases where the parties had disputes due to a poor choice of word or even a mistake. "If necessary to carry out the intention of a contract, words may be **transposed, rejected, or supplied, to make its meaning more clear**." (emphasis added) *Heidlebaugh v. Miller* (1954) 126 Cal.App.2d 35, 38. For example, in *Vandenbergh v. Davis*, plaintiff executed a 3-year lease to defendant of the second floor of a 3-story building. The lease, prepared by a realtor, contained a lessor's covenant giving the lessee the "first refusal" to lease the third floor at not over $100 monthly rental, and a right to occupy that floor **until "lessor leases" it** and "lessee has refused to lease same." Defendant took the position that he was not required to exercise his right of refusal until plaintiff actually signed a lease to a third party. Accordingly, he occupied the third floor for 2 years without paying rent. Meanwhile, plaintiff did have bona fide offers to lease, but defendant refused to allow the prospects to view the premises. The court held defendant was liable as a tenant at sufferance from the time he refused to rent. To avoid absurdity, the phrase "lessor leases" was construed as "layman's shorthand" for "**has an offer to lease**." *Vandenbergh v. Davis* (1961) 190 Cal.App.2d 694, 698. Likewise, in *Heidlebaugh*, a conditional sales contract (a commercial printed form) provided that, on default, the seller could sell "**with or with notice**." The sale was challenged for failure to give notice to the buyer. The court pointed to several provisions in the agreement reading "**with or without**," and held that the phrase in question was an inexplicable redundancy resulting from an obvious printer's error. Accordingly, the omitted letters "out" were supplied by interpretation. *Heidlebaugh, supra,* 126 Cal.App.2d at 38.

6.  Forfeitures are disfavored; hence a contract, and conditions in a contract, will if possible, be **construed to avoid a forfeiture**. Civ. C. §1442 (West 2021); see *Ballard v. MacCallum* (1940) 15 C.2d 439, 444. In *Hawley*, plaintiff contracted to build a sewer line. The work was substantially delayed because of defendant

-23-

district's failure to promptly correct a mistake in its plans. n this action for breach, a nonsuit was granted on the ground that the contract contained a "no damage for delay clause" that authorized only an extension of time but no damages. The appellate court reversed it. The clause had **the effect of imposing a forfeiture**; such a clause is strictly construed. *Hawley v. Orange County Flood Control Dist*. (1963) 211 Cal.App.2d 708, 713.

7.  The important question is whether a particular breach will also give the injured party the right to refuse further performance on his or her own part, i.e., to terminate the contract. The test is whether the breach is material, and a total or complete breach is of course material justifying the other party's refusal to perform. Whether a partial breach is material depends on the importance or seriousness thereof and the probability of the injured party getting substantial performance. *Superior Motels v. Rinn Motor Hotels* (1987) 195 Cal.App.3d 1032, 1052. Where defendant buyer's delay in tendering the balance due under a contract for the sale of stock were held to justify plaintiff's treating the breach as total, despite defendant's frequently expressed willingness to perform. *Sackett v. Spindler* (1967) 248 Cal.App.2d 220, 229.

Dated: July 26, 2021                               RESPECTFULLY SUBMITTED,
                                                   Respectfully submitted,
                                                    */s/Chan Yong Jeong*_____
                                                   Chan Yong Jeong, Esq.
                                                   Attorney for Plaintiff

INTERFOCUS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT