CHAN YONG JEONG, ESQ. (SBN 255244)
jeong@jeonglikens.com
JEONG & LIKENS, L.C.
222 South Oxford Avenue
Los Angeles, CA 90004
Tel: 213-688-2001
Email: Jeong@jeonglikens.com

Attorneys for Counter-Defendant NEMAN BROTHERS & ASSOC., INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation;<br><br>   Plaintiff/Counter-Defendant,<br><br>   vs.<br><br>INTERFOCUS, INC., a California Corporation, et al.,<br>   Defendant/Counter-Claimant | Case No.: 2:20-cv-11181-CAS-JPR<br><br>**EVIDENTIARY OBJECTION TO DECLARATION OF WEIWEI LE**<br><br>Date: August 16, 2021<br>Time: 10 a.m. |

---

1

**EVIDENTIARY OBJECTION TO DECLARATION OF WEIWEI LEE**

# EVIDENTIARY OBJECTIONS

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION | COURT'S RULING |
|---|---|---|
| 2. In my capacity as Director of Operations for InterFocus over the past five years, I have become familiar with the business of InterFocus. InterFocus sells goods to consumers exclusively through its website at https://us.patpat.com/. InterFocus is a U.S. company that sells to U.S. consumers, but it does not manufacture the goods it sells, all of which come from other companies, including suppliers located in China. InterFocus also outsources many of its IT, shipping and other business functions, I handle various business issues for Interfocus, such as Legal, HR, Accounting, and projects that need to be coordinated between Interfocus and the Chinese companies with whom it does business in delivering the goods offered for sale on its online platform. | Legal conclusion / hearsay / lack of foundation / documents speak for themselves. | Sustained: ____<br><br>Overruled: ____ |
| 3. As the Director of Operations, I also work closely with InterFocus' attorneys for U.S. legal issues, including two lawsuits that Neman Brothers filed against | Legal conclusion / lack of foundation / documents speak for themselves. / hearsay | Sustained: ____<br><br>Overruled: ____ |

**EVIDENTIARY OBJECTION TO DECLARATION OF WEIWEI LEE**

| | | |
|---|---|---|
| InterFocus. For the two Neman Brothers' cases, my involvement includes, but was and is not limited to, reviewing and forwarding all the physical letters that Interfocus receives from Neman Brothers; investigations in response to questions raised by opposing counsel or InterFocus' attorneys; following up on and obtaining the answers to all questions raised in the litigation to the extent that information is within InterFocus' possession, custody, or control; coordinating with InterFocus' employees and, as needed, other companies with whom InterFocus does business to obtain information. I am also responsible for gathering factual information and collecting documents relating to the lawsuits. | | |
| 2. As I mentioned above, this case is not the first time InterFocus has been sued by Neman Brothers. Neman Brothers first sued InterFocus for copyright infringement in an earlier action also called Neman Brothers & Assoc. Inc v. Interfocus, Inc., Case No. 2:19-CV-10112 that was filed in 2019. | Expert's testimony without proper foundation / Legal conclusion without proper foundation | Sustained:____<br><br>Overruled:____ |

3
**EVIDENTIARY OBJECTION TO DECLARATION OF WEIWEI LEE**

| # | | | |
|---|---|---|---|
| 1–18 | 3. Although InterFocus did not believe it was liable for copyright infringement in the earlier action, the investigation into the volume of sales I supervised indicated that very few goods that Neman Brothers had alleged infringed its copyrights had been sold by InterFocus, and thus that spending money to defend the case did not make economic sense. Due to the low volume of sales of the allegedly infringed goods, and to avoid paying litigation-related legal fees in a dispute in which little was at stake, InterFocus decided to settle Neman Brothers' suit for what we considered a "nuisance value" amount. InterFocus entered into a confidential settlement agreement with Neman Brothers for that reason. | Documents speak for themselves. / mischaracterization / lack of foundation | Sustained: \_\_\_\_  Overruled:\_\_\_\_ |
| 19–28 | 4. Because the settlement agreement is confidential, I cannot describe all of its terms here. However, among other things, that settlement agreement released InterFocus from liability for all copyright infringement claims Neman Brothers asserted or could have asserted in that action. Neman Brothers also agreed that it will not file suit for future infringements until 30 days after it gave InterFocus | Documents speak for themselves. / mischaracterization / lack of foundation / legal conclusion | Sustained: \_\_\_\_  Overruled:\_\_\_\_ |

| | | |
|---|---|---|
| written notice of them, so that InterFocus could cure them by removing the allegedly infringing goods from its website platform within seven business days as described in the settlement agreement. The terms are, of course, set forth in the settlement agreement itself. A true and correct but redacted copy of the settlement agreement signed by the CEO of InterFocus is attached is Exhibit 2; a complete copy of the settlement agreement is concurrently filed under seal as Exhibit 3. As the Court can see, that agreement was executed in March 2020. | | |
| 5. InterFocus has fully complied with its obligations under that settlement agreement since entering into it. | Lack of foundation<br><br>Legal conclusion | |
| 6. In September 2020, InterFocus received a letter from the same attorney who had represented Neman Brothers in the prior litigation. **I personally reviewed that letter. In it, Neman Brothers' attorney claimed that InterFocus had engaged in additional copyright infringements**. A true and correct copy of that letter is attached as Exhibit 4. | | |

