RIMON, P.C.
Mark Lee (SBN 94103)
mark.lee@rimonlaw.com
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone/Facsimile: 213.375.3811

RIMON, P.C.
Zheng Liu (SBN: 229311)
zheng.liu@rimonlaw.com
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
Telephone/Facsimile: 650.461.4433

Attorneys for Defendants
INTERFOCUS INC. d.b.a. www.patpat.com

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive.,<br><br>Defendants. | Case No. 2:20-cv-11181-CAS (JPRx)<br><br>**INTERFOCUS, INC.'S OPPOSITION TO NEMAN BROTHERS, INC'S MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION; MEMORANDUM OF POINTS AND AUTHOIRTIES IN SUPPORT THEREOF**<br><br>(Filed Concurrently with Declarations of Mark S. Lee and Weiwei Le in Support Thereof) |
| INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, an individual, and DOES 1-10, inclusive,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Counterclaim Defendant. | Date:    August 23, 2021<br>Time:  10:00 a.m.<br>Courtroom:  8D<br><br>The Hon. Christina A. Snyder |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................ 1

    **A.** Neman Brothers. ......................................................... 1

    **B.** InterFocus. .................................................................. 2

    **C.** Neman Brothers Previously Sued InterFocus for Copyright infringement of Some of the Same Copyrights. .................... 2

    **D.** Key Terms of the Previous Settlement Agreement. ............. 3

    **E.** Neman Brothers Sends A Cease-and-Desist Letter in September 2020 Concerning Released and Other Claims. ..................... 3

    **F.** Neman Brothers Files Original and Amended Complaints Herein in Breach of the Previous Settlement Agreement. ................ 5

    **G.** InterFocus Moves for Summary Judgment and Partial Summary Judgment Because of Neman Brothers' Breach of the Previous Settlement Agreement. ................................................... 6

II. NEMAN BROTHERS' COPYRIGHT INFRINGEMENT CLAIMS ARE BARRED BY THE PREVIOUS SETTLEMENT AGREEMENT. ........ 7

    **A.** InterFocus is Not Liable on the Claims Neman Brothers Contractually Released. ................................................. 7

    **B.** Alternatively, InterFocus's Evidence At Least Creates a Dispute of Fact as to Whether the Subject Copyright Infringement Claims Have Been Released ...................................................... 9

    **C.** Neman Brothers' Claims are Barred by the "Notice and Cure" Provisions of the Previous Settlement Agreement. ............... 9

        1. The Previous Settlement Agreement Contains a "Notice and Cure" Provision. ................................................ 9

        2. Neman Brothers' Copyright Infringement Claims Breach the "Notice and Cure" Provisions of the Previous Settlement Agreement. ................................................ 10

        3. Neman Brothers' Arguments to Dispute the "Notice and Cure" Provision's Meaning Do Not Support Summary Judgment for Neman Brothers. ..................................... 13

        4. Alternatively, InterFocus' Evidence Creates a Dispute of Fact as to Whether the Subject Copyright Infringement Claims Have Been "Cured" Pursuant to the Previous Settlement Agreement. ............................................. 17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

III.    ALTERNATIVELY, THIS COURT SHOULD DENY PLAINTIFF'S MOTION SO THAT FURTHER DISCOVERY MAY BE CONDUCTED PURSUANT TO FED. R. CIV. PROC. 56(d). .....................17

IV.    CONCLUSION. ..............................................................................20

INTERFOCUS, INC.'S OPPOSITION TO NEMAN BROTHERS, INC'S MOTION FOR SUMMARY JUDGMENT

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alameda Cty. Flood Control & Water Conservation Dist. v. Dep't of Water Res.*,
213 Cal. App. 4th 1163 (2013) ................................................................. 16

*Alliance Metals, Inc of Atlanta v. Hinely Industries, Inc.*,
222 F.3d 895 (11th Cir. 2000) ................................................................. 12

*Anacapa Technology, Inc. v. ADC Telecommunications, Inc.*,
supra, 241 F. Supp. 2d (D. Minn. 2002) .......................................... 12, 13

*In re Frazer*,
377 B.R. 621 (B.A.P. 9th Cir. 2007) ...................................... 11, 13, 14, 16

*Jones v. Blanas*,
393 F.3d 918 (9th Cir. 2004) ................................................................. 18

*Kirtsaeng v. John Wiley & Sons, Inc.*,
568 U.S. 519, 133 S. Ct. 1351, 185 L. Ed. 2d 3922 (2013) ................... 19

*Leines v. Homeland Vinyl Products, Inc.*,
No. 2:18-CV-00969-KJM-DB, 2020 WL 4194054 (E.D. Cal. July 21, 2020) .............................................................................................. 16

*Longwell Textiles Ltd. v. Matrix International Textile Inc.*,
No. 219CV09904SVWAGR, 2020 WL 5991615 (C.D. Cal Sept. 4, 2020) .............................................................................................. 20

*Malibu Media, LLC v. Doe*,
No. 15 CIV. 4369 AKH, 2015 WL 4092417 (S.D.N.Y. July 6, 2015) ............... 1

*Matrix Group Ltd., Inc. v. Rawlings Sporting Goods Co.*,
477 F.3d 583 (8th Cir 2007) ........................................................... 11, 13

*Mudpie, Inc. v. Travelers Casualty Insurance Company of America*,
487 F. Supp 3d 834 (N.D. Cal 2020) ...................................................... 15

