RIMON, P.C.
Mark Lee (SBN 94103)
mark.lee@rimonlaw.com
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone/Facsimile: 213.375.3811

RIMON, P.C.
Zheng Liu (SBN: 229311)
zheng.liu@rimonlaw.com
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
Telephone/Facsimile: 650.461.4433

Attorneys for Defendants
INTERFOCUS INC. d.b.a. www.patpat.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive.,<br><br>Defendants. | Case No. 2:20-cv-11181-CAS-JPRC<br><br>**DECLARATIONS OF MARK S. LEE AND WEIWEI LE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION**<br><br>Date: August 23, 2021<br>Time:   10:00 am<br>Courtroom: Courtroom 8D<br><br>The Hon. Christina A. Snyder |
| INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, an individual, and DOES 1-10, inclusive,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Counterclaim Defendant. | |

# DECLARATION OF MARK S. LEE

I, Mark S. Lee, declare:

1. I am a lawyer admitted to practice before this Court, and am a partner at Rimon, P.C., counsel of record for Interfocus, Inc. d.b.a. www.patpat.com ("Interfocus") in this matter. I have personal knowledge of the following facts except where otherwise indicated based on my personal participation in the matters described, and if called upon as a witness, I could and would competently testify thereto.

2. InterFocus served its responses to Plaintiff's first set of Interrogatories on or about May 3, 2021. A true and correct copy of those responses is attached as Exhibit 1.

3. As stated in those responses, InterFocus believes that the designs at issue in this case are very similar to independently created pre-existing designs that are widely available in the Chinese market, where the products at issue were produced by independent vendors. I have personally searched the Internet, and discovered a few examples of similar patterns when doing so. Attached as Exhibit 2 is a true and correct copy of some of those similar patterns. I also directed that a chart be prepared comparing three of the fabric patterns Plaintiff claims InterFocus infringed with similar patterns attached as Exhibit 2, and that chart reveals the following:

| DISPUTED GARMENTS | THIRD PARTY DESIGNS |
|---|---|
| (image of navy floral tank dress) | (images of green floral dress and black floral tank dress) |



4. Further Investigation and discovery could reveal evidence relevant to ownership, originality and protectability of the fabric patterns at issue in the case. For example, it could reveal that the fabric patterns used to create the garments InterFocus sold were created independently of the patterns in which Neman Brothers claims copyright by someone else, or that the fabric patterns used by InterFocus' Chinese third party vendors were acquired from the same fabric manufacturer from whom Neman Brothers acquired its alleged U.S. copyrights, or that the designs at issue originated with another manufacturer from whom Neman Brothers' assignor copied it, or other facts that could provide defenses to the present copyright infringement claims.

5. This case is in the relatively early stages of discovery, with both parties having responded to written discovery propounded by the other side but no depositions having yet been taken.

6. The fact that much relevant evidence appears to be in China complicates and delays our investigation and discovery efforts. I have some experience in international discovery, and some familiarity with theoretical and practical aspects of obtaining such discovery from Chinese entities that are not parties to U.S. litigation and not subject to the jurisdiction of a U.S. Court. Like the

DECLARATIONS OF MARK S. LEE AND WEIWEI LE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION

U.S., China has become a signatory to the 1970 "Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention") since about 1998, see https://www.hcch.net/en/instruments/conventions/specialised-sections/evidence and https://www.hcch.net/en/instruments/conventions/status-table/?cid=82; see also https://www.state.gov/judicial-assistance/;  Thus, in theory, limited written discovery and documents from third parties can be obtained by "Letters Rogatory" or "Letter of Request" issued by this Court to obtain written answers to written questions or  documents from third parties in China.  China does not permit attorneys to take depositions in China for use in foreign courts because it is illegal under of Article 277 of China's Civil Procedure Law. See https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/china.html).

      7.    In practice, actually gaining the permission of a Chinese Central Authority to get such written testimony or documents from third parties is difficult and unpredictable. Any Letters Rogatory and Letters of Request must be presented to and approved by the Chinese Central Authority that controls such matters.  See https://www.hcch.net/en/states/authorities/details3/?aid=243. U.S.-style discovery is foreign to the Chinese legal system, and Chinese authorities often are reluctant to permit it.  Such efforts are expensive and time-consuming, and whether the Chinese Central Authority will permit it is uncertain. In my opinion, the likelihood of actually obtaining it can be low.  Thus, in China, informal investigation is often a better way to obtain information.  InterFocus is engaged in such efforts now.

      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 2nd day of August, 2021, at Los Angeles, California.

                                     /s/ Mark S. Lee
                                       Mark S. Lee

# DECLARATION WEIWEI LE

I, Weiwei Le, declare:

1. I am the Director of Operations for InterFocus Inc. ("Interfocus"). I have worked for InterFocus Inc. since 2017. I have personal knowledge of the following facts except where otherwise indicated, and if called upon as a witness, I could and would competently testify thereto. I provide this declaration to supplement an earlier declaration I submitted in this action on July 13, 2021, and I incorporate the contents of that declaration into this one verbatim.

2. As I mentioned in my previous declaration, in my capacity as Director of Operations for InterFocus over the past five years, I have become familiar with the business of InterFocus. InterFocus sells goods to consumers exclusively through its website at https://us.patpat.com/. InterFocus is a U.S. company that sells to U.S. consumers, but it does not manufacture the goods it sells, all of which come from other companies, including suppliers located in China. Among the products it sells are garments it purchases from third party vendors in China, who manufacture them with fabrics purchased on the open market from fabric manufacturers in China. InterFocus does not know who those fabric manufacturers are, but it has no desire to infringe anyone's copyrights in connection with such sales, so, among other things, it requires its vendors from whom it purchases such garments to agree in writing that its products do not infringe anyone else's copyrights. InterFocus does not knowingly sell merchandise that infringes others' rights.

3. There are many fabric manufacturers in China, and many third-party vendors who manufacture garments using fabrics obtained from those garment manufacturers. Many fabric manufacturers offer similar floral, paisley, and other patterns to garment manufacturers. I [or InterFocus] have asked the vendors from whom we purchased garments that Neman Brothers claims infringe its rights to identify the fabric manufacturers from who they acquired the fabric used on the allegedly infringing goods, and also asked them to provide us with examples of

similar fabric designs they received from someone other than Neman Brothers. They have told InterFocus they will provide such information and those materials, but have not yet done so. We continue to encourage them to provide us with that information and exemplar designs, but we have no way to compel them to do so.

4. In reviewing my earlier declaration to prepare this one, I discovered one typographical error I would like to correct. A chart at paragraph 14 shows that a garment identified by ID No. 399267 was taken down from Interfocus' online platform on 9/14/2020. That is in error. In fact, as stated in paragraph 10 of that same declaration, the referenced garment was taken down before InterFocus entered into its previous settlement agreement with Neman Brothers. The correct date that should have been included on the chart is 9/14/2019. I apologize for that error.

5. After suit was filed herein, InterFocus examined its business records to determine how much money it made selling the garments Neman Brothers has claimed infringe its copyright. InterFocus has determined that it earned less than $1000 in profits from such sales.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 2nd day of August, 2021, at Hayward, California.

_____
Weiwei Le