# EXHIBIT 1

1 | Mark S. Lee (SBN 94103)
  | mark.lee@rimonlaw.com
2 | RIMON, P.C.
  | 2029 Century Park East, Suite 400N
3 | Los Angeles, California 90067
  | Telephone: 213.375.3811
4 | Facsimile: 213.375.3811

5 | Zheng Liu (SBN 229311)
  | zheng.liu@rimonlaw.com
6 | RIMON, P.C.
  | 800 Oak Grove Avenue, Suite 250
7 | Menlo Park, California 94025
  | Telephone: 650.461.4433
8 | Facsimile: 650.461.4433

9 | Attorneys for Defendants
  | INTERFOCUS, INC. d.b.a.
10 | www.patpat.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

NEMAN BROTHERS & ASSOC., INC., a California Corporation,

Plaintiff,

v.

INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive,

Defendants.

INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive,

Counterclaim Plaintiffs

v.

NEMAN BROTHERS & ASSOC., INC., a California Corporation,

Counterclaim Defendant.

Case No. 2:20-cv-11181-CAS-JPR

**DEFENDANT AND COUNTERCLAIM PLAINTIFF INTERFOCUS, INC. d.b.a. WWW.PATPAT.COM'S RESPONSES TO PLAINTIFF AND COUNTERCLAIM DEFENDANT'S REQUEST FOR INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant and Counterclaim Plaintiff, Interfocus, Inc. d.b.a. www.patpat.com ("INTERFOCUS"), by and through its undersigned attorneys, Rimon P.C., serves its Responses and Objections to Plaintiffs and Counterclaim Defendants Neman Brothers & Assoc., Inc. ("Plaintiffs") First Set of Interrogatories (the "Interrogatories") as follows:

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

These General Objections are incorporated by reference into the response to each request.

1. INTERFOCUS objects to the Interrogatories to the extent that they exceed the scope of discovery or any applicable court rule.

2. INTERFOCUS objects to the Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. If INTERFOCUS inadvertently produces any information falling within any applicable privilege, INTERFOCUS does not intend to waive the applicable privilege.

3. INTERFOCUS objects to the Interrogatories to the extent that they seek information that is protected from disclosure by the rights of privacy.

4. INTERFOCUS objects to the Interrogatories to the extent that they are vague, ambiguous, overbroad in scope, uncertain as to time, unduly burdensome, oppressive, or seek information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

5. INTERFOCUS objects to the Interrogatories to the extent that they call for or contain a legal conclusion, opinion, legal argument, or factual or legal misrepresentation.

6. INTERFOCUS objects to the Interrogatories to the extent they seek information that is publicly available and/or within Plaintiff's possession, custody, or control and/or equally available to Plaintiff.

7. INTERFOCUS objects to the Interrogatories to the extent they seek the

premature disclosure of expert testimony or information or purport to require INTERFOCUS to disclose analyses, opinions, or theories that will be the subject of expert testimony. INTERFOCUS' responses to the Interrogatories are made without prejudice to INTERFOCUS' right during the further course of these proceedings, including at trial, to rely upon, refer to, or put into evidence additional expert information, testimony, or reports.

8. INTERFOCUS specifically objects to PLAINTIFF'S definition of the terms "YOU" or "YOUR" to the extent that they intend to seek information that are attorney client privileged communication or attorney workproduct and to the extent that they include personnel that are not employed by INTERFOCUS or under the control of INTERFOCUS.

9. INTERFOCUS specifically objects to PLAINTIFF'S definition of the terms "SUBJECT DESIGN," "ACCUSED PRODUCT," AND "ACCUSED PATTERN" to the extent that they can refer to one design, one product, one pattern or multiple designs, products or patterns; therefore they make multiple interrogatories vague, ambiguous, and confusing.

