Mark S. Lee (SBN 94103)
mark.lee@rimonlaw.com
RIMON, P.C.
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone: 213.375.3811
Facsimile: 213.375.3811

Zheng Liu (SBN 229311)
zheng.liu@rimonlaw.com
RIMON, P.C.
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
Telephone: 650.461.4433
Facsimile: 650.461.4433

Attorneys for Defendants
INTERFOCUS, INC. d.b.a.
www.patpat.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-11181-CAS-JPR<br><br>**STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT BY DEFENDANT INTERFOCUS, INC. IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: August 23, 2021<br>Time: 10:00 am<br>Courtroom: 8D<br><br>Honorable Christine A. Snyder |
| INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive,<br><br>Counterclaim Plaintiffs,<br>v.<br><br>NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Counterclaim Defendant. | |

Defendant and counterclaimant InterFocus, Inc. d.b.a. www.patpat.com ("Interfocus") presents the following Statement of Genuine Disputes of Genuine Material Fact pursuant to Local Rule 56-2 as follows:

**INTERFOCUS INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| 1. | Neman Brothers is a Los Angeles-based textile converter selling fabrics to the garment manufacturers that manufacture garments out of our fabrics, to be sold to the retailer businesses. Neman Brothers generates business by marketing its line of designs to its customers, who will purchase Neman Brothers' design-oriented fabric to be created into clothing and sold at retail stores nationwide. | Neman Brothers is a California company that has filed almost a hundred copyright infringement actions, and whose conduct resembles that of a "copyright troll." Motion Declaration of Mark S. Lee ["Lee Decl."] ¶ 2 and Ex. 1, Dkt. No. 35-1; *Malibu Media, L.L.C. v. Doe*, 2015 WL 4092417, *2 (S.D.N.Y. July 6, 2015). |
| 2. | As the fabric wholesale industry is very competitive as to the qualities and the pricing, one major way of enhancing the competitiveness is to develop unique designs to be printed upon the fabric, which would make the fabrics more attractive, unique and competitive. Therefore, having original and proprietary artwork is critical to | Undisputed but irrelevant. |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT BY DEFENDANT INTERFOCUS, INC. IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| | | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|---|
| | | Neman Brothers' ability to compete in the marketplace, and it invests heavily in its design team and its proprietary line of design. | |
| | 3. | Neman Brothers either internally creates, or purchases the ownership from design studios, two-dimensional works of art for use on textiles which Neman Brothers customers use to make garments to be sold to retail businesses. | Undisputed but irrelevant |
| | 4. | Unauthorized use of Neman Brothers' designs undermines its competitive advantage in a highly competitive industry. Therefore, for protection of the designs, Neman Brothers routinely registers new artworks as a collection for copyrights with the U.S. Copyright Office before introducing them to the market. | Neman Brothers is a California company that has filed almost a hundred copyright infringement actions, and whose conduct resembles that of a "copyright troll."  Motion Declaration of Mark S. Lee ["Lee Decl."] ¶ 2 and Ex. 1, Dkt. No. 35-1; *Malibu Media, L.L.C. v. Doe*, 2015 WL 4092417, *2 (S.D.N.Y. July 6, 2015). |
| | 5. | Unfortunately, as there are many businesses selling illegal copies, some willful infringers and some innocent infringers, Neman Brothers get to find | Neman Brothers is a California company that has filed almost a hundred copyright infringement actions, and whose conduct resembles |

| | | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|---|
| | | many illegal copies, and for protection of its copyrights, has had to file numerous cases when the parties could not settle the matter prior to filing the actions. Most of the cases settled. In none of the settlement agreements in those cases, Neman Brothers never agreed the defendants' liability for future infringements would be completely released as long as the defendants remove the future infringing garments off their selves or website because it would be like giving a permanent unlimited license for free unless the defendants pay fair amount in return for such quasi-license. | that of a "copyright troll."  Motion Declaration of Mark S. Lee ["Lee Decl."] ¶ 2 and Ex. 1, Dkt. No. 35-1; *Malibu Media, L.L.C. v. Doe*, 2015 WL 4092417, *2 (S.D.N.Y. July 6, 2015).. |
| 6. | | Neman Brothers pays companies that perform printing services to print fabric bearing Neman Brothers' exclusive designs. Neman Brothers then sells that fabric to its customer base, which is composed mainly of companies that make and sell garments to retailers. | Undisputed but irrelevant. |
| 7. | | Neman Brothers, whenever introducing | Undisputed but irrelevant. |

-4-

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | new designs, make sure its vendors and customers understand that Neman Brothers' designs are proprietary work copyright registered. Neman Brothers' vendors agree to not print or sell fabric bearing Neman Brothers' designs unless specifically authorized by Neman Brothers. | |
| 8. | Neman Brothers is the owner of two-dimensional artworks called NB161106 ("Subject Design 1"), NB170268 ("Subject Design 2") and NB180228 ("Subject Design 3") which are at issue in this case | The originality and protectability of this copyright is disputed because the subject designs are very similar to independently created pre-existing designs that are widely available in the Chinese market, where the products at issue were produced by independent vendors. (Opp. Lee Decl. ¶ 3 and Exs. 1 and 2.) Additional discovery could, uncover evidence that the fabric patterns used to create the garments InterFocus sold were created independently of the patterns in which Neman Brothers claims copyright by someone else, or that the fabric patterns used by InterFocus' Chinese third party vendors were acquired |

| Disputed Fact | Controverting Facts and Evidence |
|---|---|
|  | from the same fabric manufacturer from whom Neman Brothers  acquired its alleged  U.S. copyrights, or that the designs at issue originated with another manufacturer from whom Neman Brothers' assignor copied it, or other facts that could provide defenses to the present copyright infringement claims. (Opp. Lee Decl. ¶ 4.) InterFocus is attempting to gather this information now, but due to the difficulties and uncertainties of conducting international discovery in China, it has not yet succeeded in obtaining it. (Opp. Lee Decl. ¶¶ 6-7 6-7; Opp. Le Decl. ¶ 3.)  Neman Brothers has also admitted that it manufactured and sold its copyrighted designs in China (Declaration of Yoel Neman ¶14, Docket No. 42-1), and thus InterFocus' third-party vendors may have purchased the fabric designs at issue from authorized vendors and it therefore may not be liable under the first sale doctrine on this basis. |

| | | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|---|
| | | | InterFocus should be permitted to conduct further investigation and discovery on these issues pursuant to Fed. R. Civ. Proc 56(d). |
| | 9. | The Subject Design 1 was registered with the United States Copyright Office on January 13, 2017, and allocated Registration VAu-1-304-334. | Undisputed but irrelevant. The originality and protectability of this copyright is disputed because the subject designs are very similar to independently created pre-existing designs that are widely available in the Chinese market, where the products at issue were produced by independent vendors. (Opp. Lee Decl. ¶ 3 and Exs. 1 and 2.) Additional discovery could, uncover evidence that the fabric patterns used to create the garments InterFocus sold were created independently of the patterns in which Neman Brothers claims copyright by someone else, or that the fabric patterns used by InterFocus' Chinese third party vendors were acquired from the same fabric manufacturer from whom Neman Brothers acquired its alleged U.S. copyrights, or that the |

