1  RIMON, P.C.
   Mark Lee (SBN 94103)
2  mark.lee@rimonlaw.com
   2029 Century Park East, Suite 400N
3  Los Angeles, California 90067
   Telephone/Facsimile: 213.375.3811
4
   RIMON, P.C.
5  Zheng Liu (SBN: 229311)
   zheng.liu@rimonlaw.com
6  800 Oak Grove Avenue, Suite 250
   Menlo Park, California 94025
7  Telephone/Facsimile: 650.461.4433

8  Attorneys for Defendants
   INTERFOCUS INC. d.b.a. www.patpat.com
9

10              **UNITED STATES DISTRICT COURT**

11     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

| | |
|---|---|
| 13  NEMAN BROTHERS & ASSOC., INC., a California Corporation, | Case No. 2:20-cv-11181-CAS-JPRC |
| 14 | **DEFENDANT AND COUNTERCLAIM** |
| 15      Plaintiff, | **PLAINTIFF INTERFOCUS, INC. D.B.A.** **WWW.PATPAT.COM'S OBJECTIONS** |
| 16      v. | **TO EVIDENCE SUBMITTED BY** **PLAINTIFF IN SUPPORT OF ITS** |
| 17  INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware | **MOTION FOR SUMMARY JUDGMENT** **AND IN OPPOSITION TO INTERFOCUS'** |
| 18  Corporation; CAN WANG, and individual, and DOES 1-10, inclusive., | **MOTION FOR SUMMARY JUDGMENT** |
| 19      Defendants. | |
| 20 | Date: August 23, 2021 |
| 21  INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware | Time: 10:00 am Courtroom: 8D |
| 22  Corporation; CAN WANG, an individual, and DOES 1-10, inclusive, | Honorable Christine A. Snyder |
| 23      Counterclaim Plaintiffs, | |
| 24      v. | |
| 25  NEMAN BROTHERS & ASSOC., INC., a California Corporation, | |
| 26 | |
| 27      Counterclaim Defendant. | |

28

# EVIDENTIARY OBJECTIONS

INTERFOCUS INC. d.b.a. www.patpat.com ("Interfocus") hereby objects to and moves to strike portions of the Declarations of Yoel Newman and Chan Yong Jeong and related exhibits on the following grounds:

| Declaration of Yoel Newman (Dkt. No. 44-1) | Objection | Ruling |
|---|---|---|
| I, YOEL NEMAN, declare:<br>1. I am over 18 years of age and have personal knowledge of each fact stated in this declaration. If called upon to testify thereto as a witness, I can and will testify. This declaration is submitted in support of Plaintiff's Motion for Summary Judgment and/or Adjudication against Defendant Interfocus, Inc. ("Interfocus"), and in opposition to Interfocus' Motion for Summary Judgment. | | |
| 2. I am the president of Plaintiff NEMAN BROTHERS & ASSOC., INC. ("Plaintiff" or "Neman Brothers"). I have been working in the fashion industry involving fabrics, designs printed on the fabrics, and garments for over 30 years, and I am the duly authorized custodian of the business records, including the exhibits attached hereto. | | |
| 3. I have the personal knowledge as to the manner of creation and maintenance of | | |

| Declaration of Yoel Newman (Dkt. No. 44-1) | Objection | Ruling |
|---|---|---|
| such business records. I hereby certify that the exhibits attached hereto have been created and maintained in Plaintiff's regular course of business, were made at or near the time of the act, condition or event recorded therein, and therefore, are true and genuine. | | |
| 4. Neman Brothers is a Los Angeles-based textile converter selling fabrics to the garment manufacturers that manufacture garments out of our fabrics, to be sold to the retailer businesses. Neman Brothers generates business by marketing its line of designs to its customers, who will purchase Neman Brothers' design-oriented fabric to be created into clothing and sold at retail stores nationwide. | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 602:  Lacks Foundation.  Mr. Newman cannot testify as to what customers do after purchasing Neman Brothers' fabric. | |
| 5. As the fabric wholesale industry is very competitive as to the qualities and the pricing, one major way of enhancing the competitiveness is to develop unique designs to be printed upon the fabric, which would make the fabrics more attractive, unique and competitive. Therefore, having original and proprietary artwork is critical to Neman | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 702: Improper Expert Opinion regarding competition in the marketplace | |

INTERFOCUS' EVIDENTIARY OBJECTIONS TO DECLARATION OF YOEL NEWMAN

| Declaration of Yoel Newman (Dkt. No. 44-1) | Objection | Ruling |
|---|---|---|
| Brothers' ability to compete in the marketplace, and it invests heavily in its design team and its proprietary line of design. | | |
| 6. Neman Brothers either internally creates, or purchases the ownership from design studios, two-dimensional works of art for use on textiles which Neman Brothers customers use to make garments to be sold to retail businesses. | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 602:  Lacks Foundation.  Mr. Newman cannot testify as to what customers do after purchasing Neman Brothers' fabric. | |
| 7. Unauthorized use of Neman Brothers' designs undermines its competitive advantage in a highly competitive industry. Therefore, for protection of the designs, Neman Brothers routinely registers new artworks as a collection for copyrights with the U.S. Copyright Office before introducing them to the market. Unfortunately, as there are many businesses selling illegal copies, some willful infringers and some innocent infringers, Neman Brothers get to find many illegal copies, and for protection of its copyrights, has had to file numerous cases when the parties could not settle the matter prior to filing the actions. Most of the cases settled. In none of the | Fed. R. Evid. 402: Irrelevant as to other lawsuits involving different parties; Fed. R. Evid. 403. Probative Value Outweighed; Fed. R. Evid. 602: Lacks Foundation as to evidence about other businesses; Fed. R. Evid. 702: Improper Expert Opinion regarding competition in the marketplace; Fed. R. Evid. 802: Hearsay; Assumes Facts Not in Evidence (U.*S. v. Schindler*, 614 F.2d. 227, 228 (9th Cir. 1980). | |

| Declaration of Yoel Newman (Dkt. No. 44-1) | Objection | Ruling |
|---|---|---|
| settlement agreements in those cases, Neman Brothers never agreed the defendants' liability for future infringements would be completely released as long as the defendants remove the future infringing garments off their selves or website because it would be like giving a permanent unlimited license for free unless the defendants pay fair amount in return for such quasi-license. | | |
| 8. Neman Brothers pays companies that perform printing services to print fabric bearing Neman Brothers' exclusive designs. Neman Brothers then sells that fabric to its customer base, which is composed mainly of companies that make and sell garments to retailers. | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 602: Lacks foundation to testify about other companies | |
| 9. Neman Brothers, whenever introducing new designs, make sure its vendors and customers understand that Neman Brothers' designs are proprietary work copyright registered. Neman Brothers' vendors agree to not print or sell fabric bearing Neman Brothers' designs unless specifically authorized by Neman Brothers. | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 602: Lacks foundation to testify about other companies; Fed. R. Evid. 802: Hearsay | |

| Declaration of Yoel Newman (Dkt. No. 44-1) | Objection | Ruling |
|---|---|---|
| 10. Neman Brothers is the owner of two-dimensional artworks called NB161106 ("Subject Design 1"), NB170268 ("Subject Design 2") and NB180228 ("Subject Design 3") which are at issue in this case. | | |
| 11. The Subject Design 1 was registered with the United States Copyright Office on January 13, 2017, and allocated Registration VAu-1-304-334. A true and correct copy of the Subject Design 1 and the Copyright Registration Certificate thereof are attached hereto as Exhibit 1 and 2. | | |
| 12. The Subject Design 2 was registered with the United States Copyright Office on March 3, 2017, and allocated Registration VAu-1-317-742. A true and correct copy of the Subject Design 2 and the Copyright Registration Certificate thereof are attached hereto as Exhibit 3 and 4. | | |
| 13. The Subject Design 3 was registered with the United States Copyright Office on April 30, 2018, and allocated Registration VAu-1-330-970. A true and correct copy of the Subject Design 3 and | | |

| Declaration of Yoel Newman (Dkt. No. 44-1) | Objection | Ruling |
|---|---|---|
| the Copyright Registration Certificate thereof are attached hereto as Exhibit 5 and 6. | | |
| 14. After the registrations of the new designs including the Subject Designs, Neman Brothers provided samples in the forms of swatch (a small piece of fabric), hanger (fabric sample with headers), and CAD (a piece of paper having the design printed upon) to the customers, who are primarily garment manufacturers, wholesalers and/or importers either located in, or using the vendors in, fashion districts in Los Angeles, Shenzhen, Foshan, Guangzhou, and Shaoxing cities where most of factories and mills are located. Neman Brothers on a constant basis widely circulated the samples, and sold the fabrics, bearing the Subject Designs. While Neman Brothers give out swatches, hangers and CADs as samples for free to potential customers, in the case customers order a few yards, typically 1-5 yards, in order to make their garment samples, Neman Brothers charge more or less of $5 dollars per yard, depending on the quantity and the fabric | Fed. R. Evid. 402: Irrelevant; | |

| Declaration of Yoel Newman (Dkt. No. 44-1) | Objection | Ruling |
|---|---|---|
| type. Neman Brothers also provide samples using multiple different colorways for each design. Exhibit 7 is a true and correct copy of Neman Brothers' swatch sheet showing multiple different colorways of the Subject Design 1. | | |
| 15. As shown in the swatch sheet, Neman Brothers creates multiple style numbers based on kind of fabric, colorways, and the design, which is to be used for communications with customers and vendors. For Subject Design 1, Neman Brothers used 20335 as part of the style numbers. While other part of the style numbers may change depending upon the fabric type and the colorways, 20335 would be used to specify the design on the fabric would be the Subject Design 1. | | |
| 16. Exhibit 8 is a copy of Neman Brothers sales history records, maintained in the MOD2, a sale record keeping system, describing each sale of fabrics bearing the Subject Design 1, identified as "20335", to customers in the amount of about 143,048 yards for 2 years since the registration in 2017 until early 2019, which typically makes 70,000 to 140,000 | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 602:  Lacks foundation to testify about other companies; Fed. R. Evid. 802: Hearsay; Assumes Facts Not in Evidence (U.S. v. Schindler, 614 F. 2d. 227, 228 (9th Cir. 1980); Fed. R. Evid. 704: Opinion on | |

| Declaration of Yoel Newman (Dkt. No. 44-1) | Objection | Ruling |
|---|---|---|
| garments to be sold through retailers including national retail stores such as Rainbow, Macy's and other online stores. For example, Byer California is one of the biggest garment manufacturers in the U.S. selling the garments to the national retail chains such as Kohl's, Macy's, etc. and actually used garments to the national retail chains such as Kohl's, Macy's, etc. and actually used on multiple occasions in the years of 2017-2019 a factory located in Shaoxing City to make garments out of the Neman Brother's fabrics. Exhibit 8. Due to Interfocus' infringing activities in 2019 and 2020 of displaying and selling the Infringing Garments on its website, from the second half of 2019 and until the present, Neman Brothers did not receive the orders for the fabrics bearing the Subject Design 1. Given Neman Brothers typically sells the fabrics for more or less of $3 per yard, its loss of sale from the infringement amounts to $214,572 per year. At the rate of 30% margin, Neman Brothers' typical margin ratio, it is about $71,524 as lost profit per year, as to | Ultimate Legal Issue. | |

| Declaration of Yoel Newman (Dkt. No. 44-1) | Objection | Ruling |
|---|---|---|
| Subject Design 1. Therefore, after Interfocus infringement, Neman Brothers lost $143,048 profits for the years of 2020 and 2021. | | |
| 17. Exhibit 9 is a true and correct copy of Neman Brothers' swatch sheet showing multiple different colorways of the Subject Design 2. For Subject Design 2, Neman Brothers used 20419 as part of the style numbers. | Fed. R. Evid. 402: Irrelevant | |
| 18. Exhibit 10 is a copy of Neman Brothers sales history records, maintained in the MOD2, a sale record keeping system, describing each sale of fabrics bearing the Subject Design 2, identified as "20419", to customers in the amount of about 48,870 yards for 2 years mainly since the registration in 2017 until early 2019. Neman Brothers could sell some fabrics in 2020 and 2021 too, but the total amount compared to prior years, was minimal. Due to Interfocus' infringing activities in 2019 and 2020 of displaying and selling the Infringing Garments on its website, from the second half of 2019 and until the present, Neman Brothers did not receive, except a few, the orders for | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 602:  Lacks foundation to testify about other companies; Fed. R. Evid. 802: Hearsay; Assumes Facts Not in Evidence (U.S. v. Schindler, 614 F. 2d. 227, 228 (9th Cir. 1980); Fed. R. Evid. 704: Opinion on Ultimate Legal Issue. | |

| Declaration of Yoel Newman (Dkt. No. 44-1) | Objection | Ruling |
|---|---|---|
| the fabrics bearing the Subject Design 2. Given Neman Brothers typically sells the fabrics for more or less of $3 per yard, its loss of sale from the infringement amounts to $73,305 per year. At the rate of 30% margin, it is about $21,991.5 as lost profit per year, as to Subject Design 2. Therefore, after Interfocus infringement, Neman Brothers lost $43,983 profits for the years of 2020 and 2021. | | |
| 19. Exhibit 11 is a true and correct copy of Neman Brothers' swatch sheet showing multiple different colorways of the Subject Design 3. For Subject Design 3, Neman Brothers used 21060 as part of the style numbers. While other part of the style numbers may change depending upon the fabric type and the colorways, 21060 would be used to specify the design on the fabric would be the Subject Design 3. | | |
| 20. Exhibit 12 is a copy of Neman Brothers sales history records, maintained in the MOD2, our sales record keeping system, describing each sale of fabrics bearing the Subject Design 3, identified | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 602: Lacks foundation to testify about other companies; Fed. R. Evid. 802: Hearsay; Assumes Facts Not in | |

| Declaration of Yoel Newman (Dkt. No. 44-1) | Objection | Ruling |
|---|---|---|
| as "21060", to customers in the amount of about 16,247 yards for 2 years since the registration in early 2018 until 2019. Due to Interfocus' infringing activities in 2019 and 2020 of displaying and selling the Infringing Garments on its website, from the second half of 2019 and until the present, Neman Brothers received only a few orders for the fabrics bearing the Subject Design 3. Given Neman Brothers typically sells the fabrics for more or less of $3 per yard, its loss of sale from the infringement amounts to $24,370.5 per year. At the rate of 30% margin, it is about $7,311.15 as lost profit per year, as to Subject Design 3. | Evidence (U.S. v. Schindler, 614 F. 2d. 227, 228 (9th Cir. 1980); Fed. R. Evid. 704: Opinion on Ultimate Legal Issue. | |
| 21. In 2019, Interfocus infringed upon Neman Brothers' copyrights on Subject Design 1, by displaying and selling the Maternity Dress ("Prior Infringing Garment 1") and shown in Exhibit 13. Submitted herewith as Exhibit 13 is a copy of the screenshots from Interfocus' website (patpat.com) and the pictures of the actual garment. Therefore, Neman Brothers sued Interfocus in 2019 (case no. 2:19-cv-10112) ("Prior Case"). | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 901, 902: Authentication; Fed. R. Evid. 802: Hearsay; Assumes Facts Not in Evidence (U.S. v. Schindler, 614 F. 2d. 227, 228 (9th Cir. 1980); Fed. R. Evid. 704: Opinion on Ultimate Legal Issue. | |

| Declaration of Yoel Newman (Dkt. No. 44-1) | Objection | Ruling |
|---|---|---|
| 22. Interfocus also displayed and sold Baby Floral Shirt and Dress ("Prior Infringing Garment 2") shown in Exhibit 14. Submitted herewith as Exhibit 14 is a copy of the screenshot from Interfocus' website and the pictures of the actual garment. The said garments were also litigated in the Prior Case. | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 901, 902: Authentication; Fed. R. Evid. 802: Hearsay; Assumes Facts Not in Evidence (U.S. v. Schindler, 614 F. 2d. 227, 228 (9th Cir. 1980); Fed. R. Evid. 704: Opinion on Ultimate Legal Issue. | |
| 23. The Prior Case settled and the parties executed the settlement agreement ("Prior Settlement Agreement") as shown in Interfocus' Sealed Exhibit 3 in March 2020 (Docket no. 39). | Fed. R. Evid. 402: Irrelevant Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 802: Hearsay; U.S. v. Schindler, 614 F. 2d. 227, 228 (9th Cir. 1980) Assumes Facts Not in Evidence; Fed. R. Evid. 608: Constitutes Confidential Settlement Negotiations | |
| 24. Not long after the Prior Settlement, on September 4, 2020, I found Interfocus again displayed and sold the same Maternity Dress ("Infringing Garment 1") in "navy" and "red" colors as shown in Exhibits 15 to 18. I ordered and bought the Infringing Garment 1. Submitted herewith as Exhibits 15 through 17 are | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 901, 902: Authentication; Fed. R. Evid. 802: Hearsay; Assumes Facts Not in Evidence (U.S. v. Schindler, 614 F. 2d. 227, 228 (9th Cir. 1980); Fed. R. Evid. | |

| Declaration of Yoel Newman (Dkt. No. 44-1) | Objection | Ruling |
|---|---|---|
| copies of the screenshots from Interfocus' website (patpat.com) displaying the Infringing Garment 1. The pictures of Infringing Garment 1 are also submitted as Exhibits 16 and 18. While the dress in the picture of the dress on the screenshot in the Prior Case had short sleeves, the actual garment I received was sleeveless. Exhibit 13. The Infringing Garment 1 I found and bought also were sleeveless and identical with the dress in the Prior Case. Exhibits 15 and 16. | 704: Opinion on Ultimate Legal Issue. | |
| 25. The care tags of the Prior Infringing Garment 1 and the Infringing Garment 1 however, indicated different Stock Keeping Unit ("SKU") numbers which means they were from different batches of production. Exhibit 39. Submitted herewith as Exhibit 39 is a side-by-side comparison of the care tags of the Prior Infringing Garment 1 and the Infringing Garment 1. They also had different Lot Numbers, different fabric substance ratios (75% cotton and 25% polyester v. 100% cotton), different labels (Interfocus v. Shenzhen YS Garment Factory), and different production times (201905 v. | Fed. R. Evid. 402: Irrelevant Fed. R. Evid. 403:  Undue Prejudice; Fed. R. Evid. 602: Lack of Personal Knowledge; Fed. R. Evid. 802: Hearsay; U.*S. v. Schindler*, 614 F. 2d. 227, 228 (9th Cir. 1980) Assumes Facts Not in Evidence; Fed. R. Evid. 901, 902:  Authentication; Fed. R. Evid. 702: Improper Expert Opinion | |

| Declaration of Yoel Newman (Dkt. No. 44-1) | Objection | Ruling |
|---|---|---|
| 202007). Exhibit 39. As it typically takes a couple of months from sampling to actual production, the production in July 2020 means Interfocus started the whole procedure of sampling, ordering, reviewing, etc. at least from May 2020, which is less than two months after the Prior Settlement on March 23, 2020. Exhibit 39. | | |
| 26. On September 4, 2020, I also found Interfocus displayed and sold Baby Dress (Infringing Garment 2) which were using the exact same pattern with the Prior Infringing Garment 2). Exhibit 19. Submitted herewith as Exhibit 19 is a screenshot from the Interfocus Website displaying the Infringing Garment 2. I ordered and bought the Infringing Garment 2. The pictures of Infringing Garment 2 are also submitted as Exhibit 20. | Fed. R. Evid. 402: Irrelevant Fed. R. Evid. 403:  Undue Prejudice; Fed. R. Evid. 602: Lack of Personal Knowledge; Fed. R. Evid. 802: Hearsay; U.*S. v. Schindler*, 614 F. 2d. 227, 228 (9th Cir. 1980) Assumes Facts Not in Evidence; Fed. R. Evid. 901, 902:  Authentication; Fed. R. Evid. 704: Opinion on Ultimate Legal Issue. | |
| 27. The side-by-side comparison of the care tags of the two show that they also had different SKU numbers, Lot Numbers, different fabric substance ratios (100% cotton v. 95% cotton and 5% polyester), different labels (Interfocus v. | Fed. R. Evid. 402: Irrelevant Fed. R. Evid. 403:  Undue Prejudice; Fed. R. Evid. 602: Lack of Personal Knowledge; Fed. R. Evid. 802: Hearsay; U.*S. v. Schindler*, 614 F. 2d. 227, 228 | |

| | Declaration of Yoel Newman (Dkt. No. 44-1) | Objection | Ruling |
|---|---|---|---|
| | Foshan SCCQ Trading Lt.), and different production times (201901 v. 202007). Submitted herewith as Exhibit 40 is a side-by-side comparison of the care tags of the Prior Infringing Garment 2 and the Infringing Garment 2. Again, as it typically takes a couple of months from sampling to actual production, the production in July 2020 means Interfocus started the whole procedure of sampling, ordering, reviewing, etc. at least from May 2020, which is less than two months after the Prior Settlement on March 23, 2020. Exhibit 39. | (9th Cir. 1980) Assumes Facts Not in Evidence; Fed. R. Evid. 901, 902:  Authentication; Fed. R. Evid. 702: Improper Expert Opinion; Fed. R. Evid. 802: Hearsay; Fed. R. Evid. 704: Opinion on Ultimate Legal Issue. | |
| | 28. In October 2020, I also found another infringing garment called Green Maxi Dress ("Infringing Garment 3"). The screenshots and pictures of Infringing Garment 3 are also submitted as Exhibits 21 and 22. | Fed. R. Evid. 402: Irrelevant Fed. R. Evid. 403:  Undue Prejudice; Fed. R. Evid. 602: Hearsay; U.S. v. Schindler, 614 F. 2d. 227, 228 (9th Cir. 1980) Assumes Facts Not in Evidence; Fed. R. Evid. 901, 902: Authentication; Fed. R. Evid. 704: Opinion on Ultimate Legal Issue. | |
| | 29. The side-by-side comparisons of the Subject Designs and the Infringing | Fed. R. Evid. 402: Irrelevant Fed. R. Evid. 403:  Undue | |

| Declaration of Yoel Newman (Dkt. No. 44-1) | Objection | Ruling |
|---|---|---|
| Garments reveals they are virtually identical in most of the objective details of the elements forming the designs and even arrangements of the elements. The chance for the two independently created designs to happen to have the same elements identical in details and the same arrangement of those elements would be far less than one in a million, in other words impossible. | Prejudice; Fed. R. Evid. 602: Lack of Personal Knowledge; Fed. R. Evid. 802: Hearsay; U.*S. v. Schindler*, 614 F. 2d. 227, 228 (9th Cir. 1980) Assumes Facts Not in Evidence; Fed. R. Evid. 901, 902:  Authentication; Fed. R. Evid. 702: Improper Expert Opinion | |
| 30. Submitted herewith as Exhibit 23 is the side-by-side comparisons of the Subject Design 1 and the design printed on the Infringing Garment 1. The first page of Exhibit 23 shows most of the elements, if not all, on the Infringing Garment 1 are copied from the Subject Design 1. The second page shows the major motif (indicated in red circles) having the main elements arranged in a certain way are identical while there were some crude efforts to give the appearance of dissimilarity on the Infringing Design 1 by taking out a few small leaves or flowers. Not only the arrangement, the shapes of the flower, flower buds, stems, leaves, and color shadings are also the | Fed. R. Evid. 402: Irrelevant Fed. R. Evid. 403:  Undue Prejudice; Fed. R. Evid. 602: Lack of Personal Knowledge; Fed. R. Evid. 802: Hearsay; U.*S. v. Schindler*, 614 F. 2d. 227, 228 (9th Cir. 1980) Assumes Facts Not in Evidence; Fed. R. Evid. 901, 902:  Authentication; Fed. R. Evid. 702: Improper Expert Opinion; Fed. R. Evid. 704: Opinion on Ultimate Legal Issue. | |

| Declaration of Yoel Newman (Dkt. No. 44-1) | Objection | Ruling |
| --- | --- | --- |
| same. These are not a combination of generic shapes like triangle, circle, square or line, but about a very detailed hand-drawn and intricate description of flowers, stems, leaves, and their arrangement. No designer would not be able to draw the design twice in the exact same way in such details without seeing it and copying it. This part standing alone forms an original and protectible element, and the Infringing Garment 1 copied it. Even the elements describing small flowers, small leaves, and small stems, as well as their shapes, shades, locations, colors, directions and arrangements are strikingly identical, which cannot possibly be a coincidence of two independently created design having such identities in every details. The second and the third pages of Exhibit 23 also show the remaining elements on Infringing Garment 1 were nothing but the result of flipping or rotating the elements of the Subject Design 1. | | |
| 31. The same is true about the Infringing Garment 2. Submitted herewith as Exhibit 24 is the side-by-side comparison | Fed. R. Evid. 402: Irrelevant Fed. R. Evid. 403:  Undue Prejudice; Fed. R. Evid. 602: | |

| Declaration of Yoel Newman (Dkt. No. 44-1) | Objection | Ruling |
|---|---|---|
| of the Subject Design 2 and the Infringing Garment 2. On the first page, the circles in different colors indicate which parts are corresponding to each other on the two. Exhibit 24. Most of the elements, if not all, on the Infringing Garment 2 are from the elements of the Subject Design 2. Exhibit 24. | Lack of Personal Knowledge; Fed. R. Evid. 802: Hearsay; U.S. v. Schindler, 614 F. 2d. 227, 228 (9th Cir. 1980) Assumes Facts Not in Evidence; Fed. R. Evid. 901, 902:  Authentication; Fed. R. Evid. 702: Improper Expert Opinion; Fed. R. Evid. 704: Opinion on Ultimate Legal Issue. | |
| 32. The second page of Exhibit 24 shows the biggest element as the main motif, circled in red on page 1, are identical in shapes, arrangements, directions, and locations while there were some crude efforts to give the appearance of dissimilarity on some leaves or flowers. Such also appear to be the result of lowering the printing cost for the garment's low pricing by simplifying some details and colors of the elements. Pages 3, 4 and 5 also show the remaining elements used on the Infringing Garment 2 are nothing but a rotated or flipped version of the elements on the Subject Design 2. | Fed. R. Evid. 402: Irrelevant Fed. R. Evid. 403:  Undue Prejudice; Fed. R. Evid. 602: Lack of Personal Knowledge; Fed. R. Evid. 802: Hearsay; U.S. v. Schindler, 614 F. 2d. 227, 228 (9th Cir. 1980) Assumes Facts Not in Evidence; Fed. R. Evid. 901, 902:  Authentication; Fed. R. Evid. 702: Improper Expert Opinion; Fed. R. Evid. 704: Opinion on Ultimate Legal Issue. | |

| Declaration of Yoel Newman (Dkt. No. 44-1) | Objection | Ruling |
|---|---|---|
| 33. Submitted herewith as Exhibit 25 is the side-by-side comparison of the Subject Design 3 and the Infringing Garment 3. The first page again shows the main motifs on the Infringing Garment 3 are copies of the elements on the Subject Design 3. The second page shows all elements of the main motif circled in red on the first page are the same as the elements of the Subject Design 3. The third page also shows the remaining elements are in fact a rotated or flipped version of the element on Subject Design 3. | Fed. R. Evid. 402: Irrelevant Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 602: Lack of Personal Knowledge; Fed. R. Evid. 802: Hearsay; U.S. v. Schindler, 614 F. 2d. 227, 228 (9th Cir. 1980) Assumes Facts Not in Evidence; Fed. R. Evid. 901, 902: Authentication; Fed. R. Evid. 702: Improper Expert Opinion; Fed. R. Evid. 704: Opinion on Ultimate Legal Issue. | |
| 34. As discussed above, the comparisons of the care tags of the Prior Infringing Garments 1 and 2 with the same of the Infringing Garments 1 and 2 show the Infringing Garments at issue in this case are not part of the prior production of the Prior Infringing Garments. Exhibits 39-40. It was a new production that happened in July 2020, which procedure started from May 2020 which was less than two months after the settlement on March 23, 2020 in the Prior Case. Exhibits 39-40. | Fed. R. Evid. 402: Irrelevant Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 602: Lack of Personal Knowledge; Fed. R. Evid. 802: Hearsay; U.S. v. Schindler, 614 F. 2d. 227, 228 (9th Cir. 1980) Assumes Facts Not in Evidence; Fed. R. Evid. 901, 902: Authentication; Fed. R. Evid. 702: Improper Expert Opinion; Fed. R. Evid. 704: Opinion on Ultimate Legal Issue. | |

INTERFOCUS INC. d.b.a. www.patpat.com ("Interfocus") hereby objects to and moves to strike portions of the Declaration of Chan Yong Jeong and related exhibits on the following grounds:

| Declaration of Chan Yong Jeong (Dkt. No. 42-2) | Objection | Ruling |
|---|---|---|
| I, CHAN YONG JEONG, declare:<br>1. I am the attorney for Plaintiff/Cross-defendant Neman Brothers in this action. I was also the counsel for Neman Brothers in the prior case against Interfocus. ("Prior Case") | | |
| 2. I am over 18 years of age and have personal knowledge of each fact stated in this declaration. If called upon to testify thereto as a witness, I can and will testify. | | |
| 3. This declaration is submitted in support of Plaintiff's Motion for Summary Judgment, and in opposition to Interfocus Motion for summary judgment. | | |
| 4. In this present case, the section 5 using the word "cure" clarifies what the section intended by expressly providing; | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 408: Constitutes Confidential Settlement Negotiations; Fed. R. Evid. 901, 902; | |

| Declaration of Chan Yong Jeong (Dkt. No. 42-2) | Objection | Ruling |
|---|---|---|
| "Plaintiff agrees that it will not file a lawsuit or lodge a complaint against Defendant for an alleged infringement before the expiration of thirty (30) days after given Defendant Adequate Notice of the alleged infringement to allow Parties time to resolve the dispute amicably." (Interfocus' Sealed Exhibit 3 and Redacted Exhibit 2). | Authentication | |
| 5. Obvious is that the Parties agreed "dispute" remains to be resolved, even after the seven business days to "cure". Interfocus may or may not decide there is any infringement and therefore, it may or may not take down the accused garments. With that, the Parties were to negotiate the settlement. Interfocus' Sealed Exhibit 3 and Redacted Exhibit 2. | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 408: Constitutes Confidential Settlement Negotiations; Fed. R. Evid. 602: Lacks foundation; Fed. R. Evid. 702; Opinion on an Ultimate Legal Issue; Fed. R. Evid. 901, 902; Authentication | |
| 6. Further, Section 6 also states; 1 The Parties agree to make good faith efforts to settle all future disputes (if any). For instance, the Parties optionally may enter into commercially feasible transactions, such as a license | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 408: Constitutes Confidential Settlement Negotiations; Fed. R. Evid. 602: Lacks | |

| Declaration of Chan Yong Jeong (Dkt. No. 42-2) | Objection | Ruling |
|---|---|---|
| agreement for the sale of the garments bearing Plaintiff's designs by InterFocus." Interfocus' Sealed Exhibit 3 and Redacted Exhibit 2. | foundation; Fed. R. Evid. 702; Opinion on an Ultimate Legal Issue; Fed. R. Evid. 901, 902; Authentication | |
| 7. If the Parties really intended "cure" to mean "complete release from liability by taking down the garments from the website", Section 6 would have not needed at all. The same settlement agreement in the same section 5 and the subsequent section 6 expressly and clearly state, at least twice that there would be disputes, which the parties were to try to settle in "good faith" "amicably". | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 408: Constitutes Confidential Settlement Negotiations; Fed. R. Evid. 602:  Lacks foundation; Fed. R. Evid. 702; Opinion on an Ultimate Legal Issue; Fed. R. Evid. 901, 902; Authentication; Fed R. Evid. 701; Improper Testimony by Lay Witness; Improper Legal Argument | |
| 8. The settlement agreement as a contract is clear as to what the parties intended and what "cure" would mean. While "cure" was not a good choice2 of a word, the parties still made it clear as to what and how to be done when there would be a subsequent infringement after the execution of the | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 408: Constitutes Confidential Settlement Negotiations; Fed. R. Evid. 602:  Lacks foundation; Fed R. Evid. 701; Improper Testimony by Lay | |

| Declaration of Chan Yong Jeong (Dkt. No. 42-2) | Objection | Ruling |
|---|---|---|
| settlement, that is, giving seven business days to Interfocus to take down the accused garment, taking 30 days to negotiate the settlement, and if no settlement, Neman Brothers may file a suit. | Witness; Improper Legal Argument; Fed. R. Evid. 704: Improper Legal Conclusions | |
| 9. Even assuming arguendo the above is still not sufficiently clear but uncertain, the analysis discussed below, pursuant to the applicable statutes and the case law, would again make it clear that Interfocus is playing a word game in bad faith. | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 408: Constitutes Confidential Settlement Negotiations; Fed. R. Evid. 602: Lacks foundation; Fed R. Evid. 701; Improper Testimony by Lay Witness; Improper Legal Argument; Fed. R. Evid. 704: Improper Legal Conclusions | |
| 10.  After receiving Neman Brothers' cease and desist letter, Interfocus wrote a reply letter on October 5, 2021. After confirming "InterFocus promptly removed the product listings at issue", the letter3 on the second page stated; | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 408: Constitutes Confidential Settlement Negotiations; Fed. R. Evid. 802: Hearsay | |

| Declaration of Chan Yong Jeong (Dkt. No. 42-2) | Objection | Ruling |
|---|---|---|
| "As a gesture of good faith and in accordance with Section 6 of the parties' Settlement Agreement and Mutual Release dated March 23, 2020, InterFocus provides the following summary information regarding sales of the articles at issue that were made on the PatPat platform." (emphasis added) Exhibit 33. | | |
| 11.  Submitted herewith as Exhibit 33 is a true and correct copy of Interfocus Counsel's Letter dated October 5, 2020. | | |
| 12.The same letter at the end also stated;<br>"InterFocus has removed the product listings identified in your letter and is further prepared to pay to your client its entire profit [amount redacted] from sales of the articles at issue. Please let us know if you agree." (emphasis added) Exhibit 33. | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 408: Constitutes Confidential Settlement Negotiations; Fed. R. Evid. 802:  Hearsay | |
| 13.In addition, in the subsequent negotiations, Interfocus indicated again that Interfocus knew what | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 408: | |

| Declaration of Chan Yong Jeong (Dkt. No. 42-2) | Objection | Ruling |
|---|---|---|
| Sections 5 and 6 meant and that "cure" did not mean release from infringement liabilities. In emails on September 18, 2020 and September 29, 2020, Neman Brothers' counsel Mr. Jeong wrote "Please email me the records of purchase and sale so that we can discuss the settlement" and "10/15 is the last day we can settle by, before filing a lawsuit. I did not receive any sale/purchase records." Exhibit 31. Submitted herewith as Exhibit 31 is a true and correct copy of Emails exchanged for settlement discussions, dated September 18 and September 29, 2020. | Constitutes Confidential Settlement Negotiations; Fed. R. Evid. 602: Lacks foundation; Fed R. Evid. 701; Improper Testimony by Lay Witness; Improper Legal Argument; Fed. R. Evid. 704: Improper Legal Conclusions; Fed. R. Evid. 802: Hearsay | |
| 14. In response, Interfocus counsel wrote "We have compiled the sales information and are preparing a response to you." Exhibit 31. | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 408: Constitutes Confidential Settlement Negotiations; Fed. R. Evid. 802: Hearsay | |
| 15. After receiving from Neman Brothers' counsel the counteroffer | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue | |

| Declaration of Chan Yong Jeong (Dkt. No. 42-2) | Objection | Ruling |
|---|---|---|
| with the arguments about Interfocus' willful infringement liability under Unicolors, Inc. v. UrbanOutfitters, Inc., 853 F.3d 980, 991-92 (9th Cir. 2019) (Exhibit 32), Interfocus counsel Mr. David Yang stated "InterFocus has already taken down the items identified in your letter. There is thus no need for your client to rush to file a new lawsuit. With all due respect, we would consider a rush to the courthouse to be inconsistent with the two sides' agreement to make good faith efforts to settle their future disputes." Exhibit 34. He also wrote to suggest "to negotiate a business deal rather than to have the two sides waste time and money on litigation" and then, suggested to combine the settlement with the license deal to fill the gap of the offered amounts between the parties. Exhibit 34. Submitted herewith as Exhibits 32 and 34 are a true and correct copy of the Emails exchanged for settlement | Prejudice; Fed. R. Evid. 408: Constitutes Confidential Settlement Negotiations; Fed. R. Evid. 602:  Lacks foundation; Fed R. Evid. 701; Improper Testimony by Lay Witness; Improper Legal Argument; Fed. R. Evid. 704: Improper Legal Conclusions; Fed. R. Evid. 802: Hearsay | |

| Declaration of Chan Yong Jeong (Dkt. No. 42-2) | Objection | Ruling |
|---|---|---|
| discussions, dated October 5 and October 6, 2020. | | |
| 16. On November 12, 2020, the counsels for the parties had a telephone conversation, and next day, Ms. Chen wrote "Nice talking to you yesterday. I look forward to (1) the proposed settlement agreement, and (2) example Neman Brothers' design files." Exhibit 35. Submitted herewith as Exhibit 35 is a true and correct copy of Email from Interfocus Counsel asking for a Settlement Agreement draft dated November 13, 2020. | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 408: Constitutes Confidential Settlement Negotiations; Fed. R. Evid. 802: Hearsay | |
| 17. At the said teleconference, the parties reached an agreement on the amount and major terms of the licensing. Neman Brothers' counsel then sent a settlement draft by making changes to the prior settlement agreement putting the agreed upon amount and adding the terms of the licensing. | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 408: Constitutes Confidential Settlement Negotiations; Fed. R. Evid. 802: Hearsay | |
| 18. The draft provided; | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue | |

| Declaration of Chan Yong Jeong (Dkt. No. 42-2) | Objection | Ruling |
|---|---|---|
| WHEREAS, on or about, September 15, 2020, Plaintiff served a cease-and-desist letter to Defendant [Interfocs] pursuant to section 5 of the prior settlement agreement ("Prior Settlement Agreement") executed in March 2020, regarding certain garments displayed and sold at Defendant's website.  www.patpat.com ("Website") which Plaintiff believed to have infringed upon its copyrights for certain designs as specified therein (the "Dispute");  WHEREAS, the Parties now desire to resolve all disputes. and enter a Licensing agreement between them in an orderly manner… Exhibit 36. | Prejudice; Fed. R. Evid. 408: Constitutes Confidential Settlement Negotiations; Fed. R. Evid. 802: Hearsay | |
| 19.Submitted herewith as Exhibit 36 is a true and correct copy of the First Draft of the Settlement Agreement Negotiated between Neman Brothers and Interfocus (not executed). | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 408: Constitutes Confidential Settlement Negotiations; Fed. R. Evid. 602; Fed. R. Evid. 802: Hearsay | |

INTERFOCUS' EVIDENTIARY OBJECTIONS TO DECLARATION OF YOEL NEWMAN

| Declaration of Chan Yong Jeong (Dkt. No. 42-2) | Objection | Ruling |
|---|---|---|
| 20.In returning the draft after their review, Interfocus did not make any change to the above "Whereas" clauses or the amount while making changes to the terms of the licensing. Exhibit 37. Submitted herewith as Exhibit 37 is a true and correct copy of the Final Draft of the Settlement Agreement Negotiated between Neman Brothers and Interfocus (not executed). As this time, the new settlement was to include the licensing, the sections 5 and 6 from the prior settlement agreement were mostly deleted. Exhibit 37. In the course of the negotiations, Neman Brothers in good faith emailed multiple designs and its copyright registrations for Interfocus' review. However, in the end, after wasting two months until November 2020, Interfocus refused to sign the settlement with no explanation. | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 408: Constitutes Confidential Settlement Negotiations; Fed. R. Evid. 802: Hearsay; Parol Evidence Rule (*EPA Real Estate Partnership v. Kang*, 12 Cal.App.4th 171, 175 (1992) | |
| 21.NEVER did Interfocus argued that all of the copyright infringement were | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue | |

INTERFOCUS' EVIDENTIARY OBJECTIONS TO DECLARATION OF YOEL NEWMAN

| Declaration of Chan Yong Jeong (Dkt. No. 42-2) | Objection | Ruling |
|---|---|---|
| "cured", throughout the whole negotiation from September 15 until November 18, 2020. Rather, Interfocus knew what it agreed to, and did negotiate the settlement pursuant to Sections 5 and 6 of the prior settlement agreement. It was only after this lawsuit was filed and the new counsel Mr. Mark Lee appeared in this case, when Interfocus at a sudden started making the frivolous argument for "cure", which is nothing but a word play. | Prejudice; Fed. R. Evid. 408: Constitutes Confidential Settlement Negotiations; Fed. R. Evid. 802: Hearsay; Fed R. Evid. 701; Improper Testimony by Lay Witness; Fed. R. Evid. 602:  Lacks foundation to testify as to what Interfocus knew | |
| 22.When settling the Prior Case, Ms. Chen for Interfocus made the first draft. Exhibit 26. In her first draft, she stated at the end of Section 5 "Plaintiff further agrees not to seek further remedies including legal remedies once Defendant has cured the alleged infringement by removing the allegedly infringed products and/or designs…" (emphasis added) Exhibit 26. Then, Neman Brothers' counsel deleted the said part, and added to the | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 408: Constitutes Confidential Settlement Negotiations; Fed. R. Evid. 802: Hearsay; Fed R. Evid. 701; Improper Testimony by Lay Witness; Improper Legal Argument; Fed. R. Evid. 704: Improper Legal Conclusions | |

| Declaration of Chan Yong Jeong (Dkt. No. 42-2) | Objection | Ruling |
|---|---|---|
| end of Section 6 to limit the scope of the release "…to the extent it relates to the past sale of the garments by Interfocus, shown in Exhibits C-1 through C-7 attached to the complaint (Docket No. 1) in the Action as of 11/26/2019." Exhibit 27, sections 5 and 7. Submitted herewith as Exhibit 27 is a true and correct copy of the Email from Neman Brothers Counsel with Settlement Draft 2 in the Prior Case. | | |
| 23.Then, Ms. Chen again put in the draft "Plaintiff further agrees that for any infringement incurred after the Effective Date, Defendant's legal obligation is limited to (1) removing any infringing products and/or design from its website and social media account within the time limit as specified in this Agreement; and (2) providing Plaintiff all profit made by Defendant relating to the infringed products and/or designs." (emphasis added) Exhibit 28, section 5. | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 408: Constitutes Confidential Settlement Negotiations; Fed. R. Evid. 802: Hearsay | |

INTERFOCUS' EVIDENTIARY OBJECTIONS TO DECLARATION OF YOEL NEWMAN

| Declaration of Chan Yong Jeong (Dkt. No. 42-2) | Objection | Ruling |
|---|---|---|
| Submitted herewith as Exhibit 28 is a true and correct copy of the Email from Interfocus Counsel with Settlement Draft 3 in the Prior Case. | | |
| 24. Interfocus accepted the addition to Section 6. Exhibit 28, section 6. Mr. Jeong again deleted Ms. Chen's addition, and in his email stated "Plaintiff will not waive any rights about the future actions if any. We never do that unless Defendant pays more for it. If your client can pay 100k, my client can give an unlimited license to use the designs to sell the garments through Patpat website. Otherwise, there is no reason for Plaintiff to waive its right to sue your client for future infringements." (emphasis added) Exhibit 29. Submitted herewith as Exhibit 29 is a true and correct copy of the Email from Neman Brothers Counsel with Settlement Draft in the Prior Case. | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 408: Constitutes Confidential Settlement Negotiations; Fed. R. Evid. 802: Hearsay | |
| 25. Interfocus accepted the changes. Exhibit 30. Submitted herewith as | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue | |

| Declaration of Chan Yong Jeong (Dkt. No. 42-2) | Objection | Ruling |
|---|---|---|
| Exhibit 30 is a true and correct copy of the Email from Interfocus Counsel approving the Final Draft of the Settlement Agreement in the Prior Case. | Prejudice; Fed. R. Evid. 408: Constitutes Confidential Settlement Negotiations; Fed. R. Evid. 802: Hearsay | |
| 26. As stated in the email, there was no special circumstances to give Interfocus a de facto permanent and unlimited license to use Neman Brothers' design until it gets caught without having to pay any damages. The Prior Case was one of the typical copyright infringement cases, and the Settlement Funds to be paid was not big enough to cover such a de facto license to Interfocus. Given the above, from the time of negotiating the agreement, and even thereafter, receiving the cease and desist letter on September 15, 2020, throughout the whole time, it was very clear between the parties, there was no release whatsoever as to the future infringements subsequent to March 2020. | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 408: Constitutes Confidential Settlement Negotiations; Fed. R. Evid. 802: Hearsay; Fed R. Evid. 701; Improper Testimony by Lay Witness; Improper Legal Argument; Fed. R. Evid. 704: Improper Legal Conclusions | |

INTERFOCUS' EVIDENTIARY OBJECTIONS TO DECLARATION OF YOEL NEWMAN

| Declaration of Chan Yong Jeong (Dkt. No. 42-2) | Objection | Ruling |
|---|---|---|
| 27.Interfocus' interpretation of "cure", if followed, would result in that no matter how many infringements for how much and how often, Interfocus would be fine as long as it takes down the accused garments within seven business days after receiving the Neman Brothers' notice. It only paid $15,000 for a settlement of a litigation, which Interfocus claims to be the payment for a de facto permanent and unlimited license to use for sale on their website until the time it gets caught.5 If followed, it would be a forfeiture of Neman Brothers' rights to take necessary actions to protect its copyrights and seek damages provided by the U.S. Copyrights Acts. | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 408: Constitutes Confidential Settlement Negotiations; Fed. R. Evid. 802: Hearsay; Fed R. Evid. 701; Improper Testimony by Lay Witness; Improper Legal Argument; Fed. R. Evid. 704: Improper Legal Conclusions | |
| 28.As discussed above, in the course of the negotiations, Neman Brothers in good faith tried to settlement the matters by even combining it with a licensing. It even emailed multiple designs and its copyright registrations for Interfocus' review. However, in | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice | |

INTERFOCUS' EVIDENTIARY OBJECTIONS TO DECLARATION OF YOEL NEWMAN

| Declaration of Chan Yong Jeong (Dkt. No. 42-2) | Objection | Ruling |
|---|---|---|
| the end, after wasting two months until November 2020, Interfocus refused to sign the settlement with no explanation. | | |
| 29. The above made it clear Interfocus was playing only a delay game with no good faith efforts to settle and would do the same even if Neman Brothers starts over with the issue of the Infringing Garment 3, which would be nothing but a waste of time only to repeat the same discussion that Interfocus frustrated. It forms a material breach as to the Infringing Garments 1 and 2, and a repudiation as to the Infringing Garment 3. | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 802: Hearsay; Fed R. Evid. 701; Improper Testimony by Lay Witness; Improper Legal Argument; Fed. R. Evid. 704: Improper Legal Conclusions | |
| 30. Infringing Garment 3 was found in October 2021, and was discussed and agreed to be covered by Section 8 (Mutual Release) of the final draft of the subsequent settlement which specified the release to be given to Interfocus to the extent it relates to the past sale of the garments through the Website on or before the Effective | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 408: Constitutes Confidential Settlement Negotiations; Fed. R. Evid. 802: Hearsay; Fed R. Evid. 701; Improper Testimony by Lay Witness; Improper Legal Argument; | |

| Declaration of Chan Yong Jeong (Dkt. No. 42-2) | Objection | Ruling |
|---|---|---|
| Date, which was defined to be the full execution date in November 2020. Exhibit 37. | Fed. R. Evid. 704: Improper Legal Conclusions | |
| 31.As Interfocus complained of it, Neman Brothers' counsel offered to voluntarily dismiss without prejudice the claim on the Infringing Garment 3 and start over the procedure under Sections 5 and 6 as to the Infringing Garment 3, but Interfocus also refused to do so. On February 2, 2021, when Mr. Mark Lee contacted Mr. Jeong for the first time to request a stipulation to extend the due date to file the answer, and until the time of filing the answer and the counterclaim on February 19, 2020 (Dockets 17 and 18), Mr. Lee never attempted to confer on the issue of Infringing Garment 3. After filing the pleadings, Mr. Lee refused to stipulate to the dismissal of the related claim without prejudice. | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 408: Constitutes Confidential Settlement Negotiations; Fed. R. Evid. 802: Hearsay | |
| 32.Interfocus' argument based on the case against One Step Up ("OSU Matter") is misplaced and off the | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 802: | |

| Declaration of Chan Yong Jeong (Dkt. No. 42-2) | Objection | Ruling |
|---|---|---|
| points of this case. In the OSU Matter, as the court's ruling clearly stated the settlement agreement at issue provided a release to the OSU to the extent it was specified in Section 2. Exhibit 38, p. 5 of 8. Submitted herewith as Exhibit 38 is a true and correct copy of the Ruling on the MSJ in Neman Brothers v. One Step Up (2:17-cv-6400-RGK-SS). | Hearsay; Fed R. Evid. 701; Improper Testimony by Lay Witness; Improper Legal Argument; Fed. R. Evid. 704: Improper Legal Conclusions | |
| 33.The said agreement stated the release applies to "all claims that Neman Brothers "may have in com1ection with any conduct involving the Accused Ga1ments, to the extent such conduct pe1tains to the goods set forth or described in Section 2 above .... " Exhibit 38, p. 5 of 8. Therefore, the question was whether the accused garments at issue were part of the 18,400 garments specified in Section 2. Exhibit 38, p. 5-6 of 8. | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 408: Constitutes Confidential Settlement Negotiations; Fed. R. Evid. 802: Hearsay; Fed R. Evid. 701; Improper Testimony by Lay Witness; Improper Legal Argument; Fed. R. Evid. 704: Improper Legal Conclusions | |

| Declaration of Chan Yong Jeong (Dkt. No. 42-2) | Objection | Ruling |
|---|---|---|
| 34.In this case, however, the release was given "to the extent it relates to the past sale of the garments by InterFocus, shown in Exhibits C-1 through C-7 attached to the complaint (Docket No. 1) in the Action filed on 11/26/2019." Defendant's Redacted Exhibit 2, Section 7. The prior settlement agreement was executed as of March 2020. Defendant's Redacted Exhibit 2, Section 7. Therefore, the question is whether the Infringing Garments sold after March 2020. As admitted in Interfocus counsel's letter in October 2020, the said garments were uploaded for sale after March 2020 and until September 2020: Infringing Garment 1 (both navy and red) on July 1, 2020, Infringing Garment 2 on June 19, 2020. Exhibit 33, p.2-3. As discussed above, the Infringing Garment 3 was on the Interfocus Website as of October 2020 so that Neman Brothers could actually purchase the garment. Exhibit 22, p.2. | | |

| Declaration of Chan Yong Jeong (Dkt. No. 42-2) | Objection | Ruling |
|---|---|---|
| Further, one of the caretags showing the production information indicated "Made in China 202008". Accordingly, the pending claims in this case are not barred by the release that was applicable to the sale in or before March 2020. | | |
| 35.Interfocus failed to present any evidence for such rebuttal, rather, the evidence below strongly show that NB owns the Subject Design. For example, in response to the interrogatories asking about Interfocus' or its vendor's independent creation and any prior work, Interfocus stated only "it is informed and believes the designs at issue are very similar to independently created pre-existing designs…" which has no evidentiary value at all. (emphasis added) Exhibit 42, Responses to Interrogatories No. 1-5. Submitted herewith as Exhibit 42 is a true and correct copy of Interfocus' responses to the Interrogatories (Set One). | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 802: Hearsay; Fed R. Evid. 701; Improper Testimony by Lay Witness; Improper Legal Argument; Fed. R. Evid. 704: Improper Legal Conclusions | |

INTERFOCUS' EVIDENTIARY OBJECTIONS TO DECLARATION OF YOEL NEWMAN

| Declaration of Chan Yong Jeong (Dkt. No. 42-2) | Objection | Ruling |
|---|---|---|
| Further, Interfocus never produced any facts, or documents supporting such information or belief in the discovery. | | |
| 36. Interfocus response to Interrogatory 6 admits that in the ordinary procedures, Interfocus orders the garments it likes after it reviews the sample pictures, and do the quality inspection, and start sales of the garments. | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 802: Hearsay; Fed R. Evid. 701; Improper Testimony by Lay Witness; Improper Legal Argument; Fed. R. Evid. 704: Improper Legal Conclusions | |
| 37. Interfocus further admitted it controlled the display procedure of the garments by stating Interfocus' vendors do not upload the information relating to the Infringing Garments. Exhibit 42, Responses to Interrogatory No. 7. | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 802: Hearsay; Fed R. Evid. 701; Improper Testimony by Lay Witness; Improper Legal Argument; Fed. R. Evid. 704: Improper Legal Conclusions | |
| 38. The above clearly shows Interfocus soon after signing the Prior Settlement Agreement on March 23, 2020, promptly started the sampling procedure, reviewed the samples of | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 802: Hearsay; Fed R. Evid. 701; Improper Testimony by Lay | |

| Declaration of Chan Yong Jeong (Dkt. No. 42-2) | Objection | Ruling |
|---|---|---|
| the Infringing Garments 1 and 2, ordered them again as Interfocus liked it in May 2020 (Exhibits 39 and 40), uploaded the garment pictures with the information on the website on July 1, 2020 for Infringing Garment 1 and June 19, 2020 for Infringing Garment 2 and sold them until September 16, 2020. Exhibit 33. Even worse, it turned out the Interfocus continued to sell the Prior Infringing Garment 1 and the Prior Infringing Garment 2 even after the Prior Settlement until September 2020. Exhibit 33. | Witness; Improper Legal Argument; Fed. R. Evid. 704: Improper Legal Conclusions | |
| 39.The above shows it is undisputed soon after the settlement of the Prior Case where the Subject Designs 1 and 2 were litigated, Interfocus again reviewed, chose, ordered, uploaded, displayed and sold the Infringing Garments 1 and 2, which sufficiently establishing copying after the actual access. | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 802: Hearsay; Fed R. Evid. 701; Improper Testimony by Lay Witness; Improper Legal Argument; Fed. R. Evid. 704: Improper Legal Conclusions | |
| 40.Even as to Subject Design 3, Interfocus should be found to be a | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue | |

INTERFOCUS' EVIDENTIARY OBJECTIONS TO DECLARATION OF YOEL NEWMAN

| Declaration of Chan Yong Jeong (Dkt. No. 42-2) | Objection | Ruling |
|---|---|---|
| willful infringer under Unicolors v. Urban Outfitters. In response to the interrogatory asking about preventive measures Interfocus has taken, Interfocus stated Interfocus takes down the garments after receiving notices, which is not a "preventive" measure at all. Exhibit 42, Response to Interrogatory No. 18. Interfocus also stated in its response that it requires vendors to license its intellectual property to Interfocus. Again, it at the best means only if a vendor has an intellectual property, it would have to license it to Interfocus, which has nothing do to with reasonable preventive measure such as checking on the source of the design on the samples when reviewing and before making an order. | Prejudice; Fed. R. Evid. 802: Hearsay; Fed R. Evid. 701; Improper Testimony by Lay Witness; Improper Legal Argument; Fed. R. Evid. 704: Improper Legal Conclusions | |
| 41.In the discovery, Interfocus never produced any evidence showing such reasonable efforts. The sampling procedure explained in Interfocus responses in fact admits it simply | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 802: Hearsay; Fed R. Evid. 701; Improper Testimony by Lay | |

43

| Declaration of Chan Yong Jeong (Dkt. No. 42-2) | Objection | Ruling |
|---|---|---|
| review, like and then order. Exhibit 42, Response to Interrogatory No. 6. There is no checking on copyright issues. Rather, even after knowing on the copyright issues, Interfocus would dare to order again, and display and sell online again. It is exactly what the Nineth Circuit Court called "willful blindness", "reckless policy", and "no attempt to check or inquire" into copyright isues. | Witness; Improper Legal Argument; Fed. R. Evid. 704: Improper Legal Conclusions | |
| 42.In this case, Interfocus produced only a self-serving chart made after receiving the cease-and-desist letter in September 2020, in anticipation of a litigation, which is nothing but a hearsay. In response to the interrogatories asking for accounting the total sales, earnings and costs, Interrogatory stated it would produce charts. Exhibit 42, Responses to Interrogatories 11 and 12. Interfocus n business records, such as purchase order, invoice, or sales reports from the sales record keeping system ever | Fed. R. Evid. 402: Irrelevant; Fed. R. Evid. 403: Undue Prejudice; Fed. R. Evid. 802: Hearsay; Fed R. Evid. 701; Improper Testimony by Lay Witness; Improper Legal Argument; Fed. R. Evid. 704: Improper Legal Conclusions | |

INTERFOCUS' EVIDENTIARY OBJECTIONS TO DECLARATION OF YOEL NEWMAN

| Declaration of Chan Yong Jeong (Dkt. No. 42-2) | Objection | Ruling |
|---|---|---|
| produced any real business records, such as purchase order, invoice, or sales reports from the sales record keeping system. | | |

INTERFOCUS INC. d.b.a. www.patpat.com ("Interfocus") also objects to and moves to strike the following exhibits:

| Exhibit No. | Objection | Ruling |
|---|---|---|
| 1.   NB161106 ("Subject Design 1") | | |
| 2.   Copyright Registration of Subject Design 1 | | |
| 3.   NB170268 ("Subject Design 2") | | |
| 4.   Copyright Registration of Subject Design 2 | | |
| 5.   NB180228 ("Subject Design 3") | | |
| 6.   Copyright Registration of Subject Design 3 | | |
| 7.   Swatch Sheet of the Subject Design 1 | | |
| 8.   Sales Records of the Subject Design 1 | Fed. R. Evid. 802: Hearsay | |
| 9.   Swatch Sheet of the Subject Design 2 | | |
| 10.  Sales Records of the Subject Design 2 | Fed. R. Evid. 802: Hearsay | |
| 11.  Swatch Sheet of the Subject Design 3 | | |

INTERFOCUS' EVIDENTIARY OBJECTIONS TO DECLARATION OF YOEL NEWMAN

| Exhibit No. | Objection | Ruling |
|---|---|---|
| 12.  Sales Records of the Subject Design 3 | Fed. R. Evid. 802: Hearsay | |
| 13.  Navy Floral Dress from the Prior Action (2:19-CV-10112) | Fed. R. Evid. 402:  Irrelevant; Fed. R. Evid. 403:  Undue Prejudice | |
| 14.  Cold Shoulder Baby Shirt and Baby Floral Dress from the Prior Action | Fed. R. Evid. 402:  Irrelevant; Fed. R. Evid. 403:  Undue Prejudice | |
| 15.  Interfocus Webpage displaying the Maternity Round Collar Floral Sleeveless Dress ("Infringing Garment 1") (navy) | Fed. R. Evid. 901, 902: Authentication; Fed. R. Evid. 802:  Hearsay; Fed. R. Evid. 704: Improper Legal Conclusions | |
| 16.  Pictures of the Infringing Garment 1 (navy) | Fed. R. Evid. 901, 902: Authentication; Fed. R. Evid. 802:  Hearsay; Fed. R. Evid. 704: Improper Legal Conclusions | |
| 17.  Interfocus Webpage displaying the Infringing Garment 1 (red) | Fed. R. Evid. 901, 902: Authentication; Fed. R. Evid. 802:  Hearsay; Fed. R. Evid. 704: Improper Legal Conclusions | |
| 18.  Pictures of the Infringing Garment 1 (red) | Fed. R. Evid. 901, 902: Authentication; Fed. R. Evid. 802:  Hearsay; Fed. R. Evid. 704: Improper Legal Conclusions | |
| 19.  Interfocus Webpage displaying the Toddler Girl Floral Dress (Infringing Garment 2) | Fed. R. Evid. 901, 902: Authentication; Fed. R. Evid. 802:  Hearsay; Fed. R. Evid. 704: Improper Legal Conclusions | |
| 20.  Pictures of the Infringing Garment 2 | Fed. R. Evid. 901, 902: Authentication; Fed. R. Evid. 802:  Hearsay; Fed. R. Evid. 704: Improper Legal Conclusions | |

| Exhibit No. | | Objection | Ruling |
|---|---|---|---|
| 21. | Interfocus Webpage displaying the Maternity V-neck Dress (Infringing Garment 3) | Fed. R. Evid. 901, 902: Authentication; Fed. R. Evid. 802:  Hearsay; Fed. R. Evid. 704: Improper Legal Conclusions | |
| 22. | Pictures of the Infringing Garment 3 | Fed. R. Evid. 901, 902: Authentication; Fed. R. Evid. 802:  Hearsay; Fed. R. Evid. 704: Improper Legal Conclusions | |
| 23. | Side-by-side Comparison between Subject Design 1 and Infringing Garment 1 | Fed. R. Evid. 901, 902: Authentication; Fed. R. Evid. 802:  Hearsay; Fed. R. Evid. 704: Improper Legal Conclusions; Fed. R. Evid. 702:  Improper Expert Opinion | |
| 24. | Side-by-side Comparison between Subject Design 2 and Infringing Garment 2 | Fed. R. Evid. 901, 902: Authentication; Fed. R. Evid. 802:  Hearsay; Fed. R. Evid. 704: Improper Legal Conclusions; Fed. R. Evid. 702:  Improper Expert Opinion | |
| 25. | Side-by-side Comparison between Subject Design 3 and Infringing Garment 3 | Fed. R. Evid. 901, 902: Authentication; Fed. R. Evid. 802:  Hearsay; Fed. R. Evid. 704: Improper Legal Conclusions; Fed. R. Evid. 702:  Improper Expert Opinion | |
| 26. | Email from Interfocus Counsel with Settlement Draft 1 in the Prior Case | Fed. R. Evid. 802:  Hearsay Fed. R. Evid. 408: Constitutes confidential settlement communications protected from disclosure | |
| 27. | Email from Neman Brothers Counsel with Settlement Draft 2 in the Prior Case | Fed. R. Evid. 802:  Hearsay Fed. R. Evid. 408: Constitutes confidential settlement | |

| Exhibit No. | Objection | Ruling |
|---|---|---|
| | communications protected from disclosure | |
| 28. | Email from Interfocus Counsel with Settlement Draft 3 in the Prior Case | Fed. R. Evid. 802:  Hearsay Fed. R. Evid. 408: Constitutes confidential settlement communications protected from disclosure | |
| 29. | Email from Neman Brothers Counsel with Settlement Draft in the Prior Case | Fed. R. Evid. 802:  Hearsay Fed. R. Evid. 408: Constitutes confidential settlement communications protected from disclosure | |
| 30. | Email from Interfocus Counsel approving the Final Draft of the Settlement Agreement in the Prior Case | Fed. R. Evid. 802:  Hearsay Fed. R. Evid. 408: Constitutes confidential settlement communications protected from disclosure | |
| 31. | Emails exchanged for settlement discussions, dated September 18 and September 29, 2020 | Fed. R. Evid. 802:  Hearsay Fed. R. Evid. 408: Constitutes confidential settlement communications protected from disclosure | |
| 32. | Emails exchanged for settlement discussions, dated October 5 and October 6, 2020 | Fed. R. Evid. 802:  Hearsay Fed. R. Evid. 408: Constitutes confidential settlement communications protected from disclosure | |
| 33. | Interfocus Letter dated October 5, 2020 | Fed. R. Evid. 802:  Hearsay Fed. R. Evid. 408: Constitutes confidential settlement communications protected from disclosure | |
| 34. | Emails exchanged for settlement discussions, dated October 29, 2020 | Fed. R. Evid. 802:  Hearsay Fed. R. Evid. 408: Constitutes confidential settlement communications protected from disclosure | |
| 35. | Email from Interfocus Counsel asking for a Settlement | Fed. R. Evid. 802:  Hearsay Fed. R. Evid. 408: Constitutes | |

INTERFOCUS' EVIDENTIARY OBJECTIONS TO DECLARATION OF YOEL NEWMAN

| Exhibit No. | | Objection | Ruling |
|---|---|---|---|
| | Agreement draft dated November 13, 2020 | confidential settlement communications protected from disclosure | |
| 36. | The First Draft of the Settlement Agreement Negotiated between Neman Brothers and Interfocus (not executed) | Fed. R. Evid. 802: Hearsay Fed. R. Evid. 408: Constitutes confidential settlement communications protected from disclosure | |
| 37. | The Final Draft of the Settlement Agreement Negotiated between Neman Brothers and Interfocus (not executed) | Fed. R. Evid. 802: Hearsay Fed. R. Evid. 408: Constitutes confidential settlement communications protected from disclosure | |
| 38. | Ruling on the MSJ in Neman Brothers v. One Step Up (2:17-cv-6400-RGK- SS) | Fed. R. Evid. 402: Irrelevant | |
| 39. | Descriptions on the care tags of the navy dress in the Prior Case and the Infringing Garment 1 | Fed. R. Evid. 802: Hearsay Fed. R. Evid. 402: Irrelevant; 704: Improper Legal Conclusions | |
| 40. | Descriptions on the care tags of the baby top in the prior case and the Accused Garment 2 | Fed. R. Evid. 802: Hearsay Fed. R. Evid. 402: Irrelevant; 704: Improper Legal Conclusions | |
| 41. | Mark Lee's Email dated February 2, 2021 | Fed. R. Evid. 402: Irrelevant | |
| 42. | Interfocus Responses to Neman Brothers' Interrogatories (Set One) | Fed. R. Evid. 402: Irrelevant | |

INTERFOCUS' EVIDENTIARY OBJECTIONS TO DECLARATION OF YOEL NEWMAN

INTERFOCUS, INC. d.b.a.www.patpat.com respectfully requests that the court sustain the above objections and to strike the evidence referred to above.

RIMON, P.C.

Dated:  August 2, 2021

By:  /s/ Mark S. Lee

Mark S. Lee
Zheng Liu

Attorneys for Defendants and
Counterclaim Plaintiffs
INTERFOCUS, INC. d.b.a.
www.patpat.com