CHAN YONG JEONG, ESQ. (SBN 255244)
 jeong@jeonglikens.com
JEONG & LIKENS, L.C.
222 South Oxford Avenue
Los Angeles, CA 90004
Tel: 213-688-2001
Email: Jeong@jeonglikens.com

Attorneys for Counter-Defendant NEMAN BROTHERS & ASSOC., INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation;<br><br>　　　　Plaintiff/Counter-Defendant,<br><br>　　vs.<br><br>INTERFOCUS, INC., a California Corporation, et al.,<br>　　　　Defendant/Counter-Claimant | Case No.: 2:20-cv-11181-CAS-JPR<br><br>**NEMAN BROTHERS & ASSOC., INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION**<br><br>Date: August 23, 2021<br>Time: 10 a.m.<br>Courtroom 8D<br>Honorable Judge Christina A. Snyder |

**TABLE OF CONTENTS**

I. INTRODUCTION……………..………………………………………………………. 4

II. ARGUMENTS…………………………………………………………………………... 4

   1. None of the Claims Pending in This Case Was Released…..……………………. 4

   2. The Question of Whether the Pending Claims Were Released Or Not Is Subject to the Interpretation of the Prior Settlement Agreement, Especially the Release Clause, Which Is A Question of Law for the Court.……………………….….. 6

   3. The Cure in the Settlement Agreement Did Not Mean the Complete Release of Interfocus from the Liabilities for Any Infringements Done After the Execution of the Settlement Agreement………………………………………………….…7

   4. Interfocus Completely Failed to Show Any of the Elements Such As Specific Facts, Diligence Used in This Case, Steps to Obtain the Evidence Within A Reasonable Time, Required to Be Shown for Application of Rule 56(d)………....9

IV. CONCLUSION……………………………………………………………………….. 13

**NEMAN BROTHERS'S REPLY
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION**

# TABLE OF AUTHORITIES

**CASES**

*In re Beverly Hills Bancorp,* 649 F.2d 1329, 1332–33 (9th Cir.1981)………….……..6

*Cornwell v. Electra Central Credit Union* (9th Cir. 2006) 439 F.3d 1018, 1027………..12

*Everson v. Leis* (6th Cir. 2009) 556 F.3d 484, 493……………………………………10

*Garrett v. San Francisco* (9th Cir. 1987) 818 F.2d 1515, 1518-19. …………………….11

*Hicks v. Johnson* (1st Cir. 2014) 755 F3d 738, 743…………………………………...12

*Jeff D. v. Andrus,* 899 F.2d 753, 759 (9th Cir.1989)…………………………….……..6

*Keebler Co. v. Murray Bakery Products* (Fed. Cir. 1989) 866 F.2d 1386, 1389………..10

*Mackey v. Pioneer Nat'l Bank,* 867 F.2d 520, 524 (9th Cir.1989)……………………….10

*Parsons v. Bristol Dev. Co.,* 62 Cal. 2d 861 (1965)……………………………………….6

*Rivera-Torres v. Rey-Hernandez* (1st Cir. 2007) 502 F3d 7, 10-11……………………..13

*Stitt v. Williams* (9th Cir. 1990) 919 F.2d 516, 526…………………………………...12

*Tatum v. City & County of San Francisco* (9th Cir. 2006) 441 F.3d 1090, 1101
………………………………………………………………………………10, 11, 12

**NEMAN BROTHERS'S REPLY
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION**

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I. INTRODUCTION

Neman Brothers submitted sufficient evidence establishing the elements for its claims for copyright infringements. Interfocus however, presents no evidence to make disputed the material facts for the issues of ownership, copying and damages. All Interfocus presented for its opposition was the same arguments it stated in its motion for the issue of affirmative defense such as release and cure. Seeing Neman Brothers' evidence defeating Interfocus arguments for release and cure, Interfocus at a sudden desperately seeks a continuance under Rule 56(d). However, as discussed below, it again fails to show the elements required for Rule 56(d) to apply. Accordingly, Neman Brothers' motion should be granted.

### II. ARGUMENTS

**<u>1. None of the Claims Pending in This Case Was Released.</u>**

For contention that the claims in this case were already released by the Prior Settlement Agreement, Interfocus present three arguments: (1) *Neman Brothers v. One Step Up et al.* as the precedent case applies to this case: (2) Neman Brothers' claims copyright infringements regarding the Prior Infringing Garments were released by the Prior Settlement Agreement: and (3) Neman Brothers' claims regarding the Infringing Garments 1 through 3 were also released by the Prior Settlement Agreement.

Interfocus' argument based on the case against One Step Up ("OSU Matter") is not a precedent case and even if so, distinguishable because the facts, especially the release clauses in the settlement agreements, are different. In the OSU Matter, as the court's ruling clearly stated the settlement agreement at issue provided a release to the OSU to the extent it was specified in Section 2. Exhibit 38, p. 5 of 8. The said agreement stated the release applies to "all claims that Neman Brothers "may have in connection with any conduct involving the Accused Garments, to the extent such conduct pertains to

the goods set forth or described in Section 2 above ...." Exhibit 38, p. 5 of 8. Therefore, the question was whether the accused garments at issue were part of the 18,400 garments specified in Section 2. Exhibit 38, p. 5-6 of 8. In this case, however, the release was given **"to the extent it relates to <u>the past sale</u>** of the garments by InterFocus, shown in Exhibits C-1 through C-7 attached to the complaint (Docket No. 1) in the Action filed on 11/26/2019." Defendant's Redacted Exhibit 2, Section 7. The prior settlement agreement was executed as of March 2020. Defendant's Redacted Exhibit 2, Section 7. Therefore, the question is whether the Infringing Garments sold after March 2020. As admitted in Interfocus counsel's letter in October 2020, the said garments were uploaded for sale after March 2020 and until September 2020: Infringing Garment 1 (both navy and red) on July 1, 2020, Infringing Garment 2 on June 19, 2020. Exhibit 33[1], p.2-3. As discussed above, the Infringing Garment 3 was on the Interfocus Website as of October 2020 so that Neman Brothers could actually purchase the garment. Exhibit 22, p.2. Further, one of the care tags showing the production information indicated "Made in China 202008". Accordingly, the pending claims in this case are not barred by the release that was applicable to the sale in or before March 2020.

      Interfocus' second arguments appear to be due to its misunderstanding that Neman's claims pending in this case is not only about Infringing Garments but also Prior Infringing Garments. Neman Brothers is not claiming copyright infringement as to the sale of the Prior Infringing Garments before the execution of the Prior Settlement Agreement. Rather, Neman Brothers sees the sale of the Infringing Garments 1 and 2 (Exhibits 16 and 20) bearing the same Infringing Designs printed upon the Prior Infringing Garments (Exhibit 13 and 14) as evidence showing Interfocus' willful, knowing and reckless infringements, which happened shortly after the execution of the

---

[1] The same letter was also presented as an exhibit by Weiwei Le for Interfocus. Docket No. 35-6, Ex. 5, pp.2-4.

Prior Settlement agreement. Further, as Le's own exhibit also admitted, among the Prior Infringing Garments, the baby dress and the baby top were not taken down until September 2020, about six months after the Prior Settlement. Dkt. 35-6, Le's Ex. 5, p. 3.

Interfocus' third argument that even the sale of the Infringing Garments subsequent to the Prior Settlement Agreement was also release is without merit. As discussed above, there was never a full and complete release. The release was given only to the extent it relates to the **past sale of the Prior Infringing Garment** identified by the complaint filed in the Prior Case. Defendant's Redacted Exhibit 2, Section 7.

**2. The Question of Whether the Pending Claims Were Released Or Not Is Subject to the Interpretation of the Prior Settlement Agreement, Especially the Release Clause, Which Is A Question of Law for the Court.**

Interfocus argues "evidence at least creates an issue of fact as to whether those claims were released, that should preclude summary judgment for Neman Brothers on them." However, the Interfocus' Motion mainly relies on its own self-serving interpretation of the terms of the Settlement Agreement executed in the Prior Case between the Parties. "The construction and enforcement of settlement agreements are governed by principles of **local law which apply to interpretation of contracts generally**." (emphasis added) *Jeff D. v. Andrus,* 899 F.2d 753, 759 (9th Cir.1989). This is true even though the underlying cause of action is federal. *Id.; In re Beverly Hills Bancorp,* 649 F.2d 1329, 1332–33 (9th Cir.1981). Under California law, the interpretation of a contract is a question of law subject to de novo review. *Parsons v. Bristol Dev. Co.,* 62 Cal. 2d 861 (1965).

In this case, as discussed, the Release Clause provides releases only to the past sale of the Prior Infringing Garments which obviously does not apply to the sale of both Infringing Garments and the Prior Infringing Garments. Therefore, there is no material fact disputed as to the release issue.

### 3. The Cure Did Not Mean the Complete Release of Interfocus from the Liabilities for Any Infringements Done After the Execution of the Settlement Agreement.

Interfocus' argument that "notice and cure" provisions are common in misplaced and without merit. It is not the title or a single word but the entire clause and contract as a whole, that governs. In this case, Section 5 of the Prior Settlement Agreement expressly provides "Plaintiff agrees that it will not file a lawsuit or lodge a complaint against Defendant for an alleged infringement before the expiration of thirty (30) days after given Defendant Adequate Notice of the alleged infringement to allow Parties time to resolve the dispute amicably." (Interfocus' Sealed Exhibit 3 and Redacted Exhibit 2). Further, Section 6 also states; "The Parties agree to make good faith efforts to settle all future disputes. For instance, the Parties optionally may enter into commercially feasible transactions, such as a license agreement for the sale of the garments bearing Plaintiff's designs by InterFocus." In addition, Section 7 gives a limited release to Interfocus only to the extent it relates to the past sale of the Prior Infringing Garments, which makes it clear any subsequent sale of any infringing garments is not released.

None of the precedent cases cited by Interfocus had such wordings described above. The Interfocus argument may be applicable to the typical collection or lease cases where the debtor or the lessee misses the payment due date and would be given a few more days to "cure" before the said party is deemed in default, which the parties would reasonably want to avoid if the breach expected or only briefly done can be cured in a few days. Even if there might have been technically a breach for a few days, it is nothing substantial because in the contexts of those cases, the promisor is to get back to the promisee with the payment or performance so that the promisee would know when the promisor does not perform its duties immediately or even in advance. Therefore, when the promisee notifies the promisor, no real or substantial breach was done yet, and the cure in such contexts takes care of the whole situation by removing or avoiding the breach that did not happen so that the promisee did not suffer any damages yet. Even if

there was a brief or mere technical breaches, the promisee would *reasonably* prefer simply curing it to spending time and resources in litigating on it. For, after curing it, nothing further is left in such cases.

However, the circumstances in typical copyright cases are different from the above, where at the time of the notice, the parties would have two issues: (1) **infringements continuing** until Interfocus stops, and (2) **infringements already done** for a substantial time period (in this case, six months) which *cannot be undone* by stopping the continuing infringements. Under the settlement agreement, Interfocus as the promisor was to perform only one duty, that is payment of the settlement amount. Rather, what the settlement agreement additionally clarified upon was the scope of the release which does not cover the future infringements by Interfocus, of which Interfocus was not required to notify Neman Brothers or Neman Brothers would somehow get to know immediately after it happens. Further, even if Interfocus infringes upon Neman Brothers' copyrights, it is not a breach of the settlement agreement, but a violation of the U.S. Copyrights Act. It is very likely, as usual in copyright cases, quite a while later the copyright owner gets to know of the infringement, which again makes this case not fit to the situations in the cases cited by Interfocus.

It is like a difference between two situations where a patient who in advance got to know of, and avoided, the disease before suffering, and a patient who already suffered for a substantial time period and also is suffering. The cure can stop the symptoms and pains from continuing on, but cannot undo the pains and symptoms that were already suffered in the past. In this case, in a situation of typical copyright cases, the cure in the entire contexts of the settlement agreement clearly and reasonably meant to give Interfocus the opportunity for seven business days to look into the notified garments and take down the said garments in order to **avoid the continuing infringement**. Then, the Parties were to take at least 30 days to make reasonable efforts in good faith, to **settle the matter of the infringements done** before removal because the infringements done cannot be avoided or remedied by removing the garments from the website.

Therefore, there is no dispute of material facts as to the issue of what "cure" reasonably meant in the entire context of the agreements according to the settlement agreement itself.

Further, there are other evidence showing the parties intent. As already discussed in Section III.2 (regarding the subsequent acts of the parties) and Section III.3 (regarding the circumstances at the time of executing the settlement agreement), there are plenty of evidence showing (1) while negotiating on the settlement drafts, Interfocus attempted the wordings such as "Plaintiff further agrees not to seek further remedies including legal remedies once Defendant has cured the alleged infringement by removing" the accused garments, but Neman Brothers deleted them, (2) Neman Brothers further made it very clear it would "not waive any rights about the future actions", (3) Interfocus itself on multiple occasions also acknowledged it had to settle, and would "look forward to" the settlement of, the infringement issues, and (4) Interfocus started arguing in direct contradiction with its own words and conducts, only after a new counsel Mr. Mark Lee appeared in this case. Neman Brothers' Opposition to Interfocus MSJ, Dkt No. 43, pp. 8-14 of 19.

On the other hand, Interfocus provides nothing but its own self-serving interpretation of one word, which is off the contexts of the entire agreement and the relevant sections as well as the totality of circumstances prior to, upon, and subsequent to the execution of the settlement agreement. Instead of repeating the same arguments on multiple pages, Neman Brothers would hereby refer to and incorporate the arguments submitted in its Opposition. Dkt. No. 43. In short, Interfocus argument for "cure" fails to show any defense or make any material facts disputed.

**4. Interfocus's Request for A Continuance under Rule 56(d) Should Be Denied.**

To obtain postponement or denial for further discovery, the opposing party's declaration must show **facts** indicating a likelihood that controverting evidence exists as to a material fact. *Tatum v. City & County of San Francisco* (9th Cir. 2006) 441 F.3d 1090, 1101. **Bare allegations or vague assertions of the need for discovery** are not

sufficient. *Everson v. Leis* (6th Cir. 2009) 556 F.3d 484, 493; *Mackey v. Pioneer Nat'l Bank,* 867 F.2d 520, 524 (9th Cir.1989). The opposing party must explain **its inability** to provide opposing declarations at present; state **what facts are sought**; and show how these are reasonably expected to create a triable issue. **Facts, not conclusions**, are required. *Keebler Co. v. Murray Bakery Products* (Fed. Cir. 1989) 866 F.2d 1386, 1389—generalized statement that "**certain information necessary to prepare a response is solely in the possession of [a third party]**" is insufficient.

Interfocus in this case presents Mark Lee's declaration stating merely "InterFocus <u>believes</u> that the designs at issue in this case are very similar to <u>independently created pre-existing designs</u> that are <u>widely available in the Chinese market</u>". Dck. No. 46-1, Mark Lee Decl. ¶3. First, Interfocus presents its beliefs, not facts. Further, there is no basis explained for such a belief. Second, even the beliefs state merely conclusions (i.e. independently created pre-existing designs), not the facts that would likely support such conclusions. In short, Interfocus presents as the basis for the application of Rule 56(d) merely its wish that there may be an independently created pre-existing design. It does not know where it is, who has it, or even whether it really exists. Such an illusion is highlighted in Mark Lee stating that he "<u>discovered a few examples of similar patterns</u>". Id. ¶4. The so-called similar patterns show only the similarities of the **idea** of drawing flowers, but different in every aspect of **expressions** in objective details describing flowers, stems and branches, as well as their arrangements, locations and directions. Further, there is no evidence or basis presented to support the proposition that the said patterns are in fact independently created pre-existing designs.

Third and most, Interfocus fails to explain why it could not find such designs "widely available in the Chinese market", during the last one-year period since the receipt of Neman Brothers' cease and desist letter in September 2020 or the last eight-month period since the beginning of this case. The party seeking the application of Rule 56(d) should show **specific reasons** why such evidence was not discovered or obtained earlier in the proceedings (i.e., "good cause"). *Tatum v. City & County of San Francisco* (9th Cir. 2006) 441 F.3d 1090, 1101.  The party making the request should also show its

**diligence** in conducting discovery and investigation. *Garrett v. San Francisco* (9th Cir. 1987) 818 F.2d 1515, 1518-19. This case is one of those typical copyright infringement cases involving **no complex facts** requiring additional discovery; what Interfous claims to need to find is **not within the exclusive knowledge of the moving party**; there is **no outstanding discovery requests** seeking material information; or the pending motion raised **no new and unanticipated issues**, which circumstances disfavor granting the continuance. *Garrett v. San Francisco* (9th Cir. 1987) 818 F.2d 1515, 1518-19. Interfocus merely "asked [the vendors][2] to provide [Interfocus] with examples of similar fabric designs" and waited for them to do so. Nothing further.

There was no confirmation it ever existed. What Interfocus requested was merely "bring it if you find it." There is no basis for the belief that it is out there. Dck No. 46-1. Weiwei Le Decl. ¶3. While it claims it is widely available in the market, Interfocus and its vendors could not find it. The party seeking a continuance also must present an explanation of how those **facts** will suffice to defeat the pending summary judgment motion (i.e., to rebut the movant's allegations of no genuine issue of material fact). *Tatum v. City & County of San Francisco* (9th Cir. 2006) 441 F.3d 1090, 1101. Interfocus is not seeking an evidence for a certain fact as to the issue of originality or independent creation, but vaguely something to support such conclusion.

The party seeking a continuance also has to establish the steps or procedures by which the opposing party proposes to *obtain* such evidence within **a reasonable time**. *Tatum v. City & County of San Francisco* (9th Cir. 2006) 441 F.3d 1090, 1101. Even when the required materials are submitted, the district court may deny a Rule 56(d) motion "if it concludes that the party opposing summary judgment is **unlikely to garner useful evidence** from supplemental discovery." (emphasis added) *Hicks v. Johnson* (1st Cir. 2014) 755 F3d 738, 743. In this case, Interfocus has no plan whatsoever

---

[2] Weiwei Le also stated "I have asked the vendors from whom we purchased [Infringing Garments]" (Dck. 46-1, Le Decl. ¶3), but remained completely silent as to what she heard back from the vendors, which shows Interfocus' complete lack of evidence showing independent creation of the designs on the Infringing Garments.

to get a useful evidence within a reasonable time, other than simply waiting for the vendors to bring something that no body knows ever existed.

If the opposing party already had **ample opportunity** to conduct discovery or if the evidence is **already within his or her control**, a Rule 56(d) request for discovery should be denied. *Cornwell v. Electra Central Credit Union* (9th Cir. 2006) 439 F.3d 1018, 1027—continuance properly denied where **counsel made strategic decision not to conduct discovery** before cut-off date. In this case, Interfocus had more than ample opportunity to conduct investigations for one full year after the receipt of the Neman Brother's letter in September 2020 and eight months after the beginning of this case. Moreover, Le's declaration admits the investigation to be conducted was in Interfocus' control because it was to be conducted by its vendors who would cooperate in order to maintain good relations with Interfocus as their customer. Interfocus presented no evidence showing why they would not cooperate, other than saying Interfocus could not compel. If the vendors had it in their possession or within a reasonably approachable range, there is no reason why they would not provide it to Interfocus, especially given that the vendors provided Interfocus with the Infringing Garments. If they did not bring it yet, it should be they could not find it, or it just does not exist. There is no reason or basis presented by Interfocus to believe why the vendors would bringing within a reasonable time something that they could not during the last one year.

Denial of continuance was proper where **opposing party had one month between expiration of discovery stay and summary judgment hearing** to take and review depositions. *Stitt v. Williams* (9th Cir. 1990) 919 F.2d 516, 526. Rule 56(d) is "**not designed to give relief to those who sleep upon their rights**." Consequently, **a party seeking the benefit of the rule must demonstrate *due diligence*, both in conducting discovery** before the summary judgment motion was made **and in pursuing a Rule 56(d) extension of time** thereafter. *Rivera-Torres v. Rey-Hernandez* (1st Cir. 2007) 502 F3d 7, 10-11.

Again, Interfocus had more than enough time to finish its investigation. Interfocus completely failed to show specific facts other than general assertion or conclusion, due

diligence, likelihood of fining the evidence within a reasonable time, and reasonable plan to obtain such evidence.

This is nothing but **a delaying tactic.** Neman Brother presented plenty of evidence to support its claims. When Neman Brothers was going over those issues and evidence at the teleconference under Local Rule 7-3, Interfocus never even mentioned any needs for further investigation or discovery. Interfocus has no pending discovery against Neman Brothers or any third parties. It only raised the issue under Rule 56(d) for the first time after Neman Brothers filed its motion. Therefore, Interfocus' request for a continuance under Rule 56(d) should be denied.

## IV. CONCLUSION

For all of the above reasons, a summary judgment should be granted for Plaintiff Neman Brothers and against Defendant Interfocus.

Dated: August 8, 2021

                                          Respectfully submitted,
                                          _/s/*Chan Yong Jeong*_____
                                          Chan Yong Jeong, Esq.
                                          Attorney for Plaintiff