CHAN YONG JEONG, ESQ. (SBN 255244)
jeong@jeonglikens.com
JEONG & LIKENS, L.C.
222 South Oxford Avenue
Los Angeles, CA 90004
Tel: 213-688-2001
Email: Jeong@jeonglikens.com

Attorneys for NEMAN BROTHERS & ASSOC., INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation;<br><br>       Plaintiff/Counter-Defendant,<br><br>       vs.<br><br>INTERFOCUS, INC., a California Corporation, et al.,<br>       Defendant/Counter-Claimant | Case No.: 2:20-cv-11181-CAS-JPR<br><br>**NEMAN BROTHERS & ASSOC., INC.'S RESPONSE TO INTERFOCUS' STATEMENTS OF DISPUTED FACTS AND ADDITIONAL FACTS**<br><br>Date: August 23, 2021<br>Time: 10 a.m.<br>Courtroom 8D<br>Honorable Judge Christina A. Snyder |

NEMAN BROHTERS hereby submits its responses to Interfocus' Statement of Genuine Disputes of Genuine Material Fact as follows:

| Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|
| 1. Neman Brothers is a Los Angeles-based textile converter selling fabrics to the garment manufacturers that manufacture garments out of our fabrics, to be sold to the retailer businesses. Neman Brothers generates business by marketing its line of designs to its customers, who will purchase Neman Brothers' design-oriented fabric to be created into clothing and sold at retail stores nationwide. Declaration of Yoel Neman ("Neman Decl.") ₱4. | **Interfocus' Response**<br>Neman Brothers is a California company that has filed almost a hundred copyright infringement actions, and whose conduct resembles that of a "copyright troll." Motion Declaration of Mark S. Lee ["Lee Decl."] ¶ 2 and Ex. 1, Dkt. No. 35-1; *Malibu Media, L.L.C. v. Doe*, 2015 WL 4092417, *2 (S.D.N.Y. July 6, 2015).<br><br>**Neman Brothers' Response**<br>Interfocus failed to present proper evidence. Objection. Irrelevant. Lack of foundation, mischaracterization |
| 2. As the fabric wholesale industry is very competitive as to the qualities and the pricing, one major way of enhancing the competitiveness is to develop unique designs to be printed upon the fabric, which would make the fabrics more attractive, unique and competitive. Therefore, having original and proprietary artwork is critical to | **Interfocus' Response**<br>Undisputed but irrelevant.<br><br>**Neman Brothers' Response**<br>It is relevant for a factual background. |

**NEMAN BROTHERS & ASSOC., INC.'S RESPONSE TO INTERFOCUS' STATEMENTS OF DISPUTED FACTS AND ADDITIONAL FACTS**

| | Neman Brothers' Undisputed Facts | **Controverting Facts and Evidence** |
|---|---|---|
| | Neman Brothers' ability to compete in the marketplace, and it invests heavily in its design team and its proprietary line of design. Neman Decl. ¶5. | |
| 3. | Neman Brothers either internally creates, or purchases the ownership from design studios, two-dimensional works of art for use on textiles which Neman Brothers customers use to make garments to be sold to retail businesses. Neman Decl. ¶6. | **Interfocus' Response**<br>Undisputed but irrelevant<br><br>**Plaintiff's Response**<br>It is relevant for a factual background. |
| 4. | Unauthorized use of Neman Brothers' designs undermines its competitive advantage in a highly competitive industry. Therefore, for protection of the designs, Neman Brothers routinely registers new artworks as a collection for copyrights with the U.S. Copyright Office before introducing them to the market. Neman Decl. ¶7. | **Interfocus' Response**<br>Neman Brothers is a California company that has filed almost a hundred copyright infringement actions, and whose conduct resembles that of a "copyright troll." Motion Declaration of Mark S. Lee ["Lee Decl."] ¶ 2 and Ex. 1, Dkt. No. 35-1; *Malibu Media, L.L.C. v. Doe*, 2015 WL 409241 7, *2 (S.D.N.Y. July 6, 2015).<br><br>**Plaintiff's Response**<br>Objection. Irrelevant. Lack of foundation, mischaracterization |
| 5. | Unfortunately, as there are many | **Interfocus' Response** |

NEMAN BROTHERS & ASSOC., INC.'S RESPONSE TO INTERFOCUS' STATEMENTS OF DISPUTED FACTS AND ADDITIONAL FACTS

| | Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|---|
| | businesses selling illegal copies, some willful infringers and some innocent infringers, Neman Brothers get to find many illegal copies, and for protection of its copyrights, has had to file numerous cases when the parties could not settle the matter prior to filing the actions. Most of the cases settled. In none of the settlement agreements in those cases, Neman Brothers never agreed the defendants' liability for future infringements would be completely released as long as the defendants remove the future infringing garments off their selves or website because it would be like giving a permanent unlimited license for free unless the defendants pay fair amount in return for such quasi-license. Neman Decl. ⁋7. | Neman Brothers is a California company that has filed almost a hundred copyright infringement actions, and whose conduct resembles that of a "copyright troll." Motion Declaration of Mark S. Lee ["Lee Decl."] ¶ 2 and Ex. 1, Dkt. No. 35-1; *Malibu Media, L.L.C. v. Doe*, 2015 WL 4092417, *2 (S.D.N.Y. July 6, 2015)..  **Neman Brothers' Response** Objection. Irrelevant. Lack of foundation, mischaracterization |
| 6. | Neman Brothers pays companies that perform printing services to print fabric bearing Neman Brothers' exclusive designs. Neman Brothers then sells that fabric to its customer base, which is composed mainly of companies that | **Interfocus' Response** Undisputed but irrelevant.  **Plaintiff's Response** It is relevant for a factual background. |

| | Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|---|
| | make and sell garments to retailers. Neman Decl. ℙ8. | |
| 7. | Neman Brothers, whenever introducing new designs, make sure its vendors and customers understand that Neman Brothers' designs are proprietary work copyright registered. Neman Brothers' vendors agree to not print or sell fabric bearing Neman Brothers' designs unless specifically authorized by Neman Brothers. Neman Decl. ℙ9. | **Interfocus' Response** Undisputed but irrelevant. **Plaintiff's Response** It is relevant for a factual background. |
| 8. | Neman Brothers is the owner of two-dimensional artworks called NB161106 ("Subject Design 1"), NB170268 ("Subject Design 2") and NB180228 ("Subject Design 3") which are at issue in this case. Neman Decl. ℙ10. | **Interfocus' Response** The originality and protectability of this copyright is disputed because the subject designs are very similar to independently created pre-existing designs that are widely available in the Chinese market, where the products at issue were produced by independent vendors. (Opp. Lee Decl. ¶ 3 and Exs. 1 and 2.) Additional discovery could, uncover evidence that the fabric patterns used to create the garments InterFocus sold were created independently of the patterns in which Neman Brothers claims copyright by someone else, or that |

NEMAN BROTHERS & ASSOC., INC.'S RESPONSE TO INTERFOCUS' STATEMENTS OF DISPUTED FACTS AND ADDITIONAL FACTS

| Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|
| | the fabric patterns used by InterFocus' Chinese third party vendors were acquired from the same fabric manufacturer from whom Neman Brothers acquired its alleged U.S. copyrights, or that the designs at issue originated with another manufacturer from whom Neman Brothers' assignor copied it, or other facts that could provide defenses to the present copyright infringement claims. (Opp. Lee Decl. ¶ 4.)  InterFocus is attempting to gather this information now, but due to the difficulties and uncertainties of conducting international discovery in China, it has not yet succeeded in obtaining it. (Opp. Lee Decl. ¶¶ 6-7 6-7; Opp. Le Decl. ¶ 3.)  Neman Brothers has also admitted that it manufactured and sold its copyrighted designs in China (Declaration of Yoel Neman ¶14, Docket No. 42-1), and thus InterFocus' third-party vendors may have purchased the fabric designs at issue from authorized vendors and it therefore may not be liable under the first sale doctrine on this basis.  InterFocus should be permitted to conduct further investigation and discovery on these issues pursuant to |

| | Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|---|
| | | Fed. R. Civ. Proc 56(d).<br><br>**Plaintiff's Response**<br>Objection. Assumes facts not in evidence / Lack of foundation (there is no evidence or foundation for the conclusion that there are independently created preexisting designs at all. The side by side comparison also reveals the purported similar designs are not similar with the Subject Designs.) / speculation (Interfocus has no idea about exactly what it is to find, why it could not obtain it to this time, what diligent efforts it used to find it throughout the whole year after receiving Plaintiff's cease and desist letter, and when Interfocus is to find it. It merely wishes it *could* find *something* with additional discovery.)<br>Interfocus presents only assumed facts with no foundation, and speculations, which fails to dispute any facts presented by Plaintiff. |
| 9. | The Subject Design 1 was registered with the United States Copyright Office on January 13, 2017, and allocated Registration VAu-1-304-334. Neman | **Interfocus' Response**<br>Same as Interfocus' response about paragraph 8 hereinabove. |

NEMAN BROTHERS & ASSOC., INC.'S RESPONSE TO INTERFOCUS' STATEMENTS OF
DISPUTED FACTS AND ADDITIONAL FACTS

| | Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|---|
| | Decl. ⁋11 - Exhibit 1 and 2. | **Plaintiff's Response**<br><br>Same as Neman Brothers' Response about Paragraph 8 hereinabove. |
| 10. | The Subject Design 2 was registered with the United States Copyright Office on March 3, 2017, and allocated Registration VAu-1-317-742. Neman Decl. ⁋12 - Exhibit 3 and 4. | **Interfocus' Response**<br><br>Same as Interfocus' response about paragraph 8 hereinabove.<br><br>**Plaintiff's Response**<br><br>Same as Neman Brothers' Response about Paragraph 8 hereinabove. |
| 11. | The Subject Design 3 was registered with the United States Copyright Office on April 30, 2018, and allocated Registration VAu-1-330-970. Neman Decl. ⁋13 - Exhibit 5 and 6. | **Interfocus' Response**<br><br>Same as Interfocus' response about paragraph 8 hereinabove.<br><br>**Plaintiff's Response**<br><br>Same as Neman Brothers' Response about Paragraph 8 hereinabove. |
| 12. | After the registrations of the new designs including the Subject Designs, Neman Brothers provided samples in the forms of swatch (a small piece of fabric), hanger (fabric sample with headers), and CAD (a piece of paper having the design printed upon) to the customers, who are primarily garment | **Interfocus' Response**<br><br>The originality and protectability of this copyright is disputed <u>because InterFocus is informed and believes they are very similar to independently created pre-existing designs</u> that are widely available in the Chinese market, where the products at issue |

| Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|
| manufacturers, wholesalers and/or importers either located in, or using the vendors in, fashion districts in Los Angeles, Shenzhen, Foshan, Guangzhou, and Shaoxing cities where most of factories and mills are located. Neman Decl. ¶14. | were produced by independent vendors. (Opp. Lee Decl. ¶ 3 and Exhs. 1 and 2.) Additional discovery could, for example, uncover evidence that the fabric patterns used to create the garments InterFocus sold were created independently of the patterns in which Neman Brothers claims copyright by someone else, or that the fabric patterns used by InterFocus' Chinese third party vendors were acquired from the same fabric manufacturer from whom Neman Brothers acquired its alleged U.S. copyrights, or that the designs at issue originated with another manufacturer from whom Neman Brothers' assignor copied it, or other facts that could provide defenses to the present copyright infringement claims. (Opp. Lee Decl. ¶ 4.) Neman Brothers has also admitted that it manufactured and sold its copyrighted designs in China (Declaration of Yoel Neman ¶14, Docket No. 42-1), and thus InterFocus' third-party vendors may have purchased the fabric designs at issue from authorized vendors and it therefore may not be liable under the first sale doctrine on this basis. InterFocus is attempting to gather this |

NEMAN BROTHERS & ASSOC., INC.'S RESPONSE TO INTERFOCUS' STATEMENTS OF
DISPUTED FACTS AND ADDITIONAL FACTS

| | Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|---|
| | | information now, but due to the difficulties and uncertainties of conducting international discovery in China, it has not yet succeeded in obtaining it. (Opp. Lee Decl. ¶¶ 6-7; Opp. Le Decl. ¶ 3.) InterFocus should be permitted to conduct further investigation and discovery on these issues pursuant to Fed. R. Civ. Proc 56(d).<br><br>**Plaintiff's Response**<br>Same as the Plaintiff's Response about Paragraph 8 hereinabove. In addition, speculation. (Interfocus admits it has no knowledge or evidence other than information and belief.) |
| 13. | Neman Brothers on a constant basis widely circulated the samples, and sold the fabrics, bearing the Subject Designs. Neman Decl. ¶14. | **Interfocus' Response**<br>Undisputed but irrelevant.<br><br>**Plaintiff's Response**<br>Relevant as to wide dissemination for access as the opportunity to view. |
| 14. | While Neman Brothers give out swatches, hangers and CADs as samples for free to potential customers, in the case customers order a few yards, | **Interfocus' Response**<br>Undisputed but irrelevant.<br><br>**Plaintiff's Response**<br>Relevant as to wide dissemination for access as the opportunity to view. |

| Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|
| typically 1-5 yards, in order to make their garment samples, Neman Brothers charge more or less of $5 dollars per yard, depending on the quantity and the fabric type. Neman Brothers also provide samples using multiple different colorways for each design. Neman Decl. ¶14 - Exhibit 7. | |
| 15. As shown in the swatch sheet, Neman Brothers creates multiple style numbers based on kind of fabric, colorways, and the design, which is to be used for communications with customers and vendors. For Subject Design 1, Neman Brothers used 20335 as part of the style numbers. While other part of the style numbers may change depending upon the fabric type and the colorways, 20335 would be used to specify the design on the fabric would be the Subject Design 1. Neman Decl. ¶15. | **Interfocus' Response** <br> Undisputed but irrelevant. <br><br> **Plaintiff's Response** <br> Relevant as to wide dissemination for access as the opportunity to view. |
| 16. Neman Brothers sales history records, maintained in the MOD2, a sale record keeping system, show each sale of fabrics bearing the Subject Design 1, | **Interfocus' Response** <br> Undisputed but Irrelevant <br><br> **Plaintiff's Response** <br> Relevant as to wide dissemination, as well |

NEMAN BROTHERS & ASSOC., INC.'S RESPONSE TO INTERFOCUS' STATEMENTS OF DISPUTED FACTS AND ADDITIONAL FACTS

| | Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|---|
| | identified as "20335", to customers in the amount of about 143,048 yards for 2 years since the registration in 2017 until early 2019, which typically makes 70,000 to 140,000 garments to be sold through retailers including national retail stores such as Rainbow, Macy's and other online stores. For example, Byer California is one of the biggest garment manufacturers in the U.S. selling the garments to the national retail chains such as Kohl's, Macy's, etc. and actually used on multiple occasions in the years of 2017-2019 a factory located in Shaoxing City to make garments out of the Neman Brother's fabrics. Neman Decl. ¶15; Exhibit 8. | as the lost profits and the statutory damages. |
| 17. | Due to Interfocus' infringing activities in 2019 and 2020 of displaying and selling the Infringing Garments on its website, from the second half of 2019 and until the present, Neman Brothers did not receive the orders for the fabrics bearing the Subject Design 1. Given Neman Brothers typically sells the | **Interfocus' Response**<br>An unsupported conclusion based on no facts, and preposterous because InterFocus' total profits from all sales of disputed designs in this action was less than $1000. Opp. Le Decl. ¶ 5.<br><br>**Plaintiff's Response** |

NEMAN BROTHERS & ASSOC., INC.'S RESPONSE TO INTERFOCUS' STATEMENTS OF DISPUTED FACTS AND ADDITIONAL FACTS

| Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|
| fabrics for more or less of $3 per yard, its loss of sale from the infringement amounts to $214,572 per year. At the rate of 30% margin, Neman Brothers' typical margin ratio, it is about $71,524 as lost profit per year, as to Subject Design 1. Therefore, after Interfocus infringement, Neman Brothers lost $143,048 profits for the years of 2020 and 2021. Neman Decl. ⁋15. | Relevant as to wide dissemination, as well as the lost profits and the statutory damages. In this case, Interfocus produced only a self-serving chart made after receiving the cease and desist letter in September 2020, in anticipation of a litigation, which is nothing but a hearsay. In response to the interrogatories asking for accounting the total sales, earnings and costs, Interrogatory stated it would produce charts. Exhibit 42, Responses to Interrogatories 11 and 12. Interfocus never produced any real business records, such as purchase order, invoice, or sales reports from the sales record keeping system. Jeong Decl. ⁋42. A defendant's refusal to state the volume and profits arising from alleged infringing activities during discovery supports a higher amount of statutory damages. *See Dive N'Surf, Inc. v. Anselowitz*, 834 F. Supp. 379, 383 (M.D. Fla 1993) (awarding maximum statutory damages to defendants who refused to provide sales information). |
| | Objection. Lack of foundation, hearsay, document speaks for itself. (while Le |

| | Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|---|
| | | admitted in her declaration that she had and reviewed relevant business records, Interfocus never produced them in discovery or presented with its opposition at all. With no such records, the conclusion for $1,000 profit is only a hearsay lacking foundation.) |
| 18. | Neman Brothers' swatch sheet showing multiple different colorways of the Subject Design 2. For Subject Design 2, Neman Brothers used 20419 as part of the style numbers. Neman Decl. ¶17 - Exhibit 9. | **Interfocus' Response**<br>Undisputed but irrelevant.<br><br>**Plaintiff's Response**<br>Relevant to the issue of wide dissemination for access. |
| 19. | Neman Brothers sales history records, maintained in the MOD2, a sale record keeping system, show each sale of fabrics bearing the Subject Design 2, identified as "20419", to customers in the amount of about 48,870 yards for 2 years mainly since the registration in 2017 until early 2019. Neman Brothers could sell some fabrics in 2020 and 2021 too, but the total amount compared to prior years, was minimal. Neman Decl. ¶18 - Exhibit 10. | **Interfocus' Response**<br>Undisputed but irrelevant.<br><br>**Plaintiff's Response**<br>Relevant to the issue of wide dissemination for access. |

| | Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|---|
| 20. | Due to Interfocus' infringing activities in 2019 and 2020 of displaying and selling the Infringing Garments on its website, from the second half of 2019 and until the present, Neman Brothers did not receive, except a few, the orders for the fabrics bearing the Subject Design 2. Given Neman Brothers typically sells the fabrics for more or less of $3 per yard, its loss of sale from the infringement amounts to $73,305 per year. At the rate of 30% margin, it is about $21,991.5 as lost profit per year, as to Subject Design 2. Therefore, after Interfocus infringement, Neman Brothers lost $43,983 profits for the years of 2020 and 2021. Neman Decl. ¶18 – Exhibit 10. | **Interfocus' Response**<br>An unsupported conclusion based on no facts, and preposterous because InterFocus' total profits from all sales of the disputed designs in this action was less than $1000. Opp. Le Decl. ¶ 5.<br><br>**Plaintiff's Response**<br>Relevant to the issue of wide dissemination for access, lost profits and statutory damages. |
| 21. | Exhibit 11 is a true and correct copy of Neman Brothers' swatch sheet showing multiple different colorways of the Subject Design 3. For Subject Design 3, Neman Brothers used 21060 as part of the style numbers. While other part of the style numbers may change depending upon the fabric type and the | **Interfocus' Response**<br>Undisputed but irrelevant.<br><br>**Plaintiff's Response**<br>Relevant to the issue of wide dissemination for access. |

NEMAN BROTHERS & ASSOC., INC.'S RESPONSE TO INTERFOCUS' STATEMENTS OF DISPUTED FACTS AND ADDITIONAL FACTS

| | Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|---|
| | colorways, 21060 would be used to specify the design on the fabric would be the Subject Design 3. Neman Decl. ¶19 – Exhibit 11. | |
| 22. | Neman Brothers sales history records, maintained in the MOD2, our sales record keeping system, show each sale of fabrics bearing the Subject Design 3, identified as "21060", to customers in the amount of about 16,247 yards for 2 years since the registration in early 2018 until 2019. Due to Interfocus' infringing activities in 2019 and 2020 of displaying and selling the Infringing Garments on its website, from the second half of 2019 and until the present, Neman Brothers received only a few orders for the fabrics bearing the Subject Design 3. Given Neman Brothers typically sells the fabrics for more or less of $3 per yard, its loss of sale from the infringement amounts to $24,370.5 per year. At the rate of 30% margin, it is about $7,311.15 as lost profit per year, as to Subject Design 3. | **Interfocus' Response** Undisputed but irrelevant. **Plaintiff's Response** Relevant to the issue of wide dissemination for access, lost profits and statutory damages. |

| | Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|---|
| | Neman Decl. ¶20 - Exhibit 12. | |
| 23. | In 2019, Interfocus infringed upon Neman Brothers' copyrights on Subject Design 1, by displaying and selling the Maternity Dress ("Prior Infringing Garment 1") and shown in Exhibit 13. Submitted herewith as Exhibit 13 is a copy of the screenshots from Interfocus' website (patpat.com) and the pictures of the actual garment. Therefore, Neman Brothers sued Interfocus in 2019 (case no. 2:19-cv-10112) ("Prior Case"). Neman Decl. ¶21 – Exhibit 12. | **Interfocus' Response**<br>Undisputed but irrelevant, because 1) Neman Brothers already released InterFocus for such claims in a previous settlement agreement. Motion Le Decl. ¶¶ 2-4, Exs 2 and 3, Dkt. No. 35-1, 4 and 5.<br><br>**Neman Brothers' Response**<br>Relevant as to the issue of knowledge and recklessness for willful infringement in this case. Section 6 of the prior settlement agreement clarified the release does not apply to "past sale" of the prior accused garments which does not apply to the new infringing garment 1 produced and sold after the settlement. the release was given "**to the extent it relates to the past sale** of the garments by InterFocus, shown in Exhibits C-1 through C-7 attached to the complaint (Docket No. 1) in the Action filed on 11/26/2019." Defendant's Redacted Exhibit 2, Section 7. The prior settlement agreement was executed as of March 2020. Defendant's Redacted Exhibit 2, Section 7. Therefore, the question is whether the Infringing Garments sold after March 2020. |

NEMAN BROTHERS & ASSOC., INC.'S RESPONSE TO INTERFOCUS' STATEMENTS OF DISPUTED FACTS AND ADDITIONAL FACTS

| | Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|---|
| | | As admitted in Interfocus counsel's letter in October 2020, the said garments were uploaded for sale after March 2020 and until September 2020: Infringing Garment 1 (both navy and red) on July 1, 2020, Infringing Garment 2 on June 19, 2020. Exhibit 33, p.2-3. As discussed above, the Infringing Garment 3 was on the Interfocus Website as of October 2020 so that Neman Brothers could actually purchase the garment. Exhibit 22, p.2. Further, one of the caretags showing the production information indicated "Made in China 202008". Accordingly, the pending claims in this case are not barred by the release that was applicable to the sale in or before March 2020.<br><br>Objection. A document speaks for itself. Mischaracterization. |
| 24. | Interfocus also displayed and sold Baby Floral Shirt and Dress ("Prior Infringing Garment 2") The said garments were also litigated in the Prior Case. Neman Decl. ¶22 - Exhibit 14. | **Interfocus' Response**<br>Undisputed but irrelevant, because 1) Same as Interfocus Response to Fact No. 23; and 2) Neman Brothers agreed InterFocus could "cure" that alleged infringement by stopping sales of the allegedly infringing product on wit website within 7 days of receiving |

| Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|
| | notice in that previous settlement agreement, and InterFocus effected that cure. Motion Le Decl. ¶¶ 2-4, 11-12, 14, Exs 2 and 3,  Dkt. No. 35-1, 4 and 5.<br><br>**Neman Brothers' Response**<br>1) Please refer to Neman Brothers' response as to Fact No. 23.<br>2) Interfocus' argument for "cure" is based on its own self-serving mischaracterization, and misstatement and/or omission of the relevant facts in evidence. In order to avoid putting extensive amount of facts in one box to dispute this, Neman Brothers presents the misstated and omitted **Neman's additional facts (Fact No. 21-52) stated in Neman's Statement of Controverted Facts (Dkt 43-1).** Instead of repeating the same lengthy statements in multiple pages, Plaintiff hereby incorporate them.<br><br>Objection: a document speaks for itself. |
| 25. The Prior Case settled and the parties executed the settlement agreement ("Prior Settlement Agreement") as shown in Neman Decl. ¶23 – Interfocus' Sealed Exhibit 3 in March | **Interfocus' Response**<br>Undisputed. Motion Le Decl. ¶¶ 2-4, Exs 2 and 3. Dkt. No. 35-1, 4 and 5. |

| | Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|---|
| | 2020 (Docket no. 39). | |
| 26. | Not long after the Prior Settlement, on September 4, 2020, I found Interfocus again displayed and sold the same Maternity Dress ("Infringing Garment 1") in "navy" and "red" colors as shown in Exhibits 15 to 18. I ordered and bought the Infringing Garment 1. Submitted herewith as Exhibits 15 through 17 are copies of the screenshots from Interfocus' website (patpat.com) displaying the Infringing Garment 1. The pictures of Infringing Garment 1 are also submitted as Exhibits 16 and 18. While the dress in the picture of the dress on the screenshot in the Prior Case had short sleeves, the actual garment I received was sleeveless. Exhibit 13. The Infringing Garment 1 I found and bought also were sleeveless and identical with the dress in the Prior Case. Neman Decl. ¶24 – Exhibits 15-16. | **Interfocus' Response** <br> Undisputed but irrelevant, because Neman Brothers agreed InterFocus could "cure" that alleged infringement by stopping sales of the allegedly infringing product on wit website within 7 days of receiving notice in a previous settlement agreement, and InterFocus effected that cure as permitted by the prior settlement agreement. Motion Le Decl. ¶¶ 2-4, 11-12, 14, Exs 2 and 3, Dkt. No. 35-1, 4 and 5. <br><br> **Neman Brothers' Response** <br> Interfocus' argument for "cure" is based on its own self-serving mischaracterization, and misstatement and/or omission of the relevant facts in evidence. In order to avoid putting extensive amount of facts in one box to dispute this, Neman Brothers presents the misstated and omitted **Neman's additional facts (Fact No. 21-52) stated in Neman's Statement of Controverted Facts (Dkt 43-1).** Instead of repeating the same lengthy statements in multiple pages, Plaintiff hereby incorporate them. |

NEMAN BROTHERS & ASSOC., INC.'S RESPONSE TO INTERFOCUS' STATEMENTS OF DISPUTED FACTS AND ADDITIONAL FACTS

| Neman Brothers' Undisputed Facts | **Controverting Facts and Evidence** |
|---|---|
| | Objection: a document speaks for itself. |
| 27. The care tags of the Prior Infringing Garment 1 and the Infringing Garment 1 however, indicated different Stock Keeping Unit ("SKU") numbers which means they were from different batches of production. They also had different Lot Numbers, different fabric substance ratios (75% cotton and 25% polyester v. 100% cotton), different labels (Interfocus v. Shenzhen YS Garment Factory), and different production times (201905 v. 202007). As it typically takes a couple of months from sampling to actual production, the production in July 2020 means Interfocus started the whole procedure of sampling, ordering, reviewing, etc. at least  from May 2020, which is less than two months after the Prior Settlement on March 23, 2020. Neman Decl. ¶25 – Exhibit 39. | **Interfocus' Response** Same as Interfocus' response to Fact No. 26.<br><br>**Neman Brothers' Response** Same as Neman Brothers' response to Fact No. 26. |
| 28. On September 4, 2020, Neman Brothers also found Interfocus displayed and sold Baby Dress (Infringing Garment 2) which were using the exact same pattern with the Prior Infringing | **Interfocus' Response** Same as Interfocus' response to Fact No. 26.<br><br>**Neman Brothers' Response** |

NEMAN BROTHERS & ASSOC., INC.'S RESPONSE TO INTERFOCUS' STATEMENTS OF DISPUTED FACTS AND ADDITIONAL FACTS

| | Neman Brothers' Undisputed Facts | **Controverting Facts and Evidence** |
|---|---|---|
| | Garment 2). Neman Brothers ordered and bought the Infringing Garment 2. Neman Decl. ℙ26 – Exhibits 19 and 20. | Same as Neman Brothers' response to Fact No. 26. |
| 29. | The side-by-side comparison of the care tags of the two show that they also had different SKU numbers, Lot Numbers, different fabric substance ratios (100% cotton v. 95% cotton and 5% polyester), different labels (Interfocus v. Foshan SCCQ Trading Lt.), and different production times (201901 v. 202007). Neman Decl. ℙ27 – Exhibit 40. | **Interfocus' Response** Same as Interfocus' response to Fact No. 26. **Neman Brothers' Response** Same as Neman Brothers response to Fact No. 26. |
| 30. | Again, as it typically takes a couple of months from sampling to actual production, the production in July 2020 means Interfocus started the whole procedure of sampling, ordering, reviewing, etc. at least from May 2020, which is less than two months after the Prior Settlement on March 23, 2020. Neman Decl. ℙ27 – Exhibit 39. | **Interfocus' Response** Same as Interfocus' response to Fact No. 26. **Neman Brothers' Response** Same as Neman Brothers response to Fact No. 26. |
| 31. | In October 2020, I also found another infringing garment called Green Maxi Dress ("Infringing Garment 3"). Neman Decl. ℙ28 – Exhibits 21 and 22. | **Interfocus' Response** Same as Interfocus' response to Fact No. 26. **Neman Brothers' Response** |

| | Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|---|
| | | Same as Neman Brothers' response to Fact No. 26. |
| 32. | The side-by-side comparisons of the Subject Designs and the Infringing Garments reveals they are virtually identical in most of the objective details of the elements forming the designs and even arrangements of the elements. The chance for the two independently created designs to happen to have the same elements identical in details and the same arrangement of those elements would be far less than one in a million, in other words impossible. Neman Decl. ¶29 – Exhibits 23-25. | **Interfocus' Response**<br>The originality and protectability of this copyright is disputed because …(Same as Interfocus' response about paragraph 8 hereinabove.)<br><br>**Plaintiff's Response**<br>This fact is about similarities, not originality and protectability.<br>In addition, please refer to Neman Brothers' Response about Paragraph 8 hereinabove. |
| 33. | The first page of Exhibit 23 shows most of the elements, if not all, on the Infringing Garment 1 are copied from the Subject Design 1. The second page shows the major motif (indicated in red circles) having the main elements arranged in a certain way are identical while there were some crude efforts to give the appearance of dissimilarity on | **Interfocus' Response**<br>The originality and protectability of this copyright is disputed because …(Same as Interfocus' response about paragraph 8 hereinabove.)<br><br>**Plaintiff's Response**<br>This fact is about similarities, not originality and protectability. |

NEMAN BROTHERS & ASSOC., INC.'S RESPONSE TO INTERFOCUS' STATEMENTS OF DISPUTED FACTS AND ADDITIONAL FACTS

| | Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|---|
| | the Infringing Design 1 by taking out a few small leaves or flowers. Not only the arrangement, the shapes of the flower, flower buds, stems, leaves, and color shadings are also the same. These are not a combination of generic shapes like triangle, circle, square or line, but about a very detailed hand-drawn and intricate description of flowers, stems, leaves, and their arrangement. No designer would not be able to draw the design twice in the exact same way in such details without seeing it and copying it. This part standing alone forms an original and protectible element, and the Infringing Garment 1 copied it. Neman Decl. ¶30 – Exhibit 23. | In addition, please refer to Neman Brothers' Response about Paragraph 8 hereinabove |
| 34. | Even the elements describing small flowers, small leaves, and small stems, as well as their shapes, shades, locations, colors, directions and arrangements are strikingly identical, which cannot possibly be a coincidence of two independently created design having such identities in every details. The second and the third pages of | **Interfocus' Response**<br>The originality and protectability of this copyright is disputed because …(Same as Interfocus' response about paragraph 8 hereinabove.)<br><br>**Plaintiff's Response**<br>This fact is about similarities, not originality |

NEMAN BROTHERS & ASSOC., INC.'S RESPONSE TO INTERFOCUS' STATEMENTS OF DISPUTED FACTS AND ADDITIONAL FACTS

| | Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|---|
| | Exhibit 23 also show the remaining elements on Infringing Garment 1 were nothing but the result of flipping or rotating the elements of the Subject Design 1. Neman Decl. ¶30 – Exhibit 23. | and protectability. In addition, please refer to Neman Brothers' Response about Paragraph 8 hereinabove |
| 35. | The same is true about the Infringing Garment 2. On the first page, the circles in different colors indicate which parts are corresponding to each other on the two. Most of the elements, if not all, on the Infringing Garment 2 are from the elements of the Subject Design 2. Neman Decl. ¶31 – Exhibit 24. | **Interfocus' Response** The originality and protectability of this copyright is disputed because …(Same as Interfocus' response about paragraph 8 hereinabove.) **Plaintiff's Response** This fact is about similarities, not originality and protectability. In addition, please refer to Neman Brothers' Response about Paragraph 8 hereinabove |
| 36. | The second page of Exhibit 24 shows the biggest element as the main motif, circled in red on page 1, are identical in shapes, arrangements, directions, and locations while there were some crude efforts to give the appearance of dissimilarity on some leaves or flowers. Such also appear to be the result of lowering the printing cost for the | **Interfocus' Response** The originality and protectability of this copyright is disputed because …(Same as Interfocus' response about paragraph 8 hereinabove.) **Plaintiff's Response** This fact is about similarities, not originality |

NEMAN BROTHERS & ASSOC., INC.'S RESPONSE TO INTERFOCUS' STATEMENTS OF DISPUTED FACTS AND ADDITIONAL FACTS

| | Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|---|
| | garment's low pricing by simplifying some details and colors of the elements. Pages 3, 4 and 5 also show the remaining elements used on the Infringing Garment 2 are nothing but a rotated or flipped version of the elements on the Subject Design 2. Neman Decl. ¶32 – Exhibit 24. | and protectability.<br><br>In addition, please refer to Neman Brothers' Response about Paragraph 8 hereinabove |
| 37. | The first page of Exhibit 25 again shows the main motifs on the Infringing Garment 3 are copies of the elements on the Subject Design 3. The second page shows all elements of the main motif circled in red on the first page are the same as the elements of the Subject Design 3. The third page also shows the remaining elements are in fact a rotated or flipped version of the element on Subject Design 3. Neman Decl. ¶33 – Exhibit 25. | **Interfocus' Response**<br>The originality and protectability of this copyright is disputed because …(Same as Interfocus' response about paragraph 8 hereinabove.)<br><br>**Plaintiff's Response**<br>This fact is about similarities, not originality and protectability.<br>In addition, please refer to Neman Brothers' Response about Paragraph 8 hereinabove. |
| 38. | As discussed above, the comparisons of the care tags of the Prior Infringing Garments 1 and 2 with the same of the Infringing Garments 1 and 2 show the Infringing Garments at issue in this case are not part of the prior production of the Prior Infringing Garments. It was a new | **Interfocus' Response**<br>Same as Interfocus' response to Fact No. 26.<br><br>**Neman Brothers' Response**<br>Same as Neman Brothers' response to Fact No. 26. |

NEMAN BROTHERS & ASSOC., INC.'S RESPONSE TO INTERFOCUS' STATEMENTS OF DISPUTED FACTS AND ADDITIONAL FACTS

| | Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|---|
| | production that happened in July 2020, which procedure started from May 2020 which was less than two months after the settlement on March 23, 2020 in the Prior Case. Neman Decl. ￢34 - Exhibits 39-40. | |
| 39. | Interfocus failed to present any evidence for such rebuttal, rather, the evidence below strongly show that NB owns the Subject Design. For example, in response to the interrogatories asking about Interfocus' or its vendor's independent creation and any prior work, Interfocus stated only "**it is informed and believes** the designs at issue are very similar to independently created pre-existing designs…" which has no evidentiary value at all. (emphasis added). Jeong Decl. ￢35; Exhibit 42, Responses to Interrogatories No. 1-5. | **Interfocus' Response** The originality and protectability of this copyright is disputed because …(Same as Interfocus' response about paragraph 8 hereinabove.) **Plaintiff's Response** This fact is about similarities, not originality and protectability. In addition, please refer to Neman Brothers' Response about Paragraph 8 hereinabove |
| 40. | Interfocus response to Interrogatory 6 admits that in the ordinary procedures, Interfocus orders the garments it likes after it reviews the sample pictures, and do the quality inspection, and start sales of the garments. Jeong Decl. ￢36; | **Interfocus' Response** The interrogatory response does not "admit" what Neman Brothers claims its does. Opp. Lee Decl. Ex. 1. Also irrelevant, because Neman Brothers agreed InterFocus could "cure" the alleged infringement by stopping |

| | Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|---|
| | Exhibit 42, Responses to Interrogatory No. 6. | sales of the allegedly infringing product on wit website within 7 days of receiving notice in a previous settlement agreement, and InterFocus effected that cure as permitted by the prior settlement agreement. Motion Le Decl. ¶¶ 2-4, 11-12, 14, Exs 2 and 3, Dkt. No. 35-1, 4 and 5. |
| 41. | Interfocus further admitted it controlled the display procedure of the garments by stating Interfocus' vendors do not upload the information relating to the Infringing Garments. Jeong Decl. ║37; Exhibit 42, Responses to Interrogatory No. 7. | **Interfocus' Response** This is an unsupported assertion unsupported by any facts. InterFocus has made no such admission. Opp. Lee Decl. Ex. 1. **Neman Brothers' Response** Interfocus response to interrogatory No. 6 states "INTERFOCUS will start sales of such garments by uploading photos of garments and pricing information onto the patpat platfom." Ex. 42. |
| 42. | The above clearly shows Interfocus soon after signing the Prior Settlement Agreement on March 23, 2020, promptly started the sampling procedure, reviewed the samples of the Infringing Garments 1 and 2, ordered them again as Interfocus liked it in May | **Interfocus' Response** Same as Interfocus' response to Fact No. 26. **Neman Brothers' Response** Same as Neman Brothers' response to Fact No. 26. |

NEMAN BROTHERS & ASSOC., INC.'S RESPONSE TO INTERFOCUS' STATEMENTS OF DISPUTED FACTS AND ADDITIONAL FACTS

| | Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|---|
| | 2020 (Exhibits 39 and 40), uploaded the garment pictures with the information on the website on July 1, 2020 for Infringing Garment 1 and June 19, 2020 for Infringing Garment 2 and sold them until September 16, 2020. Exhibit 33. Even worse, it turned out the Interfocus continued to sell the Prior Infringing Garment 1 and the Prior Infringing Garment 2 even after the Prior Settlement until September 2020. Exhibit 33. Jeong Decl. ¶38; Exhibits 33, 39, 40. | |
| 43. | The above shows it is undisputed soon after the settlement of the Prior Case where the Subject Designs 1 and 2 were litigated, Interfocus again reviewed, chose, ordered, uploaded, displayed and sold the Infringing Garments 1 and 2, which sufficiently establishing copying after the actual access. Jeong Decl. ¶39. | **Interfocus' Response** Same as Interfocus' response to Fact No. 26. <br><br> **Neman Brothers' Response** Same as Neman Brothers' response to Fact No. 26. |
| 44. | Even as to Subject Design 3, Interfocus should be found to be a willful infringer under *Unicolors v. Urban Outfitters*. In response to the interrogatory asking | **Interfocus' Response** This is a legal argument, not a statement of fact. It is also disputed and irrelevant, because |

-29-

| Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|
| about preventive measures Interfocus has taken, Interfocus stated Interfocus takes down the garments after receiving notices, which is not a "preventive" measure at all. Interfocus also stated in its response that it requires vendors to license its intellectual property to Interfocus. Again, it at the best means only if a vendor has an intellectual property, it would have to license it to Interfocus, which has nothing do to with reasonable preventive measure such as checking on the source of the design on the samples when reviewing and before making an order. Jeong Decl. ¶40; Exhibit 42, Response to Interrogatory No. 18. | Neman Brothers entered into a settlement agreement in which it agreed to give InterFocus "Adequate Notification" and an opportunity to cure this alleged infringement within 7 says, but failed to give such notice before filing suit herein and thereby breached that settlement agreement. InterFocus nevertheless cured that alleged infringement as permitted by the prior settlement agreement once it learned of Neman Brothers' claim in its amended complaint herein, and therefore cannot be liable on any basis on this claim.   Motion Le Decl. ¶¶ 2-4, 11-12, 14, Exs. 2 and 3, Dkt. No. 35-1, 4 and 5.<br><br>**Neman Brothers' Response**<br>It states the facts that Interfocus failed to show it had any reasonable preventive measures.<br>Interfocus' argument for "cure" is based on its own self-serving mischaracterization, and misstatement and/or omission of the relevant facts in evidence. In order to avoid putting extensive amount of facts in one box to dispute this, Neman Brothers presents the misstated and omitted **Neman's additional** |

| | Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|---|
| | | **facts (Fact No. 21-52) stated in Neman's Statement of Controverted Facts (Dkt 43-1).** Instead of repeating the same lengthy statements in multiple pages, Plaintiff hereby incorporate them.<br><br>Interfocus did not present any evidence showing Neman's failure to give adequate notification.<br><br>Objection: a document speaks for itself. Lack of foundation (as to the conclusion for Neman's failure to give adequate notification.) |
| 45. | In the discovery, Interfocus never produced any evidence showing such reasonable efforts. The sampling procedure explained in Interfocus responses in fact admits it simply review, like and then order. There is no checking on copyright issues. Rather, even after knowing on the copyright issues, Interfocus would dare to order again, and display and sell online again. It is exactly what the Nineth Circuit Court called "willful blindness", "reckless policy", and "no attempt to check or inquire" into copyright issues. | **Interfocus' Response**<br>Same as Fact No. 44.<br><br>**Neman Brothers' Response**<br>Same as Fact No. 44. |

| | Neman Brothers' Undisputed Facts | Controverting Facts and Evidence |
|---|---|---|
| | Jeong Decl. ¶41; Exhibit 42, Response to Interrogatory No. 6. | |
| 46. | In this case, Interfocus produced only a self-serving chart made after receiving the cease and desist letter in September 2020, in anticipation of a litigation, which is nothing but a hearsay. In response to the interrogatories asking for accounting the total sales, earnings and costs, Interrogatory stated it would produce charts. Interfocus never produced any real business records, such as purchase order, invoice, or sales reports from the sales record keeping system. Jeong Decl. ¶42; Exhibit 42, Responses to Interrogatories 11 and 12. | **Interfocus' Response**<br>This is legal argument, not a statement of fact, and is irrelevant to Neman Brothers' motion. Further, though irrelevant to this motion, InterFocus did produce sales records.<br><br>**Neman Brothers' Response**<br>This states facts that Interfocus completely failed to produce business records or other admissible evidence, relevant to the issue of profit amounts, which establishes Interfocus' inability to show the less-than-$1,000 profit, and the application of persuasive case law stating a defendant's refusal to produce evidence regarding the volume and profits arising from alleged infringing activities during discovery entitles copyright plaintiffs to the maximum statutory damages without exact proof of the measure of damages. *See Dive N'Surf, Inc. v. Anselowitz*, 834 F. Supp. 379, 383 (M.D. Fla 1993) - awarding maximum statutory damages to defendants who refused to |

NEMAN BROTHERS & ASSOC., INC.'S RESPONSE TO INTERFOCUS' STATEMENTS OF DISPUTED FACTS AND ADDITIONAL FACTS

| Neman Brothers' Undisputed Facts | **Controverting Facts and Evidence** |
|---|---|
| | provide sales information)(citing *F.W. Woolworth Co. v. Contemporary Arts, Inc.,* 344 U.S. 228, 233 - holding that statutory damages should not merely compel restitution of profit and reparation for injury, but should also discourage wrongful conduct). |

## <u>NEMAN BROTHERS' RESPONSE TO INTERFOCUS' STATEMENT OF ADDITIONAL FACTS</u>

| **Interfocus' Undisputed Fact** | **<u>Neman Brothers' Response</u>** |
|---|---|
| 1.  Summary judgment previously has been entered against Neman Brothers for, *inter alia*, refiling released copyright infringement claims. *Neman Brothers & Assoc., Inc. v. One Step up Ltd.*, 764 Fed. Appx 624 (9th Cir. March 25, 2019) | Disputed.<br>Interfocus' argument based on the case against One Step Up ("OSU Matter") (2:17-cv-6400-RGK-SS) is misplaced and off the points of this case. In the OSU Matter, as the court's ruling clearly stated the settlement agreement at issue provided a release to the OSU to the extent it was specified in Section 2. Submitted herewith as Exhibit 38 is a true and correct copy of the Ruling on the MSJ in Neman Brothers v. One Step Up.  The said agreement stated the release applies to "all claims that Neman Brothers "may have in com1ection with any conduct involving |

| Interfocus' Undisputed Fact | Neman Brothers' Response |
|---|---|
| | the Accused Ga1ments, to the extent such conduct pe1tains to the goods set forth or described in Section 2 above .... " Therefore, the question was whether the accused garments at issue were part of the 18,400 garments specified in Section 2. In this case, however, the release was given "**to the extent it relates to the past sale** of the garments by InterFocus, shown in Exhibits C-1 through C-7 attached to the complaint (Docket No. 1) in the Action filed on 11/26/2019." The prior settlement agreement was executed as of March 2020. Therefore, the question is whether the Infringing Garments sold after March 2020. As admitted in Interfocus counsel's letter in October 2020, the said garments were uploaded for sale after March 2020 and until September 2020: Infringing Garment 1 (both navy and red) on July 1, 2020, Infringing Garment 2 on June 19, 2020. As discussed above, the Infringing Garment 3 was on the Interfocus Website as of October 2020 so that Neman Brothers could actually purchase the garment. Further, one of the caretags showing the production information indicated "Made in China 202008". Accordingly, the pending claims in this case are not barred by the release that was applicable to the sale in or before March 2020. |

NEMAN BROTHERS & ASSOC., INC.'S RESPONSE TO INTERFOCUS' STATEMENTS OF DISPUTED FACTS AND ADDITIONAL FACTS

| Interfocus' Undisputed Fact | Neman Brothers' Response |
|---|---|
| | Jeong Decl. ⁋32; Exhibit 38, p. 5 of 8; Jeong Decl. ⁋33; Exhibit 38, p. 5-6 of 8; Jeong Decl. ⁋34; Defendant's Redacted Exhibit 2, Section 7; Exhibit 33, p.2-3; Exhibit 22, p.2. |
| | Objection. Irrelevant. |
| 2.  Neman Brothers released InterFocus from liability for all claims Neman Brothers asserted or could have asserted in the Previous Action in the PSA. PSA §5, Exs. 2 and 3, Dkt. Nos. 35-1, 4 and 5. | Disputed. the release was given "**to the extent it relates to the past sale** of the garments by InterFocus, shown in Exhibits C-1 through C-7 attached to the complaint (Docket No. 1) in the Action filed on 11/26/2019." Defendant's Redacted Exhibit 2, Section 7. The prior settlement agreement was executed as of March 2020. Defendant's Redacted Exhibit 2, Section 7. Jeong Decl. II. ⁋34. Objection: a document speaks for itself. |
| 3.  In the PSA, Neman Brothers Neman Brothers agreed to give InterFocus written notice of any future alleged infringement of intellectual property, and allowed InterFocus seven business days thereafter to "cure" it by removing the allegedly infringed products from its platform. PSA §5, Exs. 2 and 3, Dkt. Nos. 35-1, 4 and 5. | Disputed. Interfocus' argument for "cure" is based on its own self-serving mischaracterization, and misstatement and/or omission of the relevant facts in evidence. In order to avoid putting extensive amount of facts in one box to dispute this, Neman Brothers presents the misstated and omitted **Neman's additional facts (Fact No. 21-52) stated in Neman's Statement of Controverted Facts** |

NEMAN BROTHERS & ASSOC., INC.'S RESPONSE TO INTERFOCUS' STATEMENTS OF DISPUTED FACTS AND ADDITIONAL FACTS

| Interfocus' Undisputed Fact | Neman Brothers' Response |
|---|---|
|  | **(Dkt 43-1).** Instead of repeating the same lengthy statements in multiple pages, Plaintiff hereby incorporate them. |
| 5.  InterFocus fully complied with all of its obligations under the PSA following its execution. Motion Le Decl. ¶ 5. | Disputed.<br>Interfocus' argument for "cure" is based on its own self-serving mischaracterization, and misstatement and/or omission of the relevant facts in evidence.<br>In order to avoid putting extensive amount of facts in one box to dispute this, Neman Brothers presents the misstated and omitted **Neman's additional facts (Fact No. 21-52) stated in Neman's Statement of Controverted Facts (Dkt 43-1).** Instead of repeating the same lengthy statements in multiple pages, Plaintiff hereby incorporate them. |
| 6.  Neman Brothers dismissed its claims against InterFocus with prejudice in the Previous Action, as the PSA required it to do.  PSA § 7, Exs. 2 and 3, Dkt. Nos. 35-1, 4 and 5; Previous Action Dkt. No. 19. | Undisputed.<br><br><br>Objection: irrelevant. |
| 7.  As required by the Previous Settlement Agreement, Neman Brothers sent InterFocus a letter intended to constitute "Adequate Notification" under the PSA on or about September 15, 2020 (the | Undisputed. |

NEMAN BROTHERS & ASSOC., INC.'S RESPONSE TO INTERFOCUS' STATEMENTS OF DISPUTED FACTS AND ADDITIONAL FACTS

| Interfocus' Undisputed Fact | Neman Brothers' Response |
|---|---|
| "September 15 letter") Motion Le Decl. ¶¶ 6, 8 and Exs. 1 and 4, Dkt. Nos. 35-1, 2 and 6 | |
| 8.  The September 15 Letter alleged infringement of Neman Brothers' alleged copyrights in the following six fabric patterns on the following garments:  Motion Le Decl. ¶ 8, and Exs. 1 and 4, Dkt. Nos. 35-1, 2 and 6. | Disputed. The letter stated the infringements as below. "Our investigation has recently revealed your company, InterFocus, Inc. dba PatPat.com, is producing, manufacturing, distributing, and/or offering for sale garments (Exhibits 2, 4 and 5) which infringe our client's copyrights in a two dimensional artworks, NB170268 (Exhibit 1) and NB161106 (Exhibit 3) ("Subject Designs")." Interfocus Exhibit 4 (docket no. 35-5) It further stated; "under 17 U.S.C. § 504(c), your company may be liable for statutory damages of up to $150,000.00. In this present case, Interfocus was put on clear notices as to our client's designs and copyrights because the two Subject Designs in this case were also litigated in the prior case. (Exhibits 6 and 7). However, Interfocus again sold the Accused Garments bearing the same designs thereupon, which establishes Interfocus' reckless/intentional/knowing disregards of our client's designs and copyrights, sufficiently supporting claims for willful infringement." Interfocus Exhibit 4 (docket no. 35-5) |

NEMAN BROTHERS & ASSOC., INC.'S RESPONSE TO INTERFOCUS' STATEMENTS OF DISPUTED FACTS AND ADDITIONAL FACTS

| Interfocus' Undisputed Fact | Neman Brothers' Response |
|---|---|
|  | Objection:<br>a document speaks for itself.<br>Misstating the contents of the letter at issue. |
| 9.  After receiving the September 15 Letter, InterFocus immediately launched an investigation into Neman Brothers' claims in compliance with its obligations Motion Le Decl. ¶ 7, Dkt. No. 35-1. | Disputed.<br>Interfocus never produced any real evidence supporting the statement.<br><br>Objection.<br>Lack of foundation |
| 9.  In investigating Neman Brothers' claims in the September 2015 Letter, discovered that it had already removed from its platform three of the alleged infringements Neman Brothers' letter complained of before it entered into the Previous Settlement Agreement as follows:<br><br>Motion Le Decl. ¶ 10, | Disputed.<br>Interfocus' letter on October 5, 2020 admits the garments were not removed until September 16-17, 2020. Ex. 33.<br><br>Objection.<br>A document speaks for itself.<br>Misstating the facts in the evidence. |

| Interfocus' Undisputed Fact | Neman Brothers' Response |
|---|---|
| Dkt. No. 35-1; Opposition Le Decl. ¶ 4. | |
| 10.  In response to the September 2015 Letter, InterFocus also removed from its platform the other three alleged infringements within seven business days of receiving the September 15, Letter as follows:             Motion Le Decl. ¶¶11-12, Dkt. No 35-1. | Undisputed. |
| 11.  Neman Brothers filed its original complaint herein on December 9, 2020. Dkt. No. 1. | Undisputed. |
| 12.  Neman Brothers' complaint repeated the allegations of the September 15 letter and Previous Action regarding those three released and three cured alleged infringements. Cf. Dkt. No.1 Exs. 1-6 and September | Objection. A document speaks for itself. |

NEMAN BROTHERS & ASSOC., INC.'S RESPONSE TO INTERFOCUS' STATEMENTS OF DISPUTED FACTS AND ADDITIONAL FACTS

| Interfocus' Undisputed Fact | Neman Brothers' Response |
|---|---|
| 15 letter Ex. 1, concurrently filed as Ex. 4; Le Decl. ¶ 15. | |
| 13.  Neman Brothers filed a First Amended Complaint on January 5, 2021. Cf. Dkt. No. 10. | Undisputed. |
| 14. Neman Brothers' First Amended Complaint added new copyright infringement claims about which it never sent InterFocus a written notice of alleged infringements.  Cf. Dkt. Nos 1 and 10; Motion Le Decl. ¶ 16, Dkt. No. 35-1. | Disputed<br><br>In the course of the negotiations, Neman Brothers in good faith tried to settlement the matters by even combining it with a licensing. It even emailed multiple designs and its copyright registrations for Interfocus' review. Jeong Decl.¶28. However, in the end, after wasting two months until November 2020, Interfocus refused to sign the settlement with no explanation. The above made it clear Interfocus was playing only a delay game with no good faith efforts to settle, and would do the same even if Neman Brothers starts over with the issue of the Infringing Garment 3, which would be nothing but a waste of time only to repeat the same discussion that Interfocus frustrated. It forms a material breach as to the Infringing Garments 1 and 2, and a repudiation as to the Infringing Garment 3. Infringing Garment 3 was found in October 2021, and was discussed and agreed to be covered by Section 8 (Mutual Release) of the final draft of the subsequent settlement which specified the release to be given to Interfocus to |

-40-

NEMAN BROTHERS & ASSOC., INC.'S RESPONSE TO INTERFOCUS' STATEMENTS OF DISPUTED FACTS AND ADDITIONAL FACTS

| Interfocus' Undisputed Fact | Neman Brothers' Response |
|---|---|
| | the extent it relates to the past sale of the garments through the Website on or before the Effective Date, which was defined to be the full execution date in November 2020. Jeong Decl. ¶30; Exhibit 37. |
| | As Interfocus complained of it, Neman Brothers' counsel offered to voluntarily dismiss without prejudice the claim on the Infringing Garment 3 and start over the procedure under Sections 5 and 6 as to the Infringing Garment 3, but Interfocus also refused to do so. On February 2, 2021, when Mr. Mark Lee contacted Mr. Jeong for the first time to request a stipulation to extend the due date to file the answer, and until the time of filing the answer and the counterclaim on February 19, 2020 (Dockets 17 and 18), Mr. Lee never attempted to confer on the issue of Infringing Garment 3. Jeong Decl. ¶31.  After filing the pleadings, Mr. Lee refused to stipulate to the dismissal of the related claim without prejudice. Jeong Decl. ¶31. |
| | The above shows Neman Brothers was justified in not repeating the same procedure under Sections 5 and 6, which Interfocus already frustrated. In fact, Interfocus breached Sections 5 and 6 by refusing to separately negotiate the settlement on the Infringing Garment 3 when Neman Brothers offered to do so. It also forms a |

NEMAN BROTHERS & ASSOC., INC.'S RESPONSE TO INTERFOCUS' STATEMENTS OF DISPUTED FACTS AND ADDITIONAL FACTS

| Interfocus' Undisputed Fact | Neman Brothers' Response |
|---|---|
|  | failure to reasonably mitigate the damages even if any.<br><br>Objection.<br>A document speaks for itself. |
| 15.  Although it never received an "Adequate Notification" regarding the copyright infringement claims added in its amended complaint, InterFocus removed these new alleged infringements from its platform as permitted by the "notice and cure" provision of the PSA. | Disputed.<br>Same as the response to paragraph 14 hereinabove. |

Dated: August 8, 2021

RESPECTULLY SUBMITTED,
Respectfully submitted,

_/s/Chan Yong Jeong_____
Chan Yong Jeong, Esq.
Attorney for Plaintiff

NEMAN BROTHERS & ASSOC., INC.'S RESPONSE TO INTERFOCUS' STATEMENTS OF DISPUTED FACTS AND ADDITIONAL FACTS