CHAN YONG JEONG, ESQ. (SBN 255244)
  jeong@jeonglikens.com
JEONG & LIKENS, L.C.
222 South Oxford Avenue
Los Angeles, CA 90004
Tel: 213-688-2001
Email: Jeong@jeonglikens.com

Attorneys for Counter-Defendant NEMAN BROTHERS & ASSOC., INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation;<br><br>    Plaintiff/Counter-Defendant,<br><br>vs.<br><br>INTERFOCUS, INC., a California Corporation, et al.,<br>    Defendant/Counter-Claimant | Case No.: 2:20-cv-11181-CAS-JPR<br><br>**EVIDENTIARY OBJECTION TO DECLARATION OF WEIWEI LE (Dkt 46-1)**<br><br>Date: August 23, 2021<br>Time: 10 a.m. |

# EVIDENTIARY OBJECTIONS

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION | COURT'S RULING |
|---|---|---|
| 2. … Among the products it sells are garments it purchases from third party vendors in China, who manufacture them with <u>fabrics purchased on the open market</u> from fabric manufacturers in China. InterFocus <u>does not know who those fabric manufacturers are</u>, but it has no desire to infringe anyone's copyrights in connection with such sales, so, among other things, <u>it requires its vendors from whom it purchases such garments to agree in writing that its products do not infringe anyone else's copyrights</u>. InterFocus <u>does not knowingly sell merchandise</u> that infringes others' rights. | Lack of foundation, speculation and hearsay (Le provides no evidence or basis for stating "purchased from the open market. Le provides no business records, no explanation as to how she concluded so, and no explanation as to who told her so. Le in fact admits she does not know who sold the fabrics to Interfocus' vendors.)<br><br>Lack of foundation, a document speaks for itself (Le claims there is an agreement with vendors in writing without producing a copy at all.)<br><br>Lack of foundation, irrelevant (Le fails to explain why Interfocus started selling the same garments bearing the exact same infringing designs, especially the Infringing Garments 1 and 2, again, shortly | Sustained: ____<br><br>Overruled: ____ |

| | | |
|---|---|---|
| | after the execution of the settlement in the prior case regarding the same designs. With no real explanation about it, simply claiming no desire or no knowledge bears no probative value or foundation.) | |
| 3. There are many fabric manufacturers in China, and many third-party vendors who manufacture garments using fabrics obtained from those garment manufacturers. <u>Many fabric manufacturers offer similar floral, paisley, and other patterns to garment manufacturers</u>. I [or InterFocus] have <u>asked the vendors from whom we purchased garments</u> that Neman Brothers claims infringe its rights to identify the fabric manufacturers from who they acquired the fabric used on the allegedly infringing goods, and <u>also asked them to provide us with **examples of similar fabric designs**</u> they received from someone other than | Irrelevant (the U.S. Copyrights Act protects expressions, not idea. Neman is not blaming Interfocus for using the design with the same idea of drawing flowers, but exactly the same expressions (objective details, arrangements, location, direction, shading) of describing such flowers, stems and leaves, in most parts, if not all. Having many other designs drawing flowers has no probative value in this case at all.)<br><br>Irrelevant (Le admits she only asked for "similar fabric designs". Unless they are preexisting or independently created, it bears no probative value as to the issue of rebutting the presumed ownership and validity of the copyrights per copyright registration.) | Sustained: ____<br><br>Overruled: ____ |

3

**EVIDENTIARY OBJECTION TO DECLARATION OF WEIWEI LE (Dkt 46-1)**

| # | | | |
|---|---|---|---|
| 1-20 | Neman Brothers. <u>They have told InterFocus they will provide such information and those materials, but have not yet done so.</u>  <u>We continue to encourage them to provide</u> us with that information and exemplar designs, <u>but we have no way to compel them</u> to do so. | Hearsay, lack of foundation, vague (the claimed communication with the vendors are nothing but hearsay exchanged in anticipation, or in the middle, of this litigation. Le provides no explanation about exactly what she asked for, when and how she asked, why vendors did not provide, how much more time she would have to wait. Le only vague states she asked for merely similar designs (not preexisting or independently created) and would have to wait. Le also remains vague in claiming the vendors said they "will" provide, without explaining whether the vendors already had it or at least where it is, or whether they simply meant they will provide if they find it.) | |
| 21-28 | 4. In reviewing my earlier declaration to prepare this one, I discovered <u>one typographical error</u> I would like to correct. A chart at paragraph 14 shows that <u>a garment identified by ID No. 399267 was taken down from InterFocus' online platform on 9/14/2020</u>. That | Sham Affidavit, hearsay, lack of foundation, Prior Inconsistent statements twice ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior testimony." *Asdale v. International Game Technology*, 577 F.3d 989, | Sustained: ____<br><br>Overruled: ____ |

| | | |
|---|---|---|
| is in error. In fact, as stated in paragraph 10 of that same declaration, <u>the referenced garment was taken down before InterFocus entered into its previous settlement agreement with Neman Brothers.</u> The correct date that should have been included on the chart is <u>9/14/2019</u>. I apologize for that error. | 998 (9th Cir. 2009). Interfocus in its letter (Dkt 42-35, Plaintiff's Ex. 33) admitted it continued to sell the baby dress (399267). Le in her own declaration (Dkt 35-1, ¶14) re-affirmed it. Only after Neman points out the issue in its motion, Le at a sudden make a conclusory statement they were mistakes, with no explanation or basis as to why and how those so-called mistakes were made twice, and how Le know it was taken down on "9/14/2019". With no proper business records, it is only a hearsay that also completely lacks foundation.) | |
| 5. After suit was filed herein, <u>InterFocus examined its business records to determine how much money it made selling the garments</u> Neman Brothers has claimed infringe its copyright. InterFocus has determined that <u>it earned less than $1000 in profits</u> from such sales. | Hearsay, lack of foundation, a document speaks for itself. (Le with no business records or explanations in reasonable details, merely states she examined the business records and concluded the profit was less than $1,000. Throughout the discovery, in spite of the requests, Interfocus never produced the so-called business records Le admitted she had and reviewed. Jeong Decl. (Dkt 42-2, ¶42)) | Sustained: ____<br><br>Overruled: ____ |

1    IT IS SO ORDERED.

2    DATED:

4    _____
     Honorable Judge Christina A. Snyder
5    United States District Court