CHAN YONG JEONG, ESQ. (SBN 255244)
jeong@jeonglikens.com
JEONG & LIKENS, L.C.
222 South Oxford Avenue
Los Angeles, CA 90004
Tel: 213-688-2001
Email: Jeong@jeonglikens.com

Attorneys for Plaintiff NEMAN BROTHERS & ASSOC., INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation;<br><br>    Plaintiff/Counter-Defendant,<br><br>vs.<br><br>INTERFOCUS, INC., a California Corporation, et al.,<br>    Defendant/Counter-Claimant | Case No.: 2:20-cv-11181-CAS-JPR<br><br>**EVIDENTIARY OBJECTION TO DECLARATION OF MARK S. LEE (Dkt 46-1)**<br><br>Date: August 23, 2021<br>Time: 10 a.m. |

# EVIDENTIARY OBJECTIONS

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION | COURT'S RULING |
|---|---|---|
| 1. I am a lawyer admitted to practice before this Court, and am a partner at Rimon, P.C., counsel of record for Interfocus, Inc. d.b.a. www.patpat.com ("Interfocus") in this matter. I have personal knowledge of the following facts except where otherwise indicated based on my personal participation in the matters described, and if called upon as a witness, I could and would competently testify thereto. | Lack of foundation | Sustained: ____<br><br>Overruled: ____ |
| 2. InterFocus served its responses to Plaintiff's first set of Interrogatories on or about May 3, 2021. A true and correct copy of those responses is attached as Exhibit 1. | **Hearsay** (to the extent it was not offered against Interfocus as party admission)<br><br>**Lack of foundation** (to the extent it states only conclusory statement) | Sustained: ____<br><br>Overruled: ____ |

| | | | |
|---|---|---|---|
| 1 | 3. As stated in those responses, InterFocus <u>believes</u> that the designs at issue in this case are very similar to independently created <u>pre-existing designs</u> that are <u>widely available in the Chinese market</u>, where the products at issue were produced by independent vendors. I have personally searched the Internet, and <u>discovered a few examples of similar patterns</u> when doing so. Attached as Exhibit 2 is a true and correct copy of some of those <u>similar patterns</u>. I also directed that a chart be prepared comparing three of the fabric patterns Plaintiff claims InterFocus infringed with similar patterns attached as Exhibit 2, and that chart reveals the following: | **Lack of personal knowledge**  **Lack of foundation** (no basis for concluding other designs were pre-existing and widely available in the Chinese market.)  Lack of identification and foundation (there is no explanation about when the so-called search was done, how it was done, where the so-called other designs were found, when they were created)  Irrelevant (without proper identification and foundation, the designs Lee purportedly found, proves nothing. The said designs may be additional infringing copies or Neman's fabric.)  Lack of foundation as to "similar patters" (the pictures are too small and too blurry so that no comparisons as to the "expressions" (or objective details) is possible. While the said designs describe flowers, even a simple glance at them | Sustained: ____  Overruled: ____ |

| | | |
|---|---|---|
| | reveals the objective details of how the flowers were expressed, and the arrangement, directions, shapes, and locations of the flowers, stems and leaves are different while there is no striking or substantial similarities with the subject designs.) | |
| 4. Further Investigation and discovery <u>could reveal</u> evidence relevant to ownership, originality and protectability of the fabric patterns at issue in the case. For example, it <u>could reveal</u> that the fabric patterns used to create the garments InterFocus sold were created independently of the patterns in which Neman Brothers claims copyright by someone else, or that the fabric patterns used by InterFocus' Chinese third party vendors were acquired from the same fabric manufacturer from whom Neman Brothers acquired its alleged U.S. copyrights, or that the designs at issue originated with another manufacturer from whom Neman Brothers' assignor copied | **Speculation** (the cease and desist letter was given to Interfocus about <u>a year</u> ago, and the complaint was served about <u>eight months</u> ago, but Lee still does not know what discovery or investigation he would do to find what. This is <u>a typical copyright infringement case</u> where no complex issue or unanticipated issue came up at all. Even when conferring on the motions under L.R. 7-3, Lee never discussed about the needs for further discovery, but now for the first time brings this up after the motion was filed. Lee by silence admits there is <u>no pending discovery requests</u> to be responded or <u>no deposition notice or subpoena</u> was ever served or pending. Lee provides <u>no explanation</u> what and how he diligently did for the investigation | Sustained: ____<br><br>Overruled: ____ |

4

**EVIDENTIARY OBJECTION TO DECLARATION OF MARK LEE (Dkt 46-1)**

| | | | |
|---|---|---|---|
| it, or other facts that could provide defenses to the present copyright infringement claims. | and discovery until this time, instead of <u>sleeping on his rights in spite of ample opportunities</u>.) | | |
| 5. This case is <u>in the relatively early stages of discovery</u>, with both parties having responded to written discovery propounded by the other side but <u>no depositions having yet been taken</u>. | Mischaracterization (please see the above discussion about paragraph 4) | Sustained: ____  Overruled: ____ |
| 6. The fact that <u>much relevant evidence appears to be in China</u> complicates and delays our investigation and discovery efforts. I have some experience in <u>international discovery</u>, and some familiarity with theoretical and practical aspects of obtaining such discovery from Chinese entities that are not parties to U.S. litigation and not subject to the jurisdiction of a U.S. Court. Like the U.S., China has become a signatory to the 1970 "Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention") since about 1998, see | Argumentative (Lee is making inconsistent arguments. On the one hand, Lee argues to the needs of the international discovery. On the other hand, he goes it would not be permitted, difficult, and unpredictable. Lee by silence admits <u>he never tried Letters Rogatory in this case</u>, while only vaguely stating he is engaged in <u>efforts for informal discovery which Interfocus has done for a full year</u> since September 2020 after receiving Naman's cease and desist letter. Lee does not explain what and how Interfocus would informally discover this time, why it could not do so during the last one year, and why this time, it thinks it | Sustained: ____  Overruled: ____ |

| | | |
|---|---|---|
| https://www.hcch.net/en/instruments/conventions/specialised-sections/evidence and https://www.hcch.net/en/instruments/conventions/status-table/?cid=82; see also https://www.state.gov/judicial-assistance/;  Thus, in theory, limited written discovery and documents from third parties can be obtained by  "Letters Rogatory" or "Letter of Request" issued by this Court to obtain written answers to written questions or documents from third parties in China.  China does not permit attorneys to take depositions in China for use in foreign courts because it is illegal under of Article 277 of China's Civil Procedure Law.  See https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/china.html). | would succeed in finding exactly what from where.)  Irrelevant (it has no probative value to this case to the extent Interfocus is randomly seeking something it does not even know is what and where and how it could get, from unknown third parties in China. On the other hand, by silence, Interfocus admits they obtained no evidence from its own vendors who provided the infringing fabrics or garments, about the source of the Infringing Designs, and pre-existence, or independent creation, of the said designs.) | |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26 | In practice, actually gaining the permission of a Chinese Central Authority to get such written testimony or documents from third parties is <u>difficult and unpredictable</u>. Any Letters Rogatory and Letters of Request must be presented to and approved by the Chinese Central Authority that controls such matters. See <u>https://www.hcch.net/en/states/authorities/details3/?aid=243.</u> <u>U.S.-style discovery</u> is foreign to the Chinese legal system, and <u>Chinese authorities often are reluctant to permit</u> it. Such efforts are <u>expensive and time-consuming</u>, and <u>whether the Chinese Central Authority will permit it is uncertain</u>. In my opinion, the <u>likelihood of actually obtaining it can be low</u>. Thus, in China, <u>informal investigation</u> is often a better way to obtain information. <u>InterFocus is engaged in such efforts now</u>. | |
| 27<br>28 | 7. In practice, actually gaining the permission of a Chinese Central | Argumentative (please see the discussion on paragraph 6 above.) |

**EVIDENTIARY OBJECTION TO DECLARATION OF MARK LEE (Dkt 46-1)**

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26 | Authority to get such written testimony or documents from third parties is difficult and unpredictable. Any Letters Rogatory and Letters of Request must be presented to and approved by the Chinese Central Authority that controls such matters.  See https://www.hcch.net/en/states/authorities/details3/?aid=243. U.S.-style discovery is foreign to the Chinese legal system, and Chinese authorities often are reluctant to permit it.  Such efforts are expensive and time-consuming, and whether the Chinese Central Authority will permit it is uncertain. In my opinion, the likelihood of  actually obtaining it can be low.  Thus, in China, informal investigation is often a better way to obtain information. InterFocus is engaged in such efforts now. | |

      IT IS SO ORDERED.
      DATED:

**EVIDENTIARY OBJECTION TO DECLARATION OF MARK LEE (Dkt 46-1)**

1
2  _____
   Honorable Judge Christina A. Snyder
3  United States District Court
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28