RIMON, P.C.
Mark Lee (SBN 94103)
mark.lee@rimonlaw.com
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone/Facsimile: 213.375.3811

RIMON, P.C.
Zheng Liu (SBN: 229311)
zheng.liu@rimonlaw.com
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
Telephone/Facsimile: 650.461.4433

Attorneys for Defendants
INTERFOCUS INC. d.b.a. www.patpat.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive.,<br><br>Defendants. | Case No. 2:20-cv-11181-CAS-JPRC<br><br>**REPLY OF INTERFOCUS INC. IN SUPPORT OF MOTION FOR:**<br><br>1) **SUMMARY JUDGMENT ON COPYRIGHT INFRINGEMENT CLAIMS IN PLAINTIFF'S COMPLAINT; AND**<br><br>2) **PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, an individual, and DOES 1-10, inclusive,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Counterclaim Defendant. | Date:    August 23, 2021<br>Time:   10:00 am<br>Courtroom:  8D<br><br>The Hon. Christina A. Snyder |

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>**TABLE OF CONTENTS**</u>

<u>**Page**</u>

I.   INTRODUCTION ............................................................................... 1

II.   Plaintiff's Proposed Interpretations of the Previous Settlement
      Agreement Should Be Rejected. ..................................................... 1

      A.   The Previous Settlement Agreement's Plain Language
           Conclusively Establishes Its Intent. ....................................... 1

      B.   Plaintiff's Proposed "Avoiding Continuing Infringement"
           Definition for "Cure" Is Meaningless. ................................... 2

      C.   Alleged Post-Agreement Conduct Cannot Create an Ambiguity
           in the Plain Language of Previous Settlement Agreement. ................. 3

      D.   Sections 5 and 6 Are Consistent with the Plain Meaning of
           the "Notice and Cure" Provision in the Previous Settlement
           Agreement. ........................................................................ 5

      E.   Neman Brothers' Request for This Court to "Transpose" or
           "Reject" the "Cure" Provision in the Previous Settlement
           Agreement Itself Must be Rejected. ....................................... 7

      F.   Neman Brothers "Copyright Forfeiture" Argument is Meritless. ......... 8

      G.   Neman Brothers' "Material Breach" and "Repudiation"
           Arguments Lack Merit. ......................................................... 9

      H.   One Step Up Does Not Address "Different Issues." .......................... 10

III.  CONCLUSION .............................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alameda Cty. Flood Control & Water Conservation Dist. v. Dep't of Water Res.*,
213 Cal. App. 4th 1163 (2013) .................................................................... 4

*Alliance Metal, Inc of Atlanta v. Hinely Industries, Inc.*,
222 F.3d 895 (11th Cir. 2000) .................................................................. 10

*In re Art and Architecture Books of the 21st Century*,
518 B.R. 43 (C.D. Cal. 2014) ....................................................................... 8

*Autry v. Republic Prods.*,
30 Cal. 2d 144, 180 P. 2d 888 (1947) ....................................................... 9

*Corbin Northridge LP v. HBC Solutions, Inc.*,
No. CV1402714RGKJCX, 2015 WL 12712292 (C.D. Cal. Feb. 17, 2015) .......................................................................................................... 1

*Doe 1 v. AOL LLC*,
552 F.3d 1077 (9th Cir. 2009) .................................................................... 1

*In re Frazer*,
377 B.R. 621 (B.A.P. 9th Cir. 2007) ..................................................... 2, 3

*Genesis 1 Oil Services LLC v. Wismann Grp, LLC*,
No. 820CV02114JLSADS, 2021 WL 1110594 (C.D. Cal March 23, 2021) .......................................................................................................... 9

*Heidlebaugh v. Miller*,
126 Cal. App. 2d 35, 271 P.2d 567 (1954) ............................................. 7

*Leines v. Homeland Vinyl Products, Inc.*,
No. 2:18-CV-00969-KJM-DB, 2020 WL 4194054 (E.D. Cal. July 21, 2020) ...................................................................................................... 4

*Mudpie, Inc. v. Travelers Casualty Insurance Company of America*,
487 F. Supp. 3d 834 (N.D. Cal. 2020) ...................................................... 3

# TABLE OF AUTHORITIES CONT'D

**Page(s)**

**Cases**

*Neman Brothers & Assoc., Inc. v. One Step Up Ltd.*,
 No. 2:17-CV-06400-RGK-SS, 2017 WL 6885390 (C.D. Cal. Dec.
 13, 2017) ................................................................................... 10, 11

*In re Passenger Computer Reservations Systems Antitrust Litigation*,
 724 F. Supp. 744 (C.D. Cal. 1989) .................................................... 7

*Pension Trust Fund for Operating Engineers v. Federal Ins. Co.*,
 307 F.3d 944 (9th Cir. 2002) ............................................................. 1

*Petersen v. Hartell*,
 supra, 707 P.2d at 242 ....................................................................... 2

*Sirisup v. It's Thai*,
 L.L.C., No. CV1307246DDPPJWX, 2015 WL 6181688 (C.D. Cal.
 Oct. 21, 2015) ................................................................................... 11

*Taylor v. Johnston*,
 15 Cal. 3d 130, 539 P. 2d 425 (Cal. 1975) ...................................... 10

**Statutes**

Cal. Civ. Code § 1641 ............................................................................... 3

**Other Authorities**

Fed R. Evid. 408 ....................................................................................... 4

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.   INTRODUCTION.

Plaintiff opposes summary judgment with arguments that are unsupported by the facts and contrary to applicable law. Plaintiff's arguments should be rejected and summary judgment should be entered against it on both Plaintiff's Complaint and Defendants' Counterclaim for the reasons described below.

### II.   PLAINTIFF'S PROPOSED INTERPRETATIONS OF THE PREVIOUS SETTLEMENT AGREEMENT SHOULD BE REJECTED.

Plaintiff's arguments that the previous settlement agreement does not bar it from pursuing copyright infringement claims it already released or contractually agreed InterFocus could cure without litigation lack merit and should be rejected for a number of reasons.

#### A.   The Previous Settlement Agreement's Plain Language Conclusively Establishes Its Intent.

Of course, this Court should determine the intent of the parties in entering into the previous settlement agreement to determine what they agreed. Cal. Civ. Code. § 1636.  How should it do that? "[T]he court must first attempt to discern the parties' intent from the plain language of the contract*." Corbin Northridge LP v. HBC Solutions, Inc.*, No. CV1402714RGKJCX, 2015 WL 12712292, at *2 (C.D. Cal. Feb. 17, 2015), citing *Flores v. American Seafoods Co.*, 335 F.3d 904, 910 (9th Cir. 2003).  This is so because "when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). "[T]the best evidence of the parties' intent is the plain language of the [contract]." *Pension Trust Fund for Operating Engineers v. Federal Ins. Co.*, 307 F.3d 944 (9th Cir. 2002)

What does "cure" mean as used in the previous settlement agreement? "Cure" has a plain meaning articulated in twelve cases InterFocus's motion cites but

1

Neman Brother's opposition ignores.  To "cure" a contractual liability or default means to place a contracting party in a pre-liability, pre-default position.  *Petersen v. Hartell*, supra, 707 P.2d at 242.  "In other words, cure will nullify all consequences of default."  *In re Frazer,* 377 B.R. 621, 630 (B.A.P. 9th Cir. 2007) (internal citations omitted).  Plaintiff's opposition does not even attempt to address this case law, which is fatal to its argument. Ignoring it, however, does not make it go away, or support denial of InterFocus' motions.

**B.    Plaintiff's Proposed "Avoiding Continuing Infringement" Definition for "Cure" Is Meaningless.**

Rather than address the plain meaning of "cure" in the above-described case law, Neman Brothers cites the Oxford Dictionary to propose that "cure" means to "relieve (a person or animal) of the symptoms of a disease or condition[,]" which Plaintiff argues means "only removing the issue of the on-going infringement" in this legal setting.  (Opposition 3:28-4:4, Dkt No. 43.)  Neman Brothers' medical definition of "cure" does not support the inapt analogy it draws from it.  To properly analogize from Neman Brothers' definition, InterFocus is the "person" and alleged copyright infringement liability is the "disease" that the previous settlement agreement allows InterFocus to "cure."  Curing InterFocus of the "disease" of alleged copyright infringement liability would mean to "relieve [it] from the symptoms of" its alleged copyright infringement liability, that is, relieve it from legal liability for alleged copyright infringement. It does **not** mean, as Plaintiff appears to argue, to simply stop InterFocus' "disease" [i.e., copyright infringement liability] from progressing, or to interrupt that disease for a period so  InterFocus can suffer from it again later. That would at most be a "treatment," not a "cure." See "'Treatment' vs. 'Cure,'" https://www.merriam-webster.com/words-at-play/treatment-vs-cure-difference .  That is why, when using "cure" in this legal setting, all of the case law InterFocus has cited but Plaintiff ignores holds that "cure" means to eliminate the consequences of the liabilities or defaults they

address, rather than just limit or postpone them as Plaintiff advocates.

Further, accepting Neman Brothers' argument that the notice and cure provision "means only removing the issue of the on-going infringement" makes "cure" meaningless.  An alleged infringer can always "remove the issue of on-going infringement" by stopping sales of allegedly infringing goods. One does not need a "cure" provision to do that.  Having a notice and cure provision adds nothing to that ability, and according to Neman Brothers' definition, adds nothing to the contract. Accepting Neman Brothers' definition, therefore, effectively nullifies and writes the "notice and cure" provision out of the previous settlement agreement.

That may be what Neman Brothers wants, but it is not what California law requires. California law does not permit interpretations that eliminate parts of a contract.  Instead, "[t]he whole of a contract is to be taken together, so as to give effect to every part."  Cal. Civ. Code § 1641. A contract must be construed to give force and effect to every word in every clause in an agreement under California law, so that no word or clause is made redundant. *Mudpie, Inc. v. Travelers Casualty Insurance Company of America,* 487 F. Supp. 3d 834, 839 (N.D. Cal. 2020), citing *Total Intermodal Services Inc. v. Travelers Property Casualty Company of America*, No. CV 17-04908 AB (KSX), 2018 WL 3829767, at *3, (C.D. Cal. July 11, 2018) (contract construed to give meaning to the word "loss" in insurance agreement). The only way to give meaning to "cure" in the previous settlement agreement is to give it the plain meaning articulated in the extensive California and other case law referenced above, which is that "cure" means to "nullify all consequences of default."  *In re Frazer,* 377 B.R. 621, 630 (B.A.P. 9th Cir. 2007).

### C. Alleged Post-Agreement Conduct Cannot Create an Ambiguity in the Plain Language of Previous Settlement Agreement.

Neman Brothers' lengthy argument that post-agreement conduct creates an ambiguity as to the meaning of "cure" in the previous settlement agreement (Opposition 5:19-9:2) cannot create an ambiguity as a matter of law, for two

1   reasons.

2       First, post-agreement conduct cannot create an ambiguity when, as here, none

3   exists in the language of the settlement agreement itself.  "The language of a

4   contract is to govern its interpretation, if the language is clear and explicit…" Cal

5   Civ, Code. § 1638.  "An agreement is not ambiguous merely because the parties (or

6   judges) disagree about its meaning. *Taken in context, words still matter*. As Justice

7   Baxter has pointed out, 'written agreements whose language appears clear in the

8   context of the parties' dispute are not open to claims of 'latent' ambiguity."

9   *Alameda Cty. Flood Control & Water Conservation Dist. v. Dep't of Water Res.*,

10  213 Cal. App. 4th 1163, 1188-89 (2013) (italics in original.)

11      Extrinsic evidence can only be introduced to clarify an ambiguity that is

12  already present in contractual language. (Id.)  Post agreement conduct cannot create

13  an ambiguity when the contract's language is clear. *Leines v. Homeland Vinyl*

14  *Products, Inc.*, No. 2:18-CV-00969-KJM-DB, 2020 WL 4194054, at *7 (E.D. Cal.

15  July 21, 2020) (rejecting argument that "actions speak louder than words" and

16  contractual intent should be determined from post-agreement conduct, because such

17  an argument "calls for a modification after the fact, not for clarification of an

18  ambiguity the court cannot find with the four corners of the parties' agreement.")

19  Here there is no ambiguity in the plain meaning of "cure" in the previous settlement

20  agreement, and its language governs.

21       Second, the post-suit conduct Neman Brothers mischaracterizes, namely the

22  parties' unsuccessful negotiations about an overall license, does not imply an

23  ambiguity on the merits.  Those post-suit settlement negotiations are inadmissible

24  pursuant to Fed R. Evid. 408, but they also are fully consistent with the "notice and

25  cure" provisions in the previous settlement agreement.  They simply describe the

26  parties' efforts to see if a prospective license for all of Neman Brothers' alleged

27  copyrights could be worked out.  Such a license would, for example, have

28  eliminated the need for InterFocus to worry about future copyright infringement

-4-

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT

claims from Neman Brothers, or evaluate whether it needed to "cure" alleged infringements and stop selling allegedly infringing merchandise in the future. Such a license would have relieved InterFocus of the need, for example, to decide whether to stop selling a potentially popular and profitable garments if Neman Brother's made a copyright infringement claim that Neman Brothers believed lacked merit. And in fact, InterFocus eventually declined to enter into such a license because it believed Neman Brothers' monetary demands greatly exceeded the value of the license it was offering. (See Reply Lee Decl.    and Ex. 1 thereto.)  Such negotiations have nothing to do with and do not support Neman Brothers' argument that the "cure" provision has no meaning.

**D.    Sections 5 and 6 Are Consistent with the Plain Meaning of the "Notice and Cure" Provision in the Previous Settlement Agreement.**

Sections 5 and 6 of the previous settlement agreement Plaintiff cites (Opp. 4) also are fully consistent with the well-understood meaning of "cure" as used in the settlement agreement. Section 5's language providing 30 days for the parties to amicably "resolve the dispute" between them does not affect the meaning of "cure" in that same section, as that section does not require InterFocus to "cure" any alleged infringement after Neman Brothers claims infringement.  InterFocus might choose not to "cure" an alleged infringement if, for example, it did not believe the disputed goods were infringing and it wanted to continue selling highly profitable garments for business reasons as described above. If InterFocus chose not to "cure" an alleged infringement because it believed it was not infringing and that it was in its business interest to continue  selling such goods, under the cited language, Neman Brothers could not file suit for 30 days, so that the parties could try to amicably resolve their dispute without resort to litigation by, for example, negotiating a license fee for such sales as contemplated in Section 6 of the previous settlement agreement. That does not deprive InterFocus of its contractual right to

"cure" an alleged infringement if it chose to do so, as clearly laid out earlier in Section 5, and as widely acknowledged in the case law.

Similarly, Section 6 of the previous settlement agreement cannot and does not purport to erase the "notice and cure" provisions from the previous settlement agreement. It merely requires the parties to engage in good faith negotiations to settle future disputes, such as, for example, by entering into future license agreements. It thus recognizes that disputes could arise about whether alleged future infringements were actually infringing, and whether InterFocus wished to continue sales of goods Neman Brothers claimed were infringing for its own business reasons.  It provides for future negotiations to address such issues, and in fact the parties engaged in such good faith negotiations as described below.  However, Section 6 does not take away InterFocus' right to "cure" alleged infringements should it wish to do so, as it is permitted to do under the plain language of Section 5 of the PSA.

Neman Brothers' related argument that paragraphs 5 and 6 of the previous settlement agreement recognize that "disputes remain" after the seven-day cure period (Opp. 3:58:12) mischaracterizes the agreement and the "cure" provision's presence in it. The presence of the "cure" provision does not automatically eliminate all disputes. Disputes could remain if, for example, InterFocus chose not to exercise its right to cure for its own business reasons as described above, or the parties disputed whether InterFocus had, in fact, timely exercised it "cure" rights.

The language of Sections 5 and 6 Neman Brothers cites lay out procedures to engage in good faith negotiations to try and resolve such disputes without litigation. That is what the plain language of all of those provisions contemplate and is the only way to give meaning to all of those provisions.   The presence of such clear and consistent language does not create an ambiguity or write the "cure" provision out of the previous settlement agreement.

**E.    Neman Brothers' Request for This Court to "Transpose" or "Reject" the "Cure" Provision in the Previous Settlement Agreement Itself Must be Rejected.**

Impliedly recognizing that "cure" in the previous settlement agreement means what InterFocus says it does, Neman Brothers' cites an almost 70 year old decision, *Heidlebaugh v. Miller*, 126 Cal. App. 2d 35, 271 P.2d 567 (1954), to ask this Court to "transpose," "reject," or "supply different language" to eliminate the cure provision from the previous settlement agreement. (Opp. 11:20-23.)  That argument must be rejected for obvious reasons.

Most fundamentally, California law does not permit courts to simply add or subtract provisions from contracts, and *Heidlebaugh* does not hold that it does.  It merely corrected an obvious typographical error in an agreement to avoid an absurdity.  As another judge in this district explained in rejecting the same argument Neman Brothers makes here, "[i]n *Heidlebaugh*…the court noted that the phrase 'with or with notice' in a contract which, in other section read 'with or without notice,' led to an unreasonable result. Therefore the court interpreted the phrase as 'with or without notice.' Id at 40. The *Heidelbaugh* court was correcting an obvious typographical mistake in the contract, a far different case from the present, where [one contracting party] is asking the court to ignore the entire section of the contract…" *In re Passenger Computer Reservations Systems Antitrust Litigation*, 724 F. Supp. 744, 749-750 (C.D. Cal. 1989).

Neman Brothers is asking this Court to do precisely what the *In re Passenger* case says it should not do. Here, there was no "obvious typographical mistake," nor an inadvertent omission of language in the notice and cure provision that was used elsewhere in the previous settlement agreement. To the contrary, there was purposeful inclusion of a notice and cure provision in the previous settlement agreement, which was reached by sophisticated parties represented by legal counsel. Neman Brothers cannot rewrite the previous settlement agreement, or properly ask

1  this Court to ignore the plain meaning of the "cure" provision in the contract to do

2  so because, in retrospect, it does not like what it plainly agreed to do.  California law

3  requires that the previous settlement agreement be interpreted to give meaning to

4  every word in it as described above, including the word "cure."

5       **F.    Neman Brothers "Copyright Forfeiture" Argument is Meritless.**

6           Neman Brothers' argument that the "notice and cure" provision should not be

7  enforced because it is "an improper attempt to forfeit Neman Brothers' copyrights"

8  Opp. 12:20-28) lacks merit because that provision does not work a "forfeiture" as a

9  matter of law.  Forfeiture means "1. The divestiture of property without

10 compensation 2. The loss of a right, privilege, or property because of a crime,

11 breach of obligation or neglect of duty.  Title is instantaneously transferred to

12 another…" *In re Art and Architecture Books of the 21st Century*, 518 B.R. 43, 57

13 (C.D. Cal. 2014), citing <u>Black's Law Dictionary</u>.

14          Here, nothing in the notice and cure provision causes Neman Brothers to

15 "forfeit its copyrights." The notice and cure provision does not divest Neman

16 Brothers of title to its copyrights, "instantaneously" or otherwise.  It does not cause

17 Neman Brothers to lose title "without compensation."  It does not cause Neman

18 Brothers to lose "a right, privilege, or property."  To the contrary, under the notice

19 and cure provision, Neman Brothers at all times retains title to its copyrights, retains

20 the right to sue InterFocus for copyright infringement if InterFocus elects not to cure

21 the alleged infringement, and retains the right to complain about future alleged

22 infringements of those same copyrights by sending a proper written notice to

23 InterFocus. (PSA Section 5, Dkt. Nos. 35-4 and 35-5.)  Neman Brothers instead

24 contractually agreed to a "notice and cure" provision for 1) monetary consideration;

25 2) InterFocus' agreement not to continue to defend against Neman Brothers

26 previous disputed claims, and 3) InterFocus' agreement to release Neman Brothers

27 from liability for pursuing those previous claims. Such provisions have nothing to

28 do with "forfeiture" and the statutes and case law discussing it.

### G. Neman Brothers' "Material Breach" and "Repudiation" Arguments Lack Merit.

Neman Brother's arguments that InterFocus' "refusal" to agree to pay the license fee Neman Brothers demanded in post-agreement negotiations constitutes a "material breach" and "repudiation" of the previous settlement agreement that relieves Neman Brothers of its "notice and cure" obligations (Opp. 13:12-14) lacks merit for several reasons.

First, failing to agree to a license on terms Neman Brothers demanded cannot be a "material breach" or "repudiation" of the previous settlement agreement, because the previous settlement agreement could and did not require that InterFocus agree to a future license on undisclosed terms as a matter of law. "No naked agreement to agree constitutes a contract." *Genesis 1 Oil Services LLC v. Wismann Grp, LLC,* No. 820CV02114JLSADS , 2021 WL 1110594, *6 (C.D. Cal March 23, 2021), citing *Cable & Computer Tech. Inc. v. Lockheed Sanders, Inc*., 214 F.3d 1030, 1035 (9th Cir. 2000).  "[N]either law nor equity provides a remedy for breach of an agreement to agree in the future." *Autry v. Republic Prods*., 30 Cal. 2d 144, 151, 180 P. 2d 888, 893 (1947).  InterFocus' failure to agree to a future license thus is not only not a "material breach" of the previous settlement agreement, it is not a breach at all.

Second, the PSA only requires "[t]the parties …to make good faith efforts to settle all future disputes (if any)" by, "optionally[,]" entering "into commercially feasible transactions, such as a license agreement…" PSA Section 6, Dkt. Nos. 35-4 and 35-5.).  InterFocus in fact did negotiate with Neman Brothers extensively about a blanket license, as Neman Brothers admits (see Neman Exs. 32- 37, Dkt. Nos. 42-34through 42-39), and InterFocus did not ultimately agree only because it viewed the license fee Neman Brothers demanded as unreasonable, if not extortionate. (See Reply Lee Decl. ¶ 5  and Ex. 1 thereto.)  InterFocus' negotiations thus fully

1  complied with Section 6 of the PSA, rather than "materially breached" or

2  "repudiated" it.[1]

3        Second, alleged "material breach" or "repudiation" of an agreement does not

4  eliminate the other contracting party's obligation to comply with the "notice and

5  cure" provision of an agreement, as case law InterFocus cited in its motion affirms.

6  See, e.g., *Alliance Metal, Inc of Atlanta v. Hinely Industries, Inc.,* 222 F.3d 895, 903

7  (11th Cir. 2000) (rejecting argument that material breach excused non-compliance

8  with notice and cure provision, because doing so would "effectively render

9  meaningless contractual 'notice and cure' requirements like the one included in the

10  …provision here'.

11        **H.    *One Step Up* Does Not Address "Different Issues."**

12        Neman Brothers' argument that *Neman Brothers & Assoc., Inc. v. One Step*

13  *Up Ltd*., No. 2:17-CV-06400-RGK-SS, 2017 WL 6885390, at *3 (C.D. Cal. Dec.

14  13, 2017), does not apply here because it alleges post-release infringement (Opp.

15  15) ignores InterFocus' argument and the undisputed facts that support it.  As

16  Interfocus has repeatedly explained, it stopped sales of three allegedly infringing

17  garments in 2019, before the parties entered into the previous settlement agreement

18  in March of 2020. (Motion Le Decl. ¶ 10, Dkt. No. 35-1, Opp. Le Decl. ¶ 4, Dkt.

19  No. 46-1.)  Neman Brothers' original and amended complaints nevertheless

20  continue seek to allege copyright infringement based on sales of those three released

21  garments. (See Ex. 6 to both the original and amended complaints, Dkt. Nos. 1 and

22  10.)

23        Since it is not disputed that InterFocus did not sell those three garments after

24  _____

25  [1] It is even more obviously not a "repudiation" of the previous settlement agreement.
   "Repudiation" is a "refusal to perform …the whole contract… and must be distinct,
26  unequivocal and absolute." *Taylor v. Johnston*, 15 Cal. 3d 130, 539 P. 2d 425, 432
27  (Cal. 1975) Failure to reach a future agreement pursuant to an unenforceable
   "agreement to agree" does not even approach a "refusal to perform the whole
28  contract" as needed to constitute repudiation.

1   entry into the previous settlement agreement, it cannot be liable for copyright

2   infringement in connection with sales of those garments, because Neman Brothers

3   released InterFocus from liability for those claims, and they were dismissed with

4   prejudice. That is precisely what the *One Step Up* summary judgment against

5   Neman Brothers hold, and precisely why that decision directly applies here. *Neman*

6   *Brothers & Assoc., Inc. v. One Step Up Ltd*., No. 2:17-CV-06400-RGK-SS, 2017

7   WL 6885390, at *3 (C.D. Cal. Dec. 13, 2017); *Sirisup v. It's Thai*, L.L.C., No.

8   CV1307246DDPPJWX, 2015 WL 6181688, at *5 (C.D. Cal. Oct. 21, 2015).  There

9   are no "different issues."

10   **III.    CONCLUSION**

11        InterFocus' motion for summary judgment on the copyright infringement

12   claims in Plaintiff's complaint, and partial summary judgment on its breach of

13   contract counterclaim, should be granted for all of the reasons set forth in its moving

14   papers and above.

15                                                     RIMON, P.C.

16   Dated:  August 9, 2021

17                                              By:  /s/ Mark S. Lee

18                                                     Mark S. Lee
                                                       Zheng Liu
19
                                                       Attorneys for Defendants and
20                                                     Counterclaim Plaintiffs
                                                       INTERFOCUS, INC. d.b.a.
21                                                     www.patpat.com

22

23

24

25

26

27

28