# EXHIBIT 1

| | |
|---|---|
| **From:** | Linna Chen |
| **To:** | Chan Yong Jeong |
| **Subject:** | Re: Neman Brothers v. Interfocus dba PatPat.com |

Jake,

I appreciate your call today. I understand that Neman Brothers insists on keeping the payment amount as $85,000 for a limited term license, without guaranteeing that Interfocus would have useful access to the licensed designs.

With all due respect, we do not believe that these terms are reasonable, and our perception is that you are using the threat of litigation to extract outsized payments from Interfocus. Please keep in mind that our discussions stemmed from your allegations relating to sales on PatPat.com that amounted to less than $1,000 of profit to Interfocus.

That said, to avoid litigation, Interfocus is willing to pay $15,000 for a license to Neman's designs for a license duration of 2 years as you offered, provided it has full and meaningful access to Neman Brothers' entire design portfolio.

Best regards,

Linna Chen 陈庆蓉
*Partner* 合伙人
**MagStone Law**, **LLP**
T: 650.513.2555 ext. 106 | C: 415.299.2149
F: 650.539.5115
4633 Old Ironsides Dr. Suite 160
Santa Clara CA, 95054
E: lchen@magstonelaw.com
www.magstonelaw.com

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

On Fri, Dec 4, 2020 at 3:44 PM Chan Yong Jeong <jeong@jeonglikens.com> wrote:
> Hi Linna,
>
> Please let me know whether we have a deal or not.
>
> Very truly yours,
>
> Chan Yong (Jake) Jeong, Esq.
> Jeong & Likens, L.C.
> 222 South Oxford Avenue
> Los Angeles, CA 90004
> Tel. 213-688-2001
> Fax. 213-315-5035
>
> On Thu, Dec 3, 2020 at 9:54 PM Chan Yong Jeong <jeong@jeonglikens.com> wrote:
>> tomorrow is Friday.
>> please advise.
>>
>> Very truly yours,
>>
>> Chan Yong (Jake) Jeong, Esq.
>> Jeong & Likens, L.C.
>> 222 South Oxford Avenue
>> Los Angeles, CA 90004
>> Tel. 213-688-2001
>> Fax. 213-315-5035
>>
>> On Tue, Dec 1, 2020 at 3:15 PM Linna Chen <lchen@magstonelaw.com> wrote:
>>> Chan,
>>>
>>> I have not reviewed the agreement in detail. One problem I see is that the license term is way too short for the fabric design license.
>>>
>>> I am sending it to the client to get their comments.
>>>
>>> Best regards,

> Linna Chen 陈庆蓉
> *Partner* 合伙人
> **MagStone Law**, **LLP**
> T: 650.513.2555 ext. 106 | C: 415.299.2149
> F: 650.539.5115
> 4633 Old Ironsides Dr. Suite 160
> Santa Clara CA, 95054
> E: lchen@magstonelaw.com
> www.magstonelaw.com
>
> CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

On Mon, Nov 30, 2020 at 4:03 PM Chan Yong Jeong <jeong@jeonglikens.com> wrote:
> Linna,
>
> I made some changes while I accepted most of your changes.
> Please see the attached.
>
> Very truly yours,
>
> Chan Yong (Jake) Jeong, Esq.
> Jeong & Likens, L.C.
> 222 South Oxford Avenue
> Los Angeles, CA 90004
> Tel. 213-688-2001
> Fax. 213-315-5035
>
>
> On Sun, Nov 29, 2020 at 11:08 PM Chan Yong Jeong <jeong@jeonglikens.com> wrote:
>> call me any time after 10 a.m.
>> 213-308-0208
>>
>> Very truly yours,
>>
>> Chan Yong (Jake) Jeong, Esq.
>> Jeong & Likens, L.C.
>> 222 South Oxford Avenue
>> Los Angeles, CA 90004
>> Tel. 213-688-2001
>> Fax. 213-315-5035
>>
>>
>> On Sun, Nov 29, 2020 at 8:32 PM Linna Chen <lchen@magstonelaw.com> wrote:
>>> Chan,
>>>
>>> Can you call tomorrow?
>>>
>>> Best Regards,
>>>
>>> Linna Chen 陈庆蓉
>>> *Partner* 合伙人
>>> **MagStone Law**, **LLP**
>>> T: 650.513.2555 ext. 106 | C: 415.299.2149
>>> F: 650.539.5115
>>> 4633 Old Ironsides Dr. Suite 160
>>> Santa Clara CA, 95054
>>> E: lchen@magstonelaw.com
>>> www.magstonelaw.com
>>>
>>> CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.
>>>
>>>
>>> On Tue, Nov 24, 2020 at 4:36 PM Chan Yong Jeong <jeong@jeonglikens.com> wrote:
>>>> We need to talk. Please call at least by tomorrow if not today.
>>>>
>>>> Very truly yours,
>>>>
>>>> Chan Yong (Jake) Jeong, Esq.
>>>> Jeong & Likens, L.C.

> > 222 South Oxford Avenue
> > Los Angeles, CA 90004
> > Tel. 213-688-2001
> > Fax. 213-315-5035
>
> On Mon, Nov 23, 2020 at 4:53 PM Chan Yong Jeong <jeong@jeonglikens.com> wrote:
>> Hi Linna,
>>
>> Call me when you can.
>>
>> Very truly yours,
>>
>> Chan Yong (Jake) Jeong, Esq.
>> Jeong & Likens, L.C.
>> 222 South Oxford Avenue
>> Los Angeles, CA 90004
>> Tel. 213-688-2001
>> Fax. 213-315-5035
>>
>> On Thu, Nov 19, 2020 at 10:08 AM Linna Chen <lchen@magstonelaw.com> wrote:
>>> Dear Chan,
>>>
>>> Thanks for the draft and please see our edits. Pls let me know if you have any questions.
>>>
>>> Best regards,
>>>
>>> Linna Chen 陈庆蓉
>>> *Partner* 合伙人
>>> **MagStone Law**, **LLP**
>>> T: 650.513.2555 ext. 106 | C: 415.299.2149
>>> F: 650.539.5115
>>> 4633 Old Ironsides Dr. Suite 160
>>> Santa Clara CA, 95054
>>> E: lchen@magstonelaw.com
>>> www.magstonelaw.com
>>>
>>> CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.
>>>
>>> On Mon, Nov 16, 2020 at 8:39 PM Chan Yong Jeong <jeong@jeonglikens.com> wrote:
>>>> Hi Linna,
>>>>
>>>> Attached is a draft of the settlement/License Agreement, which I drafted based on the prior settlement agreement. Changes to the prior agreement are indicated in red lines.
>>>>
>>>> Very truly yours,
>>>>
>>>> Chan Yong (Jake) Jeong, Esq.
>>>> Jeong & Likens, L.C.
>>>> 222 South Oxford Avenue
>>>> Los Angeles, CA 90004
>>>> Tel. 213-688-2001
>>>> Fax. 213-315-5035
>>>>
>>>> On Fri, Nov 13, 2020 at 11:16 AM Linna Chen <lchen@magstonelaw.com> wrote:
>>>>> Dear Chan,
>>>>>
>>>>> Nice talking to you yesterday. I look forward to (1) the proposed settlement agreement, and (2) example Neman Brothers' design files.
>>>>>
>>>>> Could your client provide a name list of their designs and copyright registration information (if possible)?
>>>>>
>>>>> Best regards,
>>>>>
>>>>> Linna Chen 陈庆蓉
>>>>> *Partner* 合伙人
>>>>> **MagStone Law**, **LLP**

T: 650.513.2555 ext. 106 | C: 415.299.2149
F: 650.539.5115
4633 Old Ironsides Dr. Suite 160
Santa Clara CA, 95054
E: lchen@magstonelaw.com
www.magstonelaw.com

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

On Thu, Nov 12, 2020 at 10:01 AM Chan Yong Jeong <jeong@jeonglikens.com> wrote:
> Call me any time at 213-308-0208
>
> Sent from my iPhone
>
>> On Nov 11, 2020, at 10:32 PM, Linna Chen <lchen@magstonelaw.com> wrote:
>>
>> Chan,
>>
>> Can we have a chat tomorrow?
>>
>> Best regards,
>>
>> Linna
>>
>> Sent from my iPhone
>>
>>> On Nov 11, 2020, at 9:07 PM, Chan Yong Jeong <jeong@jeonglikens.com> wrote:
>>>
>>>
>>> My client instructed to file an action if we do not execute the settlement/licensing agreement by 11/18/2020.
>>> Please reply, with the confirmation requested, by 5 p.m. tomorrow.
>>>
>>> Very truly yours,
>>>
>>> Chan Yong (Jake) Jeong, Esq.
>>> Jeong & Likens, L.C.
>>> 222 South Oxford Avenue
>>> Los Angeles, CA 90004
>>> Tel. 213-688-2001
>>> Fax. 213-315-5035
>>>
>>> On Tue, Nov 10, 2020 at 12:01 AM Chan Yong Jeong <jeong@jeonglikens.com> wrote:
>>>> Again, we are talking about tens of thousands of designs. It is not a matter of some catalogs, which was why I recommended a visit to our client's showroom in LA. Please let me know if it works for your client.
>>>> Otherwise, I will try to get at least some designs that my client recently created and marketed.
>>>>
>>>> Either way, if the deal amount is not 80,000 or more, we are wasting time. Please confirm we are not wasting time.
>>>>
>>>> Very truly yours,
>>>>
>>>> Chan Yong (Jake) Jeong, Esq.
>>>> Jeong & Likens, L.C.
>>>> 222 South Oxford Avenue
>>>> Los Angeles, CA 90004
>>>> Tel. 213-688-2001
>>>> Fax. 213-315-5035
>>>>
>>>> On Thu, Oct 29, 2020 at 4:18 PM David Yang <davidyang@magstonelaw.com>

wrote:

CONFIDENTIAL SETTLEMENT COMMUNICATION

Dear Chan:

I'm pleased to meet you over email. I am working with Linna on this matter.

Please understand that, given the relatively large sum that your client is seeking, InterFocus requires time to understand the issues and consider its options. As you know, InterFocus has already taken down the items identified in your letter. There is thus no need for your client to rush to file a new lawsuit. With all due respect, we would consider a rush to the courthouse to be inconsistent with the two sides' agreement to make good faith efforts to settle their future disputes.

As Linna has already noted, InterFocus indeed would be interested in obtaining a license to your client's designs. Of course, our evaluation of a potential license would have to include an understanding of the IP that would be licensed. This is why we have asked for information about the designs. After we receive that information, we would be in a much better position to respond to the terms you have proposed. If this is something your client is unable or unwilling to provide, we would like to understand the reasons why.

Because we are interested in an amicable resolution, I won't take too much of your time with a recitation of our legal position. I do want to point out, as you surely know, that it is by no means certain that you would be able to establish InterFocus's liability for infringement, much less for willful infringement, as InterFocus simply operated a platform on which third party vendors made those sales. Moreover, even if you did establish InterFocus's liability, it is unlikely that the court would award your client anywhere close to $80,000 in damages for sales that amounted to less than $1,000 profit to InterFocus.

In short, we believe it makes much more sense for us to negotiate a business deal rather than to have the two sides waste time and money on litigation. So that we may properly evaluate your client's offer for a license, please provide (1) a catalog of your client's designs and (2) copies of the copyright registrations your client holds in its designs.

Yours truly,
David Yang

On Thu, Oct 29, 2020 at 4:05 PM Linna Chen <lchen@magstonelaw.com> wrote:

> Hi David,
>
> This is the email chain from Chan.
>
> Linna Chen 陈庆蓉
> *Partner* 合伙人
> **MagStone Law**,  **LLP**
> T: 650.513.2555 ext. 106 | C: 415.299.2149
> F: 650.539.5115
> 4633 Old Ironsides Dr. Suite 160
> Santa Clara CA, 95054
> E: lchen@magstonelaw.com
> www.magstonelaw.com
>
> CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

---------- Forwarded message ---------
From: **Chan Yong Jeong** <jeong@jeonglikens.com>
Date: Thu, Oct 29, 2020 at 2:34 PM
Subject: Re: Neman Brothers v. Interfocus dba PatPat.com
To: Linna Chen <lchen@magstonelaw.com>


Can you let me know either way? I just don't want it to be a matter of misunderstanding. If no deal, please feel free to state so.

Very truly yours,

Chan Yong (Jake) Jeong, Esq.
Jeong & Likens, L.C.
222 South Oxford Avenue
Los Angeles, CA 90004
Tel. 213-688-2001
Fax. 213-315-5035


On Tue, Oct 27, 2020 at 11:58 PM Chan Yong Jeong <jeong@jeonglikens.com> wrote:
> Hi Linna,
>
> To this time, I did not hear back from you.
> Please advise.
>
> Very truly yours,
>
> Chan Yong (Jake) Jeong, Esq.
> Jeong & Likens, L.C.
> 222 South Oxford Avenue
> Los Angeles, CA 90004
> Tel. 213-688-2001
> Fax. 213-315-5035
>
>
> On Sat, Oct 24, 2020 at 2:03 PM Chan Yong Jeong <jeong@jeonglikens.com> wrote:
>> Hi Linna,
>>
>> Not that I am putting pressure on you, the thing is my client is complaining about the delay. Unless we finalize and execute the settlement/license within this week, we will have to move on.
>> I think we are now close to finalizing the deal anyways. Let's please speed up.
>> Please get back to me by Monday so that we can start drafting the agreement.
>>
>> Very truly yours,
>>
>> Chan Yong (Jake) Jeong, Esq.
>> Jeong & Likens, L.C.
>> 222 South Oxford Avenue
>> Los Angeles, CA 90004
>> Tel. 213-688-2001
>> Fax. 213-315-5035
>>
>>
>> On Tue, Oct 20, 2020 at 5:31 PM Chan Yong Jeong <jeong@jeonglikens.com> wrote:
>>> Hi Linna,
>>>
>>> Usually the procedure is a customer visits NB's showroom to see the samples (usually, hangers and CADs) because they are so many. Then, the customer picks certain designs. Your client will be allowed to visit the showroom and check the designs. In order to avoid unnecessary misunderstandings or disputes, I think it is better to have the parties keep records by exchanging emails after your client picks certain designs after visits. If your client wants modifications, it should be ok if it is after notifying NB of it in the email, and the modified version is used only during the term.
>>>
>>> Please confirm your client accepts the deal.

Very truly yours,

Chan Yong (Jake) Jeong, Esq.
Jeong & Likens, L.C.
222 South Oxford Avenue
Los Angeles, CA 90004
Tel. 213-688-2001
Fax. 213-315-5035

On Tue, Oct 20, 2020 at 10:21 AM Linna Chen <lchen@magstonelaw.com> wrote:
> Dear Chan,
>
> Thanks for your email.
>
> In general, PatPat is not interested in making derivative work. However, PatPat but would like to reserve the right to make derivative work. Under what circumstances your client would object to PatPat making derivative works.
>
> In addition, will your client allow PatPat access to Neman Brothers' entire design library?
>
> Best regards,
>
> Linna Chen 陈庆蓉
> *Partner* 合伙人
> **MagStone Law**,  **LLP**
> T: 650.513.2555 ext. 106 | C: 415.299.2149
> F: 650.539.5115
> 4633 Old Ironsides Dr. Suite 160
> Santa Clara CA, 95054
> E: lchen@magstonelaw.com
> www.magstonelaw.com
>
> CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.
>
>
> On Fri, Oct 16, 2020 at 5:32 PM Chan Yong Jeong <jeong@jeonglikens.com> wrote:
>> Hi Linna,
>>
>> NB has literally thousands of different print designs. The best way to get a sense of what they have would be visiting their office to look at the whole collection.
>>
>> Given the dispute amount based on the willful infringements (our offer amount was 80k), and the prior settlement amount would be counted against the license fee within the limit on the total maximum amount of 100k, I think the simplest and clearest way to handle this is to have the major terms as below.
>>
>> (1) Interfocus will have unlimited license to use the NB's designs to be printed on the garments to sell only through the retail sale to individual customers at www.patpat.com;
>> (2) for 2 years (11/1/2020-10/31/2022);
>> (3) Interfocus pays the lump sum license fees/settlement fees in the total amount of $85,000 (=$100,000 less $15,000 paid in the prior case) by November 2, 2020;
>> (4) Interfocus cannot make any derivative without NB's prior written consent at any time;
>> (5) Interfocus cannot use the NB designs and their derivatives after the end of the license period; and
>> (6) the parties exchange a mutual release under 1542 as of a certain date.
>>
>> We already passed the due date for the settlement, and due to the willful infringement issues, the total amount would not be negotiable.
>>
>> Please let me know whether Interfocus accepts it or not, by no later than 5

p.m. on Tuesday, October 20, 2020.

Very truly yours,

Chan Yong (Jake) Jeong, Esq.
Jeong & Likens, L.C.
222 South Oxford Avenue
Los Angeles, CA 90004
Tel. 213-688-2001
Fax. 213-315-5035


On Thu, Oct 15, 2020 at 10:15 AM Linna Chen <lchen@magstonelaw.com> wrote:
> CONFIDENTIAL SETTLEMENT COMMUNICATION
> SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND
> CALIFORNIA EVIDENCE CODE § 1152
>
> Dear Chan,
>
> PatPat is interested in the possibility of purchasing a license from the Neman Brothers. Is it possible for Neman Brothers to allow PatPat to have a better idea about the portfolio size and content? Could you also send a draft license agreement?
>
> Kind regards,
>
> Linna Chen 陈庆蓉
> *Partner* 合伙人
> **MagStone Law**, **LLP**
> T: 650.513.2555 ext. 106 | C: 415.299.2149
> F: 650.539.5115
> 4633 Old Ironsides Dr. Suite 160
> Santa Clara CA, 95054
> E: lchen@magstonelaw.com
> www.magstonelaw.com
>
> CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.
>
>
> On Tue, Oct 13, 2020 at 9:49 AM Linna Chen <lchen@magstonelaw.com> wrote:
>> Dear Chan,
>>
>> We are preparing a response to your previous email and will get back to you as soon as possible.
>>
>> Best Regards,
>>
>> Linna Chen 陈庆蓉
>> *Partner* 合伙人
>> **MagStone Law**, **LLP**
>> T: 650.513.2555 ext. 106 | C: 415.299.2149
>> F: 650.539.5115
>> 4633 Old Ironsides Dr. Suite 160
>> Santa Clara CA, 95054
>> E: lchen@magstonelaw.com
>> www.magstonelaw.com
>>
>> CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.
>>
>>
>> On Tue, Oct 6, 2020 at 6:28 PM Chan Yong Jeong <jeong@jeonglikens.com> wrote:
>>> SETTLEMENT DISCUSSIONS
>>>
>>> Hi Linna,

Our client rejects the offer. Let me quote from our letter dated September 15, 2020 as below.

In this present case, Interfocus was put on clear notices as to our client's designs and copyrights because the two Subject Designs in this case were also litigated in the prior case. (Exhibits 6 and 7). However, Interfocus again sold the Accused Garments bearing the same designs thereupon, which establishes Interfocus' reckless/intentional/knowing disregards of our client's designs and copyrights, sufficiently supporting claims for willful infringement.

InterFocus sold again the garments bearing the same print patterns for which it has already been sued. It means InterFocus completely lacks any preventive measure for avoiding copyright infringements, which again shows "reckless" disregard of others' copyrights. Merely reckless behavior can support a finding of willful infringement under Copyright Act. 17 U.S.C.A. § 101 et seq.  A finding of willful infringement under Copyright Act does not require a showing of actual knowledge; a showing of recklessness or willful blindness is sufficient. 17 U.S.C.A. § 101 et seq.

In addition, please see the quotations from *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 991-92 (9th Cir. 2019). (emphasis added)

retail company acted recklessly or with willful blindness to fabric designer's copyright, so as to willfully infringe designer's copyright; designer presented evidence that company adopted reckless policy with regard to copyright infringement because it made no attempt to check or inquire into whether any designs it used in its apparel were subject to copyright protections, that company kept thousands of fabric swatches at its design studio that it had purchased from art studios or taken from vintage clothing remnants, that company's designers used swatches to create thousands of apparel designs each year, and that company did not attempt to discover origin of subject design.

We are confident we can prove the exact same is true against your client. We also would reiterate that it is even worse against your client because your client this time knew the accused print patterns were disputed due to our copyrighted designs in the prior case. However, your client again sold the accused garments, not only recklessly but also knowingly and intentionally.

Given the above, our counter is $80,000.

Very truly yours,

Chan Yong (Jake) Jeong, Esq.
Jeong & Likens, L.C.
222 South Oxford Avenue
Los Angeles, CA 90004
Tel. 213-688-2001
Fax. 213-315-5035

> On Mon, Oct 5, 2020 at 7:26 PM Linna Chen <lchen@magstonelaw.com> wrote:
>> Dear Mr. Jeong,
>>
>> Attached please find our response to your letter dated September 15, 2020.
>>
>> Kind regards,
>>
>> Linna Chen 陈庆蓉
>> *Partner* 合伙人
>> **MagStone Law**, **LLP**
>> T: 650.513.2555 ext. 106 | C: 415.299.2149
>> F: 650.539.5115
>> 4633 Old Ironsides Dr. Suite 160
>> Santa Clara CA, 95054
>> E: lchen@magstonelaw.com
>> www.magstonelaw.com
>>
>> CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.
>
> On Tue, Sep 29, 2020 at 5:29 AM Linna Chen <lchen@magstonelaw.com> wrote:
>> Dear Chan,
>>
>> We have compiled the sales information and are preparing a response to you.
>>
>> Best regards,
>>
>> Linna Chen 陈庆蓉
>> *Partner* 合伙人
>> **MagStone Law**, **LLP**
>> T: 650.513.2555 ext. 106 | C: 415.299.2149
>> F: 650.539.5115
>> 4633 Old Ironsides Dr. Suite 160
>> Santa Clara CA, 95054
>> E: lchen@magstonelaw.com
>> www.magstonelaw.com
>>
>> CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.
>>
>> On Tue, Sep 29, 2020 at 12:38 AM Chan Yong Jeong <jeong@jeonglikens.com> wrote:
>>> I sent the letter on 9/15, and 10/15 is the last day we can settle by, before filing a lawsuit.
>>> I did not receive any sale/purchase records.
>>>
>>> Very truly yours,
>>>
>>> Chan Yong (Jake) Jeong, Esq.
>>> Jeong & Likens, L.C.
>>> 222 South Oxford Avenue
>>> Los Angeles, CA 90004
>>> Tel. 213-688-2001
>>> Fax. 213-315-5035
>>>
>>> On Fri, Sep 18, 2020 at 4:30 PM Chan Yong Jeong <jeong@jeonglikens.com> wrote:

> Please email me the records of purchase and sale so that we can discuss the settlement.
>
> Very truly yours,
>
> Chan Yong (Jake) Jeong, Esq.
> Jeong & Likens, L.C.
> 222 South Oxford Avenue
> Los Angeles, CA 90004
> Tel. 213-688-2001
> Fax. 213-315-5035
>
> On Fri, Sep 18, 2020 at 3:00 PM Linna Chen <lchen@magstonelaw.com> wrote:
>> Dear Chan,
>>
>> I confirm that we have taken immediate action and removed all items referenced in your September 15, 2020 letter.
>>
>> Best regards,
>>
>> Linna Chen 陈庆蓉
>> *Partner* 合伙人
>> **MagStone Law**, **LLP**
>> T: 650.513.2555 ext. 106 | C: 415.299.2149
>> F: 650.539.5115
>> 4633 Old Ironsides Dr. Suite 160
>> Santa Clara CA, 95054
>> E: lchen@magstonelaw.com
>> www.magstonelaw.com
>>
>> CONFIDENTIALITY NOTICE & DISCLAIMER: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system. Nothing in this communication shall be construed as an admission of wrongdoing or liability.
>>
>>
>> On Tue, Sep 15, 2020 at 3:40 PM Chan Yong Jeong <jeong@jeonglikens.com> wrote:
>>> 📎 20200915 - CD letter.pdf
>>>
>>> Dear all,
>>>
>>> Please see the cease and desist letter attached hereto, and respond thereto in time.
>>>
>>> Very truly yours,
>>>
>>> Chan Yong (Jake) Jeong, Esq.
>>> Jeong & Likens, L.C.
>>> 222 South Oxford Avenue
>>> Los Angeles, CA 90004
>>> Tel. 213-688-2001
>>> Fax. 213-315-5035