RIMON, P.C.
Mark Lee (SBN 94103)
mark.lee@rimonlaw.com
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone/Facsimile: 213.375.3811

RIMON, P.C.
Zheng Liu (SBN: 229311)
zheng.liu@rimonlaw.com
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
Telephone/Facsimile: 650.461.4433

Attorneys for Defendants
INTERFOCUS INC. d.b.a. www.patpat.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive.,<br><br>Defendants. | Case No. 2:20-cv-11181-CAS-JPRC<br><br>**DEFENDANT AND COUNTERCLAIM PLAINTIFF INTERFOCUS, INC. D.B.A. WWW.PATPAT.COM'S RESPONSE TO PLAINTIFF, NEMAN BROTHERS & ASSOC., INC.'S EVIDENTIARY OBJECTIONS TO DECLARATION OF WEIWEI LE**<br><br>Date:     August 23, 2021<br>Time:    10:00 am<br>Courtroom:  8D<br><br>The Hon. Christina A. Snyder |
| INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, an individual, and DOES 1-10, inclusive,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Counterclaim Defendant. | |

1    Plaintiff, NEMAN BROTHERS & ASSOC., INC. objects to certain portions
2  of the Declaration of Weiwei Le and related exhibits submitted by Defendant,
3  INTERFOCUS, INC. in Opposition to Defendant's Motion for Summary Judgment
4  and Motion for Partial Summary Judgment on Counterclaim when Defendant filed
5  its reply briefs herein.  Plaintiff's objections should be overruled for the following
6  reasons:
7  I.    RESPONSE TO OBJECTIONS TO THE DECLARATION OF WEIWEI LE
8
9        1.    **Objection to First Paragraph No. 2**
10       Legal conclusion/hearsay/lack of foundation/documents speak for themselves
11       **A. First Paragraph No. 2**
12       In my capacity as Director of Operations for InterFocus over the past five
13  years, I have become familiar with the business of InterFocus.  InterFocus sells
14  goods to consumers exclusively through its website at https://us.patpat.com/.
15  InterFocus is a U.S. company that sells to U.S. consumers, but it does not
16  manufacture the goods it sells, all of which come from other companies, including
17  suppliers located in China. InterFocus also outsources many of its IT, shipping and
18  other business functions, I handle various business issues for Interfocus, such as
19  Legal, HR, Accounting, and projects that need to be coordinated between Interfocus
20  and the Chinese companies with whom it does business in delivering the goods
21  offered for sale on its online platform.
22       **B. Interfocus' Response**
23       In this paragraph, Weiwei Le simply lays the foundation for the statements
24  she makes therein.  None of these statements are legal conclusions, and as Director
25  of Operations for Interfocus, she is the permitted to make statements on behalf of
26  and about the company.
27       2.    **Objection to First Paragraph No. 3**
28       Legal conclusion/hearsay/lack of foundation/documents speak for themselves

### A. First Paragraph No. 3

As the Director of Operations, I also work closely with InterFocus' attorneys for U.S. legal issues, including two lawsuits that Neman Brothers filed against InterFocus. For the two Neman Brothers' cases, my involvement includes, but was and is not limited to, reviewing and forwarding all the physical letters that Interfocus receives from Neman Brothers; investigations in response to questions raised by opposing counsel or InterFocus' attorneys; following up on and obtaining the answers to all questions raised in the litigation to the extent that information is within InterFocus' possession, custody, or control; coordinating with InterFocus' employees and, as needed, other companies with whom InterFocus does business to obtain information. I am also responsible for gathering factual information and collecting documents relating to the lawsuits.

### B. Interfocus' Response

In this paragraph, Weiwei Le simply lays the foundation for the statements she makes therein. None of these statements are legal conclusions and as Director of Operations for Interfocus, she is the permitted to make statements on behalf of and about the company.

### 3. Objection to Second Paragraph No. 2 (sic)

Expert's testimony without proper foundation/Legal conclusion without proper foundation

### A. Second Paragraph No. 2

As I mentioned above, this case is not the first time InterFocus has been sued by Neman Brothers. Neman Brothers first sued InterFocus for copyright infringement in an earlier action also called *Neman Brothers & Assoc. Inc v. Interfocus, Inc.*, Case No. 2:19-CV-10112 that was filed in 2019.

### B. Interfocus' Response

3

INTERFOCUS, INC. D.B.A. WWW.PATPAT.COM'S RESPONSE TO PLAINTIFF, NEMAN BROTHERS & ASSOC., INC.'S EVIDENTIARY OBJECTIONS TO DECLARATION OF WEIWEI LE

This statement is not a legal conclusion, nor does it constitute or require expert testimony. It is a statement of fact to which Weiwei Le can testify as to as Director of Operations for Interfocus. Further, it describes a fact of which the Court can take judicial notice.

### 4. Objection to Second Paragraph No. 3 (sic)

Documents speak for themselves/mischaracterization/lack of foundation

#### A. Second Paragraph No. 3

Although InterFocus did not believe it was liable for copyright infringement in the earlier action, the investigation into the volume of sales I supervised indicated that very few goods that Neman Brothers had alleged infringed its copyrights had been sold by InterFocus, and thus that spending money to defend the case did not make economic sense. Due to the low volume of sales of the allegedly infringed goods, and to avoid paying litigation-related legal fees in a dispute in which little was at stake, InterFocus decided to settle Neman Brothers' suit for what we considered a "nuisance value" amount. InterFocus entered into a confidential settlement agreement with Neman Brothers for that reason.

#### B. Interfocus' Response

As Director of Operations for Interfocus, Weiwei Le is the permitted to make statements on behalf of and about the company and is testifying to provide context for its entry into a settlement that InterFocus argues is a basis for granting its Motion and denying Neman Brothers' motion.

### 5. Objection to Paragraph No. 4

Documents speak for themselves/mischaracterization/lack of foundation/legal conclusion

#### A. Paragraph No. 4

Because the settlement agreement is confidential, I cannot describe all of its terms here. However, among other things, that settlement agreement released

InterFocus from liability for all copyright infringement claims Neman Brothers asserted or could have asserted in that action. Neman Brothers also agreed that it will not file suit for future infringements until 30 days after it gave InterFocus written notice of them, so that InterFocus could cure them by removing the allegedly infringing goods from its website platform within seven business days as described in the settlement agreement. The terms are, of course, set forth in the settlement agreement itself. A true and correct but redacted copy of the settlement agreement signed by the CEO of InterFocus is attached is Exhibit 2; a complete copy of the settlement agreement is concurrently filed under seal as Exhibit 3. As the Court can see, that agreement was executed in March 2020.

### B. Interfocus' Response

As Director of Operations for Interfocus, Weiwei Le is the permitted to make statements on behalf of and about the company and is testifying to provide context for a settlement that InterFocus argues is a basis for granting its Motion, as well as denying Neman Brothers' motion.

**6. Objection to Paragraph No. 10**

Misstatement of facts (Interfocus' letter on October 5, 2020 admits the garments were not removed until September 16-17, 2020. Ex. 33)

**A. Paragraph No. 10**

In addition, our investigation determined that three of the alleged infringements had been removed from InterFocus' online platform since before InterFocus entered into the settlement agreement with Neman Brothers in March 2020. Those three alleged infringements are as follows:




### B. Interfocus' Response

As explained in paragraph 14 of Ms. Le's Motion declaration, the the referenced Exhibit 5 is inaccurate. "[T]he dates on which the alleged infringements were removed from InterFocus' platform were erroneously stated to be 2020," in the referenced Exhibit 5, "when in fact, they had been removed even earlier in 2019." See also, Opposition Le Decl. paragraph 4, which further explains that error. The testimony in paragraph 10 is consistent with that testimony, correct, and should be admitted.

### 7. Objection to Paragraph No. 13

Hearsay

### A. Paragraph No. 13

Once I confirmed that InterFocus had removed the alleged infringements from its platform as provided in the previous settlement agreement, I asked InterFocus' then counsel to so advise Neman Brothers in a letter. Attached as Exhibit 5 is a true and correct copy of the letter dated October 5, 2020 sent to Neman Brother's counsel.

### B. Interfocus' Response

This statement in the declaration itself is not an out-of-court statement but being offered as part of a sworn declaration filed in connection with Neman Brothers' Motion to show what InterFocus did and what information it provided to Neman Brothers. Moreover, Neman Brothers already submitted the letter in its objection to the preceding paragraph and cites to the letter repeatedly in its own Motion. As such, it is now foreclosed from objecting to admission of the letter now.

### 8. Objection to Paragraph No. 14

The chart is hearsay (it was prepared in anticipation of a litigation, not a business record created and maintained in the ordinary course of business. Interfocus never produced real business records such as invoices, order, etc.) Lack of foundation as to the claimed error in stating the year. (no real business record was ever produced to show they were taken down in 2019.)

### A. Paragraph No. 14[1]

In connection with our investigation, I requested that a chart be prepared that included all six of the alleged infringing garments described in the September 2020 letter and when each garment had been removed from InterFocus' online platform, I provided InterFocus' then counsel with an early version of that chart, and it appears in Exhibit 5. However, further investigation determined that in two instances, the dates on which the alleged infringements were removed from InterFocus' platform were erroneously stated to be 2020, when in fact, they had been removed even

---

[1] This response accurately reproduces the declaration testimony to which Naman Brothers objects, but the Court should note that, as explained in a subsequent declaration, one of the dates shown on this chart is incorrect, and that InterForucs actually stopped sales of that garment in 2019. See Opp. Declaration of Weiwei Le ¶ 4, Dkt. No. 46-1.

7

earlier in 2019. An updated chart that truly and accurately describes when all six of the alleged infringements Neman Brothers described in its September 15, 2020 letter were removed from InterFocus' platform is set forth below[ZL1].

| ID No. | Image | Take Down Date |
|---|---|---|
| 45696 | | 9/16/2020 |
| 458707 | | 9/17/2020 |
| 385561 | | 7/22/2019 |
| 458707 | | 9/17/2020 |
| 399267 | | 9/14/2020 |
| 414159 | | 8/28/2019 |

**B. Interfocus' Response**

This statement is not an out-of-court statement, but being offered as part of a sworn declaration filed in connection with InterFocus' Motions, that summarizes the content of voluminous writings and is therefore admissible pursuant to Fed R. Evid. 1006. It is independently verified by the witness's personal observation that all six of the objected to garments had been removed from InterFocus' website within seven days of receiving Neman Brothers' September 15 letter. (See Motion Le Decl. ¶7, 9, 12 and 13.) As Director of Operations for Interfocus, Weiwei Le is permitted

to make statements on behalf of and about the company and is testifying to provide support that counters topics that Neman Brothers argues as a basis for granting its Motion. Further, contrary to Neman Brothers' assertion, InterFocus did produce from the computer database it maintains in the normal course of business true and correct copies of print screens of underlying records that show the dates on which three garments' sales were stopped in 2020 in compliance with Fed R. Evidence 1006 as depicted in the above chart, and from that same database InterFocus concurrently makes available prints screens of underlying records that show the dates on which three garments' sales were stopped in 2019 as depicted in the above chart. *See* Reply Lee Decl. ¶¶ 1-2; Reply Le Decl. ¶ 2.

**9. Objection to Paragraph No. 17 (15 in Decl.)**

Misstatement of facts (it simply makes no sense to say she was confused with the complaint after failing to settle the dispute.)

**A. Paragraph No. 17**

After the October response letter, through their counsel, Neman Brothers and InterFocus tried to settle their dispute by negotiating an overall license agreement between them, but they were not able to do so. I am not aware of any written claim of new alleged infringements in those settlement discussions. Neman Brothers filed its complaint alleging copyright infringement against InterFocus on December 9,2020. I was confused by the complaint, because it identified the same alleged infringements Neman Brothers had identified in its September 15,2020 letter (Exhibit 4), even though we had removed all of those alleged infringements from our platform before we entered into the previous settlement agreement or within seven business days after receiving Neman Brothers' September 15, 2020 letter as provided in the settlement agreement.

**B. Interfocus' Response**

Whether Neman Brothers believes that this statement "makes no sense" is irrelevant, and in any event mischaracterizes what Ms. Le testified to. Weiwei Le is making a statement of fact to illustrate state of mind of the declarant and the company to provide context to the issues brought forth by Neman Brothers' Motion.

**10.   Objection No. 19 (17 in Decl)**

Lack of foundation/irrelevant

**A. Paragraph No. 19 (17 in Decl.)**

I have spent more than 100 hours on this Neman Brothers case. InterFocus has also incurred significant legal fees defending this action.

**B. Interfocus' Response**

This statement is relevant to show InterFocus' damage to support its breach of contract counterclaim,

Dated: August 9, 2021

RIMON, P.C.

By: /s/ Mark S. Lee
Mark S. Lee
Zheng Liu

Attorneys for Defendants and Counterclaim Plaintiffs
INTERFOCUS, INC. d.b.a.
www.patpat.com