1   RIMON, P.C.
Mark Lee (SBN 94103)

2   mark.lee@rimonlaw.com
2029 Century Park East, Suite 400N

3   Los Angeles, California 90067
Telephone/Facsimile: 213.375.3811

4

5   RIMON, P.C.
Zheng Liu (SBN: 229311)

6   zheng.liu@rimonlaw.com
800 Oak Grove Avenue, Suite 250

7   Menlo Park, California 94025
Telephone/Facsimile: 650.461.4433

8   Attorneys for Defendants
INTERFOCUS INC. d.b.a. www.patpat.com

9

10             **UNITED STATES DISTRICT COURT**

11     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

| | |
|---|---|
| 13   NEMAN BROTHERS & ASSOC., INC., a California Corporation, | Case No. 2:20-cv-11181-CAS-JPRC |
| 14           Plaintiff, | **DEFENDANT AND COUNTERCLAIM PLAINTIFF INTERFOCUS, INC. D.B.A. WWW.PATPAT.COM'S RESPONSE TO PLAINTIFF, NEMAN BROTHERS & ASSOC., INC.'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MARK LEE** |
| 15         v. | |
| 16 | |
| 17   INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive., | |
| 18 | |
| 19        Defendants. | Date:    August 23, 2021<br>Time:   10:00 am<br>Courtroom:   8D |
| 20   INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, an individual, and DOES 1-10, inclusive, | |
| 21 | |
| 22 | The Hon. Christina A. Snyder |
| 23       Counterclaim Plaintiffs, | |
| 24         v. | |
| 25   NEMAN BROTHERS & ASSOC., INC., a California Corporation, | |
| 26       Counterclaim Defendant. | |
| 27 | |

28

Plaintiff, NEMAN BROTHERS & ASSOC., INC. objects to certain portions of the Declaration of Mark Lee and related exhibits submitted by Defendant, INTERFOCUS, INC. in Opposition to Defendant's Motion for Summary Judgment and Motion for Partial Summary Judgment on Counterclaim when Defendant filed its reply briefs herein.  Plaintiff's objections should be overruled for the following reasons:

I.      **RESPONSE TO OBJECTIONS TO THE DECLARATION OF MARK LEE**

**1.      Objection to Paragraph No. 2**

Irrelevant.

**A.      Paragraph No. 2**

On June 4, 2021, I personally searched the Westlaw database of look for copyright infringement suits brought by Neman Brothers & Associates, Inc. The Westlaw database includes various kinds of information, including information on complaints filed in the Central District of California. An online search of this Court's Docket as recorded in the Westlaw database using the "Neman Brothers" and "copyright" search terms revealed 94 such complaints.  A true and correct copy of the listing I printed out from my search is attached as Exhibit 1.

**B.      Interfocus' Response**

This paragraph lays the foundation for evidentiary support to the fact that Neman Brothers has filed almost a hundred copyright infringement actions in this Court, virtually all involving fabric patterns on garments manufactured in China, and settled almost all of them on confidential terms.  This evidence is relevant to determining the extent to which Plaintiff is engaged in legitimate activities involving its copyright works, as opposed to "aggressively suing for and obtaining accelerated discovery" to obtain "quick our-of-court settlements which, because they are hidden, raise serious question about misuse of court procedure." *Malibu*

1  *Media, LLC v. Doe*, No. 15 CIV. 4369 AKH, 2015 WL 4092417, *2-3 (S.D.N.Y.

2  July 6, 2015)

### 2.   Objection to Paragraph No. 3

Irrelevant

### A.   Paragraph No. 3

After printing out Exhibit 1, I manually reviewed over 20 of the complaints, and briefly reviewed the dockets of proceedings in the actions initiated by those complaints. The complaints and actions I reviewed all involved copyright infringement suits brought by Neman Brothers, which identified itself as a California corporation, against retailers or other defendants who were alleged to have infringed Neman Brothers' copyrights in fabric designs for goods manufactured in China.  The dockets of the actions I reviewed indicated that they were all settled on confidential terms.

### B.   Interfocus' Response

This paragraph lays the foundation for evidentiary support to the fact that Neman Brothers has filed almost a hundred copyright infringement actions in this Court, virtually all involving fabric patterns on garments manufactured in China. This evidence is relevant to determining the extent to which Plaintiff is engaged in legitimate activities involving its copyright works, as opposed to "aggressively suing for and obtaining accelerated discovery" to obtain "quick our-of-court settlements which, because they are hidden, raise serious question about misuse of court procedure." *Malibu Media, LLC v. Doe*, No. 15 CIV. 4369 AKH, 2015 WL 4092417, *2-3 (S.D.N.Y. July 6, 2015)

1

2  Dated:  August 2, 2021

RIMON, P.C.

3

4                              By: /s/ Mark S. Lee

                                   Mark S. Lee
5                                  Zheng Liu

6                                  Attorneys for Defendants and
                                   Counterclaim Plaintiffs
7                                  INTERFOCUS, INC. d.b.a.
                                   www.patpat.com
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INTERFOCUS, INC. D.B.A. WWW.PATPAT.COM'S RESPONSE TO PLAINTIFF, NEMAN BROTHERS & ASSOC., INC.'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MARK LEE