RIMON, P.C.
Mark Lee (SBN 94103)
mark.lee@rimonlaw.com
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone/Facsimile: 213.375.3811

RIMON, P.C.
Zheng Liu (SBN: 229311)
zheng.liu@rimonlaw.com
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
Telephone/Facsimile: 650.461.4433

Attorneys for Defendants
INTERFOCUS INC. d.b.a. www.patpat.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive.,<br><br>　　　　Defendants.<br><hr>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, an individual, and DOES 1-10, inclusive,<br><br>　　　　Counterclaim Plaintiffs,<br><br>　　v.<br><br>NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>　　　　Counterclaim Defendant. | Case No. 2:20-cv-11181-CAS-JPRC<br><br>**REPLY DECLARATION OF MARK LEE AND WEIWEI LE IN SUPPORT OF INTERFOCUS, INC.'S MOTION FOR: SUMMARY JUDGMENT**<br><br>Date:　August 23, 2021<br>Time:　10:00 am<br>Courtroom: 8D<br><br>The Hon. Christina A. Snyder |

1
REPLY DECLARATION OF MARK LEE AND WEIWEI LE IN SUPPORT OF INTERFOCUS, INC.'S MOTION FOR: SUMMARY JUDGMENT

1   I, Mark S. Lee, declare:

2   1.   I am a lawyer admitted to practice before this Court, and am a partner at Rimon, P.C., counsel of record for Interfocus, Inc. d.b.a. www.patpat.com ("Interfocus") in this matter. I have personal knowledge of the following facts except where otherwise indicated based on my personal participation in the matters described, and if called upon as a witness, I could and would competently testify thereto.

3   2.   Plaintiff's opposition to InterFocus' motions included some communications between previous counsel for InterFocus and present counsel for Neman brothers concerning certain negotiations that took place between them in the fall of 2020. However, I was provided copies of all written communications between former counsel and Plaintiff's counsel herein, and in reviewing Plaintiff's opposition exhibit, I realized that Plaintiff's counsel had not attached all such communications to its opposition, and specifically, did not attached certain emails in which former counsel for InterFocus explained why InterFocus was not willing to enter into a license agreement on the terms Neman Brothers demanded.

4   3.   Attached as Exhibit 1 to this declaration is a true and correct copy of an email string between InterFocus' former counsel and plaintiff's counsel herein in which they explain why InterFocus did not agree to Neman Brothers' demands.

5   4.   In reviewing Plaintiff's objections to the paragraph 14 of the Declaration of Weiwei Le filed in support of InterFocus' motion for summary judgment, which includes a chart, I noted that Plaintiff claims that "no real business record was ever produced" to support the information in that chart. That is incorrect. InterFocus did produce in discovery print screens from the computer database it maintains in its normal course of business that state when in 2020 Interfocus removed from its online sales platform the garments Neman Brothers had complained about in its September 2020 letter. True and correct copies of those print screens are attached as Exhibit 2. Further, although InterFocus originally

objected to producing records of allegedly infringing garment sales it had stopped selling before it entered into the previous settlement agreement with Neman Brothers in March of 2020, and Neman Brothers did not seek to compel further responses based on those objections, InterFocus concurrently produces similar print screens from the same online database to show the dates in 2019 on which it stopped selling the other garments shown in the summary chart that is in paragraph 14 of Ms. Le's earlier declaration. See the concurrently Reply Le declaration and Ex. 3.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 9th day of August, 2021, at Los Angeles, California.

                                      */s/ Mark S. Lee*
                                      Mark S. Lee

## DECLARATION OF WEIWEI LE

I, Weiwei Le, declare:

1. I am informed and believe that Neman Brothers has claimed that InterFocus did not produce any business records to support the information I provided in paragraph 14 of the declaration I provided in support of InterFocus' motion for summary judgment. I personally supervised the gathering of documents Neman Brothers requested in the Request for Production of Documents it served on InterFocus, and can advise the Court that Neman Brothers is mistaken. InterFocus maintains its sales records on a computer database in the normal course of its business, and sales information for specific garments can be obtained by making an inquiry to that database. Copes of such print screens for the garments whose sales history is summarized in paragraph 14 of my earlier declaration have been provided to counsel, and, I am informed and believe, some of them, specifically the records showing when in 2020 InterFocus stopped selling some the garments shown in the paragraph 14 chart, were produced to Neman Brothers in response to the Request for Production of Documents it served on InterFocus. True and correct copies of those records are attached as Exhibit 2.

2. Attached as Exhibit 3 are true and correct print screen copies of records from that same database which show the dates in 2019 on which InterFocus stopped selling the other garments shown in the summary chart in paragraph 14 of my earlier declaration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 9th day of August, 2021, at Hayward, California.

Weiwei Le