CHAN YONG JEONG, ESQ. (SBN 255244)
jeong@jeonglikens.com
JEONG & LIKENS, L.C.
222 South Oxford Avenue
Los Angeles, CA 90004
Tel: 213-688-2001
Email: Jeong@jeonglikens.com

Attorneys for Counter-Defendant NEMAN BROTHERS & ASSOC., INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation;<br><br>        Plaintiff/Counter-Defendant,<br><br>vs.<br><br>INTERFOCUS, INC., a California Corporation, et al.,<br>        Defendant/Counter-Claimant | Case No.: 2:20-cv-11181-CAS-JPR<br><br>**EVIDENTIARY OBJECTION TO DECLARATION OF WEIWEI LE**<br><br>Date: August 23, 2021<br>Time: 10 a.m. |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION | COURT'S RULING |
|---|---|---|
|  | Objection against the declarations and the new exhibits in their entirety as it is an improper attempt to introduce new evidence for the first time with the reply, which would deprive the opposing party's right to properly respond thereto.<br><br>Further, the new exhibits are not relevant to Interfocus motion for summary judgment but Neman Brothers' motion. Using its reply, Interfocus is attempting to file a sur-reply to improperly supplement its opposition to Neman Brothers' motion after reviewing Neman Brothers' reply. Unless requested by the court, no response to the reply brief is allowed. See CD CA L.R. 7-10. |  |
| 1. I am informed and believed that Neman Brothers has claimed that | Mischaracterization, legal conclusion, lack of court-certified |  |

**EVIDENTIARY OBJECTION TO DECLARATION OF WEIWEI LE**

| | | |
|---|---|---|
| InterFocus did not produce any business records to support the information I provided in paragraph 14 of the declaration I provided in support of InterFocus' motion for summary judgment. I personally supervised the gathering of documents Neman Brothers requested in the Request for Production of Documents it served on InterFocus, and can advise the Court that Neman Brothers is mistaken. InterFocus maintains its sales records on a computer database in the normal course of its business, and sales information for specific garments can be obtained by making an inquiry to that database. Copies of such print screens for the garments whose sales history is summarized in paragraph 14 of my earlier declaration have been provided to counsel, and, I am informed and believe, some of them, specifically the records showing when in 2020 InterFocus stopped selling some the garments shown in the paragraph 14 chart, were produced to Neman | translation, violation of Rule 33(d), unintelligible (A party who responds to an interrogatory by producing documents written in a foreign language must provide a translation of those documents. FRCP R. 33(d) (West 2021); *Nature's Plus Nordic A/S v. Natural Organics, Inc.* (ED NY 2011) 274 FRD 437, 441. The purported business records about the sale, earning and cost show no numbers at all. It only has Chinese characters never translated in English. The production was not only in response to the document requests but the interrogatories asking about sale, earning and cost. It is improper to produce such documents with no explanation or translation in lieu of the responses to interrogatories. Interfocus at least should have given some explanations in the interrogatory answers.) | Sustained: ____<br><br>Overruled: ____ |

3
**EVIDENTIARY OBJECTION TO DECLARATION OF WEIWEI LE**

| | | |
|---|---|---|
| Brothers in response to the Request for Production of Documents it served on InterFocus. True and correct copies of those records are attached as Exhibit 2. | irrelevant (Exhibit 2 on its background shows it is about the baby dress (Infringing Garment 2) that Interfocus claimed to have removed as of September 2020 after which there should be no sale, earning or cost. However, most of the entries are with the dates of the claimed removal. Exhibit 3's background also shows it is about Prior Infringing Garments (baby tops) while the issue is whether Interfocus produced proper business records about the Infringing Garments to support its claim that the profits from the sale of the Infringment garment was less than $1,000, which was to be given in response to Neman's Interrogatories asking about sale, earning and cost and in compliance with Rule 37 which is self-executing. | |
| 2. Attached as Exhibit 3 are true and correct print screen copies of records from that same database which show the dates in 2019 on which | irrelevant (Exhibit 3's background also shows it is about Prior Infringing Garments (baby tops) while the issue is whether | Sustained: ____ |

4
**EVIDENTIARY OBJECTION TO DECLARATION OF WEIWEI LE**

| | | |
|---|---|---|
| InterFocus stopped selling the other garments shown in the summary chart in paragraph 14 of my earlier declaration. | Interfocus produced proper business records about the Infringing Garments to support its claim that the profits from the sale of the Infringement garment was less than $1,000, which was to be given in response to Neman's Interrogatories asking about sale, earning and cost and in compliance with Rule 37 which is self-executing. | Overruled: ____ |

IT IS SO ORDERED.

DATED:

_____
Honorable Judge Christina A. Snyder

**EVIDENTIARY OBJECTION TO DECLARATION OF WEIWEI LE**