CHAN YONG JEONG, ESQ. (SBN 255244)
  jeong@jeonglikens.com
JEONG & LIKENS, L.C.
222 South Oxford Avenue
Los Angeles, CA 90004
Tel: 213-688-2001
Email: Jeong@jeonglikens.com

Attorneys for Counter-Defendant NEMAN BROTHERS & ASSOC., INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation;<br><br>　　　　Plaintiff/Counter-Defendant,<br><br>　　　　vs.<br><br>INTERFOCUS, INC., a California Corporation, et al.,<br>　　　　Defendant/Counter-Claimant | Case No.: 2:20-cv-11181-CAS-JPR<br><br>**EVIDENTIARY OBJECTION TO DECLARATION OF MARK LEE**<br><br>Date: August 23, 2021<br>Time: 10 a.m. |

# EVIDENTIARY OBJECTIONS

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION | COURT'S RULING |
|---|---|---|
| | Objection against the declarations and the new exhibits in their entirety as it is an improper attempt to introduce new evidence for the first time with the reply, which would deprive the opposing party's right to properly respond thereto. Reply papers should be limited to matters raised in the opposition papers. It is improper for the moving party to "shift gears" and introduce new facts or different legal arguments in the reply brief than presented in the moving papers. *Lujan v. National Wildlife Federation* (1990) 497 US 871, 894-895. Further, it is improper to the extent Interfocus Reply presents new arguments for the first time in its Reply, *Zamani v. Carnes* (9th Cir. 2007) 491 F3d 990, 997—"district court need not consider arguments | Sustained: ____ <br><br> Overruled: ____ |

| | | | |
|---|---|---|---|
| | | raised for the first time in a reply brief" | |
| | | Further, the new exhibits are not relevant to Interfocus motion for summary judgment but Neman Brothers' motion. Using its reply, Interfocus is attempting to file a sur-reply to improperly supplement its opposition to Neman Brothers' motion after reviewing Neman Brothers' reply. Unless requested by the court, no response to the reply brief is allowed. See CD CA L.R. 7-10. | |
| | 2. Plaintiff's opposition to InterFocus' motions included some communications between previous counsel for InterFocus and present counsel for Neman brothers concerning certain negotiations that took place between them in the fall of 2020. However, <u>I was provided copies of all written communications between former counsel</u> and Plaintiff's counsel herein, and in reviewing Plaintiff's | Lack of personal knowledge, hearsay, | Sustained: ____<br><br>Overruled: ____ |

3
**EVIDENTIARY OBJECTION TO DECLARATION OF MARK LEE**

| | | | |
|---|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10 | opposition exhibit, I realized that Plaintiff's counsel had not attached all such communications to its opposition, and specifically, did not attached certain emails in which <u>former counsel for InterFocus explained why InterFocus was not willing to enter into a license agreement</u> on the terms Neman Brothers demanded. | | |
| 11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | 3. Attached as Exhibit 1 to this declaration is a true and correct copy of an email string between InterFocus' former counsel and plaintiff's counsel herein in which they explain why InterFocus did not agree to Neman Brothers' demands. | (1) Hearsay, misstating facts, argumentative and mischaracterization as to the contents of the emails (as discussed in the opposition and the emails, the settlement amount in the draft was discussed and agreed upon at a teleconference between the counsels, was put in settlement agreement drafts, and was reaffirmed when Interfocus did not change the amount, relying on which Neman Brothers continued on settlement efforts beyond 30 days period for two months. At the last minute, Interfocus counsel in her email stated self-serving excuses after a long delay and avoiding | Sustained:<br>____<br><br>Overruled:<br>____ |

| | | |
|---|---|---|
| | communications. As shown in the drafts, the license was to use any Neman Brothers' thousands of designs for unlimited number of units for a certain number of years.) | |
| 4. In reviewing Plaintiff's objections to the paragraph 14 of the Declaration of Weiwei Le filed in support of InterFocus' motion for summary judgment, which includes a chart, I noted that Plaintiff claims that "no real business record was ever produced" to support the information in that chart. That is incorrect. InterFocus did produce in discovery print screens from the computer database it maintains in its normal course of business that state when in 2020 Interfocus removed from its online sales platform the garments Neman Brothers had complained about in its September 2020 letter. True and correct copies of those print screens are attached as Exhibit 2. Further, although | Mischaracterization, legal conclusion, lack of court-certified translation, violation of Rule 33(d), unintelligible (<u>A party who responds to an interrogatory by producing documents written in a foreign language must provide a translation</u> of those documents. FRCP R. 33(d) (West 2021); *Nature's Plus Nordic A/S v. Natural Organics, Inc.* (ED NY 2011) 274 FRD 437, 441. The purported business records about the sale, earning and cost show no numbers at all. It only has Chinese characters never translated in English. <u>The production was not only in response to the document requests but the interrogatories asking about sale, earning and cost. It is improper to produce such documents with no explanation or translation in lieu of the responses to interrogatories</u>. Interfocus at least | Sustained: ____<br><br>Overruled: ____ |

| | | |
|---|---|---|
| InterFocus originally objected to producing records of allegedly infringing garment sales it had stopped selling before it entered into the previous settlement agreement with Neman Brothers in March of 2020, and Neman Brothers did not seek to compel further responses based on those objections, InterFocus concurrently produces similar print screens from the same online database to show the dates in 2019 on which it stopped selling the other garments shown in the ummary chart that is in paragraph 14 of Ms. Le's earlier declaration. See the concurrently Reply Le declaration and Ex. 3. | should have given some explanations in the interrogatory answers.)<br><br>irrelevant (Exhibit 2 on its background shows it is about the baby dress (Infringing Garment 2) that Interfocus claimed to have removed as of September 2020 after which there should be no sale, earning or cost. However, most of the entries are with the dates of the claimed removal. Exhibit 3's background also shows it is about Prior Infringing Garments (baby tops) while the issue is whether Interfocus produced proper business records about the Infringing Garments to support its claim that the profits from the sale of the Infringment garment was less than $1,000, which was to be given in response to Neman's Interrogatories asking about sale, earning and cost and in compliance with Rule 37 which is self-executing. | |

     IT IS SO ORDERED.
     DATED:

1
2     _____
      Honorable Judge Christina A. Snyder
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EVIDENTIARY OBJECTION TO DECLARATION OF MARK LEE**