RIMON, P.C.
Mark Lee (SBN 94103)
mark.lee@rimonlaw.com
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone/Facsimile: 213.375.3811

RIMON, P.C.
Zheng Liu (SBN: 229311)
zheng.liu@rimonlaw.com
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
Telephone/Facsimile: 650.461.4433

Attorneys for Defendants
INTERFOCUS INC. d.b.a. www.patpat.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive.,<br><br>Defendants.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, an individual, and DOES 1-10, inclusive,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Counterclaim Defendant. | Case No. 2:20-cv-11181-CAS-JPRC<br><br>**DECLARATION OF LINNA CHEN IN FURTHER SUPPORT OF DEFENDANT INTERFOCUS, INC. D.B.A. WWW.PATPAT.COM'S:**<br><br>1) **MOTION FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S COMPLAINT AND DEFENDANT'S COUNTERCLAIM; AND**<br><br>2) **OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: December 6, 2021<br>Time: 10:00 am<br>Courtroom: Courtroom 8D<br><br>The Hon. Christina A. Snyder |

DECLARATION OF LINNA CHEN

# DECLARATION OF LINNA CHEN

I, Linna Chen, declare:

1. I am licensed to practice in California and I have been practicing law for over 14 years. From 2019 to early 2020, I represented Interfocus Inc. to negotiate the previous settlement agreement (the "PSA") with Neman Brothers regarding the first lawsuit filed by Neman Brothers on November 26, 2019.

2. Interfocus entered into the PSA for cost and efficiency reasons, not because it believed it actually infringed Neman's copyrights or Neman's copyrights were valid.

3. The first communication from me to Mr. Jeong I could locate regarding the first lawsuit was titled "FRE 408 Settlement Discussion-Intellectual Property of Neman Brothers" and Mr. Jeong never disputed the agreement that our communications should never be used as evidence. Ex. A.

4. To the extent the Court will allow such settlement communications to be admitted as evidence, my recollection is:

5. During the negotiation with Neman's attorney Mr. Jeong, I insisted on adding the Notice and Cure provision into PSA. Interfocus has large number of garments being sold on its platform daily. It is not possible to police every single listing of garment and check for copyright registrations immediately. I intended to include such languages so if Interfocus has a potentially infringing garment listed on its platform, it has the option to take it down to avoid litigation.

6. There was back and forth between me and Mr. Jeong during the negotiation. He objected to some language and I objected to some language in the drafts. I emphasized to him that Interfocus would not agree to a settlement agreement after which Interfocus would still be sued by Neman. At the end, Mr. Jeong agreed and signed the MSA in March 2020.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 28th day of October 2021, at Santa Clara, California, U.S.A.

*Linna Chen*
_____
Linna Chen