RIMON, P.C.
Mark Lee (SBN 94103)
mark.lee@rimonlaw.com
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone/Facsimile: 213.375.3811

RIMON, P.C.
Zheng Liu (SBN: 229311)
zheng.liu@rimonlaw.com
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
Telephone/Facsimile: 650.461.4433

Attorneys for Defendants
INTERFOCUS INC. d.b.a. www.patpat.com

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive.,<br><br>Defendants.<br>_____<br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, an individual, and DOES 1-10, inclusive,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Counterclaim Defendant. | Case No. 2:20-cv-11181-CAS-JPRC<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON COPYRIGHT REGISTRATION INVALIDITY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    December 6, 2021<br>Time:  10:00 am<br>Courtroom:  8D<br><br>The Hon. Christina A. Snyder |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that on  December 6, 2021 at 10:00 a.m., in the courtroom of the Honorable Christine A. Snyder, located at the United States District Court of the Central District of California, 350 W. 1ˢᵗ Street, Los Angeles, Califnoria, Courtroom 8D, Defendant InterFocus d.b.a. www.patpat.com ("Interfocus"), will and hereby does  move  for summary judgment that all of Plaintiff's copyright infringement claims are barred by the invalidity of the copyright registrations on which they are based as a matter of law.

Said motion is made pursuant to Federal Rule of Civil Procedure 56 on the grounds that the copyright registrations on which Plaintiff bases  its copyright infringement claims contain significant factual inaccuracies that were known to Plaintiff when it filed them, and that the Copyright Office would have refused the registrations if it had known the true facts concerning them as a matter of law.

The motion is based upon this notice of motion and motion, the declarations of Mark S. Lee filed on November 1, 2021 and filed concurrently with this motion, the exhibits submitted therewith, and upon such other and further matters as may be presented at any hearing on this motion.  This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 6, 2021, and November 1, 2021.

RIMON, P.C.

Dated:  November 4, 2021

By:  /s/ Mark S. Lee

Mark S. Lee
Zheng Liu

Attorneys for Defendants and
Counterclaim Plaintiffs
INTERFOCUS, INC. d.b.a.
www.patpat.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **<u>TABLE OF CONTENTS</u>**

<u>Page</u>

I.      INTRODUCTION ............................................................................... 1

II.     RECENT ADMISSIONS ESTABLISH THAT THE THREE
        COPYRIGHT REGISTRATIONS AT ISSUE ARE INVALID
        AS A MATTER OF LAW. ................................................................. 1

III.    CONCLUSION. .................................................................................. 6

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON COPYRIGHT INVALIDITY ISSUE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC,*
   925 F. 3d 1140 (9th Cir. 2019) ........................................................... 6, 7

*Palmer/Kane LLC v. Rosen Book Works LLC,*
   204 F. Supp. 3d 565 (S.D.N.Y. 2016) ................................................ 5

*Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.,*
   959 F.3d 1194 (9th Cir. 2020) ............................................................ 7

**Statutes**

17 U.S.C. §204 ................................................................................................ 3

17 U.S.C. § 408(c)(1) ...................................................................................... 4

17 U.S.C. §408(c)(2) ....................................................................................... 4

17 U.S.C. § 409 ............................................................................................... 6

17 U.S.C. § 409(2) .......................................................................................... 6

17 U.S.C. § 409(4) .......................................................................................... 6

17 U.S.C. § 409(9) .......................................................................................... 6

17 U.S.C. § 411(b) .......................................................................................... 7

by17 U.S.C. § 409(5) ...................................................................................... 6

Copyright Act of 1976 .................................................................................... 4

**Other Authorities**

37 C.F.R. § 202.4(c)(5) .................................................................................. 5

37 C.F.R. § 202.4(c)(7)(2019) ....................................................................... 5

37 C.F.R. 202.3(b)(4)(B)(4) (2010) .............................................................. 4

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff admitted facts that support invalidation of Plaintiff's copyright registrations. Plaintiff objected that it was improper for Defendant to raise that issue in the supplemental brief it filed on November 1, 2021. (Concurrently filed Declaration of Mark S. Lee and Ex. 4 thereto.) Although Defendants believe Plaintiff's procedural concerns are without merit, to accommodate them Defendant now moves for summary judgment on all of the claims in Plaintiff's complaint on the grounds that the copyright registrations on which it bases its claim are invalid as a matter of law for the reasons described below.

### II.   RECENT ADMISSIONS ESTABLISH THAT THE THREE COPYRIGHT REGISTRATIONS AT ISSUE ARE INVALID AS A MATTER OF LAW.

Neman Brothers' President[1] Yoel Neman, who signed and certified the accuracy of the three group copyright registrations at issue (see Dkt. No. 42-1 and Exs. 2, 4 and 6) admitted in deposition that those registrations contain significant factual inaccuracies that were known to Neman Brothers when it filed them.

For example, although the registrations claim Neman Brothers is the sole author of all the works they identify, Mr. Neman admitted that some of the works identified in each registration were authored by third party design studios from whom Neman Brothers purchased rights, who are not named as authors or claimants in the registrations. (See November 1, 2021 Declaration of Mark S. Lee [" Nov. 1

---

[1]  Though he admitted he was Neman Brothers' president in his declaration, Dkt. No. 42-1 ¶ 2, in deposition he first denied that he was ever its president, then claimed he had stopped serving as president about 15 years ago. (November 1, 2021 Declaration of Mark S. Lee ["Nov. 1 Lee Decl."] and, Ex 1 thereto, Neman Depo. 11:1-3, 12:9-16, 13:13-16, 15:1-4, 17:12-17, and 18:12-20:11.)

Lee Decl.'] Ex. 1, Yoel Neman Deposition ("Neman Depo."). 26:16-24[2] and Exs. 17, 27, and 33.) Indeed, he admitted that two of the three designs at issue in this case were themselves not authored by Neman Brothers, but instead by two different European design studios, contrary to the claims made in the registrations. (*Id*., Nov. 1 Lee Decl. Ex. 1, Neman Depo. 66:12-68:1, 70:11-71:5.)  He also admitted that Neman Brothers cannot find a written assignment for one of the fabric designs at issue. (Nov. 1 Lee Decl. Ex. 1, Neman Depo. 68:2-19, 70:11-71:5, 86:22-87:12, 120:15-121:15; 122:15-123:11.)[3] And, he admitted he and Neman Brothers knew those facts when he signed and certified the accuracy of the three registrations. (Cf. Nov. 1 Lee Decl. Ex. 1, Neman Depo. 60:22, 87:21-24,88:1-9, 88:14-19, 89:24-90:9, 97:17-98:2, 114:12-23, 115:3-14, 116:24-117:4, 117:24-118:5, 118:12-119:4, 129:3-129:19, 133:22-134:12[4], and Exs. 10, 17, 18, 27, 28 and 33 thereto.) These

_____

[2] Mr. Neman testified:

"Q. And so if I understand you correctly, then, Neman Brothers files…what's called a group copyright registration about every month? (cont'd next page)

    "A Yes.

"Q All right. Does a specific registration typically include both fabric designs that Neman Brothers purchased and fabric designs that Neman Brothers created together in the group?

    A Yes." (Lee Decl. Ex. 1, Neman Depo. 26:16-24.)

[3]  This lack of a written assignment alone is itself fatal to any claim of copyright ownership of that work. 17 U.S.C. §204 (copyright assignment must be in writing.)

[4] Mr. Neman testified:

"Q Now, consistent with the earlier registrations we talked about, would some of the designs that are described on this registration have been designs that Neman Brothers purchased from other studios?

"A Yes.

"Q And some of them may have been works that Neman Brothers created?"

"A Yes.

factual inaccuracies alone should invalidate these group registrations, because Copyright Office regulations have required that group registrations of unpublished works be limited to works by the same author or authors since 1978, as shown below.

Congress authorized the Copyright Office to dictate the requirements for "a single registration for a group of related works" in the Copyright Act of 1976. 17 U.S.C. § 408(c)(1). Congress also required that certain group registrations include only works by "the same individual author." 17 U.S.C. §408(c)(2).

Consistent with this Congressional mandate, the Copyright Office since 1978 has required that group registrations of unpublished works be limited to collections of works by the same author or including the same joint author. Calling its original regulation for such registrations as applying to "unpublished collections" of works, it required that "[a]ll of the elements [identified in the unpublished collection registration] are by the same author [or same joint author]" to qualify for such group registration. 43 FR 965, 966 (Jan. 5, 1978), https://tile.loc.gov/storage-services/service/ll/fedreg/fr043/fr043003/fr043003.pdf. That language was included in every regulation covering group registrations of unpublished works until the most recent regulatory amendments of 2019. See former 37 CFR 202.3(b)(4)(B)(4) (2010), https://www.govinfo.gov/content/pkg/CFR-2010-title37-vol1/pdf/CFR-2010-title37-vol1-sec202-3.pdf; Notice of Proposed Rulemaking for Group Registration of Unpublished Works, 82 FR No. 196, p. 47415, 47416 (October 12, 2017), https://www.govinfo.gov/content/pkg/FR-2017-10-12/pdf/2017-21722.pdf.).

The 2019 amendments to the relevant regulation even more clearly require that "[a]ll works [identified in the group registration of unpublished works] **must** be

"Q And Neman Brothers would've known those facts when it registered these works for copyright in this registration?
"A Yes."  (Lee Ex. 1, Neman Depo 133:22-134:12.)

created by the same author or joint authors, and the author and claimant information for each work **must** be the same." 37 C.F.R. § 202.4(c)(5), https://www.law.cornell.edu/cfr/text/37/202.4.  (Emphasis added) That same amended regulation states that "[t]he applicant **must** identify the authorship that each author or joint author contributed to the works, and the authorship statement for each author or joint author **must** be the same." 37 C.F.R. § 202.4(c)(7)(2019), https://www.law.cornell.edu/cfr/text/37/202.4.; see also, Copyright Office Circular 34 p. 5,  https://www.copyright.gov/circs/circ34.pdf (to qualify for group registration of unpublished works, "[a]ll of the authors **must** be named as copyright claimants… [and the registration] **must** identify the authorship that each author or joint author contributed to the works…") (Emphasis added.)

Thus, to qualify as a valid group registration of unpublished works, all of the authors and co-authors of all of the works in the registration must be the same, all of the authors also must be the copyright claimants identified in the registrations, and the contribution of each author or joint author be identified for all of the works in the group registration. (Id.) These group registrations provide significant cost savings and other advantages to copyright owners but impose additional burdens on the Copyright Office in evaluating them, so "compliance with the applicable regulations should be strictly enforced." *Palmer/Kane LLC v. Rosen Book Works LLC*, 204 F. Supp. 3d 565, 571 (S.D.N.Y. 2016); see also, 82 FR No. 196, p. 47415, 47416 (October 12, 2017) (describing the advantages to copyright claimants but the potentially onerous burdens on the Copyright Office imposed by group registrations of unpublished works.)

Neman Brothers' registrations, which nowhere acknowledge they include many works authored by undisclosed third-parties different from and not including Neman Brothers, and which nowhere identify those third parties as claimants (Lee Decl. Ex. 1 and Exs. 17, 27 and 33 therein), blatantly violate these requirements.

They constitute a combination of works from different authors, many of whom are not identified, that is ineligible for group registration of unpublished works under the Copyright Office regulations by which Neman Brothers purported to file them.

Neman Brother's registrations also contain numerous other factual errors and omissions that should invalidate them under the general registration requirements of 17 U.S.C. § 409. The three registrations do not include "the name and nationality or domicile of the author or authors" for the third-party created works as required by 17 U.S.C. § 409(2). They do not include a statement that the subgroup of included works its employees created were "works made for hire" in violation of by 17 U.S.C. § 409(4). For the undisclosed third-party works included in each registration, the registrations do not include "a brief statement of how the claimant obtained ownership of the copyright" as required by by17 U.S.C. § 409(5). Finally, although Mr. Neman admitted that many of the works in each registration were later versions of previously copyrighted works, and were therefore derivative in nature (Nov. 1 Lee Decl. Ex. 1, Neman Depo. 89:2-7, 118:12-119:4, and 132:4-133:73), the registrations include neither "an identification of any preexisting work or works that it is based on or incorporates" a previous work, nor "a brief, general statement of the additional material covered by the copyright claim being registered" as mandated by 17 U.S.C. § 409(9). (Nov. 1 Lee Decl. Ex. 1 and Exs. 17, 27 and 33 therein.)

The above errors support invalidation of the three copyright registrations at issue as a matter of law. *Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F. 3d 1140 (9th Cir. 2019) (affirming summary judgment for defendant on copyright infringement claim because the group registration at issue knowingly combined published and unpublished fabric designs in violation of Copyright Office's regulations for registration of unpublished collections.)

However, this Court should not rule on this issue in the first instance. Instead, the Ninth Circuit has instructed that "once a defendant alleges that (1) a plaintiff's

certificate of registration contains inaccurate information; (2) 'the inaccurate information was included in the application for copyright registration'; and (3) the inaccurate information was included on the application 'with knowledge that it was inaccurate,'" this Court should instead submit a request to the Register of Copyrights  pursuant to 17 U.S.C. § 411(b) "to advise the court whether the inaccurate information, if known, would have caused [it] to refuse registration." *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 959 F.3d 1194, 1197 (9th Cir. 2020). The Ninth Circuit has held it is reversible error not to do so. *Unicolors, Inc., supra* (reversing and remanding judgment for plaintiff because the district court did not refer the copyright registration validity question to the Copyright Office in the first instance).

　　As invalidation of Neman Brothers' copyright registrations would be fatal to its copyright infringement claims, this Court should make such a request to the Copyright Office now, and stay this action until the Copyright Office responds.[5]  If the Copyright Office advises that the inaccurate information Neman Brothers provided would have caused it to refuse the registrations, this Court should invalidate all three of  them and grant summary judgment to InterFocus on Neman Brothers' copyright infringement claims herein. *Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F. 3d at 1146-47 (granting summary judgment for defendant based on a Copyright Office determination that it would have denied the group registration of unpublished fabric designs at issue.)

## III.　CONCLUSION.

　　Summary judgment should be entered in InterFocus' for all the reasons described above.

---

[5] The procedure by which such a request should be made is laid out in *Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC*, supra, 925 F. 3d at 1143, where the Ninth Circuit describes how the district court did so.

1

2                                             RIMON, P.C.

3    Dated:   November 4, 2021

4                                       By:   /s/ Mark S. Lee

5                                             Mark S. Lee
                                              Zheng Liu
6
                                              Attorneys for Defendants and
7                                             Counterclaim Plaintiffs
                                              INTERFOCUS, INC. d.b.a.
8                                             www.patpat.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON COPYRIGHT INVALIDITY ISSUE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF