# EXHIBIT 4

**From:** Mark Lee <mark.lee@rimonlaw.com>
**Sent:** Thursday, November 4, 2021 10:46 AM
**To:** Chan Yong (JAKE) Jeong <jeong@jeonglikens.com>
**Cc:** Zheng Liu <zheng.liu@rimonlaw.com>
**Subject:** RE: declaration of Deborah Young (docket no. 66-5)

Jake:
    We continue to be puzzled by your stated procedural concerns.  You are free to make any argument you wish, but the Court obviously knows how it ruled, the Court will have the evidence before it, and the Court will decide how to address the issues raised.  Nevertheless, in light of you continuing objection to allowing the court to address the copyright invalidity issue based on the previously agreed supplemental briefing, we will see what we can do to accommodate your concerns.
    Regarding the Deborah Young deposition,  it is directly relevant to the issues raised in your motion for summary judgment, and we will not withdraw it.
-Mark Lee

---

**Mark Lee** | Partner
RIMÔN LAW

+1 310.361.5776 | mark.lee@rimonlaw.com
2029 Century Park East, Suite 400N, Los Angeles, California 90067
www.rimonlaw.com | See Our International Offices | Read Our Insights
Follow us on **Twitter** | Connect on **LinkedIn** | Like us on **Facebook**
This e-mail is sent by a law firm and contains information that may be confidential or privileged. If you have received this communication in error, please reply to the sender (only) and then please delete this message from your inbox as well as any copies. Thank you.

**From:** Chan Yong (JAKE) Jeong <jeong@jeonglikens.com>
**Sent:** Wednesday, November 3, 2021 8:33 PM
**To:** Mark Lee <mark.lee@rimonlaw.com>
**Cc:** Zheng Liu <zheng.liu@rimonlaw.com>
**Subject:** Re: declaration of Deborah Young (docket no. 66-5)

Mark,

Let me be clear on two things.

First, your opposition cover, unlike your email below, states it is submitted in support of your MSJ which was already denied. You even filed a declaration of Linna Chen only to make the same argument that the claims in this pending case were released by the prior settlement, which was already rejected. This is my last attempt to request you to withdraw the portions to the extent you are seeking to grant your MSJ.

Second, you cannot use the expert declaration without first disclosing her reports, which Young admitted would not be ready until December. I did not get the chance to review the report which was to disclose a lot of information such as what materials she reviewed and what methods she used for analysis, so that I would be ready to depose based on them, and our rebuttal expert would be able to prepare her report. By filing the declaration first, you are improperly depriving our chance to review and rebut, which I am sure you deliberately planned. You concealed it at our 7-3 conference, and subsequent discussions about the schedule adjustments, only to drop it at the last minute. Please withdraw.

Very truly yours,

Chan Yong (Jake) Jeong, Esq.
Jeong & Likens, L.C.
222 South Oxford Avenue
Los Angeles, CA 90004
Tel. 213-688-2001
Fax. 213-315-5035

On Tue, Nov 2, 2021 at 5:03 PM Mark Lee <mark.lee@rimonlaw.com> wrote:

Jake:

This responds to your two emails, in which you demand that we "withdraw" the evidence and argument we submitted on the invalidity of your client's copyright registrations, and our expert consultant Deborah Young's declaration and argument about the lack of substantial similarity in our client's allegedly infringing garments. We are puzzled by your demands, and must decline them for the following reasons.

Regarding the invalidity issue, your client's deposition testimony has made it a major issue in the case that will be raised at every opportunity until the Court rules on it. Mr. Neman's testimony raises grave doubt about not only the validity of the three copyright registrations at issue, but every group registration it has obtained since 1981. According to Mr. Neman, all of them have improperly combined works Neman Brothers created with works it purchased from third parties contrary to Copyright Office regulations.

We thus raised the copyright invalidity issue as soon as we learned of it, to bring it to the Court's attention and encourage it to obtain a response from the Copyright Office as soon as possible, before all of us incur potentially unnecessary fees in copyright infringement litigation in which your client cannot prevail. And if the Court does not do so now, it will continue to face the issue going forward..

The invalidity issue is directly responsive to Neman Brother's motion for summary judgment, since it cannot prevail if it does not own valid copyright registrations. Further, since the evidence establishing registration invalidity consists of Mr. Neman's own admissions, the facts are established, and we only need a determination from the Copyright Office to rule on the issue as a matter of law. It makes no sense to "withdraw" this evidence and argument when the fairest and most cost efficient way for the Court to resolve the issue would be to send a request to the Copyright Office now, before the parties incur potentially unnecessary fees for no reason.

Your proposed alternative illustrates this point. If, as you requested, InterFocus "withdrew" that evidence and argument, it would only refile a new motion for summary judgment on that same issue. We have until January 10, 2022 to do that under the Court's Scheduling Order, see Dkt. No. 26, but as the evidence has already been gathered and the research has been done, it could do so in a few days.

What would be the point of that, especially since we make the same argument to oppose your client's motion for summary judgment? You already have more time to argue the point in your current supplemental brief than you would if we filed a new motion raising the argument, and we would have the opportunity to file a reply if we filed a motion, which we do not have under the present scheduling order. Thus, the current procedure affirmatively benefits you and your client, and it suffers no prejudice from it. Under your proposal, the Court would have to deal with more briefing, and the parties would have to incur more expense to create more briefing, but the Court would have to decide precisely the same issue we ask it to decide now.

Further, should the Court somehow decline to address the issue now, or otherwise before trial, we will raise the issue again in a trial motion. That is exactly what happened in *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 959 F.3d 1194, 1197 (9th Cir. 2020), where defendant did not raise the invalidity argument until a post-trial motion for judgment as a matter of law. The trial court denied that motion for various reasons and did

not send the issue to the Copyright Office.  On appeal, the Ninth Circuit ruled the trial court committed revisable error in  not  doing so.  It remanded the case back with instructions to do  just that.

Unnecessarily burdening the Court and forcing our clients to spend unnecessary money is not what we are here to do.  So, we will not withdraw that evidence and argument as you request.

Our textile expert's testimony raises similar issues, and we decline your demand  that we "withdraw it" for similar reasons.  She has not provided an expert report because, under the Court's scheduling order, that report is not due until December, and she is still working on it. However, the Court's order required us to submit evidence opposing  Neman Brothers' motion for summary judgment by November 1. Thus, we submitted her declaration, which provides testimony directly relating to the substantial similarity issue raised by  Neman Brothers' motion. Those additional matters you complain would in in an expert report, involving hourly rates changed, previous testimony as an experience as an expert, etc., are only relevant to attack the credibility of a witness, and the Court does not evaluate witness credibility on a motion for summary judgment.   Thus, we submitted her declaration based on her present opinions as required by the Court to oppose Neman Brothers' motion for summary judgment,  when the Court's order  required us to do so.

Again, your client is not prejudiced by our doing so.  There is no obligation that an expert's  declaration opposing summary judgment include everything in an expert report.. The federal rules do not require that an expert provide a report before she submits a declaration in opposition to a motion for summary judgment.  Ms. Young will provide a report as required by the Court's scheduling order, and it will at least contain all elements required by the federal rules, if not more fully supported opinions than she provide in her declaration, and you will be able to depose her on the report before trial, should you choose to do so.  The five weeks we agreed you could have to prepare your supplemental brief provides you with sufficient time to retain an opposing expert, should you wish to do so..  There is no prejudice.

On one level, we can understand why you would prefer that the Court not have before it evidence that your client's copyrights are invalid, and evidence that the protectable elements in the garment designs in our client's garments are not substantially similar to those in your client's invalidly registered copyrighted works.  However, that is not a valid reason to withdraw that evidence, and we will not do so for the reasons stated above and other reasons.

Sincerely,

Mark Lee

**Mark Lee | Partner**
RIMÔN LAW
+1 310.361.5776 | mark.lee@rimonlaw.com
2029 Century Park East, Suite 400N, Los Angeles, California 90067

www.rimonlaw.com | See Our International Offices | Read Our Insights
Follow us on **Twitter** | Connect on **LinkedIn** | Like us on **Facebook**

*This e-mail is sent by a law firm and contains information that may be confidential or privileged.  If you have received this communication in error, please reply to the sender (only) and then please delete this message from your inbox as well as any copies. Thank you.*

**From:** Chan Yong (JAKE) Jeong <jeong@jeonglikens.com>
**Sent:** Monday, November 1, 2021 6:31 PM
**To:** Mark Lee <mark.lee@rimonlaw.com>; Zheng Liu <zheng.liu@rimonlaw.com>
**Subject:** declaration of Deborah Young (docket no. 66-5)

Mark and Zheng,

Young's declaration is nothing but an improper attempt to use an expert report without a proper disclosure at all, in attempts to deprive NB's rights to retain its own rebuttal expert and present the rebuttal expert's opinion.  Further, the expert report was never mentioned at the 7-3 conference, your prior briefs in seeing the continuance of our MSJ hearing, to prepare supplemental brief, or even during the discussions on the schedule adjustments. Young also admits she would finish her report on 12/17/2021.

I hereby request you to file a notice of withdrawal of the said declaration by no later than 3 p.m. tomorrow. Otherwise, I will have to file an ex parte application to strike the said declaration and impose sanctions against you and your client, which will include Rule 11 sanctions for maintaining FRIVOLOUS documents.

Very truly yours,

Chan Yong (Jake) Jeong, Esq.

Jeong & Likens, L.C.

5

222 South Oxford Avenue

Los Angeles, CA 90004

Tel. 213-688-2001

Fax. 213-315-5035