Mark S. Lee (SBN 94103)
mark.lee@rimonlaw.com
RIMON, P.C.
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone: 213.375.3811
Facsimile: 213.375.3811

Zheng Liu (SBN 229311)
zheng.liu@rimonlaw.com
RIMON, P.C.
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
Telephone: 650.461.4433
Facsimile: 650.461.4433

Attorneys for Defendants
INTERFOCUS, INC. d.b.a.
www.patpat.com

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-11181-CAS-JPR<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT T INTERFOCUS, INC. D.B.A. WWW.PATPAT.COM'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: December 6, 2021<br>Time: 10:00 am<br>Courtroom: 8D<br><br>Honorable Christine A. Snyder |
| INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive,<br><br>Counterclaim Plaintiffs,<br>v.<br><br>NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Counterclaim Defendant. | |

-1-
INTERFOCUS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS
OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant InterFocus, Inc. d.b.a. www.patpat.com ("InterForucs") Plaintiff Nirvana, L.L.C. ("Nirvana") presents the following Statement of Uncontroverted Facts and Conclusions of Law in Support of its Motion for Summary Judgment on Plaintiff's First Amended Complaint herein pursuant to Local Rule 56-1 as follows:

## STATEMENT OF UNCONTROVERTED FACTS

| Undisputed Fact | Evidence |
|---|---|
| 1. Plaintiff Neman Brothers, Inc. ["Neman Brothers"] filed what's called a group registration of unpublished works about every month. | November 1, 2021 Declaration of Mark S. Lee ["Nov. 1 Lee Decl."] Ex. 1, Declaration of Yoel Neman ["Neman Decl."] 26:26-24. |
| 2. Some of the works in each of the three copyright registrations on which Plaintiff bases its copyright infringement claims were authored by third party designs studios from whom Neman Brothers purchased rights, who are not named as authors or claimants in the registrations. | Nov. 1, 2021 Lee Decl. Ex. 1, Yoel Neman Deposition ("Neman Depo."). 26:16-24 and Exs. 17, 27, and 33' |
| 3. Two of the three designs at issue in this case were themselves not authored by Neman Brothers, but instead by two different European design studios, contrary to the claims made in the registrations. | Nov. 1 Lee Decl. Ex. 1, Neman Depo. 66:12-68:1, 70:11-71:5. |
| 4. Neman Brothers knew those facts when he signed and certified the accuracy of the three registrations. | Nov. 1 Lee Decl. Ex. 1, Neman Depo. 60:22, 87:21-24,88:1-9, 88:14-19, 89:24-90:9, 97:17-98:2, 114:12-23, 115:3-14, 116:24-117:4, 117:24-118:5, 118:12-119:4, 129:3-129:19, 133:22-134:12, and Exs. 10, 17, 18, 27, 28 and 33 thereto. |
| 5. The three copyright registrations that are at issue in this action do not include "the name and nationality or domicile of the author or authors" for the third-party created works | Nov. 1, 2021 Lee Decl. Ex. 1, Exs. 17, 27, and 33. |

| Undisputed Fact | Evidence |
|---|---|
| 6. The three copyright registrations that are at issue in this action do not include a statement that the subgroup of included works its employees created were "works made for hire" | Nov. 1, 2021 Lee Decl. Ex. 1, Exs. 17, 27, and 33. |
| 7. The three copyright registrations that are at issue in this action a brief statement of how the claimant obtained ownership of the copyright | Nov. 1, 2021 Lee Decl. Ex. 1, Exs. 17, 27, and 33. |
| 8. Although many of the works in each of the three registration at issue were later versions of previously copyrighted works, and were therefore derivative in nature (Nov. 1 Lee Decl. Ex. 1, Neman Depo. 89:2-7, 118:12-119:4, and 132:4-133:73). | Nov. 1 Lee Decl. Ex. 1, Neman Depo. 89:2-7, 118:12-119:4, and 132:4-133:73, Exs. 17, 27, and 33. |
| 9. The registrations include neither "an identification of any preexisting work or works that it is based on or incorporates" a previous work, nor "a brief, general statement of the additional material covered by the copyright claim being registered." | Nov. 1, 2021 Lee Decl. Ex. 1, Exs. 17, 27, and 33. |

## CONCLUSIONS OF LAW

1. Congress authorized the Copyright Office to dictate the requirements for "a single registration for a group of related works" in the Copyright Act of 1976. 17 U.S.C. § 408(c)(1). Congress also required that certain group registrations include only works by "the same individual author." 17 U.S.C. § 408(c)(2).

2. Consistent with this Congressional mandate, the Copyright Office since 1978 has required that group registrations of unpublished works be limited to collections of works by the same author or including the same joint author. Calling its original regulation for such registrations as applying to "unpublished collections" of works, it required that "[a]ll of the elements [identified in the unpublished

collection registration] are by the same author [or same joint author]" to qualify for such group registration. 43 FR 965, 966 (Jan. 5, 1978), https://tile.loc.gov/storage-services/service/ll/fedreg/fr043/fr043003/fr043003.pdf. That language was included in every regulation covering group registrations of unpublished works until the most recent regulatory amendments of 2019. See former 37 CFR 202.3(b)(4)(B)(4) (2010), https://www.govinfo.gov/content/pkg/CFR-2010-title37-vol1/pdf/CFR-2010-title37-vol1-sec202-3.pdf; Notice of Proposed Rulemaking for Group Registration of Unpublished Works, 82 FR No. 196, p. 47415, 47416 (October 12, 2017), https://www.govinfo.gov/content/pkg/FR-2017-10-12/pdf/2017-21722.pdf.).

3. The 2019 amendments to the relevant regulation even more clearly require that "[a]ll works [identified in the group registration of unpublished works] **must** be created by the same author or joint authors, and the author and claimant information for each work **must** be the same." 37 C.F.R. § 202.4(c)(5), https://www.law.cornell.edu/cfr/text/37/202.4. (Emphasis added) That same amended regulation states that "[t]he applicant **must** identify the authorship that each author or joint author contributed to the works, and the authorship statement for each author or joint author **must** be the same." 37 C.F.R. § 202.4(c)(7)(2019), https://www.law.cornell.edu/cfr/text/37/202.4.; see also, Copyright Office Circular 34 p. 5,  https://www.copyright.gov/circs/circ34.pdf (to qualify for group registration of unpublished works, "[a]ll of the authors **must** be named as copyright claimants… [and the registration] **must** identify the authorship that each author or joint author contributed to the works…") (Emphasis added.)

4. To qualify as a valid group registration of unpublished works, all of the authors and co-authors of all of the works in the registration must be the same, all of the authors also must be the copyright claimants identified in the registrations, and the contribution of each author or joint author be identified for all of the works in the group registration under the authorities cited above.

5. These group registrations provide significant cost savings and other

-3-

advantages to copyright owners but impose additional burdens on the Copyright Office in evaluating them, so "compliance with the applicable regulations should be strictly enforced." *Palmer/Kane LLC v. Rosen Book Works LLC*, 204 F. Supp. 3d 565, 571 (S.D.N.Y. 2016); see also, 82 FR No. 196, p. 47415, 47416 (October 12, 2017) (describing the advantages to copyright claimants but the potentially onerous burdens on the Copyright Office imposed by group registrations of unpublished works.)

6. Neman Brothers' registrations, nowhere acknowledge they include many works authored by undisclosed third-parties different from and not including Neman Brothers, and nowhere identify those third parties as claimants, violate these requirements. They constitute a combination of works from different authors, many of whom are not identified, that is ineligible for group registration of unpublished works under the Copyright Office regulations by which Neman Brothers filed them.

7. Neman Brother's registrations also contain numerous other factual errors and omissions that should invalidate them under the general registration requirements of 17 U.S.C. § 409. The three registrations do not include "the name and nationality or domicile of the author or authors" for the third-party created works as required by 17 U.S.C. § 409(2). They do not include a statement that the subgroup of included works its employees created were "works made for hire" in violation of by 17 U.S.C. § 409(4). For the undisclosed third-party works included in each registration, the registrations do not include "a brief statement of how the claimant obtained ownership of the copyright" as required by by17 U.S.C. § 409(5). Finally, although Mr. Neman admitted that many of the works in each registration were later versions of previously copyrighted works, and were therefore derivative in nature, the registrations include neither "an identification of any preexisting work or works that it is based on or incorporates" a previous work, nor "a brief, general statement of the additional material covered by the copyright claim being registered" as mandated by 17 U.S.C. § 409(9).

8. The above errors support invalidation of the three copyright registrations at issue as a matter of law. *Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F.3d 1140 (9th Cir. 2019) (affirming summary judgment for defendant on copyright infringement claim because the group registration at issue knowingly combined published and unpublished fabric designs in violation of Copyright Office's regulations for registration of unpublished collections.)

9. However, this Court will not rule on this issue in the first instance. Instead, the Ninth Circuit has instructed that "once a defendant alleges that (1) a plaintiff's certificate of registration contains inaccurate information; (2) 'the inaccurate information was included in the application for copyright registration'; and (3) the inaccurate information was included on the application 'with knowledge that it was inaccurate,'" this Court should instead submit a request to the Register of Copyrights pursuant to 17 U.S.C. § 411(b) "to advise the court whether the inaccurate information, if known, would have caused [it] to refuse registration." *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 959 F.3d 1194, 1197 (9th Cir. 2020).

10. As invalidation of Neman Brothers' copyright registrations would be fatal to its copyright infringement claims, this Court will make such a request to the Copyright Office now, and stay this action until the Copyright Office responds. If the Copyright Office advises that the inaccurate information Neman Brothers provided would have caused it to refuse the registrations, this Court will invalidate all three of them and grant summary judgment to InterFocus on Neman Brothers' copyright infringement claims herein. *Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F.3d at 1146-47 (granting summary judgment for defendant based on a Copyright Office determination that it would have denied the group registration of unpublished fabric designs at issue.)

-5-

INTERFOCUS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

.DATED: November 4, 2021          RIMON, P.C.

By: /s/ Mark S. Lee
Mark S. Lee (SBN: 94103)
mark.lee@rimonlaw.com
RIMON P.C.
2029 Century Park East, Suite 400N
Los Angeles, CA   90067
Telephone/Facsimile: 310.375.3811

Zheng Liu (SBN 229311)
zheng.liu@rimonlaw.com
RIMON, P.C.
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
Telephone/Facsimile: 650.461.4433

Attorneys for Defendants
INTERFOCUS, INC. d.b.a.
www.patpat.com