CHAN YONG JEONG, ESQ. (SBN 255244)
   jeong@jeonglikens.com
JEONG & LIKENS, L.C.
222 South Oxford Avenue
Los Angeles, CA 90004
Tel: 213-688-2001
Email: Jeong@jeonglikens.com

Attorneys for Counter-Defendant NEMAN BROTHERS & ASSOC., INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation;<br><br>　　　　Plaintiff/Counter-Defendant,<br><br>　　vs.<br><br>INTERFOCUS, INC., a California Corporation, et al.,<br>　　　　Defendant/Counter-Claimant | Case No.: 2:20-cv-11181-CAS-JPR<br><br>**NEMAN BROTHERS' OPPOSITION TO INTERFOCUS' SECOND MOTION FOR SUMMARY JUDGMENT**<br><br>**Date: December 6, 2021**<br>**Time: 10 a.m.** |

**NEMAN BROTHERS' OPPOSITION
TO INTERFOCUS' SECOND MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

I. ARGUMENTS……………………………………………………………. 3

   **1.** 37 C.F.R. Section 202.4(c)(5) Did Not Exist At the Time of the Registrations of the Subject Designs**……………………………………………. 3**

   2. Neman Brothers Is An Author As An Employer, As Well As A Claimant As the Organization that Obtained Ownership of All Rights………………… 5

   3. Interfocus As A Third Party Infringer Cannot Justify Its Misconducts by Disputing the Assignment or Work For Hire, for Lack of Writing………... 7

   4. The Alleged Failure to Give the Information about All of the Authors Is Not the Matter of Invalidation, But Supplementation…………………………. 8

   5. Failure to Provide Information About the Derivative Work's Prior Version Is Also A Matter of Supplementation…………………………………….. 9

   6. Section 411(b)(2) Is Not Triggered…………………………………….… 10

II. CONCLUSION……………………………………………………………. 12

**NEMAN BROTHERS' OPPOSITION
TO INTERFOCUS' SECOND MOTION FOR SUMMARY JUDGMENT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. ARGUMENTS

1. <u>37 C.F.R. Section 202.4(c)(5) Did Not Exist At the Time of the Registrations of the Subject Designs</u>**.**

Interfocus argued in its second motion that the 2019 amendments to the relevant regulation require that "[a]ll works [identified in the group registration of unpublished works] *must be created by the same author or joint authors*, and *the author and claimant information for each work must be the same*." 37 C.F.R. § 202.4(c)(5) (Emphasis added).

The Copyright Office as of October 2016, "identified a number of provisions that have expired or have become obsolete. Because these provisions no longer serve any purpose, the Office is removing them from its regulations." 81 FR 6794-01, p.67942. The Office then decided the entire section 202.4 to be "[r]emoved and reserved]" *Id*. p.67946.

202.4(c)(5) did not exist at the time of Neman's application and registration as of …2017. NB161106 was registered as of January 13, 2017, and NB170268 was registered as of March 3, 2017. After the two registrations, the said subsection was added as of October 12, 2017 (82 FR 47415-01, pp.47420-21), and therefore cannot retroactively apply to those subject registrations in this case.

In explaining the differences before and after 82 FR 47415-01, the Office stated;

> The unpublished collection regulation provides that "a combination of such elements shall be considered a 'collection' if: (1) The elements are assembled in an orderly form; (2) The combined elements bear a single title identifying the collection as a whole; (3) The copyright claimant in all of the elements, and in the collection as a whole, is the same; and (4) All of the elements are by the same author, or, **if they are by different authors, at least one of the authors has contributed copyrightable authorship to each element**." *Id.* § 202.3(b)(4)(i)(B). The regulation further provides that **a "[r]egistration of an unpublished 'collection' extends to each**

**copyrightable element in the collection** and to the authorship, if any, involved in selecting and assembling the collection." *Id*; §202.3(b)(4)(i)).

In other words, before 82 FR 47415-01, when the two registrations were made, it was not required "[a]ll works [identified in the group registration of unpublished works] *must be created by the same author or joint authors"*. Later, realizing "[t]he regulatory accommodation for unpublished collections was well-intentioned but has imposed an increasing burden on the administration of the copyright registration system", the Office made changes through 82 FR 47415-01, by adding the current subsection (c)(5) to Section 202.4.

The Federal regulation made in 2018 or 2021 cannot retroactively apply the applications approved by the Office in 2017. The Ninth Circuit Court in *Sacks v. S.E.C.* held;

> "[T]he presumption against retroactive legislation ... is deeply rooted in our jurisprudence." *Id.* at 785 (quoting *Landgraf v. USI Film Prods.,* 511 U.S. 244, 265, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)). We "disfavor retroactive laws based on concerns about fairness: 'elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted.'" *Id.* (quoting *Landgraf,* 511 U.S. at 265, 114 S.Ct. 1483). We only apply a statute or regulation retroactively if there is "clear congressional intent" that it should be applied retroactively. *Id.* at 786 (quoting *Landgraf,* 511 U.S. at 268, 114 S.Ct. 1483; *see also Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 208, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988) ("[A] statutory grant of legislative rulemaking authority will not, as a general matter, be understood to encompass the power to promulgate retroactive rules unless that power is conveyed by Congress in express terms.")).

*Sacks v. S.E.C.,* 648 F.3d 945, 951 (9th Cir. 2011).

The Office in nowhere of the subsequent regulations, could not, and did not, express "clear intent" that the relevant portions should apply retroactively. See 82 FR 47415-01. By logic, the Office should not, and did not, invalidate all of the prior registrations approved by the Office itself pursuant to its own previous regulations by making a new rule and applying it to the previous registrations.

In this case, while the Neman's registrations included both purchased and internally-created designs, it was a standard procedure Neman through its designer made changes to the purchased designs before registration in order to make the designs more cost-efficient in manufacturing and marketable. The changes are shown by the differences between the purchased design and the registered subject designs. Mokhtarians Decl. ¶¶12-13, Ex. 49.

This procedure was done internally through Neman's design team under the supervision of a design manager. Therefore, for both purchased and internally-created designs, there was at least one author who contributed copyrightable authorship to each of the designs as elements in the collection. That common author is Neman's designer or the design manager, notwithstanding of which Neman is an author anyways as discussed below.

2. <u>Neman Brothers Is An Author As An Employer, As Well As A Claimant As the Organization that Obtained Ownership of All Rights.</u>

Interfocus argued Neman's copyright registrations should be invalidated because Congress also required that *certain group registrations include only works by "the same individual author."* 17 U.S.C. §408(c)(2).

Interfocus' argument evinces its lack of understanding about the terms such as 'author' and 'claimant' defined by the same Code of Federal Regulations ("C.F.R."). "The term **author** includes **an employer or other person for whom a work is "made for hire"** under section 101 of title 17." (emphasis added) 37 C.F.R. § 202.3(a)(2) (West 2020). "For the purposes of this section, **a copyright claimant** is either: (i) The author of

a work; (ii) **A person or organization that has obtained ownership of all rights under the copyright initially belonging to the author**.[1]" (emphasis added) 37 C.F.R. § 202.3(a)(3) (2020).

Along the same line, the Copyright Compendium (the 2014 Version of the Third Edition ("2014 Compendium")) applicable at the time of registrations also advised "The only parties who are eligible to be the copyright claimant are (i) the author of the work, or (ii) a copyright owner who owns all of the exclusive rights in the work. 37 C.F.R. § 202.3(a)(3)" and "An author is either (i) the person or persons who created the work, or (ii) the employer or other person for whom the work was prepared, if the work was created during the course of employment or commissioned as a work made for hire. The author may be either a U.S. or a foreign citizen." Compendium §§404-405 (3d ed. 2014).

The 2014 Compendium further instructs "If the author owns all of the rights under the copyright on the date that the application is filed, the author must be named in the application as the copyright claimant." and "If the author transferred all of the rights in a work to another party, **either the author or the transferee** may be named as the copyright claimant, and the application may be submitted by the author, the transferee, or their respective agents." Compendium §405 (3d ed. 2014). If the work was created as a work made for hire, the employer for hire should be identified as the author. Compendium §503.2 (3d ed. 2014).

In this case, Plaintiff has obtained, from the author or from an entity that has obtained ownership of all rights under the copyright initially belonging to the author, is also categorized as an author. Therefore, the subject designs based on the purchased

---

[1] This category includes **a person or organization that has obtained, from the author or from an entity that has obtained ownership of all rights under the copyright initially belonging to the author,** the contractual right to claim legal title to the copyright in an application for copyright registration. (emphasis added) 37 C.F.R. § 202.3(a)(3), fn. 1 (2020). § 202.3 Registration of copyright (West 2020).

designs were modified by Neman's employee, which makes Neman as **one of the authors has contributed copyrightable authorship to each element, notwithstanding whether the designs were internally made or were modified from the purchased designs.** Mokhtarians Decl. ¶¶10-14.

3. <u>Interfocus As A Third Party Infringer Cannot Justify Its Misconducts by Disputing the Assignment or Work For Hire, for Lack of Writing.</u>

Interfocus argued the assignment is invalid because Yoel Neman also admitted that Neman Brothers cannot find a written assignment for one of the fabric designs at issue. (Nov. 1 Lee Decl. Ex. 1, Neman Depo. 68:2-19, 70:11-71:5, 86:22-87:12, 120:15-121:15; 122:15-123:11.). By the same logic, Interfocus argued Neman should present a work for hire agreement as evidence.

A "work made for hire"[2] is **(1)** a work prepared by an employee within the scope of his or her employment; or (2) a work specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas, if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire.

Where there is no dispute between transferor and transferee regarding copyright's ownership, there is no requirement that writing purporting to confirm prior oral transfer of copyright be substantially contemporaneous with alleged oral transfer in order to

---

[2] Interfocus also argues against the registration for the alleged failure to provide the information about the work for hire. However, the Compendium sees it as a matter of mere supplementation. It states "[i]f the applicant failed to complete the work made for hire section of the application for basic registration, that information may be added to the registration record with a supplementary registration. Likewise, if the basic registration erroneously states that the work is (or is not) a work made for hire, the correct information may be added to the registration record with a supplementary registration." Compendium §1802.6(E) (3d ed. 2014).

**NEMAN BROTHERS' OPPOSITION
TO INTERFOCUS' SECOND MOTION FOR SUMMARY JUDGMENT**

satisfy Copyright Act's statute of frauds provision. *Barefoot Architect, Inc. v. Bunge*, *C.A.3* (Virgin Islands) 632 F.3d 822 (2011).

The chief purpose of section 204(a), (like the Statute of Frauds), is to resolve disputes between copyright owners and transferees and to protect copyright holders from persons mistakenly or fraudulently claiming oral licenses or copyright ownership. Therefore, where there is no dispute between the copyright owner and the transferee about the status of the copyright, it would be unusual and unwarranted to permit a third-party infringer to invoke section 204(a) to avoid suit for copyright infringement. *Imperial Residential Design, Inc. v. Palms Development Group, Inc.* 70 F.3d 96 99 (11th Cir. 1995) (citing *Eden Toys, Inc. v. Florelee Undergarment Co., Inc.,* 697 F.2d 27, 36 (2nd Cir.1982)).

**The 9th Circuit Court** also adopted the same approach by holding Section 204(a) is designed to resolve disputes between owners and transferees and to protect copyright holders from persons mistakenly or fraudulently claiming oral licenses or copyright ownership. *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1157 (9th Cir. 2010). (citing *Billy–Bob Teeth,* 329 F.3d. 568, 592 (7th Cir. 2003)). Therefore, when there is no dispute between the copyright owner and transferee, " 'it would be unusual and unwarranted to permit a third-party infringer to invoke § 204(a) to avoid suit for copyright infringement.' " *Id.* (quoting *Imperial Residential Design, Inc. v. Palms Dev. Group, Inc.*, 70 F.3d 96, 99 (11th Cir. 1995).

And, at least in a case such as this one—where both the original owner and the transferee have joined as plaintiffs in the same lawsuit—we will not let the alleged infringer invoke section 204(a). *Imperial Residential Design, Inc. v. Palms Development Group, Inc.* 70 F.3d 96 99 (11th Cir. 1995) (citing *Great Southern Homes,* 797 F.Supp. at 611).

In this case, since the assignment in 2002, the said design studio never disputed, or raised any issue, about the transfer of all rights regarding the subject design. Mokhtarians Decl. ¶¶12-14. In addition, as Yoel Neman stated in his deposition, Neman received an assignment in writing from Francesco, but just lost it as it was a long time ago.

- 8 -

**NEMAN BROTHERS' OPPOSITION
TO INTERFOCUS' SECOND MOTION FOR SUMMARY JUDGMENT**

### 4. The Alleged Failure to Give the Information about All of the Authors Is Not the Matter of Invalidation, But Supplementation.

The Interfocus' motion quotes "[t]he applicant must identify the authorship that each author or joint author contributed to the works, and the authorship statement for each author or joint author must be the same." 37 C.F.R. § 202.4(c)(7) (2019).

However, as discussed above, the subsection (c) did not exist at the time of Neman's registrations, and before the change, there was no such requirement. 82 FR 47415-01; 37 C.F.R. §202.3(b)(4)(i)(B) (2014). Rather, the Office's Compendium in Section 1802.6(D) in both versions of 2014 and 2021 allows the claimant to freely supplement as to an error or omission involving the author(s) of the work. Compendium §1802.6(D) (3d ed. 2014 and 2021) (citing 37 C.F.R. § 201.5(b)(2)(ii)(A)).

Therefore, the alleged failure to give the information about all of the authors is not the issue of invalidation, but merely an immaterial issue of supplementation. The Office's Compendium[3] states a supplementary registration can be used to correct an error or omission involving the author(s) of the work. Compendium §503.2 (3d ed. 2021) (citing 37 C.F.R. § 202.6(d)(3)(i)). If two or more authors created the work and some of the authors were not named, the names of the missing authors may be added to the registration record with a supplementary registration. Compendium §503.2 (3d ed. 2021).

---

[3] When interpreting the Copyright Act, we defer to the Copyright Office's interpretations in the appropriate circumstances. *Inhale, Inc. v. Starbuzz Tobacco, Inc.* 755 F.3d 1038, 1041-42 (9th Cir. 2014) *(citing Richlin v. Metro–Goldwyn–Mayer Pictures, Inc.,* 531 F.3d 962, 972–73 (9th Cir.2008); *Batjac Prods. Inc. v. GoodTimes Home Video Corp.,* 160 F.3d 1223, 1230–31 (9th Cir.1998) (deferring to the Register's interpretation in an internal manual, *Compendium of Copyright Office Practices*)).

Therefore, the issue surrounding the information about all of the authors is irrelevant to this case because whether there is a need for supplementing or not has not relevance to the issue of ownership or the validity of the registrations.

5. <u>Failure to Provide Information About the Derivative Work's Prior Version Is Also A Matter of Supplementation.</u>

A work consisting of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship, is a "derivative work". *Ets-Hokin v. Skyy Spirits, Inc*., 225 F.3d 1068, 1078 (9th Cir. 2000). This issue does not typically arise. Ordinarily in derivative works cases the underlying work is copyrightable, and courts implicitly recognize copyrightability as a prerequisite to invocation of a derivative rights claim. *See, e.g., Stewart v. Abend,* 495 U.S. 207 (1990) (discussing a motion picture based upon a magazine story); *Pickett v. Prince,* 207 F.3d 402 (7th Cir.2000) (discussing a guitar based upon the copyrighted symbol associated with the rock legend Prince); *Micro Star v. Formgen Inc.,* 154 F.3d 1107 (9th Cir.1998) (discussing video game software based upon other video game software); *ERG,* 122 F.3d 1211 (discussing costumes based upon cartoon characters); *Russell v. Price,* 448 F.Supp. 303 (C.D.Cal.1977) (discussing a movie based upon the play "Pygmalion"). *Ets-Hokin v. Skyy Spirits, Inc*., 225 F.3d 1068, 1078 (9th Cir. 2000).

Under section 102, titled "[s]ubject matter of copyright: [i]n general," copyright protection "subsists ... in original works of authorship." 17 U.S.C. § 102(a). Such **"original works of authorship" include not only underlying (preexisting) works but also derivative works and compilations.** (emphasis added) *See id.* § 103(a) ("The subject matter of copyright ... includes compilations and derivative works"). *Ets-Hokin v. Skyy Spirits, Inc*., 225 F.3d 1068, 1078, fn.6 (9th Cir. 2000).

**Copyright could not be invalidated on basis that pro se registrant had initially incorrectly claimed in applications for registration that they contained only his own original material, where he had voluntarily amended his applications to reflect that**

**his text was derivative of prior works and that his graphic materials relied upon preexisting government documents, and Copyright Office accepted his amended registrations.** *Wilson v. Brennan,* D.N.M.2009, 666 F.Supp.2d 1242, affirmed 390 Fed.Appx. 780, 2010 WL 3069616.

Further, the Compendium states;

> If a work has been changed or revised since it was registered, the changes or revisions cannot be added to the registration record with a supplementary registration. *See* 37 C.F.R. § 202.6(d)(4)(ii). Likewise, the Office will not issue a supplementary registration for an entirely new work that has not been registered before (even if it is based on a previously registered work). Instead, the applicant should submit a new application for a new basic registration, together with an appropriate copy(ies) of the new or revised version of the work.

In this case, two of the subject designs were modified from the purchased designs. The changes as shown from the comparisons were substantial, and the Compendium instructs the derivatives to be newly registered. Compendium §1802.7 (3d ed. 2014). As discussed above, Neman as one of the authors having contributed to the elements registered the derivative designs as part of the group registrations.

6. Section 411(b)(2) Is Not Triggered.

A certificate of registration satisfies the requirements of this section and section 412, regardless of whether the certificate contains any inaccurate information, unless-- **(A)** the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and **(B)** the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration. 17 U.S.C.A. § 411(b)(1) (West 2021). In any case in which inaccurate information described under paragraph (1) is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration. 17 U.S.C.A. § 411(b)(2) (West 2021).

As discussed above, the Office clearly stated its position that the error or omissions of the information about the author or derivative would be merely a matter of submitting a supplementation form. It is well established that immaterial, inadvertent errors in an application for copyright registration do not jeopardize the validity of the registration. *See Masquerade Novelty, Inc. v. Unique Indus., Inc.,* 912 F.2d 663, 667–68 & n. 5 (3d Cir.1990); *Whimsicality, Inc. v. Rubie's Costume Co.,* 891 F.2d 452, 456 (2d Cir.1989) (citing *Eckes v. Card Prices Update,* 736 F.2d 859, 861–62 (2d Cir.1984)); *Harris v. Emus Records Corp.,* 734 F.2d 1329, 1335 (9th Cir.1984); *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.,* 684 F.2d 821, 828 (11th Cir.1982); 2 *Nimmer* § 7.20, at 7–201. In general, an error is immaterial if its discovery is not likely to have led the Copyright Office to refuse the application. *See Eckes,* 736 F.2d at 861–62. As clearly shown in the Compendium, the Office would have not refused the applications in 2017 based on the alleged error or omission based on which Interfocus has raised issues in its motion.

### III.   CONCLUSION

Based on the above, Interfocus' motion should be denied.

Dated: November 15, 2021              Respectfully submitted,
                                      */s/ Chan Yong Jeong*
                                      Chan Yong Jeong, Esq.
                                      Attorney for Plaintiff

**NEMAN BROTHERS' OPPOSITION
TO INTERFOCUS' SECOND MOTION FOR SUMMARY JUDGMENT**