CHAN YONG JEONG, ESQ. (SBN 255244)
jeong@jeonglikens.com
JEONG & LIKENS, L.C.
222 South Oxford Avenue
Los Angeles, CA 90004
Tel: 213-688-2001
Email: Jeong@jeonglikens.com

Attorneys for NEMAN BROTHERS & ASSOC., INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive,<br><br>Defendants.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Counterclaim Defendant. | Case No.: 2:20-cv-11181-CAS-JPR<br><br>**STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFENDANT INTERFOCUS INC.'S SECOND MOTION FOR SUMMARY JUDGMENT**<br><br>Date: December 6, 2021<br>Time: 10:00 am<br>Courtroom: 8D<br><br>Honorable Christine A. Snyder |

-1-

STATEMENT OF CONTROVERTED FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFENDANT INTERFOCUS, INC.'S SECOND MOTION FOR SUMMARY JUDGMENT

1  Plaintiff presents the following Statement of controverted facts and
2  conclusions of law in opposition to Interfocus' Second Motion for Summary
3  Judgment on Plaintiff's First Amended Complaint herein pursuant to Local Rule 56-
4  1 as follows:

## STATEMENT OF CONTROVERTED FACTS

| Interfocus's Undisputed Fact | Plaintiff's Response |
|---|---|
| 1. Plaintiff Neman Brothers, Inc. ["Neman Brothers"] filed what's called a group registration of unpublished works about every month. November 1, 2021 Declaration of Mark S. Lee ["Nov. 1 Lee Decl."] Ex. 1, Declaration of Yoel Neman ["Neman Decl."] 26:26-24. | Undisputed. |
| 2. **Some of the works in each of the three copyright registrations on which Plaintiff bases its copyright infringement claims were authored by third party designs studios** from whom Neman Brothers purchased rights, <u>who are not named as authors or claimants in the registrations.</u> Nov. 1, 2021 Lee Decl. Ex. 1, Yoel Neman Deposition ("Neman Depo."). 26:16-24 and Exs. 17, 27, and 33' | **Objection.** The bolded part only assumes the facts not in evidence. The underlined part is irrelevant.<br><br>Disputed<br>Plaintiff has obtained, from the author or from an entity that has obtained ownership of all rights under the copyright initially belonging to the author, is also categorized as an author. Therefore, the subject designs based on the purchased designs were modified by Neman's employee, which makes Neman as **one of the authors has contributed copyrightable authorship to each element, notwithstanding whether the designs were internally made or** |

| Interfocus's Undisputed Fact | Plaintiff's Response |
|---|---|
| | were modified from the purchased designs. Mokhtarians Decl. ⁋⁋10-14. |
| 3. Two of the three designs at issue in this case were themselves not authored by Neman Brothers, **but instead by two different European design studios, contrary to the claims made in the registrations.** Nov. 1 Lee Decl. Ex. 1, Neman Depo. 66:12-68:1, 70:11-71:5. | Objection. The bolded part is irrelevant because the Copyright Office regulation and the Compendium deemed Neman Brothers an author too. (CFR/Compendium)<br><br>Disputed<br>Plaintiff has obtained, from the author or from an entity that has obtained ownership of all rights under the copyright initially belonging to the author, is also categorized as an author. Therefore, the subject designs based on the purchased designs were modified by Neman's employee, which makes Neman as **one of the authors has contributed copyrightable authorship to each element, notwithstanding whether the designs were internally made or were modified from the purchased designs.** Mokhtarians Decl. ⁋⁋10-14. |
| 4. Neman Brothers knew **those facts** when he signed and certified the accuracy of the three registrations. Nov. 1 Lee Decl. Ex. 1, Neman Depo. 60:22, 87:21-24, 88:1-9, 88:14-19, 89:24-90:9, 97:17-98:2, 114:12-23, 115:3-14, 116:24-117:4, 117:24-118:5, 118:12-119:4, 129:3- | Objection. Irrelevant because the Office allows Neman to supplement the registration according to the Third Compendium of both 2014 and 2021 versions. (Compendium)<br><br>Disputed.<br>Q. Do you know which of the work shown |

| Interfocus's Undisputed Fact | Plaintiff's Response |
|---|---|
| 129:19, 133:22-134:12, and Exs. 10, 17, 18, 27, 28 and 33 thereto. | here were purchased from other studios and which were created by Neman Brothers?<br>A. I don't know.<br>Q Okay. But that would reflected in Neman Brothers' records?<br>A Yes.<br>Q And that would've -- and that would've been the case when this registration was filed?<br>A 1 don't understand.<br>Q Oh. In other words, the fact that some of the work shown here were purchased by Neman Brothers and some were created, would that have been in Neman Brothers' records when this copyright registration was filed?<br>A Yes.<br>Q And that would've been known to you when this registration was filed?<br>A I -- I think so. I'm not sure. (114:24-115:17)<br><br>Q Okay. So some of those might've been Purchased and some of them might be created or something else, is that correct?<br>A.That's right.<br>Q All right. Now, the ones that were created you already indicated were created by people who worked in Neman Brothers' design team, were those people all full-time employees of Neman Brothers?<br>A Yes. (117:1-10) |
| 5. The three copyright registrations that are at issue in this action do not include "the name and nationality or domicile of the author or authors" for the third-party created works. Nov. 1, 2021 Lee Decl. Ex. 1, Exs. 17, 27, and 33. | Objection.<br>Misstatement of facts (the registrations state the name and nationality or domicile of Neman Brothers as an author)<br>Irrelevant because the Office allows Neman to supplement the registration according to the Third Compendium of |

-3-
NEMAN BROTHERS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

| Interfocus's Undisputed Fact | Plaintiff's Response |
|---|---|
|  | both 2014 and 2021 versions. (Compendium) |
| 6. The three copyright registrations that are at issue in this action do not include a statement that the subgroup of included works its employees created were "works made for hire". Nov. 1, 2021 Lee Decl. Ex. 1, Exs. 17, 27, and 33. | Objection. Misstatement of facts (the registration states "yes" as to "work made for hire".) Assumes facts not in evidence and mischaracterization (Interfocus illogically assumes the information on the registration is necessarily all information provided in the application.) Irrelevant because the Office allows Neman to supplement the registration according to the Third Compendium of both 2014 and 2021 versions. (Compendium) |
| 7. The three copyright registrations that are at issue in this action a brief statement of how the claimant obtained ownership of the copyright. Nov. 1, 2021 Lee Decl. Ex. 1, Exs. 17, 27, and 33. | Objection. Unintelligible as the sentence is incomplete. If Interfocus meant the said registrations "lacked" the said brief statement, it again illogically assumes the information on the registration is necessarily all information provided in the application. Irrelevant because the Office allows Neman to supplement the registration according to the Third Compendium of both 2014 and 2021 versions. (Compendium) |
| 8. Although many of the works in each of the three registration at issue were later versions of previously copyrighted works, and were therefore derivative in nature (Nov. 1 Lee Decl. Ex. 1, Neman Depo. 89:2-7, 118:12-119:4, and 132:4-133:73). Nov. 1 Lee Decl. Ex. 1, Neman | Objection. Unintelligible as the sentence is incomplete. If interfocus meant the information about the preexisting design should have been disclosed because the registration did not show it, Interfocus again illogically assumes the |

| **Interfocus's Undisputed Fact** | **Plaintiff's Response** |
|---|---|
| Depo. 89:2-7, 118:12-119:4, and 132:4-133:73, Exs. 17, 27, and 33. | information on the registration is necessarily all information provided in the application.<br>Irrelevant because the Office allows Neman to supplement the registration according to the Third Compendium of both 2014 and 2021 versions. (Compendium) |
| 9. The registrations include neither "an identification of any preexisting work or works that it is based on or incorporates" a previous work, nor "a brief, general statement of the additional material covered by the copyright claim being registered." Nov. 1, 2021 Lee Decl. Ex. 1, Exs. 17, 27, and 33. | Irrelevant because the Office allows Neman to supplement the registration according to the Third Compendium of both 2014 and 2021 versions. (Compendium) |

## NEMAN BROTHERS' RESPONSES TO INTERFOCUS'S CONCLUSIONS OF LAW

1. **INTERFOCUS'S CONCLUSIONS OF LAW:** Congress authorized the Copyright Office to dictate the requirements for "a single registration for a group of related works" in the Copyright Act of 1976. 17 U.S.C. § 408(c)(1). Congress also required that certain group registrations include only works by "the same individual author." 17 U.S.C. § 408(c)(2).

**Plaintiff's Response**:

It misstates the law.

The Copyright Office as of October 2016, "identified a number of provisions that have expired or have become obsolete. Because these provisions no longer serve any purpose, the Office is removing them from its regulations." 81 FR 6794-01, p.67942. The

Office then decided the entire section 202.4 to be "[r]emoved and reserved]" *Id*. p.67946.

202.4(c)(5) did not exist at the time of Neman's application and registration as of …2017. NB161106 was registered as of January 13, 2017, and NB170268 was registered as of March 3, 2017. After the two registrations, the said subsection was added as of October 12, 2017 (82 FR 47415-01, pp.47420-21), and therefore cannot retroactively apply to those subject registrations in this case.

In explaining the differences before and after 82 FR 47415-01, the Office stated;

> The unpublished collection regulation provides that "a combination of such elements shall be considered a 'collection' if: (1) The elements are assembled in an orderly form; (2) The combined elements bear a single title identifying the collection as a whole; (3) The copyright claimant in all of the elements, and in the collection as a whole, is the same; and (4) All of the elements are by the same author, or, **if they are by different authors, at least one of the authors has contributed copyrightable authorship to each element**." Id. § 202.3(b)(4)(i)(B). The regulation further provides that **a "[r]egistration of an unpublished 'collection' extends to each copyrightable element in the collection** and to the authorship, if any, involved in selecting and assembling the collection." *Id*. § 202.3(b)(4)(i).

In other words, before 82 FR 47415-01, when the two registrations were made, it was not required "[a]ll works [identified in the group registration of unpublished works] *must be created by the same author or joint authors"*. Later, realizing "[t]he regulatory accommodation for unpublished collections was well-intentioned but has imposed an increasing burden on the administration of the copyright registration system", the Office made changes through 82 FR 47415-01, by adding the current subsection (c)(5) to Section 202.4.

The Federal regulation made in 2018 or 2021 cannot retroactively apply the applications approved by the Office in 2017. The Ninth Circuit Court held;

-6-

> "[T]he presumption against retroactive legislation ... is deeply rooted in our jurisprudence." *Id.* at 785 (quoting *Landgraf v. USI Film Prods.,* 511 U.S. 244, 265, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)). We "disfavor retroactive laws based on concerns about fairness: 'elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted.' " *Id.* (quoting *Landgraf,* 511 U.S. at 265, 114 S.Ct. 1483). We only apply a statute or regulation retroactively if there is "clear congressional intent" that it should be applied retroactively. *Id.* at 786 (quoting *Landgraf,* 511 U.S. at 268, 114 S.Ct. 1483; *see also Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 208, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988) ("[A] statutory grant of legislative rulemaking authority will not, as a general matter, be understood to encompass the power to promulgate retroactive rules unless that power is conveyed by Congress in express terms.")).
>
> *Sacks v. S.E.C.,* 648 F.3d 945, 951 (9th Cir. 2011).

The Office in nowhere of the subsequent regulations, could not, and did not, express "clear intent" that the relevant portions should apply retroactively. See 82 FR 47415-01. By logic, the Office should not, and did not, invalidate all of the prior registrations approved by the Office itself pursuant to its own previous regulations by making a new rule and applying it to the previous registrations.

2. **INTERFOCUS'S CONCLUSIONS OF LAW:** Consistent with this Congressional mandate, the Copyright Office since 1978 has required that group registrations of unpublished works be limited to collections of works by the same author or including the same joint author. Calling its original regulation for such registrations as applying to "unpublished collections" of works, it required that "[a]ll of the elements [identified in the unpublished

-7-
NEMAN BROTHERS' STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

collection registration] are by **the same author [or same joint author**]" to qualify for such group registration. 43 FR 965, 966 (Jan. 5, 1978), https://tile.loc.gov/storage-services/service/ll/fedreg/fr043/fr043003/fr043003.pdf. That language was included in every regulation covering group registrations of unpublished works until the most recent regulatory amendments of 2019. See former 37 CFR 202.3(b)(4)(B)(4) (2010), https://www.govinfo.gov/content/pkg/CFR-2010-title37-vol1/pdf/CFR-2010-title37-vol1-sec202-3.pdf; Notice of Proposed Rulemaking for Group Registration of Unpublished Works, 82 FR No. 196, p. 47415, 47416 (October 12, 2017), https://www.govinfo.gov/content/pkg/FR-2017-10-12/pdf/2017-21722.pdf.).

**Plaintiff's Response:**

Same as the Response to No. 1.

3. **INTERFOCUS'S CONCLUSIONS OF LAW:** The 2019 amendments to the relevant regulation even more clearly require that "[a]ll works [identified in the group registration of unpublished works] must be created by the same author or joint authors, and the author and claimant information for each work must be the same." 37 C.F.R. § 202.4(c)(5), https://www.law.cornell.edu/cfr/text/37/202.4.  (Emphasis added) That same amended regulation states that **"[t]he applicant must identify the authorship that each author or joint author contributed to the works, and the authorship statement for each author or joint author must be the same."** 37 C.F.R. § 202.4(c)(7)(2019), https://www.law.cornell.edu/cfr/text/37/202.4.; see also, Copyright Office Circular 34 p. 5,  https://www.copyright.gov/circs/circ34.pdf (to qualify for

-8-
NEMAN BROTHERS' STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

group registration of unpublished works, "[a]ll of the authors must be named as copyright claimants… [and the registration] must identify the authorship that each author or joint author contributed to the works…") (Emphasis added.)

**Plaintiff's Response:**

Same as the Response to No. 1.

Therefore, there is no issue of whether the group registration is valid or not. It is at most the matter of whether Neman was to add all of the authors' names in addition to Neman Brothers as an author/claimant.

The Office's Compendium in Section 1802.6(D) in both versions of 2014 and 2021 allows the claimant to freely supplement as to an error or omission involving the author(s) of the work. Compendium §1802.6(D) (3d ed. 2014 and 2021) (citing 37 C.F.R. § 201.5(b)(2)(ii)(A)).

4. **INTERFOCUS'S CONCLUSIONS OF LAW:** To qualify as a valid group registration of unpublished works, all of the authors and co-authors of all of the works in the registration must be the same, all of the authors also must be the copyright claimants identified in the registrations, and the contribution of each author or joint author be identified for all of the works in the group registration under the authorities cited above.

**Plaintiff's Response**

Same as the above.

5. **INTERFOCUS'S CONCLUSIONS OF LAW:** These group registrations provide significant cost savings and other advantages to copyright owners but impose additional burdens on the Copyright Office in evaluating them, so

-9-

"compliance with the applicable regulations should be strictly enforced." *Palmer/Kane LLC v. Rosen Book Works LLC*, 204 F. Supp. 3d 565, 571 (S.D.N.Y. 2016); see also, **82 FR No. 196, p. 47415**, 47416 (October 12, 2017) (describing the advantages to copyright claimants but the potentially onerous burdens on the Copyright Office imposed by group registrations of unpublished works.)

**Plaintiff's Response**

Here, Interfocus admitted to having read "82 FR 47415-01", but still misstated the law to the Court as if it did not know.

*Palmer* is not applicable because the issue of the case was about whether the error or omission was a matter of *meeting a condition* for a group registration of *published photographs* or not. *Palmer/Kane LLC v. Rosen Book Works LLC*, 204 F. Supp. 3d 565, 571 (S.D.N.Y. 2016) (Under those rules, group registration of published photographs is permitted only if "the photographs in the group [ ] have been published within the same calendar year."). However, in this case, as discussed above, the issue is not the matter of satisfying, or failing to meet, a certain condition. Rather, it is a matter of supplementing it.

6. **INTERFOCUS'S CONCLUSIONS OF LAW:** Neman Brothers' registrations, nowhere acknowledge they include many works authored by undisclosed third-parties different from and not including Neman Brothers, and nowhere identify those third parties as claimants, violate these requirements. They constitute a combination of works from different authors, many of whom are not identified, that is ineligible for group registration of unpublished works under the Copyright Office regulations by which Neman Brothers filed them.

**Plaintiff's Response**

Same as the above.

7. **INTERFOCUS'S CONCLUSIONS OF LAW:** Neman Brother's registrations also contain numerous other factual errors and omissions that should invalidate them under the general registration requirements of 17 U.S.C. § 409. The three registrations do not include "the name and nationality or domicile of the author or authors" for the third-party created works as required by 17 U.S.C. § 409(2). They do not include a statement that the subgroup of included works its employees created were "works made for hire" in violation of by 17 U.S.C. § 409(4). For the undisclosed third-party works included in each registration, the registrations do not include "a brief statement of how the claimant obtained ownership of the copyright" as required by by17 U.S.C. § 409(5). Finally, although Mr. Neman admitted that many of the works in each registration were later versions of previously copyrighted works, and were therefore derivative in nature, the registrations include neither "an identification of any preexisting work or works that it is based on or incorporates" a previous work, nor "a brief, general statement of the additional material covered by the copyright claim being registered" as mandated by 17 U.S.C. § 409(9).

**Plaintiff's Response**

Interfocus assumes that what the registration has is all Neman provided in the application. In addition, the Office's Compendium in both versions of 2014 and 2021 allows the claimant to freely supplement as to an error or omission involving

-11-
NEMAN BROTHERS' STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

the author(s) of the work and work for hire issues. Compendium §§1802.6(D)-(E) (3d ed. 2014 and 2021).

8. **INTERFOCUS'S CONCLUSIONS OF LAW:** The above errors support invalidation of the three copyright registrations at issue as a matter of law. *Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F.3d 1140 (9th Cir. 2019) (affirming summary judgment for defendant on copyright infringement claim because the group registration at issue knowingly combined published and unpublished fabric designs in violation of Copyright Office's regulations for registration of unpublished collections.)

**Plaintiff's Response**

Same as the above.

9. **INTERFOCUS'S CONCLUSIONS OF LAW:** However, this Court will not rule on this issue in the first instance. Instead, the Ninth Circuit has instructed that "once a defendant alleges that (1) a plaintiff's certificate of registration contains inaccurate information; (2) 'the inaccurate information was included in the application for copyright registration'; and (3) the inaccurate information was included on the application 'with knowledge that it was inaccurate,'" this Court should instead submit a request to the Register of Copyrights pursuant to 17 U.S.C. § 411(b) "to advise the court whether the inaccurate information, if known, would have caused [it] to refuse registration." *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 959 F.3d 1194, 1197 (9th Cir. 2020).

**Plaintiff's Response**

-12-
NEMAN BROTHERS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Same as the above. The H&M case is now pending in front of the US Supreme Court. Certiorari Granted in Part by *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 141 S.Ct. 2698, 21 Cal. Daily Op. Serv. 5081, 2021 Daily Journal D.A.R. 5233, U.S., June 01, 2021 (NO. 20-915)

10. **INTERFOCUS'S CONCLUSIONS OF LAW:** As invalidation of Neman Brothers' copyright registrations would be fatal to its copyright infringement claims, this Court will make such a request to the Copyright Office now, and stay this action until the Copyright Office responds. If the Copyright Office advises that the inaccurate information Neman Brothers provided would have caused it to refuse the registrations, this Court will invalidate all three of them and grant summary judgment to InterFocus on Neman Brothers' copyright infringement claims herein. *Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F.3d at 1146-47 (granting summary judgment for defendant based on a Copyright Office determination that it would have denied the group registration of unpublished fabric designs at issue.)

**Plaintiff's Response**

Same as the above.

Dated: November 15, 2021          Respectfully submitted,

                                  */s/Chan Yong Jeong*
                                  Chan Yong Jeong, Esq.
                                  Attorney for NEMAN BROTHERS & ASSOC., INC.