1  RIMON, P.C.
   Mark Lee (SBN 94103)
2  mark.lee@rimonlaw.com
   2029 Century Park East, Suite 400N
3  Los Angeles, California 90067
   Telephone/Facsimile: 213.375.3811
4
   RIMON, P.C.
5  Zheng Liu (SBN: 229311)
   zheng.liu@rimonlaw.com
6  800 Oak Grove Avenue, Suite 250
   Menlo Park, California 94025
7  Telephone/Facsimile: 650.461.4433

8  Attorneys for Defendants
   INTERFOCUS INC. d.b.a. www.patpat.com
9

10          **UNITED STATES DISTRICT COURT**

11      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

13 | NEMAN BROTHERS & ASSOC., INC., a California Corporation, | Case No. 2:20-cv-11181-CAS-JPRC |
14 |  | **REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON COPYRIGHT REGISTRATION INVALIDITY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
15 | Plaintiff, |  |
   | v. |  |
16 | INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive., |  |
17 |  | Date:   December 6, 2021 |
18 |  | Time:   10:00 am |
   |  | Courtroom:  8D |
19 | Defendants. | The Hon. Christina A. Snyder |

20 INTERFOCUS, INC. d.b.a.
21 www.patpat.com, a Delaware
   Corporation; CAN WANG, an
22 individual, and DOES 1-10, inclusive,

23          Counterclaim Plaintiffs,

24      v.

25 NEMAN BROTHERS & ASSOC.,
   INC., a California Corporation,
26
             Counterclaim Defendant.
27

28

---

REPLY ISO MOTION FOR SUMMARY JUDGMENT ON COPYRIGHT REGISTRATION INVALIDITY;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................1

II. DEFENDANTS' ARGUMENT ABOUT THE 2019 GROUP REGISTRATION REGULATIONS CANNOT DEFEAT SUMMARY JUDGMENT. ...............................................................................1

III. NEMAN BROTHERS' ARGUMENT THAT IT CHANGED SOME OF THE THIRD-PARTY WORKS IN THE GROUP REGISTRATION CANNOT DEFEAT SUMMARY JUDGMENT. ..............2

IV. NEMAN BROTHERS' "WORK MADE FOR HIRE" ARGUMENTS CANNOT DEFEAT SUMMARY JUDGMENT. ...............................................7

V. NEMAN BROTHERS' "NO WRITTEN ASSIGNMENT" ARGUMENT CANNOT DEFEAT SUMMARY JUDGMENT. ......................7

VI. NEMAN BROTHERS' "SUPPLEMENTATION" ARGUMENTS CANNOT DEFEAT SUMMARY JUDGMENT. ...............................................8

VII. NEMAN BROTHERS' ARGUMENT THAT 17 U.S.C. § 411(b)(2) IS NOT "TRIGGERED" LACKS MERIT AND CANNOT DEFEAT SUMMARY JUDGMENT. ...............................................................................11

VIII. CONCLUSION. .................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC*,
    925 F. 3d 1140 (9th Cir. 2019) .................................................................. 9

*Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*,
    397 F. 3d 1217 (9th Cir. 2005) .................................................................. 5

*Jules Jordan Video, Inc. v. 144942 Canada Inc.*,
    617 F.3d 1146 (9th Cir. 2010) ................................................................... 8

*Magnuson v. Video Yesteryear*,
    85 F.3d 1424 (9th Cir. 1996) ..................................................................... 8

*Palmer/Kane LLC v. Rosen Book Works LLC*,
    204 F. Supp. 3d 565 (S.D.N.Y. 2016) ....................................................... 6

*Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*,
    959 F.3d 1194 ..................................................................................... 9, 12

**Statutes**

17 U.S.C. §408(c)(2) ......................................................................................... 7

17 U.S.C. § 409 ............................................................................................... 11

17 U.S.C. § 409(2) .......................................................................................... 10

17 U.S.C. § 411(b)(2) ..................................................................................... 11

by17 U.S.C. § 409(5) ..................................................................................... 10

**Other Authorities**

37 C.F.R. § 202.4(c)(5) .................................................................................... 2

37 CFR 202.3(b)(4)(B)(4) (2010) ................................................................ 1, 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Neman Brothers, Inc's opposition seeks to avoid the fatal consequences of its own misconduct by mischaracterizing undisputed facts and disputing factual and legal irrelevancies. Its arguments should be rejected, and the Copyright Office should be asked whether it would have refused Neman Brothers' group registrations based on the true facts concerning them. If the Copyright Office says it would have refused those registrations, this Court should grant summary judgment that Neman Brothers' registrations are invalid as a matter of law and dismiss its complaint with prejudice for the reasons described below.

## II. DEFENDANTS' ARGUMENT ABOUT THE 2019 GROUP REGISTRATION REGULATIONS CANNOT DEFEAT SUMMARY JUDGMENT.

Plaintiff's argument that the 2019 regulations that currently govern group registrations of unpublished works "did not exist" when it submitted the three registrations at issue (Opposition 3-5) cannot defeat summary judgment for several reasons.

First, it is more distraction than argument. The Copyright Office has limited group registrations of unpublished works to works that include the same author since 1978, and Neman Brothers' group registrations have never complied with those limitations. The Copyright Office regulations in effect when Neman Brothers filed the three group registrations at issue mandated that "at least one of the authors has contributed copyrightable authorship to each element" for the collection of individual elements (works) to qualify as a group registration. See former 37 CFR 202.3(b)(4)(B)(4) (2010), https://www.govinfo.gov/content/pkg/CFR-2010-title37-vol1/pdf/CFR-2010-title37-vol1-sec202-3.pdf. Yoel Neman admitted that Neman Brothers' group registrations did not comply with this regulation, because they improperly included works it purchased from third parties, to which Neman Brothers did not "contribute copyrightable authorship," as described in the present

1

1 motion. This failure alone is fatal to its group copyright registrations, as Neman
2 Brothers has not and cannot dispute in its opposition.
3       Second, Neman Brothers' arguments about the inapplicability of the 2019
4 amendments to the group registration regulations misses the point of InterFocus'
5 citation to them. The 2019 amendments make even clearer that "[a]ll works
6 [identified in the group registration of unpublished works] must be created by the
7 same author or the same joint authors, and the author and claimant information for
8 each work must be the same." 37 C.F.R. § 202.4(c)(5),
9 https://www.law.cornell.edu/cfr/text/37/202.4. This amended language underscores
10 the intent of the original regulation, and makes even more obvious that Neman
11 Brother's group registrations' inclusion of works by unrelated third party authors is
12 disqualifying.
13       Neman Brothers cannot avoid the fatal defects in its group registrations under
14 applicable regulations by arguing about the 2019 amendments to them. Summary
15 judgment should be granted.

**III. NEMAN BROTHERS' ARGUMENT THAT IT CHANGED SOME OF THE THIRD-PARTY WORKS IN THE GROUP REGISTRATION CANNOT DEFEAT SUMMARY JUDGMENT.**

Neman Brothers' argument that it modified some third party works it included in the group registrations (Opp. 5), implying that it thereby "contributed copyrightable expression" to them without expressly saying so, cannot defeat summary judgment for several reasons.[1]

First, it is contrary to Neman Brothers' admissions. Yoel Neman, the President, Administrator, and agent of Neman Brothers who certified the

---

[1] While Neman Brothers' brief attempts to elevate its modification of some third party works to a "standard practice," Opp. 5, the declaration provided to "support" that claim only says that Neman Brothers "usually" made changes to third party works, and says nothing about Neman Brothers' "standard practice." (Dkt. No. 71-2 ¶ 12.) Even that testimony creates no material dispute of fact as shown below.

authenticity of the three registrations at issue, admitted they included works purchased from third parties. (See November 1, 2021 Declaration of Mark S. Lee ["Nov. 1 Lee Decl.'] Ex.1, Yoel Neman Deposition ("Neman Depo."). 26:16-24, 133:22-134:12.) Neman Brothers could not have "contributed copyrightable expression" to such works, since they were created by someone other than Neman Brothers. Further, while in deposition he testified at length about Neman Brothers' modifying and registering subsequent versions of some third-party designs, he testified that such modified versions were marked with an "x" following the Neman Brothers' Identification number. (Id., Y. Neman Depo. 86:22-90:14.[2]) Neman Brothers used one "x" to indicate a first modified version, "x2" to identify a second version, "x3" identifying a third version, etc. (Id., Neman Depo. 87:5-88:24.) And if there was no "x" designation at the end of the identification number, it would be an original version, regardless of who created it. (Id., Neman Depo. 87:21-89:1.)

Thus, Mr. Neman's testimony establishes that the three group registrations at

---

[2] Mr. Neman testified in relevant part:
"Q Do you know how many others of the designs shown on this copyright registration were designs that Neman Brothers purchased?
　　A All of them.
Q Okay.
　　A I mean, I don't know but either we bought or we -- we did it through pull outs of the design that we buy.
Q All right.
　　A I know some of them are -- the one that says X, I think it's a version of the original design.
Q Ah. So if there's an X designation after the number, that would mean that it was a—a second version or a sixth version or whatever version the number might be following of a design that Neman Brothers had registered before?
　　A Right.
Q Okay. And some of them were purchased by Neman Brothers, is that correct?
　　A Yes.
Q And some of them were created by Neman Brothers itself, is that also correct?
　　A Yes.
Q All right. Now, I see the one that's circled in red at the bottom, NB161106, does not have an X after it?
　　A Right.
Q Does that indicate that that was an original style that was registered at that time?
　　A Yes."
(Nov. 1 Lee Decl. Ex. 1, Neman Depo. 87:21-89:1.)

-3-
REPLY ISO MOTION FOR SUMMARY JUDGMENT ON COPYRIGHT REGISTRATION INVALIDITY;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  issue included unmodified "original versions" of third-party fabric designs Neman
2  Brothers purchased. It did not "contribute copyrightable authorship" to those third
3  party works, as required by the regulations in effect when they were registered. And
4  they therefore should be held invalid.
5      For example, there are 12 "x" designated works out of a total of 16 individual
6  works identified on the first registration at issue, which Mr. Neman testified were
7  "all" third party works. (Id., Neman Depo. 87:21-24.)  That means that four third
8  party works in this registration were not later versions, but instead were original
9  versions created by third parties. Neman Brothers bases its copyright infringement
10 claims on one of those four "original" versions as described above, namely NB
11 Design 161106. (Id; Neman Depo. 88:20-89:1.) It was a third-party work authored
12 by a European design studio. (Id., Neman Depo. 66:12-68, 87:5-17.)  Thus, this
13 group registration included four third party works for which Neman Brothers did not
14 "contribute copyrightable expression" as required by the applicable group
15 registration, and it should be invalidated.
16     There are only three "x" designation works out a total of 108 individual works
17 identified in the second registration at issue, even though Mr. Neman testified that
18 this registration also included works Neman Brothers purchased. This establishes
19 that it, too, included "original version" third party works, and that Neman Brothers
20 did not "usually" modify such works when it included them in a registration. (Id.,
21 Neman Depo. 66:12-68:1, 114:7-116:15, 118:6-119:4 and Ex. 27 thereto.)
22     Finally, there are 43 "x' designation works out of 95 individual works
23 identified in the third registration at issue. The third individual work at issue in this
24 case is included in that third group registration and identified as NB Design 180228.
25 Mr. Neman admitted that it, too, was a third-party design created by a European
26 design studio, and it, too, was not a later "x" version. (Nov. 1 Lee Decl. Ex.1 and
27 Reply Lee Decl. Ex. 4, Neman Depo. 70:11-71:5, 129:3-130:1, 131:13-25 and Ex.
28

-4-

33 thereto.)[3]

Taken together, Mr. Neman's deposition testimony and these three group registrations establish that, consistent with Neman Brothers' usual practice in filing group registrations as described in his deposition, many works in those registrations were third party works for which Neman Brothers did not "contribute copyrightable authorship," making them ineligible for group registration under the regulations that governed them.

Second, to the extent the vague claim in Adrineh Mokhtarian's declaration that Neman Brothers "usually" made changes to third party works (Dkt. No. 71-2 ¶ 12) is somehow intended to dispute Yoel Neman's deposition admissions and the conclusive evidence in Neman Brothers' copyright registrations, it cannot do so. Any such an attempt would make her declaration a sham affidavit that cannot defeat summary judgment. *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F. 3d 1217, 1224 (9th Cir. 2005).

Third, Ms. Mokhtarian's declaration testimony does not dispute Y. Neman's deposition admissions on the merits. Testimony about what Neman Brothers "usually" did, without reference to the three copyright registrations at issue or what Neman Brothers did or did not do with regard to the individual works they identify, does not show that Neman Brothers "contributed copyrightable authorship to **each**" work in the three group registrations at issue, as the applicable group registration regulations require. 37 CFR 202.3(b)(4)(B)(4) (2010) (emphasis added).

Further, Ms. Mokhtarians' declaration does not provide a foundation to support an argument that "each" work in all three group registrations was modified by Neman Brothers. She most obviously does not declare that **all** Neman Brothers third party works were "modified" before registration. She does not declare that

---

[3] Pages 130 and 131 from Yoel Neman's deposition were not included in Exhibit 1 filed November 1, 2021, so InterFocus concurrently provides those with this reply as concurrent Lee Decl. Ex. 4.)

**each** third-party work in the three group registrations at issue was "modified" before registration. She literally says nothing to dispute Yoel Neman's deposition testimony that Neman Brothers included "original version" third party works in the three group registrations in violation of the applicable regulations.

Further, her declaration does not identify which of the works in the three group registrations at issue were originally authored by third parties. It does not explain why the two group registrations Mr. Neman testified included two "original version" third party works should be permitted when they did not comply with Neman Brothers' alleged "usual" actions. It does not claim that any third-party work that did not include the "x" designation was "modified" before the filing of the registrations. It does not explain what "modifications" Neman Brothers claims it made to the third party works it says were modified in the three group registrations, so the Copyright Office could determine whether Neman Brothers' "modifications" qualified as "contributed copyrightable expression" to each of them. Even if not barred by the sham affidavit rule cited above, absent such evidence there is no material factual dispute, and no reason to deny summary judgment on the copyright invalidity issue based on Mr. Neman's testimony and the group registrations at issue.

Having invoked the significant benefits of the group registration regulation, Neman Brothers must strictly comply with its requirements. "[C]ompliance with the applicable regulations should be strictly enforced[,]" *Palmer/Kane LLC v. Rosen Book Works LLC*, 204 F. Supp. 3d 565, 571 (S.D.N.Y. 2016), and this Court should strictly enforce the regulation against Neman Brothers' belated attempt to get its benefits without complying with its provisions. After input from the Copyright Office that it would have refused the registrations at issue if it had known they included works to which Neman Brothers did not contribute copyrightable expression, this Court should invalidate those registrations and grant summary judgment to InterFocus.

## IV. NEMAN BROTHERS' "WORK MADE FOR HIRE" ARGUMENTS CANNOT DEFEAT SUMMARY JUDGMENT.

Neman Brothers' argument that the present motion should be denied because InterFocus accurately quoted 17 U.S.C. §408(c)(2), which requires that another type of group registration be limited to "a group of works by the same individual author" (Opp. 5-7) is an irrelevant distraction that cannot defeat summary judgment. Summary judgment should not be denied because InterFocus accurately quoted the referenced statute. That statute demonstrates that Congress was concerned enough about limiting group registrations to common authorship groups that it mandated such for the group registration it described.

Further, Neman Brothers' lengthy discussion of "work made for hire" authorship is irrelevant to this motion because InterFocus has never disputed that Neman Brothers was the owner of the works its employees authored on a "work made for hire" basis. (Although Neman Brothers does improperly fail to identify them as "works made for hire" in the group registrations, as described in Neman Brothers' motion and herein.)

This Court should not be distracted by such irrelevancies. Neman Brothers' lengthy argument on an issue InterFocus has not disputed demonstrates that, unable to prevail on the merits, it prefers to talk about something else. Such arguments cannot defeat summary judgment.

## V. NEMAN BROTHERS' "NO WRITTEN ASSIGNMENT" ARGUMENT CANNOT DEFEAT SUMMARY JUDGMENT.

Neman Brothers' argument that this Court should not consider Neman Brothers' inability to produce a written assignment for one of the three works at issue in this case (Opp. 7-8), which InterFocus raised in a footnote, is another irrelevant distraction that cannot defeat summary judgment. The case law Neman Brothers cites at length only applies when undisputed evidence establishes that there is no dispute between potential copyright claimants as to ownership and both potential owners are parties to the lawsuit, or where those same parties retroactively

-7-

document the transfer as required by the Copyright Act. See, e.g., *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1157 (9th Cir. 2010) ("it would be unusual and unwarranted to permit third parties…to avoid a suit for infringement *when there is no dispute between the two potential owners, and both are plaintiffs to the lawsuit*")(emphasis added); *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1428-29 (9th Cir. 1996) (authorizing retroactive written transfer agreement where no dispute between the contracting parties as to earlier oral assignment).

Here, there is no evidence that the European design studio from whom Neman Brothers says it acquired that fabric design agrees that Neman Brothers owns it. That European design house is, self-evidently, not a plaintiff in this lawsuit. There is no retroactive written assignment from the design house to Neman Brothers. Thus, the cited authorities do not apply here on their own terms,

Further, Neman Brothers' arguments cannot affect the fundamental problem with its group registrations, which is its improper claim to authorship of third party works to which it did not contribute copyrightable expression. The cited decisions say nothing about group registrations, or when the Copyright Office would invalidate group registrations filed contrary to the requirements of those regulations, or anything at all about any copyright registrations. They are irrelevant to the disqualifying defects in the group registrations at issue, and they cannot defeat summary judgment for these reasons.

### VI. NEMAN BROTHERS' "SUPPLEMENTATION" ARGUMENTS CANNOT DEFEAT SUMMARY JUDGMENT.

Neman Brother's arguments that a few of the many apparently undisputed inaccuracies and omissions in its registrations only require "supplementation" rather than "invalidation" under the law applicable when it filed them (Opp. 9-11) cannot defeat summary judgment for several reasons.

First, Neman Brothers' argument has been refuted by the Ninth Circuit Court of Appeals, which expressly holds that knowing omissions and inaccuracies in

group registrations that the Copyright Office says would have caused it to refuse them invalidates the group registrations as a matter of law. *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 959 F.3d 1194, 1197 (9th Cir. 2020 (reversing and remanding judgment for plaintiff because the district court did not refer the copyright registration validity question to the Copyright Office in the first instance); *Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F. 3d 1140 (9th Cir. 2019) (affirming summary judgment for defendant on copyright infringement claim because the group registration at issue knowingly combined published and unpublished fabric designs in violation of Copyright Office's regulations for registration of unpublished collections.) Both of those decisions, like this case, involved group registrations obtained before the current 2019 group registration regulation. Id. Neman Brothers' citation to earlier authorities, many of which are from other circuits, involve only individual registrations, or do not involve registrations at all, cannot affect the above-described recent, binding, Ninth Circuit authority.

     Second, Neman Brothers seeks to "cherry pick" and discuss only a few specific defects in its registrations while ignoring the many other failures that doom its argument. It does not address Neman Brothers' fundamental and knowing failure to limit the group registrations to works in which it contributed copyrightable expression as described above. That error could not be fixed by "supplementation." Supplementing the group registrations to state that Neman Brothers did not contribute copyrightable expression to some of the works in them would only make clear that it never qualified for group registration in the first instance. None of the authorities Neman Brothers cites hold otherwise.

     Nor does Neman Brothers attempt to address how the totality of the intentional errors and omissions in its group registrations affect the validity of those registrations, or whether the Copyright Office would have refused the registrations if it had known accurate information concerning them. Those errors and omissions

include, for example:

    a) Neman Brothers' failures to include "the name and nationality or domicile of the author or authors" for each of the third-party created works as required by 17 U.S.C. § 409(2). Neman Brothers "supplementing" its registrations to provide that information would only make clearer that they included works to which it did not contribute copyrightable expression, which therefore would disqualify the group registration regulation as described above.

    b) Neman Brothers' failure to include "a brief statement of how the claimant obtained ownership of the copyright" of those third party works as required by by17 U.S.C. § 409(5), which also would have demonstrated that the group registrations included works to which Neman Brothers did not contribute copyrightable expression as required by applicable regulations.

Neman Brothers provides no authority on how the Copyright Office would react to registrations that violated the Copyright Act and relevant Copyright Office regulations in the many ways Neman Brothers' registrations did.

    Third, Neman Brothers' argument improperly asks this Court to decide an issue Congress and the Ninth Circuit have directed should first be determined by the Copyright Office as described in the moving papers and below. Thus, the Copyright Office, rather than this Court, should initially decide these issues.

    The accurate information the Copyright Office should initially evaluate to determine whether it would have refused the group registration are:

    a) Neman Brothers' inclusion in the registrations of works that were authored by third parties to which Neman Brothers contributed no copyrightable expression;

    b) Neman Brothers' intentional failures to identify all authors of all works in the group registrations, which would have revealed that it did not

    contribute copyrightable expression to some works;

c) Neman Brothers' failure to identify that it acquired some of the works in the registrations by assignment, which also would have revealed that it did not contribute copyrightable expression to the assigned works;

d) Neman Brothers' failure to describe the "work made for hire" status of only some of the included individual works, thereby again revealing that some of the works were not authored by Neman Brothers; and

e) Neman Brothers' failure to identify preexisting works, or provide a brief general statement of the new material it added to some works, so that the Copyright Office could have determined whether Neman Brothers contributed copyrightable expression to them.

  All of this information is required by 17 U.S.C. § 409, and missing from Neman Brothers' group registrations. The Copyright Office should decide whether accurate information on those subjects would have caused it to refuse these registrations. Neman Brothers' attempts to persuade this Court to decide these issues in the first instance is misplaced.

### VII. NEMAN BROTHERS' ARGUMENT THAT 17 U.S.C. § 411(b)(2) IS NOT "TRIGGERED" LACKS MERIT AND CANNOT DEFEAT SUMMARY JUDGMENT.

  Neman Brothers' final argument that its knowing inaccuracies in the group registrations at issue should not be sent to the Copyright Office for evaluation because the statute authorizing such actions is not "triggered" (Opp. 11-12) lacks merit for several reasons.

  First, the undisputed facts establish that 17 U.S.C. § 411(b)(2) **is** triggered under the plain language of the relevant statute and binding Ninth Circuit authority. The relevant statute states that "[i]n any case in which inaccurate information described under paragraph (1) is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. §

-11-

411(b)(2). That is precisely what happened here, and precisely why the Copyright Office should advise this Court on the issues raised as described above.

Second, as described in InterFocus' motion, the Ninth Circuit has instructed that the above statute is triggered "once a defendant alleges that (1) a plaintiff's certificate of registration contains inaccurate information; (2) 'the inaccurate information was included in the application for copyright registration'; and (3) the inaccurate information was included on the application 'with knowledge that it was inaccurate.'". *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 959 F.3d 1194, 1197 (9th Cir. 2020). InterFocus has presented undisputed evidence of those facts here. Thus, as instructed by the Ninth Circuit, this Court should submit a request to the Register of Copyrights "to advise the court whether the inaccurate information, if known, would have caused [it] to refuse registration." Id.

**VIII. CONCLUSION.**

The validity or invalidity of Neman Brothers' three copyright registrations at issue should be referred to the Copyright Office for a determination whether it would have refused those registrations if it had known the true facts, and following that determination, summary judgment should be granted in InterFocus' favor for all the reasons described above.

Dated:   November 22, 2021

RIMON, P.C.

By: /s/ Mark S. Lee
Mark S. Lee
Zheng Liu

Attorneys for Defendants and Counterclaim Plaintiffs
INTERFOCUS, INC. d.b.a.
www.patpat.com