CHAN YONG JEONG, ESQ. (SBN 255244)
jeong@jeonglikens.com
JEONG & LIKENS, L.C.
222 South Oxford Avenue
Los Angeles, CA 90004
Tel: 213-688-2001
Email: Jeong@jeonglikens.com

Attorneys for Counter-Defendant NEMAN BROTHERS & ASSOC., INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation;<br><br>Plaintiff/Counter-Defendant,<br><br>vs.<br><br>INTERFOCUS, INC., a California Corporation, et al.,<br>Defendant/Counter-Claimant | Case No.: 2:20-cv-11181-CAS-JPR<br><br>**DECLARATION OF CHAN YONG JEONG, ESQ.**<br><br>DATE: DECEMBER 6, 2021<br>TIME: 10 A.M. |

1
**DECLARATION OF CHAN YONG JEONG**

I, CHAN YONG JEONG, declare:

1. I am the attorney for Plaintiff/Cross-defendant Neman Brothers in this action. I was also the counsel for Neman Brothers in the prior case against Interfocus. ("Prior Case").

2. I am over 18 years of age and have personal knowledge of each fact stated in this declaration. If called upon to testify thereto as a witness, I can and will testify.

3. This declaration is submitted in support of Plaintiff's Motion for Summary Judgment, and in opposition to Interfocus Motion for summary judgment.

4. In this case, Interfocus never identified or disclosed any of Gongwei Xiao, Changguan Tao or Zijia Chen as its potential witnesses. Even as to Can Wang, the president of Interfocus, Interfocus refused to produce his deposition vigorously claiming that the Chinese law prohibits the production of a witness in China, even via zoom.

5. In addition to the continuing duty to disclose under FRCP rules 25 and 37, the defendant was required to disclose their identities and contact information to the extent known to them, especially because Neman requested the exact same information in its interrogatories. **DKT 42-44 (Ex. 42), Interrogatory No. 21 and 23**. Neman's RFAs asked for admissions as to the defendant's lack of any evidence as to the defendant's rights or authorization to use the subject design, existence of writings, independent creation, or preexisting prior art, all of which the defendant denied. Attached hereto as **Exhibit 51** is a true and correct copy of the defendant's responses to Neman's RFAs.

6. However, to this date, the defendant never produced any documents or witness information including Xiao, Tao, or Chen. Their declarations filed were the first and last time they mentioned them as purported witnesses. The defendant never gave their contact information either.

7. Interfocus did not provide any of the vender/supplier's personnel as potential witnesses, or even a single page of any transaction records showing the claims sale of the accused

fabrics or garments from any of Xinqi, Aibeibei or Yngfusi to Interfocus, The individuals' names were disclosed to Neman Brothers only in the form of their declarations filed on November 1, 2021[1], only nine days before the discovery cutoff on November 10, 2021. Even during the time of negotiating and jointly filing the stipulation on October 22, 2021 (DKT 62) as to the deposition of Le, as the final stage of the discovery, and even after the Court graciously granted the stipulated order (DKT 63) dated October 26, 2021 regarding adjusting the discovery schedule, Interfocus and its counsels deliberately and intentionally kept it SECRET while contacting them and drafting the declarations for them.

8. The declarants often times mention hearsays statements said by its suppliers or their representative or managers. For example, Tao stated "Xin Ran[2] told me it purchased the fabric from open fabric market in Guangdong, China." However, the defendant never disclosed the name Xin Ran, her company name, or contact information. In addition, Zijia Chen also failed to present any admissible statement. Chen also relays only a hearsay statement of the "representative"[3] of a fabric company in China with no name or contact information, stating "the company had been producing these fabrics below for some years, and at the latest, from 2019" which came after the subject designs. Chen Decl. ¶8. This unknown person, so-called the representative was never disclosed either.

9. In addition, the defendant falsely stated that as preventive measures, the defendant requires vendors to license its intellectual property to the defendant. But Le admitted there is no such thing. Attached hereto as **Exhibit 52** is excerpts from Le's deposition transcript.

10. Even as to Interfocus President Can Wang, who Weiwei Le admitted knew better than

---

[1] The Accused Garments were being sold in around September 2020, at which time, multiple months before this case even began, Interfocus reasonably could, and should, have known who the so-called managers/directors who had knowledges about the accused products.
[2] The defendant never disclosed the name Xin Ran, her company name, or contact information.
[3] This unknown person, so-called the representative was never disclosed either.

3
**DECLARATION OF CHAN YONG JEONG**

her about the vendors/suppliers as she only relays the correspondences and the records between Can Wang, the defendant's counsels and its vendor Yinfusi. **Exhibit 52** (75:1-11, 65:16-66:4). However, when Neman's counsel was asking for deposition of Wang, the defendant's counsel refused to produce him claiming the Chinese laws would not allow it as he lives in China. **Exhibit 59.**

11. In addition, while it is true that the defendant's counsels were in contact with the declarants, they did not produce the correspondences with them. **Exhibit 52** (75:1-11).

*Under penalty of perjury under the laws of the State of California, I declare that the foregoing is true and correct.*

Dated: November 22, 2021            Respectfully submitted,

*/s/Chan Yong Jeong*
Chan Yong Jeong, Esq.
Attorney for NEMAN BROTHERS & ASSOC., INC.