**EXHIBIT 50**

1 | Mark S. Lee (SBN 94103)
mark.lee@rimonlaw.com
2 | RIMON, P.C.
2029 Century Park East, Suite 400N
3 | Los Angeles, California 90067
Telephone: 213.375.3811
4 | Facsimile: 213.375.3811

5 | Zheng Liu (SBN 229311)
zheng.liu@rimonlaw.com
6 | RIMON, P.C.
800 Oak Grove Avenue, Suite 250
7 | Menlo Park, California 94025
Telephone: 650.461.4433
8 | Facsimile: 650.461.4433

9 | Attorneys for Defendants
INTERFOCUS, INC. d.b.a.
10 | www.patpat.com

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-11181-CAS-JPR<br><br>**DEFENDANT AND COUNTERCLAIM PLAINTIFF INTERFOCUS, INC. d.b.a. WWW.PATPAT.COM RESPONSES TO PLAINTIFF AND COUNTERCLAIM DEFENDANT'S REQUEST FOR ADMISSION** |
| INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive,<br><br>Counterclaim Plaintiffs<br><br>v.<br><br>NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Counterclaim Defendant. | |

DEFENDANT AND COUNTERCLAIM PLAINTIFF'S RESPONSES TO REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant and Counterclaim Plaintiff Interfocus, Inc. d.b.a. www.patpat.com ("Interfocus"), hereby responds to the Request for Admission ("Requests") propounded by Plaintiff and Counter-Defendant Neman Brothers & Assoc., Inc. ("Plaintiffs") as follows:

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

These General Objections are incorporated by reference into the response to each request.

1. INTERFOCUS objects to the Requests to the extent that they exceed the scope of discovery or any applicable court rule.

2. INTERFOCUS objects to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. If INTERFOCUS inadvertently produces any information falling within any applicable privilege, INTERFOCUS does not intend to waive the applicable privilege.

3. INTERFOCUS objects to the Requests to the extent that they seek information that is protected from disclosure by the rights of privacy.

4. INTERFOCUS objects to the Requests to the extent that they are vague, ambiguous, overbroad in scope, uncertain as to time, unduly burdensome, oppressive, or seek information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

5. INTERFOCUS objects to the Requests to the extent that they call for or contain a legal conclusion, opinion, legal argument, or factual or legal misrepresentation.

6. INTERFOCUS objects to the Requests to the extent they seek information that is publicly available and/or within Neman Brothers' possession, custody, or control and/or equally available to Neman Brothers.

7. INTERFOCUS objects to the Requests to the extent they seek the premature disclosure of expert testimony or information or purport to require

-2-

INTERFOCUS to disclose analyses, opinions, or theories that will be the subject of expert testimony.  INTERFOCUS' responses to the Requests are made without prejudice to INTERFOCUS' right during the further course of these proceedings, including at trial, to rely upon, refer to, or put into evidence additional expert information, testimony, or reports.

8. INTERFOCUS specifically objects to NEMAN BROTHERS' definition of the terms "YOU or YOUR" in that, as framed, it is excessively broad and encompasses persons or entities who are not parties to this litigation and/or whose information or documents are not relevant to the claims and defenses asserted in this action.

9. INTERFOCUS' investigation and discovery into the matters related to these requests is ongoing. Thus, although INTERFOCUS is providing its best and most accurate responses to this discovery, it cannot exclude the possibility that the current responses are incomplete, or even inaccurate. INTERFOCUS therefore reserves the right to supplement and amend its discovery responses if and when further, more complete or more accurate information becomes available.

10. INTERFOCUS objects to NEMAN BROTHERS' definitions to the extent they are vague, ambiguous or unintelligible.

**RESPONSES TO REQUEST FOR ADMISSIONS**

Subject to and without waiving any of its General Objections, INTERFOCUS responds more specifically to Plaintiff's Requests for Admission as follows:

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU have no evidence to show that YOU have had the right or authorization to use the SUBJECT DESIGN.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Denied.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU have no evidence to show that YOU have had a written agreement to use in any way the SUBJECT DESIGN.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Denied.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU have no evidence to show that YOU are entitled to ownership of the SUBJECT DESIGN.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

To the extent INTERFOCUS understands this request, admitted.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU have no evidence to show that any VENDOR independently created the design on the ACCUSED PRODUCT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Denied

**REQUEST FOR ADMISSION NO. 5:**

Admit that YOU have no evidence to show that YOU or YOUR employee independently created the design on the ACCUSED PRODUCT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Admitted.

**REQUEST FOR ADMISSION NO. 6:**

Admit that YOU have no evidence to show that YOUR contractor independently created the design on the ACCUSED PRODUCT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

INTERFOCUS objects to this request as vague and ambiguous as to the meaning of contractor. To the extent INTERFOCS understands this request, denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit that YOU have no evidence to establish that any PERSON other than

1  the Plaintiff created the SUBJECT DESIGN.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

3  Denied.

4  **REQUEST FOR ADMISSION NO. 8:**

5  Admit that YOU have made an indemnification claim against a Vendor for
6  the ACCUSED PRODUCT.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

8  Denied.

9  **REQUEST FOR ADMISSION NO. 9:**

10  Admit that YOU continued to sell ACCUSED PRODUCT following YOUR
11  receipt of Plaintiff's notice about the copyright disputes related to the ACCUSED
12  PRODUCT such as a cease and desist letter, a summons or a complaint.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

14  Denied.

15  **REQUEST FOR ADMISSION NO. 10:**

16  Admit that YOU or YOUR employee made the ACCUSED PATTERN after
17  seeing the SUBJECT DESIGN.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

19  To the extent INTERFOCUS understands this request, denied.

20  **REQUEST FOR ADMISSION NO. 11:**

21  Admit that YOU earned money in connection with the sale of the ACCUSED
22  PRODUCTS.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

24  Based on the spreadsheet, admitted] Admitted that InterFocus received a
25  small amount of money for a low volume of sales.

26  **INTERROGATORY NO. 12:**

27  Admit that YOU do not claim an ownership interest in any of the SUBJECT
28  DESIGN.

-4-
PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Admitted.

**INTERROGATORY NO. 13:**

Admit that YOU have no evidence to show that YOU had any license to use the SUBJECT DESIGN.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Denied.

**INTERROGATORY NO. 14:**

Admit that YOU have no evidence to deny that Plaintiff owns a copyright registration for the SUBJECT DESIGN.

**RESPONSE TO INTERROGATORY NO. 14:**

Denied.

**INTERROGATORY NO. 15:**

Admit that YOU have no evidence to deny that the SUBJECT DESIGN is not original.

**RESPONSE TO INTERROGATORY NO. 15:**

Denied.

**INTERROGATORY NO. 16:**

Admit that YOU spent no expense or cost at all in connection with the sale or purchase of the ACCUSED PRODUCTS.

**RESPONSE TO INTERROGATORY NO. 16:**

Denied.

**INTERROGATORY NO. 17:**

Admit that YOU purchased 20,000 units of the ACCUSED PRODUCT.

**RESPONSE TO INTERROGATORY NO. 17:**

Denied.

**INTERROGATORY NO. 18:**

Admit that YOU sold over 20,000 units of the ACCUSED PRODUCT.

**RESPONSE TO INTERROGATORY NO. 18:**

Denied.

**INTERROGATORY NO. 19:**

Admit that YOU placed to VENDORS orders for ACCUSED PRODUCT for more than 100 times.

**RESPONSE TO INTERROGATORY NO. 19:**

Denied.

**INTERROGATORY NO. 20:**

Admit that YOU received from VENDORS invoices to pay for the ACCUSED PRODUCT for more than 100 times.

**RESPONSE TO INTERROGATORY NO. 20:**

Denied.

**INTERROGATORY NO. 21:**

Admit that YOU received orders from YOUR customers for ACCUSED PRODUCT for more than 100 times.

**RESPONSE TO INTERROGATORY NO. 21:**

INTERFOCUS objects to this request as vague and ambiguous as to the meaning of orders. To the extent INTERFOCUS understands this request, denied.

**INTERROGATORY NO. 22:**

Admit that YOU sent invoices to YOUR customers for the ACCUSED PRODUCT for more than 100 times.

**RESPONSE TO INTERROGATORY NO. 22:**

INTERFOCUS objects to this request as vague and ambiguous as to the meaning of orders. To the extent INTERFOCUS understands this request, denied.

PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION

Dated: May 3, 2021

RIMON, P.C.

By: /s/ Mark S. Lee
Mark S. Lee
Zheng Liu

Attorneys for Defendants and Counterclaim Plaintiffs INTERFOCUS, INC. d.b.a. www.patpat.com

# PROOF OF SERVICE

I, Cheryl Lovdahl, am over the age of 18 and not a party to this action. My place of business is 800 Oak Grove Avenue, Suite 250, Menlo Park, CA 94025. On May 3, 2021, I served the following attached document(s):

1. **DEFENDANT AND COUNTERCLAIM PLAINTIFF INTERFOCUS, INC. d.b.a. WWW.PATPAT.COM RESPONSES TO PLAINTIFF AND COUNTERCLAIM DEFENDANT'S REQUEST FOR ADMISSION**

on the person(s) listed below in the following manner/s:

| | |
|---|---|
| ☒ | **BY UNITED STATES MAIL**. I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) below and placed the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing documents for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. |
| ☒ | **BY ELECTRONIC MAIL.** I sent the persons below copies of the documents via electronic mail at the email address(es) below. |

The following party was served the above-referenced document(s):

**Chan Yong Jeong, Esq. (SBN: 255244)**
**jeong@jeonglikens.com**
**JEONG & LIKENS, L.C.**
**222 South Oxford Avenue**
**Los Angeles, California 90004**
**Telephone: 213.688.2001**
**Facsimile: 213.315.5035**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: May 3, 2021                                       /s/ Cheryl Lovdahl
                                                                          Cheryl Lovdahl