**EXHIBIT 59**



Chan Yong (JAKE) Jeong <jeong@jeonglikens.com>

---

## Neman Brothers & Associates, Inc. v. Interfocus, Inc., Case No. 2:20-cv-11181-CAS-JPR

---

**Mark Lee** <mark.lee@rimonlaw.com>  Fri, Oct 1, 2021 at 2:42 PM
To: "Chan Yong (JAKE) Jeong" <jeong@jeonglikens.com>, Cheryl Lovdahl <cheryl.lovdahl@rimonlaw.com>
Cc: Zheng Liu <zheng.liu@rimonlaw.com>

Jake:

This responds to your several emails about the proposed depositions of Mr. Yoel Neman, Ms. WeiWei Le, who will be InterFocus' Rule 30(b)(6) deponent, and Mr. Can Wang.

**Yoel Neman**

Your request to have Mr. Neman's deposition conducted remotely is acceptable. We will circulate court reporter information before the scheduled deposition date to finalize arrangements.

**WeiWei Le (Rule 30(b)(6) Witness)**

It is unfortunate you did not take us up on any of the depositions dates we offered in August and September, as she now has very limited availability. Her father is now undergoing a series of "**medical procedures, including significant surgeries,**, including some in October and November that are not yet scheduled  Thus, we are offering her for remote deposition on October 26, November 9 or 16, 2021, but must advise you that there is a risk that a surgery will be scheduled on one of those days. If it is, the deposition will need to be postponed to another mutually convenient date.

**Can Wang**

I'm afraid we cannot accommodate your request to depose Mr. Can Wang, because attempting to do so would expose him, and us, to criminal prosecution in China.

As we advised you at the beginning of the case, Mr. Can Wang moved to China just before the US, China, and much of the world imposed Covid-19 related travel restrictions. Such restrictions still prevent his travel to the US for a deposition., See *Presidential Proclamation 9984 (China)*, https://trumpwhitehouse.archives.gov/presidential-actions/proclamation-suspension-entry-immigrants-nonimmigrants-persons-pose-risk-transmitting-2019-novel-coronavirus/; https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/covid-19-travel-restrictions-and-exceptions.html.

Mr. Can Wang also cannot be deposed in China, or remotely from China, under Chinese law.. "China does not permit attorneys to take depositions in China for use in foreign courts. Under its Declaration and Reservations to the Hague Evidence Convention and subsequent diplomatic communications, China has indicated that . . . participation in such activity could result in the arrest, detention, or deportation of the American attorneys and other participants." See China Judicial Assistance, U.S. Dept. of State, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html (emphasis in original); see also Jay K. Musoff, "International Discovery Regulations & U.S. Government Investigations," *Aspatore*, Sept. 2012, at 2 ("China does not permit American attorneys in China to take depositions for use in foreign courts."). Although taking depositions in China is theoretically possible, "in practice [the Chinese government] so severely restrict them that, for all practical purposes, . . . [they] are simply not going to happen." Craig Allely, "Successful Depositions in International Litigation," 37 No. 4 *Litigation* 12, 13 (2011). Although the People's Republic of China is a signatory to the Hague Evidence

Convention, covering discovery for international litigation, China has explicitly rejected Chapter II (except Art. 15), meaning that the taking of willing depositions is generally not permitted within the country. See Consular Affairs, U.S. Dept. of State, "Taking Voluntary Depositions of Willing Witnesses," 7 *Foreign Affair Manual* 920 (2013), available at https://fam.state.gov/fam/07fam/07fam0920.html.

These restrictions also prevent remote depositions of a witness from China, under both Chinese law and the Federal Rules of Civil Procedure.  Under Fed. R. Civ. Proc. 28(b), deposition may be taken in a foreign country  only as allowed by applicable treaty or convention and  the law of the place of examination.  Further, "under Fed. R. Civ. P. 30(b)(4), . . . [w]here a deposition is taken remotely, the Rule specifies that the deposition is deemed to be taken in the locality where the deponent gives the answers." See "Experience Not Logic," *Business and Law in China, Taking Depositions in China Part I* (Jan. 15, 2008); Craig Allely, "Successful Depositions in International Litigation," 37 No. 4 *Litigation* 12, 13 (2011). Since Mr. Can Wang's deposition cannot be taken in China, and since a remote deposition from China would be deemed taken in China under both Chinese law and the  rules of civil procedure as cited above, it cannot be taken remotely from China under Chinese and federal law.

In light of the above, Mr. Can Wang cannot travel to the US for deposition, and we cannot stipulate to his voluntary remote deposition from China because doing so would  expose Mr. Can Wang, the court reporter, and all of us to criminal prosecution in China. We have no objection should you wish to try to depose him pursuant to Hague Evidence Convention procedures, but must warn you that, practically speaking, your efforts to do so will not  likely be successful, and your chances of success will not be improved by our lack of objection.

We do not believe this will materially affect your ability to obtain evidence in this action, however, as we are agreeing to produce Rule 30(b)(6)  WeiWei Le witness as described above.

Please advise on which of the presently available days you would like to depose Ms. Le.

Sincerely,

Mark S. Lee

---

**Mark Lee** | Partner

RIMÔN LAW

+1 310-361-5776 | mark.lee@rimonlaw.com

2029 Century Park East, Suite 400N, Los Angeles, California 90067

www.rimonlaw.com | See Our International Offices | Read Our Insights

Follow us on **Twitter** | Connect on **LinkedIn** | Like us on **Facebook**

*This e-mail is sent by a law firm and contains information that may be confidential or privileged.  If you have received this communication in error, please reply to the sender (only) and then please delete this message from your inbox as well as any copies. Thank you.*

[Quoted text hidden]