CHAN YONG JEONG, ESQ. (SBN 255244)
  jeong@jeonglikens.com
JEONG & LIKENS, L.C.
222 South Oxford Avenue
Los Angeles, CA 90004
Tel: 213-688-2001
Email: Jeong@jeonglikens.com

Attorneys for NEMAN BROTHERS & ASSOC., INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation; <br><br> Plaintiff/Counter-Defendant, <br><br> vs. <br><br> INTERFOCUS, INC., a California Corporation, et al., <br> Defendant/Counter-Claimant | Case No.: 2:20-cv-11181-CAS-JPR <br><br> **PLAINTIFF'S SUPPLETMENTAL BRIEF** |

     As to the authors, the application form does not instruct the applicant that all of the authors or co-authors should be identified. Had Neman known it was required, there would have been no reason why it would not disclose it, especially because Neman would always want its registrations to be valid, as opposed to be subject to any unnecessary disputes about the validity. As discussed in the prior brief, the Office's Compendium in Section 1802.6(D) in both versions of 2014 and 2021 allows the claimant to freely supplement as to an error or omission involving the author(s) of the work. Compendium §1802.6(D) (3d ed. 2014 and 2021) (citing 37 C.F.R. § 201.5(b)(2)(ii)(A)). Therefore, the alleged failure to give the information about all of the authors is not the issue of invalidation, but merely an immaterial issue of supplementation. The Office's Compendium₃ states a supplementary registration can be used to correct an error or omission involving the author(s) of the work. Compendium §503.2 (3d ed. 2021) (citing 37 C.F.R. § 202.6(d)(3)(i)). If two or more authors created the work and some of the authors were not named, the names of the missing authors may be added to the registration record with a supplementary registration. Compendium §503.2 (3d ed. 2021).

     As to work for prior work a new design is modified from (not inspired from), the application form shows no inquiry about the prior work if the new designs is a derivative to be disclosed. As to NB170268, the prior works were used as inspirations because the design was literally a new design, as opposed to a derivative.

     As to the inquiry about the work for hire, Neman properly answered as the application asked whether it was "work for hire", by answering "yes", especially given the designs were either internally made or modified by Neman's designers. The application form was not clear as to each and every author should be disclosed, all of the prior arts should be disclosed, or there should be separate statement as to work for hire, if applicable. As discussed above, there is no dispute about the substantive proof showing Neman unlawfully used, or infringed upon, a third party's designs or elements. The above issues are at most a technical matter of disclosure, which can be readily

**PLAINTIFF'S SUPPLETMENTAL BRIEF**

supplemented. Therefore, the above should not be the reasons for invalidating the application.

The Office clearly stated its position that the error or omissions of the information about the author or derivative would be merely a matter of submitting a supplementation form. It is well established that immaterial, inadvertent errors in an application for copyright registration do not jeopardize the validity of the registration. *See Masquerade Novelty, Inc. v. Unique Indus., Inc.,* 912 F.2d 663, 667–68 & n. 5 (3d Cir.1990); *Harris v. Emus Records Corp.,* 734 F.2d 1329, 1335 (9th Cir.1984); 2 *Nimmer* § 7.20, at 7–201. In general, an error is immaterial if its discovery is not likely to have led the Copyright Office to refuse the application. *See Eckes,* 736 F.2d at 861–62.

Even if there were an issue of validity of the registration, especially based on the mere technical reasons, as opposed to the real substantive reasons, it is not, and should not, automatically be a reason to dismiss the entire action subjecting the copyright owners to the infringer's counterclaims and/or request for attorney fees, which is simply unjust and unfair and which unjustly benefits the copyright infringers by allowing them to play this technicality game when it is not really disputed the plaintiff is the owner and the defendant sold the illegal copies. The copyright owners should be allowed to re-submit a new application and amend the complaint.

Dated: November 15, 2021

Respectfully submitted by,

__/s/ Chan Yong Jeong_____
Chan Yong Jeong, Esq.
Counsel for Neman Brothers & Associates

- 3 -
**PLAINTIFF'S SUPPLETMENTAL BRIEF**