RIMON, P.C.
Mark Lee (SBN 94103)
mark.lee@rimonlaw.com
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone/Facsimile: 213.375.3811

RIMON, P.C.
Zheng Liu (SBN: 229311)
zheng.liu@rimonlaw.com
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
Telephone/Facsimile: 650.461.4433

Attorneys for Defendants
INTERFOCUS INC. d.b.a. www.patpat.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive.,<br><br>Defendants. | Case No. 2:20-cv-11181-CAS-JPRC<br><br>**POST-HEARING SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON COPYRIGHT INVALIDITY**<br><br>Date:  December 6, 2021<br>Time:  10:00 am<br>Courtroom:  8D<br><br>The Hon. Christina A. Snyder |
| INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, an individual, and DOES 1-10, inclusive,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Counterclaim Defendant. | |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff's copyright application documents confirm that it knowingly provided inaccurate authorship information to the Copyright Office to obtain the group registrations it alleges InterFocus infringed in this action. This Court therefore should ask the Copyright Office whether it would have refused those group registrations if it had known the true facts concerning them. If the Copyright Office says it would have refused them, this Court should rule that Neman Brothers' registrations are invalid as a matter of law and dismiss this action with prejudice for the reasons described in InterFocus' pending motion and below.

### II. PLAINTIFF'S COPYRIGHT APPLICATIONS CONTAIN THE SAME INACCURATE AUTHORSHIP INFORMATION AS THE COPYRIGHT REGISTRATIONS AT ISSUE.

This Court's Tentative Ruling ("TR") stated that "the Court is satisfied that the Neman Brothers registrations…contain inaccurate information" and that "Neman Brothers was aware, at the time of application, that listing itself as the only author for [each work in] …. the three [group] copyright registrations was inaccurate."  (TR dated December 3, 2021, pp. 24-25.)  However, because the Court was "unable to conclusively determine whether and to what extent inaccurate information was 'included on the application for copyright registration' for the [group] applications [at issue]," the Court ordered Neman Brothers "to produce the application materials associated with the copyright applications…" (TR at 25.) This Court subsequently ordered Neman Brothers to produce those application materials by December 20, 2021.  (Dkt. No. 78.)

The copyright application documentation Neman Brothers produced pursuant to this Court's order contains exactly the same inaccurate authorship information as the copyright registrations at issue, which is not surprising since they are essentially

the same document.[1]  All three applications identify "Neman Brothers and Associates" as the sole author of all the works in all three group registrations. See Neman Brothers' Ex. 50, Dkt. No. 80-1 p. 7 of 28; Neman Brothers' Ex. 52, Dkt. No. 80-1 p. 15 of 28; and Neman Brothers' Ex. 54, Dkt. No. 80-1 p. 24 of 28; see also the copyright registrations at Dkt. No. 66-2 Exs. 17, 27 and 33.) The applications claim this even though, as Yoel Neman admitted in deposition, he knew each group registration included many works Neman Brothers purchased from third parties, to which it therefore did not contribute copyrightable expression. (See Reply in Support of Motion for Summary Judgment, Dkt. Nos. 72 pp. 2-5, citing Y. Neman deposition admissions, and excerpts from the Declaration of Yoel Neman at Dkt. No. 66-2.) As this Court's TR correctly noted, those undisputed facts establish that "Neman Brothers was aware, at the time of application, that listing itself as the only author for…. the three copyright registrations was inaccurate."  TR p.25.

This establishes the three conditions the Ninth Circuit has held require this Court to submit a request to the Register of Copyrights, namely, that (1) Plaintiff's certificates of registration contain inaccurate information, as Yoel Neman admitted and this Court's tentative ruling correctly noted; (2) the inaccurate information was included on the applications for copyright registrations at issue, as the application documents Neman Brothers produced confirm; and (3) the inaccurate information

---

[1] Under copyright application procedures in effect in 2017 and 2018, and still in effect today with regard to paper copyright applications, applicants provide specific information concerning copyright authorship, ownership, etc. on a prescribed form and submit it to the Copyright Office with a deposit copy of the work and the filing fee. If approved by the Copyright Office after examination, that application becomes the registration, with the only Copyright Office additions being the copyright registration number and effective date of registration dates added to the upper right-hand corner of the first page, and certain "examined by," "checked by" and "correspondence" information included in the upper right-hand corner of the second page. That is why, for example,, Yoel Neman's signature is on the three registrations at issue, just as it was on the applications that led to those registrations. (See Neman Brothers' Amended Complaint, Dkt. No. 42-1 Exs. 2, 4 and 9.  See also, https://www.copyright.gov/forms/formva.pdf,, which shows the current instructions for completing VA copyright application form for paper applications, along with a blank form for that purpose.

was included on the application with knowledge that it was inaccurate, as Yoel Neman's deposition testimony admitted and as this Court noted in its TR quoted above. This Court therefore should submit a request to the Register of Copyrights to advise the Court whether the inaccurate information in the three applications at issue, if known to the Copyright Office, would have caused it to refuse the three group registrations at issue. See *Unicolors, Inc. v. H&M Hennes & Mauritz*, L.P., 959 F.3d 1194, 1197 (9th Cir. 2020); this Court's TR p. 23.

### III. NEMAN BROTHERS' REPEATED "SUPPLEMENTATION" ARGUMENT CANNOT DEFEAT SUMMARY JUDGMENT.

Neman Brother's re-argument that this Court should not refer the three group registrations at issue to the Copyright Office because it can "supplement" them (Supp. Brief 2-3) lacks merit for several reasons.

First, Neman Brothers' argument has been refuted by the Ninth Circuit Court of Appeals, which expressly holds that knowing inaccuracies in copyright applications require that the validity issue be referred to the Copyright Office as described above. *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 959 F.3d 1194, 1197 (9th Cir. 2020); *Gold Value International Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F. 3d 1140 (9th Cir. 2019).

Second, Neman Brothers' argument ignores its fundamental and knowing failure to limit its group registrations to works in which it contributed copyrightable expression. That error cannot not be fixed by "supplementation." Supplementing the group registrations to state that Neman Brothers did not contribute copyrightable expression to some of the works within them would only make even clearer that they never qualified for group registration.

Third, Neman Brothers' "supplementation" argument does not attempt to address how "supplementing" the group registrations could cure their errors, when doing so would also make their invalidity more obvious. For example:

a) The applications failed to include "the name and nationality or domicile of

-3-
POST-HEARING SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON COPYRIGHT INVALIDITY

the author or authors" for each of the third-party created works as required by 17 U.S.C. § 409(2). "Supplementing" its registrations to add that information would only make clearer that Neman Brothers included third party works for which it was not an author, which disqualifies it from the group registration as described above and in previous briefing.

b) The applications failed to include "a brief statement of how the claimant obtained ownership of the copyright" of the third party works within them as required by by17 U.S.C. § 409(5). "Supplementing" the registration to include such statements would also confirm that the group registrations included works to which Neman Brothers did not contribute copyrightable expression as required by applicable regulations.

Fourth, Neman Brothers' "supplementation" argument improperly asks this Court to decide an issue Congress and the Ninth Circuit have directed should first be determined by the Copyright Office as described above. Thus, the Copyright Office, rather than this Court, should initially decide these issues.

The accurate facts the Copyright Office should have been given in the applications to allow the Copyright Office to determine whether it would refuse the group registrations are:

a) Neman Brothers included in each group application works that were authored by third parties, to which Neman Brothers contributed no copyrightable expression;

b) Neman Brothers' intentional failed to identify all authors of all works in the group applications, which would have revealed that it did not contribute copyrightable expression to some works within them;

c) Neman Brothers failed to identify which works in the group applications it acquired by assignment, which also would have revealed that it did not contribute copyrightable expression to the assigned works;

d) Neman Brothers failed to describe the "work made for hire" status of only

some of the included individual works, thereby revealing that other works were not authored by Neman Brothers; and

e) Neman Brothers failed to identify preexisting works, or to provide a brief general statement of the new material it added to some works, so that the Copyright Office could determine whether Neman Brothers contributed copyrightable expression to them.

All of this information is required by the applicable group registration regulations and/or 17 U.S.C. § 409, and is missing from Neman Brothers' three group applications and registrations at issue.

## IV.  CONCLUSION.

Neman Brothers' three copyright registrations at issue should be referred to the Copyright Office for a determination whether it would have refused those registrations if it had known the true facts, and following that determination, summary judgment should be granted in InterFocus' favor for all the reasons described above.

RIMON, P.C.

Dated: December 30, 2021

By: /s/ Mark S. Lee
Mark S. Lee
Zheng Liu

Attorneys for Defendants and Counterclaim Plaintiffs
INTERFOCUS, INC. d.b.a. www.patpat.com