UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| D. Rojas | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

N/A                                                                          N/A

**Proceedings:**     INTERFOCUS' MOTION FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT (DKT. 35, FILED ON JULY 13, 2021)

NEMAN BROTHERS' MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION (DKT. 41, FILED ON JULY 26, 2021)

INTERFOCUS' MOTION FOR SUMMARY JUDGMENT AS TO COPYRIGHT VALIDITY ISSUE (DKT. 68, FILED ON NOVEMBER 4, 2021)

## I.    INTRODUCTION

### A.    Neman Brothers Initiates This Action

Plaintiff Neman Brothers & Associates, Inc. ("Neman Brothers") filed this action on December 9, 2020, against defendants InterFocus, Inc. ("Interfocus") and Does 1-10. Dkt. 1 ("Compl."). Neman Brothers' initial complaint asserted claims for: (1) copyright infringement, against all defendants; (2) vicarious copyright infringement, against all defendants; and (3) contributory copyright infringement, against all defendants. Id. In the complaint, Neman Brothers alleges that garments sold on patpat.com, a website owned and operated by Interfocus, infringed upon two of plaintiff's copyrights: NB170268 ("Subject Design 1") and NB161106 ("Subject Design 2"). Id. ¶¶ 10-20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

Neman Brothers' initial complaint also alleges that Interfocus previously infringed upon Subject Designs 1-2. Id. ¶ 16.

### B.   Neman Brothers' First Amended Complaint

Neman Brothers filed the operative first amended complaint on January 5, 2021. Dkt. 2 ("FAC"). The FAC names Can Wang, an individual who allegedly served as one of Interfocus' principals during the relevant time period, as an additional defendant. Id. ¶ 6. As with the initial complaint, the FAC asserts claims for: (1) copyright infringement, against all defendants; (2) vicarious copyright infringement, against all defendants; and (3) contributory copyright infringement, against all defendants. Id. ¶¶ 28-45. In addition to the allegations related to Subject Designs 1-2, the FAC alleges that defendants infringed upon a third copyright: NB180228x2 ("Subject Design 3"). Id. ¶ 25.

### C.   Interfocus' Counterclaim

On February 19, 2021, Interfocus filed a counterclaim against Neman Brothers for breach of contract. Dkt. 18 ("Countercl."). Interfocus' counterclaim alleges that Neman Brothers breached a confidential settlement agreement ("Previous Settlement Agreement" or "PSA") by filing and pursuing this action. Id. ¶ 12. Specifically, Interfocus alleges that the copyright infringement claims that are the subject of this dispute were released by the PSA, that Interfocus properly removed the allegedly infringing garments from its platform within seven days as provided by the PSA's "notice-and-cure" provision, and that Neman Brothers seeks to recover for the alleged infringement of Subject Design 3 despite failing to send the contractually required notice to Interfocus. Id.

### D.   The Parties' Cross-Motions for Summary Judgment

On July 13, 2021, Interfocus filed a motion for summary judgment on Neman Brothers' copyright claims and for partial summary judgment on its breach of contract counterclaim. Dkt. 35 ("IF Mot.").[1] Interfocus also filed a statement of uncontroverted facts and conclusions of law. Dkt. 36 ("IF SUF"). On July 26, 2021, Neman Brothers

---

[1] On July 13, 2021, Interfocus also moved to file the PSA under seal. Dkt. 34. On July 14, 2021, the Court granted Interfocus' motion and ordered Interfocus to file the PSA under seal. Dkt. 38.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

filed an opposition (Dkt. 43 ("IF Opp.")) and statement of genuine disputed facts (Dkt. 43-1 ("IF GDF")).  Interfocus filed a reply on August 9, 2021.  Dkt 50 ("IF Reply").

On July 26, 2021, Neman Brothers filed a motion for summary judgment or summary adjudication on its copyright claims.  Dkt. 41 ("NB Mot.").  Neman Brothers also filed a statement of uncontroverted facts and conclusions of law.  Dkt 41-1 ("NB SUF").  On August 2, 2021, Interfocus filed an opposition (Dkt. 46 ("NB Opp.")) and statement of genuine disputed facts (Dkt. 47 ("NB GDF")).  On August 9, 2021, Neman Brothers filed a reply (Dkt. 49 ("NB Reply")) and a response to Interfocus' statement of genuine disputed facts (Dkt. 49-1 ("NB RDF")).

On August 23, 2021, the Court held a hearing and provided its tentative order on the parties' cross-motions for summary judgment.  Dkt. 58.  The Court continued the hearing on the parties' cross-motions for summary judgment to November 22, 2021, after granting Interfocus' Federal Rule of Civil Procedure 56(d) request for further investigation and discovery.[2]  Id.  Thereafter, pursuant to a stipulation between the parties, the Court continued the hearing on the parties' cross-motions for summary judgment to December 6, 2021.  Dkt. 63.

On November 1, 2021 Interfocus filed a supplemental brief in further support of its motion for summary judgment and its opposition to Neman Brothers' motion for summary judgment.  Dkt. 66 ("IF Supp.").  On November 4, 2021, Interfocus moved for summary judgment on all of Neman Brothers' claims on the grounds that the copyright

---

[2] In granting Interfocus' Rule 56(d) request for additional discovery, the Court found that Interfocus satisfied Rule 56(d)'s requirements, namely that the Rule 56(d) movant show "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion."  State of Cal. v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).  More specifically, the Court found that Interfocus had faced challenges in its attempts to conduct third-party discovery in China and gather evidence relevant to whether Subject Designs 1-3 are original and whether its third-party vendors purchased Garments 1-3 from Neman Brothers' authorized vendors in China, that those facts are essential to Interfocus' ability to oppose summary judgment, and that there is some basis for believing that the information sought by Interfocus actually exists.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

registrations on which it bases it claims are invalid as a matter of law.[3] Dkt. 68 ("IF Mot. No. 2"). Interfocus also filed a statement of uncontroverted facts and conclusions of law in support of its November 4, 2021 motion for summary judgment. Dkt. 69 ("IF SUF No. 2").

On November 16, 2021, Neman Brothers filed an opposition to Interfocus' second motion for summary judgment. Dkt. 71 ("IF Opp. No. 2"). Neman Brothers also filed a statement of controverted facts and conclusions of law in opposition to Interfocus' second motion for summary judgment. Dkt. 71-3 ("IF GDF No. 2"). On November 22, 2021, Interfocus submitted a reply in support of its second motion for summary judgment. ("IF Reply No. 2").

On November 22, 2021, Neman Brothers filed its supplemental brief in further support of its motion for summary judgment and its opposition to Interfocus' motion for summary judgment. Dkt. 73 ("NB Supp.").

The Court held a hearing on December 6, 2021. Following the hearing, the Court issued a tentative order in which it reserved judgment on the parties' cross-motions for summary judgment and required Neman Brothers to submit the relevant copyright application materials to the Court so that it could determine whether it must issue a request to the Register of Copyrights to advise the Court whether knowledge of the third-party authorship of works included in Neman Brothers' relevant group copyright applications would have caused the register to refuse registration. Dkt. 79. On December 21, 2021, Neman Brothers submitted its supplemental brief on the copyright validity issue, and the copyright application materials at issue. Dkt. 80 ("NB Validity Supp."). On December 30, 2021, Interfocus submitted its reply brief on the copyright validity issue. Dkt. 81. ("IF Validity Supp.").

---

[3] Interfocus' arguments in its November 4, 2021 motion for summary judgment are identical to those submitted in its November 1, 2021 supplemental brief. See IF MSJ No. 2 at 5-10; IF Supp. at 5-10. Interfocus apparently submitted the November 4, 2021 motion for summary judgment in response to Neman Brothers' procedural concerns regarding the new affirmative arguments Interfocus raises in its supplemental brief. See IF MSJ No. 2 at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
| --- | --- | --- | --- |
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

Unless otherwise noted, the Court references only facts that are uncontroverted and to which evidentiary objections, if any, have been overruled.[4]

### A.    Neman Brothers and Interfocus

Neman Brothers is a California corporation based in Los Angeles. Dkt. 42-1 (Declaration of Yoel Neman ("Neman Decl.")) ¶ 4. Neman Brothers designs and sells fabrics to garment manufacturers who in turn sell manufactured garments to retail businesses. Id. ¶ 4-6. These two-dimensional designs are either created internally or purchased from design studios; the designs are then used on Neman Brothers' textiles and fabrics. Id. ¶¶ 6, 8. Neman Brothers registers certain artworks for copyright protection with the U.S. Copyright Office before introducing them to the market. Id. ¶ 7.

Interfocus is a Delaware corporation with its principal place of business in Mountain View, California. Countercl. ¶ 3. InterFocus sells garments to U.S. consumers exclusively through its website at https://us.patpat.com, but it does not manufacture the

---

[4] Neman Brothers submitted evidence of the parties' settlement discussions. See Dkt. 42-2 ("Jeong Decl.") ¶¶ 10-21, 28-31, Exs. 31-37. Pursuant to Federal Rule of Evidence 408, the Court will not consider this evidence. See Millenkamp v. Davisco Foods Int'l, Inc., 562 F.3d 971, 980 (9th Cir. 2009) ("Rule 408 bars the admission of settlement negotiations offered to prove liability."). Otherwise, the parties assert numerous other evidentiary objections to each other's evidence, including that it is irrelevant, that it is hearsay, or that documents have not been authenticated. "In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." Capitol Records, LLC v. BlueBeat, Inc., 765 F. Supp. 2d 1198, 1200 (C.D. Cal. 2010). This is especially true where, as here, many of the objections are "boilerplate" and made without analysis or argument. Id.   To the extent that the Court relies on objected-to evidence, it has considered and **OVERRULED** plaintiff's evidentiary objections. Evidence not considered by the Court is not addressed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

goods it sells, all of which come from other companies, including suppliers located in China.  Dkt. 35-1 (Declaration of WeiWei Le ("Le Decl.")) ¶ 2.

**B.     The Designs at Issue**

Neman Brothers claims center around three separate two-dimensional designs. Subject Design 1 (NB161106) was registered with the United States Copyright Office on January 13, 2017, as part of Registration VAu-1-304-334.  Neman Decl. ¶ 11, Exs. 1-2. Subject Design 2 (NB170268) was registered with the United States Copyright Office on March 3, 2017, as part of Registration VAu-1-317-742.  Id. ¶ 12, Exs. 3-4.  Subject Design 3 (NB180228x2) was registered with the United States Copyright Office on April 30, 2018, as part of Registration VAu-1-330-970.  Id. ¶ 13, Exs. 5-6.

*Subject Design 1:*



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

*Subject Design 2:*



*Subject Design 3:*



The group copyright registrations for Subject Designs 1-3 each state that Neman Brothers is the sole author of the designs, that the copyrights are for "2-D artwork[s]," and that Subject Designs 1-3 are works "made for hire." Neman Decl., Exs. 2, 4, 6. Each

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|----------|------------------------|------|------------------|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

year, Neman Brothers creates hundreds of fabric designs, and Subject Designs 1-3 were each registered for copyright as part of group copyright registrations consisting of at least 16 designs, and, in one case, over a hundred designs.  Id.; Dkt. 66-2 (Deposition of Yoel Neman ("Neman Depo.") at 26:1-3).  Every month, Neman Brothers files a group copyright registration including several fabric designs.  See Neman Depo at 26:12-19.  In the copyright registrations for Subject Designs 1-3, the Copyright Office noted that that basis for registration was "unpublished collection."  Neman Decl., Exs. 2, 4, 6.  Each of the copyright registrations was certified by Yoel Neman, who stated in his declaration that he is the president of Neman Brothers.  Id. ¶ 2, Exs. 2, 4, 6.  Following the Court's December 6, 2021, order, Neman Brothers provided the application materials associated with VAu-1-304-334 (Subject Design 1), VAu-1-317-742 (Subject Design 2), and VAu-1-330-970 (Subject Design 3).  Dkt. 80-1 (Second Declaration of Neman Brothers' designer Adrineh Mokhtarians).  Each of those applications identifies Neman Brothers as the sole author associated with the several works included in the group copyright registrations.  Id., Exs. 50, 52, 54.

Subject Design 1 was authored by a European design studio and then purchased by Neman Brothers prior to its registration as a copyright.  See Neman Depo at 66:6-67:19.  Neman Brothers is not currently in possession of the invoice reflecting the purchase of Subject Design 1, because it was "misplaced."  Id. at 71:2-4.  At deposition, Yoel Neman could not recall whether Subject Design 2 was purchased from a third-party design studio.  Id. at 114:24-115:2.  Subject Design 3 was purchased from a third-party design studio, Mustic, and subsequently assigned to Neman Brothers.  Id. at 122:15-123:11.  Neman Brothers' records reflected whether the Subject Designs 1-3 were purchased from a third-party at the time Subject Designs 1-3 were registered for copyright.  Id. at 115:8-17.  However, the group copyright registrations for Subject Designs 1-3 do not contain any information regarding their third-party authors, or regarding how Neman Brothers obtained ownership of the copyright.  Neman Decl., Exs. 2, 4, 6.

Neman Brothers' textile designer, Adrineh Mokhtarians, stated in a declaration that she created or modified Subject Designs 1-2 by referring to other designs.  Dkt. 71-2 (Declaration of Neman Brothers' designer Adrineh Mokhtarians) ¶¶ 10-14.  With respect to Subject Design 1, Mokhtarians stated that she modified the design purchased from the European design studio, Francesco.  Id.  With respect to Subject Design 2, she used other designs, whose origin is unclear, as inspiration.  Id.  Mokhtarians did not address the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

creation of Subject Design 3, but stated generally that Neman Brothers "usually modifie[s] the designs from design studios to make [them] better and more cost-efficient for mass[] production" and to "fit better to the concepts [Neman Brothers is] pursuing in [] certain seasons." Id.

After registering new designs, Neman Brothers provides its customers with design samples in multiple forms: a swatch (a small piece of fabric), a hanger (a fabric sample with headers), and a CAD (a piece of paper with the design printed on it). NB SUF No. 12; Neman Decl. ¶ 14, Exs. 7, 9, 11. Neman Brothers' customers include garment manufacturers, wholesalers, and/or importers that are located in or use vendors that are located in Los Angeles, Shenzhen, Foshan, Guangzhou, and Shaoxing. Neman Decl. ¶ 14. Neman Brothers' sales records suggest that Neman Brothers has sold tens of thousands of yards of fabric featuring Subject Designs 1-3. Neman Decl. ¶¶ 16, 18, 20, Exs. 8, 10, 12.

### C.     The Previous Litigation and Settlement

On November 26, 2019, Neman Brothers filed suit against Interfocus for copyright infringement (the "Previous Action"). Interfocus SUF No. 3; Neman Brothers & Assoc., Inc. v. Interfocus, Inc., Case No. 2:19-cv-10112-JAK-AGR (C.D. Cal. 2019). In the Previous Action, Neman Brothers alleged that a floral maternity dress ("Prior Garment 1") infringed on Neman Brothers' copyright in Subject Design 1 and that a baby floral shirt and dress ("Prior Garment 2") infringed upon Neman Brothers' copyright in Subject Design 2. See Neman Decl. ¶¶ 21-22, Exs. 13-14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

*Prior Garment 1:*



*Prior Garment 2:*

 

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

The case was resolved by settlement; the parties executed the PSA on March 23, 2020.  See Dkt. 39 (PSA (under seal)).  Plaintiff agreed to dismiss the Previous Action with prejudice and received the Total Settlement Amount[5] of $15,000.  Id. ¶¶ 3-4.

The provisions of the PSA relevant to the cross-motions for summary judgment now before the Court state, in part, that:

- "For any future intellectual property infringement allegation, including but not limited to, any copyright infringement allegation, [Neman Brothers] agrees to give [Interfocus] Adequate Notification in writing of such infringement allegation, and allows [Interfocus] seven (7) business days from receiving an Adequate Notification of an infringement to cure the infringement by removing the allegedly infringed products and/or designs from its platform." Id. ¶ 5 (the "Notice-and-Cure Provision").

- "An Adequate Notification of an alleged infringement shall [] include reasonably specific information regarding the alleged infringement to allow [Interfocus] to cure the infringement, to the extent reasonably available, by identifying the infringing products or designs on [Interfocus'] website(s) or platform(s), including (i) images of alleged infringing products or designs, and (ii) hyperlinks to the alleged infringing products or designs on [Interfocus'] website(s) and/or social media platform(s)." Id.

- "[Neman Brothers] agrees that it will not file a lawsuit or lodge a complaint against [Interfocus] for an alleged infringement before the expiration of thirty (30) days after giving [Interfocus] Adequate Notice of the alleged infringement to allow Parties time to resolve the dispute amicably." Id.

- "The Parties agree to make good faith efforts to settle all future disputes (if any). For instance, the Parties optionally may enter into commercially feasible transactions, such as a license agreement for the sale of the garments bearing [Neman Brothers'] designs by InterFocus through www.patpat.com

[5] Capitalized terms used herein and not otherwise defined are defined as set forth in the PSA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

as an online retailer to its individual customers and/or to settle all the Parties' future disputes (if any). If the Parties decide to enter into such an agreement, they will execute a separate written agreement to memorialize the specifics." Id. ¶ 6.

- "The Parties . . . hereby release and discharge each other . . . of and from any and all debts, demands, actions, causes of action, contracts, claims, suits, damages and liabilities of any kind whatsoever, in law or in equity, whether known or unknown, anticipated or unanticipated, and whether accrued or hereafter to accrue that they now have, may have, or could have from the beginning of time to the date of this Release against each other in connection with, arising out of or based in whole or in part on any action or omission of action or any facts or circumstances occurring or existing on or prior to the date hereof relating to the Action." Id. ¶ 7.

Following the execution of the PSA, Neman Brothers dismissed the Previous Action with prejudice. IF SUF No. 9. Interfocus' director of operations, Weiwei Le, thereafter instructed his product team to avoid putting items similar to those included in the previous litigation on Interfocus' website, but did not implement any other changes to Interfocus' operations intended to avoid future copyright infringement lawsuits. See Dkt. 75-3 (Deposition of WeiWei Le) at 85:16-86:22.

**D.    The Allegedly Infringing Garments**

On September 4, 2020, Interfocus' website (patpat.com) was displaying for sale red and navy versions of a maternity dress ("Garment 1") that allegedly infringes upon Subject Design 1.[6]  Neman Decl. ¶ 24, Exs. 15, 17.  Neman Brothers alleges that Prior

---

[6] Interfocus objected to the authenticity of the printed webpages.  See Dkt. 48, Exs. 13-22.  However, "courts have considered website print-outs sufficiently authenticated where the proponent declared that they were true and correct copies of pages on the internet and the print-outs included their webpage URL address and the dates printed." Haines v. Home Depot U.S.A., Inc., No. 1:10–cv–01763–SKO, 2012 WL 1143648, at *7 (E.D. Cal. Apr. 4, 2012).  Here, Mr. Neman stated that the webpage printouts were "screenshots" of the Interfocus website displaying pictures of the allegedly infringing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

Garment 1 contains the same two-dimensional design as Garment 1. <u>See id.</u>, Ex. 13. Similarly, on September 4, 2020, a floral print toddler dress ("Garment 2") was available for sale on patpat.com that allegedly infringes upon Subject Design 2. <u>Id.</u> Ex. 19. Neman Brothers alleges that Prior Garment 2 contains the same two-dimensional design as Garment 2. <u>See id.</u> Ex. 14. The care tags of Prior Garments 1-2 and Garments 1-2 contained different Stock Keeping Unit ("SKU") numbers, which means that the Garments at issue in this litigation (i.e., Garments 1-2) were not part of same production batches as Prior Garments 1-2. NB SUF Nos. 27, 29, 38. Finally, on October 1, 2020, a floral green nursing dress ("Garment 3") was available on patpat.com that allegedly infringes upon Subject Design 3. <u>Id.</u>, Ex. 21.

*Garment 1*:



garments. <u>See</u> Neman Decl. ¶¶ 24, 26, 28. Courts also consider the "distinctive characteristics" of a website in making a finding of authenticity. <u>Premier Nutrition, Inc. v. Organic Food Bar, Inc.</u>, No. SACV 06–0827 AG (RNBx), 2008 WL 1913163, at *6 (C.D. Cal. Mar. 27, 2008), aff'd, 327 F. App'x 723 (9th Cir. 2009). The screenshots here contain the patpat.com URL, distinctive corporate imagery, and the dates printed. The Court thus finds that the authentication requirement is met for Exhibits 13, 14, 15, 17, 19, and 21 to the Neman Declaration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|----------|------------------------|------|------------------|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

*Garment 2:*



*Garment 3:*



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

Interfocus submitted declarations from its suppliers regarding the origin of Garments 1 and 2.[7]  Garment 1 was supplied to Interfocus by Guangzhou Xinqi Yijian Garment Co. Ltd. ("Xinqi").  Dkt. 66-8 (Declaration of Xinqi Manager Gongwei Xiao).  Xinqi sourced the fabric to make this garment from HengZhou Fabric Company in Hengzhou, Guangxi, China.  Id.  Garment 2 was supplied to Interfocus by Foshan Chancheng District Aibeibei Garment Factory ("Aibeibei").  Dkt. 66-6 (Declaration of Aibeibei General Manager Changquan Tao).  Aibeibei purchased the fabric used to make Garment 2 from XinRan Textile Company in China.  Id.  According to the declaration of the Director of Sourcing for Shenzhen Yinfusi Co. Ltd., a supplier and sourcing company for Interfocus, Subject Designs 1-3 "are widely available in China," including at the fabric market in Guangzhou, Guangdong, China.  Dkt. 66-13 (Declaration of Zijia Chen, Director of Sourcing for Shenzhen Yinfusi Co. Ltd.)

### E.   Notice and Removal of the Allegedly Infringing Garments

On September 15, 2020, Neman Brothers sent a letter to Interfocus stating that Interfocus' website, patpat.com, was offering for sale garments that allegedly infringed upon Neman Brothers' copyrights in Subject Designs 1 and 2. Dkt 35-5 (the "September 15, 2020 Letter").  Neman Brothers' September 15, 2020 Letter also noted that "[i]n the present case, Interfocus was put on clear notice[] as to [Neman Brothers'] designs and

---

[7] Neman Brothers argues that Interfocus violated FRCP Rule 26 by failing to disclose the identities of declarants Gongwei Xiao, Zijia Chen, and Changguan Tao prior to the filing of their declarations.  NB Supp. at 4.  The Court declines to reach the question of whether the strike these declaration in their entirety because, in any event, the key evidence associated with these declarations is inadmissible hearsay.  Specifically, to the extent the declarations of Gongwei Xiao and Changguan Tao state that Xinqi and Aibeibei were told by their fabric suppliers that they purchased the fabrics used to create Garments 1 and 2 at open markets in Guangdong, China, the Court **SUSTAINS** Neman Brothers' evidentiary objections to these statements, because they are inadmissible hearsay, and will not consider them.  See Fed. R. Evid. 801(c); see also Hovland v. Gardella, No. CV 06-50-M-DWM-JCL, 2008 WL 11347934, at *2 (D. Mont. May 15, 2008) ("If a proper objection is raised with respect to inadmissible evidence presented in summary judgment proceedings, then a court may strike the evidence.") (citing Federal Deposit Ins. Corp. v. New Hampshire Ins. Co., 953 F.2d 478, 484-85 (9th Cir. 1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

copyrights because the two Subject Designs in this case were also litigated in the prior case." Id. In any event, Neman Brothers provided proper notice with respect to Subject Designs 1 and 2, and Interfocus removed the allegedly infringing garments within seven business days of receiving the September 15, 2020 Letter. IF SUF Nos. 10, 13-14. The parties then engaged in unsuccessful settlement discussions. Le Decl. ¶ 15. With the parties unable to settle, Neman Brothers filed its initial complaint on December 9, 2020. Dkt. 1.

On January 5, 2021, Neman Brothers filed the FAC, which amended the initial complaint by, inter alia, adding a copyright infringement claim related to Subject Design 3. FAC ¶ 25. Neman Brothers did not provide Interfocus with written notice of this additional alleged infringement prior to filing the FAC. IF SUF No. 18. Nonetheless, Interfocus removed the new allegedly infringing garment from its platform within seven days. Id. No 19.

## III.  LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out "specific facts showing a genuine issue for trial" in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|----------|------------------------|------|------------------|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. DISCUSSION

### A. Interfocus' Motion

Interfocus moves for summary judgment on Neman Brothers' copyright infringement claims, claiming they are precluded by the PSA. IF Mot. at 5. Interfocus also moves for partial summary judgment on its breach of contract claim on this same basis. Id. Moreover, in its supplemental brief and second motion for summary judgment, Interfocus argues that Neman Brothers' three copyright registrations are invalid as a matter of law. IF Supp. at 5-10.

The Court addresses each of Interfocus' contentions in turn.

#### 1. The PSA's Effect on Neman Brothers' Copyright Claims

Interfocus argues the Court should grant summary judgment on Neman Brothers' copyright infringement claims because "all of the alleged infringements in Neman Brothers' [FAC] have been contractually released, were cured pursuant to the 'notice and cure' provisions of the PSA, and/or were filed without required notice in breach of the PSA." IF Mot. at 11.

The notice and cure provision in the PSA states that:

"For any future intellectual property infringement allegation, including but not limited to, any copyright infringement allegation, [Neman Brothers] agrees to give [Interfocus] Adequate Notification in writing of such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

infringement allegation, and allows [Interfocus] seven (7) business days from receiving an Adequate Notification of an infringement to cure the infringement by removing the allegedly infringed products and/or designs from its platform." PSA ¶ 5.

It is undisputed that Interfocus removed Garments 1 and 2 from its platform with seven days of receiving notice, as required by Section 5 of the PSA. IF SUF Nos. 13-14. Interfocus also removed Garment 3 from its platform less than seven days after Neman Brothers filed the FAC. Id. No. 19. Interfocus contends that its cure of these alleged infringements within seven days "contractually bars Neman Brothers from pursuing them in this action pursuant to the plain language of the PSA as a matter of law."[8] IF Mot. at 15. Interfocus points to case law that generally stands for the proposition that "[c]uring a default means returning to pre-default conditions, such that any consequence of the default are nullified." Id. (citing In re New Investments, Inc., 840 F. 3d 1137, 1143 (9th Cir. 2016) (internal citations and quotation marks omitted)).

In opposition, Neman Brothers contends that the PSA's Notice-and-Cure Provision does not release Interfocus from all potential liability for infringement even if Interfocus removes an allegedly infringing garment from its platform. IF Opp. at 5; 7-8. In support of its position, Neman Brothers cites paragraph 5 of the PSA, which states that "[Neman

---

[8] Interfocus also argues that "[t]he undisputed facts are that Interfocus engaged in no allegedly infringing activities" involving the copyrights covered by the PSA "since entering into the PSA." IF Mot. at 12-13. However, Neman Brothers has submitted evidence that raises a triable issue of fact regarding whether Interfocus engaged in infringing activity regarding those same copyrights (i.e., Subject Designs 1 and 2) after entering the PSA. See Neman Decl. ¶ 24, Exs. 15, 17, 19. Along the same lines, at oral argument on August 23, 2021, Interfocus suggested Exhibit 6 to the FAC represents an attempt by Neman Brothers to recover for alleged infringements that occurred prior to the execution of the PSA. See PSA ¶ 7. However, the Court reads the references to Exhibit 6 and Exhibit 7 in the FAC as an attempt to show willful infringement. See FAC ¶ 21. To the extent Neman Brothers seeks to recover for allegedly infringing activity that occurred prior to the execution of the PSA, the Court finds those claims are barred since they were previously released by the PSA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

Brothers] agrees that it will not file a lawsuit or lodge a complaint against [Interfocus] for an alleged infringement before the expiration of thirty (30) days after giving Defendant Adequate Notice of the alleged infringement to allow Parties time to resolve the dispute amicably." IF Opp. at 7 (citing PSA ¶ 5). Neman Brothers asserts that paragraph 5 makes it "obvious" that the parties understood that their dispute remained to be resolved, even after the seven business days allocated for Interfocus to cure the ongoing infringement. IF. Opp. at 7. Neman Brothers also points out that the PSA states that "[t]he Parties agree to make good faith efforts to settle all future disputes." Id. (citing PSA ¶ 6). With respect to the Notice-and-Cure Provision, Neman Brothers states that "while cure was not a good choice of word . . . the objective intent manifested in the agreement is to give seven business days to remove the on-going infringement while giving thirty days to the parties to resolve the dispute about the liability issue." IF Opp. at 8. According to Neman Brothers, if the parties fail to negotiate a settlement after the thirty days provided by the PSA, Neman Brothers may file suit. Id. In sum, Neman Brothers argues that the PSA does not grant Interfocus "a de facto permanent and unlimited license" to use Neman Brothers' copyrights "until the time it gets caught." Id. at 16. Neman Brothers contends that Interfocus' interpretation of the Notice-and-Cure Provision would constitute "a forfeiture of Neman Brothers' rights to take necessary actions to protect its copyrights and seek damages." Id.

In reply, Interfocus reiterates its assertion that the term "cure" means "to place a contracting party in a pre-liability, pre-default position." IF Reply 5-6. Interfocus asserts that accepting Neman Brothers' argument that "cure" means nothing more than removing the issue of ongoing infringement would improperly render the term "cure" meaningless. IF Reply at 8 (citing Cal. Civ. Code § 1641 ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other.")). Finally, Interfocus argues that the language in the PSA cited by Neman Brothers—that the parties have thirty days resolve their disputes prior to litigation and must engage in good faith settlement negotiations—is consistent with Interfocus' reading of the PSA. This is because the presence of the Notice-and-Cure Provision does not automatically eliminate all disputes. IF Reply at 9-10. Accordingly, the PSA contains language that encourages the parties to negotiate a settlement even if an alleged infringement is not "cured." Id. Interfocus contends its reading of the PSA is the only way to give meaning to all of its provisions and terms, including "cure." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

The PSA is governed by California law.  See PSA ¶ 10(d).  The Court therefore looks to California's contract interpretation rules to construe the PSA.  The California Supreme Court summarized the principles of contract interpretation as follows:

> [T]he intention of the parties as expressed in the contract is the source of contractual rights and duties.  A court must ascertain and give effect to this intention by determining what the parties meant by the words they used. Accordingly, the exclusion of relevant, extrinsic evidence to explain the meaning of a written instrument could be justified only if it were feasible to determine the meaning the parties gave to the words from the instrument alone. . . . Although extrinsic evidence is not admissible to add to, detract from, or vary the terms of a written contract, these terms must first be determined before it can be decided whether or not extrinsic evidence is being offered for a prohibited purpose.  The fact that the terms of an instrument appear clear to a judge does not preclude the possibility that the parties chose the language of the instrument to express different terms.  That possibility is not limited to contracts whose terms have acquired a particular meaning by trade usage, but exists whenever the parties' understanding of the words used may have differed from the judge's understanding. Accordingly, rational interpretation requires at least a preliminary consideration of all credible evidence offered to prove the intention of the parties.

Pac. Gas & Elec. Co. v. G. W. Thomas Drayage & Rigging Co., 69 Cal. 2d 33, 38-40 (1968) (internal citations and quotation marks omitted).  "The interpretation of a contract involves a two-step process: First the court provisionally receives (without actually admitting) all credible evidence concerning the parties' intentions to determine 'ambiguity,' i.e., whether the language is 'reasonably susceptible' to the interpretation urged by a party."  Wolf v. Superior Ct., 114 Cal. App. 4th 1343, 1351 (2004) (internal citations and quotation marks omitted).  "If in light of the extrinsic evidence the court decides the language is 'reasonably susceptible' to the interpretation urged, the extrinsic evidence is then admitted to aid in the second step—interpreting the contract."  Id.  "A settlement agreement is subject to the normal rules of contract interpretation.  Adams v. Johns–Manville Corp., 876 F.2d 702, 704 (9th Cir. 1989).  Courts may look to extrinsic evidence to interpret settlement agreements.  See, e.g., Central Coast Pipe Lining, Inc. v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

<u>Pipe Shield USA, Inc.</u>, No. 2:13–cv–00639–ODW(Ex), 2013 WL 6442603, at *6 (C.D. Cal. 2013). "Whether a contract provision is ambiguous is a question of law. If it is, ordinarily summary judgment is improper because differing views of the intent of parties will raise genuine issues of material fact." <u>Maffei v. N. Ins. Co. of New York</u>, 12 F.3d 892, 898 (9th Cir. 1993) (citing <u>U.S v. Sacramento Municipal Utility Dist.</u>, 652 F.2d 1341, 1344 (9th Cir. 1981)).

The Court finds and concludes the term "cure" is ambiguous in that it is not clear whether the parties intended for the "cure" of an alleged infringement to release Interfocus from liability or whether they intended for Interfocus to remain liable for any damages caused prior to the "cure." While the use of the term "cure" does suggest exoneration, the PSA's drafting history counsels in Neman Brothers' favor. Interfocus provided the first draft of the PSA, which included the following language in Section 5:

> "[Neman Brothers] further agrees not to seek further remedies including legal remedies once [Interfocus] has cured the alleged infringement by removing the allegedly infringed products and/or designs from its platform such as its website(s) and social media platforms in accordance with the terms of this Settlement Agreement."

Jeong Decl. ¶ 22, Ex. 26. Neman Brothers rejected this language, and it was not included in the final version of the PSA. <u>See</u> PSA ¶ 5. In a later communication with Interfocus, Neman Brothers stated that it "[would] not waive any rights about the future actions if any. We never do that unless Defendant pays more for it. . . . Otherwise, there is no reason for Plaintiff to waive its right to sue your client for future infringements." <u>Id.</u> ¶ 24, Ex. 29.

In sum, given that the effect of "curing" an infringement is reasonably susceptible to two or more interpretations, the Court concludes that the PSA is ambiguous.[9]

---

[9] Insofar as Interfocus contends that Neman Brothers breached the PSA by amending the complaint to add copyright infringement claims on Subject Design 3 without providing proper notice, the Court finds that question is better resolved after the Court hears

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|----------|------------------------|------|------------------|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

2.   <u>The Validity of Neman Brothers' Copyright Registrations</u>

Interfocus contends that factual inaccuracies regarding the copyright registrations for Subject Designs 1-3 should invalidate the registrations. IF Supp. at 5-6. In particular, Interfocus argues that "although the registrations claim Neman Brothers is the sole author of all the works they identify, Mr. Neman admitted that some of the works identified in each registration were authored by third party design studios from whom Neman Brothers purchased rights, who are not named as authors or claimants in the registrations." <u>Id.</u> at 5 (citing Dkt. 66-2 (Deposition of Yoel Neman) at 26:16-24). Interfocus contends that the registrations should be invalidated based on these factual inaccuracies "because Copyright Office regulations have required that group registrations of unpublished works be limited to works by the same author or authors since 1978." IF Supp. at 6 (citing 37 C.F.R. § 202.4; Group Registration of Unpublished Works, 82 FR 47415-01, 2017 WL 4536410(F.R.)). Interfocus also claims that Neman Brothers' registrations "contain numerous other factual errors and omissions that should invalidate them under the general registration requirements of 17 U.S.C. § 409," including the failure to "include a statement that the subgroup of included works its employees created were 'works made for hire,'" and a failure to identify preexisting works incorporated into Subject Designs 1-3. IF Supp. at 8-9.

Interfocus contends that "this Court should not rule on [copyright validity] in the first instance," and "should instead submit a request to the Register of Copyrights pursuant to 17 U.S.C. § 411(b) 'to advise the court whether the inaccurate information, if known, would have caused [it] to refuse registration.'" <u>Id.</u> at 9 (quoting <u>Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.</u>, 959 F.3d 1194, 1197 (9th Cir. 2020). Interfocus further contends that "[a]s invalidation of Neman Brothers' copyright registrations would be fatal to its copyright infringement claims, this Court should make such a request to the Copyright Office now, and stay this action until the Copyright Office responds." IF Supp. at 10.

In opposition, Neman Brothers argues that Interfocus' argument relies upon regulatory language, 37 C.F.R. § 202.4(c)(5), that "did not exist at the time of the

_____

extrinsic evidence regarding whether "curing" an infringement releases Interfocus from liability.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

registrations of" Subject Designs 1-3, and that 37 C.F.R. § 202.4(c)(5) "cannot apply retroactively to applications approved . . . in 2017." IF Opp. No. 2 at 4 (citing Sacks v. S.E.C., 648 F.3d 945, 951 (9th Cir. 2011)). Neman Brothers also argues that "while [Neman Brothers'] registrations included both purchased and internally-created designs, it was [] standard procedure [for] Neman through its designer [to make] changes to the purchased designs before registration in order to make the designs more cost-efficient in manufacturing and marketable . . . [t]herefore, for both purchased and internally-created designs, there was at least one author who contributed copyrightable authorship to each of the designs as elements in the collection." IF Opp. No. 2. at 5.

Moreover, Neman Brothers contends that the "author" of a work under the applicable regulations includes "an employer or other person for whom a work is 'made for hire.'" IF Opp. No. 2 at 5 (citing 37 C.F.R. § 202.3(a)(2)). Further, Neman Brothers contends that "the subject designs based on the purchased designs were modified by Neman's employee, which [establishes that] Neman as one of the authors [] contributed copyrightable authorship to each element, notwithstanding whether the designs were internally made or were modified from the purchased designs." IF Opp. No. 2. at 6-7. In sum, Neman Brothers argues that it should be categorized as the author of Subject Designs 1-3 because it obtained all ownership rights to Subject Designs 1-3 and also contributed to each of the designs. Id. at 5-7.

In reply, Interfocus reiterates that "the Copyright Office should be asked whether it would have refused Neman Brothers' group registrations based on the true facts concerning them." IF Reply No. 2 at 4. Interfocus contends that Neman Brothers argument regarding the 2019 amendments to 37 C.F.R. § 202.4 ignores that fact that "[t]he Copyright Office has limited group registrations of unpublished works to works that include the same author since 1978, and Neman Brothers' group registrations have never complied with those limitations." Id. Interfocus also claims that Neman Brothers' argument that it contributed to the works contained in the group copyright registrations cannot defeat summary judgment because Neman Brothers has not proffered any evidence suggesting that all or every third-party work included in the group copyright registrations that include Subject Designs 1-3 was actually modified by Neman Brothers before it was registered. Id. at 5-9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

     In its supplemental brief on the copyright validity issue, Neman Brothers argues that if it had known that the application form required identification of all of the authors or co-authors, it would have disclosed them.  NB Validity Supp. at 2.  Neman Brothers adds that "the alleged failure to give the information about all of the authors is not [an] issue of invalidation, but merely an immaterial issue of supplementation."  Id.  Neman Brothers characterizes its failure to identify the authors of the works included in the group copyright registrations at issue as an "inadvertent" error that should not jeopardize their validity.  Id. at 3.

     In turn, in its supplemental brief, Interfocus argues that "Plaintiff's copyright application documents confirm that it knowingly provided inaccurate authorship information to the Copyright Office to obtain the group registrations it alleges InterFocus infringed in this action."  IF Validity Supp. at 2.  Interfocus also argues that Neman Brothers' supplementation argument lacks merit because it "improperly asks this Court to decide an issue Congress and the Ninth Circuit have directed should first be determined by the Copyright Office."  Id. at 5.

     17 U.S.C. § 411 states that "[i]n any case in which inaccurate information described under paragraph (1) is alleged, the court *shall* request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration."  17 U.S.C. § 411(b)(2) (emphasis added).  In turn, paragraph (1) states that "[a] certificate of registration satisfies the requirements of this section and section 412, regardless of whether the certificate contains any inaccurate information, unless . . . (A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration."  17 U.S.C. § 411(b)(1).  The Ninth Circuit has interpreted this statute in the following manner:

     "In practice, once a defendant alleges that (1) a plaintiff's certificate of registration contains inaccurate information; (2) the inaccurate information was included on the application for copyright registration; and (3) the inaccurate information was included on the application with knowledge that it was inaccurate, a district court is then required to submit a request to the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused [it] to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

refuse registration. . . . In other words, courts may not consider in the first instance whether the Register of Copyrights would have refused registration due to the inclusion of known inaccuracies in a registration application."

<u>Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.</u>, 959 F.3d 1194, 1197 (9th Cir. 2020) (citations and quotations omitted). Moreover, "courts are in agreement that [§ 411(b)(2)] is mandatory in nature, requiring district courts to solicit the advice of the Copyright Office when the statutory conditions are satisfied." <u>Palmer/Kane LLC v. Rosen Book Works LLC</u>, 188 F. Supp. 3d 347, 348 (S.D.N.Y. 2016) (collecting cases). Accordingly, the key question before the Court is whether the statutory criteria for mandatory referral to the Copyright Office are met in this case.

With respect to 37 C.F.R. § 202.4(c)(5), the requirement that "all the works in the [group registration of unpublished works] must be created by the same author or the same joint authors" didn't exist until a notice of proposed rule making dated October 12, 2017 and a final rule dated February 13, 2019. <u>See</u> Group Registration of Unpublished Works, 82 FR 47415-01, 2017 WL 4536410(F.R.); Group Registration of Unpublished Works, 84 FR 3693-01, 2019 WL 564193(F.R.). Before the 2019 amendments, the rule with respect to group registration of unpublished works required that "all the elements in the collection must be created by the same author—unless they were created by multiple authors, in which case at least one author must contribute copyright authorship to each element." Group Registration of Unpublished Works, 82 FR 47415-01, 2017 WL 4536410(F.R.). Following the 2019 amendment, the rule with respect to group registration of unpublished works requires that that "[a]ll the works must be created by the same author or the same joint authors, and the author and claimant information for each work must be the same." 37 C.F.R. § 202.4(c)(5).

The parties' dispute regarding 37 C.F.R. § 202.4(c)(5) is beside the point, as even before the 2019 amendments, "if the author and claimant are not the same person, the applicant [was] required to provide a transfer statement explaining how the claimant acquired all of the rights that initially belonged to the author." Group Registration of Unpublished Works, 82 FR 47415-01, 2017 WL 4536410(F.R.). Moreover, Section 409(2) of the Copyright Act states that an application for a copyright registration "shall include . . . the name and nationality or domicile of the author or authors." 17 U.S.C. § 409(2). Further, "if the copyright claimant is not the author," the application for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

copyright registration "shall include . . . a brief statement of how the claimant obtained ownership of the copyright." 17 U.S.C. § 409(5). The 2017 version of the copyright compendium, which reflected that state of play prior to the 2019 amendments, stated in its guidance for the "registration for multiple works" that "the applicant must identify all of the authors who created or co-created any of the elements [in a group registration], even if a particular author did not contribute copyrightable authorship to all of those elements." See U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 1106.3(E) (3d ed. 2017). Accordingly, both before and after the 2019 amendments to 37 C.F.R. § 202.4(c)(5), Neman Brothers was required to identify "all" of the authors who created or co-created any of the designs included in the group registration. Based on the record before the Court, it appears Neman Brothers failed to meet this obligation.[10]

With respect to 17 U.S.C. § 411's statutory criteria, Neman Brothers' registrations for VAu-1-304-334 (Subject Design 1), VAu-1-317-742 (Subject Design 2), and VAu-1-330-970 (Subject Design 3) contain inaccurate information in that they do not identify third-party authors of the works contained in those registrations. See Unicolors, Inc., 959 F.3d at 1197. Likewise, Neman Brothers was aware, at the time of applications, that listing itself as the only author for in the three copyright registrations was inaccurate. Id.; see, e.g., Neman Depo. at 114:20-115:17 (stating that some works in the Registration VAu-1-317-742 were "purchased from other studios" and that "the fact that some of the works [] were purchased . . . would have been in Neman Brothers' records when [the] copyright registration was filed"). Finally, the applications materials provided by Neman Brothers, which list Neman Brothers as the sole author of all the works included in applications associated with group copyright registrations VAu-1-304-334, VAu-1-317-

---

[10] At oral argument, Neman Brothers argued that the Court should permit it to correct its failure to meet this obligation by supplementing the applications associated with registrations VAu-1-304-334, VAu-1-317-742, and VAu-1-330-970. However, Unicolors, Inc does not contemplate supplementation when the statutory criteria of 17 U.S.C. § 411(b)(2) are met. See 959 F.3d 1194. Rather, the Ninth Circuit "require[s]" the district court "to submit a request to the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused [it] to refuse registration." Id. The Court cannot order supplementation in lieu of an advisory request to the Register of Copyrights when the statutory criteria of 17 U.S.C. § 411(b)(2) are met.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

742, and VAu-1-330-970, confirm that inaccurate information was "included on the application for copyright registration." See Unicolors, Inc., 959 F.3d at 1197.

Accordingly, the Courts finds that 17 U.S.C. § 411's statutory criteria are satisfied, and that is must issue a request to the Register of Copyrights to advise the Court whether knowledge of the third-party authorship of works included in VAu-1-304-334, VAu-1-317-742, and VAu-1-330-970 "would have caused the register to refuse registration." Palmer/Kane LLC, 188 F. Supp. 3d at 353. "If it is determined that a registration contains inaccurate information, and that the inaccurate information was included in the registration application with knowledge that the information was incorrect, and that the inaccurate information would have caused the Copyright Office to refuse registration, then [the Court] may declare the registration invalid." Yellowcake, Inc., 522 F. Supp. 3d at 778.

However, at this stage, given the pending inquiry to the Register of Copyrights regarding the validity of Neman Brothers' at-issue copyright registrations, the Court **RESERVES JUDGMENT** on Interfocus' motion for summary judgment.

### B.    Neman Brothers' Motion

Neman Brothers moves for an order granting summary judgment on its copyright infringement, vicarious copyright infringement, and contributory copyright infringement claims against Interfocus. NB Mot. at 1-2. In the alternative, Neman Brothers moves for an order finding that (1) Neman Brothers is the owner of Subject Designs 1-3, (2) Interfocus copied the Subject Designs, and (3) Neman Brothers is entitled to recover statutory damages again Interfocus as either a willful infringer or as an innocent infringer. Id. at 2.

In opposition and through its supplemental brief, Interfocus contends that Neman Brothers' copyright claims are barred by the PSA. NB Opp. at 13-23; IF Supp. at 16-19. In the alternative, Interfocus argues that disputes of fact regarding whether the PSA released Neman Brothers' copyright infringement claims (NB Opp. at 15) and whether Interfocus cured the alleged infringements (id. at 23) should preclude summary judgment. As discussed, at this stage, the Court concludes that the PSA in ambiguous given that the effect of "curing" an infringement is reasonably susceptible to two or more interpretations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

In its supplemental brief, Interfocus also argues that the copyright registrations for Subject Designs 1-3 are invalid as a matter of law, that Garments 1-3 may have may have come from Neman Brothers' authorized Chinese garment manufacturer, barring plaintiff's sale under the first sale doctrine, and that "the differences between the flower designs and placement in [Neman Brothers'] allegedly copyrighted works and InterFocus' accused clothing are significant, and at least preclude summary judgment for Plaintiff on [] substantial similarity." IF Supp. at 10-16.

In turn, in its supplemental brief, Neman Brothers argues that the only explanation for the similarity in the patterns depicted in Subject Designs 1-3 and Garments 1-3 is that they are the product of copying. NB Supp. at 7.

The Court **RESERVES JUDGMENT** on whether Garments 1-3 infringe upon Subject Designs 1-3 given the pending inquiry to the Register of Copyrights regarding the validity of Neman Brothers' copyright registrations.

## V.    CONCLUSION

In accordance with the foregoing, the Court orders as follows:

1. The Court **RESERVES JUDGMENT** on Interfocus' motions for summary judgment and partial summary judgment.

2. The Court **RESERVES JUDGMENT** Neman Brothers' motion for summary judgment or adjudication.

3. The Court will send an inquiry to the Register of Copyrights regarding whether knowledge of the third-party authorship of works included in copyright registrations VAu-1-304-334, VAu-1-317-742, and VAu-1-330-970 would have caused the register to refuse registration. The Court hereby **STAYS** the case for 90 days and sets a status conference for **April 11, 2022, at 11:00 a.m.**

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 11, 2022 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

:

Initials of          DR
Preparer