CHAN YONG JEONG, ESQ. (SBN 255244)
 jeong@jeonglikens.com
JEONG & LIKENS, L.C.
222 South Oxford Avenue
Los Angeles, CA 90004
Tel: 213-688-2001
Email: Jeong@jeonglikens.com

Attorneys for Counter-Defendant NEMAN BROTHERS & ASSOC., INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation;<br><br>　　　　Plaintiff/Counter-Defendant,<br><br>　　vs.<br><br>INTERFOCUS, INC., a California Corporation, et al.,<br>　　　　Defendant/Counter-Claimant | Case No.: 2:20-cv-11181-CAS-JPR<br><br>**NEMAN BROTHERS & ASSOC., INC.'S BRIEF ON THE U.S. SUPREME COURT'S DECISION IN *UNICOLORS, INC.*<br><br>Honorable Judge Christina A. Snyder |

　　　PLAINTIFF NEMAN BROTHERS HEREBY submits this brief about the recent decision made by the U.S. Supreme Court ("Supreme Court") on the matter of *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.* (2022 WL 547681)[1] as of February 24, 2022 because the Court's ruling (DKT No. 82, pp.26-27 of 29) in this case was heavily relying

---

[1]　　The entire text of the Supreme Court's decision downloaded from Westlaw is attached hereto as Exhibit "A".

on the 9th Circuit Court's decision *Unicolors, Inc. v. v. H&M Hennes & Mauritz, L.P.* (2020) 959 F.3d 1194 that has been vacated by the Supreme Court.

The Supreme Court held that **Section 411(b) does not distinguish between a mistake of law and a mistake of fact** and therefore, the lack of either factual or legal knowledge on the part of a copyright holder can excuse an inaccuracy in a copyright registration under the Copyright Act's safe-harbor provision. *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 2022 WL 547681.

**The Supreme Court vacated the decision of the 9th Circuit Court's decision in** *Unicolors* stating "it did not matter whether Unicolors was aware that "it had failed to satisfy the single unit of publication requirement, because **the safe harbor excuses only good-faith mistakes of fact, not law**." *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 2022 WL 547681, p.1.

The Supreme Court held;

> Naturally, the information provided on the application for registration should be accurate. Nevertheless, the Copyright Act provides a safe harbor. It says that a certificate of registration is valid "regardless of whether the certificate contains any inaccurate information, unless "(A) the inaccurate information was included on the application for copyright registration *with knowledge that it was inaccurate*; and "(B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration." § 411(b)(1) (emphasis added)…

> The **question** before us concerns **the scope of the phrase "with knowledge that it was inaccurate."** The Court of Appeals for the Ninth Circuit believed that a copyright holder cannot benefit from the safe harbor and save its copyright registration from invalidation if its lack of knowledge stems from **<u>a failure to understand the law</u>** rather than a failure to understand the facts. In our view, however, § 411(b) does not distinguish between a mistake of law and a mistake of fact. **<u>Lack of knowledge of either fact or law</u> can excuse an inaccuracy** in a copyright registration.

(emphasis added) *Id.* at 2-3.

In *Unicolors,* H&M argued that the 31 fabric designs covered by Unicolors' single application (and therefore single registration) had not been published as a single unit of publication because Unicolors had initially made some of the designs available for sale exclusively to certain customers, while other designs were immediately available to the general public. App. 170–171. Because the first statutory requirement for invalidating Unicolors' registration (**a knowing inaccuracy**) was satisfied, H&M argued, the District Court should move to the second requirement and ask the Register of Copyrights whether it would have refused to register Unicolors' copyright if it had been aware of the inaccuracy. *Id.* at 3.

The Supreme Court found that the 9th Circuit Court was wrong in overturning the right decision made by the honorable judge André Birotte Jr. who accurately ruled that "[b]ecause Unicolors did not know that it had failed to satisfy **the "single unit of publication" requirement** when it filed its application, the purported inaccuracy could not invalidate the registration." *Id.* at 3. Along the line, the Supreme Court held;

> Unicolors says that, when it submitted its registration application, it was not aware (as the Ninth Circuit would later hold) that the 31 designs it was registering together did not satisfy the "single unit of publication" requirement. **If Unicolors was not aware of the legal requirement that rendered the information in its application inaccurate, it did not include that information in its application "*with knowledge that it was inaccurate.*"** § 411(b)(1)(A) (emphasis added). Nothing in the statutory language suggests that this straightforward conclusion should be any different simply because there was a mistake of law as opposed to a mistake of fact.
>
> To the contrary, nearby statutory provisions help confirm that here "knowledge" refers to knowledge of the law as well as the facts. Registration applications call for information that requires both legal and factual

knowledge. See, *e.g.,* § 409(4) (whether a work was made "for hire"); § 409(8) (when and where the work was "published"); § 409(9) (whether the work is "a compilation or derivative work"). **Inaccurate information in a registration is therefore equally (or more) likely to arise from a mistake of law as a mistake of fact.** That is especially true **because applicants include novelists, poets, painters, designers, and others without legal training**. Nothing in the statutory language suggests that Congress wanted to forgive those applicants' factual but not their (often esoteric) legal mistakes.

*Id.* at 4.

In this present case, the Court ruled that

> With respect to 17 U.S.C. § 411 's statutory criteria, Neman Brothers' registrations for VAu-1-304-334 (Subject Design 1), VAu-1-317-742 (Subject Design 2), and VAu-1-330-970 (Subject Design 3) contain inaccurate information in that they do not identify third-party authors of the works contained in those registrations. See **Unicolors, Inc., 959 F.3d at 1197**. Likewise, Neman Brothers was aware, at the time of applications, that listing itself as the only author for in the three copyright registrations was inaccurate. *Id.*; see, e.g., Neman Depo. at 114:20-115:17 (stating that some works in the Registration VAu-1-317-742 were "purchased from other studios" and that "the fact that some of the works [] were purchased ... would have been in Neman Brothers' records when [the] copyright registration was filed"). Finally, the applications materials provided by Neman Brothers, which list Neman Brothers as the sole author of all the works included in applications associated with group copyright registrations VAu-1-304-334, V Au-1-317-742, and VAu-1-330-970, confirm that inaccurate information was "included on the application for copyright registration." See **Unicolors, Inc., 959 F.3d at 1197**.

Accordingly, the Court finds that **17 U.S.C. § 411 's statutory criteria are satisfied**, and that **it must issue a request to the Register of Copyrights** to advise the Court whether knowledge of the third-party authorship of works included in VAu-1-304-334, VAu-1-317-742, and VAu-1-330-970 "would have caused the register to refuse registration." *Palmer/Kane LLC*, 188 F. Supp. 3d at 353. "If it is determined that a registration contains inaccurate information, and that the inaccurate information was included in the registration application with knowledge that the information was incorrect, and that the inaccurate information would have caused the Copyright Office to refuse registration, then [the Court] may declare the registration invalid." *Yellowcake, Inc.,* 522 F. Supp. 3d at 778.

(emphasis added) Minute Order (DKT No. 82, pp.26-27 of 29).

As the Court found in its ruling, the facts are similar to the facts in *Unicolors,* and therefore, the Court applied mainly the 9th Circuit Court's decision in analyzing the issue of the application of Section 411(b) that the defendant Interfocus argued for in its motion for summary judgment.

The 9th Circuit Court in *Unicolors* focused only on whether the plaintiff knew about the fact that some of the group designs were shown to third parties before the registration date as a unpublished group, but not whether the plaintiff knew such fact would form a publication of those designs shown, which in result make inaccurate the statement on the application that all of the designs were unpublished as of the registration date.

However, the question on the registration application of whether all of the designs were not published, is a question of law and fact, requiring first of all the knowledge of the "legal concept" of the publication, and then the ability to analyze the known facts based thereupon. Therefore, the 9th Circuit Court's ruling was nothing but a punishment for **a failure to understand the law** rather than a failure to understand the facts, **against**

**innocent copyright owners** who made merely inadvertent mistakes, not fraudulent misrepresentation to the copyright office at all, only to make **more difficult**, for nonlawyers to obtain valid copyright registrations.

In response, the Supreme Court made it clear that under §411(b), ***knowledge* *that it was inaccurate*** means **<u>subjective actual</u>** knowledge of <u>both</u> **fact and law**, and therefore, **<u>lack of knowledge of either fact or law</u> can excuse an inaccuracy** in a copyright registration. *Id*. at 4-5. ("nearby statutory provisions help confirm that here "knowledge" refers to knowledge of the law as well as the facts. Registration applications call for information that requires **both legal and factual knowledge**." "Other provisions of the Copyright Act confirm that, in this context, the word "knowledge" means **actual, subjective awareness of both the facts and the law**." "cases decided before Congress enacted § 411(b) "overwhelming[ly held] that **inadvertent mistakes on registration certificates [did] not invalidate a copyright and thus [did] not bar infringement actions**."" "those who consider legislative history will find that history persuasive here. It indicates that **Congress enacted § 411(b) to make it easier, not more difficult**, for nonlawyers to obtain valid copyright registrations. The House Report states that its purpose was to "**improve intellectual property enforcement in the United States** and abroad." H. R. Rep. No. 110–617, p. 20 (2008). It did so in part by "**eliminating loopholes that might prevent enforcement of otherwise validly registered copyrights.**" *Ibid.*" (emphasis added)).

The Ninth Circuit Court held that "the knowledge inquiry is not **whether Unicolors knew that including a mixture of confined and non-confined designs would run afoul of the single-unit registration requirements**; the inquiry is merely **whether Unicolors knew that certain designs included in the registration were confined and, therefore, were each published separately to exclusive customers**." (emphasis added) *Id.* at 6. And then, it further held that Unicolors' knowledge of the *facts* that produced the inaccuracy was sufficient to demonstrate its knowledge of the inaccuracy itself under § 411(b)(1)(A). Unicolors' knowledge of the relevant law was irrelevant." The Supreme Court vacated the holdings.

NEMAN BROTHERS' BRIEF
ON THE U.S. SUPREME COURT'S DECISION IN *UNICOLORS, INC.*

In other words, the knowledge inquiry includes the **legal** question of whether the registration applicant knew a certain fact would **run afoul of a certain legal requirement** for copyright registrations. The copyright applications ask legal questions requiring the applicant's knowledge of law to be able to provide the accurate answers thereto. In *Unicolors,* the question was whether the designs were "published" which appears to be a simple question, but it required the knowledge about the legal question of what publication legally means and the legal requirement that all of the designs in the application should be unpublished. Likewise, in this case, the question was who the author is, which again requires knowledges about the legal question of what author legally means for the purpose of the copyright application and the legal requirement that all of the authors should be identified as authors in the application.

Neman's knowledge of the facts that produced the inaccuracy is **insufficient** to demonstrate its knowledge of the inaccuracy under section 411(b)(1)(A). Neman's knowledge of the relevant law is **relevant**. The safe harbor excuses **mistakes of law**. In this case, there is no evidence Interfocus presented to show Neman's *actual* knowledge that the legal concept of author includes all of the design studios that sold some of the designs in the registrations and that in response to the application's inquiry about the author, Neman was legally required to identify all of the studio names due to 37 C.F.R. § 202.4(c)(7) (2019) that did not even exist at the time of Neman's submitting the applications.

Neman had no reason to knowingly give inaccurate information as Neman owned all of the designs in the application anyways. Neman, had it known the legal requirement, would have provided all of the accurate information, both factual and legal. As in *Unicolors*, the issue was merely about lack of knowledge of law.

**"If [Neman] was not aware of the legal requirement that rendered the information in its application inaccurate, it did not include that information in its application "*with knowledge that it was inaccurate*."** (emphasis added) *Id.* at 4. Nothing in the statutory language suggests that this straightforward conclusion should be any different simply because there was a mistake of law as opposed to a mistake of fact."

*Id.* at 4. The maxim that "ignorance of the law is no excuse" does not apply in this civil case concerning the scope of a safe harbor that arises from ignorance of collateral legal requirements. *Id.* at 6.

Further, that **inadvertent mistakes on registration certificates [did] not invalidate a copyright and thus [did] not bar infringement actions**. *Id*. at 5. In this case, the alleged failure to give the information about all of the authors is not the issue of invalidation, but merely an immaterial issue of supplementation. The Office's Compendium3 states a supplementary registration can be used to correct an error or omission involving the author(s) of the work. Compendium §503.2 (3d ed. 2021) (citing 37 C.F.R. § 202.6(d)(3)(i)). If two or more authors created the work and some of the authors were not named, the names of the missing authors may be added to the registration record with a supplementary registration. Compendium §503.2 (3d ed. 2021). This inadvertent mistake argument did not matter when this Court issued the ruling (DKT No. 82) due to the 9th Circuit Court's decision back in the days, but now, it does. Section 411 was never triggered, and the safe harbor arises from ignorance of collateral legal requirements and therefore applies to this case.

Accordingly, under the Supreme Court's recent decision, vacating the 9th Circuit Court's decision which the Court's ruling (DKT No. 82) relied upon, the ruling that "17 U.S.C. § 411 's statutory criteria are satisfied, and that it must issue a request to the Register of Copyrights to advise the Court whether knowledge of the third-party authorship of works included in VAu-1-304-334, VAu-1-317-742, and V Au-1-330-970 would have caused the register to refuse registration", should be vacated, and the inquiry to the U.S. Copyright Office should be withdrawn.

Dated: March 3, 2022

Respectfully submitted,
 */s/Chan Yong Jeong*
Chan Yong Jeong, Esq.
Attorney for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>EXHIBIT "A"</u>**

NEMAN BROTHERS' BRIEF
ON THE U.S. SUPREME COURT'S DECISION IN *UNICOLORS, INC.*

Unicolors, Inc. v. H&M Hennes & Mauritz, L. P., --- S.Ct. ---- (2022)

2022 WL 547681

2022 WL 547681
Only the Westlaw citation is currently available.
Supreme Court of the United States.

UNICOLORS, INC., Petitioner
v.
H&M HENNES & MAURITZ, L. P.

No. 20-915
|
Argued November 8, 2021
|
Decided February 24, 2022

**Synopsis**

**Background:** Textile designer filed suit against clothing retailer for copyright infringement, based on fabric design that retailer had used on jackets and skirts. Following jury trial, the United States District Court for the Central District of California, Andre Birotte, J., entered judgment in favor of textile designer, denied clothing retailer's motions for judgment as a matter of law, 2018 WL 10307045, and awarded textile designer attorney fees, 2018 WL 6016989. Clothing retailer appealed. The Court of Appeals for the Ninth Circuit, Bea, Senior Circuit Judge, 959 F.3d 1194, reversed and remanded with instructions. Certiorari was granted.

**[Holding:]** The Supreme Court, Justice Breyer, held that the lack of either factual or legal knowledge on the part of a copyright holder can excuse an inaccuracy in a copyright registration under the Copyright Act's safe-harbor provision.

Vacated and remanded.

Justice Thomas filed a dissenting opinion in which Justice Alito joined and in which Justice Gorsuch joined in part.

**Procedural Posture(s):** Petition for Writ of Certiorari; On Appeal; Motion for Judgment as a Matter of Law (JMOL)/Directed Verdict.

West Headnotes (14)

**[1]    Copyrights and Intellectual Property**  Registration and deposit

A valid copyright registration provides a copyright holder with important and sometimes necessary legal advantages; for example, it is a prerequisite for bringing a "civil action for infringement" of the copyrighted work. 17 U.S.C.A. § 411(a).

**[2]** **Copyrights and Intellectual Property** ⟜Registration as prerequisite for recovery
**Copyrights and Intellectual Property** ⟜Registration as prerequisite for award

A plaintiff in a copyright infringement action normally cannot obtain an award of statutory damages or attorney fees for infringement that occurred prior to registration. 17 U.S.C.A. § 412.

**[3]** **Copyrights and Intellectual Property** ⟜Application for registration

To obtain copyright registration, the author of a work must submit to the Register of Copyrights a copy of the work and an application which provides information about the work, some of which is purely factual but some of which incorporates legal conclusions. 17 U.S.C.A. §§ 408, 409.

**[4]** **Copyrights and Intellectual Property** ⟜Certificate of registration

If the Register of Copyrights determines that a work is copyrightable and meets other statutory requirements, she will issue a certificate of registration containing information that reflects the information the copyright holder provided on its application. 17 U.S.C.A. § 410(a).

**[5]** **Copyrights and Intellectual Property** ⟜Certificate of registration
**Copyrights and Intellectual Property** ⟜False, fraudulent, or improper registration; cancellation

A certificate of registration for a copyrighted work is valid even though it contains inaccurate

information, as long as the copyright holder lacked knowledge that it was inaccurate. 17 U.S.C.A. § 411(b)(1)(A).

**[6]**    **Copyrights and Intellectual Property** ⬅ Certificate of registration
**Copyrights and Intellectual Property** ⬅ False, fraudulent, or improper registration; cancellation

Copyright Act's safe-harbor provision, which states that a certificate of registration is valid, even though it contains inaccurate information, so long as the copyright holder lacked "knowledge that it was inaccurate," does not distinguish between a mistake of law and a mistake of fact; lack of knowledge of either fact or law can excuse an inaccuracy in a copyright registration. 17 U.S.C.A. § 411(b)(1)(A).

**[7]**    **Statutes** ⬅ Particular Words and Phrases

For purposes of statutory construction, the word "knowledge" means the fact or condition of being aware of something.

**[8]**    **Copyrights and Intellectual Property** ⬅ Certificate of registration
**Copyrights and Intellectual Property** ⬅ False, fraudulent, or improper registration; cancellation

Congress enacted the Copyright Act's safe-harbor provision to make it easier, not more difficult, for nonlawyers to obtain valid copyright registrations. 17 U.S.C.A. § 411(b).

**[9]**    **Copyrights and Intellectual Property** ⬅ Certificate of registration
**Copyrights and Intellectual Property** ⬅ False, fraudulent, or improper registration; cancellation

In determining the applicability of the Copyright Act's safe-harbor provision, courts need not automatically accept a copyright holder's claim that it was unaware of the relevant legal

requirements of copyright law. 17 U.S.C.A. § 411(b)(1)(A).

**[10]**    **Copyrights and Intellectual Property** ⟜Certificate of registration
            **Copyrights and Intellectual Property** ⟜False, fraudulent, or improper registration; cancellation

In determining the applicability of the Copyright Act's safe-harbor provision in a case, as in other civil cases, willful blindness may support a finding of actual knowledge. 17 U.S.C.A. § 411(b)(1)(A).

**[11]**    **Copyrights and Intellectual Property** ⟜Certificate of registration
            **Copyrights and Intellectual Property** ⟜False, fraudulent, or improper registration; cancellation

Circumstantial evidence, including the significance of the legal error, the complexity of the relevant rule, the applicant's experience with copyright law, and other such matters, may lead a court to find that an applicant was actually aware of, or willfully blind to, legally inaccurate information, for purposes of determining the applicability of the Copyright Act's safe-harbor provision. 17 U.S.C.A. § 411(b)(1)(A).

**[12]**    **Criminal Law** ⟜Ignorance or mistake of law

Legal maxim that "ignorance of the law is no excuse" normally applies where a defendant has the requisite mental state in respect to the elements of a crime but claims to be unaware of the existence of a statute proscribing his conduct.

**[13]**    **Federal Courts** ⟜Scope and Extent of Review

Following grant of certiorari, the Supreme Court would decide the question argued by the parties, even if the petition for certiorari did not address it, where the question was a subsidiary

Unicolors, Inc. v. H&M Hennes & Mauritz, L. P., --- S.Ct. ---- (2022)

2022 WL 547681

question fairly included in the petition's question presented.

**[14]**   **Fraud**⟜Knowledge of defendant
      **Fraud**⟜Materiality of matter represented or concealed

"Fraud" typically requires a knowing misrepresentation of a material fact.

*Syllabus*[*]

**\*1** A valid copyright registration provides a copyright holder with important legal advantages, including the right to bring a "civil action for infringement" of the copyrighted work. 17 U.S.C. § 411(a). Petitioner Unicolors, the owner of copyrights in various fabric designs, filed a copyright infringement action against H&M Hennes & Mauritz (H&M). A jury found in favor of Unicolors. H&M sought judgment as a matter of law, arguing that Unicolors could not maintain an infringement suit because Unicolors knowingly included inaccurate information on its registration application, rendering its copyright registration invalid. The alleged inaccuracy stemmed from Unicolors having filed a single application seeking registration for 31 separate works despite a Copyright Office regulation that provides that a single application may cover multiple works only if they were "included in the same unit of publication." H&M argued that Unicolors did not meet this requirement because Unicolors had initially made some of the 31 designs available for sale exclusively to certain customers, while offering the rest to the general public. The District Court determined that because Unicolors did not know when it filed its application that it had failed to satisfy the "single unit of publication" requirement, Unicolors' copyright registration remained valid by operation of the safe harbor provision provided under § 411(b)(1)(A). On appeal, the Ninth Circuit determined that it did not matter whether Unicolors was aware that it had failed to satisfy the single unit of publication requirement, because the safe harbor excuses only good-faith mistakes of fact, not law. Unicolors had known the relevant facts, so its knowledge of the law (or lack thereof) was irrelevant.

*Held*: Section 411(b) does not distinguish between a mistake of law and a mistake of fact; lack of either factual or legal knowledge can excuse an inaccuracy in a copyright registration under § 411(b)(1)(A)'s safe harbor. Pp. —— – ——.

(a) The Copyright Act provides that a certificate of registration is valid, even though it contains inaccurate information, as long as the copyright holder lacked "knowledge that it was inaccurate." §

Unicolors, Inc. v. H&M Hennes & Mauritz, L. P., --- S.Ct. ---- (2022)
2022 WL 547681

411(b)(1)(A). Case law and the dictionary instruct that "knowledge" has historically "meant and still means the fact or condition of being aware of something." *Intel Corp. Investment Policy Comm*. v. *Sulyma*, 589 U. S. ——, —— (internal quotation marks omitted). Nothing in § 411(b)(1)(A) suggests that the safe harbor applies differently simply because an applicant made a mistake of law as opposed to a mistake of fact. If Unicolors was not aware of the legal requirement that rendered information in its application inaccurate, it could not have included the inaccurate information "with knowledge that it was inaccurate." § 411(b)(1)(A). Pp. —— – ——.

(b) Nearby statutory provisions help confirm that here "knowledge" refers to knowledge of the law as well as the facts. Registration applications call for information that requires both legal and factual knowledge. See, *e.g.*, § 409(4) (whether a work was made "for hire"); § 409(8) (when and where the work was "published"); § 409(9) (whether the work is "a compilation or derivative work"). Inaccurate information in a registration may arise from a mistake of law or a mistake of fact. Nothing in the statutory language suggests that Congress wanted to forgive applicants—many of whom lack legal training—for factual but not (often esoteric) legal mistakes. Moreover, had Congress intended a scienter requirement other than actual knowledge, it would have said so explicitly, as it did in other parts of the Copyright Act. Indeed, cases decided before Congress enacted § 411(b) overwhelmingly concluded that inadvertent mistakes on registration certificates—many of which involved mistakes of law—neither invalidated copyright registrations nor disallowed infringement actions. The Court finds no indication that Congress intended to alter this well-established rule when it enacted § 411(b). Pp. —— – ——.

**\*2** (c) Those who consider legislative history will find indications that Congress enacted § 411(b) to make it easier, not more difficult, for nonlawyers to obtain valid copyright registrations. It did so in part by "eliminating loopholes" that allowed infringers to exploit mistakes in the application process to prevent enforcement of otherwise validly registered copyrights. H. R. Rep. No. 110–617, p. 20. Given this history, it would make no sense if § 411(b) left copyright registrations exposed to invalidation based on applicants' good-faith misunderstandings of the details of copyright law. P. ——.

(d) H&M's remaining arguments are unavailing. First, the Court's interpretation of the statute will not allow copyright holders to avoid the consequences of an inaccurate application by claiming lack of knowledge. As in other legal contexts, courts need not automatically accept a copyright holder's claim that it was unaware of the relevant legal requirements. Willful blindness may support a finding of actual knowledge. Additionally, circumstantial evidence may demonstrate that an applicant was actually aware of, or willfully blind to, legally inaccurate information. Second, the legal maxim that "ignorance of the law is no excuse" does not apply in this civil case concerning the scope of a statutory safe harbor that arises from ignorance of collateral legal requirements. Finally, the "knowledge" question that the parties have argued, and which the Court decides, was a "subsidiary question fairly included" in the petition's question presented. See this Court's Rule 14.1(a). And the Ninth Circuit explicitly addressed the knowledge issue when it held that Unicolors' "knowledge" of the facts underlying the inaccuracy on its application was sufficient to demonstrate knowledge under § 411(b)(1)(A) without regard to Unicolors' knowledge of the relevant law. Pp. —— – ——.

959 F.3d 1194, vacated and remanded.

BREYER, J., delivered the opinion of the Court, in which ROBERTS, C. J., and SOTOMAYOR,

KAGAN, KAVANAUGH, and BARRETT, JJ., joined. THOMAS, J., filed a dissenting opinion, in which ALITO, J. joined, and in which GORSUCH, J. joined, except as to Part II.

**Attorneys and Law Firms**

E. Joshua Rosenkranz, New York, NY, for the petitioner.

Melissa N. Patterson for the United States as amicus curiae, by special leave of the Court, supporting petitioner.

Peter K. Stris, Los Angeles, CA, for the respondent.

Scott Alan Burroughs, Stephen M. Doniger, Trevor W. Barrett, Doniger/Burroughs PC, Venice, CA, Thomas M. Bondy, Lauren A. Weber, Orrick, Herrington & Sutcliffe LLP, Washington, D.C., E. Joshua Rosenkranz, Counsel of Record, Christopher J. Cariello, Jennifer Keighley, Joseph R. Kolker, Katherine Kerrick, Orrick, Herrington & Sutcliffe LLP, New York, NY, Counsel for Petitioner.

Staci Jennifer Riordan, Dale Alfred Hudson, Aaron Michael Brian, Nixon Peabody LLP, Los Angeles, CA, Bridget Asay, Stris & maher LLP, Montpelier, VT, Tillman J. Breckenridge, Stris & Maher LLP, Washington, DC, Peter K. Stris, Counsel of Record, Elizabeth Brannen, Rachana A. Pathak, Douglas D. Geyser, John Stokes, Stris & Maher LLP, Los Angeles, CA, Counsel for Respondent.

**Opinion**

Justice BREYER delivered the opinion of the Court.

[1] [2]A valid copyright registration provides a copyright holder with important and sometimes necessary legal advantages. It is, for example, a prerequisite for bringing a "civil action for infringement" of the copyrighted work. 17 U.S.C. § 411(a). Additionally, a plaintiff in an infringement action normally cannot obtain an award of statutory damages or attorney's fees for infringement that occurred prior to registration. § 412.

[3] [4]To obtain registration, the author of a work must submit to the Register of Copyrights a copy of the work and an application. §§ 408, 409. The application must provide information about the work. § 409. Some of this information is purely factual, but some of it incorporates legal conclusions. *Ibid.* If the Register determines that the work is copyrightable and meets other statutory requirements, she will issue a certificate of registration. § 410(a). The information on this certificate reflects the information that the copyright holder provided on the application. *Ibid.*

Naturally, the information provided on the application for registration should be accurate. Nevertheless, the Copyright Act provides a safe harbor. It says that a certificate of registration is valid

"regardless of whether the certificate contains any inaccurate information, unless—

"(A) the inaccurate information was included on the application for copyright registration *with*

*knowledge that it was inaccurate*; and

**\*3** "(B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration." § 411(b)(1) (emphasis added).

[5]The important point for our purposes is that a certificate of registration is valid even though it contains inaccurate information, as long as the copyright holder lacked "knowledge that it was inaccurate." § 411(b)(1)(A).

[6]The question before us concerns the scope of the phrase "with knowledge that it was inaccurate." The Court of Appeals for the Ninth Circuit believed that a copyright holder cannot benefit from the safe harbor and save its copyright registration from invalidation if its lack of knowledge stems from a failure to understand the law rather than a failure to understand the facts. In our view, however, § 411(b) does not distinguish between a mistake of law and a mistake of fact. Lack of knowledge of either fact or law can excuse an inaccuracy in a copyright registration. We therefore vacate the Court of Appeals' contrary holding.

I

The petitioner here, Unicolors, owns copyrights in various fabric designs. App. 50–51. It sued the respondent, H&M Hennes & Mauritz, L.P. (H&M), for copyright infringement. 959 F.3d 1194, 1195 (CA9 2020). The jury found in Unicolors' favor, but H&M asked the trial court to grant it judgment as a matter of law. *Id.,* at 1196–1197. H&M argued, among other things, that Unicolors' registration certificate was invalid (and that therefore Unicolors could not sue for infringement) because it contained inaccurate information. *Id.,* at 1197–1198; see also § 411(a). Specifically, H&M argued that Unicolors' registration certificate was inaccurate because Unicolors had improperly filed a single application seeking registration for 31 separate works. App. 91–92, 170–172. H&M relied on a Copyright Office regulation, which provides that a single registration can cover multiple works *only if those works were "included in the same unit of publication." Id.,* at 170 (emphasis added); 37 C.F.R. § 202.3(b)(4) (2020). H&M argued that the 31 fabric designs covered by Unicolors' single application (and therefore single registration) had not been published as a single unit of publication because Unicolors had initially made some of the designs available for sale exclusively to certain customers, while other designs were immediately available to the general public. App. 170–171. Because the first statutory requirement for invalidating Unicolors' registration (a knowing inaccuracy) was satisfied, H&M argued, the District Court should move to the second requirement and ask the Register of Copyrights whether it would have refused to register Unicolors' copyright if it had been aware of the inaccuracy. *Id.,* at 172–173; see also §§ 411(b)(1)(B), (b)(2).

The District Court denied H&M's motion. *Id.,* at 202. Among other things, it noted that "a registration remains effective despite containing inaccurate information" if the registrant included the inaccurate information in the registration application without "knowledge that it was inaccurate." *Id.,* at 180–181 (internal quotation marks omitted). Because Unicolors did not know that it had failed to satisfy the "single unit of publication" requirement when it filed its application, the purported inaccuracy could not

Unicolors, Inc. v. H&M Hennes & Mauritz, L. P., --- S.Ct. ---- (2022)
2022 WL 547681

invalidate the registration. *Id.,* at 182.

**\*4** The Ninth Circuit disagreed. It agreed with H&M that Unicolors had failed to satisfy the "single unit of publication" requirement (because it offered some of the 31 designs exclusively to certain customers). 🚩 959 F.3d, at 1198–1200. But did Unicolors *know* about this inaccuracy? In the Ninth Circuit's view, it did not matter whether Unicolors did or did not know that it had failed to satisfy the "single unit of publication" requirement. 🚩 *Id.,* at 1200. That was because, in the Ninth Circuit's view, the statute excused only good-faith mistakes of fact, not law. 🚩 *Ibid.*   And Unicolors had known the relevant facts, namely, that some of the 31 designs had initially been reserved for certain customers. 🚩 *Ibid.*

Unicolors sought certiorari, asking us to review the Ninth Circuit's interpretation of § 411(b)(1)(A). We granted the petition.


## II

A brief analogy may help explain the issue we must decide. Suppose that John, seeing a flash of red in a tree, says, "There is a cardinal." But he is wrong. The bird is not a cardinal; it is a scarlet tanager. John's statement is inaccurate. But what kind of mistake has John made?

John may have failed to see the bird's black wings. In that case, he has made a mistake about the brute facts. Or John may have seen the bird perfectly well, noting all of its relevant features, but, not being much of a birdwatcher, he may not have known that a tanager (unlike a cardinal) has black wings. In that case, John has made a labeling mistake. He saw the bird correctly, but does not know how to label what he saw. Here, Unicolors' mistake is a mistake of labeling. But unlike John (who might consult an ornithologist about the birds), Unicolors must look to judges and lawyers as experts regarding the proper scope of the label "single unit of publication." The labeling problem here is one of law. Does that difference matter here? Cf. *United States v. Fifty-Three (53) Eclectus Parrots*, 685 F.2d 1131, 1137 (CA9 1982). We think it does not.

[7]Our reasons are straightforward. For one thing, we follow the text of the statute. See 🔖 *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 251, 130 S.Ct. 2149, 176 L.Ed.2d 998 (2010). Section 411(b)(1) says that Unicolors' registration is valid "regardless of whether the [registration] certificate contains any inaccurate information, unless ... the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate." Both case law and the dictionary tell us that "knowledge" has historically "meant and still means 'the fact or condition of being aware of something.' " *Intel Corp. Investment Policy Comm.* v. *Sulyma*, 589 U. S. ——, ——, 140 S.Ct. 768, 776, 206 L.Ed.2d 103 (2020) (quoting Webster's Seventh New Collegiate Dictionary 469 (1967)); see also Black's Law Dictionary 888 (8th ed. 2004); New Oxford American Dictionary 938 (def. 2) (2d ed. 2005); Webster's New College Dictionary 625 (3d ed. 2008).

Unicolors says that, when it submitted its registration application, it was not aware (as the Ninth Circuit would later hold) that the 31 designs it was registering together did not satisfy the "single unit of

publication" requirement. If Unicolors was not aware of the legal requirement that rendered the information in its application inaccurate, it did not include that information in its application "*with knowledge that it was inaccurate*." § 411(b)(1)(A) (emphasis added). Nothing in the statutory language suggests that this straightforward conclusion should be any different simply because there was a mistake of law as opposed to a mistake of fact.

To the contrary, nearby statutory provisions help confirm that here "knowledge" refers to knowledge of the law as well as the facts. Registration applications call for information that requires both legal and factual knowledge. See, *e.g.,* § 409(4) (whether a work was made "for hire"); § 409(8) (when and where the work was "published"); § 409(9) (whether the work is "a compilation or derivative work"). Inaccurate information in a registration is therefore equally (or more) likely to arise from a mistake of law as a mistake of fact. That is especially true because applicants include novelists, poets, painters, designers, and others without legal training. Nothing in the statutory language suggests that Congress wanted to forgive those applicants' factual but not their (often esoteric) legal mistakes.

**\*5** Other provisions of the Copyright Act confirm that, in this context, the word "knowledge" means actual, subjective awareness of both the facts and the law. Those provisions suggest that if Congress had intended to impose a scienter standard other than actual knowledge, it would have said so explicitly. See, *e.g.,* § 121A(a) (safe harbor for entities that "did not know or have reasonable grounds to know" that exported works would be used by ineligible persons); § 512(c)(1)(A) (safe harbor for internet service providers who are not actually aware of infringing activities on their systems and are "not aware of facts or circumstances from which infringing activity is apparent"); § 901(a)(8) (" 'notice of protection' " requires "actual knowledge ... or reasonable grounds to believe" that a "work is protected"); § 1202(b) (civil remedies for certain acts performed by a person who knows or has "reasonable grounds to know" that he or she was facilitating infringement); § 1401(c)(6)(C)(ii) (for purposes of paragraph regarding the "[u]nauthorized use of pre-1972 sound recordings," "knowing" includes one who "has actual knowledge," "acts in deliberate ignorance of the truth or falsity of the information," or "acts in grossly negligent disregard of the truth or falsity of the information"). The absence of similar language in the statutory provision before us tends to confirm our conclusion that Congress intended "knowledge" here to bear its ordinary meaning. See 🔖 *Nken v. Holder*, 556 U.S. 418, 430, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009).

**[8]** For another thing, cases decided before Congress enacted § 411(b) "overwhelming[ly held] that inadvertent mistakes on registration certificates [did] not invalidate a copyright and thus [did] not bar infringement actions." 🚩 *Urantia Foundation v. Maaherra*, 114 F.3d 955, 963 (CA9 1997). Many of those cases involved mistakes of law. See, *e.g.,* 🚩 *id.,* at 961, 963; 🔖 *Billy-Bob Teeth, Inc. v. Novelty, Inc.*, 329 F.3d 586, 591 (CA7 2003); 🔖 *Advisers, Inc. v. Wiesen-Hart, Inc.*, 238 F.2d 706, 707–708 (CA6 1956) (*per curiam*). We can find no indication that Congress intended to alter this well-established rule when it enacted § 411(b). See 🔖 *Davis v. Michigan Dept. of Treasury*, 489 U.S. 803, 813, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989) ("When Congress codifies a judicially defined concept, it is presumed, absent an express statement to the contrary, that Congress intended to adopt the interpretation placed on that concept by the courts"); see also 🔖 *Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519, 538, 133 S.Ct. 1351, 185 L.Ed.2d 392 (2013) (similar).

Further, those who consider legislative history will find that history persuasive here. It indicates that

Congress enacted § 411(b) to make it easier, not more difficult, for nonlawyers to obtain valid copyright registrations. The House Report states that its purpose was to "improve intellectual property enforcement in the United States and abroad." H. R. Rep. No. 110–617, p. 20 (2008). It did so in part by "eliminating loopholes that might prevent enforcement of otherwise validly registered copyrights." *Ibid.* The Report specifically notes that some defendants in copyright infringement cases had "argued ... that a mistake in the registration documents, such as checking the wrong box on the registration form, renders a registration invalid and thus forecloses the availability of statutory damages." *Id.,* at 24. Congress intended to deny infringers the ability to "exploi[t] this potential loophole." *Ibid.* Of course, an applicant for a copyright registration—especially one who is not a lawyer—might check the wrong box on the registration documents as a result of a legal, as well as a factual, error. Given this history, it would make no sense if § 411(b) left copyright registrations exposed to invalidation based on applicants' good-faith misunderstandings of the details of copyright law.

### III

**[9] [10] [11]** H&M argues that our interpretation of the statute will make it too easy for copyright holders, by claiming lack of knowledge, to avoid the consequences of an inaccurate application. But courts need not automatically accept a copyright holder's claim that it was unaware of the relevant legal requirements of copyright law. We have recognized in civil cases that willful blindness may support a finding of actual knowledge. *Intel Corp.*, 589 U. S., at —— – ——, 140 S.Ct., at 778–79. Circumstantial evidence, including the significance of the legal error, the complexity of the relevant rule, the applicant's experience with copyright law, and other such matters, may also lead a court to find that an applicant was actually aware of, or willfully blind to, legally inaccurate information. See *id.,* at ——, 140 S.Ct., at 778–79.

**\*6 [12]** H&M also argues that our interpretation is foreclosed by the legal maxim that "ignorance of the law is no excuse." See Brief for Respondent 41–43. This maxim "normally applies where a defendant has the requisite mental state in respect to the elements of [a] crime but claims to be unaware of the existence of a statute proscribing his conduct." *Rehaif* v. *United States*, 588 U. S. ——, ——, 139 S.Ct. 2191, 2198, 204 L.Ed.2d 594 (2019) (internal quotation marks omitted). It does not apply in this civil case concerning the scope of a safe harbor that arises from ignorance of collateral legal requirements. See *ibid.*

**[13] [14]** Finally, H&M claims that neither Unicolors' petition for certiorari nor the Ninth Circuit's opinion addressed the question we decide here. The petition, however, asked us to decide whether a registration may be invalidated under § 411(b) even though there are no "indicia of fraud ... as to the work at issue in the subject copyright registration." Pet. for Cert. i. Fraud typically requires "[a] *knowing* misrepresentation ... of a material fact." Black's Law Dictionary 802 (11th ed. 2019) (emphasis added). If, as the Ninth Circuit concluded, § 411(b)(1)(A) does not require "knowledge" of legal errors, then it does not always require knowledge of the misrepresentation in the registration application, and therefore does not require the typical elements of fraud. Thus, the "knowledge" question that the parties have argued, and which we decide, was a "subsidiary question fairly included" in the petition's question presented. See this Court's Rule 14.1(a).

As to the decision below, the Ninth Circuit wrote that "the knowledge inquiry is not whether Unicolors knew that including a mixture of confined and non-confined designs would run afoul of the single-unit registration requirements; the inquiry is merely whether Unicolors knew that certain designs included in the registration were confined and, therefore, were each published separately to exclusive customers." 959 F.3d at, 1200. In context, we understand this statement to hold that Unicolors' "knowledge" of the *facts* that produced the inaccuracy was sufficient to demonstrate its knowledge of the inaccuracy itself under § 411(b)(1)(A). Unicolors' knowledge of the relevant law was irrelevant. The Ninth Circuit therefore explicitly addressed the question we here decide.

\* \* \*

For these reasons, the judgment of the Ninth Circuit is vacated, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

Justice THOMAS, with whom Justice ALITO joins, and with whom Justice GORSUCH joins as to all but Part II, dissenting.

A copyright registration is invalid if the registrant included materially inaccurate information in its application "with knowledge that [the information] was inaccurate." 17 U.S.C. § 411(b)(1)(A). In its petition for certiorari, Unicolors asked us to decide a question on which the Courts of Appeals were split: whether § 411(b)(1)(A)'s "knowledge" element requires "indicia of fraud." Pet. for Cert. i. Specifically, Unicolors argued that "knowledge" requires "inten[t] to defraud the Copyright Office." *Id.,* at 7.

Yet now, after having "persuaded us to grant certiorari on this issue," Unicolors has "chosen to rely on a different argument in [its] merits briefing." *Visa Inc.* v. *Osborn*, 580 U. S. ——, ——, 137 S.Ct. 289, 196 L.Ed.2d 396 (2016) (internal punctuation altered). It no longer argues that § 411(b)(1)(A) requires fraudulent intent and instead proposes a novel "actual knowledge" standard. Because I would not reward Unicolors for its legerdemain, and because no other court had, before today, ever addressed whether § 411(b)(1)(A) requires "actual knowledge," I would dismiss the writ of certiorari as improvidently granted.

I

**\*7** We should dismiss this case for the reasons we gave in *City and County of San Francisco v. Sheehan*, 575 U.S. 600, 135 S.Ct. 1765, 191 L.Ed.2d 856 (2015), and *Yee v. Escondido*, 503 U.S. 519, 112 S.Ct. 1522, 118 L.Ed.2d 153 (1992). In *Sheehan*, we granted review to resolve a Circuit split and decide whether the Americans with Disabilities Act requires law enforcement officers to provide reasonable accommodations to armed, violent, and mentally ill criminals while arresting them. 575 U.S., at 608, 135 S.Ct. 1765. But after the petitioners' opening brief "effectively concede[d]" that it may and pressed a narrower, "qualified" version of the original argument, *id.,* at 609, 135 S.Ct. 1765, we dismissed the case for lack of "adversary presentation" of the question presented, *id.,* at 610, 135 S.Ct. 1765. In *Yee*, the petitioner raised an argument that was not clearly pressed or passed upon below, that was not the subject of a known circuit split, and that, in fact, no court in the country had squarely addressed before. See 503 U.S., at 534, 537–538, 112 S.Ct. 1522. We declined to "be the first court in the Nation" to decide the petitioner's novel legal question. *Id.*, at 538, 112 S.Ct. 1522.

These considerations counsel dismissal here. First, Unicolors has abandoned the actual question presented and now presses novel arguments in favor of reversal. We took this case to resolve an apparent split between the Eleventh Circuit, which has held that § 411(b)(1)(A) requires "deceptive intent," *Roberts v. Gordy*, 877 F.3d 1024, 1030 (2017), and the Ninth Circuit, which held below that "there is no such intent-to-defraud requirement," 959 F.3d 1194, 1198 (2020) (citing *Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F.3d 1140, 1147 (CA9 2019)). Agreeing with the Eleventh Circuit, Unicolors argued in its petition for certiorari that "knowledge" requires "inten[t] to defraud." Pet. for Cert. 7. But now, siding with the Ninth Circuit, Unicolors contends that a mere "knowing failure" satisfies § 411(b)(1)(A). Brief for Petitioner 33, 37 (internal quotation marks omitted). The United States, as *amicus* supporting Unicolors, agrees. See Brief for United States as *Amicus Curiae* 25, n. 5. And, obviously, so does H&M. See Brief for Respondent 1. Thus, no party or *amicus* before us supports the Eleventh Circuit's position. Without "adversary presentation" on the actual question presented, we should dismiss. *Sheehan*, 575 U.S., at 610, 135 S.Ct. 1765.

Second, as in *Yee*, Unicolors' new merits-stage arguments present novel legal questions. Unicolors claims that "knowledge" in § 411(b)(1)(A) is satisfied only by *actual* knowledge (*i.e.,* an applicant subjectively knew of an inaccuracy) rather than actual or *constructive* knowledge (*i.e.,* an applicant should have known of an inaccuracy). It further contends that a copyright applicant must actually know that it is misapplying a *legal* standard rather than simply misstating the *facts*.

It is undisputed that Unicolors raised neither point below. It is also undisputed that there is no circuit split on either of Unicolors' new arguments. And it is clear that the Court of Appeals did not meaningfully consider these questions. It said nothing about actual versus constructive knowledge, see 959 F.3d, at 1200, and it merely implied, in a cursory sentence, that § 411(b)(1)(A) requires knowledge of facts and not law, see *ante*, at —— (citing 959 F.3d at, 1200). Other than this halfway relevant and completely unreasoned statement, the Court cites no other opinion from any court that interprets § 411(b)(1)(A). Thus, we are the "first court in the Nation" to decide the important questions that Unicolors belatedly presents. *Yee*, 503 U.S., at 538, 112 S.Ct. 1522. I would decline the invitation to take that imprudent step.

The Court disputes none of this. Instead, it reasons that Unicolors' new arguments are " 'fairly

included' " in the question presented because, even though Unicolors originally proposed a fraud standard, it now argues for at least an element of that standard: actual knowledge of a misrepresentation. *Ante*, at —— (quoting this Court's Rule 14.1(a)).

The Court misapplies Rule 14.1(a). An argument is "fairly included" only if it raises a "*prior* question." *Lebron v. National Railroad Passenger Corporation*, 513 U.S. 374, 381, 115 S.Ct. 961, 130 L.Ed.2d 902 (1995). That is, resolving the new argument must be "a predicate to an intelligent resolution of the question presented." *Ohio v. Robinette*, 519 U.S. 33, 38, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996) (internal quotation marks omitted). Here, to decide whether § 411(b)(1)(A) requires fraud, we do not *first* need to decide what kind of knowledge fraud requires. To the contrary, it makes more sense to establish the correct legal standard before deciding what satisfies its elements. Cf. *Manuel* v. *Joliet*, 580 U. S. ——, —— – ——, n. 1, 137 S.Ct. 911, 923–24, n. 1, 197 L.Ed.2d 312 (2017) (ALITO, J., dissenting). This case proves the point: Unicolors effectively concedes that § 411(b)(1)(A) has no fraudulent-intent requirement and *then* asks us to hold that the provision nevertheless requires actual rather than constructive knowledge, and knowledge of legal and factual misstatements rather than knowledge of factual misstatements alone. Evidently, Unicolors can discern whether the statute requires fraud without addressing those questions. Likewise, the Ninth Circuit has held that § 411(b)(1)(A) does not require fraud based on its "plain language." *Gold Value*, 925 F.3d, at 1147. In reaching that conclusion, the Court of Appeals did not address the actual-versus-constructive-knowledge issue, and it reserved the law-versus-fact issue. See *ibid.* In short, deciding whether § 411(b)(1)(A) requires a particular element of fraud is not "prior" to deciding whether fraud is the proper standard in the first place.

**\*8** But even if Unicolors' arguments were "prior" questions, the Court still misapplies Rule 14.1(a). We are free to address "subsidiary question[s]" in deciding "any *question presented*." This Court's Rule 14.1(a) (emphasis added). Put another way, the subsidiary questions must be "inextricably linked" to the question under review and necessarily contribute to that question's resolution. *City of Sherrill v. Oneida Indian Nation of N. Y.*, 544 U.S. 197, 214, n. 8, 125 S.Ct. 1478, 161 L.Ed.2d 386 (2005). Here, though, the Court never answers the ultimate question about fraud. To provide an incomplete answer to the question presented disserves the public and our fellow judges. The Court does not decide the question that has split the Courts of Appeals, but instead decides a question that no court has addressed. And by granting review of one question but answering another, we encourage litigants "to seek review of a circuit conflict only then to change the question to one that seems more favorable." *Czyzewski* v. *Jevic Holding Corp.*, 580 U. S. ——, ——, 137 S.Ct. 973, 988, 197 L.Ed.2d 398 (2017) (THOMAS, J., dissenting); see also *Yee*, 503 U.S., at 536, 112 S.Ct. 1522 (parties would be "encouraged to fill their limited briefing space and argument time with discussion of issues other than the one on which certiorari was granted"). The result is muddled briefing on questions we did not agree to resolve, and a ruling that bypasses the ordinary process of appellate review.

II

In this case, the Court's misstep comes at considerable cost. A requirement to know the law is ordinarily satisfied by constructive knowledge, cf. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L. P. A.*, 559 U.S. 573, 584, 130 S.Ct. 1605, 176 L.Ed.2d 519 (2010), because "actual knowledge of illegality" can be "difficult or impossible" to prove, *Ratzlaf v. United States*, 510 U.S. 135, 162, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994) (Blackmun, J., dissenting). Yet here, the Court imposes an actual-knowledge-of-law standard that is virtually unprecedented except in criminal tax enforcement. See *Cheek v. United States*, 498 U.S. 192, 201–203, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991). And while the Court claims the word "knowledge" in § 411(b)(1)(A) compels this conclusion, see *ante,* at ——, that result is far from certain. In *Cheek*, this Court required actual knowledge of law in light of a "willfulness" requirement. 498 U.S., at 201–202, 111 S.Ct. 604. A "knowledge" requirement, by contrast, often encompasses actual *and* constructive knowledge. See *Intel Corp. Investment Policy Comm.* v. *Sulyma*, 589 U. S. ——, —— – ——, 140 S.Ct. 768, 776–77, 206 L.Ed.2d 103 (2020). Moreover, as the Court recognizes, the other knowledge requirements in the Copyright Act are satisfied by either kind of knowledge. See *ante,* at ——. The Court points to no other Copyright Act provision that is satisfied by actual knowledge alone. That the Court reads § 411(b)(1)(A) to be the lone exception is dubious. That the Court does so without permitting any other court in the country to first consider the question is unwise.

\* \* \*

I would dismiss the writ of certiorari as improvidently granted because Unicolors has abandoned the question presented and instead proposes novel questions of copyright law that no other court addressed before today. I respectfully dissent.

**All Citations**

--- S.Ct. ----, 2022 WL 547681

### Footnotes

\*   The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States v. Detroit Timber & Lumber Co.*, 200 U.S. 321, 337.

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.