# EXHIBIT 12



(/web/20161211010304/https://www.copyright.gov/)

Home (index.html) / Compendium

## Compendium of U.S. Copyright Office Practices, Third Edition

Released December 22, 2014.

Download full text of the Compendium (1,288 pages) (/web/20161211010304/https://www.copyright.gov/comp3/docs/compendium.pdf).

### Announcement

Register of Copyrights Maria A. Pallante has released the *Compendium of U.S. Copyright Office Practices, Third Edition* (the "Third Edition"). The first major revision in more than two decades, the Third Editon presents more than 1200 pages of administrative practices and sets the stage for a number of long-term improvements in registration and recordation policy. It is effective as of December 22, 2014, and is the governing administrative manual for registrations and recordations issued by the Office on or after that date.

Read more. (/web/20161211010304/https://www.copyright.gov/comp3/announcement.html)

### Acknowledgements

In releasing the *Compendium of U.S. Copyright Office Practices, Third Edition*, the Register of Copyrights is indebted to the team of attorneys, registration specialists, and design experts who worked relentlessly and collaboratively with the Office of the Register to make it possible.

Read more. (/web/20161211010304/https://www.copyright.gov/comp3/acknowledgements.html)

### Access Prior Editions

The Compendium of U.S. Copyright Office Practices, First Edition (1973) and Second Edition (1984) (/web/20161211010304/https://www.copyright.gov/comp3/prior-editions.html)

### Read Sections Of The Compendium

Title Page (/web/20161211010304/https://www.copyright.gov/comp3/cover.html)

Introduction (/web/20161211010304/https://www.copyright.gov/comp3/introduction.html)

Chapters (/web/20161211010304/https://www.copyright.gov/comp3/comp-index.html)

Glossary (/web/20161211010304/https://www.copyright.gov/comp3/glossary.html)

Submit a Comment (/web/20161211010304/https://www.copyright.gov/comp3/comments.html)

Subscribe (https://web.archive.org/web/20161211010304/https://public.govdelivery.com/accounts/USLOC/subscriber/new)

Twitter (https://web.archive.org/web/20161211010304/https://twitter.com/CopyrightOffice)

Feedback (https://web.archive.org/web/20161211010304/http://libraryofcongress.polldaddy.com/s/copyrightgov)

Blog (https://web.archive.org/web/20161211010304/http://blogs.loc.gov/copyrightdigitization/)

**About Us**

Overview (/web/20161211010304/https://www.copyright.gov/about/)

USCO Leadership (/web/20161211010304/https://www.copyright.gov/about/leadership/)

Strategic Plan (/web/20161211010304/https://www.copyright.gov/reports/strategic-plan/USCO-strategic.pdf)

Key Offices (/web/20161211010304/https://www.copyright.gov/about/offices/)

Academic Partnerships (/web/20161211010304/https://www.copyright.gov/about/special-programs/partnerships.html)

Budget Testimony (/web/20161211010304/https://www.copyright.gov/about/budget/)

Copyright Matters Lecture Series (/web/20161211010304/https://www.copyright.gov/copyrightmatters/)

Internships (/web/20161211010304/https://www.copyright.gov/about/special-programs/internships.html)

Kaminstein Program (/web/20161211010304/https://www.copyright.gov/about/special-programs/kaminstein.html)

Ringer Fellowship (/web/20161211010304/https://www.copyright.gov/about/special-programs/ringer.html)

Schedule of Fees (/web/20161211010304/https://www.copyright.gov/docs/fees.html)

**News**

Federal Register Notices (/web/20161211010304/https://www.copyright.gov/fedreg/)

NewsNet (/web/20161211010304/https://www.copyright.gov/newsnet/)

**Law and Policy**

Copyright Law (/web/20161211010304/https://www.copyright.gov/title17/)

Regulations (/web/20161211010304/https://www.copyright.gov/title37/)

Open Rulemakings (/web/20161211010304/https://www.copyright.gov/rulemaking/)

Past Rulemakings (/web/20161211010304/https://www.copyright.gov/rulemaking/past-rulemaking.html)

Active Policy Studies (/web/20161211010304/https://www.copyright.gov/policy/)

Policy Reports (/web/20161211010304/https://www.copyright.gov/policy/policy-reports.html)

Legislative Developments (/web/20161211010304/https://www.copyright.gov/legislation/)

Congressional Hearings (/web/20161211010304/https://www.copyright.gov/laws/hearings/)

USCO Testimony (/web/20161211010304/https://www.copyright.gov/laws/testimonies/)

International Issues (/web/20161211010304/https://www.copyright.gov/international-issues/)

Fair Use Index (/web/20161211010304/https://www.copyright.gov/fair-use/)

**Publications**

Read the Compendium (/web/20161211010304/https://www.copyright.gov/comp3/comp-index.html)

Read the Regulations (/web/20161211010304/https://www.copyright.gov/title37/)

Read the Copyright Law (/web/20161211010304/https://www.copyright.gov/title17/)

Annual Reports (/web/20161211010304/https://www.copyright.gov/history/annual_reports.html)

Circulars (/web/20161211010304/https://www.copyright.gov/circs/)

Factsheets (/web/20161211010304/https://www.copyright.gov/circs/factsheet.html)

Forms (/web/20161211010304/https://www.copyright.gov/forms/)

Historical Documents (/web/20161211010304/https://www.copyright.gov/history/)

Active Policy Studies (/web/20161211010304/https://www.copyright.gov/policy/)

IT & Technology Reports (/web/20161211010304/https://www.copyright.gov/technology-reports/)

Strategic Plan (/web/20161211010304/https://www.copyright.gov/reports/strategic-plan/USCO-strategic.pdf)

Register's Speeches (/web/20161211010304/https://www.copyright.gov/about/office-register/speeches.html)

**Contact Us**

Mailing Addresses (/web/20161211010304/https://www.copyright.gov/about/addresses.html)

General Questions (/web/20161211010304/https://www.copyright.gov/help/index.html)

Online Registration Help (/web/20161211010304/https://www.copyright.gov/eco/faq.html)

**U.S. Copyright Office**

101 Independence Ave. S.E.

Washington, D.C. 20559-6000

(202) 707–3000 or 1 (877) 476–0778 (toll free)

USCO Webmaster (mailto:copyweb@loc.gov)

Library of Congress (https://web.archive.org/web/20161211010304/http://www.loc.gov/index.html)| Congress.gov (https://web.archive.org/web/20161211010304/http://congress.gov/) | USA.gov (https://web.archive.org/web/20161211010304/http://www.usa.gov/) | FOIA (https://web.archive.org/web/20161211010304/http://www.copyright.gov/foia/) | IP/DMCA (/web/20161211010304/https://www.copyright.gov/about/ip-dmca.html) | Privacy Policy (/web/20161211010304/https://www.copyright.gov/about/privacy-policy.html)

### 620.10(D)(2)(c) Extraneous Information Provided in the Transfer Statement Field / Space

As a general rule, if the author and the claimant appear to be the same person or organization the registration specialist will ignore any extraneous information that may be provided in the Transfer field/space, unless it explains or contradicts information that has been provided elsewhere in the registration materials.

*Examples:*

- An online application is submitted for a motion picture naming "Hari Prasad (Pvt.), Ltd., employer of Vijay Prasad" as the author and copyright claimant. The applicant checks the box indicating that the work is a work made for hire, and the transfer statement reads "by written agreement," "by contract," or the like. The registration specialist will register the claim without communicating with the applicant, because the transfer statement apparently refers to an employment agreement or work made for hire agreement, rather than an assignment of copyright from the author to the copyright claimant.

- Teacher Learning Services, Inc. submits an application for a textbook naming the company as the author and the copyright claimant. The work made for hire box is checked "yes" and the transfer statement states "by contract." The registration specialist will register the claim without communicating with the applicant, because the transfer statement apparently refers to a work made for hire agreement.

- Dennis Jameson submits an online application for a logo naming himself as the author/claimant of the work. The Transfer field reads "I created this logo for my unincorporated business." The registration specialist will ignore the extraneous statement and will register the claim.

- An online application names Reed Hall as the author and claimant for a poem. The transfer statement reads "My nephew wrote this poem. I am his legal guardian." The registration specialist will communicate with the applicant, because the transfer statement suggests that Reed is neither the author nor the copyright owner of this work.

### 621 Limitation of Claim

This Section discusses the U.S. Copyright Office's practices and procedures for limiting the scope of a claim to copyright. A claim should be limited if the work contains an appreciable amount of material that was previously published, material that was previously registered, material that is in the public domain, and/or material that is owned by an individual or legal entity other than the claimant who is named in the application.

Derivative works almost always contain unclaimable material because, by definition, they are based on, or incorporate, one or more preexisting works.

Likewise, compilations, including collective works, usually contain unclaimable material because they are often comprised of previously published, previously registered, public domain material, or material that is owned by a third party. To register a derivative work, a compilation, a collective work, or any other type of work that contains an appreciable amount of unclaimable material, the applicant should identify and exclude that material in the application using the procedure described in Section 621.8 below.

### 621.1  What Is Unclaimable Material?

A registration for a work of authorship extends only to the new material that the author contributed to that work. It does not extend to any unclaimable material that may appear in that work. For purposes of registration, unclaimable material includes the following types of material:

- Previously published material.

- Previously registered material (including material that has been submitted for registration but has not been registered yet).

- Material that is in the public domain.

- Copyrightable material that is owned by a third party (*i.e.*, an individual or legal entity other than the claimant who is named in the application).

These categories are described and discussed below in Sections 621.4 through 621.7.

If the work described in the application contains an appreciable amount of unclaimable material, the applicant should identify the unclaimable material that appears in that work and should exclude that material from the claim. Specifically, the applicant should provide a brief, accurate description of the unclaimable material in the appropriate field/space of the application. In the case of an online application, the applicant should provide this information in the Material Excluded field on the Limitation of Claim screen. In the case of a paper application, the applicant should provide this information in space 6(a) in the space marked Preexisting Material. For instructions on how to complete these portions of the application, see Section 621.8(B) below.

In addition, the applicant should identify the new authorship that is being claimed in the application. The applicant should provide this information in the New Material Included field of the online application or in space 6(b) of a paper application in the space marked Material Added to this Work. In the case of a derivative work, the applicant should provide a brief description of the new or revised material that the author contributed to the work. In the case of a compilation, the applicant should provide a brief description of the preexisting material or data that has been selected, coordinated, and/or arranged by the author. For instructions on how to complete these portions of the application, see Section 621.8(C) and 621.8(D).

The information provided in these fields/spaces will appear on the certificate of registration in the field marked Limitation of Copyright Claim and in the online public record in the fields marked Preexisting Material and Basis of Claim (regardless of whether the applicant submits an online application or a paper application).

Completing these fields/spaces correctly is essential to defining the claim that is being registered and it ensures that the public record will be accurate. The registration specialist may either annotate the registration record or communicate with the applicant if the work appears to be a derivative work, a compilation, a collective work, or any other work containing an appreciable amount of unclaimable material and if the applicant fails to exclude that unclaimable material from the claim.

> *Examples:*
>
> - *Excluding previously published material.* The Slow Food Press published a self-help book titled *Navigating the Supermarket.* The first edition was published in 2009 and the second edition was published in 2010. Because the second edition contains an appreciable amount of previously published material from the first edition, the publisher should exclude that material from the application to register the second edition by stating "previously published edition" in the Material Excluded field and "new text" in the New Material Included field.
>
> - *Excluding previously registered material.* ClamCake Software created a computer program called *Sharkbyte v. 1.0,* which was registered in 1999. ClamCake used an appreciable portion of the source code for this program to create a new program called *Sharkbyte v. 2.0.* Because the new program contains an appreciable amount of previously registered material, ClamCake should exclude that material from the application to register *Sharkbyte v 2.0* by providing the registration number for version 1.0 in the Previous Registration field or by stating "previously registered version" in the Material Excluded field and by stating "new computer code" in the New Material Included field.
>
> - *Excluding public domain material.* Alice Masters created a poster that is closely based on illustrations that appear in the book *The Emerald City of Oz* by L. Frank Baum. Because her poster contains an appreciable amount of public domain material, Alice should exclude that material from the application to register her poster by stating "some public domain material" in the Material Excluded field and "new artwork" in the New Material Included field.
>
> - *Excluding material that is owned by an individual or legal entity other than the claimant.* Kieran O'Brien submits an application to register a children's book. The copyright notice for this work reads "illustrations © Kieran O'Brien; text © Leaf Garrett." If the children's book is not a joint work, and if Kieran does not own the

copyright in the text, he should exclude that material from the application to register his illustrations by stating "text by Leaf Garrett" in the Material Excluded field and "2-D artwork" in the New Material Included field.

- *Limitation of claim not required.* Susana Fernandez wrote the first draft for her novel in 1995. The following year she wrote a short story, which was never published or registered. In 2005, she incorporated portions of her short story into the novel. The short story and the initial draft of the novel would not be considered unclaimable material, because that material has not been published before, it has not been registered before, it is not in the public domain, and it is not owned by a third party.

### 621.2 Unclaimable Material That Need Not Be Excluded from the Application

If the applicant intends to register a work that contains a minimal amount of unclaimable material, the applicant need not identify or disclaim that material in the application. Unclaimable material should be disclaimed only if it represents an appreciable portion of the work as a whole. Likewise, if the work contains material that is uncopyrightable, such as facts or mere ideas, there is no need to exclude that material from the application. Generally, quotations from a preexisting work do not need to be excluded as unclaimable material.

*Examples:*

- An online application is submitted for an essay. The applicant asserts a claim in "text." In the Note to Copyright Office field, the applicant explains that he "read many newspapers and books in researching this topic." The work contains one quote. The New Material Included / Material Excluded fields may be left blank, because the quote is too brief to require a limitation of claim.

- An application is submitted for a musical work titled *Ask Not What Your Country Can Do For You*. The chorus contains the phrase, "Ask what you can do for your country," which was taken from President Kennedy's inaugural address. The New Material Included/Material Excluded fields may be left blank, because short phrases are uncopyrightable.

### 621.3 The Relationship Between the Author Created / Limitation of Claim Fields in the Online Application and the Relationship between Spaces 2, 6(a), and 6(b) of the Paper Application

As a general rule, a claim to copyright is defined by the information provided in the Author Created field (in the case of an online application) or in the Nature of Authorship space (in the case of a paper application). Therefore, all of the material that the applicant intends to register should be identified in these fields/spaces.

copyrightable, and the copyright owner may be entitled to a separate award of statutory damages for each work. Thus, if the applicant intents to register a number of individual works (but does not intend to register the collection as a whole), the applicant may want to include a statement in the application that the claimant claims no authorship in the selection, coordination, and/or arrangement of works included within the collection. When completing an online application this statement may be provided in the Note to Copyright Office field.  When completing a paper application it may be provided in a cover letter.  However, unless selection, coordination, and/or arrangement is specifically claimed in the application the Office will presume that the claim is solely in the individual works in the unpublished collection.

Copyright owners who use a group registration option may be entitled to claim a separate award of statutory damages for each work that is covered by the registration, because a group registration covers each work that is submitted for registration (rather than the group as a whole). However, there is an exception to this rule. As discussed in Section 1117, a group registration for a database covers the updates or revisions that were added to the database during the period specified in the registration. Copyright owners that use this option are entitled to claim only one award of statutory damages in a copyright infringement action, because the updates or revisions to a database are derivative compilations, and as noted above, the statute expressly states that "all the parts of a compilation or derivative work constitute one work" when calculating statutory damages. *See id.*

## 1105 Cancellation

The U.S. Copyright Office may cancel a group registration or a registration for an unpublished collection or a unit of publication if the Office subsequently determines that the applicant failed to comply with the relevant requirements for these options. The practices and procedures for cancelling a registration are discussed in Chapter 1800, Section 1806.

## 1106 Unpublished Collections

This Section discusses the U.S. Copyright Office's current practices and procedures for registering a number of works using the unpublished collection option. This option is a registration accommodation for creators that incentivizes timely registration.

**NOTE:** When an unpublished work is registered with the Office it does not have to be registered again after the work is published (although as discussed in Chapter 500, Section 510.1, the Office will register the first published edition of a work even if the unpublished version and the published version are substantially the same). Registration as an unpublished work prior to infringement will preserve the availability of statutory damages and/or recovery of attorney's fees.

### 1106.1 Eligibility Requirements

An applicant may register multiple unpublished works with one application and one filing fee, provided that the following conditions have been met:

- All of the copyrightable elements that are otherwise recognizable as self-contained works must be unpublished.

- The elements must be assembled in an orderly form.

- The applicant must provide a single title for the collection as a whole.

- All of the elements must be created by the same author, or if the elements were created by multiple authors, at least one of the authors must have contributed copyrightable authorship to each work in the collection.

- The copyright claimant for all of the elements and the collection as a whole must be the same person or organization.

See 37 C.F.R. § 202.3(b)(4)(i)(B).

Works that do not satisfy these requirements cannot be registered as an unpublished collection.

In particular, an applicant cannot use this option to register a number of published and unpublished works. If any of the works have been published, the applicant should not include those works in the claim. For a definition and discussion of publication, see Chapter 1900.

At the present time, there is no limit on the number of works that may be registered with the unpublished collection option.

The application should expressly state that the applicant is seeking to register a number of works as an unpublished collection.

An applicant may register a number of works as an unpublished collection (i) if the claimant is the author of those works or (ii) if the same author created all of the works and if the claimant acquired the copyright in those works through a transfer of ownership. In all cases, the claimant must own the copyright in all the component works that are claimed in the application. If any of the works are not owned by the claimant, the applicant should exclude those works from the claim using the procedure described in Chapter 600, Section 621.8(B).

### 1106.2 Registration Requirements

In addition to satisfying the eligibility criteria discussed in Section 1106.1, the applicant must submit a completed application, a deposit consisting of all of the works in the collection, and the correct filing fee in order to register a number of works with the unpublished collection option.

The applicant may submit an online application through the U.S. Copyright Office's electronic registration system, or in the alternative, the applicant may submit a paper application using Forms TX, VA, PA, or SR. The Office strongly encourages applicants to use the electronic registration system rather than a paper application because online