RIMON, P.C.
Mark Lee (SBN 94103)
mark.lee@rimonlaw.com
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone/Facsimile: 213.375.3811

RIMON, P.C.
Zheng Liu (SBN 229311)
zheng.liu@rimonlaw.com
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
Telephone/Facsimile: 650.461.4433

Attorneys for Defendants
INTERFOCUS INC. d.b.a. www.patpat.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive.,<br><br>Defendants. | Case No. 2:20-cv-11181-CAS-JPRC<br><br>**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON COPYRIGHT INVALIDITY**<br><br>Hearing Date:  December 5, 2022<br>Time:                10:00 am<br>Courtroom:       8D<br><br>The Hon. Christina A. Snyder |
| INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, an individual, and DOES 1-10, inclusive,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Counterclaim Defendant. | |

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I.   INTRODUCTION. ................................................................................................ 1

II.  NEMAN BROTHERS' COPYRIGHT REGISTRATIONS SHOULD BE INVALIDATED UNDER THE NINTH CIRCUIT'S RECENT UNICOLORS DECISION. ............................................................................................................ 1

   A.   The Ninth Circuit Has Just Advised How the Supreme Court's *Unicolors* Decision Should Be interpreted. .............................................. 1

   B.   Neman Brothers' Registrations Should Be Invalidated Under the Ninth Circuit's *Unicolor* Standards. ..................................................... 2

   C.   Neman Brothers' Factual and Legal Arguments on Willful Blindness Cannot Defeat Summary Judgment. ...................................... 6

   D.   Neman Brothers' Arguments that the Copyright Office's Instructions Are "Confusing and Misleading" Cannot Defeat Summary Judgment. ................................................................................. 13

III. CONCLUSION .................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Board of Trustees of Leland Stanford Junior University v. Tyco Intern., Ltd.*,
253 F.R.D. 524 (C.D. Cal. 2008) ................................................................... 7

*Farmer v. Brennan*,
511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) ................................ 8

*Global-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011) ........................................................................ 10, 11, 13

*Healthestate, LLC, v. United States*,
160 Fed. Cl. 91 (Fed. Cl. 2022) ................................................................ 9, 14

*Lieb v. Korangy Publishing, Inc.*,
2022 WL 1124850 (E.D.N.Y. April 14, 2022) .............................. 9, 10, 13, 14

*Oliver v. Meow Wolf, Inc.*,
2022 WL 3682936 (D. N.M. Aug. 25, 2022) ................................... 9, 10, 14

*Scott v. Harris*,
550 U.S. 372, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) ............................... 8

*Staples v. United States*,
511 U.S. 600, 114 S. Ct. 1793, 128 L. Ed. 2d 608 (1994) ............................... 8

*Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*
211 L. Ed. 2d 5861 42 S. Ct. 941, 948 (2022) ............................................. 8, 9

*Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*,
52 F.4th 1054, 2022 WL 16845116 (9th Cir. Nov. 10, 2022) ................ *passim*

**Other Authorities**

Copyright Office's "Compendium of Offices Practices," .......................................... 5

John Heywood, 1546,
http://www.actualfreedom.com.au/richard/abditorium/nonesoblind.htm ........... 4

# TABLE OF AUTHORITIES CONT'D

**Page(s)**

**Other Authorities**

Rule 30(b)(6) .................................................................................................. 3, 7, 14

Jeremiah 5:21(JPS) ................................................................................................ 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Undisputed evidence demonstrates that Plaintiff Neman Brothers, Inc. ("Neman Brothers") was willfully blind to legal requirements in the three copyright applications at issue under legal standards the Ninth Circuit just established but Neman Brothers does not discuss. Its opposition instead 1) pretends evidence of willful blindness is not present to argue there is none, 2) submits other "evidence" that is irrelevant and insufficient to dispute willful blindness as a matter of law, and 3) overstates "willful blindness" requirements contrary to Supreme Court and Ninth Circuit guidance. Summary judgment of copyright invalidity should be entered in Defendant InterFocus, Inc.'s ("InterFocus'") favor for the reasons described below.

## II. NEMAN BROTHERS' COPYRIGHT REGISTRATIONS SHOULD BE INVALIDATED UNDER THE NINTH CIRCUIT'S RECENT UNICOLORS DECISION

### A. The Ninth Circuit Has Just Advised How the Supreme Court's *Unicolors* Decision Should Be interpreted.

In *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52F.4th 1054, 2022 WL 16845116 (9th Cir. Nov. 10, 2022), the Ninth Circuit advised how courts in this circuit should apply the Supreme Court's *Unicolors* decision when evaluating the validity of a copyright registration.[1] It held:

> "[A] party seeking to invalidate a copyright registration under § 411(b) must demonstrate that (1) the registrant submitted a registration application containing inaccuracies, (2) the registrant knew that the application failed to comply with the requisite legal requirements, and (3) the inaccuracies in question were material to the

---

[1] InterFocus could not cite that decision in its earlier supplemental brief because the decision did not issue until after that brief was submitted. (Dkt. No. 96 at 6.) Neman Brothers' opposition cites the decision, Dkt. No. 97 at 17, but does not discuss how it applies here.

registration decision by the Register of Copyrights." 2022 WL 16845116 at *8.

The Ninth Circuit further noted that "willful blindness" supports the above "knowledge" requirement under its standards, 2022 WL 16845116 at *9, and it explained that willful blindness is present "where [the copyright registrant] Unicolors has taken a legal position that egregiously misapplies a clear statute." 2022 WL 16845116 at *9.[2]

### B. Neman Brothers' Registrations Should Be Invalidated Under the Ninth Circuit's *Unicolor* Standards.

Neman Brothers' three registrations should be invalidated under the Ninth Circuit's new *Unicolors* standards for the following reasons.

First, this Court already determined that "the registrant submitted a registration application containing inaccuracies[,]" *Unicolors,* 2022 WL 16845116 at *8, supporting summary judgment. *See* Dkt. No. 82 at 26-27 ("the applications materials provided by Neman Brothers…confirm that inaccurate information was included on the application for copyright registration.") The first requirement therefore is satisfied as a matter of law.

Second, "the inaccuracies in question were material to the registration decision by the Register of Copyrights[,]" *Unicolors,* 2022 WL 16845116 at *8, further supporting summary judgment. The Register of Copyrights has already ruled that Neman Brothers' inaccurate information was so material "that the [Copyright]

---

[2] The Ninth Circuit concluded that there was no willful blindness in that case because there was no clear authority interpreting the complex "single unit of publication" regulation at issue there when that registrant filed its copyright application, which meant it "could not have knowingly violated our interpretation of the relevant regulation before we announced it." *Id.* Those facts are not present here, because the "authorship" and "derivative work" requirements Neman Brothers violated are simple, clear, and existed long before Neman Brothers egregiously misapplied them as shown below.

Office would have refused registration for the subject applications if it had been aware of the errors in Neman Brothers' copyright applications." Dkt. No. 85 at 18. The third requirement therefore also is satisfied as a matter of law.

Third, undisputed facts establish that Neman Brothers was "willfully blind" to and therefore "knew that the application failed to comply with the requisite legal requirements" as a matter of law. *Unicolors,* 2022 WL 16845116 at *8. How? Neman Brothers "egregiously misapplied' a clear instruction that limited authors to those who "actually create" works by naming itself the "Author" of third party works even though it knew it did not "actually create" them.[3] *Unicolors,* 2022 WL 16845116 at *9. The final requirement therefore also is established as a matter of law, and summary judgment should be entered in InterFocus' favor.

Neman Brothers' authorship inaccuracies could not have been innocent mistakes, because Neman Brothers claimed authorship while or within seconds of seeing text which explained that it could not be the author because it was neither the "person who actually created" nor the "employer" of the third parties who it knew actually created those works. Neman Brothers' Rule 30(b)(6) Deposition ("30(b)(6) Depo.") 45:10-23, 46:1-12, Declaration of Mark S. Lee ["Lee Decl."] ¶¶ 8, 17, Exs. 9 and 11, Dkt. Nos. 96-1 at ¶¶ 8, 17 and Dkt. Nos. 96-10 and -12; *see also*, Dkt. No. 96 at 6. Just as one cannot "innocently" claim that black is white or day is night, because the falsity of the claim is self-apparent and making it contradicts logic and the meaning of words in the English language, here Neman Brothers could not "innocently" claim something that the online application page made clear could not be true: that it "authored" works it did not actually "author." Neman Brothers therefore egregiously misapplied the legal requirements for "authorship" status to itself, either because it willfully refused to understand clear instructions directly in

---

[3] It also demonstrated willful blindness by failing to disclose that many of the works it identified were based on preexisting works and were therefore derivative in nature. *Unicolors,* 2022 WL 16845116 at *8, *9; Dkt. No. 85 at 6-9.

1 | front of it, or because it actually knew its authorship claims were legally inaccurate
2 | but made them anyway, to save itself time and money. Such conduct is the epitome
3 | of "willful blindness,", as "[t]here are none so blind as those who will not see."
4 | John Heywood, 1546,
5 | http://www.actualfreedom.com.au/richard/abditorium/nonesoblind.htm. *See also*,
6 | Jeremiah 5:21(JPS) ("Hear now this, O foolish people…which have eyes, and see
7 | not…").

8 |     Neman Brothers' willful blindness to this inescapable legal requirement is
9 | underscored by other undisputed facts which demonstrate that its false authorship
10 | claims and derivative work concealments were not isolated mistakes, but part of a
11 | decades-long course of conduct pursued in hundreds of copyright applications for its
12 | financial benefit. Neman Brothers' opposition does not dispute or deny the language
13 | or location of the Copyright Office's "author" and "derivative work" instructions
14 | that were attached to the front of the hard copy applications, and were included in
15 | the "author" webpage of the online applications. Dkt. No. 96 at 10; Lee Decl. ¶¶ 5-
16 | 6, 8; Exs. 1-7, 11, Dkt. Nos. 96-1 at ¶¶ 5-6, 8 and 96-2 to -8 and 96-12. Neman
17 | Brothers' opposition does not dispute or deny that it had to use one of the above
18 | methods to apply for its copyright registrations, and thus saw either the paper or
19 | online "author," and "derivative work" requirements every time it completed and
20 | filed its applications. Lee Decl. ¶¶ 7-8 and Ex. 11, Dkt. Nos. 96-1 at ¶¶ 7-8 and Dkt.
21 | No. 96-12. Although its opposition brief now tries to dispute it, Neman Brothers
22 | admitted their clarity in deposition and therefore cannot dispute or deny that those
23 | instructions were clear. 30(b)(6) Depo. 25:17-26:1; Lee Decl. ¶ 17 and Exs. 8 and 9,
24 | Dkt. Nos. 96-1 at ¶17 and Dkt. Nos 97-9 and -10.

25 |     Neman Brothers' opposition does not dispute or deny it was an experienced
26 | copyright registrant with a 30+ year history of filing over 350 group copyright
27 | registration applications. Lee Decl. ¶ 17; Ex. 8 and Ex. A thereto, Ex. 9, Dkt. Nos.
28 | 96-1 at ¶ 17 and 96-9 and -10. It does not dispute or deny that it made the same

inaccurate authorship claims in those hundreds of other applications to obtain registrations covering thousands of third-party works. *Id.* It does not dispute or deny that it never revealed to the Copyright Office that it did not create the third-party works included in the applications at issue in which it claimed authorship. *Id.* It does not dispute or deny that for more than 20 years it had easy access to information on the Copyright Office's website, to the Copyright Office's "Compendium of Offices Practices," or to Copyright Office Registration Specialists, but never consulted them to see if it qualified as an "author" of the third party works it did not actual create. Lee Decl. ¶ 9-10, Dkt. No. 96-1 at ¶ 9-10. It does not dispute or deny that it relied on those registrations to support 60 copyright infringement actions, or that it had easy access to copyright counsel for years as a result of those litigations, with whom it either did not consult or whose advice it ignored to falsely claim to be the author of works it did not actually create. Lee Decl. ¶ 11, Ex. 15; Dkt. No. 96-1 at ¶ 11 and Dkt. No. 96-16.  It does not factually dispute or deny that it saved itself thousands of hours of employee time and hundreds of thousands of dollars in filing fees by using inaccurate group registrations for the thousands of third party works it otherwise would have had to register individually to comply with the Copyright Office's clear instructions.[4]  Lee Decl. ¶¶ 14-16, Dkt. No. 96-1 at ¶¶ 14-16.

      These additional undisputed facts even more clearly establish that Neman Brothers was as least willfully blind to the Copyright Office's online "authorship" instructions for its own benefit, and committed what the Ninth Circuit characterizes as fraud on the Copyright Office to avoid them. 2022 WL 16845116 at *8 (explaining that when a copyright applicant files an inaccurate copyright application pursuant to the standards the Ninth Circuit established to invalidate a copyright registration as described above, it commits fraud on the Copyright Office.)  They

---

[4] It does nonsensically claim these facts "don't make sense" as discussed in Section II D, *infra*.

5
REPLY ISO MTN FOR SUMMARY JUDGMENT ON COPYRIGHT INVALIDITY

even more clearly require invalidation of the three registrations at issue.[5]

### C. Neman Brothers' Factual and Legal Arguments on Willful Blindness Cannot Defeat Summary Judgment.

Unable to factually dispute the above evidence, Neman Brothers' opposition pretends it isn't there to argue that because InterFocus has "completely failed to present evidence" of willful blindness (Dkt. No. 97 at 4), and because Neman Brothers claims it lacked "subjective knowledge" of legal inaccuracies and took no "deliberate action" to create them, it was not "willfully blind" to applicable legal requirements. Dkt. No. 97 at 3-8. That argument lacks merit for several reasons.

First, under the Supreme Court's and Ninth Circuit's standards, this Court should infer from the undisputed circumstantial evidence cited at length above that Neman Brothers knew its authorship claims were probably false, but that it deliberately claimed authorship anyway. Statements Neman Brothers had to make in the copyright applications at issue that it was the "author" of third party works it did not "actually create," while or just after reading or avoiding text on that very page that an "author" is the "person who actually created" the works, "egregiously misapplied" the clearest of inescapable "author" instructions in a way that demonstrates "willful blindness," if not deliberate falsity. *Unicolors,* 142 S. Ct. at 948; 2022 WL 16845116 at *9.

Second, Neman Brothers does not factually deny wrongdoing, but instead denies recalling whether it engaged in it, a "denial" that does not create a material factual dispute. For example, Neman Brothers' former employee Adelso Henriquez does not dispute or deny that when he completed the copyright applications at issue, he saw and understood but ignored the plain text on the Copyright Office's online application page that defines an "author" as "a person who actually created the

---

[5] Neman Brothers' failure to dispute the above facts showing it lacked good faith make irrelevant its legal arguments that assume its good faith. *See* Dkt. No. 97 at 16-19)

1   contribution, unless the contribution was "Made for hire" in which case the
2   **employer** is the author" when he completed the "Author" page of the online
3   copyright applications. Lee Decl. Ex. 11, Dkt. No. 96-12; *see also* Dkt. No. 96 at 6;
4   emphasis and coloring in original. To the contrary, he testified only that "I do not
5   remember specifically about those registrations but…I think I filled out the relevant
6   application forms…" Dkt. No. 97-1 at ¶11.

7       Neman Brothers cannot factually deny anything if it only knows what its
8   former employee has forgotten. Mr. Henriquez' failure to recall facts surrounding
9   the applications means he cannot deny that he read the above quoted text on the
10  online application page when he completed them, because he does not remember
11  whether he did so.  And the undisputed fact is, he had to read that page to add, in the
12  appropriate boxes, the "Author" information the applications required to be
13  completed and submitted.

14      Third, Neman Brothers' attempts to minimize the admissions of its Rule
15  30(b)(6) witness by pointing out she testified she lacked "personal knowledge" to
16  certain issues (Dkt. No. 97 at 22-23) also does not create a factual dispute to defeat
17  summary judgment. Neman Brothers had a duty to prepare the witness so that she
18  could testify to the matters specified in the notice, and it is bound by her testimony
19  regardless of her personal knowledge or lack thereof. *Board of Trustees of Leland*
20  *Stanford Junior University v. Tyco Intern., Ltd.*, 253 F.R.D. 524, 525-26 (C.D. Cal.
21  2008). "[T]he deponent's testimony is the corporation's testimony, and if the
22  corporation is a party, the testimony may be used…by an adverse party for any
23  purpose." *Id.* (*internal quotations omitted*.)

24      Fourth, Neman Brothers' memory-free denials of actual knowledge do not
25  preclude a "willful blindness" determination under the Supreme Court's *Unicolors*
26  analysis. The Supreme Court there made clear that "courts need not automatically
27  accept a copyright holder's claim that it was unaware of the relevant legal
28  requirements.  Willful blindness may support a finding of actual knowledge."

*Unicolors, Inc. v. H&M Hennes & Mauritz, L.P*. 211 L. Ed. 2d 5861 42 S. Ct. 941, 948 (2022). *Unicolors* thus introduced "willful blindness" as a *substitute* for actual knowledge when evaluating a copyright application. A copyright registrant cannot avoid invalidation by simply denying it did not actually know of or act on the legal requirements, as Neman Brothers seeks to do here. *Id.*

The Supreme Court in *Unicolors* also made clear that "[c]ircumstantial evidence…may…lead a court to find that an applicant was …willfully blind to, legally inaccurate information." *Id.* This is consistent with long-standing Supreme Court guidance; even actual knowledge can be proven through "inference from circumstantial evidence." *Farmer v. Brennan*, 511 U.S. 825, 842, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); *see also*, *Staples v. United States*, 511 U.S. 600, 615–616, n. 11, 114 S. Ct. 1793, 128 L. Ed. 2d 608 (1994) ("[K]nowledge can be inferred from circumstantial evidence"). Thus, Neman Brothers' mere denials of knowledge cannot defeat summary judgment under *Unicolors*, because this Court "need not automatically accept" them, and because willful blindness does not require the actual knowledge Neman Brothers denies having.  Abundant undisputed circumstantial evidence that Neman Brothers now claims it cannot remember well enough to dispute can establish willful blindness and support summary judgment notwithstanding those denials. *Staples*, 143 S. Ct. at 948.  Although, generally, "[a]t the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party," that is required "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (quoting Fed. Rule Civ. Proc. 56(c)). If a plaintiff 's evidence-free denial is "blatantly contradicted by the record" it claims it does not remember and therefore cannot dispute, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380, 127 S. Ct. 1769.

That is made even clearer by the Ninth Circuit's recent guidance in *Unicolors* that a copyright registrant shows willful blindness when it "egregiously misapplies"

8

REPLY ISO MTN FOR SUMMARY JUDGMENT ON COPYRIGHT INVALIDITY

a clear statute or Copyright Office instruction. 2022 WL 16845116 at *9. This Court's objective determination of "egregious misapplication" of legal requirements by Neman Brothers, rather than a former Neman Brothers employee's vague denials of "knowledge" based on an inability to remember details concerning the applications at issue, determines willful blindness under this standard. Here, the undisputed fact that Neman Brothers claimed to have authored works it did not actually create in the three works at issue and hundreds of other group registrations for thousands of other works, while or shortly after reading legal requirements that disqualified it from authorship, is "egregious" as described above, and qualifies as "willful blindness" as a matter of law under the Ninth Circuit's standards.

Fifth, literally every district court to apply the Supreme Court's *Unicolors* "willful blindness" standard in the copyright invalidity setting has ruled consistent with the Ninth Circuit's standards in circumstances directly analogous to this one. They all ruled that a copyright applicant's failure to comply with clear Copyright Office instructions on authorship or derivative work status in copyright applications meant the registrant was "willfully blind" to applicable legal requirements. *See e.g., Lieb v. Korangy Publishing, Inc.*, 2022 WL 1124850, at *11 (E.D.N.Y. April 14, 2022); *Healthestate, LLC, v. United States*, 160 Fed. Cl. 91, 93 (Fed. Cl. 2022); *Oliver v. Meow Wolf, Inc.*, 2022 WL 3682936 (D. N.M. Aug. 25, 2022). Like Neman Brothers here, all those registrants denied knowing the legal requirements they misapplied, but all three courts held, consistent with *Unicolors*, that such denials of actual knowledge were not enough to dispute willful blindness when they completed their applications.

Neman Brothers criticizes *Lieb* (Dkt. No. 97 at 10), but it ignores the Supreme Court and Ninth Circuit *Unicolor* decisions in doing so. *Lieb* granted summary judgment based on undisputed circumstantial evidence that its copyright registrant did not follow "clear," "simple" legal instructions on derivative work requirements when he failed disclose that the work for which he was seeking

9
REPLY ISO MTN FOR SUMMARY JUDGMENT ON COPYRIGHT INVALIDITY

registration was a derivative. *Citing Unicolors*, *Lieb* so ruled even though the applicant denied actually knowing the legal requirements, because his actions demonstrated that he was willfully blind to them despite his denial of actual knowledge. *Lieb*, 2022 WL 1124850 at *14. That is precisely what the Supreme Court's *Unicolors* decision teaches courts should do as shown above; a denial of actual knowledge is irrelevant to a judicial determination of willful blindness, because willful blindness does not require actual knowledge.

*Lieb* also found what the Ninth Circuit would call an "egregious misapplication" of those clear requirements when the registrant failed to disclose the derivative nature of the work at issue to find willful blindness. *Id.* That also is precisely what the Ninth Circuit teaches courts should do to determine "willful blindness" in this setting. *Lieb* thus ruled consistent with *Unicolors*, and it should be followed here.[6]

Sixth, Neman Brothers overstates the "willful blindness" standards established in *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011), an earlier decision that arose in the patent infringement setting, in a way that should be unpersuasive. Supreme Court and Ninth Circuit guidance in *Unicolors* on what "willful blindness" means in this copyright invalidity context should govern here to the extent thought inconsistent with *Global-Tech*, a patent case.

But even assuming *Global-Tech* applies, the cases are not inconsistent. *Global-Tech,* like *Unicolors,* holds that willful blindness can be inferred from circumstantial evidence: "defendants cannot escape the reach of these [patent inducement infringement] statutes by deliberately shielding themselves from clear evidence of critical facts that are strongly suggested by the circumstances." *Global-Tech*, 563 U.S. at 766.

---

[6] Neman Brothers' opposition does not mention or refer to *Heathestate* or *Oliver*, implicitly confirming the correctness of those rulings.

The *Global-Tech* Court put that principle into practice and corrected the Federal Circuit's previous definition of "willful blindness," but affirmed the Federal Circuit's "willful blindness" determination by inferring from circumstantial evidence that willful blindness was present. The patent infringer copied a foreign product that "embodied advanced technology" but lacked patent numbers to create its infringing product, The infringer also did not advise its patent counsel that it had done that when submitting product for a patent clearance opinion. 563 U.S. at 770-71. Based on these facts, the Supreme Court ruled a "jury could have easily found that…[infringer] Pentalpha willfully blinded itself to the infringing nature" of the product it sold. *Id.*

This Court, just as the Supreme Court in *Global-Tech*, should find that Neman Brothers acted with willful blindness based on the abundant circumstantial evidence. Among many other things, Neman Brothers repeatedly claimed authorship of works when it had to see and willfully fail to understand or disregard the Copyright Offices' online instructions disqualifying it from authorship. It did not advise the Copyright Office that it did not actually create, nor employ the third-party entities who did actually create, the designs in the copyright applications at issue. It did not inquire of the Copyright Office, nor apparently inquire of its counsel, whether it needed to do so. Those actions demonstrate "deliberate action" by Neman Brothers to affirmatively claim "authorship" while avoiding what the plain language on the online "author" application page communicated to it- that it did not qualify as an "author" in the third party works in which it was claiming authorship because it did not "actually create" nor "employ" the persons that did "actually create" them.

Seventh, Neman Brothers' assertions that it "had no reason to believe" its claims to "author" works it did not actually author could be "problematic" or "inaccurate" (Dkt. No. 97-1 at ¶¶ 9, 11) is another conclusion that is refuted by the undisputed circumstantial evidence cited above. It is irrelevant because actual knowledge is not needed to show willful blindness. It is also illogical. Words have

meaning, and Neman Brothers cannot simply disregard them, or claim it did not know what they meant, or say it thought they meant the opposite of their true meaning, to defeat summary judgment. Yet, that is what Neman Brothers claims and seeks to do here. The plain meaning of the Copyright Office Instructions on authorship gave Neman Brothers a "reason to believe" its authorship claims were both "problematic" and "inaccurate," and its oxymoronic misapplication of the English language to claim authorship anyway demonstrates its willful blindness to those instructions.

Seventh, Neman Brothers' argument that InterFocus' "significant financial benefits" argument "makes no sense" (Dkt. No. 97 at 25) is itself nonsense. Neman Brothers obviously saved itself thousands of employee hours and hundreds of thousands of dollars in filing fees by filing a few hundred group registrations with third party works that, under the rules, required thousands of individual applications. Acknowledging that it would have to file those thousands of individual applications if it were caught does not mean it didn't save money by improperly claiming copyright protection for thousands of third party works in a few hundred group registrations for decades before it was caught. Nor does Neman Brothers' belated acknowledgment justify its continuing attempt to benefit itself in this action by claiming copyright infringement of the invalid copyright registrations at issue here.

And how many of the 60 other copyright infringement suits Neman Brothers previously brought involved similarly defective copyright registrations? How much did Neman Brothers receive in settlement of those copyright infringement actions based on invalid copyright registrations? Does Neman Brothers seriously contend those are not "significant financial benefits?" Stated another way, could a building contractor who saved money by cutting corners on building codes claim it "received no financial benefit" from doing so because, if it is caught, it will be required to raze and rebuild the building according to code?

The financial benefits Neman Brothers received by burdening courts with

dozens of copyright infringement actions apparently based on invalid copyright registrations, and by creating a false public record with false authorship information about thousands of works in hundreds of copyright registrations, are both obvious and obviously significant. It should not be permitted to deny that benefit, or avoid the consequences of its actions, by claiming that, at some point in the future, it might have to incur the costs that for decades it has avoided.

> **D.  Neman Brothers' Arguments that the Copyright Office's Instructions Are "Confusing and Misleading" Cannot Defeat Summary Judgment.**

Neman Brothers' various arguments that it cannot be found willfully blind for failing to follow the Copyright Office's application instructions (Dkt. No. 97 at 12-16) lack merit for several reasons.

First, Neman Brothers' arguments that the instructions shown in InterFocus' Exhibits 6 and 7 are "confusing and misleading" ignore the clearest and plainest instruction at issue, namely the text on the "Author" page of the online instructions cited and discussed at length above. *See* Dkt. No. 96 at 6 and 96-12. Those instructions explain, *half an inch above the box* in which the applicant must name the "author" of the works at issue, that "[a]n author is a person who actually created the contribution, unless the contribution was 'made for hire' in which case the employer is the author." *Id*. What is "confusing" about that? What is "misleading" about that? The answer is nothing, and the meaning is apparent. Neman Brothers could fail to comply with those instructions only by 1) willfully refusing to understand what they mean, demonstrating willful blindness, or 2) understanding what they mean but ignoring them, so Neman Brothers could get the financial benefits of a group copyright registration for which it did not qualify.

Second, Neman Brothers' arguments about the "confusing and misleading" nature of the relevant written Copyright Office instructions in Exhibits 6 and 7 also are substantively meritless. Those instructions are very clear, as the *Lieb*,

*Healthestate* and *Oliver* decisions all expressly or impliedly held. The fact the Copyright Office amended the instructions years before the works at issue were registered underscores their clarity when Neman Brothers completed the applications at issue, rather than disputes it. Further, no Neman Brothers witness claims he or she was actually confused or misled by them. To the contrary, Neman Brothers' 30(b)(6) witness admitted "to me these instructions are clear…" (Neman Brothers' Rule 30(b)(6) 25:17-26:1, Lee Decl. ¶ 17 and Exs. 8 and 9; Dkt. No 96-1 at ¶ 17 and Dkt. Nos. 97-9 and -10), and that admission is binding on Neman Brothers and moots its present argument as described above. The "author" and "derivative work" instructions are so clear, only a lawyer can argue they are misleading in legal briefing.

Third, Neman Brothers' argument that its failure to follow even clear instructions "establishes merely constructive knowledge for negligence, not willful blindness" (Dkt. No. 97 at 15) is contrary to the guidance of the Supreme Court, Ninth Circuit, and every district court to consider the issue as described above. "Egregious misinterpretation" of clear instructions is willful blindness in the Ninth Circuit, and that is exactly how Neman Brothers misinterpreted the online application's "author" and "derivative work" instructions here. *Lieb*, *Healthestate* and *Oliver* all held that failure to follow the Copyright Office's authorship and derivative work instructions establish willful blindness as described above. This Court should hold likewise.

## III. CONCLUSION

Summary judgment of copyright invalidity should be granted in InterFocus' favor, Neman Brothers' complaint should be dismissed with prejudice, and summary judgment entered on InterFocus' counterclaim for all the reasons described in InterFocus' previous briefing and above.

Dated: November 30, 2022　　　　　　　　RIMON, P.C.

By: /s/ Mark S. Lee
Mark S. Lee
Zheng Liu

Attorneys for Defendants
INTERFOCUS INC. d.b.a.
www.patpat.com