UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 4, 2023 |
|----------|------------------------|------|-----------------|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|------------------------|---------------------|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

Not Present                                 Not Present

**Proceedings:**   (IN CHAMBERS) - INTERFOCUS' MOTION FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT (DKT. 35, FILED ON JULY 13, 2021)

NEMAN BROTHERS' MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION (DKT. 41, FILED ON JULY 26, 2021)

INTERFOCUS' MOTION FOR SUMMARY JUDGMENT AS TO COPYRIGHT VALIDITY ISSUE (DKT. 68, FILED ON NOVEMBER 4, 2021)

## I.     INTRODUCTION

### A.     Neman Brothers Initiates This Action

Plaintiff Neman Brothers & Associates, Inc. ("Neman Brothers") filed this action on December 9, 2020, against defendants InterFocus, Inc. ("Interfocus") and Does 1–10. Dkt. 1 ("Compl."). Neman Brothers' initial complaint asserted claims for: (1) copyright infringement, against all defendants; (2) vicarious copyright infringement, against all defendants; and (3) contributory copyright infringement, against all defendants. Id. In the complaint, Neman Brothers alleges that garments sold on patpat.com, a website owned and operated by Interfocus, infringed upon two of plaintiff's copyrights: NB170268 ("Subject Design 1") and NB161106 ("Subject Design 2"). Id. ¶¶ 10–20. Neman Brothers' initial complaint also alleges that Interfocus previously infringed upon Subject Designs 1–2. Id. ¶ 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 4, 2023 |
|----------|------------------------|------|-----------------|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

### B.   Neman Brothers' First Amended Complaint

Neman Brothers filed the operative first amended complaint on January 5, 2021. Dkt. 2 ("FAC"). The FAC names Can Wang, an individual who allegedly served as one of Interfocus' principals during the relevant time period, as an additional defendant. Id. ¶ 6. As with the initial complaint, the FAC asserts claims for: (1) copyright infringement, against all defendants; (2) vicarious copyright infringement, against all defendants; and (3) contributory copyright infringement, against all defendants. Id. ¶¶ 28–45. In addition to the allegations related to Subject Designs 1–2, the FAC alleges that defendants infringed upon a third copyright: NB180228x2 ("Subject Design 3"). Id. ¶ 25.

### C.   Interfocus' Counterclaim

On February 19, 2021, Interfocus filed a counterclaim against Neman Brothers for breach of contract. Dkt. 18 ("Countercl."). Interfocus' counterclaim alleges that Neman Brothers breached a confidential settlement agreement ("Previous Settlement Agreement" or "PSA") by filing and pursuing this action. Id. ¶ 12. Specifically, Interfocus alleges that the copyright infringement claims that are the subject of this dispute were released by the PSA, that Interfocus properly removed the allegedly infringing garments from its platform within seven days as provided by the PSA's "notice-and-cure" provision, and that Neman Brothers seeks to recover for the alleged infringement of Subject Design 3 despite failing to send the contractually required notice to Interfocus. Id.

### D.   The Parties' Cross-Motions for Summary Judgment

On July 13, 2021, Interfocus filed a motion for summary judgment on Neman Brothers' copyright claims and for partial summary judgment on its breach of contract counterclaim. Dkt. 35 ("IF Mot.").[1] Interfocus also filed a statement of uncontroverted facts and conclusions of law. Dkt. 36 ("IF SUF"). On July 26, 2021, Neman Brothers filed an opposition (Dkt. 43 ("IF Opp.")) and statement of genuine disputed facts (Dkt. 43-1 ("IF GDF")). Interfocus filed a reply on August 9, 2021. Dkt 50 ("IF Reply").

---

[1] On July 13, 2021, Interfocus also moved to file the PSA under seal. Dkt. 34. On July 14, 2021, the Court granted Interfocus' motion and ordered Interfocus to file the PSA under seal. Dkt. 38.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 4, 2023 |
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

On July 26, 2021, Neman Brothers filed a motion for summary judgment or summary adjudication on its copyright claims. Dkt. 41 ("NB Mot."). Neman Brothers also filed a statement of uncontroverted facts and conclusions of law. Dkt 41-1 ("NB SUF"). On August 2, 2021, Interfocus filed an opposition (Dkt. 46 ("NB Opp.")) and statement of genuine disputed facts (Dkt. 47 ("NB GDF")). On August 9, 2021, Neman Brothers filed a reply (Dkt. 49 ("NB Reply")) and a response to Interfocus' statement of genuine disputed facts (Dkt. 49-1 ("NB RDF")).

On August 23, 2021, the Court held a hearing and provided its tentative order on the parties' cross-motions for summary judgment. Dkt. 58. The Court continued the hearing on the parties' cross-motions for summary judgment to November 22, 2021, after granting Interfocus' Federal Rule of Civil Procedure 56(d) request for further investigation and discovery.[2] Id. Thereafter, pursuant to a stipulation between the parties, the Court continued the hearing on the parties' cross-motions for summary judgment to December 6, 2021. Dkt. 63.

On November 1, 2021 Interfocus filed a supplemental brief in further support of its motion for summary judgment and its opposition to Neman Brothers' motion for summary judgment. Dkt. 66 ("IF Supp."). On November 4, 2021, Interfocus moved for summary judgment on all of Neman Brothers' claims on the grounds that the copyright registrations on which it bases it claims are invalid as a matter of law.[3] Dkt. 68 ("IF Mot.

---

[2] In granting Interfocus' Rule 56(d) request for additional discovery, the Court found that Interfocus satisfied Rule 56(d)'s requirements, namely that the Rule 56(d) movant show "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." State of Cal. v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998). More specifically, the Court found that Interfocus had faced challenges in its attempts to conduct third-party discovery in China and gather evidence relevant to whether Subject Designs 1–3 are original and whether its third-party vendors purchased Garments 1–3 from Neman Brothers' authorized vendors in China, that those facts are essential to Interfocus' ability to oppose summary judgment, and that there is some basis for believing that the information sought by Interfocus actually exists.
[3] Interfocus' arguments in its November 4, 2021 motion for summary judgment are identical to those submitted in its November 1, 2021 supplemental brief. See IF MSJ No. 2 at 5–10; IF Supp. at 5–10. Interfocus apparently submitted the November 4, 2021

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:20-cv-11181-CAS-JPRx | | Date | January 4, 2023 |
|----------|------------------------|---|------|-----------------|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | | |

No. 2"). Interfocus also filed a statement of uncontroverted facts and conclusions of law in support of its November 4, 2021 motion for summary judgment. Dkt. 69 ("IF SUF No. 2").

On November 16, 2021, Neman Brothers filed an opposition to Interfocus' second motion for summary judgment. Dkt. 71 ("IF Opp. No. 2"). Neman Brothers also filed a statement of controverted facts and conclusions of law in opposition to Interfocus' second motion for summary judgment. Dkt. 71-3 ("IF GDF No. 2"). On November 22, 2021, Interfocus submitted a reply in support of its second motion for summary judgment. ("IF Reply No. 2").

On November 22, 2021, Neman Brothers filed its supplemental brief in further support of its motion for summary judgment and its opposition to Interfocus' motion for summary judgment. Dkt. 73 ("NB Supp.").

The Court held a hearing on December 6, 2021. Following the hearing, the Court issued a tentative order in which it reserved judgment on the parties' cross-motions for summary judgment and required Neman Brothers to submit the relevant copyright application materials to the Court so that it could determine whether it must issue a request to the Register of Copyrights to advise the Court whether knowledge of the third-party authorship of works included in Neman Brothers' relevant group copyright applications would have caused the register to refuse registration. Dkt. 79. On December 21, 2021, Neman Brothers submitted its supplemental brief on the copyright validity issue, and the copyright application materials at issue. Dkt. 80 ("NB Validity Supp."). On December 30, 2021, Interfocus submitted its reply brief on the copyright validity issue. Dkt. 81. ("IF Validity Supp.").

On January 11, 2022, the Court issued an order reserving judgment on the instant motions for summary judgment and sent an inquiry to the U.S. Copyright Office regarding whether the inaccuracies included in the copyright registration applications of plaintiff's Subject Designs would have caused the Register of Copyrights to refuse registration. Dkt. 82.

---

motion for summary judgment in response to Neman Brothers' procedural concerns regarding the new affirmative arguments Interfocus raises in its supplemental brief. See IF MSJ No. 2 at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　**'O'**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 4, 2023 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

The Register of Copyrights responded on April 13, 2022, concluding that had the Copyright Office "known that Neman Brothers was not the sole author of all the works claimed in the unpublished collections registered under VAu-1-304-334, VAu-1-317-742, and VAu-1-330-970, the Office would not have registered the works." Dkt. 85 ("USCO Brief").

In between the Court's January 11, 2022 Order and the register's response, the Supreme Court in <u>Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.</u> vacated the Ninth Circuit's decision and instead held that an applicant's lack of knowledge of either fact or law can preclude a finding that the registration is invalid. 595 U.S. ----, 142 S. Ct. 941 (2022).

In light of the Supreme Court's new holding, this Court permitted limited discovery and directed the parties to file supplemental briefing to address the issue of whether Neman Brothers "actually aware of, or willfully blind to, legally inaccurate information," 142 S. Ct. at 948 (internal citations omitted). <u>See</u> Dkt. 92.

Interfocus filed its supplemental brief on October 27, 2022. Dkt. 96 ("IF Knowledge Supp."). Neman Brothers filed its responsive brief on November 15, 2022. Dkt. 97 ("NB Knowledge Opp."). Interfocus filed its supplemental reply on November 30, 2022. Dkt. 99 ("IF Knowledge Reply").

On December 12, 2022, the Court held a final hearing on the pending motions for summary judgment.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

**II.　BACKGROUND**

Unless otherwise noted, the Court references only facts that are uncontroverted and to which evidentiary objections, if any, have been overruled.[4]

---

[4] Neman Brothers submitted evidence of the parties' settlement discussions. <u>See</u> Dkt. 42-2 ("Jeong Decl.") ¶¶ 10-21, 28-31, Exs. 31-37. Pursuant to Federal Rule of Evidence 408, the Court will not consider this evidence. <u>See</u> <u>Millenkamp v. Davisco Foods Int'l, Inc.</u>, 562 F.3d 971, 980 (9th Cir. 2009) ("Rule 408 bars the admission of settlement negotiations offered to prove liability."). Otherwise, the parties assert numerous other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 4, 2023 |
|----------|------------------------|------|-----------------|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

### A. Neman Brothers and Interfocus

Neman Brothers is a California corporation based in Los Angeles. Dkt. 42-1 (Declaration of Yoel Neman ("Neman Decl.")) ¶ 4. Neman Brothers designs and sells fabrics to garment manufacturers who in turn sell manufactured garments to retail businesses. Id. ¶ 4–6. These two-dimensional designs are either created internally or purchased from design studios; the designs are then used on Neman Brothers' textiles and fabrics. Id. ¶¶ 6, 8. Neman Brothers registers certain artworks for copyright protection with the U.S. Copyright Office before introducing them to the market. Id. ¶ 7.

Interfocus is a Delaware corporation with its principal place of business in Mountain View, California. Countercl. ¶ 3. InterFocus sells garments to U.S. consumers exclusively through its website at https://us.patpat.com, but it does not manufacture the goods it sells, all of which come from other companies, including suppliers located in China. Dkt. 35-1 (Declaration of WeiWei Le ("Le Decl.")) ¶ 2.

### B. The Designs at Issue

Neman Brothers claims center around three separate two-dimensional designs. Subject Design 1 (NB161106) was registered with the United States Copyright Office on January 13, 2017, as part of Registration VAu-1-304-334. Neman Decl. ¶ 11, Exs. 1–2. Subject Design 2 (NB170268) was registered with the United States Copyright Office on March 3, 2017, as part of Registration VAu-1-317-742. Id. ¶ 12, Exs. 3–4. Subject Design 3 (NB180228x2) was registered with the United States Copyright Office on April 30, 2018, as part of Registration VAu-1-330-970. Id. ¶ 13, Exs. 5–6.

---

evidentiary objections to each other's evidence, including that it is irrelevant, that it is hearsay, or that documents have not been authenticated. "In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." Capitol Records, LLC v. BlueBeat, Inc., 765 F. Supp. 2d 1198, 1200 (C.D. Cal. 2010). This is especially true where, as here, many of the objections are "boilerplate" and made without analysis or argument. Id. To the extent that the Court relies on objected-to evidence, it has considered and **OVERRULED** plaintiff's evidentiary objections. Evidence not considered by the Court is not addressed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 4, 2023 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

*Subject Design 1:*



*Subject Design 2:*



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-11181-CAS-JPRx | | Date | January 4, 2023 |
|---|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | | |

*Subject Design 3:*



The group copyright registrations for Subject Designs 1–3 each state that Neman Brothers is the sole author of the designs, that the copyrights are for "2-D artwork[s]," and that Subject Designs 1–3 are works "made for hire." Neman Decl., Exs. 2, 4, 6. Each year, Neman Brothers creates hundreds of fabric designs, and Subject Designs 1–3 were each registered for copyright as part of group copyright registrations consisting of at least 16 designs, and, in one case, over a hundred designs. Id.; Dkt. 66-2 (Deposition of Yoel Neman ("Neman Depo.") at 26:1–3). Every month, Neman Brothers files a group copyright registration including several fabric designs. See Neman Depo at 26:12–19. In the copyright registrations for Subject Designs 1–3, the Copyright Office noted that basis for registration was "unpublished collection." Neman Decl., Exs. 2, 4, 6. Each of the copyright registrations was certified by Yoel Neman, who stated in his declaration that he is the president of Neman Brothers. Id. ¶ 2, Exs. 2, 4, 6. Following the Court's December 6, 2021, order, Neman Brothers provided the application materials associated with VAu-1-304-334 (Subject Design 1), VAu-1-317-742 (Subject Design 2), and VAu-1-330-970 (Subject Design 3). Dkt. 80-1 (Second Declaration of Neman Brothers' designer Adrineh Mokhtarians). Each of those applications identifies Neman Brothers as the sole author associated with the several works included in the group copyright registrations. Id., Exs. 50, 52, 54.

Subject Design 1 was authored by a European design studio and then purchased by Neman Brothers prior to its registration as a copyright. See Neman Depo at 66:6–67:19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 4, 2023 |
|----------|------------------------|------|-----------------|
| Title    | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

Neman Brothers is not currently in possession of the invoice reflecting the purchase of Subject Design 1, because it was "misplaced." Id. at 71:2–4. At deposition, Yoel Neman could not recall whether Subject Design 2 was purchased from a third-party design studio. Id. at 114:24–115:2. Subject Design 3 was purchased from a third-party design studio, Mustic, and subsequently assigned to Neman Brothers. Id. at 122:15–123:11. Neman Brothers' records reflected whether the Subject Designs 1–3 were purchased from a third-party at the time Subject Designs 1–3 were registered for copyright. Id. at 115:8–17. However, the group copyright registrations for Subject Designs 1–3 do not contain any information regarding their third-party authors, or regarding how Neman Brothers obtained ownership of the copyright. Neman Decl., Exs. 2, 4, 6.

Neman Brothers' textile designer, Adrineh Mokhtarians, stated in a declaration that she created or modified Subject Designs 1–2 by referring to other designs. Dkt. 71-2 (Declaration of Neman Brothers' designer Adrineh Mokhtarians) ¶¶ 10–14. With respect to Subject Design 1, Mokhtarians stated that she modified the design purchased from the European design studio, Francesco. Id. With respect to Subject Design 2, she used other designs, whose origin is unclear, as inspiration. Id. Mokhtarians did not address the creation of Subject Design 3, but stated generally that Neman Brothers "usually modifie[s] the designs from design studios to make [them] better and more cost-efficient for mass[] production" and to "fit better to the concepts [Neman Brothers is] pursuing in [] certain seasons." Id.

After registering new designs, Neman Brothers provides its customers with design samples in multiple forms: a swatch (a small piece of fabric), a hanger (a fabric sample with headers), and a CAD (a piece of paper with the design printed on it). NB SUF No. 12; Neman Decl. ¶ 14, Exs. 7, 9, 11. Neman Brothers' customers include garment manufacturers, wholesalers, and/or importers that are located in or use vendors that are located in Los Angeles, Shenzhen, Foshan, Guangzhou, and Shaoxing. Neman Decl. ¶ 14. Neman Brothers' sales records suggest that Neman Brothers has sold tens of thousands of yards of fabric featuring Subject Designs 1–3. Neman Decl. ¶¶ 16, 18, 20, Exs. 8, 10, 12.

**C.    The Previous Litigation and Settlement**

On November 26, 2019, Neman Brothers filed suit against Interfocus for copyright infringement (the "Previous Action"). Interfocus SUF No. 3; Neman Brothers & Assoc., Inc. v. Interfocus, Inc., Case No. 2:19-cv-10112-JAK-AGR (C.D. Cal. 2019). In the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　　　**'O'**

| Case No. | 2:20-cv-11181-CAS-JPRx | | Date | January 4, 2023 |
|---|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | | |

Previous Action, Neman Brothers alleged that a floral maternity dress ("Prior Garment 1") infringed on Neman Brothers' copyright in Subject Design 1 and that a baby floral shirt and dress ("Prior Garment 2") infringed upon Neman Brothers' copyright in Subject Design 2. See Neman Decl. ¶¶ 21–22, Exs. 13–14.

*Prior Garment 1:*



*Prior Garment 2:*




UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 4, 2023 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

The case was resolved by settlement; the parties executed the PSA on March 23, 2020. <u>See</u> Dkt. 39 (PSA (under seal)). Plaintiff agreed to dismiss the Previous Action with prejudice and received the Total Settlement Amount[5] of $15,000. <u>Id.</u> ¶¶ 3–4.

The provisions of the PSA relevant to the cross-motions for summary judgment now before the Court state, in part, that:

- "For any future intellectual property infringement allegation, including but not limited to, any copyright infringement allegation, [Neman Brothers] agrees to give [Interfocus] Adequate Notification in writing of such infringement allegation, and allows [Interfocus] seven (7) business days from receiving an Adequate Notification of an infringement to cure the infringement by removing the allegedly infringed products and/or designs from its platform." <u>Id.</u> ¶ 5 (the "Notice-and-Cure Provision").

- "An Adequate Notification of an alleged infringement shall [] include reasonably specific information regarding the alleged infringement to allow [Interfocus] to cure the infringement, to the extent reasonably available, by identifying the infringing products or designs on [Interfocus'] website(s) or platform(s), including (i) images of alleged infringing products or designs, and (ii) hyperlinks to the alleged infringing products or designs on [Interfocus'] website(s) and/or social media platform(s)." <u>Id.</u>

- "[Neman Brothers] agrees that it will not file a lawsuit or lodge a complaint against [Interfocus] for an alleged infringement before the expiration of thirty (30) days after giving [Interfocus] Adequate Notice of the alleged infringement to allow Parties time to resolve the dispute amicably." <u>Id.</u>

- "The Parties agree to make good faith efforts to settle all future disputes (if any). For instance, the Parties optionally may enter into commercially feasible transactions, such as a license agreement for the sale of the garments bearing [Neman Brothers'] designs by InterFocus through www.patpat.com as an online retailer to its individual customers and/or to settle all the

---

[5] Capitalized terms used herein and not otherwise defined are defined as set forth in the PSA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               **'O'**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 4, 2023 |
|----------|------------------------|------|-----------------|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

Parties' future disputes (if any). If the Parties decide to enter into such an agreement, they will execute a separate written agreement to memorialize the specifics." Id. ¶ 6.

- "The Parties . . . hereby release and discharge each other . . . of and from any and all debts, demands, actions, causes of action, contracts, claims, suits, damages and liabilities of any kind whatsoever, in law or in equity, whether known or unknown, anticipated or unanticipated, and whether accrued or hereafter to accrue that they now have, may have, or could have from the beginning of time to the date of this Release against each other in connection with, arising out of or based in whole or in part on any action or omission of action or any facts or circumstances occurring or existing on or prior to the date hereof relating to the Action." Id. ¶ 7.

Following the execution of the PSA, Neman Brothers dismissed the Previous Action with prejudice. IF SUF No. 9. Interfocus' director of operations, Weiwei Le, thereafter instructed his product team to avoid putting items similar to those included in the previous litigation on Interfocus' website, but did not implement any other changes to Interfocus' operations intended to avoid future copyright infringement lawsuits. See Dkt. 75-3 (Deposition of WeiWei Le) at 85:16–86:22.

### D.  The Allegedly Infringing Garments

On September 4, 2020, Interfocus' website (patpat.com) was displaying for sale red and navy versions of a maternity dress ("Garment 1") that allegedly infringes upon Subject Design 1. Neman Decl. ¶ 24, Exs. 15, 17. Neman Brothers alleges that Prior Garment 1 contains the same two-dimensional design as Garment 1. See id., Ex. 13. Similarly, on September 4, 2020, a floral print toddler dress ("Garment 2") was available for sale on patpat.com that allegedly infringes upon Subject Design 2. Id. Ex. 19. Neman Brothers alleges that Prior Garment 2 contains the same two-dimensional design as Garment 2. See id. Ex. 14. The care tags of Prior Garments 1–2 and Garments 1–2 contained different Stock Keeping Unit ("SKU") numbers, which means that the Garments at issue in this litigation (i.e., Garments 1–2) were not part of same production batches as Prior Garments 1–2. NB SUF Nos. 27, 29, 38. Finally, on October 1, 2020, a floral green nursing dress ("Garment 3") was available on patpat.com that allegedly infringes upon Subject Design 3. Id., Ex. 21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 4, 2023 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. |

*Garment 1*:



*Garment 2*:



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**             **'O'**

| Case No. | 2:20-cv-11181-CAS-JPRx | | Date | January 4, 2023 |
|----------|------------------------|--|------|-----------------|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | | |

*Garment 3:*



## E.    Notice and Removal of the Allegedly Infringing Garments

On September 15, 2020, Neman Brothers sent a letter to Interfocus stating that Interfocus' website, patpat.com, was offering for sale garments that allegedly infringed upon Neman Brothers' copyrights in Subject Designs 1 and 2.  Dkt 35-5 (the "September 15, 2020 Letter").  Neman Brothers' September 15, 2020 Letter also noted that "[i]n the present case, Interfocus was put on clear notice[] as to [Neman Brothers'] designs and copyrights because the two Subject Designs in this case were also litigated in the prior case."  Id.  In any event, Neman Brothers provided proper notice with respect to Subject Designs 1 and 2, and Interfocus removed the allegedly infringing garments within seven business days of receiving the September 15, 2020 Letter.  IF SUF Nos. 10, 13–14.  The parties then engaged in unsuccessful settlement discussions.  Le Decl. ¶ 15.  With the parties unable to settle, Neman Brothers filed its initial complaint on December 9, 2020.  Dkt. 1.

On January 5, 2021, Neman Brothers filed the FAC, which amended the initial complaint by, inter alia, adding a copyright infringement claim related to Subject Design 3.  FAC ¶ 25.  Neman Brothers did not provide Interfocus with written notice of this additional alleged infringement prior to filing the FAC.  IF SUF No. 18.  Nonetheless, Interfocus removed the new allegedly infringing garment from its platform within seven days.  Id. No 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 4, 2023 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

## III.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out "specific facts showing a genuine issue for trial" in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV.   DISCUSSION

### A.   Interfocus' Motion

Interfocus moves for summary judgment on Neman Brothers' copyright infringement claims, claiming they are precluded by the PSA. IF Mot. at 5. Interfocus also moves for partial summary judgment on its breach of contract claim on this same

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 4, 2023 |
|----------|------------------------|------|-----------------|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

basis. Id. Moreover, in its supplemental brief and second motion for summary judgment, Interfocus argues that Neman Brothers' three copyright registrations are invalid as a matter of law. IF Supp. at 5–10.

The Court addresses each of Interfocus' contentions in turn.

      1.    <u>The PSA is Ambiguous</u>

In the Court's January 11, 2022 Order, the Court concluded that the parties' PSA is ambiguous in light of the fact that the effect of "curing" an infringement is reasonably susceptible to two or more interpretations. See Dkt. 82, Part IV.A.1. If a contract is ambiguous, "ordinarily summary judgment is improper because differing views of the intent of parties will raise genuine issues of material fact." <u>Maffei v. N. Ins. Co. of New York</u>, 12 F.3d 892, 898 (9th Cir. 1993) (citing <u>U.S v. Sacramento Municipal Utility Dist.</u>, 652 F.2d 1341, 1344 (9th Cir. 1981)). Accordingly, Interfocus is not entitled to summary judgment with respect to its claims relating to the PSA.

      2.    <u>The Validity of Neman Brothers' Copyright Registrations</u>

17 U.S.C. § 411(b)(1) contains a "safe-harbor" provision establishing that a copyright registration certificate is valid "regardless of whether the certificate contains any inaccurate information, unless—(A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration." Subsection 411(b)(2) provides that when inaccurate information is "alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration."

The Court first addresses whether Neman Brothers included inaccurate information in its copyright applications with knowledge that it was inaccurate, and it then addresses whether the inaccuracies in Neman Brothers' copyright registrations would have caused the register to refuse registration.

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-11181-CAS-JPRx | | Date | January 4, 2023 |
|----------|------------------------|---|------|-----------------|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | | |

> *a. Whether Neman Brothers included inaccurate information in its copyright registration applications with knowledge it was inaccurate.*

In <u>Unicolors v. H&M</u>, the Supreme Court held that good-faith mistakes of either fact or law may excuse inaccurate copyright registration applications. It described the following ways to evaluate a copyright holder's claimed lack of knowledge:

> [C]ourts need not automatically accept a copyright holder's claim that it was unaware of the relevant legal requirements of copyright law. We have recognized in civil cases that willful blindness may support a finding of actual knowledge. Circumstantial evidence, including the significance of the legal error, the complexity of the relevant rule, the applicant's experience with copyright law, and other such matters, may also lead a court to find that an applicant was actually aware of, or willfully blind to, legally inaccurate information.

142 S. Ct. at 948 (internal citations omitted).

Upon remand from the Supreme Court, the Ninth Circuit in the <u>Unicolors</u> litigation has described the procedure to seek invalidation of a copyright registration as follows: "a party seeking to invalidate a copyright registration under § 411(b) must demonstrate that (1) the registrant submitted a registration application containing inaccuracies, (2) the registrant knew that the application failed to comply with the requisite legal requirements, and (3) the inaccuracies in question were material to the registration decision by the Register of Copyrights." <u>Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.</u>, 52 F.4th 1054, 1067 (9th Cir. Nov. 10, 2022).

In its January 11, 2022 Order, this Court already found that Neman Brothers submitted its copyright applications with inaccuracies, and that Neman Brothers had knowledge of the underlying facts relating to those inaccuracies—i.e., that many of the designs it registered as part of the unpublished collection registrations had third-party authors. Dkt. 82 at 26–27.[6] Therefore, the remaining issue on this element before the

---

[6] Specifically, the Court concluded:

> With respect to 17 U.S.C. § 411's statutory criteria, Neman Brothers' registrations for VAu-1-304-334 (Subject Design 1), VAu-1-317-742 (Subject Design 2), and VAu-1-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 4, 2023 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

Court is whether Neman Brothers committed a good-faith mistake of law when completing the relevant registration applications, or whether it was "actually aware of, or willfully blind to, legally inaccurate information."  142 S. Ct. at 948.

Interfocus argues that Neman Brothers was at minimum willfully blind to the legal requirements for authorship and derivative work status in the three group copyright applications at issue.  According to Interfocus, Neman Brothers is an "experienced applicant with a 30+ year history of filing over 350 applications and years of litigation experience in at least 60 copyright infringement actions," and yet it "failed to comply with the clearest of legal requirements that were attached to or actually included within the applications."  IF Knowledge Supp. at 20.  Contrasted with the copyright holder in Unicolors, "Neman Brothers only had to accurately state that it or its employees did not 'actually create' the third party works it submitted with its group applications to provide accurate authorship information, and it only had to identify the revised previous works it included in its applications to limit the scope of protection afforded the derivative works included in the application.  It did neither."  Id. at 15.  In support of these contentions, Interfocus has filed: (1) copies of the physical application forms (known as "Form VA") from 2001, 2002, 2004, 2008, 2012, 2016, and 2017;[7] (2) versions of the 2017, 2018, and current versions of the U.S. Copyright's online "eCO" application; (3) excerpted instructions on authorship, made for hire works, and derivative works from the December

330-970 (Subject Design 3) contain inaccurate information in that they do not identify third-party authors of the works contained in those registrations. . . . Likewise, Neman Brothers was aware, at the time of applications, that listing itself as the only author for in the three copyright registrations was inaccurate.  Id.; see, e.g., Neman Depo. at 114:20-115:17 (stating that some works in the Registration VAu-1-317-742 were "purchased from other studios" and that "the fact that some of the works [] were purchased . . . would have been in Neman Brothers' records when [the] copyright registration was filed").  Finally, the applications materials provided by Neman Brothers, which list Neman Brothers as the sole author of all the works included in applications associated with group copyright registrations VAu-1-304-334, VAu-1-317-742, and VAu-1-330-970, confirm that inaccurate information was "included on the application for copyright registration."

Id.

[7] The relevant sections, as excerpted below, have not materially changed over the years.  The Court cites to the May 13, 2017 version of the Form VA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 4, 2023 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

2016 version of the U.S. Copyright Compendium; and (4) archived links of the Copyright Office website's "Contact Us" pages in 2017. See generally Dkt. 96-1.

Additionally, Interfocus cites to a recent district court order applying the Supreme Court's Unicolors opinion to find that a copyright registrant was willfully blind to derivative work and third-party authorship requirements. See IF Knowledge, Supp. at 12–14. In Lieb v. Korangy Publishing, Inc., an author inaccurately registered for copyright an article without registering it as a derivative work of a prior published article. No. CV 15-0040 (AYS), 2022 WL 1124850, at *14 (E.D.N.Y. Apr. 14, 2022). The court in Lieb considered the same resources Interfocus has filed here, including the form instructions, relevant Compendium provisions, and the existence of the U.S. Copyright's Office many avenues of supplying assistance to registrants. On this basis, the court concluded that "the clarity of these resources, coupled with the simplicity of the information that Lieb was asked to provide, makes this a case where only willful blindness to the law can explain the inaccuracy at issue." Id.

In opposition, Neman Brothers argues that the standard for willful blindness is the following two-part test set forth in the Supreme Court's opinion in Global–Tech Appliances, Inc. v. SEB S.A.: "(1) the [party] must subjectively believe that there is a high probability that a fact exists and (2) the [party] must take deliberate actions to avoid learning of that fact." 563 U.S. 754, 769 (2011). Neman Brothers claims that this standard is an explicitly higher standard than recklessness or constructive knowledge, and that the analysis in Lieb does not comport with a proper finding of willful blindness. NB Knowledge Opp. at 8–9. Even assuming the clarity of the proffered form application instructions and supplemental U.S. Copyright Office resources, Neman Brothers argues that the record can only show at most negligence on its part.

Moreover, Neman Brother argues that the fact it "had all the information available so that it could provide all of the accurate information had it known exactly what the registration asked for as the answers" in turn supports its contention that Neman Brothers was not willfully blind to the correct legal requirements. Id. at 6. Put another way, "had Neman genuinely had subjective knowledge of high probability that Neman was giving wrong answers, what Neman would have done was not avoiding to know it, but trying to even harder to know it so that it could give the proper answers in compliance with the rules, because it was a simple matter of giving the right answers about author, pre-existing materials, etc., about which Neman had no reason to lie." Id. Thus, Neman Brothers appears to argue that it "genuinely believed" it was accurately filling out its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-11181-CAS-JPRx | | Date | January 4, 2023 |
|----------|------------------------|---|------|-----------------|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | | |

copyright registration applications on the basis that its only motive was to properly secure copyright protection for its works.

The Court concludes based on the specific circumstances of this case that Neman Brothers was at least willfully blind to the legal requirements of its copyright registration applications at issue. The Copyright Act requires that "the application for copyright registration shall be made on a form prescribed by the Register of Copyrights and shall include" in relevant part the following:

> (1) the name and address of the copyright claimant; (2) in the case of a work other than an anonymous or pseudonymous work, the name and nationality or domicile of the author or authors, and, if one or more of the authors is dead, the dates of their deaths; [. . .] (5) if the copyright claimant is not the author, a brief statement of how the claimant obtained ownership of the copyright; [. . .] (9) in the case of a compilation or derivative work, an identification of any preexisting work or works that it is based on or incorporates, and a brief, general statement of the additional material covered by the copyright claim being registered; and (10) any other information regarded by the Register of Copyrights as bearing upon the preparation or identification of the work or the existence, ownership, or duration of the copyright.

17 U.S.C. § 409.

At the times of the relevant registration applications, Form VA provided the following instructions. For the "SPACE 2: Author(s)" section of the form, the instructions stated:

/ / /

/ / /

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 4, 2023 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

**2** **SPACE 2: Author(s)**

**General Instruction:** After reading these instructions, decide who are the "authors" of this work for copyright purposes. Then, unless the work is a "collective work," give the requested information about every "author" who contributed any appreciable amount of copyrightable matter to this version of the work. If you need further space, request Continuation Sheets (Form CON). In the case of a collective work, such as a catalog of paintings or collection of cartoons by various authors, give information about the author of the collective work as a whole.

**Name of Author:** The fullest form of the author's name should be given. Unless the work was "made for hire," the individual who actually created the work is its "author." In the case of a work made for hire, the statute provides that "the employer or other person for whom the work was prepared is considered the author."

**What Is a "Work Made for Hire"?** A "work made for hire" is defined as: (1) "a work prepared by an employee within the scope of his or her employment"; or (2) "a work specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, or as answer material for a test, or as an atlas, if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire." If you have checked "Yes" to indicate that the work was "made for hire," you must give the full legal name of the employer (or other person for whom the work was prepared). You may also include the name of the employee along with the name of the employer (for example: "Elster Publishing Co., employer for hire of John Ferguson").

See Dkt. 96-8.

For the "SPACE 4: Claimant(s)" section of the form, the instructions stated:

**4** **SPACE 4: Claimant(s)**

**Name(s) and Address(es) of Copyright Claimant(s):** Give the name(s) and address(es) of the copyright claimant(s) in this work even if the claimant is the same as the author. Copyright in a work belongs initially to the author of the work, including, in the case of a work made for hire, the employer or other person for whom the work was prepared. The copyright claimant is either the author of the work or a person or organization to whom the copyright initially belonging to the author has been transferred.

**Transfer:** The statute provides that, if the copyright claimant is not the author, the application for registration must contain "a brief statement of how the claimant obtained ownership of the copyright." If any copyright claimant named in space 4 is not an author named in space 2, give a brief statement explaining how the claimant(s) obtained ownership of the copyright. Examples: "By written contract"; "Transfer of all rights by author"; "Assignment"; "By will." Do not attach transfer documents or other attachments or riders.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:20-cv-11181-CAS-JPRx | | Date | January 4, 2023 |
|---|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | | |

Id.

For the "SPACE 6: Derivative Work or Compilation" section of the form, the instructions stated:



> **SPACE 6: Derivative Work or Compilation**
>
> **General Instructions:** Complete space 6 if this work is a "changed version," "compilation," or "derivative work," and if it incorporates one or more earlier works that have already been published or registered for copyright, or that have fallen into the public domain. A "compilation" is defined as "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship." A "derivative work" is "a work based on one or more preexisting works." Examples of derivative works include reproductions of works of art, sculptures based on drawings, lithographs based on paintings, maps based on previously published sources, or "any other form in which a work may be recast, transformed, or adapted." Derivative works also include works "consisting of editorial revisions, annotations, or other modifications" if these changes, as a whole, represent an original work of authorship.
>
> **Preexisting Material** (space 6a): Complete this space *and* space 6b for derivative works. In this space identify the preexisting work that has been recast, transformed, or adapted. Examples of preexisting material might be "Grunewald Altarpiece" or "19th century quilt design." Do not complete this space for compilations.
>
> **Material Added to This Work** (space 6b): Give a brief, general statement of the *additional* new material covered by the copyright claim for which registration is sought. In the case of a derivative work, identify this new material. Examples: "Adaptation of design and additional artistic work"; "Reproduction of painting by photolithography"; "Additional cartographic material"; "Compilation of photographs." If the work is a compilation, give a brief, general statement describing both the material that has been compiled *and* the compilation itself. Example: "Compilation of 19th century political cartoons."

Id.  Additionally, the form itself stated multiple times "See instructions before completing this space" and "See instructions."

Similarly, the electronic application provided instructions above each section of information to be completed.  The section on authorship included instructions immediately above it, with colored clickable hyperlinks directing to further explanations:

/ / /

/ / /

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                         **'O'**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 4, 2023 |
|----------|------------------------|------|-----------------|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |



See Dkt. 96-12.

Moreover, the relevant sections of the U.S. Copyright Office's publicly accessible Compendium provided guidance on authorship, work for hire, and derivative work status topics.  See Dkt. 96-13.[8]  The Copyright Office website provided a "Contact Us" button on the upper portion of the home page that sent users to an online "Contact Form" in which applicants could ask questions of Copyright Office "Registration Specialists" on issues including authorship, derivative works, and group registrations.  See Dkts. 96-14, 96-15.

_____

[8] At oral argument, counsel for plaintiff emphasized that the guidance provided by the compendium should not be considered relevant on the basis that 37 C.F.R. § 202.4(c)(5), which required "[a]ll works [identified in the group registration of an unpublished collection] must be created by the same author or joint authors, and the author and claimant information for each work must be the same," was removed in October 2016 and only reinstated in December 2017.  However, 37 C.F.R. § 202.3(b)(i)(B), which remained operative throughout the entire relevant timeframe, provided the same requirement.  See 37 C.F.R. § 202.3(b)(i)(B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 4, 2023 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

Additionally, the undisputed facts relating to Neman Brother's level of knowledge are as follows: Neman Brothers has submitted over 300 group copyright registration applications in its 30 year history as a company, see Dkts. 96-9, 96-10; Neman Brothers previously used paper application forms to register its copyrights until at least around 2016, see Dkt. 96-10 at 46; Neman Brothers likely used the electronic application system for the registrations at issue in this litigation, see Dkt. 97-1 ¶¶ 5, 11; Dkt. 96-10 at 45; Neman Brothers is generally aware that the Copyright Office "makes information available about how to correctly apply for a copyright on its website," see id. at 44; Neman Brothers has been in contact with the Copyright Office at least in the period between 2016–2019 and 2021 through the present, see id.; and Neman Brothers has retained counsel for copyright litigation at least since 2014, see IF Knowledge Supp. at 9 n.5.

Finally, the Court considers Neman Brothers' Rule 30(b)(6) deposition testimony and the declaration submitted by former Neman Brothers employee Adelso Henriquez to support a finding of willful blindness. Neman Brothers' Rule 30(b)(6) deponent, Adrineh Mokhtarian, was shown a copy of the Form VA and testified, "To me these instructions are clear, but I'm not sure . . . it was clear to them or they just did it based on their knowledge."[9] See Dkt. 96-10 at 25. Additionally, counsel for Interfocus asked, "Is the

---

[9] Neman Brothers argues that most of Adrineh Mokhtarian's Rule 30(b)(6) testimony should not be imputed onto the company because her comments reflected personal beliefs. See NB Knowledge Opp. at 20–21. This argument fails, as the point of Mokhtarian's Rule 30(b)(6) deposition is to testify on behalf of Neman Brothers: "in a Rule 30(b)(6) deposition, there is no distinction between the corporate representative and the corporation." Bd. of Trustees of Leland Stanford Junior Univ. v. Tyco Int'l Ltd., 253 F.R.D. 524, 526 (C.D. Cal. 2008) (internal citation omitted). To the extent Neman Brothers is dissatisfied with the content of her testimony, that is simply irrelevant, because "[w]ith regard to choosing a deponent to speak on behalf of the corporation, companies have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." Id. (internal citation omitted).

Additionally, at oral argument, counsel for plaintiff argued that Neman Brothers' Rule 30(b)(6) deposition testimony, to the extent Mokhtarian acknowledged the clarity of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 4, 2023 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

term 'author' as it's defined in these instructions consistent with your understanding of what the word 'author' means?" Id. at 26. Mokhtarian responded, "I understand what the word 'author' means." Id. Counsel then asked, "[a]nd generally the word 'author' means the person who created the work, doesn't it?," to which Mokhtarian responded, "yes." Id.

Additionally, in his declaration, Henriquez testified that he worked at Neman Brothers submitting copyright applications from "either 2016 or early 2017 until 2019." Dkt. 97-1 ¶ 2. He testified that he was taught by his predecessor using "paper forms" and "show[n] . . . how to fill out a couple of actual application forms." Id. ¶ 4. He later "started submitting the applications online" where "the form was generally the same." Id. ¶ 5. And "from time to time," Henriquez "exchanged some emails with the copyright office." Id. ¶ 7.

The Court finds that, "[i]n sum, this is a case where the USCO provided the clearest of directions and the registrant knowingly ignored them." Lieb, 2022 WL 1124850, at *14. As set forth above, the Copyright Act imposes an obligation on registrants submitting applications to accurately provide 9 statutorily enumerated categories of information, including the "name . . . of the copyright claimant" and the "name . . . of the author or authors," as well as "any other information regarded by the Register of Copyrights as bearing upon the preparation or identification of the work or the existence, ownership, or duration of the copyright." 17 U.S.C. § 409.

Neman Brothers either did in fact read the accompanying instructions and took a "legal position that egregiously misapplie[d]" clear requirements about authorship and derivative work status, or it deliberately declined to apprise itself of the relevant information despite unavoidably encountering repeated commands to do so.[10] Unicolors, Inc., 52 F.4th at 1065. Neman Brothers "had all the information available" as to which

---

instructions and understanding of the term "author" using the present tense, can only be used to impute Neman Brother's level of knowledge in 2022, not at the time it registered the Subject Designs. While plaintiff is correct that the testimony cannot serve as direct evidence, it can properly be considered as circumstantial evidence of the overall clarity and simplicity of the authorship rules at issue.

[10] At oral argument, counsel for plaintiff again emphasized the notion that recklessness or constructive knowledge is insufficient to establish willful blindness. However, as set forth above, the facts in this case go beyond recklessness.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 4, 2023 |
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

works it had purchased from other creators and which designs were newer versions of previously registered designs.  Viewing the instructions would clearly alert Neman Brothers to the legal requirements for authorship and derivative works.  See Lieb, 2022 WL 1124850, at *13 ("Such a lay person would understand, even if they consulted only Form TX, the necessity of disclosing their own previously published material. The terms 'prior' and 'published' are not nuanced legal terms – they are plain English."); Oliver v. Meow Wolf, Inc., No. CV 20-237 KK/SCY, 2022 WL 3682936, at *8 (D.N.M. Aug. 25, 2022) ("authorship is the basis of copyright").

Neman Brother's failure to consider the relevant instructions (which it was obligated to do) in order to thereby claim it lacked knowledge falls within the definition of willful blindness, including under Neman Brothers' suggested standard.[11]  Global–Tech, 563 U.S. at 769 ("(1) The [party] must subjectively believe that there is a high probability that a fact exists and (2) the [party] must take deliberate actions to avoid learning of that fact.").

Accordingly, the Court concludes that Neman Brothers submitted inaccurate information—that many of the designs it registered as part of the unpublished collection registrations had third-party authors, and that some of its designs were derivative works of prior, registered works—with knowledge that it was inaccurate.

> b.  *Whether the inaccuracies in Neman Brothers' copyright registrations, if known, would have caused the register to refuse registration.*

At the time of this Court's January 11, 2022 Order, controlling case law within the Ninth Circuit held that only good faith mistakes of fact, and not mistakes of law, could fall within 17 U.S.C. § 411(b)(1)'s safe-harbor provision.  Unicolors, Inc. v. H&M Hennes & Mauritz, L.P., 959 F.3d 1194, 1197 (9th Cir. 2020), vacated and remanded, 595 U.S. ----, 142 S. Ct. 941 (2022).[12]  In the January 11, 2022 Order, the Court found

---

[11] Therefore, even if Global–Tech provided the required willful blindness standard for the purposes of analyzing the knowledge element in 17 U.S.C. § 411(b)(1), the Court still concludes that Neman Brothers was willfully blind to the authorship requirements for its copyright registrations.
[12] On remand from the Supreme Court, the Ninth Circuit has now held that "prior to making a materiality determination, a court must assess if the registrant submitted his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 4, 2023 |
|----------|------------------------|------|-----------------|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

that Neman Brothers' registrations for Subject Designs 1–3 contain inaccurate information in that they do not identify third-party authors of the works contained in those registrations, and consequently that Neman Brothers was aware that listing itself as the only author for the works in the respective copyright registrations was factually inaccurate. See Dkt. 82, Part IV.A.2. Accordingly, as described above, the Court sent an inquiry to the U.S. Copyright Office regarding whether the inaccuracies included in the copyright registration applications of plaintiff's Subject Designs would have caused the register to refuse registration. See generally id.

In her response, the Register of Copyrights concluded that the Copyright Office would not have registered Neman Brothers' applications for its unpublished collections had it known the information about the authorship, work for hire status, and derivative work status was inaccurate. As the register explained, Neman Brothers had registered the copyrights for the Subject Designs using the Copyright Office's registration accommodation for an "unpublished collection." USCO Brief at 6 (citing COMPENDIUM (THIRD) § 1106.1). The unpublished collection category required all works in the collection to be created by the same author, or, in the case of multiple authors, for at least one of the authors to "have contributed copyrightable authorship to each work in the collection." Id. at 7.

"Based on the foregoing statutory and regulatory standards, and its examining practices, had the Office been aware that Neman Brothers was not the sole author of all the works claimed in its 2016, 2017, and 2018 unpublished collection applications, the Office would not have registered Neman Brothers' unpublished collections." Id. at 12. Instead, the Copyright Office would have: (1) sought to determine whether Neman Brothers' collections satisfy the requirement of the unpublished collection option that each of the works in the collection was either created by the same author or, if the works were created by multiple authors, that at least one author identified on the application

---

application with knowledge that the information was factually inaccurate and with knowledge that the application failed to comply with the governing legal requirements." Unicolors, Inc., 52 F.4th at 1065. After the Supreme Court's holding in Unicolors, this Court had asked the Register of Copyrights to abstain from making her determination if she deemed "doing so to be appropriate." See Dkt. 85. In her response to the Court, the register explained that because she had already completed her review, she "believes it would be useful to submit her response to the Court at this time." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 4, 2023 |
|----------|------------------------|------|-----------------|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

contributed copyrightable authorship to *each* work in the collection; (2) asked Neman Brothers to identify all of the authors who contributed copyrightable authorship to the works submitted for registration; (3) inquired as to whether Neman Brothers' claims should have been limited in light of the fact that some works in the collection appeared to relate to prior registered (and potentially published) works; and (4) confirmed Neman Brothers' ownership of certain purchased designs through the required transfer statement. See id. at 12, 15–16, 17.

The Court concludes that Neman Brothers' copyright registrations for the Subject Designs do not fall into Section 411(b)'s safe-harbor provision, because Neman Brothers' submitted inaccurate information on the applications with knowledge it was inaccurate and that the inaccuracy of that information, if known, would have caused the Register of Copyrights to refuse registration. Accordingly, pursuant to 17 U.S.C. § 411, Neman Brothers cannot bring infringement claims for the Subject Designs, and on this basis Interfocus is entitled to summary judgment on Neman Brothers' direct copyright infringement, contributory copyright infringement, and vicarious copyright infringement claims.

**B.    Neman Brothers' Motion**

Neman Brothers moves for an order granting summary judgment of its copyright infringement, vicarious copyright infringement, and contributory copyright infringement claims against Interfocus. NB Mot. at 1–2. In the alternative, Neman Brothers moves for an order finding that (1) Neman Brothers is the owner of Subject Designs 1–3, (2) Interfocus copied the Subject Designs, and (3) Neman Brothers is entitled to recover statutory damages again Interfocus as either a willful infringer or as an innocent infringer. Id. at 2.

To prove copyright infringement, a plaintiff must establish (1) "ownership of a valid copyright," and (2) "copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). The Copyright Act requires that "no action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                '**O**'

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | January 4, 2023 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

For the reasons set for above, the Court concludes that Neman Brothers' copyright registrations for Subject Designs 1–3 are invalid as a matter of law pursuant to 17 U.S.C. § 411(b)(1). Therefore, the Court must deny Neman Brothers' motion in its entirety.

## V. CONCLUSION

In accordance with the foregoing, the Court orders as follows:

1. The Court **DENIES** Interfocus' motion for summary judgment, Dkt. 35, with respect to its claims relating to the PSA.

2. The Court **GRANTS** Interfocus' motion for summary judgment, Dkt. 68, on Neman Brothers' claims for direct copyright infringement, contributory copyright infringement, and vicarious copyright infringement on the grounds that Neman Brothers' copyright registrations for its Subject Designs are invalid as a matter of law.

3. The Court **DENIES** Neman Brothers' motion for summary judgment on all claims, Dkt. 41, for the reasons articulated with respect to the Court's grant of Interfocus' motion for summary judgment.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |