1  RIMON, P.C.
   Mark Lee (SBN 94103)
2  mark.lee@rimonlaw.com
   2029 Century Park East, Suite 400N
3  Los Angeles, California 90067
   Telephone/Facsimile: 213.375.3811
4
   RIMON, P.C.
5  Zheng Liu (SBN 229311)
   zheng.liu@rimonlaw.com
6  800 Oak Grove Avenue, Suite 250
   Menlo Park, California 94025
7  Telephone/Facsimile: 650.461.4433

8  Attorneys for Defendants
   INTERFOCUS INC. d.b.a. www.patpat.com
9

10                   **UNITED STATES DISTRICT COURT**

11            **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive.,<br><br>Defendants. | Case No. 2:20-cv-11181-CAS-JPRC<br><br>**NOTICE OF MOTION AND MOTION FOR ORDERS:**<br><br>**(1) DISMISSING COUNTERCLAIM WITHOUT PREJUDICE; AND**<br><br>**(2) ENTERING A FINAL JUDGMENT IN THIS ACTION;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     March 24, 2023<br>Time:    10:00 AM<br>Courtroom:  8D<br><br>The Hon. Christina A. Snyder |
| INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, an individual, and DOES 1-10, inclusive,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Counterclaim Defendant. | |

---

NOTICE OF MOTION AND MOTION OF INTERFOCUS, INC. FOR ORDERS DISMISSING
COUNTERCLAIM WITHOUT PREJUDICE AND ENTERING FINAL JUDGMENT

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that on March 24, 2023, in Courtroom 8D of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, California, Defendant and Counterclaim Plaintiff InterFocus, Inc. ("InterFocus") will and does move for orders: 1) dismissing its counterclaim without prejudice; and (2) entering final judgment herein.

Said motion is made pursuant to Fed. R. Civ. Proc. 41(a)(2) and (c) and Fed. R. Civ. Proc 58(d) and on the grounds that: (1) voluntary dismissal of InterFocus' counterclaim without prejudice will not prejudice Counter-Defendant Neman Brothers herein, and (2) entry of a final judgment after dismissal of InterFocus' counterclaim without prejudice is appropriate because all claims between the parties will be resolved.

The motion is based upon this notice of motion and motion, the accompanying memorandum of points and authorities, the pleadings and other matters of record herein of which the Court is respectfully requested to take judicial notice, and upon such other and further matters as may be presented at any hearing on this motion. This motion is brought following the counsel communications that took place pursuant to L.R. 7-3 on February 17, 2023.

Dated:   February 24, 2023

RIMON, P.C.

By: /s/ Mark S. Lee
Mark S. Lee
Zheng Liu

Attorneys for Defendants and Counterclaim Plaintiffs
INTERFOCUS, INC. d.b.a.
www.patpat.com

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

This Court granted summary judgment to Defendant and Counterclaim Plaintiff InterFocus, Inc. ("InterFocus") on Plaintiff Neman Brothers, Inc.'s ("Neman Brothers'") copyright infringement claims. InterFocus' counterclaim against Neman Brothers remains pending but has been effectively mooted by this Court's summary judgment. InterFocus asks this Court to dismiss its Counterclaim without prejudice and enter a final judgment in these circumstances, for the reasons described below.

## II. FACTUAL AND PROCEDURAL HISTORY.

### A. Neman Brothers Files Suit for Copyright Infringement.

Neman Brothers filed its original Complaint alleging copyright infringement of certain fabric designs herein on December 9, 2020, and filed an Amended Complaint on January 5, 2021 (Dkt. Nos. 1 and 10.) Its Amended Complaint alleged that InterFocus infringed Neman Brothers' copyright in three works listed in three group copyright registrations. *Id.*

### B. InterFocus Counterclaims for Breach of Contract, and the Parties Cross-Move for Summary Judgment.

Neman Brothers previously sued InterFocus for copyright infringement of the same fabric designs in another action, *Neman Brothers & Assoc. Inc v. Interfocus, Inc.*, Case No. 2:19-CV-10112, set before the Hon. John A. Kronstadt (the "Previous Action"). The parties settled that Previous Action and entered into a settlement agreement that contained "notice and cure" provisions. (Dkt. Nos. 18:2-3 and 39.)

InterFocus believed Neman Brothers filing of this action breached the "notice and cure" provisions of the Previous Action's settlement agreement, and it filed a counterclaim alleging breach of contract herein. (Dkt. No. 18.) InterFocus also learned in discovery in this action that the three group copyright registrations on which Neman Brothers based its copyright infringement claims herein did not

comply with the group registrations established by the Copyright Office. (Dkt. Nos. 35, 66-68.)

InterFocus moved for summary judgment that Neman Brothers' present action breached the previous settlement agreement, and that Neman Brothers' copyright registrations were invalid as a matter of law, for these reasons. (Dkt. Nos. 35, 66-68.) Neman Brothers cross-moved for summary judgment of liability on its copyright infringement claims. (Dkt. No. 41.)

### C. This Court Rules on the Cross-Motions for Summary Judgment, Granting Summary Judgment to InterFocus on Neman Brothers' Amended Complaint.

After extended briefing, this Court denied Neman Brothers' motion for summary judgment on liability and InterFocus' motion for summary judgment on its breach of contract counterclaim, but granted InterFocus' motion for summary judgment that Neman Brothers copyright registrations were invalid as a matter of law. (Dkt. No. 102.)

After this Court's rulings, the only claim that remains to be tried to a jury is InterFocus' counterclaim for breach of contract against Neman Brothers. *Id.*

## III. THIS COURT SHOULD DISMISS INTERFOCUS' BREACH OF CONTRACT COUNTERCLAIM WITHOUT PREJUDICE.

Federal Rules of Civil Procedure 41(a)(2) and (c) provide that on motion, this Court may grant a motion to voluntarily dismiss a claim or counterclaim without prejudice at any time, subject to any terms and conditions the Court deems proper. *West Water Dist. V. U.S.*, 100 F. 3d 94, 96 (9th Cir. 1996). This Court "should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches,* 263 F.3d 972, 975 (9th Cir. 2001).

This Court should grant InterFocus' motion to voluntarily dismiss its counterclaim without prejudice here for several reasons.

First, Neman Brothers will not only suffer no "plain legal prejudice" if this court dismisses InterFocus' counterclaim without prejudice, but it will also suffer no legal prejudice of any kind from such a ruling. InterFocus' counterclaim seeks damages for Neman Brothers' breach of an earlier settlement agreement as described above. Dismissal without prejudice will allow Neman Brothers to at least delay and perhaps permanently avoid incurring further legal fees defending that counterclaim, as well as any judgment against it on that issue, in circumstances in which this Court has already ruled that Neman Brothers' copyright infringement claims herein lack merit as a matter of law. InterFocus' main damages on its breach of contract claim are the attorneys' fees it has been forced to incur to defend this action, and this Court can resolve that attorneys' fees issue on any post-judgment motion for attorneys' fees InterFocus files pursuant to 17 U.S.C. §505 and Fed R. Civ. Proc. 54(d)(2)(B)(i). Both Neman Brothers and the Court can therefore avoid the court time and legal expense required to try InterFocus' breach of contract claim to a jury by dismissing it without prejudice in these circumstances, while it would not affect Neman Brothers' ability to oppose any attorneys' fee motion, thereby permitting the attorneys' fee issue to be resolved at less cost to the parties and expenditure of judicial resources by Court.

Second, dismissal without prejudice will facilitate entry of a final judgment herein. Although InterFocus sees no valid basis for appeal, granting InterFocus' motion would permit Neman Brothers to pursue an appeal of this Court's summary judgment against it without delay should it wish to do so, while proceeding with a trial on InterFocus' counterclaim would delay its ability to appeal until the jury trial took place on the pending counterclaim issues.

Third, to further insure no prejudice to Neman Brothers, InterFocus has no objection to this Court imposing a condition in its order that, after voluntary dismissal without prejudice, InterFocus may not refile its breach of contract counterclaim until and unless Neman Brothers appeals this Court's summary

judgement, the Ninth Circuit reverses this Court's ruling on that appeal, and the action is remanded to this Court for further proceedings. Such a condition would guarantee that Neman Brothers will not face InterFocus' counterclaim in the future unless it successfully appeals, and in that event, permitting InterFocus to refile its counterclaim would not prejudice Neman Brothers. Instead, it would place Neman Brothers in the same position it was in before this Court granted summary judgment.

### IV. AFTER DISMISSING INTERFOCUS' COUNTERCLAIM WITHOUT PREJUDICE, THIS COURT SHOULD ENTER A FINAL JUDGMENT HEREIN.

With certain exceptions not applicable here, a "final judgment is one which adjudicates all claims for all parties." *Balla v. Idaho State Bd. of Corr.,* 869 F.2d 461, 468 (9th Cir.1989); see also, Fed. R. Civ. Proc. 54(b). It may be entered pursuant to Fed. R. Civ. Proc. 54, and should be entered when all claims are resolved and a party requests that judgment be entered pursuant to Rules 54(b) and 58(d).

Granting InterFocus' motion will resolve all outstanding claims and counterclaims in this action except for InterFocus' possible motion for attorneys' fees, which Fed. R. Civ. Proc. 54 contemplates should be filed after entry of judgment herein as described above. See Fed. R. Civ. Proc. 54(d)(2)(B)(i). Thus, following dismissal of InterFocus' counterclaim without prejudice, InterFocus asks this Court to enter a final judgment herein.

### V. CONCLUSION

This Court should grant InterFocus' motion, dismiss InterFocus' counterclaim without prejudice, and enter a final judgment herein for all the reasons described above.

| | | |
|---|---|---|
| 1 | Dated:  February 24, 2023 | RIMON, P.C. |
| 2 | | |
| 3 | | By: /s/ Mark S. Lee |
| | | Mark S. Lee |
| 4 | | Zheng Liu |
| 5 | | Attorneys for Defendants and Counterclaim Plaintiffs INTERFOCUS, INC. d.b.a. www.patpat.com |
| 6 | | |
| 7 | | |
| 8 | | |
| ... | | |
| 28 | | |

-5-
NOTICE OF MOTION AND MOTION OF INTERFOCUS, INC. FOR ORDERS DISMISSING COUNTERCLAIM WITHOUT PREJUDICE AND ENTERING FINAL JUDGMENT