CHAN YONG JEONG, ESQ. (SBN 255244)
JEONG & LIKENS, L.C.
1100 Wilshire Blvd., Suite 3008
Los Angeles, CA 90017
Tel: 213-688-2001
Email: Jeong@jeonglikens.com

Attorneys for Counter-Defendant NEMAN BROTHERS & ASSOC., INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation;<br><br>    Plaintiff/Counter-Defendant,<br><br>vs.<br><br>INTERFOCUS, INC., a California Corporation, et al.,<br>    Defendant/Counter-Claimant | Case No.: 2:20-cv-11181-CAS-JPR<br><br>**NEMAN BROTHERS & ASSOC., INC.'S OPPOSITION TO INVERFOCUS' MOTION TO DISMISS COUNTERCLAIM WITHOUT PREJUDICE**<br><br>Date: April 3, 2023<br>Time: 10 a.m.<br>Honorable Judge Christina A. Snyder |

## I. STANDARD OF REVIEW

After service of an answer or summary judgment motion (and if no stipulation of dismissal is obtained), plaintiff must obtain court approval to dismiss "<u>on terms that the court considers proper</u>." Fed. R. Civ. Proc. 41(a)(2) (West 2020). The court should exercise its <u>discretion</u> in making three separate determinations: (1) whether to allow dismissal at all: (2) whether the dismissal should be *with or without prejudice*: and (3) what "terms and conditions," if any, should be imposed. *Spencer v. Moore Business Forms, Inc.* (ND GA 1980) 87 FRD 118, 119.

## III. ARGUMENTS

1. **Whether to allow dismissal**: <u>**Neman will suffer plain legal prejudice as a result if Interfocus' counter claim is dismiss without prejudice.**</u>

Whether to allow dismissal rests in the court's sound discretion. *Hamilton v. Firestone Tire & Rubber Co., Inc.* (9th Cir. 1982) 679 F.2d 143, 145. While policy favors dismissal and dismissal is not allowed if defendant will suffer "some plain legal prejudice" as a result. *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982). A voluntary dismissal without prejudice would be denied where defendant will suffer "<u>**some cognizable prejudice greater than the mere prospect of a second lawsuit**</u>." (emphasis added) *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Services, Inc.* (5th Cir. 1990) 903 F.2d 352, 360. Prejudice is shown where the dismissal would render the remaining parties **unable to conduct sufficient discovery** to untangle complex fraud claims and to **adequately defend themselves against charges of fraud**. *Hyde & Drath v. Baker* (9th Cir. 1994) 24 F.3d 1162, 1169; *Westlands Water Dist.*, 100 F.3d at 97.

Interfocus in its motion, pretended as if dismissing its own counterclaim would finish the case as is with no prejudice to Neman. The moving parties in the typical precedent cases had literally nothing left other than the claims sought to be dismissed. However, unlike the facts in the precedent cases, the reason why Interfocus seeks to dismiss its own counterclaim

is to avoid the situation where it loses on its counterclaim at the trial, which would the case results "mixed". After its motion for summary judgment on Neman's claims was granted, the only way for Neman to avoid the attorney fees that may be awarded against itself. Seeing there is a substantial chance for Interfocus may lose on its counterclaim for breach of prior settlement agreement, Interfocus now wants to do the risk management to secure the award of the attorney fees against Neman. Even worse, it is like, after winning one (1) point in the first round, Interfocus is asking the referee to blow the whistle to finish the game when there is a second round left so that Neman would lose all of the chances to obtain any more scores, which is the only way to defend itself from attorney fee liabilities. This is exactly why it had to be "without" prejudice, because if it is "with" prejudice, it would make Neman the prevailing party as to the counterclaim.

Further, in the precedent cases, the moving parties sought dismissals for the reasons that they wished to proceed with their claims at another federal court, or even state court where the precedent cases held concerns about the second lawsuit were not sufficient to be deemed legal prejudice. However, in this case, Interfocus' purpose of seeking dismissal is not about going to another venue, or it had any legitimate reasons to re-file its claims somewhere else. Interfocus just wanted to deprive Neman of all of the chances to defend itself from attorney fee liabilities by winning at the trial on the counterclaim at trial to make this case end with mixed results.

This is unfair because the dismissal sought would **render Neman unable adequately defend itself against charges of attorney fees**. *Hyde & Drath v. Baker* (9th Cir. 1994) 24 F.3d 1162, 1169.

**2. Whether dismissal with or without prejudice: Dismissal should be conditioned upon Interfocus's payment of attorney fees to Neman or the Court's decision that there is no prevailing party.**

Unless otherwise specified in the court's order, the **dismissal** is *without prejudice*. Fed. R. Civ. Proc. 41(a)(2) (West 2020). However, the court may order the dismissal *with* prejudice where it would be **inequitable to allow plaintiff to refile the action**. In exercising its discretion, the court must bear in mind that **Rule 41(a)(2) exists chiefly for the *defendant's* protection**. *Paulucci v. City of Duluth* (1987) 826 F.2d 780, 783; *Fisher v. Puerto Rico Marine Mgmt., Inc.* (1991) 940 F.2d 1502, 1503.

"**Typical examples** of such prejudice occur **when a party proposes to dismiss the case at a late stage of pretrial proceedings**, or **seeks to avoid an imminent adverse ruling**, or may on refiling deprive the defendant of a limitations defense." *In re FEMA Trailer Formaldehyde Products Liability Litig.* (2010) 628 F.3d 157, 162.

As the court in *FEMA Trailer Formaldehyde Products Liability Litig.* pointed out, the motion in this case is also filed at a grossly late stage to seek to avoid an imminent (or at least, potential) adverse verdict at trial, which is the only chance left for Neman in this case. therefore, it would be inequitable to allow Interfocus to conveniently remove all of potential risks that may make Interfocus unable to get attorney fee awards.

In deciding whether to allow dismissal without prejudice, the following factors are generally considered: (1) defendant's efforts and expense incurred in preparing for trial; (2) plaintiff's diligence in prosecuting the action; (3) plaintiff's explanation of the need to dismiss; and (4) the status of the litigation (e.g., whether summary judgment motions have been filed, the immediacy of trial, etc.). *Brown v. Baeke* (2005) 413 F.3d 1121, 1124; *Doe v. Urohealth Systems, Inc.* (2000) 216 F.3d 157, 160; *Zagano v. Fordham Univ.* (1990) 900 F.2d 12, 14. These factors are not exclusive, nor do they all need to be resolved in favor of the moving party for dismissal to be ordered. *Phillips USA, Inc. v. Allflex USA, Inc.* (1996) 77 F.3d 354, 358.

In this case, (1) Neman incurred extensive amounts of efforts and expenses in connection with the counterclaim as the records on the docket show, (2) Interfocus was not

diligent in seeking dismissal of its counterclaim until the last minute, (3) Interfocus' explanation of the need to dismiss is bogus because, unlike Interfocus' false contention in the motion, after dismissing the counterclaim, the biggest issue of attorney fees will remain against Neman, and (4) the current status of this case is in the situation where Neman's only chance to defend itself from attorney fees motion is winning to the counterclaim.

### III. CONCLUSION

Based on the forgoing, Interfocus' motion should be denied, or in the case it is granted, it should be with prejudice, or on the proper conditions that either Interfocus should pay attorney fees incurred in connection with the counterclaim or this case should be deemed finished with mixed results for which no party is awarded with any attorney fees or costs.

Dated: March 3, 2023                    RESPECTULLY SUBMITTED,
                                         /s/Chan Yong Jeong
                                        Chan Yong Jeong, Esq.
                                        Attorney for Neman Brothers