RIMON, P.C.
Mark Lee (SBN 94103)
mark.lee@rimonlaw.com
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone/Facsimile: 213.375.3811

RIMON, P.C.
Zheng Liu (SBN 229311)
zheng.liu@rimonlaw.com
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
Telephone/Facsimile: 650.461.4433

Attorneys for Defendants
INTERFOCUS INC. d.b.a. www.patpat.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>   Plaintiff,<br><br>v.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive.,<br><br>   Defendants.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, an individual, and DOES 1-10, inclusive,<br><br>   Counterclaim Plaintiffs,<br><br>v.<br><br>NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>   Counterclaim Defendant. | Case No. 2:20-cv-11181-CAS-JPRC<br><br>**REPLY IN SUPPORT OF MOTION FOR ORDERS:**<br><br>**(1) DISMISSING COUNTERCLAIM WITHOUT PREJUDICE; AND**<br><br>**(2) ENTERING A FINAL JUDGMENT IN THIS ACTION;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     April 3, 2023<br>Time:    10:00 AM<br>Courtroom:  8D<br><br>The Hon. Christina A. Snyder |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Neman Brothers' opposition calls justice prejudice, then effectively asks this Court to reward it for losing its copyright infringement claims by allowing it to avoid the consequences of its conduct on the merits. Its arguments should be rejected and InterFocus' motion granted for the reasons described below.

## II. THIS COURT SHOULD DISMISS INTERFOCUS' BREACH OF CONTRACT COUNTERCLAIM WITHOUT PREJUDICE.

Neman Brothers' various arguments to oppose InterFocus' motion to dismiss its breach of contract counterclaim without prejudice lack merit for a number of reasons.

First, Neman Brothers will not suffer "plain legal prejudice" if this Court grants InterFocus' motion. (See Neman Brothers' Opp. at 2.)  To the contrary, it will suffer no legal prejudice and gain a benefit if the motion is granted. In that event, InterFocus' breach of contract counterclaim against it will be dismissed without Neman Brothers having to incur further legal fees to defend it, and it will not have to face it again unless Neman Brothers successfully appeals this Court's summary judgment.  Should that unlikely event occur, it will be in exactly the same position it is in now, with a full opportunity to defend itself on the merits.  The only "change" Neman Brothers will face if the present motion is granted is that it will have to defend on the merits a motion to pay the legal fees its unmeritorious copyright infringement forced InterFocus to incur. How can that be "prejudice"?

Second, granting the present motion will facilitate rulings on the merits, not "prejudice."  It will make is easier and less expensive for Neman Brothers to appeal this Court's summary judgment should it wish to do so. It will make it easier and less expensive to determine on the merits whether Neman Brothers should pay the legal fees InterFocus incurred successfully defending Neman Brother's copyright infringement claims. Reducing expense and eliminating procedural roadblocks to

1

REPLY IN SUPPORT OF MOTION FOR ORDERS: DISMISSING COUNTERCLAIM WITHOUT PREJUDICE AND ENTERING A FINAL JUDGMENT IN SUPPORT

such rulings on the merits promotes justice, not "prejudice."

Third, Neman Brothers' argument that InterFocus would no longer be the "prevailing party" under the Copyright Act if Neman Brothers were to prevail on InterFocus' breach of contract counterclaim (Opp. 2) is mistaken. The results of that counterclaim, whatever they might be,[1] would turn on California contract law rather than copyright law, and thus would not change the fact that InterFocus prevailed on Neman Brothers' copyright infringement claims and can seek fees under 17 U.S.C. § 505. Case law affirms that the successful defense of a copyright infringement suit makes a defendant a "prevailing party" on the copyright claim even if it loses a non-copyright counterclaim. See, *e.g.*, *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 152 F. Supp. 3d 503, 510-511 (E.D. Va. 2015) (defendants who defeated copyright infringement claims were "prevailing parties" who could recover fees under the Copyright Act even though they lost a non-copyright counterclaim.)

Fourth, Neman Brothers' argument that it will be "unable to conduct sufficient discovery" on the breach of contract counterclaim (Opp. 2:20) is both factually incorrect and legally irrelevant. Neman Brothers had many months to conduct any discovery it wished related to that counterclaim pursuant to this Court's original and amended Scheduling Orders (see Dkt. Nos. 26 and 60). It was "able" to conduct any and all discovery it felt it needed on that counterclaim, but it chose not to.

More importantly, discovery related to the breach of contract counterclaim has nothing to do with whether InterFocus is the prevailing party on Neman Brothers' copyright infringing claims, which this Court's summary judgment has already established it is. This Court thus can and should decide whether InterFocus

---

[1] Neman Brothers assumption that it would prevail on the breach of contract counterclaim if it went to trial is also unwarranted. If InterFocus prevails on that counterclaim, which it should, the factual underpinnings of Neman Brothers' argument collapses.

should be awarded legal fees incurred successfully defending Neman Brothers' copyright infringement claims now, regardless of issues involving contractual interpretation of the parties' previous settlement agreement.

### III. NEMAN BROTHERS SHOULD NOT BE REWARDED FOR FILING ITS UNMERITORIOUS COPYRIGHT INFRINGEMENT CLAIMS.

Neman Brothers' requests to avoid facing the consequences of its actions on the merits as a "condition" of granting InterFocus' motion (Opp. 3) should be rejected for several reasons.

First, Neman Brothers' request for the legal fees it incurred (Opp. 3) is nonsensical and unjustified. It obviously should not be awarded the fees it incurred losing its copyright infringement claims on summary judgment. There is no "winner pays fees" rule in the Copyright Act, or anywhere else in U.S. law. It also should not be awarded fees on the breach of contract counterclaim because, most fundamentally, there is no prevailing party attorneys' fees' provision in the relevant settlement agreement, and legal fees are not otherwise recoverable for breach of contract under California law. See Dkt. No. 34-2, filed under seal[2]; *Young v. Wideawake Death Row Entertainment LLC*, 2011 WL 12565250, *13 (C.D. Cal. April 19, 2011) ("The Court finds that plaintiff is not entitled to …attorneys' fees" because "[a]bsent an express contractual provision… attorneys' fees are not recoverable for a pure breach of contract [under California law].")

Further, Neman Brothers is not a prevailing party on the breach of contract counterclaim, which it would need to be if fees were contractually recoverable, which they are not as described above. A grant of InterFocus' motion would not be a ruling on the merits that would support a fee award, but would instead merely preserve the *status quo* in the unlikely event Neman Brothers successfully appeals.

---

[2] To the contrary, the settlement agreement provides just the opposite, namely that each party is responsible for its own fees and costs. See Dkt. No. 34-2, Sect. 10.a.

-3-
REPLY IN SUPPORT OF MOTION FOR ORDERS: DISMISSING COUNTERCLAIM WITHOUT PREJUDICE AND ENTERING A FINAL JUDGMENT IN SUPPORT

In that event, the parties could then proceed to trial on the breach of contract counterclaim on the merits, and the prevailing party in that trial could seek whatever legal fees it believes are permitted by the settlement agreement and California law. There is no basis to even consider that fee issue until and unless there is a ruling on the merits of the contract counterclaim.

Finally, Neman Brothers' request for fees is both legally and factually unsupported. Neman Brothers' opposition cites no authority allowing it to receive fees on an unresolved breach of contract counterclaim, because there is none. It provides no reason why it should be awarded fees on that unresolved counterclaim, because there is none. And, it makes no motion for fees, because it has no basis to do so. Its request is improper.

The nonsensical nature of Neman Brothers' argument is underscored by the fact that granting InterFocus' motion would *save* Neman Brothers attorneys' fees as described above. It would eliminate the need to incur further fees defending that counterclaim, while avoiding any possibility of an adverse judgment against it on that counterclaim unless it successfully appeals this Court's summary judgment as described above. That is not "prejudice" and does not support an award of fees, as described above.

Second, Neman Brothers' alternative request that this Court condition its order on a decision "that there is no prevailing party" is similarly nonsensical to the extent Neman Brothers seeks to apply it to Neman Brothers' copyright infringement claims.[3] Such a determination would be contrary to federal law and this Court's previous summary judgment, pursuant to which InterFocus clearly is the "prevailing party" as described at length in InterFocus' motion and above.

And, Neman Brothers' request is contrary to the equities of this case. Neman

---

[3] InterFocus acknowledges that there would be "no prevailing party" on the breach of contract counterclaim if its motion is granted, which is one the reasons why no fees should be awarded concerning it at present as described above.

-4-
REPLY IN SUPPORT OF MOTION FOR ORDERS: DISMISSING COUNTERCLAIM WITHOUT PREJUDICE AND ENTERING A FINAL JUDGMENT IN SUPPORT

Brothers filed a copyright infringement suit based on group registrations it knew did not meet applicable legal requirements, and forced InterFocus to defend that suit herein. It did not prevail. InterFocus should now be permitted to seek attorneys' fees as allowed by 17 U.S.C. § 505, so that this Court can decide on the merits whether InterFocus should recover those legal fees based on the facts and law before it. Neman Brothers' attempt to avoid the merits by having this Court preclude InterFocus from making such a motion is unfair, unjustified, contrary to the Copyright Act and contrary to the equities present here. Neman Brothers should not be rewarded for forcing InterFocus and the Court to expend unnecessary time and money defending and evaluating its unmeritorious copyright infringement claims.

## IV.   CONCLUSION

This Court should grant InterFocus' motion, dismiss InterFocus' counterclaim without prejudice, and enter a final judgment herein for all the reasons described above and in InterFocus' motion.

Dated: March 20, 2023

RIMON, P.C.

By: /s/ Mark S. Lee
Mark S. Lee
Zheng Liu

Attorneys for Defendants and Counterclaim Plaintiffs INTERFOCUS, INC. d.b.a. www.patpat.com