UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | April 3, 2023 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Chan Jeong   Mark Lee

**Proceedings:**   INTERFOCUS' MOTION VOLUNTARY DISMISSAL OF COUNTERCLAIM AND REQUEST FOR ENTRY OF FINAL JUDGMENT (DKT. 104, FILED ON FEBRUARY 24, 2023)

## I.   INTRODUCTION

The full background and facts of this case are known to the parties and set forth in prior orders.

Plaintiff Neman Brothers & Associates, Inc. ("Neman Brothers") filed this action on December 9, 2020, against defendants InterFocus, Inc. ("Interfocus") and Does 1–10. Dkt. 1.  Plaintiff filed the operative first amended complaint on January 5, 2021, asserting claims for (1) copyright infringement, against all defendants; (2) vicarious copyright infringement, against all defendants; and (3) contributory copyright infringement.  Dkt. 2 ("FAC").

On February 19, 2021, Interfocus filed a counterclaim against Neman Brothers for breach of contract.  Dkt. 18.  Interfocus' counterclaim alleges that Neman Brothers breached a confidential settlement agreement ("Previous Settlement Agreement" or "PSA") by filing and pursuing this action.  Id. ¶ 12.

On July 13, 2021, Interfocus filed a motion for summary judgment on Neman Brothers' copyright claims and for partial summary judgment on its breach of contract counterclaim.  Dkt. 35.  On July 26, 2021, Neman Brothers filed a motion for summary judgment or summary adjudication on its copyright claims.  Dkt. 41.  On November 4, 2021, after conducting further discovery pursuant to Federal Rule of Civil Procedure 56(d), Interfocus moved for summary judgment on all of Neman Brothers' claims on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | April 3, 2023 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

grounds that the copyright registrations on which it bases it claims are invalid as a matter of law. Dkt. 68.

Throughout 2021 and 2022, the Court held multiple hearings on the parties' then-pending motions for summary judgment in light of the Supreme Court's opinion in Unicolors, Inc. v. H&M Hennes & Mauritz, L.P., which vacated the Ninth Circuit's decision and instead held that an applicant's lack of knowledge of either fact or law can preclude a finding that the registration is invalid. 595 U.S. ----, 142 S. Ct. 941 (2022). On December 12, 2022, the Court held a final hearing on the pending motions for summary judgment.

On January 4, 2023, the Court issued an order denying Neman Brothers' motion for summary judgment on its claims, denying Interfocus' motion for summary judgment with respect to its claim relating to the PSA, and granting summary judgment in favor of Interfocus as to all of Neman Brothers' claims. Dkt. 102.

On February 24, 2023, Interfocus filed a motion to voluntarily dismiss its counterclaim and request that final judgment be entered in this action. Dkt. 104 ("Mot."). On March 13, 2023, Neman Brothers filed an opposition. Dkt. 108 ("Opp."). On March 20, 2023, Interfocus filed a reply. Dkt. 109 ("Reply").

On April 3, 2023, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Federal Rules of Civil Procedure 41(a)(2) and (c) provide this Court may grant a motion to voluntarily dismiss a claim or counterclaim without prejudice at any time, subject to any terms and conditions the Court deems proper. A motion for voluntary dismissal should be granted unless the defendant shows it will suffer some plain legal prejudice as a result. Westlands Water Dist. v. United States Dep't of Interior, 100 F.3d 94, 96 (9th Cir. 1996). In general, plain legal prejudice is shown when actual legal rights are threatened or when monetary or other burdens appear to be extreme or unreasonable. United States v. Berg, 190 F.R.D. 539, 543 (E.D.Cal. 1999). Legal prejudice is prejudice to some legal interest, claim, or argument. Westland Water Dist., 100 F.3d at 96. Ultimately, the decision to grant a voluntary dismissal is in the discretion of the district court. Hyde & Drath v. Baker, 24 F.3d 1162, 1169 (9th Cir. 1994).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | April 3, 2023 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

## III.  DISCUSSION

Interfocus seeks voluntary dismissal without prejudice of its counterclaim for breach of the parties' PSA.  Accordingly, it also requests that a final judgment be entered as to Neman Brothers' remaining claims for copyright infringement in light of the Court's order granting summary judgment in favor of Interfocus as to those claims.

In opposition, Neman Brothers argues that it will suffer prejudice if Interfocus' counterclaim is dismissed.  According to Neman Brothers, Interfocus can only be considered a "prevailing party" for the purpose of obtaining attorneys' fees pursuant to Section 505 of the Copyright Act if Interfocus either also prevails on its breach of contract counterclaim or that counterclaim is dismissed from the case.  Opp. at 2–3.  Neman Brothers requests that this motion be denied.  If the Court permits voluntary dismissal, Neman Brothers requests that it be awarded attorney's fees and costs relating to Interfocus' counterclaim.  Alternatively, Neman Brothers requests that the dismissal should be with prejudice and each side to bear its own attorneys' fees and costs.

Neman Brothers has not shown that it will suffer "plain legal prejudice" if Interfocus' request for voluntary dismissal is granted.  Specifically, the breach of contract counterclaim, whether dismissed or adjudicated, will not impact Interfocus' status as a "prevailing party" for purposes of Neman Brothers' copyright claims and recovery of attorneys' fees for those claims.  See, e.g., Humphreys & Partners Architects, L.P. v. Lessard Design, Inc., 152 F. Supp. 3d 503, 510-511 (E.D. Va. 2015) (defendants who defeated copyright infringement claims were "prevailing parties" who could recover fees under the Copyright Act even though they lost a non-copyright counterclaim); Balsley v. LFP, Inc., 691 F.3d 747, 774 (6th Cir. 2012) (affirming award of attorneys' fees to plaintiff who succeeded on one claim for direct copyright infringement but did not prevail on six other copyright and state law claims).

Furthermore, while this Court "in its discretion may allow the recovery of full costs" and "may also award a reasonable attorney's fee . . . as part of the costs," attorneys' fees under the Copyright Act are not awarded automatically.  17 U.S.C. § 505.  In the event Interfocus intends to seek attorney's fees, it will have to demonstrate that "several nonexclusive factors" merit an award of fees, including "frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence." Kirtsaeng v. John Wiley & Sons, Inc., 579 U.S. 197, 202 (2016) (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | April 3, 2023 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

534, n.19 (1994)).  Neman Brothers will of course be able to proffer its own arguments against an award of attorneys' fees.

Finally, the Court exercises its discretion to decline to award Neman Brothers' attorneys' fees as to Interfocus' breach of contract counterclaim.  At oral argument, counsel for plaintiff reiterated plaintiff's request that it be awarded attorneys' fees, and contended that applicable case law supports such an award.  While the Ninth Circuit has acknowledged that a "[party's] interests can be protected by conditioning the dismissal without prejudice upon the payment of *appropriate* costs and attorney fees," it has also emphasized that "imposition of costs and fees as a condition for dismissing without prejudice is not mandatory." Westland Water Dist., 100 F.3d at 97 (emphasis added).  Specifically, "Rule 41(a)(2) does not provide an independent base of authority for imposing attorney's fees and costs," and "[c]ourts can condition dismissal upon the payment of costs and fees *only* where justified by a statute or exception to the American Rule." Abbey Dental Ctr. v. Consumer Opinion, LLC, 782 F. App'x 618, 620 (9th Cir. 2019) (citations omitted) (emphasis added).

Here, under the circumstances of this case, awarding attorneys' fees to Neman Brothers for Interfocus' dismissal of its counterclaim would not be appropriate because "no such statute or exception appears here." Id. (holding the district court did not abuse its discretion in declining to condition voluntary dismissal upon the payment of attorneys' fees).  First, there is no attorneys' fees provision in the relevant settlement agreement, and legal fees are not otherwise recoverable for breach of contract under California law. Dkt. No. 34-2; Young v. Wideawake Death Row Entertainment LLC, 2011 WL 12565250, *13 (C.D. Cal. April 19, 2011) ("The Court finds that plaintiff is not entitled to . . . attorneys' fees" because "[a]bsent an express contractual provision . . . attorneys' fees are not recoverable for a pure breach of contract [under California law]."); see also Cal. Code Civ. Proc. § 1021.

Additionally, the principal issues in this litigation were plaintiff's copyright infringement claims it elected to bring against defendant—Interfocus's counterclaim only arose as a compulsory counterclaim in light of the prior settlement agreement between the two parties.  See Fed. R. Civ. P. 13(a).  Accordingly, counsel for Interfocus explained that Interfocus would only bring its breach of settlement counterclaim against Neman Brothers in the limited event that Neman Brothers successfully appealed this Court's January 4, 2023 order granting summary judgment on Neman Brothers' copyright

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL            'O'

| Case No. | 2:20-cv-11181-CAS-JPRx | Date | April 3, 2023 |
|---|---|---|---|
| Title | NEMAN BROTHERS & ASSOC., INC. v. INTERFOCUS, INC. ET AL. | | |

infringement claims. Neman Brothers has failed to show any prejudice it would suffer as a result of dismissal.

Therefore, in the absence of "some cognizable prejudice greater than the mere prospect of a second lawsuit," Hartford Acc. & Indem. Co. v. Costa Lines Cargo Services, Inc., 903 F.2d 352, 360 (5th Cir. 1990), the Court finds that dismissal without prejudice is appropriate under the circumstances.

### IV.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Interfocus' motion for voluntary dismissal of its counterclaim without prejudice and directs that final judgment be entered in this case.

IT IS SO ORDERED.

|  |  | 00 | : | 20 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |