RIMON, P.C.
Mark Lee (SBN 94103)
mark.lee@rimonlaw.com
2029 Century Park East, Suite 400N
Los Angeles, California 90067
Telephone/Facsimile: 213.375.3811

RIMON, P.C.
Zheng Liu (SBN 229311)
zheng.liu@rimonlaw.com
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
Telephone/Facsimile: 650.461.4433

Attorneys for Defendants
INTERFOCUS INC. d.b.a. www.patpat.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, and individual, and DOES 1-10, inclusive.,<br><br>Defendants. | Case No. 2:20-cv-11181-CAS-JPRC<br><br>**NOTICE OF MOTION AND MOTION OF INTERFOCUS, INC. FOR ATTORNEYS' FEES**<br><br>Date: May 15, 2023<br>Time: 10:00 am<br>Courtroom: 8D<br><br>The Hon. Christina A. Snyder |
| INTERFOCUS, INC. d.b.a. www.patpat.com, a Delaware Corporation; CAN WANG, an individual, and DOES 1-10, inclusive,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>NEMAN BROTHERS & ASSOC., INC., a California Corporation,<br><br>Counterclaim Defendant. | |

---

NOTICE OF MOTION AND MOTION OF INTERFOCUS, INC. FOR ATTORNEYS' FEES

Please take notice that on May 15, 2023, at 10:00 am at the United States District Courthouse located at 350 W. First Street, Los Angeles, California, Defendant InterFocus, Inc. will and hereby does move for attorneys' fees as the prevailing party in the copyright infringement action filed by plaintiff Newman Brothers, Inc. herein.  Said motion is made pursuant to 17 U.S.C. § 505 on the grounds that it is the prevailing party herein and Plaintiffs' copyright infringement claims were objectively unreasonable, and that Plaintiff's motives, principles of compensation and deterrence, and the purposes of the Copyright Act support an award of fees in InterFocus' favor.

The motion is based upon this motion, the accompanying memorandum of points and authorities, the concurrently filed declarations of Mark S. Lee and Zheng Liu and exhibits attached thereto, and upon such other matters as may be presented at any hearing in connection with this motion.

Dated:  April 14, 2023

RIMON, P.C.

By:  /s/ Mark S. Lee
Mark S. Lee
Zheng Liu

Attorneys for Defendants and Counterclaim Plaintiffs INTERFOCUS, INC. d.b.a. www.patpat.com

1

NOTICE OF MOTION AND MOTION OF INTERFOCUS, INC. FOR ATTORNEYS' FEES

**TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS & AUTHORITIES ..................................................... 1

I.      INTRODUCTION .......................................................................................... 1

II.     FACTUAL AND PROCEDURAL HISTORY .............................................. 1

        A.     Neman Brothers Files Suit for Copyright Infringement Against Interfocus .......................................................................................... 1

        B.     The Parties Cross-Move for Summary Judgment. .................................. 1

        C.     This Court Grants InterFocus Summary Judgment on Neman Brothers' Amended Complaint and Enters Final Judgment Herein. .................................................................................................. 2

III.    INTERFOCUS SHOULD BE AWARDED ITS ATTORNEYS' FEES FOR PREVAILING IN THIS ACTION. ........................................................ 2

        A.     The Copyright Act Authorizes this Court to Award Attorneys' Fees to the Prevailing Party in a Copyright Infringement Action. ......... 2

        B.     InterFocus Is the Prevailing Party. ........................................................ 2

        C.     Relevant Factors Favor a Fee Award Against Neman Brothers. ............. 3

        D.     InterFocus' Request for $405,363.53 Is Reasonable. ............................ 8

                1)      InterFocus Charged Reasonable Rates **.......................................9**

                2)      InterFocus Was Charged a Reasonable Number of Hours for the Worked Performed **................................................................10**

                3)      Other Factors Further Support InterFocus' Requested Award of $405,363.53. **................................................................10**

IV.     CONCLUSION ............................................................................................ 11

NOTICE OF MOTION AND MOTION OF INTERFOCUS, INC. FOR ATTORNEYS' FEES

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*BWP Media USA Inc. v. Rich Kids Clothing Co., LLC*,
   103 F. Supp. 3d 1242 (W.D. Wash. 2015) ............................................................. 6

*Camacho v. Bridgport Financial, Inc.*,
   523 F. 3d 973 (9th Cir. 2008) ............................................................................... 8

*Chivalry Film Productions v. NBC Universal*,
   2007 WL 4190793 (S.D.N.Y. Nov. 27, 2007) ...................................................... 6

*Ferland v. Conrad Credit Corp.*,
   244 F.3d 1145 (9th Cir.2001) (per curiam) ......................................................... 8

*Fogerty v. Fantasy, Inc.*,
   510 U.S. 517, 114 S. Ct. 1023, 127 L.Ed. 2d 455 (1994) ................................. 3, 6

*Fox v. Vice*,
   563 U.S. 826, 131 S. Ct. 2205, 180 L. Ed. 2d 45 (2011) ...................................... 2

*Glacier Films (USA), Inc. v. Turchin*,
   896 F.3d 1033 (9th Cir. 2018) ............................................................................... 3

*Hensley v. Eckerhart*,
   461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) .................................... 2, 8

*Historical Research v. Cabral*,
   80 F. 3d 377 (9th Cir. 1996) ................................................................................. 4

*Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*,
   152 F. Supp. 3d 503 (E.D. Va. 2015) .................................................................... 3

*Jackson v. Axton*,
   25 F.3d 884 (9th Cir. 1994) ................................................................................... 7

*Kepner–Treqoe, Inc. v. Vroom*,
   186 F.3d 283 (2d Cir.1999) ................................................................................... 4

*Kirtsaeng v. John Wiley & Sons, Inc.*,
   579 U.S. 197, 136 S. Ct. 1979, 195 L. Ed. 2d 368 (2017) ................................... 3

*Nature's Enterprises, Inc. v. Parton*,
 2010 WL 447377 (S.D.N.Y. February 9, 2020)........................................................4

*Neman Bros. & Assoc. Inc. v. Burlington Stores, Inc.*,
 2017 WL 5665004 (C.D. Cal. 08/09/2017)..............................................................5

*Neman Bros. & Assoc. Inc. v. La Main Connection Inc.*,
 2017 WL 8220223 (C.D. Cal. April 19, 2017)..........................................................5

*Neman Bros. & Assoc. Inc. v. Marsons International, Inc.*,
 2016 WL 9131964 (C. D. Cal. 12/15/2016)..............................................................5

*Neman Brothers & Associates, Inc. v. One Step Up, Ltd.*,
 2017 WL 6885390 (C.D. Cal. Dec. 13, 2017)...........................................................5

*Neman Brothers & Associates, Inc. v. Pride & Joys, Inc.*,
 2014 WL 12967545 (C.D. Cal. Nov. 3, 2014) ..........................................................5

*Neman Brothers & Associates, Inc. v Wal-Mart Stores, Inc.*,
 2017 WL 8220214 (C. D. Cal. Nov. 15, 2017) .........................................................5

*Shame On You Prods., Inc. v. Banks*,
 893 F.3d 661 (9th Cir. 2018) ...................................................................................3

*SOFA Entm't, Inc. v. Dodger Prods., Inc.*,
 709 F.3d 1273 (9th Cir. 2013) .................................................................................5

*Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*
 –U.S.--, 143 S. Ct. Ct 941, 948 (2022)....................................................................4

*Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*,
 52 F. 4th 1054 (9th Cir. 2022)..................................................................................4

*Unicolors, Inc. v. H&M Hennes & Mauritz*,
 L.P., 959 F.3d 1194 (9th Cir. 2020) ......................................................................4, 7

**Statutes**

17 U.S.C. § 409...........................................................................................................7

17 U.S.C. § 505........................................................................................................1, 2

Copyright Act of 1976 ................................................................................................2

NOTICE OF MOTION AND MOTION OF INTERFOCUS, INC. FOR ATTORNEYS' FEES

**Other Authorities**

*Entertainment and Intellectual Property Law by Thomson Reuters Legalworks*
 ...................................................................................................................................9

H.R. Rep. No. 94-1476 (1976), reprinted in 1976 U.S.C.C.A.N. 5659 .......................7

William F. Patry, *Patry on Copyright*, "Fraud on the Copyright Office," §§ 17:122,
 126 ......................................................................................................................7

NOTICE OF MOTION AND MOTION OF INTERFOCUS, INC. FOR ATTORNEYS' FEES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Neman Brothers and Assoc. Inc. ("Neman Brothers") knowingly filed group copyright applications that falsely claimed it authored works it did not actually author. This Court ruled on summary judgment that those registrations were invalid and dismissed Neman Brothers' complaint for that reason.  Defendant InterFocus, Inc. ("InterFocus") now moves to recover $405,363.53 in fees and costs it had to incur to defend against Neman Brothers' improper copyright infringement claims. Its motion should be granted for the reasons described below.

## II.    FACTUAL AND PROCEDURAL HISTORY

### A.    Neman Brothers Files Suit for Copyright Infringement Against Interfocus.

Neman Brothers filed its Complaint and Amended Complaint alleging copyright infringement of certain fabric designs herein on December 9, 2020, January 5, 2021. (Dkt. Nos. 1 and 10.)  It alleged that InterFocus infringed Neman Brothers' copyright in three works listed in three group copyright registrations. *Id.*

### B.    The Parties Cross-Move for Summary Judgment.

InterFocus learned in discovery that the three group copyright registrations on which Neman Brothers based its copyright infringement claims herein did not comply with the requirements for filing group registrations established by the Copyright Office, because they claimed Neman Brothers authored works it did not actually create. (Dkt. Nos. 35, 66-68.) InterFocus also filed a counterclaim for breach of contract herein which claimed that Neman Brothers' present suit violated an earlier settlement agreement. (Dkt. No. 18.)

InterFocus moved for summary judgment on Plaintiff's complaint on the grounds that Neman Brothers' copyright registrations were invalid as a matter of law, and also moved for summary judgment on the breach of contract counterclaim. (Dkt. Nos. 35, 66-68.) Neman Brothers cross-moved for summary judgment on its

-1-

NOTICE OF MOTION AND MOTION OF INTERFOCUS, INC. FOR ATTORNEYS' FEES

copyright infringement claims. (Dkt. No. 41.)

### C.    This Court Grants InterFocus Summary Judgment on Neman Brothers' Amended Complaint and Enters Final Judgment Herein.

After receiving an opinion from the Register of Copyrights that she would have refused Neman Brothers' copyright applications if she had known the truth about them, this Court granted InterFocus' motion for summary judgment that Neman Brothers copyright registrations were invalid as a matter of law and dismissed Neman Brothers' copyright infringement claims. (Dkt. No. 102.)  This Court thereafter dismissed InterFocus' counterclaim without prejudice and entered final judgment herein on April 5, 2012. (Dkt. No. 111.)

## III.    INTERFOCUS SHOULD BE AWARDED ITS ATTORNEYS' FEES FOR PREVAILING IN THIS ACTION.

### A.    The Copyright Act Authorizes this Court to Award Attorneys' Fees to the Prevailing Party in a Copyright Infringement Action.

A district court may in its discretion award "a reasonable attorney's fee to the prevailing party" under the Copyright Act of 1976. 17 U.S.C. § 505.  "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 131 S. Ct. 2205, 2216, 180 L. Ed. 2d 45 (2011). This Court should order Neman Brothers to pay InterFocus' reasonable attorneys' fees here for the reasons described below.

### B.    InterFocus Is the Prevailing Party.

"Plaintiffs [or Defendants] may be considered prevailing parties for attorneys' fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."  *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983) (internal citation and quotation marks omitted). Here, InterFocus succeeded on a significant issue in this copyright infringement action when this Court granted summary judgment in its favor on Neman Brothers' copyright infringement claims. (*See* Dkt. Nos. 102, 111.)

NOTICE OF MOTION AND MOTION OF INTERFOCUS, INC. FOR ATTORNEYS' FEES

Thus, it is the prevailing party herein even though this Court voluntarily dismissed InterFocus' breach of contract counterclaim herein. *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 152 F. Supp. 3d 503, 510-511 (E.D. Va. 2015) (defendants who defeated copyright infringement claims were "prevailing parties" who could recover fees under the Copyright Act even though they lost a non-copyright counterclaim.)

### C.      Relevant Factors Favor a Fee Award Against Neman Brothers.

This Court has "'wide latitude' to award attorneys' fees in a copyright case," though "'its discretion must remain tethered to judicial guideposts.'" *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1037 (9th Cir. 2018). The Supreme Court has approved a nonexclusive list of factors for this Court to consider when determining whether to award fees in the copyright infringement setting, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19, 114 S. Ct. 1023, 127 L.Ed. 2d 455 (1994) (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986); see *Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018).

In deciding whether to award fees, a court should give substantial weight to the reasonableness of the losing party's litigating position but must also take into account other relevant factors, including the need to "deter ... overaggressive assertions of copyright claims"). *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 136 S. Ct. 1979, 1983, 1988-89, 195 L. Ed. 2d 368 (2017). In applying relevant factors, the Court must remain "faithful to the purposes of the Copyright Act[.]" *Fogerty*, 510 U.S. at 526-27, 534 n.19, 114 S. Ct. 1023.  Since "one of the main purposes of the Copyright Act is to deter willful infringement" or other willful misconduct relating to copyrights, a finding of willfulness "weighs in favor of an

---

-3-

NOTICE OF MOTION AND MOTION OF INTERFOCUS, INC. FOR ATTORNEYS' FEES

award of attorneys' fees[.]" *Nature's Enterprises, Inc. v. Parton*, 2010 WL 447377, at *9 (S.D.N.Y. February 9, 2020) (internal quotation marks and citations omitted); *Historical Research v. Cabral*, 80 F. 3d 377, 379 (9th Cir. 1996) ( "willful infringement is an important factor favoring an award of fees," though it does not compel it); see also, *Kepner–Treqoe, Inc. v. Vroom,* 186 F.3d 283, 289 (2d Cir.1999) (affirming an award of attorneys' fees as "justified based on the court's finding of willfulness").

Relevant factors favor an award of attorneys' fees here.

First, Neman Brothers' actions were factually and legally unreasonable, both when it filed suit and when it opposed summary judgment. When it filed suit, the validity of its group registrations was governed by *Unicolors, Inc. v. H&M Hennes & Mauritz*, L.P., 959 F.3d 1194 (9th Cir. 2020), which held that material, knowing factual inaccuracies in group registrations would invalidate them if the Register of Copyrights confirmed that it would. 959 F.3d at 1197. Neman Brothers nevertheless alleged infringement based on three group copyright registrations it knew falsely claimed authorship of works Neman Brothers did not really author. It was objectively unreasonable for Neman Brothers to make such false claims in copyright applications and to pursue copyright infringement claims in this action based on the false registrations it obtained through its false applications.

Neman Brothers' actions remained objectively unreasonable when it opposed summary judgment herein. The Supreme Court by this time had clarified that both knowing factual inaccuracy and willful blindness to the legal requirements of the Copyright Act were needed to invalidate group registrations, as the Ninth Circuit acknowledged. *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*. –U.S.--, 143 S. Ct. Ct 941, 948 (2022); *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F. 4th 1054 (9th Cir. 2022). This Court entered summary judgment on that basis, ruling, consistent with the guidance of the Supreme Court and Ninth Circuit, that undisputed facts established that Neman Brothers both knew its applications were

factually inaccurate and willfully blinded itself to applicable legal requirements when it filed them. Why? Because, *inter alia,* it claimed to "author" works it did not actually create while reading instructions that limited "authors" to those who actually created those works. In these circumstances, Neman Brothers "should have known from the outset that [its] chances of success … were slim to none" if the truth about its applications came out. *SOFA Entm't, Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013).

Second, Neman Brothers' motivation supports an award of fees. Neman Brothers was a prolific litigant who had filed over 60 copyright infringement actions before the present one, most of which settled quickly.[1] It facilitated and supported those suits with 350+ group copyright applications. (Dkt. Nos. 96-1 at ¶17, 96-9 and 96-10.) Neman Brothers did not dispute or deny that it made the same inaccurate authorship claims in those earlier group applications so it could claim copyright protections for thousands of third-party works when it opposed summary judgment

---

[1] Most of the cases that did not settle quickly were decided adversely to Neman Brothers. See, e.g., *Neman Brothers & Associates, Inc. v. Pride & Joys, Inc.*, 2014 WL 12967545 (C.D. Cal. Nov. 3, 2014) (granting motion to dismiss Neman Brothers' complaint for lack of jurisdiction); *Neman Bros. & Assoc. Inc. v. Marsons International, Inc.,* 2016 WL 9131964 (C. D. Cal. 12/15/2016) (unopposed motion for summary judgment for Neman Brothers granted); *Neman Bros. & Assoc. Inc. v. La Main Connection Inc.,* 2017 WL 8220223 (C.D. Cal. April 19, 2017) (OSC re dismissal for failure to serve defendant issued); *Neman Bros. & Assoc. Inc. v. Burlington Stores, Inc.*, 2017 WL 5665004 (C.D. Cal. 08/09/2017) (summary judgment for defendants granted because the works at issue did not share enough protectable similarities to be infringing) and 2017 WL 5665005 (C.D. Cal. Sept. 5, 2017) (granting defendant's motion for attorneys' fees as a prevailing party under the Copyright Act); *Neman Brothers & Associates, Inc. v Wal-Mart Stores, Inc.,* 2017 WL 8220214 (C. D. Cal. Nov. 15, 2017) (granting motion in limine limiting plaintiff's ability to cite previous copyright infringement complaints); *Neman Brothers & Associates, Inc. v. One Step Up, Ltd.,* 2017 WL 6885390 (C.D. Cal. Dec. 13, 2017) (granting summary judgment for defendants on all Neman Brothers copyright infringement and other claims) and 2018 WL 1413567 (C. D. Cal. Feb. 12, 2018) (awarding defendants attorneys' fees on copyright infringement claims).

NOTICE OF MOTION AND MOTION OF INTERFOCUS, INC. FOR ATTORNEYS' FEES

herein. *Id.* By doing so, Neman Brothers saved itself thousands of hours of employee time and over $300,000 in filing fees for the thousands of third party works it otherwise would have had to register individually to comply with the Copyright Office's instructions for those thousands of works. (Dkt. No. 96-1 at ¶¶ 14-16.)[2] Neman Brothers' motivation to cut legal corners to save money and facilitate the filing of dozens of copyright infringement suits it could quickly settle based on invalid copyright registrations should not be rewarded by allowing it to avoid paying InterFocus's legal fees now that the truth about its registrations has been discovered.

Third, considerations of compensation and deterrence favor a fee award. "[A] successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994). When a party asserts an objectively unreasonable copyright infringement claim, "[a]n award of attorney's fees will serve to compensate a successful copyright defense and deter future improper conduct." *BWP Media USA Inc. v. Rich Kids Clothing Co., LLC,* 103 F. Supp. 3d 1242, 1248-49 (W.D. Wash. 2015). Conversely, "the denial of fees and costs to a prevailing defendant in an objectively unreasonable copyright case may spur additional frivolous lawsuits, of exactly the sort that an award of fees and costs is designed to 'chill.'" *Chivalry Film Productions v. NBC Universal,* 2007 WL 4190793, at *3 (S.D.N.Y. Nov. 27, 2007).

---

[2] Since the third-party works Neman Brothers did not author did not qualify for the group copyright registrations Neman Brothers filed, those third-party works required an individual copyright application. Neman Brothers estimates there were at least 7,140 such third party works in the 350+ group registrations Neman Brothers filed before pursuing this action. (Dkt. No. 96-1 at ¶¶14-17.) It thus estimates that Neman brothers saved itself 7,140 hours in attorney time and over $300,000 in filing fees by filing the inaccurate copyright applications it used in this and more than 60 other prior copyright infringement suits. *Id.*

-6-

NOTICE OF MOTION AND MOTION OF INTERFOCUS, INC. FOR ATTORNEYS' FEES

Fourth, an award of fees here will further the purposes of the Copyright Act by protecting the integrity of the copyright registration system in that Act. Neman Brothers did not make an innocent, accidental, technical mistake in a few copyright applications here; such innocent, technical mistakes would not invalidate its registrations under *Unicolors* as described above. Instead, it engaged in a knowing and willful campaign to improperly claim the benefit of group registrations to avoid the effort and expense of filing the thousands of individual copyright applications the Copyright Act actually required, so it could claim disproportionate copyright coverage and enrich itself through the pursuit and quick settlement of over 60 copyright infringement claims as described above.

The Copyright Act's registration system and the presumption of validity that applies to copyright registrations both presume and require an accurate public record by which copyright owners can clearly and easily prove their copyright ownership "to promote creativity for the public good." *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994).  The Copyright Act's legislative history confirms that the copyright registration requirements were chosen to provide such an accurate public record: "the various clauses of [17 U.S.C.] section 409, which specify the information to be included in an application for copyright registration, are intended to give the Register of Copyrights authority to elicit all of the information needed to examine the application and to make a meaningful record of registration." H.R. Rep. No. 94-1476, at 155-56 (1976), reprinted in 1976 U.S.C.C.A.N. 5659, 5771–72.  The "knowing falsity" and "willful blindness" standards articulated by the Supreme Court in *Unicolors* above also are intended to protect copyright owners from innocent, technical mistakes while deterring the knowing, willful use of materially defective registrations such as those present here to maintain the integrity of our copyright registration system.  See William F. Patry, *Patry on Copyright*, "Fraud on the Copyright Office," §§ 17:122, 126.

Knowing factual inaccuracies and willful blindness to the legal consequences

NOTICE OF MOTION AND MOTION OF INTERFOCUS, INC. FOR ATTORNEYS' FEES

of those inaccuracies in copyright applications, especially when systematically engaged in hundreds of times over a period of years, undermines and subverts that system and those statutory presumptions, contrary to the purposes of the Copyright Act and its registration requirements. This Court's summary judgment already established that Neman Brothers knowingly filed such inaccurate group applications while willfully blinding itself to the legal infirmities of the falsities within them. Requiring Neman Brothers to pay InterFocus' fees furthers the purposes of the Copyright Act by helping to protect the integrity of the copyright registration system in these circumstances.

### D.     InterFocus' Request for $405,363.53 Is Reasonable.

The reasonableness of a fee award is determined, first, by determining a reasonable "lodestar" fee amount, that is, by multiplying the hours reasonably worked by a reasonable hourly rate. *Camacho v. Bridgport Financial, Inc.,* 523 F. 3d 973, 978 (9th Cir. 2008). Second, "[a]lthough in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.,* 244 F.3d 1145, 1149 n. 4 (9th Cir.2001) (per curiam). Those factors include: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Hensley v. Eckerhart*, 461 U.S. 424, 203 S. Ct. 1933, fn. 3. 76 L. Ed. 2d 40 (1983).

The fees requested by InterFocus here are reasonable pursuant to both the lodestar and other factors as shown below.

-8-

### 1)    InterFocus Charged Reasonable Rates

Interfocus was charged the following hourly rates by the attorneys and paralegals shown below:

| Timekeeper | Title | Hourly Rate |
|---|---|---|
| Mark S. Lee | Partner | $750 |
| Zheng Liu | Partner | $575-650 |
| Jill Penwarden | Partner | $625 |
| Kendra Orr | Associate | $350 |
| Brandon Haynes | Paralegal | $200 |
| Robert Rosenblum | " | $185-250 |
| Nanyang Sui | " | $150 |

(Declaration of Zheng Liu ["Liu Declaration"] ¶4 and Ex. 1 thereto.)

The above rates are reasonable in light of the education, experience and expertise of the timekeepers described above. Mark S. Lee has over 35 years of experience in copyright infringement litigation and counseling at Rimon, P.C., his former firm Manatt, Phelps and Phillips, LLP and elsewhere.  He also is a Lecturer-in-Law at the University of Southern California Gould School of Law, where he teaches copyright law and other legal disciplines, and is the author of *Entertainment and Intellectual Property Law*, published by Thomson Reuters Legalworks. (Concurrently filed Declaration of Mark S. Lee ["Lee Decl."] ¶¶ 2-4 and Ex. 1 ¶ thereto.)  Zheng Liu is a graduate of the University of California at Berkeley School of Law, has an M.S. from The Ohio State University, and has 20 years of intellectual property litigation and counseling experience at Rimon, P.C., her former firm Orrick, Herrington & Sutcliff LLP, and elsewhere.  Liu Decl." ¶ 2-3 and Ex. 2 thereto.) The other partners, associates and paralegals mentioned above similarly have legal education, experience and expertise commensurate with the rates they charged in this action. (Lee Decl. ¶ 6 and Ex. 2 thereto.) The above rates are within the range of rates charged by attorneys and paralegals with similar education and

experience in the Los Angeles, California legal market. (Lee Decl. ¶¶ 7-10 and Ex. 3 thereto.)

### 2) InterFocus Was Charged a Reasonable Number of Hours for the Worked Performed

The above timekeepers worked for InterFocus in this matter the number of hours summarized below:

| Timekeeper | Hours |
|---|---|
| Mark S. Lee | 378.1 |
| Zheng Liu | 195.55 |
| Jill Penwarden | 3.7 |
| Kendra Orr | 13.1 |
| Brandon Haynes | 6.8 |
| Robert Rosenblum | 25.6 |
| Nanyang Sui | 6.3 |

The work those timekeepers provided is specified in the concurrently filed invoices. (Liu Decl. ¶ 4 and Ex. 1 thereto.)

Multiplying the above number of hours by the above-described reasonable hourly rates, and adding the costs reflected 1n the invoices attached as Exhibit 1 to the Liu Declaration, total fees and costs incurred by InterFocus is $412, 891.22. Subtracting the taxable costs of $7527.69 InterFocus seeks separately from this motion from the total fees and costs described above results in a reasonable "lodestar" total is $405,363.53.

### 3) Other Factors Further Support InterFocus' Requested Award of $405,363.53.

Other factors further support an award of the full lodestar amount, if not an upward adjustment of the award. Neman Brothers' complaint, with its group registrations and accompanying presumption of validity codified in the Copyright Act, presented novel and difficult questions that apparently were not asked by other

NOTICE OF MOTION AND MOTION OF INTERFOCUS, INC. FOR ATTORNEYS' FEES

defense counsel in the more than 60 previous copyright infringement actions Neman Brothers filed. The legal standards by which Neman Brothers misconduct should be evaluated changed during the briefing of the motions for summary judgment. Skill was required to uncover that issue and perform those legal services properly in that changing legal environment. The experience, reputation and ability of the attorneys involved, as well as the results obtained, support the requested award.

## IV.    CONCLUSION

InterFocus' motion should be granted, and it should be awarded legal fees and nontaxable costs in the sum of $405,363.53for all the reasons described above.

Dated:  April 14, 2023                    RIMON, P.C.

By:  /s/ Mark S. Lee

Mark S. Lee
Zheng Liu

Attorneys for Defendants and
Counterclaim Plaintiffs
INTERFOCUS, INC. d.b.a.
www.patpat.com

NOTICE OF MOTION AND MOTION OF INTERFOCUS, INC. FOR ATTORNEYS' FEES