5

**EVIDENTIARY OBJECTION TO DECLARATION OF WEIWEI LEE**

| | | |
|---|---|---|
| 7. I personally investigated those claims, so that InterFocus could cure any alleged infringement as provided in the previous settlement agreement attached as Exhibits 2 and 3. I requested that, to the extent Interfocus was selling any of the allegedly infringing goods on its website platform, those goods be removed from its website immediately. **I also requested that I be provided with all available information concerning the extent of such sales**, when InterFocus had stopped selling the allegedly infringing goods. Once I was advised that goods had been removed from InterFocus' platform as I directed, I personally reviewed the InterFocus website to confirm that the allegedly infringing goods had been removed. | | |
| 8. As stated in the September 2020 letter (Exhibit 4), Neman Brothers alleged copyright infringement of the following fabric patterns on the following goods: | | |

**EVIDENTIARY OBJECTION TO DECLARATION OF WEIWEI LEE**

| | | | |
|---|---|---|---|
| 1 | | | |
| 2-8 | 9. I was informed that all of the above alleged infringements were removed from InterFocus' online platform within a few days after receiving Neman Brothers' September 2020 letter. My own review of the InterFocus platform confirmed such removal. | | |
| 9-28 | 10. In addition, our investigation determined that three of the alleged infringements had been removed from InterFocus' online platform since before InterFocus entered into the settlement agreement with Neman Brothers in March 2020. Those three alleged infringements are as follows: | Misstatement of facts (Interfocus' letter on October 5, 2020 admits the garments were not removed until September 16-17, 2020. Ex. 33.) | |

7
**EVIDENTIARY OBJECTION TO DECLARATION OF WEIWEI LEE**

| | | | |
|---|---|---|---|
| 11. Our investigation had determined that we did have the other three fabric patterns on our online platform as of the date of the September 2020 letter: | | | |
| 12. My personal review of InterFocus' online platform confirmed that they were removed from InterFocus' platform within seven business days of our receipt of Neman Brothers' September 2020 letter as described above. | | | |
| 13. Once I confirmed that InterFocus had removed the alleged infringements from its platform as provided in the previous settlement agreement, I asked InterFocus' then counsel to so advise Neman Brothers in a letter. Attached as Exhibit 5 is a true | Hearsay. | | |

8
**EVIDENTIARY OBJECTION TO DECLARATION OF WEIWEI LEE**

| | | | |
|---|---|---|---|
| 1<br>2 | and correct copy of the letter dated October 5, 2020 sent to Neman Brother's counsel. | | |
| 3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23 | 14. In connection with our investigation, I requested that a chart be prepared that included all six of the alleged infringing garments described in the September 2020 letter and when each garment had been removed from InterFocus' online platform, I provided InterFocus' then counsel with an early version of **that chart**, and it appears in Exhibit 5. However, further investigation determined that in two instances, the dates on which the alleged infringements were removed from InterFocus' platform were **erroneously stated to be 2020, when in fact, they had been removed even earlier in 2019**. An updated chart that truly and accurately describes when all six of the alleged infringements Neman Brothers described in its September 15, 2020 letter were removed from InterFocus' platform is set forth below. | The chart is hearsay (it was prepared in anticipation of a litigation, not a business record created and maintained in the ordinary course of business. Interfocus never produced real business records such as invoices, orders, etc.)<br><br>Lack of foundation as to the claimed error in stating the year. (no real business record was ever produced to show they were taken down in 2019.) | |

9
**EVIDENTIARY OBJECTION TO DECLARATION OF WEIWEI LEE**

| | | |
|---|---|---|
| ID No. / Image / Take Down Date table (rotated): 45696 — 9/16/2020; 458707 — 9/17/2020; 385561 — 7/22/2019; 458707 — 9/17/2020; 399267 — 9/14/2020; 414159 — 8/28/2019 | | |
| 17. After the October response letter, through their counsel, **Neman Brothers and InterFocus tried to settle their dispute** by negotiating an overall license agreement between them, but they were not able to do so. I am not aware of any written claim of new alleged infringements in those settlement discussions. Neman Brothers filed its complaint alleging copyright infringement against InterFocus on December 9,2020. **I was confused by the complaint**, because it identified the same alleged infringements Neman Brothers had identified in its September 15,2020 letter (Exhibit 4), even though we | Misstatement of facts (it simply makes no sense to say she was confused with the complaint after failing to settle the dispute.) | |

10

**EVIDENTIARY OBJECTION TO DECLARATION OF WEIWEI LEE**

| | | |
|---|---|---|
| had removed all of those alleged infringements from our platform before we entered into the previous settlement agreement or within seven business days after receiving Neman Brothers' September 15, 2020 letter as provided in the settlement agreement. | | |
| 19. I have spent more than 100 hours on this Neman Brothers case. InterFocus has also incurred significant legal fees defending this action'. | Lack of foundation<br>Irrelevant | |

IT IS SO ORDERED.

DATED:

_____
Honorable Judge Christina A. Snyder

**EVIDENTIARY OBJECTION TO DECLARATION OF WEIWEI LEE**