*Neman Brothers & Assoc., Inc. v. Burlington Stores, Inc.*,
765 F. App'x 235 (9th Cir. 2019) ............................................................ 1

-3-

*Neman Brothers & Assoc., Inc. v. One Step Up Ltd.*,
  No. 2:17-CV-06400-RGK-SS, 2017 WL 6885390 (C.D. Cal. Dec.
  13, 2017) .......................................................................................... 1, 7, 9, 14

*Neman Brothers & Assoc. v. One Step Up Ltd.*,
  764 F. App'x 625 (9th Cir. 2019) ................................................................. 1, 7

*In re New Investments, Inc.*,
  840 F.3d 1137 (9th Cir. 2016) .................................................................. 11, 13

*Petersen v. Hartell*,
  40 Cal. 3d 102, 219 Cal.Rptr. 170, 707 P.2d 232 (1985).............................. 9, 14

*Point Prods. A.G. v. Sony Music Ent., Inc.*,
  No. 93 CIV. 4001 NRB, 2000 WL 1006236 (S.D.N.Y. July 20,
  2000) ............................................................................................................ 10, 12

*Shelby v. Factory Five Racing, Inc.*,
  684 F. Supp. 2d 205 (D. Mass. 2010)............................................................ 12, 13

*Sirisup v. It's Thai*,
  L.L.C., No. CV1307246DDPPJWX, 2015 WL 6181688 (C.D. Cal.
  Oct. 21, 2015) ..................................................................................................... 14

*Smith v. Flagstar Bank, FSB*,
  No. C 18-02350 WHA, 2018 WL 3995922 (N.D. Cal. Aug. 21,
  2018) ......................................................................................................... 9, 12, 13

*Theta Chi Fraternity, Inc., v. Leland Stanford Junior Univ.*,
  212 F. Supp. 3d 816 (N.D. Cal. 2016).............................................................. 10

*United States v. Packwood*,
  687 F. Supp. 471 (N.D. Cal. 1987)..................................................................... 9

**Statutes**

Cal. Civ. Code § 1641 ............................................................................................ 15

**Court Rules**

Fed. R. Civ. Proc. 56(d) ..................................................................................... 1, 17

Fed R. Evidence 408 ........................................................................................ 14, 17

**Other Authorities**

"Copyright Trolling, An Empirical Study," 100 <u>Iowa L. Rev</u>. 1105,
    1108 (2015)........................................................................................................1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    INTRODUCTION

Plaintiff Neman Brothers & Assoc., Inc.'s ("Neman Brothers'") motion ignores evidence that its copyright infringement claims are barred by a previous settlement agreement and other controverting facts that preclude summary judgment. Additional evidence may further preclude summary judgment for Neman Brothers on originality or first sale grounds, and support denial pursuant to Fed. R. Civ. Proc. 56(d).  Neman Brothers' motion for summary judgment or adjudication should be denied for the reasons described more fully below.

### A.    <u>Neman Brothers.</u>

Neman Brothers is a California company that has filed almost a hundred copyright infringement actions in this Court, virtually all involving fabric patterns on garments it has manufactured in China. (Motion Declaration of Mark S. Lee ["Lee Decl."] ¶ 2 and Ex. 1, Dkt. No. 35-1; Declaration of Yoel Neman ["Neman Decl."] ¶ 14, Dkt. No. 42-1.)   Most of those cases resulted in quick confidential settlements.[1] (Id.) However, when its claims have been litigated, summary judgment has been entered against Neman Brothers for refiling suits over released copyright infringement claims or pursuing claims that lacked merit as a matter of law. *Neman Brothers & Assoc., Inc. v. One Step up Ltd.*, 764 F. App'x 625 (9th Cir. 2019) (affirming summary judgment against Neman Brothers for refiling copyright infringement claims it already released); see also, *Neman Brothers & Assoc., Inc. v. Burlington Stores, Inc.*, 765 F. App'x 235 (9th Cir. 2019) (affirming summary judgment against Neman Brothers on copyright infringement claims because the

---

[1] Neman Brothers' conduct resembles what other courts and empirical studies have characterized that of a "copyright troll," which is "more focused on the business of litigation than on selling a product or service or licensing their copyrights to third parties to sell a product or service." *Malibu Media,* LLC v. Doe, No. 15 CIV. 4369 AKH, 2015 WL 4092417, *2 (S.D.N.Y. July 6, 2015), quoting in part "Copyright Trolling, An Empirical Study," 100 Iowa L. Rev. 1105, 1108 (2015).

fabric designs at issue were not substantially similar as a matter of law).

**B.** **InterFocus.**

Defendant InterFocus, Inc., d.b.a. www.patpat.com ("InterFocus") is a company that sells a wide array of products through its website. (Concurrently filed Declaration of Weiwei Le ["Opp. Le Decl."] ¶ 2.) It purchases many of the products it sells from third party vendors in China, and, InterFocus is informed and believes, those third-party vendors manufacture them with fabrics purchased on the open market in China. It understands that the fabric designs at issue in this case are very similar to independently created, pre-existing designs that are widely available in the Chinese market, and has already discovered some similar designs. (Motion Le Decl. ¶ 2, Dkt. No. 35-1; Concurrently filed Declaration of Mark S. Lee ["Opp. Lee Decl."] ¶¶ 2-4 and Exs. 1 and 2.) Further, as Neman Brothers admits having its fabric manufactured in China (Neman Decl ¶ 14), InterFocus' third-party vendors may have purchased fabric with the designs at issue from Neman Brothers' authorized manufacturers. InterFocus continues to search for such designs from third party vendors in China and to determine the fabric manufacturers from whom its vendors acquired the fabric with the designs at issue, but its efforts have been hampered by the fact that discovery in China is difficult, and it must rely on the voluntary efforts of third-party vendors to obtain them. (Opp. Lee Decl. ¶ 4; Opp. Le Decl. ¶¶ 6-7.)

**C.** **Neman Brothers Previously Sued InterFocus for Copyright infringement of Some of the Same Copyrights.**

Neman Brothers first filed suit against Interfocus in *Neman Brothers & Assoc. Inc v. Interfocus, Inc.*, Case No. 2:19-CV-10112, before the Hon. John A. Kronstadt. (The "Previous Suit.") Neman Brothers in that action alleged that InterFocus infringed some of the same alleged copyrights at issue here.  (Cf. Dkt. No. 1 in the Previous Action and Dkt. No. 1 herein.) Although InterFocus disputed its liability in that action, due to the relatively small volume of sales of disputed items, due to the

low volume of sales of the allegedly infringing merchandise it entered into a "nuisance value" settlement on confidential terms (the "Previous Settlement Agreement" or "PSA.") (Motion Le Decl. ¶¶ 2-4, Exs. 2 and 3, Dkt. Nos. 35-1, 35-4 and 35-5.)[2]  Neman Brothers dismissed its claims against InterFocus with prejudice in the previous action as the PSA required it to do.  (Previous Action Dkt. No. 19.)

**D.    Key Terms of the Previous Settlement Agreement.**

In the Previous Settlement Agreement:

1) Neman Brothers released InterFocus from liability for all claims Neman Brothers asserted or could have asserted in the Previous Action (Motion Le Decl. ¶ 4, PSA §7, Ex. 2 and 3, Dkt Nos. 35-4 and 35-5);

2) Neman Brothers agreed to give InterFocus written notice of any future alleged infringement of intellectual property, and allowed InterFocus seven business days thereafter to "cure" it by removing the allegedly infringed products from its platform. (Motion Le Decl. ¶ 4, PSA §5, Exs. 2 and 3, Dkt. Nos.35-4 and 35-5); and

3) Neman Brothers agreed it would not file a suit against InterFocus for any future alleged infringement until thirty days after giving InterFocus written notice so the parties could resolve the dispute amicably by, for example, InterFocus curing the alleged infringements as provided earlier in that paragraph, or negotiating a license for future use. (Id.)

InterFocus fully complied with all of its obligations under the PSA following its execution. (Motion Le Decl. ¶ 5, Dkt. No. 35-1.)

**E.    Neman Brothers Sends A Cease-and-Desist Letter in September 2020 Concerning Released and Other Claims.**

As required by the Previous Settlement Agreement, Neman Brothers sent InterFocus a letter complaining about alleged infringements on or about September

---

[2] Ex. 2, Dkt. No. 35-3 is a redacted version of the PSA.  Ex. 3, Dkt. Nos. 35-4 is a complete version of the PSA, filed under seal because of its confidential nature. See Dkt. No. 38.

15, 2020 (the "September 15 letter"). That letter alleged infringement of Neman

Brothers' claimed copyrights in the following fabric patterns and garments:



(Motion Le Decl. ¶¶ 6, 8, Ex. 4, and Ex. 1 thereto, Dkt. No. 35-6.)

InterFocus discovered that it had removed from its platform three of the

alleged infringements before receiving Neman Brothers' letter as follows:



(Motion Le Decl. ¶¶ 7, 9-10, 14, Dkt. No. 35-1.)

InterFocus also removed from its platform the other three alleged

infringements within seven business days of receiving Neman Brothers' September

15, 2020 letter, and thereby "cured" those alleged infringements as provided in the

PSA:

(Motion Le Decl. ¶¶ 11-12, Dkt. No. 35-1.)

InterFocus also reconfirmed that the other three released alleged infringements it had stopped selling before execution of the PSA were no longer on its platform, and thereby "cured" those already-released infringements as well. (Motion Le Decl. ¶¶ 9-10, Dkt. No. 35-1.)

Through its counsel, InterFocus advised Neman Brothers of the above in a letter that laid out the dates on which each of the alleged infringements had been removed from InterFocus' platform as provided in the previous settlement agreement. (Motion Le Decl. ¶ 13; Ex. 5, Dkt. No. 35-1, 35-7.)  The parties thereafter attempted to negotiate an overall license agreement between Neman Brothers and InterFocus without success. (Motion Le Decl. ¶ 15, Dkt. No. 35-6.)

### F.   Neman Brothers Files Original and Amended Complaints Herein in Breach of the Previous Settlement Agreement.

Neman Brothers filed its original complaint herein on December 9, 2020. (Dkt. No. 1.) Though Neman Brothers had already released InterFocus from liability for three of the alleged infringements as described above, and Interfocus had "cured" any alleged infringement involving all of the alleged infringements as described above, Neman Brothers' complaint repeated the allegations of the September 15 letter and Previous Action regarding those three released and six cured alleged infringements. (Cf. Dkt. No.1 and Ex. 6 thereto with September 15 letter Ex. 1, concurrently filed as Ex. 4., Dkt. No. 35-6.) Neman Brothers' original complaint herein admits that "[t]hese garments are in fact virtually the same garments Defendant had already been sued for in a prior action (*Neman Brother &*

*Associates, Inc. v. Interfocus, Inc*. (Case No. 2:29-cv-10112) [sic-the actual case number is 2:19-cv-10112] for the infringements upon the exact same Subject Designs specified above." (Dkt. No. 1 herein, ¶ 16.)

Neman Brothers thereafter filed a first amended complaint (which it erroneously styled "Complaint") on January 5, 2021. (Dkt. No. 10.) That amended complaint repeats the allegation contained in its original complaint (Dkt. No. 10, ¶ 21 and Ex. 6 thereto.)

That amended complaint also added new copyright infringements claims about which, in breach of the PSA, Neman Brothers had never sent written notice. That breach of the PSA never gave InterFocus an opportunity to "cure" those alleged infringements before Neman Brothers filed suit, and never started the running of the seven-day window in which InterFocus could "cure" those alleged infringements. (Motion Le Decl. ¶ 16, Dkt. No.35-1.) Despite Neman Brothers' breaches and failures, InterFocus removed these new alleged infringements from its platform, thereby "curing" them as permitted by the PSA. (Motion Le Decl. ¶ 16, Dkt. No.35-1.)

### G.   InterFocus Moves for Summary Judgment and Partial Summary Judgment Because of Neman Brothers' Breach of the Previous Settlement Agreement.

InterFocus moved for summary judgment dismissing Neman Brothers' copyright infringement claims and entering a judgment of liability against Neman Brothers on InterFocus' counterclaim for breach of contract. (Dkt. Nos.34-40.) Neman Brothers thereafter opposed InterFrocus' motion and filed the present motion. (Dkt. Nos. 41-43.) This Court continued the hearing on InterFocus' motion so that they could be heard together. (Dkt. No 44.)

InterFocus' motion should be granted, and Neman Brothers' motion should be denied, for the following reasons.

## II.   NEMAN BROTHERS' COPYRIGHT INFRINGEMENT CLAIMS ARE BARRED BY THE PREVIOUS SETTLEMENT AGREEMENT.

Neman Brothers' copyright infringement claims are barred by the release and "notice and cure" provisions of the PSA, yet Neman Brothers' motion does not even address them.  Those provision require that Neman Brother's motion be denied.

### A.   **InterFocus is Not Liable on the Claims Neman Brothers Contractually Released.**

InterFocus cannot be liable on three of the claims asserted in Neman Brothers' amended complaint because Neman Brothers contractually released them, as case law affirms.

*Neman Brothers & Assoc., Inc. v. One Step Up Ltd*., No. 2:17-CV-06400-RGK-SS, 2017 WL 6885390, at *3 (C.D. Cal. Dec. 13, 2017), granted summary judgment against Neman Brothers when it pursued copyright infringement claims it had already released in a previous settlement agreement.  As Judge Klausner of this Court stated:

> "Courts view settlement agreements as final dispositions and will not adjudicate issues that have already been resolved. Therefore, Plaintiff's claims should be dismissed if they fall within the scope of the Release…The Court…finds that the Settlement Agreement released the present copyright infringement claims and GRANTS summary judgment in favor of Defendants on those claims." (internal citations omitted; emphasis in original.)

That summary judgment was affirmed on appeal. *Neman Brothers & Assoc.,* 764 F. App'x 625 (9th Cir. 2019).

Here, as in the *One Step Up* case, Neman Brothers' copyright infringement claims involving three garments fall within the scope of the release in the Previous Settlement Agreement relating to Neman Brothers' copyright infringement claims, as shown in Exhibit 6 of both the original and amended complaints. Those copyright

1   infringement claims involve the same alleged infringements of the same copyrights
2   Neman Brothers alleged were infringed in the Previous Action, as its original and
3   amended complaints admit. InterFocus has not engaged in any further allegedly
4   infringing activities involving those three copyrights since it entered into the PSA
5   (Motion Le Decl. ¶¶ 10, 14, Dkt. No. 35-1.)

6       Neman Brothers claims to dispute this fact (Docket No. 43 p. 10:7-13;
7   Declaration of Yoel Neman ¶¶ 24-31 and Exs. 15-24, 39-40 thereto, Dkt. No. 42),
8   but the cited "evidence" does nothing of the sort. The cited declaration and exhibits
9   describe only three all allegedly "infringing garments," and they are different from
10  the garments that are the subject of the released claims (Cf Dkt. Nos. 1 and 10, Exs.
11  6, and Neman Decl. ¶¶ 24-31 and Exs. 15, 19 and 21 thereto, Dkt. No. 42-1, 17, 21,
12  23, 41 and 42).  Neman Brothers' Exhibits 15 and 18 identify garments InterFocus
13  stopped selling when it cured the alleged infringement in September 2020 (Cf.
14  Neman Decl. Exhibits 15 and 18, Dkt. Nos 17 and 21, with Motion Le Decl. ¶¶ 11-
15  12, Dkt. No-35-1 and this Opposition 4:19-28, supra) Thus, the fact that Neman
16  discovered them in July 2020 says nothing about the other copyright infringement
17  claims based on garments InterFocus stopped selling in 2019.  The third allegedly
18  "infringing garment" identified in Dkt. No. 42-1 and 42-23 was not mentioned in
19  Neman Brothers' September 2020 letter, or at any time before Neman Brothers'
20  filed suit herein (Cf. September 2020 Letter, InterFocus' Motion Ex. 7, with Dkt.
21  No. 35-7 and Neman Decl. ¶ 28 and Ex. 21 thereto, Dkt. No. 42-1 and 42-23).  It
22  therefore also has nothing to do with Neman Brothers' copyright infringement
23  claims based on garments InterFocus stopped selling in 2019.

24      Literally none of Neman Brothers' evidence involves the three garments
25  InterFocus stopped selling before entry into the previous settlement agreement, and
26  none of it disputes InterFocus' uncontroverted evidence that InterFocus in 2019
27  stopped all sales of those three of the garments.  Neman Brothers bases its current
28  copyright infringement claims in part on alleged sales of those three garments.

-8-

Neman Brothers therefore released Neman Brothers from liability for those claims in the previous settlement agreement, and its pursuit of those released and dismissed claims in this action is barred as a matter of law. *Neman Brothers & Assoc., Inc. v. One Step Up Ltd*., supra.   Neman Brother's motion for summary judgment on those claims therefore must be denied, and summary judgment should be entered in InterFocus' favor.

> **B.     Alternatively, InterFocus's Evidence At Least Creates a Dispute of Fact as to Whether the Subject Copyright Infringement Claims Have Been Released.**

InterFocus believes it should be granted summary judgment on the copyright infringement claims that are the subject of the release in the previous settlement agreement as described above. However, even should the Court disagree, the above evidence at least creates an issue of fact as to whether those claims were released, that should preclude summary judgment for Neman Brothers on them.  Summary judgment should be denied on those claims for this alternative reason.

> **C.     Neman Brothers' Claims are Barred by the "Notice and Cure" Provisions of the Previous Settlement Agreement.**

> > **1.     The Previous Settlement Agreement Contains a "Notice and Cure" Provision.**

"Notice and cure" provisions are common, and encouraged, in agreements. "The need to give a breaching party notice of the breach and an adequate opportunity to cure it is basic to contract law." *United States v. Packwood*, 687 F. Supp. 471, 475 (N.D. Cal. 1987) (citing the Restatement (Second) of Contracts § 241(d)). Such provisions give a contracting party the opportunity to remedy a breach by taking the steps set forth in the contract, and by "curing" it, placing itself in a pre-default condition. *Petersen v. Hartell*, 40 Cal. 3d 102, 219 Cal.Rptr. 170, 707 P.2d 232, 242 (1985).  Such provisions have been recognized in, for example, installment contracts, *Petersen v. Hartell*, supra; loan agreements, *Smith v. Flagstar Bank, FSB*, No. C 18-02350 WHA, 2018 WL 3995922, at *4 (N.D. Cal. Aug. 21,

2018); license agreements, *Point Prods. A.G. v. Sony Music Ent., Inc.,* No. 93 CIV. 4001 NRB, 2000 WL 1006236 (S.D.N.Y. July 20, 2000); and settlement agreements. *Theta Chi Fraternity, Inc., v. Leland Stanford Junior Univ.,* 212 F. Supp. 3d 816, 823 (N.D. Cal. 2016).

The previous settlement agreement contains just such notice and cure provisions. It requires Neman Brothers to give InterFocus contractually-defined "Adequate Notification" of any alleged infringement.  It grants InterFocus seven business days to "cure" any alleged infringement for which such notice is given, and unambiguously states that InterFocus could "cure" that alleged infringement by stopping sales of the allegedly infringed products on InterFocus' platform within seven business days.  It also prohibits Neman Brothers from filing suit for 30 days after sending the "Adequate Notification" so that the parties could informally resolve their dispute by, for example, InterFocus "curing" the alleged infringement as permitted in the same provision or negotiating a license to obviate the need to stop selling allegedly infringing garments in the future. (PSA §5, Exs. 2 and 3, Dkt. Nos. 35-4 and 35-5.)

> ### 2. Neman Brothers' Copyright Infringement Claims Breach the "Notice and Cure" Provisions of the Previous Settlement Agreement.

All of Neman Brothers' copyright infringement claims are barred by the notice and cure provisions in the PSA as a matter of law, for at least two reasons.

First, the copyright infringements alleged in Neman Brothers September 15, 2020 letter were "cured" when InterFocus removed or confirmed the prior removal of the allegedly infringed products from its platform within seven business days of receipt of the September 15 letter, as provided in paragraph 5 of the previous settlement agreement.[3]  (Motion Le Decl. ¶¶ 8-14, Dkt. No 35-1.)

---

[3] Three alleged infringements had in fact been removed from InterFocus' platform

Second, Neman Brothers never provided written notice before adding the additional copyright infringement claims alleged for the first time in its amended complaint.  (Motion Le Decl. ¶ 16, Dkt. No. 35-1.)  InterFocus nevertheless removed those alleged infringements from its platform, and thereby "cured" any alleged infringement on this basis under the PSA.  (Id.)

InterFocus' cure of the above alleged infringements contractually bars Neman Brothers from pursuing them in this action pursuant to the plain language of the PSA. "Curing a default means returning to pre-default conditions, such that any consequences of the default are nullified." *In re New Investments, Inc.,* 840 F.3d 1137, 1143 (9th Cir. 2016) (internal citations and quotation marks omitted). "[T]he plain meaning of "cure"… provides a debtor with the right to remedy a default and restore matters to the *status quo ante*.  In other words, cure will nullify all consequences of default." *In re Frazer,* 377 B.R. 621, 630 (B.A.P. 9th Cir. 2007) (internal citations omitted). Courts have granted summary judgement against and dismissed claims by a plaintiff who fails to comply with or tries to avoid the consequences of a notice and cure provision before filing suit.

For example, *Matrix Group Ltd., Inc. v. Rawlings Sporting Goods Co.,* 477 F.3d 583, 588-89 (8th Cir 2007), affirmed summary judgment for defendant on a breach of contract claim because plaintiff did not comply with the 30-day notice-and-cure provision in the relevant agreement. Rejecting plaintiff's argument that defendant's substantial breach excused it non-compliance, the Court held that "the unambiguous language of a contract must be given its plain meaning and full effect…Where contract language speaks to a particular dispute, the Court gives those privately negotiated and agreed upon terms their full and plain meaning."

---

before InterFocus received the September 15 letter, and were also released by the PSA.  However, the fact that InterFocus confirmed their removal from its platform within seven business days after receiving the September 15 letter means that, by definition, those alleged infringements were also "cured" under the notice and cure provisions in the PSA.

1    (internal quotations and citations omitted.)

2         *Alliance Metals, Inc of Atlanta v. Hinely Industries, Inc.,* 222 F.3d 895, 903

3    (11th Cir. 2000) affirmed a summary judgment for one contracting party because the

4    other party failed to comply with a "notice and cure" provision in the relevant

5    contract, holding that excusing non-compliance would "effectively render

6    meaningless contractual 'notice and cure' requirements like the one included in the

7    …provision here."

8         *Anacapa Technology, Inc. v. ADC Telecommunications, Inc.*, supra, 241 F.

9    Supp. 2d at 1019-20 (D. Minn. 2002), granted partial summary judgment to

10   defendant because defendant contractually cured the alleged breach of the contract

11   plaintiff asserted, holding that "[plaintiff] Anacapa may not force [defendant] ADC

12   to forfeit its rights under the contract… because ADC has cured its material breach

13   through substantial performance or performance without material failure."  241 F.

14   Supp. 2d at 1021.

15        Numerous other cases grant summary judgment in analogous circumstances.

16   See *Smith v. Flagstar Bank,* FSB, No. C 18-02350 WHA, 2018 WL 3995922, at *4

17   (N.D. Cal. Aug. 21, 2018) (relying on *Giotta v. Ocwen Loan Servicing, LLC*, 706

18   F.App'x 421 (9th Cir. 2017), court "sees no alternative to grant the motion to

19   dismiss" complaint for failure to comply with notice and cure provision); *Shelby v.*

20   *Factory Five Racing, Inc.,* 684 F. Supp. 2d 205, 214 (D. Mass. 2010) (dismissed

21   trademark infringement complaint because plaintiff did not comply with the notice

22   and cure provision in an earlier settlement agreement before filing an amended

23   complaint with new claims); *Point Products A.G. v. Sony Music Entertainment, Inc.*,

24   supra, No. 93 CIV.4001 NRB, 2000 WL 1006236, at *4 (S.D.N.Y. July 20, 2000)

25   (grants summary judgment for breach of contract based on a defendant's  failure to

26   comply  with  the "notice and cure" provision in a licensing agreement involving

27   copyright interests before terminating it).

28        Here, as in *Anacapa Technology, Inc.*, supra, InterFocus' "cure" of all of

Neman Brothers' alleged infringements as permitted by the plain language of the PSA nullifies and contractually bars all alleged infringement claims.  That is what "curing" the alleged infringement means in the PSA, as recognized in *Anacapa*, *In re New Investments* and *In re Frazer*, cited above. Summary judgment should be granted to InterFocus for Neman Brothers' failure to comply with the PSA's notice and cure provisions under the above authorities.

Further, Neman Brothers' adding new copyright infringement claims without giving InterFocus pre-suit notice or an opportunity to cure as required by the PSA independently supports summary judgment for InterFocus on those newly added claims.  Here, as in *Matrix Group, Ltd., Alliance Metal, Smith v. Flagstar, Point Products A.G.*, and especially *Shelby*, which also involved new claims added to an amended complaint without giving an opportunity to cure, Neman Brothers' failure to give contractually-required notice before pursuing such claims requires that summary judgment be entered in InterFocus' favor, and that Neman Brothers' copyright infringement claims be dismissed with prejudice.

### 3. Neman Brothers' Arguments to Dispute the "Notice and Cure" Provision's Meaning Do Not Support Summary Judgment for Neman Brothers.

Arguments Neman Brothers has made in its opposition to InterFocus' motion for summary judgment to "dispute" that the previous settlement agreement bars it from pursuing claims it already released or contractually agreed InterFocus could cure (Dkt. No. 43) lack merit as part of that opposition, and cannot support summary judgment for Neman Brothers for the reasons described below.

First, Neman Brothers introduces no evidence to dispute that it released InterFocus from liability for three alleged infringements as described above.  Unable to dispute that fact, Neman Brothers further erroneously argues that InterFocus "admitted" it engaged in post release conduct in settlement negotiations because its former counsel accidentally provided an inaccurate date in a settlement letter. (See Dkt. No. 35-7.)

1   InterFocus "admitted" no such thing.  Aside from the alleged letter being

2   inadmissible pursuant to Fed. R. Evidence 408 as part of ongoing settlement

3   discussions, and as explained in InterFocus' motion, the estimates in that October

4   2020 letter were inaccurate, and InterFocus subsequently learned that it had stopped

5   those alleged infringements in 2019. (Motion Le Decl ¶ 14, Dkt. No 35-1.) Neman

6   Brothers produces no evidence of any post-settlement infringements on those

7   released claims, because there is no such evidence.

8       Having plainly released InterFocus from liability for pre-settlement sales of

9   disputed garments, and having no evidence of post-settlement sales of those three

10   garments, Neman Brothers cannot refile the same copyright infringement claims

11   involving the same garment sales again in a second suit.  The plain language in the

12   release provisions of the previous settlement agreement prohibit such claims.

13   *Neman Brothers v. Step Up Ltd*., supra; *Sirisup v. It's Thai*, L.L.C., No.

14   CV1307246DDPPJWX, 2015 WL 6181688, at *5 (C.D. Cal. Oct. 21, 2015).

15      Second, Neman Brothers' arguments to dispute the plain language of the

16   "notice and cure" provision in the previous settlement agreement are similarly

17   unpersuasive.  As used in the previous settlement agreement, "cure" has a clear

18   meaning articulated in twelve cases InterFocus's motion cites but Neman Brother's

19   motion and opposition ignore.  In this legal setting, to "cure" a contractual breach or

20   default means to place a contracting party in a pre-default position as described

21   above. *Petersen v. Hartell*, supra, 707 P.2d  at 242.  "In other words, cure will

22   nullify all consequences of default." *In re Frazer,* 377 B.R. 621, 630 (B.A.P 9th Cir.

23   2007) (internal citations omitted).  Plaintiff's motion and opposition do not even

24   attempt to address this case law, which is fatal to its argument.  Ignoring it,

25   however, does not make it go away, or support a grant of Neman Brothers' motion.

26      Third, other provisions in the previous settlement agreement Neman Brothers

27   cites are fully consistent with the well-understood meaning of "cure" as used in the

28   settlement agreement.   PSA Section 5's language providing 30 days for the parties

-14-

1   to amicably "resolve the dispute" between them does not affect the meaning of

2   "cure" in that same section, as that section does not require InterFocus to "cure" any

3   alleged infringement after Neman Brothers claims infringement.  InterFocus might

4   choose not to "cure" an alleged infringement if, for example, it did not believe the

5   disputed goods were infringing and it wanted to continue selling highly profitable

6   garments for business reasons. If InterFocus chose not to "cure" an alleged

7   infringement because it believed it was not infringing and in its business interest to

8   continue sales of such goods, under the cited language, Neman Brothers could not

9   file suit for 30 days, so that the parties could try to resolve their dispute without

10  resort to litigation by, for example, negotiating a license fee for such

11  sales.   However, that does not deprive InterFocus of its contractual right to "cure"

12  an alleged infringement as clearly laid out earlier in the same section, and as widely

13  acknowledged in the case law.

14      Accepting Neman Brothers' argument that the notice and cure provision

15  "means only removing the issue of the on-going infringement" (Dkt. No. 43 p. 7:4)

16  makes the term "cure" meaningless, as an alleged infringer can always "remove the

17  issue of on-going infringement" by stopping sales of allegedly infringing goods

18  without a "cure" provision in an agreement.  The "cure" provision in the PSA adds

19  nothing to that ability.  Stopping allegedly sales wouldn't "cure" anything under

20  Neman Brothers' proposed interpretation, would make the "notice and cure"

21  provisions redundant.

22      California law does not permit such selective contractual interpretation.

23  Instead, "the whole of a contract is to be taken together, so as to give effect to every

24  part".  Cal. Civ. Code § 1641. A contract must be construed to give force and effect

25  to every word in every clause under California law, so that no word or clause is

26  made redundant. *Mudpie, Inc. v. Travelers Casualty Insurance Company of*

27  *America,* 487 F. Supp 3d 834, 839 (N.D. Cal 2020), citing *Total Intermodal Services*

28  *Inc. v. Travelers Property Casualty Company of America*, No. CV 17-04908 AB

-15-

(KSX), 2018 WL 3829767, at *3, (C.D. Cal. July 11, 2018) (contract construed to give meaning to the word "loss" in insurance agreement). And the only way to give meaning to "cure" in the PSA is to give it the plain meaning articulated in the extensive California and other case law referenced above, which is that "cure" means to "nullify all consequences of default." *In re Frazer,* 377 B.R. 621, 630 (B.A.P. 9th Cir. 2007).

Similarly, Section 6 of the previous settlement agreement cannot and does not purport to erase the "notice and cure" provisions from the previous settlement agreement. It merely requires the parties to engage in good faith efforts to settle future disputes, such as, for example, by entering into future license agreements. It thus recognizes that disputes could arise about whether alleged future infringements were actually infringing, and whether InterFocus wished to continue sales of goods Neman Brothers claimed was infringing for its own business reasons. It provides for future negotiations to address such issues, and in fact the parties engaged in such negotiations as described below. However, Section 6 does not take away InterFocus' right to "cure" alleged infringements should it wish to do so, as it is permitted to do under the plain language of Section 5 of the PSA.

Fifth, Neman Brothers' discussion of post-agreement conduct cannot create an ambiguity when, as here, none exists in the language of the settlement agreement itself. "The language of a contract is to govern its interpretation, if the language is clear and explicit…" Cal Civ, Code. § 1638. Extrinsic evidence can only be introduced to clarify an ambiguity that is already present in contractual language. *Alameda Cty. Flood Control & Water Conservation Dist. v. Dep't of Water Res.*, 213 Cal. App. 4th 1163, 1188 (2013). It cannot be used to create an ambiguity when the contract's language is clear. *Leines v. Homeland Vinyl Products, Inc.*, No. 2:18-CV-00969-KJM-DB, 2020 WL 4194054, at *7 (E.D. Cal. July 21, 2020) (rejecting argument that because "actions speak louder than words," contractual intention should be determined from post-agreement conduct, because such an argument

"calls for a modification after the fact, not for clarification of an ambiguity the court cannot find with the four corners of the parties' agreement.") There is no ambiguity in the plain language of the previous settlement agreement, and its language should govern regardless of post-suit conduct.

Sixth, the post-suit settlement negotiations Neman Brothers references are inadmissible pursuant to Fed R. Evid. 408 but fully consistent with the "notice and cure" provisions in the PSA.  They simply describe the parties' efforts to see if a licensing arrangement for all of Neman brothers' alleged copyrights could be worked out going forward, to eliminate the need for InterFocus to worry about demands from Neman Brothers or evaluate whether it needed to "cure" alleged infringements and stop selling allegedly infringing merchandise in the future.  Such negotiations do not support Neman Brothers' argument that the "cure" provision has no meaning.

    **4. Alternatively, InterFocus' Evidence Creates a Dispute of Fact as to Whether the Subject Copyright Infringement Claims Have Been "Cured" Pursuant to the Previous Settlement Agreement.**

InterFocus believes it should be granted summary judgment on all of Plaintiff's copyright infringement claims because any alleged infringement was "cured" as described above. However, even should the Court disagree, the above evidence at least creates an issue of fact as to whether the alleged infringements articulated in Neman Brothers' complaint have been "cured" that should preclude summary judgment for Neman Brothers on them.  Summary judgment should be denied on those claims for this independent, alternative reason.

## III. ALTERNATIVELY, THIS COURT SHOULD DENY PLAINTIFF'S MOTION SO THAT FURTHER DISCOVERY MAY BE CONDUCTED PURSUANT TO FED. R. CIV. PROC. 56(d).

Federal Rule of Civil Procedure 56(d) allows this Court to deny summary judgment where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  This rule exists

because "summary judgment is disfavored where relevant evidence remains to be discovered." *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004). In such cases, summary judgment is only appropriate where additional discovery "would be 'fruitless' with respect to the proof of a viable claim." *Id.* (citing *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988).

Here, while InterFocus believes it already has presented sufficient evidence to defeat summary judgment as shown above, investigation and discovery in the case is in its early stages, and should the Court deny summary judgment to InterFocus, Neman Brothers' motion should be denied so that InterFocus can obtain obtain additional evidence concerning the lack of originality and validity of Neman Brothers' copyrights. Presently available information indicates that, due to the large number of fabric manufacturers in China and the U.S., the wide array of floral, paisley, and other fabric patterns manufactured by such companies, and our common humanity that makes some certain designs aesthetically pleasing while other designs are not, there often is significant similarity among independently created fabric patterns, as shown in the following examples:



| DISPUTED GARMENTS | THIRD PARTY DESIGNS |
|---|---|



(Cf. Motion Le Decl. ¶ 3 and Opp. Lee Decl. ¶ 3 and Ex. 2.)

As stated in InterFocus' interrogatory response, InterFocus also is informed and believes that the designs at issue in this care are very similar to independently created pre-existing designs that are widely available in the Chinese market, where the products at issue were produced by independent vendors. (Opp. Lee Decl. ¶ 3 and Ex. 1.)

Further, Neman Brothers has admitted that it sells its fabric in China from authorized vendors.  (Neman Decl. ¶ 14, Dkt. No. 42-1.)  That creates the significant possibility that InterFocus' third party vendors purchased the fabric with the designs at issue from Neman Brothers' authorized vendors in China, which would mean the garments at issue are not infringing under the "first sale" doctrine.  *Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519, 133 S. Ct. 1351, 185 L. Ed. 2d 3922 (2013) (first sale defense applies to works imported from abroad).

Additional discovery could,  therefore, uncover evidence that the fabric patterns used to create the garments InterFocus sold were created independently of the patterns in which Neman Brothers claims copyright by someone else, or that the fabric patterns used by InterFocus' Chinese third party vendors were acquired from the same fabric manufacturer from whom Neman Brothers  acquired its alleged U.S. copyrights, or  from Neman Brotherss authorized vendors fabrics in China, or that the designs at issue originated with another manufacturer from whom Neman Brothers' assignor copied it, or other facts that could provide defenses to the present copyright infringement claims. (Opp. Lee Decl. ¶ 4.)  InterFocus is attempting to gather this information now, but due to the difficulties and uncertainties of

-19-

conducting international discovery in China, it has not yet succeeded in obtaining it. (Opp. Lee Decl. ¶¶ 6-7; Opp. Le Decl. ¶ 3.)

Thus, should the Court not be persuaded that the evidence presented with this opposition is sufficient to deny summary judgment on Plaintiff's claims, it should deny Plaintiff's motion so that InterFocus can conduct further investigation and discovery on these issues. See *Longwell Textiles Ltd. v. Matrix International Textile Inc.,* No. 219CV09904SVWAGR, 2020 WL 5991615 (C.D. Cal Sept. 4, 2020) (denying summary judgment because additional discovery involving Chinese textile company could uncover evidence that would defeat summary judgment).

## IV.   CONCLUSION.

Plaintiff's motion for summary judgment should be denied, and summary judgment should be entered in InterFocus' favor on Neman Brother's complaint and partial summary judgment should be entered in InterFocus' favor on its breach of contract counterclaim, for all the reasons described above.

Dated: August 2, 2021                           RIMON, P.C.


By: */s/ Mark S. Lee*
_____
Mark S. Lee
Zheng Liu

Attorneys for Defendants and
Counterclaim Plaintiffs
INTERFOCUS, INC. d.b.a.
www.patpat.com