10. INTERFOCUS specifically objects to PLAINTIFF'S definition of the term "CONTACT INFORMATION" to the extent that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. INTERFOCUS also specifically objects to PLAINTIFF'S definition of the term "CONTACT INFORMATION" to the extent that it seeks confidential information protected from disclosure under common law, statutory, constitutional rights to privacy and data privacy law in California. INTERFOCUS will only provide such information pursuant to the terms of the protective order entered by the Court in this matter. INTERFOCUS also objects to the various definitions of "CONTACT INFORMATION" as overbroad in scope, uncertain as to time, unduly burdensome, oppressive, vastly disproportionate to the number of relevant sales or the amount of potential damages at issue in this

case.

11. INTERFOCUS investigation into the matters related to these interrogatories is ongoing. Thus, although INTERFOCUS is providing its best and most accurate responses to this discovery, it cannot exclude the possibility that the current responses are incomplete, or even inaccurate. INTERFOCUS therefore reserves the right to supplement and amend these responses if and when further, more complete or more accurate information becomes available.

## RESPONSES TO INTERROGATORIES

Subject to and without waiving any of its General Objections, INTERFOCUS responds more specifically to Propounding Party's Interrogatories as follows:

**INTERROGATORY NO. 1**

If YOU contend that the Plaintiff does not own the SUBJECT DESIGN, state all facts supporting the contention.

**RESPONSE TO INTERROGATORY NO. 1:**

Without waiving its general objections, this response is based on the fact that Plaintiff has provided only incomplete documentation to support its copyright ownership claim, that Plaintiff has made no initial disclosures to support its ownership claims in violation of local and federal rules, and that it is informed and believes that the designs at issue are very similar to independently created pre-existing designs that are widely available in the Chinese market where the products at issue were produced by independent vendors. INTERFOCUS' investigation and discovery are continuing, and it reserves the right to provide a supplemental response to this interrogatory as it discovers additional facts to support this response.

**INTERROGATORY NO. 2**

If YOU contend that the SUBJECT DESIGN is not original, state all facts supporting the contention.

-3-
INTERFOCUS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 2:**

Without waiving its general objections, this response is based on the fact that Plaintiff has provided no documentation to support its originality claim, that Plaintiff has made no initial disclosures to support its originality claims in violation of local and federal rules, and that it is informed and believes that the designs at issue are very similar to independently created pre-existing designs that are widely available in the Chinese market where the products at issue were produced by independent vendors. INTERFOCUS' investigation and discovery are continuing, and it reserves the right to provide a supplemental response to this interrogatory as it discovers additional facts to support this response.

**INTERROGATORY NO. 3**

If YOU contend that Plaintiff's registration of the SUBJECT DESIGN is invalid, state all facts supporting the contention.

**RESPONSE TO INTERROGATORY NO. 3:**

Without waiving its general objections, this response is based on the fact that Plaintiff has provided no independent documentation to support its validity claim, that Plaintiff has made no initial disclosures to support its validity claims in violation of local and federal rules, and that it is informed and believes that the designs at issue are very similar to independently created pre-existing designs that are widely available in the Chinese market where the products at issue were produced by independent vendors. INTERFOCUS' investigation and discovery are continuing, and it reserves the right to provide a supplemental response to this interrogatory as it discovers additional facts to support this response.

**INTERROGATORY NO. 4**

If YOU contend that YOU did not copy the SUBJECT DESIGN, state all facts supporting the contention.

**RESPONSE TO INTERROGATORY NO. 4:**

INTERFOCUS purchases garments already manufactured from third party vendors. INTERFOCUS does not and has not designed any fabric relating to the SUBJECT DESIGN, ACCUSED PRODUCT or ACCUSE PATTERN. INTERFOCUS did not and could not have copied any fabric designs, let alone anything owned by Plaintiff. In addition, based on information and belief, INTERFOCUS' vendors purchase fabrics on the open market to make their garments. INTERFOCUS believes that the first-sale doctrine bars plaintiff from seeking any damages from INTERFOCUS or its vendors.

**INTERROGATORY NO. 5:**

If YOU contend any part of the pre-existing designs created prior to the registration date of the SUBJECT DESIGN is similar with any part of the SUBJECT DESIGN, IDENTIFY all of such part of the said pre-existing designs.

**RESPONSE TO INTERROGATORY NO. 5:**

InterFocus is producing those similar pre-existing designs in response to the concurrently served request for productions of documents, and it objects to verbally describing the similarities depicted by those images here on the grounds that the request is oppressive, harassing, and burdensome.

**INTERROGATORY NO. 6:**

IDENTIFY the SAMPLING PROCEDURE YOU had with any VENDOR.

**RESPONSE TO INTERROGATORY NO. 6:**

INTERFOCUS objects to this request as overly broad, unduly burdensome, repetitive of other discovery requests, and seeks confidential, proprietary information that is not relevant to any party's claims or defenses and proportional to the needs of the case. INTERFOCUS objects to this request on the ground that parties have previously settled any alleged copyright infringement as of March 21, 2020; therefore, any DOCUMENTS relating to any of the ACCUSED PRODUCT before the date of the settlement is irrelevant to this litigation. INTERFOCUS further objects to this request on the grounds that it goes far behind the three years

of statute of limitation for copyright infringement. INTERFOCUS further objects to this request as disproportional to what is needed to understand the number of sales relating to ACCUSED PRODUCT, which was only 186 pieces total, including those sold before March 20, 2020 thus part of the earlier settlement.

Subject to the general and specific objections above, INTERFOCUS states that a potential vendor would upload photos of garments for INTERFOCUS to review, INTERFOCUS would then request vendor to send a sample to INTERFOCUS if there is anything INTERFOCUS likes. INTERFOCUS would verify the quality of the sample garment, if meeting INTERFOCUS' requirements, send a purchase order to the vendor.  Vendor would ship the ordered garments to INTERFOCUS' warehouse within seven (7) days for quality inspection. Once garments pass quality inspection, INTERFOCUS  will start sales of such garments by uploading photos of garments and pricing information onto the patpat platfom.

**INTERROGATORY NO. 7:**

IDENTIFY the SAMPLING PROCEDURE YOU had with any customer who purchased the ACCUSED PRODUCTS for the purpose of reselling as a merchant, not an end user.

**RESPONSE TO INTERROGATORY NO. 7:**

INTERFOCUS objects to this request as overly broad, unduly burdensome, repetitive of other discovery requests, and seeks confidential, proprietary information that is not relevant to any party's claims or defenses and proportional to the needs of the case. INTERFOCUS objects to this request on the ground that parties have previously settled any alleged copyright infringement as of March 21, 2020; therefore, any DOCUMENTS relating to any of the ACCUSED PRODUCT before the date of the settlement is irrelevant to this litigation. INTERFOCUS further objects to this request on the grounds that it goes far behind the three years of statute of limitation for copyright infringement. INTERFOCUS further objects to this request as disproportional to what is needed to understand the number of sales

relating to ACCUSED PRODUCT, which was only 186 pieces total, including those sold before March 20, 2020 thus part of the earlier settlement.

Subject to the general and specific objections above, INTERFOCUS does not have a SAMPLING PROCEDURE with any customer.

**INTERROGATORY NO. 8:**

If YOU contend a VENDOR uploaded the picture or the information of the SUBJECT PRODUCT on YOUR website, state all facts supporting such contention.

**RESPONSE TO INTERROGATORY NO. 8:**

INTERFOCUS objects to this request as overly broad, unduly burdensome, repetitive of other discovery requests, and seeks confidential, proprietary information that is not relevant to any party's claims or defenses and proportional to the needs of the case. INTERFOCUS objects to this request on the ground that parties have previously settled any alleged copyright infringement as of March 21, 2020; therefore, any DOCUMENTS relating to any of the ACCUSED PRODUCT before the date of the settlement is irrelevant to this litigation. INTERFOCUS further objects to this request on the grounds that it goes far behind the three years of statute of limitation for copyright infringement. INTERFOCUS also objects to this request on the ground that the term "SUBJECT PRODUCT" has not been defined.

Subject to the general and specific objections above, INTERFOCUS does not contend that a vendor uploaded information relating to any ACCUSED PRODUCT onto the patpat platform.

**INTERROGATORY NO. 9:**

IDENTIFY all expert witnesses YOU contacted in connection with this case.

**RESPONSE TO INTERROGATORY NO. 9:**

INTERFOCUS objects to this request as overly broad, unduly burdensome, repetitive of other discovery requests, and seeks confidential, proprietary

information that is not relevant to any party's claims or defenses and proportional to the needs of the case. INTERFOCUS objects to this request on the ground that parties have previously settled any alleged copyright infringement as of March 21, 2020; therefore, any DOCUMENTS relating to any of the ACCUSED PRODUCT before the date of the settlement is irrelevant to this litigation. INTERFOCUS further objects to this request on the grounds that it goes far behind the three years of statute of limitation for copyright infringement. INTERFOCUS further objects to this request as it solicits attorney-client privileged communication and attorney work product.

**INTERROGATORY NO. 10:**

If YOU contend that YOU independently created the ACCUSED PATTERN, state all facts supporting the contention.

**RESPONSE TO INTERROGATORY NO. 10:**

INTERFOCUS objects to this request as overly broad, unduly burdensome, repetitive of other discovery requests, and seeks confidential, proprietary information that is not relevant to any party's claims or defenses and proportional to the needs of the case. INTERFOCUS objects to this request on the ground that parties have previously settled any alleged copyright infringement as of March 21, 2020; therefore, any DOCUMENTS relating to any of the ACCUSED PRODUCT before the date of the settlement is irrelevant to this litigation. INTERFOCUS further objects to this request on the grounds that it goes far behind the three years of statute of limitation for copyright infringement. INTERFOCUS also objects to this request on the ground that the term "SUBJECT PRODUCT" has not been defined.

Subject to the general and specific objections above, INTERFOCUS does not contend that it independently created the ACCUSE PATTERN.

**INTERROGATORY NO. 11:**

Account for YOUR total sales, or the total sale through YOUR website, of the

ACCUSED PRODUCT by stating the total number of units sold to each customer broken down by SKU or internal style number (with the number of each).

**RESPONSE TO INTERROGATORY NO. 11:**

INTERFOCUS objects to this request as overly broad, unduly burdensome, repetitive of other discovery requests, and seeks confidential, proprietary information that is not relevant to any party's claims or defenses and proportional to the needs of the case. INTERFOCUS objects to this request on the ground that parties have previously settled any alleged copyright infringement as of March 21, 2020; therefore, any DOCUMENTS relating to any of the ACCUSED PRODUCT before the date of the settlement is irrelevant to this litigation. INTERFOCUS further objects to this request on the grounds that it goes far behind the three years of statute of limitation for copyright infringement. INTERFOCUS further objects to this request as disproportional to what is needed to understand the number of sales relating to ACCUSED PRODUCT, which was only 186 pieces total, including those sold before March 20, 2020 thus part of the earlier settlement.

Subject to the general and specific objections above, INTERFOCUS provides a spreadsheet which contains information regarding all the sales of the ACCUSED PRODUCT.

**INTERROGATORY NO. 12:**

IDENTIFY each and every expenses or costs that YOU incurred in selling the ACCUSED PRODUCT.

**RESPONSE TO INTERROGATORY NO. 12:**

INTERFOCUS objects to this request as overly broad, unduly burdensome, repetitive of other discovery requests, and seeks confidential, proprietary information that is not relevant to any party's claims or defenses and proportional to the needs of the case. INTERFOCUS objects to this request on the ground that parties have previously settled any alleged copyright infringement as of March 21, 2020; therefore, any DOCUMENTS relating to any of the ACCUSED PRODUCT

before the date of the settlement is irrelevant to this litigation. INTERFOCUS further objects to this request on the grounds that it goes far behind the three years of statute of limitation for copyright infringement. INTERFOCUS further objects to this request as disproportional to what is needed to understand the amount of costs relating to ACCUSED PRODUCT, which was only sold for186 pieces total, including those sold before March 20, 2020 thus part of the earlier settlement.

Subject to the general and specific objections above, INTERFOCUS provides a spreadsheet which contains information regarding the costs of the ACCUSED PRODUCT.

**INTERROGATORY NO. 13:**

IDENTIFY the time period during which YOU purchased, or a VENDOR posted on YOUR WEBSITE, the ACCUSED PRODUCT.

**RESPONSE TO INTERROGATORY NO. 13:**

INTERFOCUS objects to this request as overly broad, unduly burdensome, repetitive of other discovery requests, and seeks confidential, proprietary information that is not relevant to any party's claims or defenses and proportional to the needs of the case. INTERFOCUS objects to this request on the ground that parties have previously settled any alleged copyright infringement as of March 21, 2020; therefore, any DOCUMENTS relating to any of the ACCUSED PRODUCT before the date of the settlement is irrelevant to this litigation. INTERFOCUS further objects to this request on the grounds that it goes far behind the three years of statute of limitation for copyright infringement. INTERFOCUS further objects to this request as disproportional to what is at stake in this litigation, where the ACCUSED PRODUCT was only sold for186 pieces total, including those sold before March 20, 2020 thus part of the earlier settlement.

Subject to the general and specific objections above, INTERFOCUS provides a spreadsheet which contains information regarding the time period that the ACCUSED PRODUCT was sold.

**INTERROGATORY NO. 14:**

IDENTIFY the time period during which YOU sold, or a VENDOR sold through YOUR WEBSITE, the SUBJECT PRODUCT.

**RESPONSE TO INTERROGATORY NO. 14:**

INTERFOCUS objects to this request as overly broad, unduly burdensome, repetitive of other discovery requests, and seeks confidential, proprietary information that is not relevant to any party's claims or defenses and proportional to the needs of the case. INTERFOCUS objects to this request on the ground that parties have previously settled any alleged copyright infringement as of March 21, 2020; therefore, any DOCUMENTS relating to any of the ACCUSED PRODUCT before the date of the settlement is irrelevant to this litigation. INTERFOCUS further objects to this request on the grounds that it goes far behind the three years of statute of limitation for copyright infringement. INTERFOCUS further objects to this request as disproportional to what is at stake in this litigation, where the ACCUSED PRODUCT was only sold for 186 pieces total, including those sold before March 20, 2020 thus part of the earlier settlement. INTERFOCUS also objects to this request on the ground that the term "SUBJECT PRODUCT" has not been defined.

Subject to the general and specific objections above, INTERFOCUS provides a spreadsheet which contains information regarding the time period that the ACCUSED PRODUCT was sold.

**INTERROGATORY NO. 15:**

IDENTIFY each DOCUMENT that is responsive to each interrogatory contained in these Interrogatories herein, including reference to Bates Numbers when a DOCUMENT is produced in lieu of written statements as responses to any of the Interrogatories herein.

**RESPONSE TO INTERROGATORY NO. 15:**

INTERFOCUS objects to this request as overly broad, unduly burdensome,

repetitive of other discovery requests, and seeks confidential, proprietary information that is not relevant to any party's claims or defenses and proportional to the needs of the case. INTERFOCUS objects to this request on the ground that parties have previously settled any alleged copyright infringement as of March 21, 2020; therefore, any DOCUMENTS relating to any of the ACCUSED PRODUCT before the date of the settlement is irrelevant to this litigation. INTERFOCUS further objects to this request on the grounds that it goes far behind the three years of statute of limitation for copyright infringement. INTERFOCUS further objects to this request as disproportional to what is at stake in this litigation, where the ACCUSED PRODUCT was only sold for 186 pieces total, including those sold before March 20, 2020 thus part of the earlier settlement.

**INTERROGATORY NO. 16:**

IDENTIFY all PERSONS with knowledge of any facts stated in YOUR responses to any of the Interrogatories herein.

**RESPONSE TO INTERROGATORY NO. 16:**

INTERFOCUS objects to this request as overly broad, unduly burdensome, repetitive of other discovery requests, and seeks confidential, proprietary information that is not relevant to any party's claims or defenses and proportional to the needs of the case. INTERFOCUS objects to this request on the ground that parties have previously settled any alleged copyright infringement as of March 21, 2020; therefore, any DOCUMENTS relating to any of the ACCUSED PRODUCT before the date of the settlement is irrelevant to this litigation. INTERFOCUS further objects to this request on the grounds that it goes far behind the three years of statute of limitation for copyright infringement. INTERFOCUS further objects to this request as disproportional to what is at stake in this litigation, where the ACCUSED PRODUCT was only sold for 186 pieces total, including those sold before March 20, 2020 thus part of the earlier settlement.

Subject to the general and specific objections above, INTERFOCUS

identifies Weiwei Le, Senior Operations Manager as the person most knowledgeable to these discovery requests located in the United States.

**INTERROGATORY NO. 17:**

IDENTIFY all of the INVENTORIES.

**RESPONSE TO INTERROGATORY NO. 17:**

INTERFOCUS objects to this request as overly broad, unduly burdensome, repetitive of other discovery requests, and seeks confidential, proprietary information that is not relevant to any party's claims or defenses and proportional to the needs of the case. INTERFOCUS objects to this request on the ground that parties have previously settled any alleged copyright infringement as of March 21, 2020; therefore, any DOCUMENTS relating to any of the ACCUSED PRODUCT before the date of the settlement is irrelevant to this litigation. INTERFOCUS further objects to this request on the grounds that it goes far behind the three years of statute of limitation for copyright infringement. INTERFOCUS further objects to this request as disproportional to what is at stake in this litigation, where the ACCUSED PRODUCT was only sold for 186 pieces total, including those sold before March 20, 2020 thus part of the earlier settlement.

Subject to the general and specific objections above, INTERFOCUS does not have any INVENTORIES relating to ACCUSED PRODUCT. They have either been sold, or for those taken down after receiving Plaintiff's notice, destroyed.

**INTERROGATORY NO. 18:**

Describe all preventive measures that YOU have taken in connection with the ACCUSED PRODUCT, in order to avoid copyright infringement including, but not limited to, indemnification agreements, orders to stop sales, vendor verification processes, and internal controls.

**RESPONSE TO INTERROGATORY NO. 18:**

INTERFOCUS objects to this request as overly broad, unduly burdensome, repetitive of other discovery requests, and seeks confidential, proprietary

information that is not relevant to any party's claims or defenses and proportional to the needs of the case. INTERFOCUS objects to this request on the ground that parties have previously settled any alleged copyright infringement as of March 21, 2020; therefore, any DOCUMENTS relating to any of the ACCUSED PRODUCT before the date of the settlement is irrelevant to this litigation. INTERFOCUS further objects to this request on the grounds that it goes far behind the three years of statute of limitation for copyright infringement. INTERFOCUS further objects to this request as disproportional to what is at stake in this litigation, where the ACCUSED PRODUCT was only sold for 186 pieces total, including those sold before March 20, 2020 thus part of the earlier settlement.

 Subject to the general and specific objections above, INTERFOCUS routinely take down any garment relating to which a complaint, notice, or cease or desist has been received. INTERFOCUS also requires vendors to license its intellectual property to INTERFOCUS.

**INTERROGATORY NO. 19:**

 If YOU contend that YOUR sale of the ACCUSED PRODUCT are attributable to factors other than the SUBJECT DESIGN, state all facts supporting such contention.

**RESPONSE TO INTERROGATORY NO. 19:**

 INTERFOCUS objects to this request as overly broad, unduly burdensome, repetitive of other discovery requests, and seeks confidential, proprietary information that is not relevant to any party's claims or defenses and proportional to the needs of the case. INTERFOCUS objects to this request on the ground that parties have previously settled any alleged copyright infringement as of March 21, 2020; therefore, any DOCUMENTS relating to any of the ACCUSED PRODUCT before the date of the settlement is irrelevant to this litigation. INTERFOCUS further objects to this request on the grounds that it goes far behind the three years of statute of limitation for copyright infringement. INTERFOCUS further objects to

this request as disproportional to what is at stake in this litigation, where the ACCUSED PRODUCT was only sold for 186 pieces total, including those sold before March 20, 2020 thus part of the earlier settlement.

Subject to the general and specific objections above, INTERFOCUS contends that the sale of the ACCUSED PRODUCT has mostly been attributed to the excellent price/quality ratio of its products.

**INTERROGATORY NO. 20:**

If any of YOUR response to any of Plaintiff's Requests for Admissions (Set ONE) is not an unqualified admission, state all facts supporting such a response.

**RESPONSE TO INTERROGATORY NO. 20:**

INTERFOCUS objects to this interrogatory on the ground it is oppressive, harassing and burdensome because, inter alia, it seeks to require INTERFOCUS to provide information in response to twenty-two discrete requests for admissions and, when combined with the previous and subsequent interrogatories served herein, thereby exceeds the twenty-five interrogatory imposed by Fed. R. Civ. Proc. 33.

**INTERROGATORY NO. 21:**

If any of YOUR response to any of Plaintiff's Requests for Admissions (Set ONE) is not an unqualified admission, IDENIFY ALL PERSONS having any personal knowledge as to any facts supporting such a response.

**RESPONSE TO INTERROGATORY NO. 21:**

INTERFOCUS objects to this interrogatory on the ground it is oppressive, harassing and burdensome because, inter alia, it seeks to require INTERFOCUS to provide information in response to twenty-two discrete requests for admissions and, when combined with the previous and subsequent interrogatories served herein, thereby exceeds the twenty-five interrogatory established by Fed. R. Civ. Proc. 33.

**INTERROGATORY NO. 22:**

If any of YOUR response to any of Plaintiff's Requests for Admissions (Set ONE) is not an unqualified admission, IDENTIFY ALL DOCUMENTS stating

mentioning, referring to, memorializing, discussing, evaluating, commenting, or reporting any facts supporting such a response.

**RESPONSE TO INTERROGATORY NO. 22:**

INTERFOCUS objects to this interrogatory on the ground it is oppressive, harassing and burdensome because, inter alia, it seeks to require INTERFOCUS to provide information in response to twenty-two discrete requests for admissions and, when combined with the previous and subsequent interrogatories served herein, thereby exceeds the twenty-five interrogatory established by Fed. R. Civ. Proc. 33.

**INTERROGATORY NO. 23:**

IDENTIFY ALL PERSONS whom the signor of the verification of the responses to these interrogatories met, discussed with, checked with, confirmed with, relied on, in order to confirm the truthfulness of the responses, before signing the verification.

**RESPONSE TO INTERROGATORY NO. 23:**

INTERFOCUS objects to this interrogatory on the grounds that it seek information protected by the attorney-client and attorney work product privileges, and on the ground that it is oppressive, harassing, and burdensome.

RIMON, P.C.

Dated: May 3, 2021

By: /s/ Mark S. Lee
Mark S. Lee
Zheng Liu

Attorneys for Defendants and Counterclaim Plaintiffs
INTERFOCUS, INC. d.b.a. www.patpat.com

# PROOF OF SERVICE

I, Cheryl Lovdahl, am over the age of 18 and not a party to this action. My place of business is 800 Oak Grove Avenue, Suite 250, Menlo Park, CA 94025. On May 3, 2021, I served the following attached document(s):

1. **DEFENDANT AND COUNTERCLAIM PLAINTIFF INTERFOCUS, INC. d.b.a. WWW.PATPAT.COM'S RESPONSES TO PLAINTIFF AND COUNTERCLAIM DEFENDANT'S REQUEST FOR INTERROGATORIES**

on the person(s) listed below in the following manner/s:

| | |
|---|---|
| ☒ | **BY UNITED STATES MAIL**. I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) below and placed the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing documents for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. |
| ☒ | **BY ELECTRONIC MAIL.** I sent the persons below copies of the documents via electronic mail at the email addresses below. |

The following party was served the above-referenced document(s):

**Chan Yong Jeong, Esq. (SBN: 255244)**
**jeong@jeonglikens.com**
**JEONG & LIKENS, L.C.**
**222 South Oxford Avenue**
**Los Angeles, California 90004**
**Telephone: 213.688.2001**
**Facsimile:  213.315.5035**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:  May 3, 2021                           /s/ Cheryl Lovdahl
                                              Cheryl Lovdahl