-7-

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT BY DEFENDANT INTERFOCUS, INC. IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | | designs at issue originated with another manufacturer from whom Neman Brothers' assignor copied it, or other facts that could provide defenses to the present copyright infringement claims. (Opp. Lee Decl. ¶ 4.)  Neman Brothers has also admitted that it manufactured and sold its copyrighted designs in China (Declaration of Yoel Neman ¶14, Docket No. 42-1), and thus InterFocus' third-party vendors may have purchased the fabric designs at issue from authorized vendors and it therefore may not be liable under the first sale doctrine on this basis. InterFocus is attempting to gather this information now, but due to the difficulties and uncertainties of conducting international discovery in China, it has not yet succeeded in obtaining it. (Opp. Lee Decl. ¶¶ 6-7 6-7; Opp. Le Decl. ¶ 3.) InterFocus should be permitted to conduct further investigation and discovery on these issues pursuant to Fed. R. Civ. Proc |

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | | 56(d). |
| 10. | The Subject Design 2 was registered with the United States Copyright Office on March 3, 2017, and allocated Registration VAu-1-317-742. | Undisputed but irrelevant. The originality and protectability of this copyright is disputed because the subject designs are very similar to independently created pre-existing designs that are widely available in the Chinese market, where the products at issue were produced by independent vendors. (Opp. Lee Decl. ¶ 3 and Exs. 1 and 2.) Additional discovery could, uncover evidence that the fabric patterns used to create the garments InterFocus sold were created independently of the patterns in which Neman Brothers claims copyright by someone else, or that the fabric patterns used by InterFocus' Chinese third party vendors were acquired from the same fabric manufacturer from whom Neman Brothers acquired its alleged U.S. copyrights, or that the designs at issue originated with another manufacturer from whom Neman Brothers' assignor copied it, or |

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | | other facts that could provide defenses to the present copyright infringement claims. (Opp. Lee Decl. ¶ 4.)  Neman Brothers has also admitted that it manufactured and sold its copyrighted designs in China (Declaration of Yoel Neman ¶14, Docket No. 42-1), and thus InterFocus' third-party vendors may have purchased the fabric designs at issue from authorized vendors and it therefore may not be liable under the first sale doctrine on this basis. InterFocus is attempting to gather this information now, but due to the difficulties and uncertainties of conducting international discovery in China, it has not yet succeeded in obtaining it. (Opp. Lee Decl. ¶¶ 6-7 6-7; Opp. Le Decl. ¶ 3.) InterFocus should be permitted to conduct further investigation and discovery on these issues pursuant to Fed. R. Civ. Proc 56(d). |
| 11. | The Subject Design 3 was registered with the United States Copyright | Undisputed but irrelevant. The originality and protectability of this |

| Disputed Fact | Controverting Facts and Evidence |
|---|---|
| Office on April 30, 2018, and allocated Registration VAu-1-330-970. | copyright is disputed because the subject designs are very similar to independently created pre-existing designs that are widely available in the Chinese market, where the products at issue were produced by independent vendors. (Opp. Lee Decl. ¶ 3 and Exs. 1 and 2.)  Additional discovery could, uncover evidence that the fabric patterns used to create the garments InterFocus sold were created independently of the patterns in which Neman Brothers claims copyright by someone else, or that the fabric patterns used by InterFocus' Chinese third party vendors were acquired from the same fabric manufacturer from whom Neman Brothers  acquired its alleged  U.S. copyrights, or that the designs at issue originated with another manufacturer from whom Neman Brothers' assignor copied it, or other facts that could provide defenses to the present copyright infringement claims. (Opp. Lee Decl. ¶ 4.)  Neman |

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | | Brothers has also admitted that it manufactured and sold its copyrighted designs in China (Declaration of Yoel Neman ¶14, Docket No. 42-1), and thus InterFocus' third-party vendors may have purchased the fabric designs at issue from authorized vendors and it therefore may not be liable under the first sale doctrine on this basis. InterFocus is attempting to gather this information now, but due to the difficulties and uncertainties of conducting international discovery in China, it has not yet succeeded in obtaining it. (Opp. Lee Decl. ¶¶ 6-7 6-7; Opp. Le Decl. ¶ 3.) InterFocus should be permitted to conduct further investigation and discovery on these issues pursuant to Fed. R. Civ. Proc 56(d). |
| 12. | After the registrations of the new designs including the Subject Designs, Neman Brothers provided samples in the forms of swatch (a small piece of fabric), hanger (fabric sample with | The originality and protectability of this copyright is disputed because InterFocus is informed and believes they are very similar to independently created pre-existing designs that are |

| Disputed Fact | Controverting Facts and Evidence |
|---|---|
| headers), and CAD (a piece of paper having the design printed upon) to the customers, who are primarily garment manufacturers, wholesalers and/or importers either located in, or using the vendors in, fashion districts in Los Angeles, Shenzhen, Foshan, Guangzhou, and Shaoxing cities where most of factories and mills are located. | widely available in the Chinese market, where the products at issue were produced by independent vendors. (Opp. Lee Decl. ¶ 3 and Exhs. 1 and 2.) Additional discovery could, for example, uncover evidence that the fabric patterns used to create the garments InterFocus sold were created independently of the patterns in which Neman Brothers claims copyright by someone else, or that the fabric patterns used by InterFocus' Chinese third party vendors were acquired from the same fabric manufacturer from whom Neman Brothers  acquired its alleged  U.S. copyrights, or that the designs at issue originated with another manufacturer from whom Neman Brothers' assignor copied it, or other facts that could provide defenses to the present copyright infringement claims. (Opp. Lee Decl. ¶ 4.)  Neman Brothers has also admitted that it manufactured and sold its copyrighted designs in China |

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | | (Declaration of Yoel Neman ¶14, Docket No. 42-1), and thus InterFocus' third-party vendors may have purchased the fabric designs at issue from authorized vendors and it therefore may not be liable under the first sale doctrine on this basis. InterFocus is attempting to gather this information now, but due to the difficulties and uncertainties of conducting international discovery in China, it has not yet succeeded in obtaining it. (Opp. Lee Decl. ¶¶ 6-7; Opp. Le Decl. ¶ 3.) InterFocus should be permitted to conduct further investigation and discovery on these issues pursuant to Fed. R. Civ. Proc 56(d). |
| 13. | Neman Brothers on a constant basis widely circulated the samples, and sold the fabrics, bearing the Subject Designs. | Undisputed but irrelevant. |
| 14. | While Neman Brothers give out swatches, hangers and CADs as samples for free to potential customers, | Undisputed but irrelevant. |

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | in the case customers order a few yards, typically 1-5 yards, in order to make their garment samples, Neman Brothers charge more or less of $5 dollars per yard, depending on the quantity and the fabric type. Neman Brothers also provide samples using multiple different colorways for each design. | |
| 15. | As shown in the swatch sheet, Neman Brothers creates multiple style numbers based on kind of fabric, colorways, and the design, which is to be used for communications with customers and vendors. For Subject Design 1, Neman Brothers used 20335 as part of the style numbers. While other part of the style numbers may change depending upon the fabric type and the colorways, 20335 would be used to specify the design on the fabric would be the Subject Design 1. | Undisputed but irrelevant. |
| 16. | Neman Brothers sales history records, maintained in the MOD2, a sale record | Undisputed but Irrelevant |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT BY DEFENDANT INTERFOCUS, INC. IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | keeping system, show each sale of fabrics bearing the Subject Design 1, identified as "20335", to customers in the amount of about 143,048 yards for 2 years since the registration in 2017 until early 2019, which typically makes 70,000 to 140,000 garments to be sold through retailers including national retail stores such as Rainbow, Macy's and other online stores. For example, Byer California is one of the biggest garment manufacturers in the U.S. selling the garments to the national retail chains such as Kohl's, Macy's, etc. and actually used on multiple occasions in the years of 2017-2019 a factory located in Shaoxing City to make garments out of the Neman Brother's fabrics. Exhibit 8. | |
| 17. | Due to Interfocus' infringing activities in 2019 and 2020 of displaying and selling the Infringing Garments on its website, from the second half of 2019 and until the present, Neman Brothers did not receive the orders for the | An unsupported conclusion based on no facts, and preposterous because InterFocus' total profits from all sales of disputed designs in this action was less than $1000. Opp. Le Decl. ¶ 5. |

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | fabrics bearing the Subject Design 1. Given Neman Brothers typically sells the fabrics for more or less of $3 per yard, its loss of sale from the infringement amounts to $214,572 per year. At the rate of 30% margin, Neman Brothers' typical margin ratio, it is about $71,524 as lost profit per year, as to Subject Design 1. Therefore, after Interfocus infringement, Neman Brothers lost $143,048 profits for the years of 2020 and 2021. | |
| 18. | Neman Brothers' swatch sheet showing multiple different colorways of the Subject Design 2. For Subject Design 2, Neman Brothers used 20419 as part of the style numbers. | Undisputed but irrelevant. |
| 19. | Neman Brothers sales history records, maintained in the MOD2, a sale record keeping system, show each sale of fabrics bearing the Subject Design 2, identified as "20419", to customers in the amount of about 48,870 yards for 2 years mainly since the registration in | Undisputed but irrelevant. |

-17-

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | 2017 until early 2019. Neman Brothers could sell some fabrics in 2020 and 2021 too, but the total amount compared to prior years, was minimal. | |
| 20. | Due to Interfocus' infringing activities in 2019 and 2020 of displaying and selling the Infringing Garments on its website, from the second half of 2019 and until the present, Neman Brothers did not receive, except a few, the orders for the fabrics bearing the Subject Design 2. Given Neman Brothers typically sells the fabrics for more or less of $3 per yard, its loss of sale from the infringement amounts to $73,305 per year. At the rate of 30% margin, it is about $21,991.5 as lost profit per year, as to Subject Design 2. Therefore, after Interfocus infringement, Neman Brothers lost $43,983 profits for the years of 2020 and 2021. | An unsupported conclusion based on no facts, and preposterous because InterFocus' total profits from all sales of the disputed designs in this action was less than $1000. Opp. Le Decl. ¶ 5. |
| 21. | Exhibit 11 is a true and correct copy of Neman Brothers' swatch sheet showing | Undisputed but irrelevant. |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT BY DEFENDANT INTERFOCUS, INC. IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | multiple different colorways of the Subject Design 3. For Subject Design 3, Neman Brothers used 21060 as part of the style numbers. While other part of the style numbers may change depending upon the fabric type and the colorways, 21060 would be used to specify the design on the fabric would be the Subject Design 3. | |
| 22. | Neman Brothers sales history records, maintained in the MOD2, our sales record keeping system, show each sale of fabrics bearing the Subject Design 3, identified as "21060", to customers in the amount of about 16,247 yards for 2 years since the registration in early 2018 until 2019. Due to Interfocus' infringing activities in 2019 and 2020 of displaying and selling the Infringing Garments on its website, from the second half of 2019 and until the present, Neman Brothers received only a few orders for the fabrics bearing the Subject Design 3. Given Neman Brothers typically sells the fabrics for | Undisputed but irrelevant. |

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | more or less of $3 per yard, its loss of sale from the infringement amounts to $24,370.5 per year. At the rate of 30% margin, it is about $7,311.15 as lost profit per year, as to Subject Design 3. | |
| 23. | In 2019, Interfocus infringed upon Neman Brothers' copyrights on Subject Design 1, by displaying and selling the Maternity Dress ("Prior Infringing Garment 1") and shown in Exhibit 13. Submitted herewith as Exhibit 13 is a copy of the screenshots from Interfocus' website (patpat.com) and the pictures of the actual garment. Therefore, Neman Brothers sued Interfocus in 2019 (case no. 2:19-cv-10112) ("Prior Case"). | Undisputed but irrelevant, because 1) Neman Brothers already released InterFocus for such claims in a previous settlement agreement. Motion Le Decl. ¶¶ 2-4, Exs 2 and 3, Dkt. No. 35-1, 4 and 5 |
| 24. | Interfocus also displayed and sold Baby Floral Shirt and Dress ("Prior Infringing Garment 2") The said garments were also litigated in the Prior Case. | Undisputed but irrelevant, because 1) Neman Brothers already released InterFocus for such claims in a previous settlement agreement. Motion Le Decl. ¶¶ 2-4, Exs 2 and 3, Dkt. No. 35-1, 4 and 5; and 2) Neman Brothers agreed InterFocus could |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT BY DEFENDANT INTERFOCUS, INC. IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | | "cure" that alleged infringement by stopping sales of the allegedly infringing product on wit website within 7 days of receiving notice in that previous settlement agreement, and InterFocus effected that cure. Motion Le Decl. ¶¶ 2-4, 11-12, 14, Exs 2 and 3, Dkt. No. 35-1, 4 and 5. |
| 25. | The Prior Case settled and the parties executed the settlement agreement ("Prior Settlement Agreement") as shown in | Undisputed. Motion Le Decl. ¶¶ 2-4, Exs 2 and 3. Dkt. No. 35-1, 4 and 5. |
| 26. | Not long after the Prior Settlement, on September 4, 2020, I found Interfocus again displayed and sold the same Maternity Dress ("Infringing Garment 1") in "navy" and "red" colors as shown in Exhibits 15 to 18. I ordered and bought the Infringing Garment 1. Submitted herewith as Exhibits 15 through 17 are copies of the screenshots from Interfocus' website (patpat.com) displaying the Infringing Garment 1. The pictures of Infringing | Undisputed but irrelevant, because Neman Brothers agreed InterFocus could "cure" that alleged infringement by stopping sales of the allegedly infringing product on wit website within 7 days of receiving notice in a previous settlement agreement, and InterFocus effected that cure as permitted by the prior settlement agreement. Motion Le Decl. ¶¶ 2-4, 11-12, 14, Exs 2 and 3, Dkt. No. 35-1, 4 and 5. |

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | Garment 1 are also submitted as Exhibits 16 and 18. While the dress in the picture of the dress on the screenshot in the Prior Case had short sleeves, the actual garment I received was sleeveless. Exhibit 13. The Infringing Garment 1 I found and bought also were sleeveless and identical with the dress in the Prior Case. | |
| 27. | The care tags of the Prior Infringing Garment 1 and the Infringing Garment 1 however, indicated different Stock Keeping Unit ("SKU") numbers which means they were from different batches of production. They also had different Lot Numbers, different fabric substance ratios (75% cotton and 25% polyester v. 100% cotton), different labels (Interfocus v. Shenzhen YS Garment Factory), and different production times (201905 v. 202007). As it typically takes a couple of months from sampling to actual production, the production in July 2020 means | Undisputed but irrelevant, because Neman Brothers agreed InterFocus could "cure" that alleged infringement by stopping sales of the allegedly infringing product on wit website within 7 days of receiving notice in a previous settlement agreement, and InterFocus effected that cure as permitted by the prior settlement agreement. Motion Le Decl. ¶¶ 2-4, 11-12, 14, Exs 2 and 3, Dkt. No. 35-1, 4 and 5. |

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | Interfocus started the whole procedure of sampling, ordering, reviewing, etc. at least from May 2020, which is less than two months after the Prior Settlement on March 23, 2020. | |
| 28. | On September 4, 2020, Neman Brothers also found Interfocus displayed and sold Baby Dress (Infringing Garment 2) which were using the exact same pattern with the Prior Infringing Garment 2). Neman Brothers ordered and bought the Infringing Garment 2. | Undisputed but irrelevant, because Neman Brothers agreed InterFocus could "cure" that alleged infringement by stopping sales of the allegedly infringing product on wit website within 7 days of receiving notice in a previous settlement agreement, and InterFocus effected that cure as permitted by the prior settlement agreement. Motion Le Decl. ¶¶ 2-4, 11-12, 14, Exs 2 and 3, Dkt. No. 35-1, 4 and 5. |
| 29. | The side-by-side comparison of the care tags of the two show that they also had different SKU numbers, Lot Numbers, different fabric substance ratios (100% cotton v. 95% cotton and 5% polyester), different labels (Interfocus v. Foshan SCCQ Trading | Undisputed but irrelevant, because Neman Brothers agreed InterFocus could "cure" that alleged infringement by stopping sales of the allegedly infringing product on wit website within 7 days of receiving notice in a previous settlement agreement, and |

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | Lt.), and different production times (201901 v. 202007). | InterFocus effected that cure as permitted by the prior settlement agreement. Motion Le Decl. ¶¶ 2-4, 11-12, 14, Exs 2 and 3, Dkt. No. 35-1, 4 and 5. |
| 30. | Again, as it typically takes a couple of months from sampling to actual production, the production in July 2020 means Interfocus started the whole procedure of sampling, ordering, reviewing, etc. at least from May 2020, which is less than two months after the Prior Settlement on March 23, 2020. | Undisputed but irrelevant, because Neman Brothers agreed InterFocus could "cure" that alleged infringement by stopping sales of the allegedly infringing product on wit website within 7 days of receiving notice in a previous settlement agreement, and InterFocus effected that cure as permitted by the prior settlement agreement. Motion Le Decl. ¶¶ 2-4, 11-12, 14, Exs 2 and 3,  Dkt. No. 35-1, 4 and 5. |
| 31. | In October 2020, I also found another infringing garment called Green Maxi Dress ("Infringing Garment 3"). | Undisputed but irrelevant, because Neman Brothers sued InterFocus without giving InterFocus "Adequate Notification" and an opportunity to cure the alleged infringement before filing suit by curing it as required by a previous settlement agreement, and |

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | | because InterFocus "cured" the alleged infringement after it learned of Neman Brothers' claims.  Motion Le Decl. ¶¶ 2-4, 11-12, 14, Exs. 2 and 3, Dkt. No. 35-1, 4 and 5. |
| 32. | The side-by-side comparisons of the Subject Designs and the Infringing Garments reveals they are virtually identical in most of the objective details of the elements forming the designs and even arrangements of the elements. The chance for the two independently created designs to happen to have the same elements identical in details and the same arrangement of those elements would be far less than one in a million, in other words impossible. | The originality and protectability of this copyright is disputed because the subject designs are very similar to independently created pre-existing designs that are widely available in the Chinese market, where the products at issue were produced by independent vendors. (Opp. Lee Decl. ¶ 3 and Exs. 1 and 2.) Additional discovery could, uncover evidence that the fabric patterns used to create the garments InterFocus sold were created independently of the patterns in which Neman Brothers claims copyright by someone else, or that the fabric patterns used by InterFocus' Chinese third party vendors were acquired from the same fabric manufacturer from whom Neman Brothers  acquired its alleged  U.S. copyrights, or that the |

-25-

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | | designs at issue originated with another manufacturer from whom Neman Brothers' assignor copied it, or other facts that could provide defenses to the present copyright infringement claims. (Opp. Lee Decl. ¶ 4.) InterFocus is attempting to gather this information now, but due to the difficulties and uncertainties of conducting international discovery in China, it has not yet succeeded in obtaining it. (Opp. Lee Decl. ¶¶ 6-7 6-7; Opp. Le Decl. ¶ 3.)  Neman Brothers has also admitted that it manufactured and sold its copyrighted designs in China (Declaration of Yoel Neman ¶14, Docket No. 42-1), and thus InterFocus' third-party vendors may have purchased the fabric designs at issue from authorized vendors and it therefore may not be liable under the first sale doctrine on this basis. InterFocus should be permitted to conduct further investigation and discovery on these issues pursuant to |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT BY DEFENDANT INTERFOCUS, INC. IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | | Fed. R. Civ. Proc 56(d). |
| 33. | The first page of Exhibit 23 shows most of the elements, if not all, on the Infringing Garment 1 are copied from the Subject Design 1. The second page shows the major motif (indicated in red circles) having the main elements arranged in a certain way are identical while there were some crude efforts to give the appearance of dissimilarity on the Infringing Design 1 by taking out a few small leaves or flowers. Not only the arrangement, the shapes of the flower, flower buds, stems, leaves, and color shadings are also the same. These are not a combination of generic shapes like triangle, circle, square or line, but about a very detailed hand-drawn and intricate description of flowers, stems, leaves, and their arrangement. No designer would not be able to draw the design twice in the exact same way in such details without seeing it and copying it. This part standing alone forms an original and protectible | The originality and protectability of this copyright is disputed because the subject designs are very similar to independently created pre-existing designs that are widely available in the Chinese market, where the products at issue were produced by independent vendors. (Opp. Lee Decl. ¶ 3 and Exs. 1 and 2.) Additional discovery could, uncover evidence that the fabric patterns used to create the garments InterFocus sold were created independently of the patterns in which Neman Brothers claims copyright by someone else, or that the fabric patterns used by InterFocus' Chinese third party vendors were acquired from the same fabric manufacturer from whom Neman Brothers acquired its alleged U.S. copyrights, or that the designs at issue originated with another manufacturer from whom Neman Brothers' assignor copied it, or other facts that could provide defenses |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT BY DEFENDANT INTERFOCUS, INC. IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | element, and the Infringing Garment 1 copied it. | to the present copyright infringement claims. (Opp. Lee Decl. ¶ 4.)  Neman Brothers has also admitted that it manufactured and sold its copyrighted designs in China (Declaration of Yoel Neman ¶14, Docket No. 42-1), and thus InterFocus' third-party vendors may have purchased the fabric designs at issue from authorized vendors and it therefore may not be liable under the first sale doctrine on this basis. InterFocus is attempting to gather this information now, but due to the difficulties and uncertainties of conducting international discovery in China, it has not yet succeeded in obtaining it. (Opp. Lee Decl. ¶¶ 6-7 6-7; Opp. Le Decl. ¶ 3.) InterFocus should be permitted to conduct further investigation and discovery on these issues pursuant to Fed. R. Civ. Proc 56(d). |
| 34. | Even the elements describing small flowers, small leaves, and small stems, as well as their shapes, shades, | The originality and protectability of this copyright is disputed because the subject designs are very similar to |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT BY DEFENDANT INTERFOCUS, INC. IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| Disputed Fact | Controverting Facts and Evidence |
|---|---|
| locations, colors, directions and arrangements are strikingly identical, which cannot possibly be a coincidence of two independently created design having such identities in every details. The second and the third pages of Exhibit 23 also show the remaining elements on Infringing Garment 1 were nothing but the result of flipping or rotating the elements of the Subject Design 1. | independently created pre-existing designs that are widely available in the Chinese market, where the products at issue were produced by independent vendors. (Opp. Lee Decl. ¶ 3 and Exs. 1 and 2.) Additional discovery could, uncover evidence that the fabric patterns used to create the garments InterFocus sold were created independently of the patterns in which Neman Brothers claims copyright by someone else, or that the fabric patterns used by InterFocus' Chinese third party vendors were acquired from the same fabric manufacturer from whom Neman Brothers acquired its alleged U.S. copyrights, or that the designs at issue originated with another manufacturer from whom Neman Brothers' assignor copied it, or other facts that could provide defenses to the present copyright infringement claims. (Opp. Lee Decl. ¶ 4.) Neman Brothers has also admitted that it manufactured and sold its copyrighted |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT BY DEFENDANT INTERFOCUS, INC. IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | | designs in China (Declaration of Yoel Neman ¶14, Docket No. 42-1), and thus InterFocus' third-party vendors may have purchased the fabric designs at issue from authorized vendors and it therefore may not be liable under the first sale doctrine on this basis. InterFocus is attempting to gather this information now, but due to the difficulties and uncertainties of conducting international discovery in China, it has not yet succeeded in obtaining it. (Opp. Lee Decl. ¶¶ 6-7 6-7; Opp. Le Decl. ¶ 3.) InterFocus should be permitted to conduct further investigation and discovery on these issues pursuant to Fed. R. Civ. Proc 56(d). |
| 35. | The same is true about the Infringing Garment 2. On the first page, the circles in different colors indicate which parts are corresponding to each other on the two. Most of the elements, if not all, on the Infringing Garment 2 are from the elements of the Subject | The originality and protectability of this copyright is disputed because the subject designs are very similar to independently created pre-existing designs that are widely available in the Chinese market, where the products at issue were produced by independent |

| Disputed Fact | Controverting Facts and Evidence |
|---|---|
| Design 2. | vendors. (Opp. Lee Decl. ¶ 3 and Exs. 1 and 2.) Additional discovery could, uncover evidence that the fabric patterns used to create the garments InterFocus sold were created independently of the patterns in which Neman Brothers claims copyright by someone else, or that the fabric patterns used by InterFocus' Chinese third party vendors were acquired from the same fabric manufacturer from whom Neman Brothers acquired its alleged U.S. copyrights, or that the designs at issue originated with another manufacturer from whom Neman Brothers' assignor copied it, or other facts that could provide defenses to the present copyright infringement claims. (Opp. Lee Decl. ¶ 4.) InterFocus is attempting to gather this information now, but due to the difficulties and uncertainties of conducting international discovery in China, it has not yet succeeded in obtaining it. Neman Brothers has also |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT BY DEFENDANT INTERFOCUS, INC. IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | | admitted that it manufactured and sold its copyrighted designs in China (Declaration of Yoel Neman ¶14, Docket No. 42-1), and thus InterFocus' third-party vendors may have purchased the fabric designs at issue from authorized vendors and it therefore may not be liable under the first sale doctrine on this basis. (Opp. Lee Decl. ¶¶ 6-7 6-7; Opp. Le Decl. ¶ 3.) InterFocus should be permitted to conduct further investigation and discovery on these issues pursuant to Fed. R. Civ. Proc 56(d). |
| 36. | The second page of Exhibit 24 shows the biggest element as the main motif, circled in red on page 1, are identical in shapes, arrangements, directions, and locations while there were some crude efforts to give the appearance of dissimilarity on some leaves or flowers. Such also appear to be the result of lowering the printing cost for the garment's low pricing by simplifying some details and colors of the elements. | The originality and protectability of this copyright is disputed because the subject designs are very similar to independently created pre-existing designs that are widely available in the Chinese market, where the products at issue were produced by independent vendors. (Opp. Lee Decl. ¶ 3 and Exs. 1 and 2.) Additional discovery could, uncover evidence that the fabric patterns used to create the garments |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT BY DEFENDANT INTERFOCUS, INC. IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | Pages 3, 4 and 5 also show the remaining elements used on the Infringing Garment 2 are nothing but a rotated or flipped version of the elements on the Subject Design 2. | InterFocus sold were created independently of the patterns in which Neman Brothers claims copyright by someone else, or that the fabric patterns used by InterFocus' Chinese third party vendors were acquired from the same fabric manufacturer from whom Neman Brothers acquired its alleged U.S. copyrights, or that the designs at issue originated with another manufacturer from whom Neman Brothers' assignor copied it, or other facts that could provide defenses to the present copyright infringement claims. (Opp. Lee Decl. ¶ 4.) InterFocus is attempting to gather this information now, but due to the difficulties and uncertainties of conducting international discovery in China, it has not yet succeeded in obtaining it. (Opp. Lee Decl. ¶¶ 6-7 6-7; Opp. Le Decl. ¶ 3.)  Neman Brothers has also admitted that it manufactured and sold its copyrighted designs in China (Declaration of Yoel |

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | | Neman ¶14, Docket No. 42-1), and thus InterFocus' third-party vendors may have purchased the fabric designs at issue from authorized vendors and it therefore may not be liable under the first sale doctrine on this basis. InterFocus should be permitted to conduct further investigation and discovery on these issues pursuant to Fed. R. Civ. Proc 56(d). |
| 37. | The first page of Exhibit 25 again shows the main motifs on the Infringing Garment 3 are copies of the elements on the Subject Design 3. The second page shows all elements of the main motif circled in red on the first page are the same as the elements of the Subject Design 3. The third page also shows the remaining elements are in fact a rotated or flipped version of the element on Subject Design 3. | The originality and protectability of this copyright is disputed because the subject designs are very similar to independently created pre-existing designs that are widely available in the Chinese market, where the products at issue were produced by independent vendors. (Opp. Lee Decl. ¶ 3 and Exs. 1 and 2.) Additional discovery could, uncover evidence that the fabric patterns used to create the garments InterFocus sold were created independently of the patterns in which Neman Brothers claims copyright by someone else, or that the fabric |

-34-

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | | patterns used by InterFocus' Chinese third party vendors were acquired from the same fabric manufacturer from whom Neman Brothers acquired its alleged U.S. copyrights, or that the designs at issue originated with another manufacturer from whom Neman Brothers' assignor copied it, or other facts that could provide defenses to the present copyright infringement claims. (Opp. Lee Decl. ¶ 4.) InterFocus is attempting to gather this information now, but due to the difficulties and uncertainties of conducting international discovery in China, it has not yet succeeded in obtaining it. (Opp. Lee Decl. ¶¶ 6-7 6-7; Opp. Le Decl. ¶ 3.) Neman Brothers has also admitted that it manufactured and sold its copyrighted designs in China (Declaration of Yoel Neman ¶14, Docket No. 42-1), and thus InterFocus' third-party vendors may have purchased the fabric designs at issue from authorized vendors and it |

| | | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|---|
| | | | therefore may not be liable under the first sale doctrine on this basis. InterFocus should be permitted to conduct further investigation and discovery on these issues pursuant to Fed. R. Civ. Proc 56(d). |
| | 38. | As discussed above, the comparisons of the care tags of the Prior Infringing Garments 1 and 2 with the same of the Infringing Garments 1 and 2 show the Infringing Garments at issue in this case are not part of the prior production of the Prior Infringing Garments. It was a new production that happened in July 2020, which procedure started from May 2020 which was less than two months after the settlement on March 23, 2020 in the Prior Case. | Undisputed but irrelevant, because Neman Brothers agreed InterFocus could "cure" that alleged infringement by stopping sales of the allegedly infringing product on wit website within 7 days of receiving notice in a previous settlement agreement, and InterFocus effected that cure as permitted by the prior settlement agreement. Motion Le Decl. ¶¶ 2-4, 11-12, 14, Exs 2 and 3, Dkt. No. 35-1, 4 and 5. |
| | 39. | Interfocus failed to present any evidence for such rebuttal, rather, the evidence below strongly show that NB owns the Subject Design. For example, in response to the interrogatories asking about Interfocus' or its vendor's | The originality and protectability of this copyright is disputed because the subject designs are very similar to independently created pre-existing designs that are widely available in the Chinese market, where the products at |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT BY DEFENDANT INTERFOCUS, INC. IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| Disputed Fact | Controverting Facts and Evidence |
|---|---|
| independent creation and any prior work, Interfocus stated only "**it is informed and believes** the designs at issue are very similar to independently created pre-existing designs…" which has no evidentiary value at all. (emphasis added) | issue were produced by independent vendors. (Opp. Lee Decl. ¶ 3 and Exs. 1 and 2.) Additional discovery could, uncover evidence that the fabric patterns used to create the garments InterFocus sold were created independently of the patterns in which Neman Brothers claims copyright by someone else, or that the fabric patterns used by InterFocus' Chinese third party vendors were acquired from the same fabric manufacturer from whom Neman Brothers acquired its alleged U.S. copyrights, or that the designs at issue originated with another manufacturer from whom Neman Brothers' assignor copied it, or other facts that could provide defenses to the present copyright infringement claims. (Opp. Lee Decl. ¶ 4.) InterFocus is attempting to gather this information now, but due to the difficulties and uncertainties of conducting international discovery in China, it has not yet succeeded in |

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | | obtaining it. (Opp. Lee Decl. ¶¶ 6-7 6-7; Opp. Le Decl. ¶ 3.)  Neman Brothers has also admitted that it manufactured and sold its copyrighted designs in China (Declaration of Yoel Neman ¶14, Docket No. 42-1), and thus InterFocus' third-party vendors may have purchased the fabric designs at issue from authorized vendors and it therefore may not be liable under the first sale doctrine on this basis. InterFocus should be permitted to conduct further investigation and discovery on these issues pursuant to Fed. R. Civ. Proc 56(d). |
| 40. | Interfocus response to Interrogatory 6 admits that in the ordinary procedures, Interfocus orders the garments it likes after it reviews the sample pictures, and do the quality inspection, and start sales of the garments. | The interrogatory response does not "admit" what Neman Brothers claims its does. Opp. Lee Decl. Ex. 1. Also irrelevant, because Neman Brothers agreed InterFocus could "cure" the alleged infringement by stopping sales of the allegedly infringing product on wit website within 7 days of receiving notice in a previous settlement agreement, and InterFocus effected |

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | | that cure as permitted by the prior settlement agreement. Motion Le Decl. ¶¶ 2-4, 11-12, 14, Exs 2 and 3, Dkt. No. 35-1, 4 and 5. |
| 41. | Interfocus further admitted it controlled the display procedure of the garments by stating Interfocus' vendors do not upload the information relating to the Infringing Garments. | This is an unsupported assertion unsupported by any facts.  InterFocus has made no such admission. Opp. Lee Decl. Ex. 1. |
| 42. | The above clearly shows Interfocus soon after signing the Prior Settlement Agreement on March 23, 2020, promptly started the sampling procedure, reviewed the samples of the Infringing Garments 1 and 2, ordered them again as Interfocus liked it in May 2020 (Exhibits 39 and 40), uploaded the garment pictures with the information on the website on July 1, 2020 for Infringing Garment 1 and June 19, 2020 for Infringing Garment 2 and sold them until September 16, 2020. Exhibit 33. Even worse, it turned out the Interfocus continued to sell the | Disputed and irrelevant, because Neman Brothers agreed InterFocus could "cure" that alleged infringement by stopping sales of the allegedly infringing product on wit website within 7 days of receiving notice in a previous settlement agreement, and InterFocus effected that cure as permitted by the prior settlement agreement. Motion Le Decl. ¶¶ 2-4, 11-12, 14, Exs. 2 and 3, Dkt. No. 35-1, 4 and 5. |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT BY DEFENDANT INTERFOCUS, INC. IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | Prior Infringing Garment 1 and the Prior Infringing Garment 2 even after the Prior Settlement until September 2020. Exhibit 33. | |
| 43. | The above shows it is undisputed soon after the settlement of the Prior Case where the Subject Designs 1 and 2 were litigated, Interfocus again reviewed, chose, ordered, uploaded, displayed and sold the Infringing Garments 1 and 2, which sufficiently establishing copying after the actual access. | Disputed and irrelevant, because Neman Brothers agreed InterFocus could "cure" that alleged infringement by stopping sales of the allegedly infringing product on wit website within 7 days of receiving notice in a previous settlement agreement, and InterFocus effected that cure as permitted by the prior settlement agreement. Motion Le Decl. ¶¶ 2-4, 11-12, 14, Exs. 2 and 3, Dkt. No. 35-1, 4 and 5. |
| 44. | Even as to Subject Design 3, Interfocus should be found to be a willful infringer under *Unicolors v. Urban Outfitters*. In response to the interrogatory asking about preventive measures Interfocus has taken, Interfocus stated Interfocus takes down the garments after receiving notices, | This is a legal argument, not a statement of fact. It is also disputed and irrelevant, because Neman Brothers entered into a settlement agreement in which it agreed to give InterFocus "Adequate Notification" and an opportunity to cure this alleged infringement within 7 says, but failed |

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | which is not a "preventive" measure at all. Interfocus also stated in its response that it requires vendors to license its intellectual property to Interfocus. Again, it at the best means only if a vendor has an intellectual property, it would have to license it to Interfocus, which has nothing do to with reasonable preventive measure such as checking on the source of the design on the samples when reviewing and before making an order. | to give such notice before filing suit herein and thereby breached that settlement agreement. InterFocus nevertheless cured that alleged infringement as permitted by the prior settlement agreement once it learned of Neman Brothers' claim in its amended complaint herein, and therefore cannot be liable on any basis on this claim.   Motion Le Decl. ¶¶ 2-4, 11-12, 14, Exs. 2 and 3, Dkt. No. 35-1, 4 and 5. |
| 45. | In the discovery, Interfocus never produced any evidence showing such reasonable efforts. The sampling procedure explained in Interfocus responses in fact admits it simply review, like and then order. There is no checking on copyright issues. Rather, even after knowing on the copyright issues, Interfocus would dare to order again, and display and sell online again. It is exactly what the Nineth Circuit Court called "willful blindness", "reckless policy", and "no attempt to | This is a legal argument, not a statement of fact. It is also disputed and irrelevant, because Neman Brothers entered into a settlement agreement in which it agreed to give InterFocus "Adequate Notification" and an opportunity to cure this alleged infringement within 7 says, but failed to give such notice before filing suit herein and thereby breached that settlement agreement. InterFocus nevertheless cured that alleged infringement as permitted by the prior |

-41-

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT BY DEFENDANT INTERFOCUS, INC. IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| | Disputed Fact | Controverting Facts and Evidence |
|---|---|---|
| | check or inquire" into copyright issues. | settlement agreement once it learned of Neman Brothers' claim in its amended complaint herein, and therefore cannot be liable on any basis on this claim.   Motion Le Decl. ¶¶ 2-4, 11-12, 14, Exs 2 and 3, Dkt. No. 35-1, 4 and 5. |
| 46. | In this case, Interfocus produced only a self-serving chart made after receiving the cease and desist letter in September 2020, in anticipation of a litigation, which is nothing but a hearsay. In response to the interrogatories asking for accounting the total sales, earnings and costs, Interrogatory stated it would produce   charts.   Interfocus   never produced any real business records, such as purchase order, invoice, or sales reports from the sales record keeping system. | This is legal argument, not a statement of fact, and is irrelevant to Neman Brothers' motion.  Further, though irrelevant to this motion, InterFocus did produce sales records. |

## STATEMENT OF ADDITIONAL FACTS PRECLUDING STATEMENT OF UNCONTROVERTED FACTS

| Undisputed Fact | Evidence |
|---|---|
| 1.  Summary judgment previously has been entered against Neman Brothers for, *inter alia*, refiling released copyright infringement claims. | *Neman Brothers & Assoc., Inc. v. One Step up Ltd.*, 764 Fed. Appx 624 (9th Cir. March 25, 2019) |
| 2.  Neman Brothers released InterFocus from liability for all claims Neman Brothers asserted or could have asserted in the Previous Action in the PSA. | PSA §5, Exs. 2 and 3, Dkt. Nos. 35-1, 4 and 5. |
| 3.  In the PSA, Neman Brothers Neman Brothers agreed to give InterFocus written notice of any future alleged infringement of intellectual property, and allowed InterFocus seven business days thereafter to "cure" it by removing the allegedly infringed products from its platform. | PSA §5, Exs. 2 and 3, Dkt. Nos. 35-1, 4 and 5. |
| 4.  In the PSA, Neman Brothers agreed that it would not file a lawsuit against InterFocus for an alleged infringement until 30 days after giving InterFocus after giving written notice so the parties could resolve the dispute amicably by, for example, InterFocus curing the alleged infringements as provided earlier in that paragraph. | PSA §5, Exs. 2 and 3, Dkt. Nos. 35-1, 4 and 5. |
| 5.  InterFocus fully complied with all of its obligations under the PSA following its execution. | Motion Le Decl. ¶ 5. |

| Undisputed Fact | Evidence |
|---|---|
| 6.  Neman Brothers dismissed its claims against InterFocus with prejudice in the Previous Action, as the PSA required it to do. | PSA § 7, Exs. 2 and 3, Dkt. Nos. 35-1, 4 and 5; Previous Action Dkt. No. 19. |
| 7.  As required by the Previous Settlement Agreement, Neman Brothers sent InterFocus a letter intended to constitute "Adequate Notification" under the PSA on or about September 15, 2020 (the "September 15 letter") | Motion Le Decl. ¶¶ 6, 8 and Exs. 1 and 4, Dkt. Nos. 35-1, 2 and 6 |
| 8.  The September 15 Letter alleged infringement of Neman Brothers' alleged copyrights in the following six fabric patterns on the following garments:<br> | Motion Le Decl. ¶ 8, and Exs. 1 and 4, Dkt. Nos. 35-1, 2 and 6. |
| 9.  After receiving the September 15 Letter, InterFocus immediately launched an | Motion Le Decl. ¶ 7, Dkt. No. 35-1. |

-44-

| Undisputed Fact | Evidence |
|---|---|
| investigation into Neman Brothers' claims in compliance with its obligations | |
| 9.  In investigating Neman Brothers' claims in the September 2015 Letter, discovered that it had already removed from its platform three of the alleged infringements Neman Brothers' letter complained of before it entered into the Previous Settlement Agreement as follows:  | Motion Le Decl. ¶ 10, Dkt. No. 35-1; Opposition Le Decl. ¶ 4. |
| 10.  In response to the September 2015 Letter, InterFocus also removed from its platform the other three alleged infringements within seven business days of receiving the September 15, Letter as follows:  | Motion Le Decl. ¶¶11-12, Dkt. No 35-1. |
| 11.  Neman Brothers filed its original complaint herein on December 9, 2020. | Dkt. No. 1. |

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT BY DEFENDANT INTERFOCUS, INC. IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| Undisputed Fact | Evidence |
|---|---|
| 12. Neman Brothers' complaint repeated the allegations of the September 15 letter and Previous Action regarding those three released and three cured alleged infringements. | Cf. Dkt. No.1 Exs. 1-6 and September 15 letter Ex. 1, concurrently filed as Ex. 4; Le Decl. ¶ 15. |
| 13. Neman Brothers filed a First Amended Complaint on January 5, 2021. | Cf. Dkt. No. 10. |
| 14. Neman Brothers' First Amended Complaint added new copyright infringement claims about which it never sent InterFocus a written notice of alleged infringements. | Cf. Dkt. Nos 1 and 10; Motion Le Decl. ¶ 16, Dkt. No. 35-1. |
| 15. Although it never received an "Adequate Notification" regarding the copyright infringement claims added in its amended complaint, InterFocus removed these new alleged infringements from its platform as permitted by the "notice and cure" provision of the PSA. | |

///
///
///
///
///
///
///

-46-

1    Dated:  August 2, 2021                RIMON, P.C.

2

3

4                                  By: */s/ Mark S. Lee*

5                                  Mark S. Lee (SBN: 94103)
                                   mark.lee@rimonlaw.com
6                                  RIMON P.C.
                                   2029 Century Park East, Suite 400N
7                                  Los Angeles, CA   90067
                                   Telephone/Facsimile: 310.375.3811

8                                  Zheng Liu (SBN 229311)
                                   zheng.liu@rimonlaw.com
9                                  RIMON, P.C.
                                   800 Oak Grove Avenue, Suite 250
10                                 Menlo Park, California 94025
                                   Telephone/Facsimile: 650.461.4433

11                                 Attorneys for Defendants
                                   INTERFOCUS, INC. d.b.a.
12                                 www.patpat.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT BY DEFENDANT INTERFOCUS, INC. IN
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT